# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 3:23-cv-01092 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair Newbern |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO CHAMBER OF PROGRESS AND NETCHOICE, LLC'S MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Publishers[1] submit this memorandum in opposition to the Chamber of Progress and Netchoice's ("Proposed *Amici*") Motion for Leave to File Brief as *Amici Curiae* in Opposition to Plaintiffs' Motion for Preliminary Injunction (the "Motion"). No basis or need exists for an *amicus curiae* brief at this juncture, where the parties are represented by competent counsel in a case with straightforward factual and legal issues. Further, Proposed *Amici*'s proffered information is neither "useful, or otherwise necessary to the administration of justice." *Bright v. Brookdale Senior Living, Inc.*, 2020 WL 12893860, at *1 (M.D. Tenn. Oct. 23, 2020) (quoting *United States. v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991)). Allowing this unrequested submission would serve only to increase costs and unduly delay resolution of pressing issues in this case.

Accordingly, and for the reasons discussed below, Publishers respectfully request the Court to deny Proposed *Amici*'s Motion. Should the Court grant the Motion, Publishers request the Court

---

[1] Plaintiffs (collectively, "Publishers") are Concord Music Group, Inc.; Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music – MGB NA LLC, Polygram Publishing, Inc., Universal Music – Z Tunes LLC; and ABKCO Music, Inc.

permit Publishers to file responsive briefing separate from their reply brief to fully respond to the arguments made by Proposed *Amici*, as courts in this Circuit routinely allow. *See, e.g.*, *Oakland Tactical Supply, LLC v. Howell Twp.*, 2022 WL 17112202, at *3 (E.D. Mich. Nov. 22, 2022)*; United States v. City of Columbus, Ohio*, 2000 WL 1745293, at *2 (S.D. Ohio Nov. 20, 2000).

## ARGUMENT

*Amici curiae* briefs may be permitted "when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Newcomb v. Allergy & ENT Assocs. of Middle Tennessee, P.C.*, 2013 WL 3976627, at *1 (M.D. Tenn. Aug. 2, 2013) (quoting *Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 1063 (7th Cir. 1997)).

None of those situations are present here. First, Defendant Anthropic PBC ("Anthropic") is represented by competent counsel who routinely represent clients with similar interests, including OpenAI, and Anthropic is fully capable of comprehensively laying out its position in the litigation.

Second, Proposed *Amici* do not have requisite "interest[s] in some other case that may be affected by the decision in the present case." *Newcomb*, 2013 WL 3976627, at *1. While Proposed *Amici* contend the outcome of this litigation poses "a substantial threat to the public interest in development and availability of generative AI technology," Mot. 3, that argument ignores the ongoing irreparable harm that copyright owners are suffering from the unlicensed and unlawful use of their rights in AI. Congress already accounted for the relevant public interest by enacting and updating the Copyright Act, which gives Publishers the exclusive right to exploit their

2

copyrighted works and defines when, how, and on what conditions others may exploit such works. It is not lost on Publishers that the Chamber of Progress has several large members who are significant investors in Anthropic, including Amazon and Google,[2] and therefore have a significant financial interest in allowing the infringement to continue. Further, the Court's decision on Publishers' request for a preliminary injunction will not control in other pending AI cases. This litigation is no different than any other dispute that comes before and is resolved by the courts.

Finally, although Proposed *Amici* may have interest in the litigation as industry participants, advocates, and investors, they do not possess any "unique information or perspective that would help the court beyond the help that the lawyers for the parties are able to provide." *Newcomb*, 2013 WL 3976627, at *1. While generative AI systems may represent novel technology, the factual and legal issues presented by this case are uncomplicated. That Proposed *Amici* might extoll AI's "substantial public benefit" does not change this straightforward case.

## CONCLUSION

For the foregoing reasons, Publishers respectfully request that the Court deny Proposed *Amici*'s Motion. Should the Court grant the Motion, Publishers request the Court permit Publishers to file responsive briefing separate from their reply brief to fully address Proposed *Amici*'s arguments.

---

[2] *See Partners*, CHAMBER OF PROGRESS, https://progresschamber.org/partners/ (last visited Jan. 21, 2024); Hayden Field, *Google commits to invest $2 billion in OpenAI competitor Anthropic*, CNBC (Oct. 27, 2023), https://www.cnbc.com/2023/10/27/google-commits-to-invest-2-billion-in-openai-competitor-anthropic.html; Steve Dent, *Amazon bets $4 billion on OpenAI rival Anthropic*, ENGADGET (Sept. 25, 2023), https://perma.cc/6UGT-9G3S.

Dated: January 22, 2024                          Respectfully submitted,

/s/ Steven A. Riley
Steven A. Riley (No. 6258)
Tim Harvey (No. 21509)
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
sriley@rjfirm.com
tharvey@rjfirm.com

Matthew J. Oppenheim
Nicholas C. Hailey
Audrey Adu-Appiah
(admitted *pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
(admitted *pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com

Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
Telephone: 212-790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Aubrey B. Harwell III (No. 017394)
Nathan C. Sanders (No. 33520)
Olivia R. Arboneaux (No. 40225)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

Joseph R. Wetzel
Andrew M. Gass
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
joe.wetzel@lw.com
andrew.gass@lw.com

Allison L. Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
alli.stillman@lw.com

Sarang V. Damle
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
sy.damle@lw.com

Kevin C. Klein
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, TN 37208
kevin.klein@kleinpllc.com

Eric P. Tuttle
Wilson Sonsini Goodrich & Rosati
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
eric.tuttle@wsgr.com

Nicole Saad Bembridge
NetChoice, LLC
1401 K St. NW, Suite 502
Washington, DC 20005
nsaadbembridge@netchoice.org

/s/ Steven A. Riley