**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>*Defendant*. | Case No. 3:23-cv-01092<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

**REPLY BRIEF IN SUPPORT OF DEFENDANT ANTHROPIC PBC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

## INTRODUCTION

This Court should reject Plaintiffs' forum shopping for two independent reasons. First, none of the supposedly unlawful conduct described in the complaint—neither the training of the model nor the allegedly infringing outputs—occurred in this District. Plaintiffs do not even attempt to prove otherwise. Instead, all they say is that Anthropic has three remote-work employees and a handful of irrelevant business dealings in this District—none of which is suit-related conduct on which specific personal jurisdiction could be based. Second, Plaintiffs are bound to their agreement to litigate Claude-related disputes in the Northern District of California. This Court should dismiss the complaint or, in the alternative, transfer it to the Northern District of California.

## I. THIS COURT LACKS PERSONAL JURISDICTION OVER ANTHROPIC

Plaintiffs abandon any claim of general personal jurisdiction (Opp. 6 n.2), seeking only to establish this Court's specific personal jurisdiction over Anthropic. But specific jurisdiction is available only to the extent a claim arises out of or is related to a defendant's specific activity and presence in the forum state. *Willock v. Hilton Domestic Op. Co.*, 474 F. Supp. 3d 938, 947 (M.D. Tenn. 2020) (Crenshaw, C.J.). Accordingly, Plaintiffs must plead facts to show: (1) Anthropic's purposeful availment of the privilege of conducting activities within the forum state; (2) that Plaintiffs' claims "arise out of or relate to" Anthropic's contacts with the forum; and (3) that the exercise of personal jurisdiction is reasonable. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). They fail to make a *prima facie* showing on any prong, much less on all three.

### A. Plaintiffs Fail To Show Purposeful Availment

Plaintiffs cannot establish that California-based Anthropic purposefully availed itself of Tennessee, which requires "something more than a passive availment of [Tennessee's] opportunities." *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003). That "something more" is absent from this case. Plaintiffs point to the fact that three of

Anthropic's over 250 employees work remotely from Tennessee as members of California-based teams. But "Anthropic does not require these employees to live in and work from Tennessee," and the employees work "from their homes," not from an office paid for or established by Anthropic. Decl. of Jared Kaplan (ECF No. 55-1) ¶ 8. Without a direct request or requirement for these employees to work in Tennessee, those facts do not amount to "purposeful availment."[1] *Carpenter v. S. Airways Express*, 2021 WL 5937749, at *6 (S.D. Ohio Dec. 16, 2021).

Anthropic's alleged sales to three Tennessee companies, for activities unrelated to the alleged copying of Plaintiffs' song lyrics, are also inadequate to establish the requisite purposeful availment. "[I]solated sales to a forum, through an interactive website or otherwise, will not satisfy the purposeful availment requirement." *Oaks v. Largo Biosci., Inc.*, 2022 WL 765506, at *7 (M.D. Tenn. Mar. 11, 2022). Nor is Claude's baseline interactivity enough to hale Anthropic into this Court. *See* Opp. 9. Simply hosting an interactive website alone is not "sufficient to sustain personal jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 891 (6th Cir. 2002). More is required to "reveal[] specifically intended interaction with residents of the state." *Id.* at 890; *see also Cap. Confirmation, Inc. v. Auditconfirmations, LLC*, 2009 WL 2823613, at *6–7 (M.D. Tenn. Aug. 28, 2009). There is no such evidence here—as Anthropic is a nationwide business with no designs on Tennessee that are any different from any other U.S. jurisdiction, and no targeted focus on the state at all. *See* Decl. of Julia Lowd (ECF No. 67-5) ¶ 4; Kaplan Decl. ¶ 24.[2]

---

[1] Plaintiffs allege that Anthropic uses Paine and Kustera's locations in Nashville "to attract employees and solicit business in the state," Opp. 7, but provide no supporting evidence. Exhibit K (ECF No. 80-11) purports to show Paine "provid[ing] direct access to Claude's API to interested business subscribers," Opp. 8, but the potential subscriber is located in California, not Tennessee.

