# EXHIBIT A

| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **NORTHERN DISTRICT OF CALIFORNIA** |
| 3 | **SAN FRANCISCO DIVISION** |

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., | Case Number: 3:24-cv-03811-JSC |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| ANTHROPIC PBC, | Judge: Hon. Jacqueline Scott Corley |
| Defendant. | Hearing Date: October 3, 2024<br>Time: 10:00 AM<br>Courtroom: 8 |

Upon reviewing the legal arguments and evidence filed by Plaintiffs Concord Music Group, Inc., Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music – MGB NA LLC, Polygram Publishing, Inc., Universal Music – Z Tunes LLC, and ABKCO Music, Inc. (collectively, "Publishers") in support of their Motion For Preliminary Injunction ("Motion"); having reviewed the opposing legal arguments and evidence filed by Defendant Anthropic PBC ("Anthropic"); having reviewed all reply materials and all argument of counsel; and having considered the factors relating to (1) Publishers' likelihood of success on the merits, (2) the likelihood of irreparable harm to Publishers in the absence of preliminary injunctive relief, (3) the balance of equities, and (4) the public interest, the Court HEREBY FINDS AND ORDERS as follows:

Publishers are likely to prevail on the merits of their claim that Anthropic has directly infringed Publishers' copyrights, by reproducing Publishers' copyrighted lyrics when training its artificial intelligence ("AI") models, and by reproducing, distributing, displaying, and preparing derivative works based on Publishers' copyrighted lyrics in the output of its AI models, all without authorization, in violation of 17 U.S.C. §§ 106(1)-(3), (5). Anthropic is unlikely to succeed on its fair use defense.

Publishers are likely to suffer irreparable harm absent a preliminary injunction, including diminishment of Publishers' control over their copyrighted works, denial of credit and goodwill, harm to their reputations, erosion in the value of their works and the licensing market for those works, damage to their position to negotiate future licenses, and harm to their relationships with songwriters.

The balance of equities tips decidedly in Publishers' favor. Whereas the threat of harm to Publishers is substantial, Anthropic cannot claim any legitimate hardships from being forced to desist from its infringing activities or from complying with the narrow injunctive relief sought.

The public interest weighs in favor of issuing the preliminary injunction, given the compelling interest in protecting copyright owners' rights and the economic incentive to continue creating.

Accordingly, the Court hereby GRANTS Publishers' Motion for Preliminary Injunction and ORDERS the following preliminary injunctive relief:

1. Anthropic is ordered to maintain effective guardrails that prevent its current and future AI models from generating output that reproduces, distributes, or displays the lyrics, in whole or in part, to compositions owned or controlled by Publishers (including the compositions listed in Exhibit A to the Complaint, Dkt. 1-3), or creates derivative works using those lyrics.

2. Anthropic, and all officers, principals, agents, servants, employees, affiliates, licensees, transferees, purchasers, successors, and assigns, and all persons or entities acting on their behalf or in active concert or participation with any of them and who receive actual notice of this Preliminary Injunction, are enjoined and restrained from using copies of lyrics (or portions of lyrics) to compositions owned or controlled by Publishers for future training of Anthropic's AI models (unless expressly authorized to do so by Publishers via license or other written agreement).

In order to facilitate compliance with this Preliminary Injunction, Publishers will provide to Anthropic, within 30 days of the entry of this Order, an updated list of compositions owned or controlled by Publishers, in addition to the 500 compositions identified in Exhibit A to the Complaint, Dkt. 1-3. Publishers will update that list of compositions on at least a quarterly basis, or as the parties otherwise agree.

Publishers are not required to post a security in connection with this Order. Publishers are likely to succeed on the merits and face irreparable harm, and the limited injunctive relief is unlikely to cause Anthropic significant financial hardship, therefore rendering security unnecessary.

If Anthropic breaches any term of this Preliminary Injunction, Publishers will be entitled to such relief as the Court deems just.

IT IS SO ORDERED.

Dated: _____, 2024

HON. JACQUELINE SCOTT CORLEY
UNITED STATES DISTRICT JUDGE