**LATHAM & WATKINS LLP**
  Joseph R. Wetzel (SBN 238008)
   *joe.wetzel@lw.com*
  Andrew M. Gass (SBN 259694)
   *andrew.gass@lw.com*
  Brittany N. Lovejoy (SBN 286813)
   *britt.lovejoy@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

  Sarang V. Damle (*pro hac vice*)
   *sy.damle@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

  Allison L. Stillman (*pro hac vice*)
   *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

*Attorneys for Defendant Anthropic PBC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 3:24-cv-03811-JSC <br><br> **DECLARATION OF BRITTANY N. LOVEJOY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (ECF NO. 178)** <br><br> Hon. Jacqueline Scott Corley |

I, Brittany N. Lovejoy, the undersigned, declare as follows:

1. I am a partner at Latham & Watkins LLP and counsel of record for Defendant Anthropic PBC ("Anthropic") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) and (f) in connection with Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 178) ("Administrative Motion") concerning portions of and exhibits to the Declarations of Ben Y. Zhao ("Zhao Decl."), Michael D. Smith ("Smith Decl."), and Timothy Chung ("Chung Decl."), filed in support of Plaintiffs' renewed Motion for Preliminary Injunction (ECF No. 179).

3. The following table identifies the portions of the documents subject to the Administrative Motion which contain highly confidential, nonpublic Anthropic business information.

| ECF/Exh. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| ECF No. 178-2 | Zhao Decl. | Highlighted portions at: ¶¶ 54[1]–58, 60, 64 | Contains highly confidential, nonpublic information concerning Anthropic's training of its artificial intelligence ("AI") models, as well as competitively sensitive information about Anthropic's strategic business decisions and processes in developing those models and their technical guardrails. |
| ECF No. 178-3 | Smith Decl. | Highlighted portions at: | Contains highly confidential, nonpublic information about Anthropic's trade secrets, research and development, proprietary information concerning Anthropic's current |

---

[1] Although the Administrative Motion mistakenly omits paragraph 54, the publicly-filed version of the Zhao Declaration (ECF No. 181) correctly redacts Anthropic's confidential information from paragraph 54.

1

LOVEJOY DECL. ISO PLS.' ADMIN MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:24-cv-03811-JSC

| | | ¶¶ 24, 79[2] | and future AI models, and confidential commercial negotiations. |
|---|---|---|---|
| ECF No. 178-4 | Exhibit B to Smith Decl. | Entire document | Reflects highly confidential, nonpublic information about Anthropic's trade secrets, research and development, proprietary information concerning Anthropic's current and future AI models, and confidential commercial negotiations. |
| ECF No. 178-5 | Exhibit O to Chung Decl. | Highlighted portions on pp. 18, 23–24 | Contains highly confidential, nonpublic information concerning Anthropic's training of its AI models, business strategies and costs, and technical guardrails. |

4.   There is good cause to seal the identified material, which consists generally of highly confidential, nonpublic, and closely guarded business and technical information concerning Anthropic's finances, internal business strategies, AI training processes, and technical guardrails as reflected in expert declarations and discovery documents.  For example, the identified portions of the Zhao and Smith Declarations reveal competitively sensitive details about the development, training, and costs of Anthropic's models and information regarding the creation and implementation of Anthropic's guardrails against copyright infringement.  The discovery documents cited in the Zhao, Smith, and Chung Declarations and attached as exhibits to those declarations contain similar information.  For these reasons, wherever possible, Anthropic has designated the underlying documents as Highly Confidential – Attorneys' Eyes Only under the Parties' Stipulated Protective Order entered in this case in the Middle District of Tennessee (ECF No. 62).

---

[2] Although the Administrative Motion mistakenly identifies paragraphs 25 and 81 (which do not contain Anthropic's confidential information), the publicly-filed version of the Smith Declaration (ECF No. 182) correctly redacts information from paragraphs 24 and 79.

2

LOVEJOY DECL. ISO PLS.' ADMIN MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:24-cv-03811-JSC

5.  The public disclosure of the identified information would create a significant risk of competitive harm for Anthropic, because if Anthropic's competitors in the AI industry were able to obtain this information, they could utilize it to modify their business strategies and AI training and guardrail procedures in order to unfairly compete with Anthropic. Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents, as described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 8, 2024, at Lafayette, California.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy

3

LOVEJOY DECL. ISO PLS.' ADMIN MOT. TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:24-cv-03811-JSC