**LATHAM & WATKINS LLP**
  Joseph R. Wetzel (SBN 238008)
   *joe.wetzel@lw.com*
  Andrew M. Gass (SBN 259694)
   *andrew.gass@lw.com*
  Brittany N. Lovejoy (SBN 286813)
   *brittany.lovejoy@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

  Sarang V. Damle (*pro hac vice*)
   *sy.damle@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

  Allison L. Stillman (*pro hac vice*)
   *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

*Attorneys for Defendant Anthropic PBC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 5:24-cv-03811-EKL <br><br> **DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH ANTHROPIC'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION** <br><br> Hon. Eumi K. Lee |

## I. INTRODUCTION

Pursuant to Civil Local Rules ("L.R.") 7-11 and 79-5(c), Defendant Anthropic PBC ("Anthropic") respectfully submits this Administrative Motion to File Under Seal ("Motion") in connection with Anthropic's Opposition to Plaintiffs' Renewed Motion for Preliminary Injunction ("Opposition"), exhibits to the accompanying Declaration of Brittany N. Lovejoy ("Lovejoy Decl."), the accompanying Declaration of Jared Kaplan ("Kaplan Decl.") and exhibits thereto, the accompanying Declaration of Steven Peterson ("Peterson Decl."), and the accompanying Declaration of Dawn R. Hall ("Hall Decl.") (collectively, the "Sealed Documents"). As set forth below, and in the Declaration of Brittany N. Lovejoy ("Lovejoy Sealing Decl.") filed herewith, the Sealed Documents contain highly sensitive non-public information, including information that Anthropic has designated "Highly Confidential – Attorneys' Eyes Only" under the Parties' Stipulated Protective Order entered in this case in the Middle District of Tennessee (ECF No. 62). Anthropic therefore respectfully requests that the Court enter an order to seal the information described below.

Pursuant to L.R. 79-5(c), this Motion is accompanied by the Lovejoy Sealing Declaration and a proposed order narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed. Anthropic has reviewed and complied with L.R. 79-5(c) and section VII.D of this Court's Standing Order Re: Civil Cases ("Standing Order").

## II. LEGAL STANDARD

A party seeking to seal material is required to establish that the document, or portions thereof, are sealable. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178, 1182 (9th Cir. 2006). Where the underlying filing is "more than tangentially related to the merits of a case," *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101–02 (9th Cir. 2016), the moving party must make a showing of "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79. Compelling reasons to seal information may exist when "the

documents or portions of documents at issue are 'sources of business information that might harm a litigant's competitive standing.'" *DeMartini v. Microsoft Corp.*, No. 22-cv-08991-JSC, 2023 WL 4205770 at *2 (N.D. Cal. June 26, 2023). Because Plaintiffs' Renewed Motion for Preliminary Injunction and Anthropic's Opposition thereto is more than tangentially related to the merits, the "compelling reasons" standard applies to Anthropic's request to seal the materials identified below.

### III.   COMPELLING REASONS EXIST TO SEAL PORTIONS OF ANTHROPIC'S OPPOSITION AND ACCOMPANYING DECLARATIONS AND EXHIBITS.

Anthropic respectfully requests that this Court seal limited portions of its Opposition, and of certain supporting declarations and exhibits thereto, because these Sealed Documents contain Anthropic's non-public, confidential internal business and technical information, including material that Anthropic designated "Highly Confidential – Attorney's Eyes Only" pursuant to the Stipulated Protective Order in this case. Compelling reasons exist to seal the requested material because public disclosure of this highly sensitive information would cause significant competitive harm to Anthropic.

The Court should seal the portions of the Sealed Documents described below and in the Lovejoy Sealing Declaration because those portions contain highly sensitive confidential, nonpublic information relating to Anthropic's business and technical operations, including the precise number of tokens used to train Anthropic's AI models, details about the development and costs of current and future models, and information regarding the creation and technical implementation of Anthropic's guardrails against copyright infringement. Lovejoy Sealing Decl. ¶¶ 4–6. The precise number of tokens used to train Anthropic's AI models is highly confidential and protected, and disclosure of this information would allow Anthropic's competitors to gain unfair insight into and mimic Anthropic's training methods. *Id.* ¶ 4. Similarly, the efforts related to the development and cost of current and future versions of Anthropic's models are not publicly known and, if disclosed, would reveal critical information about Anthropic's strategic priorities. *Id.* ¶ 5. Finally, the technical details of how Anthropic's guardrails function are

proprietary, and their public disclosure would risk revealing key technological processes to competitors and bad actors seeking to circumvent those measures. *Id.* ¶ 6.

