| | |
|---|---|
| **OPPENHEIM + ZEBRAK, LLP**<br>Matthew J. Oppenheim<br>Nicholas C. Hailey<br>Audrey L. Adu-Appiah<br>(admitted *pro hac vice*)<br>4530 Wisconsin Ave., NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 480-2999<br>matt@oandzlaw.com<br>nick@oandzlaw.com<br>aadu-appiah@oandzlaw.com<br><br>Jennifer Pariser<br>Andrew Guerra<br>Timothy Chung<br>(admitted *pro hac vice*)<br>461 5th Avenue, 19th Floor<br>New York, NY 10017<br>Telephone: (212) 951-1156<br>jpariser@oandzlaw.com<br>andrew@oandzlaw.com<br>tchung@oandzlaw.com | **COBLENTZ PATCH DUFFY & BASS LLP**<br>Jeffrey G. Knowles (SBN 129754)<br>One Montgomery Street, Suite 3000<br>San Francisco, CA 94104<br>Telephone: (415) 391-4800<br>ef-jgk@cpdb.com<br><br>**COWAN, LIEBOWITZ & LATMAN, P.C.**<br>Richard S. Mandel<br>Jonathan Z. King<br>Richard Dannay<br>(admitted *pro hac vice*)<br>114 West 47th Street<br>New York, NY 10036-1525<br>Telephone: (212) 790-9200<br>rsm@cll.com<br>jzk@cll.com<br>rxd@cll.com |

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANTHROPIC PBC,<br><br>    Defendant. | Case Number: 5:24-cv-03811-EKL<br><br>**DECLARATION OF TIMOTHY CHUNG IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 213)**<br><br>Hon. Eumi K. Lee |

I, Timothy Chung, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney at the law firm of Oppenheim and Zebrak, LLP. I represent Plaintiffs Concord Music Group, Inc., Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music – MGB NA LLC, Polygram Publishing, Inc., Universal Music – Z Tunes LLC, and ABKCO Music, Inc. (collectively, "Publishers") in this matter.

2. I have knowledge of the facts stated herein based on personal knowledge and my review of the documents and other items referenced herein. If called upon to do so, I am able to testify competently to the matters as stated herein.

3. Pursuant to Civil L.R. 7-11(a) and 79-5(c) and (f), I respectfully submit this Declaration in Support of Defendant Anthropic PBC's ("Anthropic") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, ECF No. 213, concerning portions of the Declaration of Steven Peterson ("Peterson Decl."), ECF 213-2, and the Declaration of Dawn R. Hall ("Hall Decl."), ECF No. 213-3 (collectively, the "Sealed Documents"), filed in connection with Anthropic's Opposition to Plaintiffs' Renewed Motion for Preliminary Injunction, ECF No. 207.

4. Identified below are the Sealed Documents and relevant portions subject to Anthropic's Administrative Motion that contain Publishers' highly confidential, non-public, and commercially sensitive information.

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
| --- | --- | --- | --- |
| 213-2 | Peterson Decl. | Highlighted portion at ¶ 42 | Describes contents and terms of highly confidential, non-public business agreement between Universal International Music, B.V., and a third-party, including information reflecting the scope of the agreement, confidential negotiations, competitive strategy, and consideration exchanged between the parties. Public disclosure would cause harm to Publishers. |
| 213-3 | Hall Decl. | Highlighted portions at ¶¶ 19, 31, 57 | Describes universe of highly confidential, non-public documents produced by Publishers to Anthropic during the litigation; |

|  |  |  | describes contents and terms of highly-confidential, non-public financial documents and licensing agreements between Publishers and various third-parties, including information reflecting the scope of the agreements, confidential negotiations, rights conveyed, permissible uses, payment structures, breakdown of revenue, and business strategy. Public disclosure would cause harm to Publishers. |
|---|---|---|---|

5. For documents attached to non-dispositive motions or filings "tangentially related to the merits," the Court must only find "good cause" to justify sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Connor v. Quora, Inc.*, No. 18-CV-07597-BLF, 2020 WL 7408233, at *1 (N.D. Cal. Oct. 15, 2020). Such good cause exists here to warrant sealing of the information identified above. However, even if the Court were to determine it must find "compelling reasons" under the stricter standard for filings "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016), sufficient compelling reasons are also found here to warrant sealing.

6. The redacted information included in the Sealed Documents encompasses Publishers' highly confidential, non-public, and commercially sensitive information, which would result in serious commercial and competitive harm if disclosed publicly. Specifically, the Peterson Decl. and Hall Decl. reference the contents of non-public financial documents and licensing and commercial agreements between Publishers and third-parties related to the use of Publishers' copyrighted works, including information about the scope of the agreements, rights granted, permissible uses, payment structures, breakdown of revenue, and other confidential information. In particular, the Peterson Decl. describes a recent agreement between Universal International Music, B.V., and a third party, revealing non-public details about terms and consideration exchanged that were negotiated by the parties in a confidential setting.

7. Consistent with the highly-confidential nature of Publishers' information referenced in the Sealed Documents, Publishers had produced the documents with a "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under the Protective Order entered in the Middle District of Tennessee, ECF No. 64.

8. Publishers also maintain a practice of guarding their confidential documents from public disclosure by limiting access and disclosure to a select group of authorized individuals.

9. Public disclosure of Publishers' highly-confidential information would harm Publishers' competitive standing. For example, Publishers' competitors could use the information disclosed, which reflect pricing and royalty information, business plans, and confidential terms negotiated by parties to the agreements, to unfairly gain a competitive advantage over Publishers and thereby harm Publishers' ability to compete and conduct business. Similarly, disclosure of confidential terms would compromise Publishers' ability to effectively negotiate terms with other third-parties.

10. These significant threats of commercial and competitive harms constitute sufficient "compelling reasons" to warrant sealing of the information and the Sealed Documents identified above. *See, e.g., In re Elec. Arts, Inc.*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (potential harm to competitive standing by public disclosure of pricing information in confidential licensing agreement constitutes compelling reason to seal); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-LHK, 2021 WL 3604670 (N.D. Cal. Aug. 13, 2021) (same). For the same reasons, there is also sufficient "good cause" to warrant sealing.

11. Further, pursuant to the agreements' respective confidentiality provisions, Publishers have represented to the agreements' counterparties (who are not parties to this litigation) that said agreements would be treated as confidential and subject to the Parties' Protective Order. Public disclosure of the agreements would likely trigger myriad motions in this litigation from the counterparties to protect their confidential information.

12. Prevention of these harms requires the narrow sealing of the information referenced in the Sealed Documents described above. Absent sealing, Publishers' competitors would unfairly gain access to Publishers' confidential information and threaten Publishers' businesses and competitive standing. Accordingly, less restrictive measures would not adequately guard against the harms threatened by disclosure.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge and belief.

Executed in New York, NY, this 29th day of August, 2024.

                                                  */s/ Timothy Chung*

                                                  Timothy Chung