|  |  |
|---|---|
| LATHAM & WATKINS LLP<br>Joseph R. Wetzel (SBN 238008)<br>  *joe.wetzel@lw.com*<br>505 Montgomery Street, Suite 2000<br>San Francisco, California  94111<br>Telephone: +1.415.391.0600 | ARNOLD & PORTER KAYE SCHOLER LLP<br>Douglas A. Winthrop (SBN 183532)<br>  *Douglas.Winthrop@arnoldporter.com*<br>Joseph Farris (SBN 263405)<br>  *Joseph.Farris@arnoldporter.com*<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA  94111<br>Telephone: +1.415.471.3100 |

*Attorneys for Defendant Anthropic PBC in Bartz et al. v. Anthropic PBC, Case 3:24-cv-05417 (N.D.Cal.)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>*Defendant*. | Case No. 5:24-cv-03811-EKL<br><br>**RESPONSE IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Hon. Eumi K. Lee<br><br>Related Case: *Bartz et al. v. Anthropic PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.) |

1   Pursuant to Civil Local Rule 3-12(e), Anthropic PBC hereby files this Response in
2   Support of Andrea Bartz's Administrative Motion to Consider Whether Cases Should Be Related
3   (the "Motion," ECF No. 215).  The cases, *Bartz v. Anthropic PBC*, 3:24-cv-05417-WHA (N.D.
4   Cal.), and *Concord Music Group, Inc. v. Anthropic PBC*, No. 5:24-cv-03811-EKL (N.D. Cal.),
5   should be related.

6   *Concord* and *Bartz* (1) "concern substantially the same parties, property, transaction or
7   event" and (2) failure to relate the cases will result in "an unduly burdensome duplication of
8   labor and expense." Civil Local Rule 3-12(a). The cases may also lead to "conflicting results if
9   [they] are conducted before different Judges." *Id.*  First, Anthropic is the defendant in both
10  cases.  Second, both cases allege that Anthropic used plaintiffs' copyrighted works without
11  license or authorization to train its generative AI products.  *Concord*, 5:24-cv-03811-EKL, ECF
12  No. 1 ¶¶ 49, 56–63; *Bartz*, 3:24-cv-05417-WHA, ECF No. 1 ¶¶ 6, 40 45–47.  Third, the claim at
13  the heart of each case is the same: direct copyright infringement based on the theory that
14  Anthropic creates unauthorized reproductions of copyrighted works during the training process
15  for its AI model.  *Concord*, 5:24-cv-03811-EKL, ECF No. 1 ¶ 112; *Bartz*, 3:24-cv-05417-WHA,
16  ECF No. 1 ¶ 71; *see also Concord*, 5:24-cv-03811-EKL, ECF No. 205 (moving to dismiss
17  ancillary claims).  Fourth, in both cases, Anthropic would raise the defense that such use, if
18  established, does not constitute copyright infringement under the fair use doctrine.  *See Concord*,
19  5:24-cv-03811-EKL, ECF No. 207 at 17–25 (arguing that the use of copyrighted works for
20  training Large Language Models like Claude is fair).  As such, a central issue in both cases will
21  be whether the alleged use of the plaintiffs' copyrighted works to train a generative AI model is a
22  fair one.  The overlapping defendant, claims, defenses, and factual issues in *Concord* and *Bartz*
23  more than satisfy the first prong of L.R. 3-12(a)'s test.  *See, e.g.*, *Pepper v. Apple Inc.*, No. 11-
24  cv-06714-YGR, 2019 WL 4783951, at *1–2 (N.D. Cal. Aug. 22, 2019) (relating cases where the
25  defendant was common to all cases and the cases "center[ed] around the same technology").

26  The second prong of L.R. 3-12(a)'s test is met, too, because allowing these cases to
27  proceed before a single judge will conserve party and judicial resources, since "significant
28

economies exist in terms of case management and resolution of motions inextricably tied to an understanding of the technology, platform markets, and the transactions at issue." *Id.* Both cases will focus on the same "novel and nuanced" factual and legal questions regarding the technological process for training and developing Anthropic's generative AI models at the heart of these cases. *Zakinov v. Ripple Labs, Inc.*, No. 18-CV-06753-PJH, 2020 WL 2768966, at *3 (N.D. Cal. May 28, 2020).

Conversely, there would be an unduly burdensome duplication of labor and expense if discovery and pretrial proceedings in these two cases were conducted before different judges. *See id.* (relating cases where the question at the heart of the cases "will require significant labor"). Despite the months' long pendency of the *Concord* matter, the case has not yet begun discovery in earnest due to Plaintiffs' decision to file in the Middle District of Tennessee, which lacked personal jurisdiction over their claims. *See Concord*, 5:24-cv-03811-EKL, ECF Nos. 123–24 (transfer order). And the Concord parties have proposed extending the original stipulated schedule in light of the case's transfer to the Northern District of California. *Id.* ECF No. 203. *Concord* and *Bartz* therefore are similarly positioned and could proceed on similar pretrial schedules without material delay to the earlier-filed case.

And, while the *Concord* case is the only one to seek the extraordinary remedy of *preliminary* injunctive relief, because both cases seek injunctive relief preventing Anthropic from training its AI models on the plaintiffs' copyrighted content under the same theory of direct copyright infringement, allowing the cases to proceed before two different judges risks conflicting results. *See, e.g.*, *JaM Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 2322992, at *1 (N.D. Cal. May 11, 2020) (finding that relating two cases involving the same legal claim would avoid conflicting results, even though the trademarks at issue and "some portion of evidence differ[ed]").

For the foregoing reasons, Anthropic respectfully requests that this Court deem *Concord* and *Bartz* related.

| | |
|---|---|
| 1  Dated:  September 3, 2024 | Respectfully Submitted, |
| 2 | |
| 3 | LATHAM & WATKINS LLP |
| 4 | By */s/ Joseph R. Wetzel* |
| 5 | Joseph R. Wetzel (SBN 238008)<br>*joe.wetzel@lw.com* |
| 6 | 505 Montgomery Street, Suite 2000<br>San Francisco, California 94111 |
| 7 | Telephone: +1.415.391.0600 |
| 8 | |
| 9 | ARNOLD & PORTER KAYE SCHOLER LLP |
| 10 | By */s/ Douglas A. Winthrop* |
| 11 | Douglas A. Winthrop (SBN 183532)<br>*Douglas.Winthrop@arnoldporter.com* |
| 12 | Joseph Farris (SBN 263405)<br>*Joseph.Farris@arnoldporter.com* |
| 13 | Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111 |
| 14 | Telephone: +1.415.471.3100 |
| 15 | *Attorneys for Defendant Anthropic PBC in Bartz et al. v. Anthropic PBC, Case 3:24-cv-05417 (N.D. Cal.)* |

**ATTESTATION**

I, Joseph R. Wetzel, am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in its filing.

Dated: September 3, 2024                                    /s/ *Joseph R. Wetzel*
                                                                                  Joseph R. Wetzel