| | |
|---|---|
| **OPPENHEIM + ZEBRAK, LLP**<br>Matthew J. Oppenheim<br>Nicholas C. Hailey<br>Audrey L. Adu-Appiah<br>(admitted *pro hac vice*)<br>4530 Wisconsin Ave., NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 480-2999<br>matt@oandzlaw.com<br>nick@oandzlaw.com<br>aadu-appiah@oandzlaw.com<br><br>Jennifer Pariser<br>Andrew Guerra<br>Timothy Chung<br>(admitted *pro hac vice*)<br>461 5th Avenue, 19th Floor<br>New York, NY 10017<br>Telephone: (212) 951-1156<br>jpariser@oandzlaw.com<br>andrew@oandzlaw.com<br>tchung@oandzlaw.com<br><br>*Attorneys for Plaintiffs* | **COBLENTZ PATCH DUFFY & BASS LLP**<br>Jeffrey G. Knowles (SBN 129754)<br>One Montgomery Street, Suite 3000<br>San Francisco, CA 94104<br>Telephone: (415) 391-4800<br>ef-jgk@cpdb.com<br><br>**COWAN, LIEBOWITZ & LATMAN, P.C.**<br>Richard S. Mandel<br>Jonathan Z. King<br>Richard Dannay<br>(admitted *pro hac vice*)<br>114 West 47th Street<br>New York, NY 10036-1525<br>Telephone: (212) 790-9200<br>rsm@cll.com<br>jzk@cll.com<br>rxd@cll.com |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case Number: 5:24-cv-03811-EKL<br><br>**PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11 (ECF NO. 215)**<br><br>Hon. Eumi K. Lee |

## INTRODUCTION

Plaintiffs oppose the Administrative Motion, filed by the plaintiffs in *Bartz et al. v. Anthropic PBC,* 24-cv-05417-WHA (N.D. Cal.) ("*Bartz*") to consider whether that case should be related to this case pursuant to Civil L.R. 3-12, ECF No. 215 (the "Motion"). Cases may be related only if they "concern substantially the same parties, property, transaction, or event." Civil L.R. 3-12(a)(1). It also must appear "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). Neither requirement is met here.

## ARGUMENT

**I. The Cases Have Different Parties, Property, and Transactions/Events.**

Parties: The plaintiffs in the two cases at issue are entirely different. The plaintiffs (collectively, "Publishers")[1] in the instant action are eight music publishers that own some of the most iconic songs in music history. Compl. ¶¶ 21–32, 34, 37, ECF No. 1. Publishers allege that Defendant Anthropic PBC ("Anthropic") infringed the copyrights in their musical compositions by, *inter alia*, copying the lyrics to these songs to train its large language AI model Claude and distributing copies of those lyrics as Claude outputs. *Id.* ¶¶ 1–14, 56–99. Plaintiffs in *Bartz* (the "*Bartz* Plaintiffs") are three authors of fiction and nonfiction works who purport to represent a class of all book authors whose works were used by Anthropic to train Claude. Decl. of Rohit D. Nath, Ex. 1, ¶ 59, ECF No. 215-1 ("*Bartz* Complaint"). There is no overlap between any of the named plaintiffs in the two cases and the Publishers are not members of the purported class in *Bartz*.

Property: The plaintiffs in both cases allege that Anthropic infringed their copyrights, but the copyrights at issue are wholly different in the two cases. In addition to differences in the actual property interests at stake, the nature of the copyrighted works is different. For example, the types of works underlying the copyrights are different (musical compositions vs. books), as are the types

---

[1] Plaintiffs are Concord Music Group, Inc., Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music - MGB NA LLC, Polygram Publishing, Inc., Universal Music - Z Tunes LLC, and ABKCO Music, Inc.

of copyright owners (corporations vs. individuals). These differences are meaningful in a copyright infringement case for various reasons, including the proof that will be necessary to establish ownership of the copyrights.

Transactions or Events: The claims in the two cases are also different in significant respects. In addition to alleging direct infringement based on Anthropic's copying of their lyrics to train its Claude AI models, the Publishers have also alleged (and Anthropic has not disputed) that Claude generated infringing output, including by delivering verbatim or near-verbatim copies of their lyrics on command, reproducing substantial portions of these lyrics even when not specifically requested, and creating "mashups" of lyrics from different songs resulting in offensive derivative works. Compl. ¶¶ 66–80 (detailing evidence of specific infringing output). The *Bartz* Plaintiffs make no similar allegations. The *Bartz* Complaint is limited to the claim that Anthropic copied their books for use in training without authorization. Accordingly, Anthropic's suggestion that both cases assert "the same theory of direct copyright infringement" is simply wrong. *See* Anthropic's Response in Support of Administrative Motion to Consider Whether Cases Should Be Related, ECF No. 220 at 3 ("Anthropic's Response"). The *Bartz* Plaintiffs also do not assert claims for contributory liability, vicarious liability, or removal or alteration of copyright management information, as Publishers do in the instant litigation. *See* Compl. ¶¶ 119–53.

