[Counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case Number: 5:24-cv-03811-EKL <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Hon. Eumi K. Lee |

Pursuant to Fed. R. Civ. P. 16, Civil L.R. 16-9, the Standing Order for All Judges of the Northern District of California, this Court's Standing Order for Civil Cases, and the Order reassigning the case to this Court, ECF No. 206, counsel for the Parties in the above-captioned case hereby submit this Joint Case Management Statement.

As explained in Sec. 20.d below, an immediate Case Management Conference is requested.

**1. JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) because this dispute involves claims brought by Plaintiffs ("Publishers") against Defendant Anthropic PBC ("Anthropic") under the Copyright Act, 17 U.S.C. § 101 *et seq*. No outstanding issues as to personal jurisdiction or venue remain. No Parties remain to be served at this time.

**2. FACTS**

**Publishers' Statement**. Publishers filed this suit against Anthropic on Oct. 18, 2023. Publishers are among the world's leading music publishers. Anthropic is an AI company that is valued at $18 billion but does not pay copyright holders for the content it uses to build and operate its AI models. Publishers allege that Anthropic systematically infringes their copyrighted song lyrics through its AI models, by copying those lyrics both as the input to train its AI models and in the output those models generate. ECF No.1. Anthropic does not dispute it trained its AI models using copies of Publishers' lyrics, nor does it deny its models generated output copying those lyrics, including, in particular, the lyrics to the 500 musical compositions listed on Exhibit A to the

Complaint. Anthropic has continued to develop and launch new AI models that impermissibly exploit Publishers lyrics and increase the harm to them even during the pendency of this litigation.

Publishers assert four claims against Anthropic. <u>First</u>, Publishers allege that Anthropic directly infringes Publishers' copyrighted lyrics by reproducing these works in training datasets and as part of its AI models, as well as by reproducing, distributing, displaying, and preparing derivative works based on these works as the output of its AI models. <u>Second</u>, Publishers allege that Anthropic contributorily infringes Publishers' copyrighted works, given that Anthropic is aware of its licensees and users' infringing activity, but nevertheless facilitates and encourages that infringement, by providing access to its infringing AI models through its website, apps, and commercial application programming interface ("API"), and by hosting and transmitting content it knows to be infringing through those models. <u>Third</u>, Publishers allege that Anthropic vicariously infringes Publishers' copyrighted works, because Anthropic has the right and ability to supervise and control the infringing outputs of its AI models but fails to take reasonable steps to curb that infringing activity, and because Anthropic profits from that failure. <u>Fourth</u>, Publishers allege that Anthropic removes or alters copyright management information in violation of 17 U.S.C. § 1202. Publishers seek judgment in their favor on each of these claims, preliminary and permanent injunctive relief, statutory and/or actual damages, and additional relief as detailed in the Complaint.

Given the irreparable and ongoing harm caused to Publishers by Anthropic's continued infringement, Publishers promptly filed a Motion for Preliminary Injunction in Nov. 2023 when this case was first filed in the Middle District of Tennessee, ECF No. 40, and renewed that motion shortly after the case was transferred to the Northern District of California, ECF No. 179.

**Anthropic's Statement.** Plaintiffs' core claim is that Anthropic made intermediate use of Plaintiffs' song lyrics as an infinitesimal fraction of the trillions of data points used to teach its revolutionary generative AI models statistical patterns about how humans use language. As a full record in this case will demonstrate, that sort of transformative use of copyrighted materials to train large language models like Anthropic's "Claude" is a paradigmatic fair use. No court has ever held that the making of internal-only copies in service of generating an ultimately non-infringing output constitutes infringement. Further, such intermediate use does not adversely impact any

existing or potential market for Plaintiffs' copyrighted works, as there is not likely to ever be a workable market for licenses to train general purpose text-generative AI models like Claude. For these reasons and others, the alleged inclusion of Plaintiffs' works in Claude's training corpus is a quintessential fair use.

