1  **LATHAM & WATKINS LLP**
     Joseph R. Wetzel (SBN 238008)
2      *joe.wetzel@lw.com*
     Andrew M. Gass (SBN 259694)
3      *andrew.gass@lw.com*
     Brittany N. Lovejoy (SBN 286813)
4      *brittany.lovejoy@lw.com*
   505 Montgomery Street, Suite 2000
5  San Francisco, California  94111
   Telephone: +1.415.391.0600
6
     Sarang V. Damle (*pro hac vice*)
7      *sy.damle@lw.com*
   555 Eleventh Street NW, Suite 1000
8  Washington, D.C. 20004
   Telephone: +1.202.637.2200
9
     Allison L. Stillman (*pro hac vice*)
10     *alli.stillman@lw.com*
   1271 Avenue of the Americas
11 New York, New York 10020
   Telephone: +1.212.906.1747
12
   *Attorneys for Defendant Anthropic PBC*
13

14                 **UNITED STATES DISTRICT COURT**

15                **NORTHERN DISTRICT OF CALIFORNIA**

                          **SAN JOSE DIVISION**
16

17

   CONCORD MUSIC GROUP, INC., ET AL.,       Case No. 5:24-cv-03811-EKL
18
                 Plaintiffs,                **DECLARATION OF BRITTANY N.**
19                                          **LOVEJOY IN SUPPORT OF PLAINTIFFS'**
          vs.                               **ADMINISTRATIVE MOTION TO**
20                                          **CONSIDER WHETHER ANOTHER**
                                            **PARTY'S MATERIALS SHOULD BE**
   ANTHROPIC PBC,                           **SEALED (ECF NO. 230)**
21
                 Defendant.                 Hon. Eumi K. Lee
22

23

24

25

26

27

28

I, Brittany N. Lovejoy, the undersigned, declare as follows:

1.      I am a partner at Latham & Watkins LLP and counsel of record for Defendant Anthropic in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2.      I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) and (f) in connection with Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 230) ("Administrative Motion") concerning portions of Plaintiff's Reply in Support of Motion for Preliminary Injunction (ECF No. 225) ("Reply Brief") and the Declaration of Michael D. Smith ("Smith Decl.") and Declaration of Ben Y. Zhao ("Zhao Decl.") filed in support thereof.

3.      The following table identifies the portions of the documents subject to the Administrative Motion which contain highly confidential, nonpublic Anthropic business information.

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---------|----------|--------------------|-----------------------|
| 230-2 | Reply Brief | Highlighted portions at pp. i, 15. | Describes highly confidential, nonpublic information regarding the cost and processes of training Anthropic's current and future artificial intelligence ("AI") models. |
| 230-3 | Smith Decl. | Highlighted portions at ¶ 28. | Describes highly confidential, nonpublic information regarding the cost and processes of training Anthropic's current and future AI models. |
| 230-4 | Zhao Decl. | Highlighted portions at ¶¶ 6–8, 11–12, 14. | Describes highly confidential, nonpublic information regarding the cost and processes of training Anthropic's current and future AI models. |

4.      There is good cause to seal the identified material, which consists generally of highly confidential, nonpublic, and closely guarded business and technical information concerning

Anthropic's AI training processes. For example, the identified portions of the Zhao and Smith Declarations reveal competitively sensitive details about the development, training, and costs of Anthropic's models. Likewise, the Reply Brief itself, in discussing Anthropic's proposed bond amount, references Anthropic's estimated costs associated with training its models, which are highly competitively sensitive and nonpublic.

5.     The public disclosure of the identified information would create a significant risk of competitive harm for Anthropic, because if Anthropic's competitors in the AI industry were able to obtain this information, they could utilize it to modify their business strategies and AI training procedures in order to unfairly compete with Anthropic. Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents, as described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2024, at San Francisco, California.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy