**LATHAM & WATKINS LLP**
  Joseph R. Wetzel (SBN 238008)
   *joe.wetzel@lw.com*
  Andrew M. Gass (SBN 259694)
   *andrew.gass@lw.com*
  Brittany N. Lovejoy (SBN 286813)
   *brittany.lovejoy@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone: +1.415.391.0600

  Sarang V. Damle (*pro hac vice*)
   *sy.damle@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

  Allison L. Stillman (*pro hac vice*)
   *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

*Attorneys for Defendant Anthropic PBC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., | Case No. 5:24-cv-03811-EKL |
| Plaintiffs, | **DEFENDANT ANTHROPIC PBC'S LOCAL RULE 7-3(d) OBJECTION TO REPLY EVIDENCE** |
| vs. | |
| ANTHROPIC PBC, | Hon. Eumi K. Lee |
| Defendant. | Date:  October 24, 2024 |
| | Time:  2:00 p.m. |
| | Courtroom:  7—4th Floor |

1    ## OBJECTION TO REPLY EVIDENCE

2        Pursuant to Northern District of California Civil Local Rule 7-3(d)(1), Anthropic submits

3    this Objection to Reply Evidence submitted with Plaintiffs' September 12, 2024 Reply in

4    Support of Renewed Motion for Preliminary Injunction (Dkt. 225) ("Reply"). Plaintiffs' Reply

5    submission attached a substantial amount of new evidence, including four declarations and

6    several exhibits. Dkt. 226–226-5 (Chung Decl. & Exs. A–E); Dkt. 227 (Smith Decl.); Dkt. 228

7    (Zhao Decl.); Dkt. 229–229-4 (Newton-Rex Decl. & Exs. A–D). These declarations and exhibits

8    include, for example, results of an investigation that Plaintiffs could have included in their

9    opening submission, expert testimony that Anthropic has not had an opportunity to rebut, and

10   mischaracterized "facts" about the parties' discovery efforts and communications. All of that is

11   improper reply evidence and should be struck, along with Plaintiffs' arguments that rely upon it.

12       "New evidence or analysis presented for the first time in a reply is improper and will not

13   be considered." *World Lebanese Cultural Union, Inc. v. World Lebanese Cultural Union of N.Y.,*

14   *Inc.*, 2011 WL 5118525, at *6 n.3 (N.D. Cal. Oct. 28, 2011). Anthropic has had no opportunity

15   to respond to Plaintiffs' new evidence, nor the arguments that rely upon it. The Court should

16   disregard that evidence because of the inequities and distortions of truth that would result if it

17   stood unchallenged.

18       Indeed, this is not the first time that Plaintiffs have tried to shoehorn new evidence into

19   the record for a motion they originally brought almost a year ago. Plaintiffs' original reply in

20   support of this motion in the Middle District of Tennessee already included four new

21   declarations and nearly 60 exhibits, raising numerous new factual issues. *See* Dkt. 114. Nearly

22   six months after that belated effort to supplement the record, Plaintiffs submitted their

23   "renewed"—and extensively rewritten—motion, attaching further updated evidentiary

24   submissions, including testimony from a new proffered expert. Dkt. 179. Now, Plaintiffs are

25   back with yet another belated round of new evidence and argument on reply.

26       Anthropic respectfully requests that the Court disregard Plaintiffs' improper reply

27   evidence. In the alternative, Anthropic requests that the Court permit it to respond to Plaintiffs'

28

new evidence either through an evidentiary hearing, in a surreply supported by witness declarations, or both.

## I.  PLAINTIFFS MAY NOT INTRODUCE NEW EVIDENCE ON REPLY

Plaintiffs have violated the "well accepted" principle that "raising of new issues and submission of new facts in [a] reply brief is improper." *Pajas v. Cnty. of Monterey*, 2017 WL 1408016, at *7 (N.D. Cal. Apr. 20, 2017); *see also, e.g.*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000) ("[I]ssues cannot be raised for the first time in a reply brief."); *Sommers v. City of Santa Clara*, 2021 WL 326931, at *6 (N.D. Cal. Feb. 1, 2021) ("New evidence submitted as part of a reply is improper."). Indeed, this District's Local Rules allow a party to object to new evidence contained in a reply, in order to seek relief from "the potential inequities that might flow from the injection of new matter at the last round of briefing." *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171–72 (9th Cir. 2018) (citing L.R. 7-3(d)). As described further below, the new declarations and exhibits Plaintiffs submitted for the first time with their Reply plainly violate this well-established principle, and should be disregarded.

