**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case Number: 5:24-cv-03811-EKL <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S LOCAL RULE 7-3(d) OBJECTION TO REPLY EVIDENCE** <br><br> Hon. Eumi K. Lee |

Pursuant to the Court's September 24, 2024 order, ECF No. 243, Plaintiffs ("Publishers") submit this response to Defendant Anthropic's Objection to Reply Evidence, ECF No 241.

Anthropic's broad objections to Publishers' Reply in support of the Motion for Preliminary Injunction, ECF No. 225, are without merit and should be overruled. However, Publishers would not object to Anthropic's filing a short surresponse, limited to addressing the objected-to evidence.

First, Publishers' Reply evidence and argument are not "new," but rather appropriately responsive to evidence and argument that Anthropic raised in its Opposition to the Motion for Preliminary Injunction. That is proper, and there is no basis to strike the evidence. *See, e.g.*, *Coal. on Homelessness v. City & County of San Francisco*, 2024 WL 3669475, at *3 n.4 (N.D. Cal. Aug. 5, 2024) (overruling objection to reply declaration when declaration "respond[ed] to the contentions in Defendants' opposition" and was thus "properly submitted with Plaintiffs' reply").

For example, Publishers' Reply addressed recent failures of Anthropic's post-suit "guardrails," to rebut Anthropic's inaccurate Opposition claims about the effectiveness of those guardrails. Publishers' opening brief cited voluminous evidence of infringing output by Anthropic's artificial intelligence ("AI") models. ECF No. 179 at 5-7. Anthropic's Opposition tried to dismiss the extensive evidence of its infringement of Publishers' works by inaccurately claiming that its "heightened" guardrails prevent new infringements, wrongly stating that "Plaintiffs concede that those guardrails are effective," and unfairly criticizing Publishers for not identifying new evidence that Anthropic's "latest" models released during this case are "currently infringing." ECF No. 207 at 8, 11-12. Thus, Publishers needed to respond and correct the record in their Reply by identifying instances in which Anthropic's current guardrails *continue* to fail, allowing its AI models to generate infringing output and causing Publishers ongoing irreparable harm. Newton-Rex Decl. ¶¶ 12-15 & Exs. A-D, ECF No. 229; Zhao Decl. ¶¶ 5-6, ECF No. 228.

Likewise, given the rapidly evolving AI landscape, Publishers' Reply appropriately addressed a limited number of relevant new developments since their opening brief—including reports that Anthropic's AI models will to be used to power Amazon's Alexa, and new AI training data licenses. *See, e.g.*, ECF No. 225 at 7, 12. Because such evidence postdates Publishers' opening brief, Publishers obviously could not have included it in that brief. The arguments to which this

evidence applies—the ongoing irreparable harm and market harm from Anthropic's infringement—were addressed in Anthropic's Opposition and are appropriate areas for rebuttal.

Similarly, given that Anthropic's Opposition alleged Publishers somehow "delayed" in bringing suit, ECF No. 207 at 1, 15-16, Publishers' Reply necessarily responded by explaining the steps Publishers took to swiftly investigate Anthropic's infringement and promptly file suit, ECF No. 225 at 7; Chung Decl. ¶ 8, ECF No. 226. Because Anthropic only raised this delay argument in its Opposition, Publishers had no reason to address the issue in their opening brief.

The other objected-to Reply evidence is likewise explicitly responsive to arguments in Anthropic's Opposition and thus proper. *See, e.g.*, Smith Decl. ¶ 6, ECF No. 227 (purpose of declaration is to "provide a limited response to assertions made in Anthropic's Opposition").

Given that the Reply evidence is a "reasonable response" to Anthropic's Opposition, and "in the interest of a complete record," Anthropic's Objection should be overruled. *See Cisco Sys., Inc. v. Dexon Computer, Inc.*, 2023 WL 6466384, at *3 (N.D. Cal. Oct. 3, 2023). Anthropic can address any alleged "distortions of truth," ECF No. 241 at 1, as necessary, via a surresponse.

Second, there is no basis for Anthropic's contention that Publishers' Reply evidence necessitates an evidentiary hearing. The Ninth Circuit has "rejected any presumption in favor of evidentiary hearings, especially if the facts are complicated." *Kenneally v. Lungren*, 967 F.2d 329, 334–35 (9th Cir. 1992). "[A]n evidentiary hearing should not be held when the magnitude of the inquiry would make it impractical." *Int'l Molders' & Allied Workers' Loc. Union No. 164 v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986). Here, the extensive written record is more than sufficient to decide the limited injunction sought. In addition to a surresponse, Anthropic will "have a full opportunity to submit written testimony and to argue the matter" at the motions hearing, such that an evidentiary hearing is unwarranted. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994). Deciding the motion on written testimony will better give "speedy relief from irreparable injury." *Ross-Whitney v. Smith Kline*, 207 F.2d 190, 198 (9th Cir. 1953).

## CONCLUSION

Anthropic's Objection should be overruled. However, Publishers do not object to a short surresponse by Anthropic, if it is limited to the objected-to evidence and filed by October 7, 2024.

1  Dated: September 26, 2024					Respectfully submitted,

2									*/s/ Timothy Chung*

3									**OPPENHEIM + ZEBRAK, LLP**
									Matthew J. Oppenheim
4									Nicholas C. Hailey
									Audrey L. Adu-Appiah
5									(admitted *pro hac vice*)
									4530 Wisconsin Ave., NW, 5th Floor
6									Washington, DC 20016
									Telephone: (202) 480-2999
7									matt@oandzlaw.com
									nick@oandzlaw.com
8									aadu-appiah@oandzlaw.com

9
									Jennifer Pariser
10									Andrew Guerra
									Timothy Chung
11									(admitted *pro hac vice*)
									461 5th Avenue, 19th Floor
12									New York, NY 10017
									Telephone: (212) 951-1156
13									jpariser@oandzlaw.com,
									andrew@oandzlaw.com
14									tchung@oandzlaw.com

15
									**COBLENTZ PATCH DUFFY & BASS LLP**
16									Jeffrey G. Knowles (SBN 129754)
									One Montgomery Street, Suite 3000
17									San Francisco, CA 94104
									Telephone: (415) 391-4800
18									ef-jgk@cpdb.com

19
									**COWAN, LIEBOWITZ & LATMAN, P.C.**
20									Richard S. Mandel
									Jonathan Z. King
21									Richard Dannay
									(admitted *pro hac vice*)
22									114 West 47th Street
									New York, NY 10036-1525
23									Telephone: (212) 790-9200
									rsm@cll.com
24									jzk@cll.com
									rxd@cll.com
25

26									*Attorneys for Plaintiffs*

27

28