**LATHAM & WATKINS LLP**
   Joseph R. Wetzel (SBN 238008)
    *joe.wetzel@lw.com*
   Andrew M. Gass (SBN 259694)
    *andrew.gass@lw.com*
   Brittany N. Lovejoy (SBN 286813)
    *brittany.lovejoy@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone: +1.415.391.0600

   Sarang V. Damle (*pro hac vice*)
    *sy.damle@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

   Allison L. Stillman (*pro hac vice*)
    *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

*Attorneys for Defendant Anthropic PBC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 5:24-cv-03811-EKL<br><br>**DEFENDANT ANTHROPIC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH ANTHROPIC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURRESPONSE TO PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hon. Eumi K. Lee |

## I. INTRODUCTION

Pursuant to Civil Local Rules ("L.R.") 7-11 and 79-5(c), Defendant Anthropic PBC ("Anthropic") respectfully submits this Administrative Motion to File Under Seal ("Motion") in connection with Anthropic's Administrative Motion for Leave to File Surresponse to Plaintiffs' Renewed Motion for Preliminary Injunction and certain declarations and exhibits accompanying the Proposed Surresponse (collectively, the "Sealed Documents"). As set forth below, and in the Declaration of Brittany N. Lovejoy ("Lovejoy Decl.") filed herewith, the Sealed Documents contain highly sensitive non-public information, including information that Anthropic has designated "Highly Confidential – Attorneys' Eyes Only" under the Parties' Stipulated Protective Order entered in the United States District Court for the Middle District of Tennessee (ECF No. 62). Anthropic therefore respectfully requests that the Court enter an order to seal the information described below.

Pursuant to L.R. 79-5(c), this Motion is accompanied by the Lovejoy Declaration and a proposed order narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed. Anthropic has reviewed and complied with L.R. 79-5(c) and section VII.D of this Court's Standing Order Re: Civil Cases ("Standing Order").

## II. LEGAL STANDARD

A party seeking to seal material is required to establish that the document, or portions thereof, are sealable. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178, 1182 (9th Cir. 2006). Where the underlying filing is "more than tangentially related to the merits of a case," *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101–02 (9th Cir. 2016), the moving party must make a showing of "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79. Compelling reasons to seal information may exist when "the documents or portions of documents at issue are 'sources of business information that might harm a litigant's competitive standing.'" *DeMartini v. Microsoft Corp.*, No. 22-cv-08991-JSC,

2023 WL 4205770 at *2 (N.D. Cal. June 26, 2023). Because Plaintiffs' Renewed Motion for Preliminary Injunction and Anthropic's Surresponse thereto are more than tangentially related to the merits, the "compelling reasons" standard applies to Anthropic's request to seal the materials identified below.

### III. COMPELLING REASONS EXIST TO SEAL PORTIONS OF THE DOCUMENTS ACCOMPANYING ANTHROPIC'S SURRESPONSE.

Anthropic respectfully requests that this Court seal limited portions of certain declarations and exhibits in support of its Proposed Surresponse thereto, because these Sealed Documents contain Anthropic's non-public, confidential internal business and technical information, including material that Anthropic designated "Highly Confidential – Attorney's Eyes Only," pursuant to the Stipulated Protective Order in this case. Compelling reasons exist to seal the requested material because public disclosure of this highly sensitive information would cause significant competitive harm to Anthropic.

The Court should seal the portions of the Sealed Documents described below and in the Lovejoy Declaration because those portions contain highly sensitive, confidential, nonpublic information relating to Anthropic's business and technical operations, including the precise number of tokens used to train Anthropic's AI models, details about the development and costs of current and future models, and information regarding the creation and technical implementation of Anthropic's guardrails against copyright infringement. Lovejoy Decl. ¶¶ 4–6. The precise number of tokens used to train Anthropic's AI models is highly confidential and protected, and disclosure of this information would allow Anthropic's competitors to gain unfair insight into and mimic Anthropic's training methods. *Id.* ¶ 4. Similarly, the efforts related to the development and cost of current and future versions of Anthropic's models are not publicly known and, if disclosed, would reveal critical information about Anthropic's strategic priorities. *Id.* ¶ 5. Finally, the identification of Anthropic's guardrails is proprietary, and public disclosure of specifics regarding Anthropic's guardrails would risk revealing key technological processes to

competitors who would gain unfair insight into Anthropic's technology and bad actors seeking to circumvent those guardrails. *Id.* ¶ 6.

Courts in this District and in the Ninth Circuit regularly find compelling reasons to seal confidential business and technical information of the type Anthropic seeks to seal. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding "compelling reasons" to seal "business information that might harm a litigant's competitive strategy"); *Doe v. Meta Platforms, Inc.*, 2022 WL 17970394 (N.D. Cal. Dec. 21, 2022) (finding "a compelling reason" to seal "techniques used to detect and filter out potentially sensitive information" as "the disclosure of this information would cause competitive harm because competitors would gain unfair insight into how [company's] systems operate and be able to duplicate features of [company's] filtration systems"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6395513, at *2 (N.D. Cal. Feb. 4, 2020) (finding "a compelling reason" to seal "confidential, non-public information related to how [company] maintains the security of its advertising products," including "systems functionality related to detecting and addressing invalid activity").

As set forth below, the limited sealing that Anthropic requests is narrowly tailored to encompass only the specific portions of the Sealed Documents that legitimately qualify as Anthropic's confidential and proprietary business and technical information. Pursuant to section VII.D of the Court's Standing Order, the documents for which sealing is sought are as follows:

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 249-3 | Ex. A to Dukanovic Decl. in Support of [Proposed] Surresponse | Highlighted portions at pages 1, 4, 13, 17. | Contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, public disclosure of which would cause competitive harm to Anthropic. *See* Lovejoy Decl. ¶ 6. |
| 249-4 | Kaplan Decl. in Support of | Highlighted portions at 3:15, 3:17, 4:27, 5:15, 5:19-23. | Contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, internal projections relating to product development, and finances, public disclosure of which |

| | | | |
|---|---|---|---|
| | [Proposed] Surresponse | | would cause competitive harm to Anthropic. *See* Lovejoy Decl. ¶¶ 4–5. |
| 249-5 | Hall Decl. in Support of [Proposed] Surresponse | Highlighted portions at 4:15-18, 5:2-3, 5:5, 5:11. | Contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, public disclosure of which would cause competitive harm to Anthropic. *See* Lovejoy Decl. ¶¶ 4–5. |

## IV. CONCLUSION

For the foregoing reasons, Anthropic respectfully requests that the Court grant this Motion.

Dated:  October 7, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Brittany N. Lovejoy*
    Joseph R. Wetzel (SBN 238008)
      *joe.wetzel@lw.com*
    Andrew M. Gass (SBN 259694)
      *andrew.gass@lw.com*
    Brittany N. Lovejoy (SBN 286813)
      *britt.lovejoy@lw.com*
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111
    Telephone: +1.415.391.0600
    Sarang V. Damle (*pro hac vice*)
      *sy.damle@lw.com*
    555 Eleventh Street NW, Suite 1000
    Washington, DC 20004
    Telephone: +1.202.637.2200

    Allison L. Stillman (*pro hac vice*)
      *alli.stillman@lw.com*
    1271 Avenue of the Americas
    New York, New York 10020
    Telephone: +1.212.906.1747

*Attorneys for Defendant Anthropic PBC*