**LATHAM & WATKINS LLP**
  Joseph R. Wetzel (SBN 238008)
   joe.wetzel@lw.com
  Andrew M. Gass (SBN 259694)
   andrew.gass@lw.com
  Brittany N. Lovejoy (SBN 286813)
   brittany.lovejoy@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

  Sarang V. Damle (*pro hac vice*)
   sy.damle@lw.com
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

  Allison L. Stillman (*pro hac vice*)
   alli.stillman@lw.com
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

*Attorneys for Defendant Anthropic PBC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 5:24-cv-03811-EKL-SVK <br><br> **DECLARATION OF BRITTANY N. LOVEJOY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 246)** <br><br> Hon. Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

I, Brittany N. Lovejoy, declare the following:

1. I am a partner at Latham & Watkins LLP and counsel of record for Defendant Anthropic PBC ("Anthropic") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed concerning certain exhibits to the Parties' Joint Discovery Statement Regarding Threshold Disputes as to Plaintiffs' Discovery Requests to Defendant ("Discovery Statement"). *See* ECF No. 246.

3. Pursuant to Local Rule 79-5(c), the following table identifies the portions of the exhibits to the Discovery Statement (the "Sealed Documents") which contain highly confidential, nonpublic Anthropic business and technical information.

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Ex. 4 (ECF No. 246-2) | Highlighted portions at pages 17, 22–23. | Contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, including specific and sensitive details about the training and development of Anthropic's AI models and guardrails, public disclosure of which would cause competitive harm to Anthropic. |
| Ex. 5 (ECF No. 246-3) | Highlighted portions at pages 7–18. | Contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, including specific and sensitive details about the training and development of Anthropic's AI models and guardrails, and Anthropic's finances, public disclosure of which would cause competitive harm to Anthropic. |

4. The Sealed Documents contain highly confidential, nonpublic, and closely guarded information regarding Anthropic's technical and business practices, including Anthropic's methods of training and developing its AI models and guardrails. For example, portions of the Sealed Documents described above discuss specific details about Anthropic's

1  process of training each of its models, including (for example) information about the number of tokens needed to train each model, the sources of data used, and how that data is processed, all of which is proprietary information that is not accessible to the public. Training data is crucial to the development of generative AI assistants, and information about specific sources and quantities of data would allow Anthropic's competitors to mimic the proprietary training process that Anthropic has developed for its models.

5. Portions of the Sealed Documents also include detailed information regarding the time, labor, and costs required to develop each of Anthropic's models, as well as information regarding user activity, revenues, and financial data, none of which has been publicly disclosed. Knowledge of these business and financial details would allow competitors to gain an unfair advantage over Anthropic in the burgeoning and highly competitive generative AI industry.

6. Additionally, details about the specific technological guardrails designed to filter out copyrighted content are included in portions of the Sealed Documents, which could allow Anthropic's competitors to closely follow the filtering methods and other safeguards employed by Anthropic. Knowledge of these filters and filtering methods could also allow bad actors to reverse-engineer methods to produce harmful or toxic material.

7. The public disclosure of the information described above would create a significant risk of competitive harm for Anthropic, because if Anthropic's competitors in the AI market were able to obtain this information, they could utilize it to modify their own business strategies and technical practices in order to gain a competitive advantage over Anthropic. Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 8, 2024, at Yountville, California.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy