| | |
|---|---|
| **OPPENHEIM + ZEBRAK, LLP**<br>Matthew J. Oppenheim<br>Nicholas C. Hailey<br>Audrey L. Adu-Appiah<br>(admitted *pro hac vice*)<br>4530 Wisconsin Ave., NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 480-2999<br>matt@oandzlaw.com<br>nick@oandzlaw.com<br>aadu-appiah@oandzlaw.com<br><br>Jennifer Pariser<br>Andrew Guerra<br>Timothy Chung<br>(admitted *pro hac vice*)<br>461 5th Avenue, 19th Floor<br>New York, NY 10017<br>Telephone: (212) 951-1156<br>jpariser@oandzlaw.com<br>andrew@oandzlaw.com<br>tchung@oandzlaw.com | **COBLENTZ PATCH DUFFY & BASS LLP**<br>Jeffrey G. Knowles (SBN 129754)<br>One Montgomery Street, Suite 3000<br>San Francisco, CA 94104<br>Telephone: (415) 391-4800<br>ef-jgk@cpdb.com<br><br>**COWAN, LIEBOWITZ & LATMAN, P.C.**<br>Richard S. Mandel<br>Jonathan Z. King<br>Richard Dannay<br>(admitted *pro hac vice*)<br>114 West 47th Street<br>New York, NY 10036-1525<br>Telephone: (212) 790-9200<br>rsm@cll.com<br>jzk@cll.com<br>rxd@cll.com |

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANTHROPIC PBC,<br><br>    Defendant. | Case Number: 5:24-cv-03811-EKL<br><br>**DECLARATION OF TIMOTHY CHUNG IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 250)**<br><br>Hon. Eumi K. Lee |

1. I, Timothy Chung, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney at the law firm of Oppenheim and Zebrak, LLP. I represent Plaintiffs Concord Music Group, Inc.; Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music – MGB NA LLC, Polygram Publishing, Inc., Universal Music – Z Tunes LLC (collectively, "Universal"); and ABKCO Music, Inc. (collectively, "Publishers") in this matter.

2. I have knowledge of the facts stated herein based on personal knowledge and my review of the documents and other items referenced herein. If called upon to do so, I am able to testify competently to the matters as stated herein.

3. Pursuant to Civil L.R. 7-11(a) and 79-5(c) and (f), I respectfully submit this Declaration in Support of Defendant Anthropic PBC's ("Anthropic") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, ECF No. 250, concerning portions of the Peterson Declaration in Support of [Proposed] Surresponse ("Peterson Decl."), ECF 250-2, filed in connection with Anthropic's Administrative Motion for Leave to File Surresponse to Plaintiffs' Renewed Motion for Preliminary Injunction, ECF No. 248.

4. Identified below are the relevant portions of the Peterson Decl. subject to Anthropic's Administrative Motion that contain Universal's highly confidential, non-public, and commercially sensitive information.

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 250-2 | Peterson Decl. | Highlighted portion at footnote 6. | Describes contents and terms of highly confidential, non-public business agreement between Universal International Music, B.V., and a third-party, including information reflecting the scope of the agreement and consideration exchanged between the parties. Public disclosure would cause harm to plaintiff Universal. |

5. For documents attached to non-dispositive motions or filings "tangentially related to the merits," the Court must only find "good cause" to justify sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Connor v. Quora, Inc.*, No. 18-CV-07597-BLF,

1  2020 WL 7408233, at *1 (N.D. Cal. Oct. 15, 2020). Such good cause exists here to warrant sealing of the information identified above. However, even if the Court were to determine it must find "compelling reasons" under the stricter standard for filings "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016), sufficient compelling reasons are also found here to warrant sealing.

6. The redacted information included in the Peterson Decl. references Universal's highly confidential, non-public, and commercially sensitive information, which would result in serious commercial and competitive harm if publicly disclosed. Specifically, the Peterson Decl. references the contents of a non-public agreement between Universal and a third-party related to the use of Universal's copyrighted works, including information about the scope of the agreement, rights granted, permissible uses, and consideration exchanged between the parties—all of which were negotiated by the parties to that agreement in a confidential manner.

7. Consistent with the highly-confidential nature of Universal's information referenced in the Peterson Decl., Universal had produced the agreement with a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under the Protective Order entered in the Middle District of Tennessee, ECF No. 64.

8. Universal maintains a practice of guarding its confidential documents from public disclosure by limiting access and disclosure to a select group of authorized individuals.

9. Public disclosure of Universal's highly-confidential information would harm Universal's competitive standing. For example, Universal's competitors could use the information disclosed, which reflect business strategy and confidential terms, to unfairly gain a competitive advantage over Universal and thereby harm Universal's ability to compete and conduct business. Similarly, disclosure of confidential terms would compromise Universal's ability to effectively negotiate terms with other third-parties.

10. These significant threats of commercial and competitive harms constitute sufficient "compelling reasons" to warrant sealing of the information disclosing the terms of Universal's confidential agreement identified above. *See, e.g., Bunsow De Mory LLP v. N. Forty Consulting LLC*, 2020 WL 7872197, at *1 (N.D. Cal. Aug. 7, 2020) ("confidential business information in the

form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard") (quoting *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812 at *1 (N.D. Cal. June 1, 2020)); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (preventing competitors from "gaining insight into the parties' business model and strategy" constitute sufficient "compelling reasons" to seal). For the same reasons, there is also sufficient "good cause" to warrant sealing.

11. Further, pursuant to the agreement's confidentiality provision, Universal has represented to the agreement's counterparty (and not a party to this litigation) that said agreement would be treated as confidential and subject to the Parties' Protective Order. Public disclosure of the agreement's terms would likely trigger a motion from the counterparty to protect their confidential information.

12. Prevention of these harms requires the narrow sealing of the information described above. Absent sealing, Universal's competitors would unfairly gain access to Universal's confidential information and threaten Universal's businesses and competitive standing. Accordingly, less restrictive measures would not adequately guard against the harms threatened by disclosure.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge and belief.

Executed in New York, NY, this 14th day of October, 2024.

*/s/ Timothy Chung*
Timothy Chung