[2] Courts have retreated from the rule of *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1125–27 (W.D. Pa. 1997), a decades-old case which found purposeful availment due to a user sign-up process. On "[t]he internet we know today," only "an extraordinarily rare website . . . is *not* interactive." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 141 n.5 (4th Cir. 2020). As a result, collecting user data through a sign-up flow alone does not support personal

**B. Plaintiffs Fail to Show Suit-Related Contacts**

Plaintiffs have also failed to satisfy the second requirement for specific personal jurisdiction—that the cause of action "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1026 (2021). Plaintiffs argue that they need not prove a strict causal relationship between their claims and Anthropic's in-state conduct. But the Supreme Court has made clear that, at a minimum, there must be "a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017). No such connection exists here.

Plaintiffs contend that "[t]he core" of their claims is that "Anthropic's series of Claude AI models are unlawfully built on input containing [Plaintiffs'] copyrighted works, and these AI models distribute illegal copies and derivatives of those works as output." Opp. 14. But none of the attenuated contacts cited in Plaintiffs' Opposition supports or relates to Plaintiffs' copyright claims. The training, development, and maintenance of Anthropic's large language model called Claude occurred outside of Tennessee, and none of the three Tennessee-based employees is responsible for such activity. Kaplan Decl. ¶¶ 9, 20–26. The three Tennessee-based sales contracts identified by Plaintiffs—with travel and healthcare companies—are also completely unrelated to Plaintiffs' claims. Nor do Plaintiffs meaningfully attempt to connect their "economic injury" to the existing contractual relationships Anthropic maintains with the Tennessee companies. *Neogen*, 282 F.3d at 892.

And most importantly, Plaintiffs have provided no evidence of Claude generating allegedly infringing outputs to Tennessee residents, other than the authorized and non-infringing outputs generated by Plaintiffs' own agents in Tennessee post filing of their Complaint. Plaintiffs claim,

jurisdiction. *See, e.g.*, *id.* A contrary rule would subject technology firms to suit in every district where any user resides.

with zero evidence, that other, unnamed Tennessee residents *may* have received similar allegedly infringing outputs. Opp. 12–13; *see also* PI Opp. (ECF No. 67) 13–17. But there is no basis for the Court to credit that speculation. Nothing about the unorthodox way Plaintiffs prompted Claude compels the conclusion that anyone else did or would do the same, let alone in Tennessee.

### C. Exercising Personal Jurisdiction Over Anthropic Is Not Reasonable

Finally, exercising personal jurisdiction over Anthropic in Tennessee is unreasonable. Anthropic's relevant fact witnesses and the bulk of the evidence are located outside of Tennessee; California has the greater interest in regulating Anthropic; and Plaintiffs (seven of which are not Tennessee residents) could obtain the same relief in any federal court. MTD 22–23.

## II. VENUE IN THE MIDDLE DISTRICT OF TENNESSEE IS IMPROPER

In addition to there being no jurisdiction in this Court, venue is improper under 28 U.S.C. §§ 1391(b) and 1400(a), as Anthropic does not reside in Tennessee and no substantial case-related events or omissions occurred in this District. MTD 12–14.

## III. IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

At a minimum, the Court should exercise its discretion to transfer this case to the Northern District of California, consistent with the forum-selection clause to which Plaintiffs agreed and in line with the remaining transfer factors. MTD 14–24. Anthropic's Terms of Service "have always required that . . . any specific dispute resolution or litigation take place in San Francisco, California." Lowd Decl. ¶ 9; *see id.* ¶¶ 6–11 & Exs. C–F. Plaintiffs' agents consented to those provisions when they created user accounts on the Anthropic website. *See id.* ¶¶ 4–5, 12–17; Opp. 12 (explaining that Plaintiffs accessed Claude through the sign-up process).