Courts in this District and in the Ninth Circuit regularly find compelling reasons to seal confidential business and technical information of the type Anthropic seeks to seal. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding "compelling reasons" to seal "business information that might harm a litigant's competitive strategy"); *Doe v. Meta Platforms, Inc.*, 2022 WL 17970394 (N.D. Cal. Dec. 21, 2022) (finding "a compelling reason" to seal "techniques used to detect and filter out potentially sensitive information" as "the disclosure of this information would cause competitive harm because competitors would gain unfair insight into how [company's] systems operate and be able to duplicate features of [company's] filtration systems"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6395513, at *2 (N.D. Cal. Feb. 4, 2020) (finding "a compelling reason" to seal "confidential, non-public information related to how [company] maintains the security of its advertising products," including "systems functionality related to detecting and addressing invalid activity").

Additionally, certain exhibits should be sealed because they reveal personally identifiable information of Anthropic's users and/or the parties' counsel. *See, e.g., Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information of third parties, "including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including a home address, phone number, and email address).

As set forth below, the limited sealing that Anthropic requests is narrowly tailored to encompass only the specific portions of, and exhibits to, the Opposition that legitimately qualify as Anthropic's confidential and proprietary business and technical information. Pursuant to section VII.D of the Court's Standing Order, the documents for which sealing is sought are as follows:

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 212-3 | Opposition | Highlighted portions at 4:18, 5:21–25, 8:3–8, 9:15–16, 9:17, 9:18–19, 11:23–26, 23:2, 23:7, 26:10, 26:22–28, 27:3–8, 28:26–27. | Contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, internal projections relating to product development, and finances, public disclosure of which would cause competitive harm to Anthropic. *See* Lovejoy Sealing Decl. ¶¶ 4–6. |
| 212-4 | Lovejoy Decl. Ex. A | Highlighted portions | Contains personally identifiable information of counsel for the parties. *See* Lovejoy Sealing Decl. ¶ 8. |
| 212-5 | Kaplan Decl. | Highlighted portions at 2:19–21, 2:22–24, 5:23, 7:12, 7:23, 7:24, 8:21–22, 9:5, 9:10–11, 9:17–18, 11:3, 14:14–27, 15:1–12, 15:13–15, 15:26–28, 18:1–27, 19:3–11, 19:14–16, 19:18–20, 19:27, 20:1, 20:4–17, 21:3–4. | Contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, internal projections relating to product development, and finances, public disclosure of which would cause competitive harm to Anthropic. *See* Lovejoy Sealing Decl. ¶¶ 4–6. |
| 212-6 | Kaplan Decl. Ex. I | Highlighted portions | Contains personally identifiable information, including name and email address, of a user of Anthropic's generative AI tool. *See* Lovejoy Sealing Decl. ¶ 8. |
| 212-7 | Kaplan Decl. Ex. J | Highlighted portions | Contains personally identifiable information, including name and email address, of a user of Anthropic's generative AI tool. *See* Lovejoy Sealing Decl. ¶ 8. |
| 212-8 | Peterson Decl. | Highlighted portions at 6:7, 6:9, 6:10, 10:10–11, 10:18, 10:19, 11:3, 11:5, 11:15–17, 14:20, 14:21. | Contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, public disclosure of which would cause competitive harm to Anthropic. *See* Lovejoy Sealing Decl. ¶ 4. |
| 212-9 | Hall Decl. | Highlighted portions at 9:26– | Contains highly confidential nonpublic information relating to Anthropic's finances |

| | | 10:2, 27:17, 28:9, 28:17–29:2, 35:16–18, 35:22–24, 35:2–10, 35:12–19, 35:20–21, 36:1–5, 36:13–16, 38:6–7, 38:13–15, 39:1–2, 39:3–4. | and development costs, public disclosure of which would cause competitive harm to Anthropic. *See* Lovejoy Sealing Decl. ¶¶ 4–6. |
|---|---|---|---|

## IV. CONCLUSION

For the foregoing reasons, Anthropic respectfully requests that the Court grant this Motion.

Dated:  August 22, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Brittany N. Lovejoy*
    Joseph R. Wetzel (SBN 238008)
      *joe.wetzel@lw.com*
    Andrew M. Gass (SBN 259694)
      *andrew.gass@lw.com*
    Brittany N. Lovejoy (SBN 286813)
      *britt.lovejoy@lw.com*
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111
    Telephone: +1.415.391.0600
    Sarang V. Damle (*pro hac vice*)
      *sy.damle@lw.com*
    555 Eleventh Street NW, Suite 1000
    Washington, DC 20004
    Telephone: +1.202.637.2200

    Allison L. Stillman (*pro hac vice*)
      *alli.stillman@lw.com*
    1271 Avenue of the Americas
    New York, New York 10020
    Telephone: +1.212.906.1747

    *Attorneys for Defendant Anthropic PBC*