Moreover, the underlying facts and events giving rise to the copying alleged in the two matters differ in important ways. For instance, the *Bartz* Plaintiffs allege that Anthropic obtained copies of their works from a dataset called Books3. *Bartz* Complaint ¶¶ 31–43. Publishers allege that Anthropic may have obtained their song lyrics from a number of sources, including a dataset called the Common Crawl, YouTube, social media sites, and by extracting them without permission from licensed lyric aggregators. *See, e.g.*, Compl. ¶ 60; Motion for Preliminary Injunction at 4, ECF No. 179. The different sources of data and number of copies made by Anthropic makes its infringement more egregious in Publishers' case, and, moreover, will require different fact discovery into the events surrounding Anthropic's access to the different sets of works. All of these differences weigh against relating the cases.

Where the only ties between two cases are the defendant and the cause of action, the test for Civil L.R. 3-12 has not been met. *Nozolino v. Hartford Life and Accid. Ins. Co.,* 2013 WL 2468350 at *1 (N.D. Cal. 2013). The cases cited in the Motion and by Anthropic in its Response are not to the contrary. In *JaM Cellars, Inc. v. Wine Grp. LLC*, the parties and claims were identical, with the only difference in the two cases being the specific trademarks ("Butter" vs "Jam") plaintiff alleged defendant had infringed. No. 19-CV-01878-HSG, 2020 WL 2322992 at *1 (N.D. Cal. May 11, 2020). The overlap between the plaintiff, defendant, and claims in the two matters presented a much clearer case to relate the two than the case at bar with *Bartz*. In *Our Children's Earth Found. v. National Marine Fisheries Serv.*, No. 14-1130 SC, 2015 WL 4452136 (N.D. Cal. July 20, 2015), the court found two cases related where the plaintiffs in both alleged the defendant agency failed to comply with Freedom of Information Act requests. The court held that the facts of one case might support or undermine the "pattern and practice" claim made by the plaintiffs in the other, making them suitable candidates for relating. *Id.* at *12. No significant overlap in facts exists here. Finally, the plaintiffs in *Pepper v. Apple Inc.*, No. 11-CV-06714-YGR, 2019 WL 4783951 (N.D. Cal. Aug. 22, 2019), asserted claims concerning the same "economic structures" in addition to the "same technology." *Id.* at *1. Unlike Publishers, the *Bartz* Plaintiffs do not allege harms arising out of Claude's delivery of verbatim or near-verbatim copies of their copyrighted works. Additionally, as explained in Section II, *infra* at 5, plaintiffs in both cases operate in distinct and different economic markets with regard to their copyrighted works. These differences in economic circumstances and structures require specific factual inquiries unique to each case such that relating the two cases is not appropriate or warranted.

## II. There Is Little Risk of Duplication of Effort or Different Results.

The status and timing of this case relative to *Bartz* also weigh against relating the two cases. The instant case has been pending since October 18, 2023, when Publishers sued Anthropic in the U.S. District Court for the Middle District of Tennessee. Publishers filed a Motion for Preliminary Injunction less than one month later, on November 16, 2023, ECF No. 40. On June 26, 2024, after the parties had briefed Publishers' Motion for Preliminary Injunction and started fact discovery, the Middle District of Tennessee transferred the case to this District, ECF Nos. 124–25. The case

was initially assigned to Judge Corley in the San Francisco division. Publishers then filed a renewed Motion for Preliminary Injunction, ECF No. 179, Anthropic filed a Motion to Dismiss Publishers' non-direct infringement claims, ECF No. 205, and a hearing on those motions was scheduled for October 10, 2023, ECF No. 176. The case was subsequently re-assigned to this Court on August 21, 2024, ECF No. 206. Briefing on both Publishers' Motion for Preliminary Injunction and Anthropic's Motion to Dismiss will be complete by mid-September, and the Parties have contacted the Court's Courtroom Deputy via email and requested an October hearing date on the motions; the Parties are awaiting confirmation of a date. The Parties have also produced initial discovery in connection with the preliminary injunction briefing, served additional written discovery requests in March 2024, exchanged responses and objections to that discovery, and met and conferred numerous times to negotiate and narrow ongoing discovery issues.

Anthropic argues in its Response that this case is similarly positioned to the *Bartz* case in terms of schedule, and that the two cases could proceed on similar pretrial schedules without material delay to this matter. Anthropic's Response at 2. This is simply untrue. As detailed above, the present case is significantly further along than *Bartz*, despite the case transfer and subsequent reassignment. (Indeed, despite Anthropic's now claiming that this "case has not yet begun discovery in earnest," Anthropic's Response at 2, it took the opposite position just last month, prior to reassignment, claiming that fact discovery was sufficiently far along that it should be completed by December 13, 2024, ECF No. 203-1 at 2.)