This issue is at the heart of dozens of cases of first impression currently making their way through the federal courts, including the recently-filed *Bartz v. Anthropic* case, No. 24-cv-05417-WHA (N.D. Cal.), all of which raise similar copyright claims against generative AI companies. Plaintiffs here are the only ones to have moved for preliminary injunctive relief—a motion they have renewed over a year after discovering the conduct giving rise to their claims and almost ten months after strategically prioritizing forum shopping over a speedy resolution. *See* ECF No. 123 (ordering transfer from Middle District of Tennessee due to lack of jurisdiction). Plaintiffs' decision to risk delay in favor of the convenience of their preferred forum belies the purported exigency of their motion. So, too, does Plaintiffs' unsupported claim that Claude's alleged regurgitation of their copyrighted lyrics causes them irreparable harm—even as they concede the efficacy of the safeguards Anthropic has implemented to prevent just that outcome.

Plaintiffs' other causes of action—that Anthropic is secondarily liable for alleged infringement by its users and that it violated the DMCA by allegedly removing or altering copyright management information (CMI)—will likewise fail on the merits, even if they survive Anthropic's pending motion to dismiss. ECF No. 205. Among other defects in those claims, Anthropic lacks actual knowledge of specific instances of infringement (as required for contributory infringement), does not obtain any financial benefit from users' infringement of Plaintiffs' lyrics (as required for vicarious infringement), and lacks the requisite intent to remove or alter CMI (as required for the DMCA claim).

**3. LEGAL ISSUES**

The Parties identify the following, non-exhaustive list of legal issues that remain in dispute:

**Publishers' Claims/Issues**. Whether Anthropic directly, contributorily, and/or vicariously infringed Publishers' copyrights; whether that infringement is willful; whether Anthropic violated 17 U.S.C. § 1202(b), such as by intentionally removing or altering Publishers' copyright

management information; whether Publishers are entitled to preliminary and/or permanent injunctive relief; whether Publishers are entitled to actual or statutory damages and in what amounts; and whether any other forms of relief are due to any party, including attorneys' fees.

**Anthropic's Defenses/Issues**. Whether Publishers can satisfy their burden of establishing that they own exclusive rights, and have standing to bring suit under 17 U.S.C. § 501, as to each of the works for which they assert copyright infringement claims; whether any alleged infringing conduct constitutes innocent infringement or non-willful infringement under 17 U.S.C. § 504; and the applicability of the fair use doctrine or other affirmative defenses to be raised by Anthropic.

### 4. MOTIONS

#### a. Prior and Pending Motions

| Movant | Motion | Date Filed | Status |
|---|---|---|---|
| Anthropic | Motion to Dismiss, or, In the Alternative, to Transfer Venue | Nov. 11, 2023 (ECF No. 54) | Granted in part, denied in part (ECF No. 124) |
| Publishers | Motion for Preliminary Injunction ("PI Motion") | Initial motion filed in M.D. Tenn. on Nov. 16, 2023 (ECF No. 40); renewed motion filed following transfer to N.D. Cal. on Aug. 1, 2024 (ECF No. 179) | Pending; briefing to conclude Sept. 12, 2024 (ECF No. 175) |
| Publishers | Admin. Motion to Consider Whether Another Party's Material Should Be Sealed | Aug. 1, 2024 (ECF No. 178) | Pending; fully briefed |
| *Amici Curiae* Recording Industry Association of America et al. | Motion for Leave to File an *Amicus* Brief in Support of Publishers' PI Motion | Aug. 5, 2024 (ECF No. 193) | Pending; fully briefed (Parties did not object to filing) |
| Anthropic | Motion to Dismiss for Failure to State a Claim | Aug. 15, 2024 (ECF No. 205) | Pending; briefing to conclude Sept. 17, 2024 (ECF No. 175) |
| Anthropic | Admin. Motion to File Under Seal | Aug. 22, 2024 (ECF No. 212) | Pending; fully briefed |
| Anthropic | Admin. Motion to Consider Whether Another Party's Material Should Be Sealed | Aug. 22, 2024 (ECF No. 213) | Pending; fully briefed |
| Non-Party *Bartz* et al. | Admin. Motion to Consider Whether Cases | Aug. 28, 2024 (ECF No. 215) | Pending; fully briefed (Anthropic's |