## II.  PLAINTIFFS' REPLY DECLARATIONS AND EXHIBITS ARE IMPROPER

**A.  Newton-Rex Declaration and Exhibits A–D.**  Anthropic objects to the reply Declaration of Ed Newton-Rex and its exhibits. Dkt. 229 through 229-4. Mr. Newton-Rex's declaration includes, among other things, testimony about a "jailbreak" publicized by X user "Pliny the Liberator," which Mr. Newton-Rex says he used to bypass guardrails intended to prevent Anthropic's AI model, Claude, from regurgitating copyrighted material. Newton-Rex Decl. ¶¶ 12–15. Mr. Newton-Rex's declaration attaches copies of outputs he claims to have coaxed from Claude using that jailbreak. *Id.* Exs. B–D. Mr. Newton-Rex also includes new testimony about the alleged market for licensing content to train AI models, which was one of the general topics in his August 1, 2024 declaration. *Id.* ¶¶ 6–11.

Mr. Newton-Rex's testimony was already belated, as it was not part of the record of their original preliminary injunction motion and was first introduced only with Plaintiffs' "renewed" motion in this Court, which was meant only to address "caselaw relevant to this Court and

1    Circuit and other intervening developments." Dkt. 175. All the same, there is no explanation of

2    why the evidence and analysis in Mr. Newton-Rex's reply declaration could not have been

3    presented when Plaintiffs filed that renewed motion on August 1, 2024. For example, as Mr.

4    Newton-Rex notes, Pliny the Liberator's X post has been publicly available since June 29, 2024,

5    more than a month before Plaintiffs renewed their motion. Plaintiffs offer no reason why Mr.

6    Newton-Rex or any of their proffered experts could not have attempted to test Claude's

7    guardrails prior to the Reply. To the contrary, in Plaintiffs' opening brief in this Court, they

8    specifically claimed to "take Anthropic at its word" and accept the guardrails' effectiveness for

9    purposes of their Motion. Dkt. 179 at 29. Plaintiffs' withholding of this information and analysis

10   until their Reply precluded Anthropic from addressing it in its opposition. Mr. Newton Rex's

11   declaration and exhibits should be disregarded, along with the following portions of the Reply

12   which cite to or rely on them: 1:16–19; 2:16–24; 4:3–11; 12:21–28.

13           **B.      Chung Declaration and Exhibits A–E.** Anthropic objects to the reply

14   Declaration of Timothy Chung and accompanying exhibits. Dkt. 226 through 226-5. Among

15   other things, Mr. Chung's new testimony characterizes discovery responses and meet-and-confer

16   communications between the parties' counsel. Chung Decl. ¶¶ 4, 6 & Ex. B. This purported

17   evidence could have been offered in connection with Plaintiffs' August 1, 2024 renewed motion,

18   which already sought to supplement the factual record supporting their six months' fully briefed

19   initial motion. The cited discovery responses were dated April 22, 2024, and the August 15, 2024

20   meet-and-confer discussion reprised issues that Anthropic's counsel had detailed in writing

21   months before that conversation. Plaintiffs' withholding of this information until reply is

22   especially problematic given that Mr. Chung's testimony about Anthropic's counsel's statement

23   during the meet-and-confer (*id.* ¶ 6) is incomplete and requires the introduction of counsel's

24   related statements. Fed. R. Evid. 106. Anthropic would be prejudiced by the introduction of this

25   misleading evidence without an ability to respond.

26           Plaintiffs' Reply additionally cites Mr. Chung's reply declaration and attached Exhibit A,

27   which detail various social media posts, as evidence that Claude's guardrails can supposedly be

28

circumvented. Reply at 2. Again, Plaintiffs made an intentional choice not to test Claude's guardrails in the intervening six months since their motion was fully briefed, and conceded their effectiveness for purposes of their "renewed" motion. Dkt. 179 at 29. Plaintiffs identify no reason this evidence could not have been offered earlier, especially given that some of the posts collected in Exhibit A to Mr. Chung's declaration were published prior to the renewed motion's filing. Had Plaintiffs timely raised any of this evidence, Anthropic would have had an opportunity to offer testimony from its Chief Science Officer, Dr. Kaplan, regarding Anthropic's experience with bad actors who seek to misuse Claude and circumvent its safeguards.

For these reasons, Mr. Chung's declaration and exhibits should be disregarded, along with the following portions of the Reply which cite to or rely on them: 2:15–16; 3:24–25; 4:17–20; 5:22–24; 7:17–18, 23–28; 14:1–3.