Plaintiffs' argument that their claims do not "aris[e] out of or relat[e] to" Anthropic's Terms is incorrect. Opp. 19. The phrase "relate to" in a forum-selection clause has a "broad scope,"

reaching to any claims that stem from use of an internet service, as the claims here do. *Rosskamm v. Amazon.com, Inc.*, 637 F. Supp. 3d 500, 508–09 (N.D. Ohio 2022). Indeed, Anthropic's Terms prohibit the use of Claude "[t]o infringe, misappropriate, or violate intellectual property or other legal rights." Lowd Decl. ¶ 10 & Ex. C. Plaintiffs admit that is exactly what they and their agents did to manufacture the facts underlying their claims. *See* Opp. 21.

Plaintiffs incorrectly contend the Terms do not bind them because they and their agents were "investigating copyright infringement." *Id.* The out-of-circuit cases Plaintiffs cite do not stand for any such rule, holding only that an agent cannot bind his principal to terms of service absent authority to do so, *see Perry St. Software, Inc. v. Jedi Techs., Inc.*, 2020 WL 6064158, at *5–6 (S.D.N.Y. Oct. 14, 2020), and that an employee's assent to a website's terms of service did not preclude his employer's patent infringement claims *unrelated* to the use or operation of the website, *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, 2014 WL 4352533, at *1, *4 (E.D. Tex. Sept. 2, 2014). Both principles are irrelevant here. The employees Plaintiffs asked to create Claude accounts are high-ranking executives, undoubtedly able to bind their employers. *See, e.g.*, Decl. of David Kokakis (ECF No. 44) ¶ 1 (describing role). And the alleged infringement concerns Claude and its interactions with users, the precise subject of Anthropic's Terms of Service.

The remaining factors also favor transfer, particularly the parties' convenience. *See* MTD 18–24. Six of the eight Plaintiffs are in California. Compl. ¶¶ 21–32. The other two are in New York and Nashville, *id.*, but for international entities like Plaintiffs, there is no serious argument that litigating elsewhere would be unduly burdensome. MTD 22–23. Anthropic's fact witnesses are all based in San Francisco or Seattle, and none of the disclosed experts is in Tennessee.

## CONCLUSION

The Court should dismiss this case for lack of personal jurisdiction and improper venue or, in the alternative, transfer the case to the Northern District of California.

Dated: February 14, 2024

Respectfully submitted,

**NEAL & HARWELL, PLC**

*/s/ Aubrey B. Harwell III*
Aubrey B. Harwell III (BPR # 17394)
Nathan C. Sanders (BPR # 33520)
Olivia R. Arboneaux (BPR # 40225)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

**LATHAM & WATKINS LLP**
Joseph R. Wetzel (*pro hac vice*)
Andrew M. Gass (*pro hac vice*)
505 Montgomery St., Suite 2000
San Francisco, CA 94111
(415) 395-8806
(415) 395-6007
joe.wetzel@lw.com
andrew.gass@lw.com

Sarang V. Damle (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(212) 906-1659
sy.damle@lw.com

Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1747
alli.stillman@lw.com

*Counsel for Defendant Anthropic PBC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2024, a true and correct copy of the foregoing document was served via the Court's ECF system upon the following counsel of record:

Matthew J. Oppenheim
Nicholas C. Hailey
Audrey Adu-Appiah
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com

Richard S. Mandel
Jonathan Z. King
Richard Dannay
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
rsm@cll.com
jzk@cll.com
rxd@cll.com

Steven A. Riley
Tim Harvey
Grace C. Peck
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
tharvey@rjfirm.com
gpeck@rjfirm.com

*Counsel for Plaintiffs*

Eric P. Tuttle
WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104
eric.tuttle@wsgr.com

Kevin C. Klein
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, TN 37208
kevin.klein@kleinpllc.com

Nicole Saad Bembridge
NetChoice
1401 K Street NW, Suite 502
Washington, DC 20005
nsaadbembridge@netchoice.org

*Counsel for Amici Curiae Chamber of Progress, VA and NetChoice, LLC (Washington, DC)*

Dated: February 14, 2024

*/s/ Aubrey B. Harwell III*
Aubrey B. Harwell III