The Publishers are entitled to prosecute their case expeditiously at this point rather than suffer further delay. Relating the brand new *Bartz* case, which was filed almost a year later, to this one will serve only to slow down the resolution of this matter. *See Rezner v. Bayerische Hypo-Und Vereinsbank AG*, No. C 06-02064 JW, 2009 WL 3458704 at *2 (N.D. Cal. Oct. 23, 2009) (cases with same defendant and same transaction not related where motion to relate was filed one year after other case commenced).

The *Bartz* case is also styled as a class action which will require class-related discovery and motion practice, adding an additional layer of complexity, effort, and time to the resolution of that matter. Rather than avoiding duplication of effort, relating the two cases will only serve to

complicate this one. Conversely, the Publishers have moved for a preliminary injunction in this case, which demands expeditious attention, while the *Bartz* plaintiffs have not made a similar motion. Two cases with substantially different procedural postures should not be related. *See Hodges v. Akeena Solar, Inc.*, No. CV 09-02147 JW, 2010 WL 2756536 (N.D. Cal. July 9, 2010) (class action alleging violations of federal securities laws was not related to shareholder derivative suit alleging breach of fiduciary duty, even though the two actions concerned substantially the same transaction and events).

Finally, although Publishers and the *Bartz* Plaintiffs both allege that Anthropic's copying their works to train the Claude model is infringing, Anthropic's likely defense of fair use will differ significantly between the two. The fair use defense requires a highly fact-specific, four-factor analysis that will vary in these cases. For example, the analysis of the fourth fair use factor—the effect of defendant's use on the market for the copyrighted work—will be quite different as the market for books is not the same as the market for song lyrics, and that factor alone could change the result in these matters. Indeed, the Supreme Court recently reaffirmed the importance of market harm in the fair use analysis. *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023). Thus, any possibility for different outcomes in the two cases would be highly dependent on the specific factual inquiries necessary to each case, and therefore do not pose a risk of legally inconsistent results.

The only potential area of duplication cited in the Motion is that both plaintiff groups may seek discovery into the technical features of the Claude model. Motion at 2. However, this minimal level of overlap on just one area of discovery will be outweighed by the far more significant matters in which the two cases are unrelated.

## CONCLUSION

For the foregoing reasons, Publishers respectfully request that the Court deny the Administrative Motion to Consider Whether Cases Should Be Related.

| | | |
|---|---|---|
| 1 | Dated: September 3, 2024 | Respectfully submitted, |
| 2 | | By: */s/ Timothy Chung* |
| | | **OPPENHEIM + ZEBRAK, LLP** |
| 3 | | Matthew J. Oppenheim |
| 4 | | Nicholas C. Hailey |
| | | Audrey L. Adu-Appiah |
| 5 | | (admitted *pro hac vice*) |
| | | 4530 Wisconsin Ave., NW, 5th Floor |
| 6 | | Washington, DC 20016 |
| 7 | | Telephone: (202) 480-2999 |
| | | matt@oandzlaw.com |
| 8 | | nick@oandzlaw.com |
| | | aadu-appiah@oandzlaw.com |
| 9 | | |
| | | Jennifer Pariser |
| 10 | | Andrew Guerra |
| | | Timothy Chung |
| 11 | | (admitted *pro hac vice*) |
| 12 | | 461 5th Avenue, 19th Floor |
| | | New York, NY 10017 |
| 13 | | Telephone: (212) 951-1156 |
| | | jpariser@oandzlaw.com, |
| 14 | | andrew@oandzlaw.com |
| | | tchung@oandzlaw.com |
| 15 | | |
| | | **COBLENTZ PATCH DUFFY & BASS LLP** |
| 16 | | Jeffrey G. Knowles (SBN 129754) |
| 17 | | One Montgomery Street, Suite 3000 |
| | | San Francisco, CA 94104 |
| 18 | | Telephone: (415) 391-4800 |
| | | ef-jgk@cpdb.com |
| 19 | | |
| | | **COWAN, LIEBOWITZ & LATMAN, P.C.** |
| 20 | | Richard S. Mandel |
| | | Jonathan Z. King |
| 21 | | Richard Dannay |
| 22 | | (admitted *pro hac vice*) |
| | | 114 West 47th Street |
| 23 | | New York, NY 10036-1525 |
| | | Telephone: (212) 790-9200 |
| 24 | | rsm@cll.com |
| | | jzk@cll.com |
| 25 | | rxd@cll.com |
| 26 | | *Attorneys for Plaintiffs* |
| 27 | | |
| 28 | | |