| | Should Be Related | | statement in support, ECF No. 220; Publishers' statement in opposition, ECF No. 221) |
|---|---|---|---|
| *Amici Curiae* Chamber of Progress & Netchoice, LLC | Motion for Leave to File Brief as *Amici Curiae* in Opposition to Plaintiffs' PI Motion | Aug. 29, 2024 (ECF No. 219) | Pending; any response due Sept. 12, 2024 (Parties did not object to filing) |

   b. **Anticipated Motions**

The Parties anticipate filing discovery-related motions, summary judgment motions, *Daubert* motions, motions *in limine*, and other pre-trial, trial, and post-trial motions.

5. **AMENDMENT OF PLEADINGS**

Publishers filed their Complaint in the United States District Court for the Middle District of Tennessee on Oct. 18, 2023. ECF No. 1. No other pleadings have been filed, and no other claims, defenses, or counterclaims have been asserted.

**Publishers' Position.** Publishers propose that any motions to amend or to add Parties shall be filed no later than 60 days following the Initial Case Management Conference, or Dec. 2, 2024, whichever is earlier. The earlier date proposed by Anthropic below is not appropriate or realistic, given the significant discovery that remains to be completed in this case (among other things, Anthropic has not yet produced any documents in response to Publishers' initial Mar. 22, 2024 discovery requests) and the fact that Anthropic's recently filed Motion to Dismiss may not be resolved by Anthropic's proposed amendment date, among other reasons discussed in Section 15 below. Contrary to Anthropic's claim below, Publishers have diligently pursued discovery to date.

**Anthropic's Position.** Anthropic proposes that any motions to amend or to add Parties shall be filed no later than Nov. 4, 2024. A later date is not appropriate given that Publishers' stipulated deadline to amend under the existing case schedule (Aug. 12, 2024) has already passed, and Publishers have not pursued discovery with any urgency, or themselves produced any documents, since general fact discovery opened months ago in the Middle District of Tennessee.

6. **EVIDENCE PRESERVATION**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and that they have met and conferred pursuant to Fed. R. Civ. P.

26(f) regarding reasonable and proportionate steps taken to preserve relevant evidence.

**7. DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26, the Parties exchanged their initial disclosures on Mar. 22, 2024 while this case was pending in the Middle District of Tennessee.

**8. DISCOVERY**

On Mar. 22, 2024, general fact discovery began, and the Parties exchanged initial requests for document production, interrogatories, and requests for admission, and served initial disclosures. The Parties exchanged responses and objections to the respective discovery requests on Apr. 22, 2024. The Parties also previously exchanged limited written discovery and produced documents in connection with Publishers' previously filed Motion for Preliminary Injunction in the Middle District of Tennessee. The Parties intend to start rolling productions shortly.

The Parties anticipate that the scope of fact discovery will include, but not be limited to, Publishers' claims of infringement, standing, and Anthropic's affirmative defenses. The Parties have agreed not to stay fact discovery while the Parties await entry of a new case schedule and resolution of the pending motions.

Immediately prior to the case's transfer, and again prior to the case's reassignment to this Court, the Parties were preparing a joint submission of discovery disputes to the previous courts. The Parties intend to continue to meet and confer in an effort to resolve outstanding issues. Where the Parties are unable to reach resolution, they intend to promptly submit joint discovery dispute statements consistent with Section 8 of Magistrate Judge Susan van Keulen's Standing Order.