**C.    Smith Declaration.** Anthropic objects to the reply Declaration of Michael D. Smith, which includes new opinions relating to the alleged market for copyrighted content licensed to AI companies, the nature of license agreements entered into by AI companies, and the purported challenges of quantifying the alleged harm to Plaintiffs in this case. Dkt. 227. Dr. Smith previously offered opinions on these general topics and so already had the opportunity to include that testimony with Plaintiffs' renewed motion. Dkt. 182. His submission of additional opinion testimony on reply deprives Anthropic of a fair opportunity to rebut that testimony, including through Anthropic's own economic experts' testimony. Further, to the extent Plaintiffs seek to respond to the arguments in Anthropic's opposition via Dr. Smith's declaration, that is little more than an attempt to circumvent the page limit for their reply brief. *See* Smith Decl. ¶¶ 7–9, 12–21, 25–27. Accordingly, Dr. Smith's declaration should be disregarded, along with the following portions of the Reply which cite to or rely on it: 7:4–6; 12:23–28, 15:14–17.

**D.    Zhao Declaration.** Anthropic objects to the reply Declaration of Ben Y. Zhao, which includes, among other things, analysis of the new outputs Mr. Newton-Rex claims he caused Claude to generate using Pliny the Liberator's jailbreak. Dkt. 228 ¶¶ 5–6. Dr. Zhao also offers new, previously undisclosed opinions regarding AI model training and the cost of

removing certain material from Claude's training data. *Id.* ¶¶ 7–14. Anthropic and its witnesses have not had a fair chance to rebut this new evidence. Dr. Zhao's testimony that he "doubt[s] the accuracy of" Anthropic's Chief Science Officer's assessment of the burden and cost of retraining Anthropic's AI models illustrates why it would be especially prejudicial to Anthropic to allow his declaration to stand unchallenged. *Id.* ¶ 14. Dr. Zhao provides no basis for his "doubt," and Dr. Kaplan has not been afforded a chance to respond.

For these reasons, Dr. Zhao's declaration should be disregarded, along with the following portions of the Reply which cite to or rely on it: 2:16–20; 4:3–11; 14:1–3; 15:14–15.

## III.   IF THE COURT ALLOWS PLAINTIFFS' IMPROPER REPLY EVIDENCE, ANTHROPIC SHOULD HAVE AN OPPORTUNITY TO RESPOND

For the reasons set forth above, the Court should strike Plaintiffs' reply declarations, exhibits, and related arguments. However, if the Court chooses to allow Plaintiffs' new evidence into the record, equity requires that Anthropic be afforded an opportunity to respond. *See SEC v. Sabrdaran*, 252 F. Supp. 3d 866, 889 (N.D. Cal. 2017) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).

Anthropic believes an evidentiary hearing would be beneficial to the resolution of this Motion regardless of whether the Court sustains its Objection here, since it will give the Court the opportunity to hear from witnesses on the issues in dispute and to evaluate credibility. But if the Court permits Plaintiffs' improper reply evidence to come in, an evidentiary hearing is not merely beneficial, but necessary. Without one, Anthropic will neither be able to cross-examine Plaintiffs' witnesses on their previously undisclosed testimony nor present Anthropic's own evidence to rebut Plaintiffs' reply evidence. Alternatively, or in addition to an evidentiary hearing, Anthropic respectfully requests an opportunity to file a surreply accompanied by supporting declarations and exhibits to address Plaintiffs' improper reply evidence.

Dated:  September 19, 2024                    Respectfully submitted,

                                              LATHAM & WATKINS LLP

                                              By */s/ Joseph R. Wetzel*
                                                  Joseph R. Wetzel (SBN 238008)
                                                   *joe.wetzel@lw.com*
                                                  Andrew M. Gass (SBN 259694)
                                                   *andrew.gass@lw.com*
                                                  Brittany N. Lovejoy (SBN 286813)
                                                   *brittany.lovejoy@lw.com*
                                                  505 Montgomery Street, Suite 2000
                                                  San Francisco, California 94111
                                                  Telephone: +1.415.391.0600

                                                  Sarang V. Damle (*pro hac vice*)
                                                   *sy.damle@lw.com*
                                                  555 Eleventh Street NW, Suite 1000
                                                  Washington, DC 20004
                                                  Telephone: +1.202.637.2200

                                                  Allison L. Stillman (*pro hac vice*)
                                                   *alli.stillman@lw.com*
                                                  1271 Avenue of the Americas
                                                  New York, New York 10020
                                                  Telephone: +1.212.906.1747

                                                  *Attorneys for Defendant Anthropic PBC*