The Parties anticipate that they will stipulate to modestly updated versions of the ESI Protocol and Protective Order previously filed in the Middle District of Tennessee to ensure the orders conform with the Northern District of California Local Rules and practices and this Court's Standing Order. Those updated versions will be submitted to the Court for consideration and entry in short order. In the interim, the Parties have agreed to provisionally adhere to the Protective Order entered in the Middle District of Tennessee, ECF No. 62.

The Parties agree that no changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Rules are necessary at this time.

**10. RELATED CASES**

There are no cases that have been deemed to be related at this time. On August 28, 2024, counsel for the plaintiffs in *Bartz et al. v. Anthropic PBC*, No. 24-cv-05417-WHA, filed an administrative motion to consider whether that case should be related to this one. ECF No. 215. Publishers oppose (ECF No. 221), and Anthropic supports (ECF No. 220), the relation of the two cases. That motion remains pending.

**11. RELIEF**

**Publishers' Position.** Publishers seek the following relief, as detailed more fully in their Complaint: judgement on each of Publishers' claims, including that Anthropic has directly and/or secondarily infringed Publishers' copyrights under the Copyright Act, that Anthropic has unlawfully removed and/or altered Publishers' copyright management information in violation of 17 U.S.C. § 1202, and that such infringement and unlawful activity was willful; an order for such equitable relief under Title 17, Title 28, and/or the Court's inherent authority as is necessary to prevent or restrain infringement of Publishers' copyrights and removal or alteration of Publishers' copyright management information, including preliminary injunctive relief, *see* ECF No. 179, and permanent injunctive relief; under 17 U.S.C. §§ 504 and 1203(c), statutory damages including in an amount up to $150,000 per work infringed and $25,000 per violation, respectively, or in the alternative, at Publishers' election, Publishers' actual damages and Anthropic's profits; an order requiring Anthropic to provide an accounting of the training data, training methods, and known capabilities of its AI models, and to destroy under the Court's supervision all infringing copies of Publishers' copyrighted works in Anthropic's possession or control; Publishers' reasonable attorneys' fees and costs in this action, pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. § 1203(b)(4)-(5); pre- and post-judgment interest on any monetary award made part of the judgment; and such other and further relief as the Court deems proper.

**Anthropic's Position.** Anthropic disputes that Plaintiffs are entitled to any relief and reserves all of its defenses to liability and damages. Anthropic further reserves the rights to seek costs and expenses, including its reasonable attorneys' fees.

**12. SETTLEMENT AND ADR**

Pursuant to ADR L.R. 3-5(b), ADR Certifications were filed by Publishers and Anthropic on July 11, 2024, ECF Nos. 138–142, 144. The Parties previously discussed settlement in early May 2024 and concluded that the issues in this case were not sufficiently ripe for ADR or productive settlement discussions. That remains each side's view at this time. Nonetheless, the Parties will be prepared to discuss ADR options with the Court during the initial CMC.

**13. OTHER REFERENCES**

At this time, the Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The Parties do not oppose having discovery disputes heard by Magistrate Judge Susan van Keulen.

**14. NARROWING OF ISSUES**

The Parties are currently unable to narrow any issues by agreement or otherwise.

**15. SCHEDULE**

The Parties have met and conferred and propose the respective case schedules in **Ex. A**.

**Publishers' Position.** Publishers have proposed a case schedule that adjusts the deadlines initially entered in the Middle District of Tennessee to reasonably account for the current status of fact discovery and the transfer and reassignment of the case to this Court. Publishers believe that the ongoing irreparable harm to them from Anthropic's conduct can be stemmed through the entry of a preliminary injunction, but the case schedule should ultimately allow for sufficient discovery to enable the Court and jury to weigh all the issues. Significant fact discovery remains to be completed. Anthropic has not yet produced any documents in response to Publishers' Mar. 22, 2024 requests for production (nor has it fully responded to various other initial written discovery from Publishers), and fact discovery in this case will require review and analysis of source code and other technical documents. Anthropic's suggestion that such discovery can be completed by early Dec. 2024 is unrealistic (particularly given that Anthropic has not yet even answered the Complaint) and demonstrates that its strategy is simply to try to run out the clock on discovery. While Publishers see no basis for finding the *Bartz* case to be related to this one, as explained more fully in Publishers' opposition to that motion, ECF No. 221, if the cases are deemed related, it may

cause further delay and require additional adjustment to this schedule.

**Anthropic's Position.** Anthropic has proposed a schedule that departs only minimally from the deadlines the Parties had previously agreed to and the transferor court had approved. Given that the Parties agreed discovery would not be stayed pending the Court's consideration of Anthropic's motion to dismiss and Publishers' renewed preliminary injunction motion, there is no cause to depart substantially from that original schedule. However, Anthropic proposed the schedule below before the related *Bartz* case was filed, and would be willing to stipulate to a reasonably extended schedule to allow for coordination of overlapping discovery in this case and the *Bartz* case if the two cases are related.

### 16. TRIAL

Publishers have requested a trial by jury on all claims. The Parties anticipate trial will last approximately **ten (10) days**. Publishers request a trial date no earlier than Feb. 2, 2026. Anthropic requests a trial date no earlier than Dec. 2, 2025.

### 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-15, Publishers and Anthropic filed their Certifications of Interested Entities or Persons, ECF Nos. 134, 145–52 and disclosed the following entities:

**Publishers**: ABKCO Music & Records, Inc., a New York corporation with its principal place of business in New York; Universal Music Publishing, Inc., a California Corporation with a principal place of business in California, which is wholly owned by Universal Music Group, Holdings, Inc.; Universal Music Group Holdings, Inc., which is wholly owned by Universal Music Group, Inc.; Universal Music Group, Inc., which is wholly owned by Universal Music Group, N.V, a publicly held corporation; more than 10% of Universal Music Group, N.V.'s stock is held by Compagnie de Cornouaille SAS and PS VII Master, L.P.

**Anthropic**: Google LLC, which is a wholly owned subsidiary of Alphabet, Inc.

### 18. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. CASE SUMMARY**

    **a. Party List**

| Plaintiffs | Concord Music Group, Inc. ("Concord"); Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music - MGB NA LLC, Polygram Publishing, Inc., Universal Music - Z Tunes LLC (collectively, "Universal"); and ABKCO Music, Inc ("ABKCO") (collectively, "Publishers"). |
|---|---|
| Defendant | Anthropic PBC. |
| *Amici Curiae* | Recording Industry Association of America, National Music Publishers' Association, Association of American Publishers, Inc., News/Media Alliance, Songwriters of North America, Black Music Action Coalition, Artists Rights Alliance, the Music Artists Coalition, and American the Association of Independent Music; Chamber of Progress and NetChoice, LLC. |

    **b. Summary of Claims**

Publishers filed their Complaint on Oct. 18, 2023, asserting the following claims: Count I—Direct Copyright Infringement; Count II—Contributory Infringement; Count III—Vicarious Infringement; Count IV—Removal or Alteration of Copyright Management Information. Anthropic has not yet filed an Answer in this litigation.

    **c. Procedural History**

Publishers filed suit on Oct. 18, 2023 in the Middle District of Tennessee, ECF No. 1, and moved for a preliminary injunction on Nov. 16, 2023, ECF No. 40. Anthropic then moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. ECF No. 54. On Jun. 24, 2024, that court granted Anthropic's motion in part and transferred the case to the Northern District of California (Judge Corley). ECF No. 124. Following transfer, Publishers filed a renewed preliminary injunction motion, ECF No. 179, and Anthropic moved to dismiss Publishers' non-direct infringement claims for failure to state a claim, ECF No. 205. The case was reassigned from Judge Corley to this Court on Aug. 21, 2024. *See also supra,* Sec. 4 (detailing pending motions).

    **d. Immediate Case Management Conference Requested**

The Parties request an immediate case management conference, given, in particular, Publishers' pending Motion for Preliminary Injunction, ECF No. 179; Anthropic's pending Motion to Dismiss, ECF No. 205; and the need to address case scheduling issues (including deadlines for fact discovery, which is underway) following the transfer of this case from the Middle District of Tennessee and reassignment to this Court.

| | | |
|---|---|---|
| 1 | Dated: September 12, 2024 | Respectfully submitted, |
| 2 | By: */s/ Timothy Chung* | By: */s/ Joseph R. Wetzel* |
| 3 | **OPPENHEIM + ZEBRAK, LLP** | **LATHAM & WATKINS LLP** |
| | Matthew J. Oppenheim | Joseph R. Wetzel (SBN 238008) |
| 4 | Nicholas C. Hailey | joe.wetzel@lw.com |
| | Audrey L. Adu-Appiah | Andrew M. Gass (SBN 259694) |
| 5 | (admitted *pro hac vice*) | andrew.gass@lw.com |
| | 4530 Wisconsin Ave., NW, 5th Floor | Brittany N. Lovejoy (SBN 286813) |
| 6 | Washington, DC 20016 | britt.lovejoy@lw.com |
| 7 | Telephone: (202) 480-2999 | 505 Montgomery Street, Suite 2000 |
| | matt@oandzlaw.com | San Francisco, California 94111 |
| 8 | nick@oandzlaw.com | Telephone: +1.415.391.0600 |
| | aadu-appiah@oandzlaw.com | |
| 9 | | Sarang V. Damle |
| 10 | Jennifer Pariser | (admitted *pro hac vice*) |
| | Andrew Guerra | sy.damle@lw.com |
| 11 | Timothy Chung | 555 Eleventh Street NW, Suite 1000 |
| | (admitted *pro hac vice*) | Washington, DC 20004 |
| 12 | 461 5th Avenue, 19th Floor | Telephone: +1.202.637.2200 |
| | New York, NY 10017 | |
| 13 | Telephone: (212) 951-1156 | Allison L. Stillman |
| 14 | jpariser@oandzlaw.com | (admitted *pro hac vice*) |
| | andrew@oandzlaw.com | alli.stillman@lw.com |
| 15 | tchung@oandzlaw.com | 1271 Avenue of the Americas |
| | | New York, New York 10020 |
| 16 | **COBLENTZ PATCH DUFFY & BASS LLP** | Telephone: +1.212.906.1747 |
| 17 | Jeffrey G. Knowles (SBN 129754) | |
| | One Montgomery Street, Suite 3000 | *Attorneys for Defendant* |
| 18 | San Francisco, CA 94104 | |
| | Telephone: (415) 391-4800 | |
| 19 | ef-jgk@cpdb.com | |
| 20 | **COWAN, LIEBOWITZ & LATMAN, P.C.** | |
| | Richard S. Mandel | |
| 21 | Jonathan Z. King | |
| | Richard Dannay | |
| 22 | (admitted *pro hac vice*) | |
| 23 | 114 West 47th Street | |
| | New York, NY 10036-1525 | |
| 24 | Telephone: (212) 790-9200 | |
| | rsm@cll.com | |
| 25 | jzk@cll.com | |
| 26 | rxd@cll.com | |
| 27 | *Attorneys for Plaintiffs* | |
| 28 | | |

**SIGNATURE ATTESTATION PURSUANT TO CIVIL L.R. 5-1(h)**

Pursuant to Civil L.R. 5-1(h), I hereby attest that concurrence in the filing of this document was obtained from all other signatories of this document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 12, 2024                                          */s/ Timothy Chung*
                                                                                    Timothy Chung

*   *   *

**[PROPOSED] CASE MANAGEMENT ORDER**

The Joint Case Management Statement and [Proposed] Order is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____

_____
HONORABLE EUMI K. LEE
UNITED STATES DISTRICT COURT JUDGE