# EXHIBIT

# A

# REDACTED

**Related Sealing Motion Pending at Dkt. 249**

**From:** Sampoli, Sara (DC)
**Sent:** Friday, June 14, 2024 3:11 PM
**To:** Timothy Chung; Dukanovic, Ivana (Bay Area); Wetzel, Joe (Bay Area); Gass, Andrew (Bay Area); Benyamin, Franco (NY); Damle, Sy (DC-NY); Stillman, Alli (NY); tharwell@nealharwell.com; nsanders@nealharwell.com; oarboneaux@nealharwell.com
**Cc:** sriley@rjfirm.com; tharvey@rjfirm.com; gpeck@rjfirm.com; Mandel, Richard; King, Jonathan Z.; Dannay, Richard; Matt Oppenheim; Jennifer Pariser; Nick Hailey; Andrew Guerra; Audrey Adu-Appiah
**Subject:** RE: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Publishers' Letter Following June 3, 2024 Meet and Confer

Counsel,

As discussed, please find below Anthropic's further input and positions on certain of the requests and issues discussed at our June 3 meet and confer regarding Publishers' First Set of Interrogatories and Second Set of Requests for Production (RFPs).

- **"Claude" Definition and Time Limitation**: Following our May 9 meet and confer, Anthropic agreed to interpret "Claude" as referring to any and all commercially available, generally accessible Claude models, i.e., Claude 1, Claude 2, Claude 2.1, and the Claude 3 model family (Haiku, Sonnet, and Opus). We explained that it would not include any models developed by Anthropic for research purposes or any non-relevant API models licensed to third-party businesses absent a showing of relevance. Anthropic also restated its intent to limit its responses to documents and information created or maintained at the point Anthropic began developing its first commercial product, i.e., September 2022. At the June 3 meet and confer, we also explained that Anthropic's intent was not to withhold any information regarding the assembly of the commercial models' training corpus, but simply to draw a reasonable line based on relevance and burden. Anthropic maintains each of these positions.

  At your request, we have also confirmed that Anthropic's narrowed definition of Claude will not prevent Publishers from having a comprehensive picture of the training process for Anthropic's generally accessible commercial products, since the API and Claude.ai are merely different surface areas to interact with the same core underlying models.

- **RFP No. 21**: Following our May 9 meet and confer, Anthropic agreed to produce responsive, non-privileged documents sufficient to show the relevant policies, manuals, guidelines, instructions, and evaluations concerning the process for finetuning Claude. Based on its burden and overbreadth objections, Anthropic will not produce any documents beyond those it has already agreed to produce in response to this Request.

- **RFP 34**: Following our May 9 meet and confer, Anthropic agreed to produce responsive, non-privileged documents sufficient to show Anthropic's policies regarding Terms of Service and Authorized Use Policy violations. As discussed at our June 3 meet and confer, Anthropic will also agree to produce responsive, non-privileged documents sufficient to show certain copyright-related metrics regarding: (1) DMCA notices; (2) ███████████████████████████████████████████; and (3) account terminations related to copyright-related violations. Anthropic will not produce documents sufficient to show any metrics for non-copyright-related violations on relevance grounds.

- **RFP No. 47**: Following our May 9 meet and confer, Anthropic requested that Publishers provide their position on the relevance of the information sought by this Request. After discussion, Anthropic will not respond to this Request because, as worded, it calls for a legal conclusion regarding the potential copyright protections of the enormous quantity of materials used to train Claude.

- **RFP Nos. 50-51**:  Following our May 9 meet and confer, Anthropic agreed to respond to these Requests, to the extent possible, as they relate to the Asserted Works following a negotiation of search terms.  At our June 3 meet and confer, Anthropic agreed to investigate the feasibility of producing documents identified by the following search terms: song, lyric, musical work, and musical composition.  To do so, we ran them over a subset of documents and evaluated the responsiveness of the results.  Over 99% of the documents we reviewed that hit on the proposed search terms were false positives and non-responsive to the Requests.  We have therefore concluded that these search terms are far too broad, resulting in overinclusive search results that would make responding to these Requests extremely burdensome and disproportionate to the needs of this case.  Given the extremely large corpus of prompt and output data, using unrefined, generic, single-word searches will invariably return an unmanageable number of documents.  For example, our vendor could not even run a search for "song" over a week of data without the search timing out and crashing.  Based on our preliminary investigation, we now know that the vast majority of the resulting documents are non-responsive.  Anthropic is working to propose more targeted search terms to limit hits on unresponsive documents and will provide those to Publishers for review.  If Publishers have alternative search strings to propose or would like to discuss further, please provide those terms or propose a time to discuss a reasonably targeted approach to searching for responsive materials.

- **RFP No. 52**:  Following our May 9 meet and confer, Anthropic stated that this Request is duplicative of RFP Nos. 38, 43, 45, and 54, that it has already agreed to produce documents in response to those Requests, and that it does not anticipate there being any non-privileged, non-duplicative documents responsive to this Request.  After discussion, Anthropic will agree to produce any non-privileged, non-duplicative documents in its possession, custody, or control related to this Request to the extent that such documents exist and are located after a reasonable search.

- **RFP No. 13**: As discussed at our June 3 meet and confer, Anthropic will agree to produce responsive, non-privileged documents sufficient to identify the individuals directly or principally responsible for designing, developing, and/or implementing policies, protocols, or technological measures related to Anthropic's copyright mitigations and guardrails.

- **RFP Nos. 15, 41, 42, 46**: Anthropic has agreed to produce responsive, non-privileged documents in response to these Requests relating to copyright infringement.  After discussion, Anthropic will not produce any documents beyond those it has already agreed to produce in response to these Requests.

- **RFP No. 17**: Anthropic has agreed to produce responsive, non-privileged documents sufficient to show Anthropic's pricing for its Claude products.  After discussion, Anthropic will not produce any documents beyond those it has already agreed to produce in response to this Request.

- **RFP Nos. 22, 23, 24**: Anthropic has agreed to produce responsive, non-privileged documents in response to these requests, but has limited its responses to documents relating to song lyrics.  As discussed at our June 3 meet and confer, Anthropic objects to these Requests as written as overbroad and unduly burdensome.  Anthropic will not produce any documents beyond those it has already agreed to produce in response to these Requests.

- **RFP No. 25**: Anthropic has agreed to produce responsive, non-privileged documents sufficient to show the criteria used by Anthropic to select data for training Claude models.  As discussed at our June 3 meet and confer, Anthropic clarifies that its response covers the criteria for selecting data for finetuning Claude as well.

- **RFPs No. 33**: Anthropic has agreed to produce responsive, non-privileged documents sufficient to show public policies and procedures related to preventing copyright infringement. After discussion, Anthropic will also agree to produce responsive, non-privileged documents and communications regarding these policies.

- **RFP No. 61**: Anthropic has agreed to produce responsive, non-privileged documents and communications sufficient to show Anthropic's policies or procedures concerning copyright infringement. After discussion, Anthropic will also agree to produce responsive, non-privileged documents and communications regarding these policies.

- **RFP 35**: Anthropic agreed to produce responsive, non-privileged documents concerning the impact or effectiveness of any policies, procedures, or protocols preventing copyright infringement in the use of Claude. As discussed at our June 3 meet and confer, Anthropic maintains its objection to the extent that the Request seeks legal conclusions about the potential copyright protections of the enormous quantity of materials used to train Claude, but clarifies that it will produce responsive, non-privileged documents sufficient to show procedures and techniques used in the training process to limit regurgitation in Claude outputs.

- **RFP Nos. 38, 39**: Anthropic has agreed to produce responsive, non-privileged documents sufficient to show the technological implementation of guardrails. After discussion, Anthropic will also agree to produce responsive, non-privileged documents sufficient to show copyright-related guardrails that Anthropic considered but not implemented.

- **RFP No. 40**: Anthropic has agreed to produce responsive, non-privileged documents sufficient to show Anthropic's efforts to ensure that certain content is not contained within its training corpus for Claude models. Anthropic clarifies that it intends to produce responsive, non-privileged documents sufficient to show its efforts to ensure certain content, including content that may be subject to copyright protection, is not included in the training corpus.

- **RFP No. 43**: Anthropic has agreed to produce responsive, non-privileged documents regarding instances of regurgitation of Publishers' Works. As discussed at our June 3 meet and confer, Anthropic will not produce any documents beyond those it has already agreed to produce in response to this Request because, as written, it is overbroad and severely burdensome.

- **RFP No. 45**: Anthropic has agreed to produce responsive, non-privileged documents regarding the rates at which Anthropic's guardrails related to copyrighted content are triggered. As discussed at our June 3 meet and confer, Anthropic agreed to produce trigger rates because that is the available metric in Anthropic's possession, custody, and control. As noted at the meet and confer, calculating "success" and "failure" rates would require Anthropic to make legal conclusions about the potential copyright protections of Claude prompts and outputs.

- **RFP No. 48**: As discussed at our June 3 meet and confer, Anthropic will agree to produce responsive, non-privileged documents concerning Anthropic's first awareness of any claim by a copyright owner that Claude outputs allegedly reproduced or infringed copyrighted content to the extent that such documents exist and are located after a reasonable search.

- **RFP No. 53**: Anthropic has agreed to produce responsive, non-privileged documents and communications concerning alleged copyright infringement related to the Publishers' Works. As discussed at our June 3 meet and confer, Anthropic will not produce any documents beyond those it has already agreed to produce in response to this Request based on its relevance objection.

- **Interrogatory No. 1**: As discussed at our June 3 meet and confer, Anthropic does not intend to amend its response. As written, this Interrogatory asks Anthropic to make a legal conclusion about the potential copyright protections of content in Claude outputs and Anthropic's provided response is otherwise responsive.

- **Interrogatory No. 4**: As discussed at our June 3 meet and confer, Anthropic will agree to respond to this Interrogatory with the total number of prompts entered by U.S.-based users on Claude.ai on a weekly basis. Notwithstanding the limitations on the definition of Claude indicated above, Anthropic will also agree to produce prompt metrics related to the Quora API product, Poe.

- **Interrogatory No. 5/RFP No. 16**:  As discussed at our June 3 meet and confer, Anthropic will agree to provide U.S.-based revenue from Claude.ai users for the relevant time period. Notwithstanding the limitations on the definition of Claude indicated above, Anthropic will also agree to produce revenue data related to the Quora API product, Poe.

- **Interrogatory No. 6**:  Following our May 9 meet and confer, Anthropic maintained its original position that this Interrogatory is overbroad and burdensome as written.  Anthropic maintains its objections; however, after discussion, Anthropic will agree to respond to this Interrogatory with a high-level description of the data sources used for training Claude.

- **Interrogatory 9**:  Following our May 9 meet and confer, Anthropic agreed to respond to this Interrogatory with an overview of Anthropic's process for filtering, cleaning, and otherwise modifying pretraining data.

- **Interrogatory No. 12**:  Anthropic responded to this Interrogatory with a description of its copyright-related guardrails.  After discussion, Anthropic will agree to supplement its response with additional information regarding these guardrails, ███████████████████████████████████████████ ███████████████████████████████████████████

Given that Anthropic has agreed to make substantial supplementation to its Interrogatory responses (Interrogatory Nos. 4, 5, 9, 6, and 12), and that several Anthropic personnel are not available due to vacation and other reasons, we will need until early July to complete supplementation.

Thanks,
Sara

**Sara Sampoli**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.350.5328
Email: sara.sampoli@lw.com
https://www.lw.com

**From:** Timothy Chung <tchung@oandzlaw.com>
**Sent:** Friday, June 14, 2024 5:35 PM
**To:** Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Dukanovic, Ivana (Bay Area) <Ivana.Dukanovic@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Benyamin, Franco (NY) <Franco.Benyamin@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; tharwell@nealharwell.com; nsanders@nealharwell.com; oarboneaux@nealharwell.com
**Cc:** sriley@rjfirm.com; tharvey@rjfirm.com; gpeck@rjfirm.com; Mandel, Richard <rsm@cll.com>; King, Jonathan Z. <jzk@cll.com>; Dannay, Richard <rxd@cll.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser <JPariser@oandzlaw.com>; Nick Hailey <Nick@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>
**Subject:** Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Publishers' Letter Following June 3, 2024 Meet and Confer

Counsel:

Please see the attached correspondence.

Thank you,
Tim

Timothy Chung (He/Him) | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.0521
**tchung@oandzlaw.com | www.oandzlaw.com**
**Connect with us on LinkedIn**



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Timothy Chung <tchung@oandzlaw.com>
**Date:** Friday, June 14, 2024 at 4:26 PM
**To:** Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Ivana.Dukanovic@lw.com <Ivana.Dukanovic@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Franco.Benyamin@lw.com <Franco.Benyamin@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, tharwell@nealharwell.com <tharwell@nealharwell.com>, nsanders@nealharwell.com <nsanders@nealharwell.com>, oarboneaux@nealharwell.com <oarboneaux@nealharwell.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>, Jennifer Pariser <JPariser@oandzlaw.com>, Nick Hailey <Nick@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>
**Subject:** Re: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Sara,

Publishers can provide their update to Anthropic by 6:30PM ET today. Regarding the updated exchange schedule, we will need to review Anthropic's positions before we can get an appropriate sense of timing. We will follow up with our proposal after we receive Anthropic's updated positions.

Thanks,
Tim

Timothy Chung (He/Him) | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.0521
**tchung@oandzlaw.com | www.oandzlaw.com**
**Connect with us on LinkedIn**



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>
**Date:** Friday, June 14, 2024 at 4:15 PM
**To:** Timothy Chung <tchung@oandzlaw.com>, Ivana.Dukanovic@lw.com <Ivana.Dukanovic@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Franco.Benyamin@lw.com <Franco.Benyamin@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, tharwell@nealharwell.com <tharwell@nealharwell.com>, nsanders@nealharwell.com <nsanders@nealharwell.com>, oarboneaux@nealharwell.com <oarboneaux@nealharwell.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>, Jennifer Pariser <JPariser@oandzlaw.com>, Nick Hailey <Nick@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>
**Subject:** RE: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Hi Tim,

Anthropic also intends to provide Publishers with an update regarding outstanding discovery requests today.  Can we agree to a mutual exchange at **6:30 pm ET**?

Alongside Publishers' updated discovery responses, please also provide a proposed updated exchange schedule for the discovery dispute statements for Anthropic's consideration.

Thanks,
Sara

**Sara Sampoli**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.350.5328
Email: sara.sampoli@lw.com
https://www.lw.com

**From:** Timothy Chung <tchung@oandzlaw.com>
**Sent:** Friday, June 14, 2024 12:58 PM
**To:** Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Dukanovic, Ivana (Bay Area) <Ivana.Dukanovic@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Benyamin, Franco (NY) <Franco.Benyamin@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; tharwell@nealharwell.com; nsanders@nealharwell.com; oarboneaux@nealharwell.com
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser <JPariser@oandzlaw.com>; Nick Hailey <Nick@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Audrey Adu-Appiah <AAdu-

Appiah@oandzlaw.com>
**Subject:** Re: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Sara,

Thanks for your email. Publishers intend to provide Anthropic an update to outstanding discovery requests today, provided that Anthropic intends to do the same.

Best,
Tim

Timothy Chung (He/Him) | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.0521
**tchung@oandzlaw.com | www.oandzlaw.com**
✉**Connect with us on LinkedIn**



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>
**Date:** Friday, June 14, 2024 at 12:17 PM
**To:** Nick Hailey <Nick@oandzlaw.com>, Ivana.Dukanovic@lw.com <Ivana.Dukanovic@lw.com>, Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Franco.Benyamin@lw.com <Franco.Benyamin@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, tharwell@nealharwell.com <tharwell@nealharwell.com>, nsanders@nealharwell.com <nsanders@nealharwell.com>, oarboneaux@nealharwell.com <oarboneaux@nealharwell.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>, Jennifer Pariser <JPariser@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Timothy Chung <tchung@oandzlaw.com>
**Subject:** RE: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Hi Nick,

Do Publishers plan to proceed with a mutual exchange of updated discovery responses today? If so, what time should we expect to do the exchange?

Thanks,
Sara

**Sara Sampoli**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW

Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.350.5328
Email: sara.sampoli@lw.com
https://www.lw.com

---

**From:** Nick Hailey <Nick@oandzlaw.com>
**Sent:** Tuesday, June 11, 2024 4:32 PM
**To:** Dukanovic, Ivana (Bay Area) <Ivana.Dukanovic@lw.com>; Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Benyamin, Franco (NY) <Franco.Benyamin@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; tharwell@nealharwell.com; nsanders@nealharwell.com; oarboneaux@nealharwell.com
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser <JPariser@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Timothy Chung <tchung@oandzlaw.com>
**Subject:** Re: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Ivana,

By way of update regarding Anthropic's discovery requests to Publishers, we are still following up with our clients to address some of the outstanding issues from last week's meet and confer and to see what accommodations we might be able to make here. We expect to be in a position to get back to you on those remaining issues by Friday.

Nick


Nick Hailey
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Nick@oandzlaw.com | www.oandzlaw.com
🔲 Connect with us on LinkedIn

---

**From:** Ivana.Dukanovic@lw.com <Ivana.Dukanovic@lw.com>
**Date:** Thursday, June 6, 2024 at 4:52 PM
**To:** Nick Hailey <Nick@oandzlaw.com>, Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Franco.Benyamin@lw.com <Franco.Benyamin@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, tharwell@nealharwell.com <tharwell@nealharwell.com>, nsanders@nealharwell.com <nsanders@nealharwell.com>, oarboneaux@nealharwell.com <oarboneaux@nealharwell.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>, Jennifer Pariser <JPariser@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Timothy Chung <tchung@oandzlaw.com>
**Subject:** RE: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Nick,

This works for us.  Given that we are also waiting on responses from Publishers on certain Anthropic discovery requests, we can agree to a mutual exchange of any final positions on Wednesday, June 12.  Please provide a proposed updated exchange schedule for the discovery dispute statements for our consideration.

Thanks,
Ivana


**Ivana Dukanovic**

**LATHAM & WATKINS** LLP
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8871

---

**From:** Nick Hailey <Nick@oandzlaw.com>
**Sent:** Wednesday, June 5, 2024 1:58 PM
**To:** Dukanovic, Ivana (Bay Area) <Ivana.Dukanovic@lw.com>; Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Benyamin, Franco (NY) <Franco.Benyamin@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; tharwell@nealharwell.com; nsanders@nealharwell.com; oarboneaux@nealharwell.com
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser <JPariser@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Timothy Chung <tchung@oandzlaw.com>
**Subject:** Re: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Ivana,

Following up on Monday's meet and confer call, there are a number of Publishers' discovery requests where we are still waiting on Anthropic to respond or provide a final position. You had indicated that you would respond to us on various issues either this week or next. We request that Anthropic provide responses on any outstanding issues by next Wednesday June 12. Please confirm that date will work for you.

Until we have Anthropic's responses on these outstanding questions, we don't think it will be productive to exchange our draft discovery dispute position statements. If you agree to get back to us by June 12, we'll propose an updated exchange schedule.

Thanks,

Nick


Nick Hailey
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, D.C. 20016
Nick@oandzlaw.com | www.oandzlaw.com
Connect with us on LinkedIn

---

**From:** Ivana.Dukanovic@lw.com <Ivana.Dukanovic@lw.com>
**Date:** Friday, May 31, 2024 at 1:34 PM
**To:** Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Andrew.Gass@lw.com

<Andrew.Gass@lw.com>, Franco.Benyamin@lw.com <Franco.Benyamin@lw.com>, Sy.Damle@lw.com
<Sy.Damle@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, tharwell@nealharwell.com
<tharwell@nealharwell.com>, nsanders@nealharwell.com <nsanders@nealharwell.com>,
oarboneaux@nealharwell.com <oarboneaux@nealharwell.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>, Jennifer Pariser <JPariser@oandzlaw.com>, Nick Hailey
<Nick@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Timothy Chung
<tchung@oandzlaw.com>
**Subject:** RE: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Audrey,

As raised in my correspondence from last week, the supplemental interrogatory responses for Interrogatory Nos. 4 and 9 are in progress.  We will serve them as soon as they are finalized.

With respect to your question about the inspection protocol, this is something we would like to discuss in more detail during our meet and confer on Monday.

Your proposed schedule for discovery dispute joint statements works, except that June 19th is a federal holiday (Juneteenth).  We propose moving that deadline to June 20.

Best,
Ivana

**From:** Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>
**Sent:** Tuesday, May 28, 2024 11:09 AM
**To:** Dukanovic, Ivana (Bay Area) <Ivana.Dukanovic@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Wetzel, Joe
(Bay Area) <Joe.Wetzel@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Benyamin, Franco (NY)
<Franco.Benyamin@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>;
tharwell@nealharwell.com; nsanders@nealharwell.com; oarboneaux@nealharwell.com
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser <JPariser@oandzlaw.com>; Nick Hailey
<Nick@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Timothy Chung <tchung@oandzlaw.com>
**Subject:** Re: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Counsel:

While we find it unnecessary to delay further, we are available to meet and confer on Monday, June 3, 2024 at any time between 12 noon and 4 p.m. Eastern Time. We ask that Anthropic be prepared by that time to address all outstanding issues or questions raised in the parties' previous correspondence and earlier meet and confer.

To prepare for the conference, Publishers will first need to review Anthropic's outstanding responses to Publishers' interrogatories. Please provide responses to Interrogatory Nos. 4 and 9 on or before **this Friday, May 31**. Additionally, it is unclear whether the "inspection protocol" to which Anthropic's Response to RFP No. 28 refers is the same as the process for disclosing "HIGHLY CONFIDENTIAL – SOURCE CODE" information proposed in Anthropic's revised draft of the Stipulated Protective Order. *See* [Proposed] Stipulated Protective Order 15–19, at ¶ 30(a)–(i), Email from Franco Benyamin to Nick Hailey (Dec. 18, 2023, 10:43 p.m. EST). Please confirm one way or the other. If "inspection protocol" refers to some other procedure, Anthropic should specify the proposed inspection protocol by Friday, May 31 so that Publishers can consider the proposal and the parties can discuss during the meet and confer.

If any issues remain unresolved after the meet and confer, we propose the following schedule for preparing, per the Case Management Order and Magistrate Judge Newbern's Individual Rules, a joint statement of the discovery dispute:

- June 10: Exchange affirmative portions of joint statement
- June 17: Exchange opposition portions of joint statement
- June 19: Exchange revisions to affirmative portions of joint statement; file joint statement and request for telephonic conference with the Court

Please respond to the outstanding issues and questions above and let us know at your earliest convenience who will join Monday's conference for Anthropic, and I will send a meeting invitation.

Best,
Audrey

**Audrey L. Adu-Appiah**
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Direct: 202.851.4080 | Main: 202.480.2999
aadu-appiah@oandzlaw.com | www.oandzlaw.com

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Ivana.Dukanovic@lw.com <Ivana.Dukanovic@lw.com>
**Date:** Friday, May 24, 2024 at 5:51 PM
**To:** Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Franco.Benyamin@lw.com <Franco.Benyamin@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, tharwell@nealharwell.com <tharwell@nealharwell.com>, nsanders@nealharwell.com <nsanders@nealharwell.com>, oarboneaux@nealharwell.com <oarboneaux@nealharwell.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>, Jennifer Pariser <JPariser@oandzlaw.com>, Nick Hailey <Nick@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Timothy Chung <tchung@oandzlaw.com>
**Subject:** RE: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Audrey,

Your request for a "final" meet and confer on Tuesday, May 28, is unfortunately not workable given publishers' extensive May 20 email and the 13-page May 22 letter.  The May 20 email for the first time raises specific questions and requests for information concerning **15** categories of information that were not discussed during our May 9 meet and confer.  Anthropic is working diligently to collect the necessary information to answer publishers' questions but the timeframe you are proposing is unreasonable, particularly given the holiday weekend.  We can make ourselves available

for a meet and confer on Monday, June 3, or Tuesday, June 4, at which point we can provide answers to your May 20 email and address the parties' remaining issues.

In response to your question regarding whether terms can be searched across a single database for prompts and outputs, they can.  If publishers provide proposed search terms related to the asserted works in connection with RFPs 50 and 51, Anthropic will meet and confer regarding the use of those terms to locate responsive materials, as discussed during our May 9 meet and confer.

As to Anthropic's narrative responses to Interrogatory Nos. 4 and 9, Anthropic agreed to provide narrative responses to those interrogatories just two days ago. In order to respond to those interrogatories, Anthropic must collect the necessary information to draft and verify its responses.  Your request that this be done by May 28 is also unreasonable.  Anthropic will work expeditiously to supplement those responses as it agreed to on May 22.

Anthropic reserves all rights.

Best,
Ivana

**Ivana Dukanovic**

**LATHAM & WATKINS** LLP
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8871

---

**From:** Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>
**Sent:** Thursday, May 23, 2024 3:02 PM
**To:** Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Dukanovic, Ivana (Bay Area) <Ivana.Dukanovic@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Benyamin, Franco (NY) <Franco.Benyamin@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; tharwell@nealharwell.com; nsanders@nealharwell.com; oarboneaux@nealharwell.com
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser <JPariser@oandzlaw.com>; Nick Hailey <Nick@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Timothy Chung <tchung@oandzlaw.com>
**Subject:** Re: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Counsel:

We write in response to your May 22, 2024 email. In order to discuss any outstanding issues prior to raising our remaining disputes with the Court, we suggest a final meet and confer next Tuesday, May 28 during the afternoon. Please let us know as soon as possible your availability Tuesday afternoon (or alternatively on the morning of Wednesday, May 29) and we will circulate an invite.

To facilitate a productive discussion next week, we also ask that Anthropic (1) respond to the questions raised in our May 20 email; (2) respond to the question from our May 10 email regarding whether terms can be searched across a single database for prompts and outputs across all Claude models, as discussed during our meet and confer; and (3) provide responses to Interrogatory Nos. 4 and 9. We request this information by no later than Tuesday morning, to ensure that we have an adequate opportunity to review this information before our meet and confer.

Finally, we have explained both in our April 30 deficiency letter and in our previous meet and confer the relevance of the Interrogatories and Requests for Production to which you refer below. But to the extent

Anthropic still has questions regarding Publishers' discovery requests, we can discuss those when we meet and confer next week.

Regards,
Audrey

**Audrey L. Adu-Appiah**
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Direct: 202.851.4080 | Main: 202.480.2999
aadu-appiah@oandzlaw.com | www.oandzlaw.com

---

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>
**Sent:** Wednesday, May 22, 2024 5:39 PM
**To:** Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>; Ivana.Dukanovic@lw.com <Ivana.Dukanovic@lw.com>; Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>; Andrew.Gass@lw.com <Andrew.Gass@lw.com>; Franco.Benyamin@lw.com <Franco.Benyamin@lw.com>; Sy.Damle@lw.com <Sy.Damle@lw.com>; Alli.Stillman@lw.com <Alli.Stillman@lw.com>; tharwell@nealharwell.com <tharwell@nealharwell.com>; nsanders@nealharwell.com <nsanders@nealharwell.com>; oarboneaux@nealharwell.com <oarboneaux@nealharwell.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser <JPariser@oandzlaw.com>; Nick Hailey <Nick@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Timothy Chung <tchung@oandzlaw.com>
**Subject:** RE: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Counsel,

As discussed, please find below written responses on the issues we discussed at our May 9 meet and confer regarding Publishers' First Set of Interrogatories and Second Set of Requests for Production (RFPs).  The below does not address the additional items raised in your May 20 email.  We will respond to those items, which were not specifically addressed during our May 9 meet and confer, in due course.

- **"Claude" Definition and Time Limitation:**  In its initial Responses and Objections (R&Os), Anthropic limited the definition of "Claude" to the commercially available AI models identified in the Complaint, *i.e.*, Claude 1 and 2.  Anthropic also limited its responses to documents and information maintained from September 2022 until the present, since Anthropic had no meaningful plans to offer Claude 1, or any commercial product for that matter, prior to this date.  After discussion, Anthropic will agree to interpret "Claude" as referring to any and all commercially available, generally accessible Claude models, *i.e.*, Claude 1, Claude 2, Claude 2.1, and the Claude 3 model family (Haiku, Sonnet, and Opus).  Anthropic continues to object to the inclusion of any models developed by Anthropic for research purposes because those models are not at issue in this litigation. ████████████████ and thus the prior

research models are either irrelevant or cumulative of the commercially available models actually at issue in this litigation.  Anthropic also continues to object to the inclusion of any non-relevant API models licensed to third-party businesses and will not produce any documents relating to such models absent a showing of relevance.  Because Anthropic will limit the definition of Claude to include only those generally accessible models made commercially available, it also intends to limit its responses to documents and information created or maintained after the point at which Anthropic began developing its first commercial product, *i.e.*, September 2022.  Any documents or information from prior to this date are simply not relevant to the issues in this litigation.

- **Interrogatory No. 4:**  Anthropic did not provide a response to this Interrogatory in its R&Os.  After discussion, Anthropic will agree to respond to this Interrogatory with information regarding the number of Claude prompts entered on a monthly basis since the launch of Claude 1.

- **Interrogatory No. 5:**  Anthropic did not provide a response to this Interrogatory in its R&Os.  After discussion, Anthropic intends to maintain its objection to the Interrogatory insofar as it seeks information regarding Anthropic's investments.  As to the other portions of this Interrogatory, Anthropic did not agree to produce documents in response to the Interrogatory but agreed to take the request back.  After doing so, Anthropic remains unclear regarding what Publishers intend to prove with a response to this Interrogatory and the Interrogatory's relevance to the issues in this litigation.  Anthropic requests that Publishers provide their position on relevance in writing.

- **Interrogatory No. 6:**  Anthropic did not provide a response to this Interrogatory in its R&Os.  After discussion, Anthropic maintains its position that this Interrogatory is overbroad and burdensome as written.  Consistent with our discussion at the meet and confer, Anthropic requests that Publishers narrow this Interrogatory and better articulate the relevance of the information requested.

- **Interrogatory No. 9:**  Anthropic did not provide a response to this Interrogatory in its R&Os.  After discussion, Anthropic will agree to respond to this Interrogatory with an overview of Anthropic's process for filtering, cleaning, and otherwise modifying pretraining data.

- **RFP No. 16:**  Anthropic did not provide a response to this Request in its R&Os.  After discussion, as with Interrogatory No. 5, Anthropic intends to maintain its objection to the Request insofar as it seeks information regarding Anthropic's investments.  As to the other portions of this Request, Anthropic remains unclear regarding what Publishers intend to prove with documents responsive to this Request and the Request's relevance to the issues in this litigation.  Anthropic requests that Publishers provide their position on relevance in writing.

- **RFP No. 21:**  Anthropic did not provide a response to this Request in its R&Os.  After discussion, Anthropic will agree to produce documents sufficient to show the relevant policies, manuals, guidelines, instructions, and evaluations concerning the process for finetuning Claude.

- **RFP No. 34:**  Anthropic did not provide a response to this Request in its R&Os.  After discussion, Anthropic will agree to produce documents sufficient to show Anthropic's policies regarding Terms of Service and Authorized Use Policy violations.

- **RFP No. 47:**  Anthropic did not provide a response to this Request in its R&Os.  After discussion, Anthropic remains unclear regarding what Publishers intend to prove with documents responsive to this Request and the Request's relevance to the issues in this litigation.  Anthropic requests that Publishers provide their position on relevance in writing.

- **RFP Nos. 50-51:**  Anthropic did not provide responses to these Requests in its R&Os.  Anthropic maintains its position that responding to these Requests will be extremely burdensome and potentially infeasible.  Anthropic will agree to respond to these Requests, to the extent possible, as they relate to the Asserted Works following a negotiation of search terms.

- **RFP No. 52:**  Anthropic did not provide responses to this Request in its R&Os.  After discussion, Anthropic's position is that this Request is duplicative of RFP Nos. 38, 43, 45, and 54, and Anthropic has

already agreed to produce documents in response to those Requests.  Anthropic does not anticipate there being any non-privileged, non-duplicative documents responsive to this Request.


Regards,
Sara


**Sara Sampoli**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.350.5328
Email: sara.sampoli@lw.com
https://www.lw.com

---

**From:** Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>
**Sent:** Monday, May 20, 2024 6:02 PM
**To:** Dukanovic, Ivana (Bay Area) <Ivana.Dukanovic@lw.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Benyamin, Franco (NY) <Franco.Benyamin@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; tharwell@nealharwell.com; nsanders@nealharwell.com; oarboneaux@nealharwell.com
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser <JPariser@oandzlaw.com>; Nick Hailey <Nick@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Timothy Chung <tchung@oandzlaw.com>
**Subject:** Re: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Ivana,

We can agree to an exchange of updated positions and responses by this Wednesday, May 22.

In the meantime, we are also following up on several outstanding issues raised in our May 3 letter but that we did not have time to cover in detail on our last call:

1. You responded to the portion of RFP 13 "pertaining to outputs" by referring to your response to Interrogatory 2, without stating whether you will produce responsive documents. That is improper. Please confirm whether Anthropic will, as requested, produce documents sufficient to identify Anthropic's personnel—including the job titles and responsibilities of such personnel—responsible for developing, interpreting, or implementing any policies, practices, procedures, or strategies related to the use, reproduction, distribution, or display of copyrighted material in Claude's outputs.

2. Your responses to RFPs 15, 41, and 46 indicate that in response to these requests you will produce only documents that "relate to copyright infringement" specifically, when the RFPs are not so limited. What is your basis for narrowing your RFP responses in this manner?

3. Your response to RFP 17 refers to "pricing" for Claude products, but not revenues, as requested. Are you declining to produce responsive documents concerning the total revenue Anthropic derived from charging users or subscribers on a per-token, per-input, or per-output basis, as requested by RFP 17, and if so, what is your basis?

4. Your responses to RFPs 22, 23, and 24 indicate that you will produce in response to these requests only documents that relate to "song lyrics" specifically, when the RFPs are not so limited. What is your basis for narrowing your RFP responses in this manner?

5.  Your response to RFP 25 refers to "training Claude models," but not "data used to train and/or finetune Claude," as requested. Are you declining to produce responsive documents concerning criteria Anthropic used or considered to select the data, datasets, and sources of data used to finetune Claude, as requested by RFP 25, and if so, what is your basis?

6.  Your response to RFP 33 indicates that you will produce Anthropic's "public policies and procedures" themselves, but not any other documents or communications discussing those policies, as requested. Likewise, your response to RFP 61 indicates that you will produce documents sufficient to show Anthropic's policies or procedures, but not documents and communications concerning any review or analysis of the adequacy, reasonableness, or efficacy of those policies or procedures, as requested. What is your basis for narrowing your RFP responses in this manner?

7.  Your response to RFP 35 refers to "the use of Claude," but not the training of Claude. Are you declining to produce responsive documents concerning the impact or effectiveness of any policies, procedures, or protocols intended to stop alleged copyright infringement in the training of Claude, including any reports, plans, studies, analysis, research, audits, or evaluations, as requested by RFP 35, and if so, what is your basis?

8.  You responded to RFP 38 by stating that you would produce documents sufficient to show the "technological implementation of guardrails." Your response indicates that you will produce documents concerning technological or other means that Anthropic implemented to detect, address, limit, prevent, or remedy the use of Claude to infringe copyrights—but not documents concerning technological or other means that Anthropic considered but did not implement, as requested. If so, what is your basis for narrowing your response in this manner?

    Further, please clarify whether documents "sufficient to show the technological implementation of guardrails" will include responsive documents regarding output filters, modification of user prompts, and/or other steps that Anthropic considered or implemented to detect, address, limit, prevent, or remedy the use of Claude to infringe copyrights, as requested. Likewise, please clarify what you mean by your use of the same term—"technological implementation of guardrails"—in response to RFP 39, and whether you will be producing the documents as requested or some narrower set of documents.

9.  You responded to RFP 40 by stating that you would produce documents sufficient to show "Anthropic's efforts to ensure that certain content is not contained with its training corpus for Claude models." Please explain what you mean by "certain content," and whether you will be producing the documents as requested or some narrower set of documents.

10. Your response to RFP 43 indicates that you will produce in response to this request only documents that relate to "instances of regurgitation of Publishers' Works" specifically, when the RFP is not so limited. What is your basis for narrowing your RFP response in this manner?

11. Your response to RFP 45 does not make clear whether you will produce responsive documents and communications concerning the relative success or failure, including success or failure rates, of Anthropic's guardrails, output filters, or other technological measures in preventing the use of copyrighted materials in the training corpus for Claude. Nor does your response make clear whether you are narrowing the documents you intend to produce in any other respects. Please clarify whether you will produce the documents requested or some narrower set of documents.

12. You responded to RFP 48 by referring to your response to Interrogatory 1, without stating whether you will produce responsive documents. That is improper. Please confirm whether Anthropic will produce documents and communications concerning Anthropic's first awareness of the inclusion or appearance of copyrighted materials in outputs generated by Claude.

13. Your response to RFP 53 indicates that you will produce in response to this request only documents "related to the Publishers' Works" specifically, when the RFP is not so limited. What is your basis for narrowing your RFP response in this manner?

14. Your response to Interrogatory 1 is limited to "[t]he first time Anthropic learned of any claim by a copyright owner," as opposed to when and how Anthropic first became aware of outputs generated by Claude that contained copyrighted content or of Claude's potential to generate outputs containing copyrighted content, as requested. Please confirm whether you will update your response to fully respond to Interrogatory 1 as written.

15. Your response to Interrogatory 12 does not specify when Anthropic first implemented ████████ ███████████████████████████████████████████████████████████████████████ Please confirm whether you will update your Interrogatory 12 response to include this information.

We look forward to hearing from you.

Best,
Audrey

**Audrey L. Adu-Appiah**
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Direct: 202.851.4080 | Main: 202.480.2999
aadu-appiah@oandzlaw.com | www.oandzlaw.com

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Ivana.Dukanovic@lw.com <Ivana.Dukanovic@lw.com>
**Date:** Monday, May 13, 2024 at 6:39 PM
**To:** Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Franco.Benyamin@lw.com <Franco.Benyamin@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, tharwell@nealharwell.com <tharwell@nealharwell.com>, nsanders@nealharwell.com <nsanders@nealharwell.com>, oarboneaux@nealharwell.com <oarboneaux@nealharwell.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>, Jennifer Pariser <JPariser@oandzlaw.com>, Nick Hailey <Nick@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Timothy Chung <tchung@oandzlaw.com>
**Subject:** RE: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Counsel,
Thanks for the productive meet-and-confer on Thursday.

We are discussing the items from our meet and confer with our client.  Given limited client availability this week including due to a company-wide office move, we can agree to a mutual exchange of updated positions and responses by next Wednesday, May 22.  Please confirm that works for Plaintiffs.

Below we have summarized, by document category or request, our understanding of plaintiffs' positions and proposed next steps regarding Anthropic's First Set of Interrogatories and Second Set of Requests for Production (RFPs).  During our meet and confer, we discussed the following:

- **Improper Responses (RFP Nos. 23, 24, 27, 28, 31-43, 45-52, 55-58, 61, 65, 66, 80-90, 99)**:  As discussed, Plaintiffs' responses to these RFPs do not clearly indicate whether they intend to produce any responsive documents.  We explained why, in our view, this type of response is improper.  You agreed to clarify in writing whether and what you would be producing in response to each of these RFPs or whether there are no responsive documents to produce.

- **Overall Timeframe**:  Plaintiffs have limited their current responses to documents and information through March 22, 2024. We explained our position, and you agreed that you will not artificially cut off production at this date and will supplement your production with responsive, non-privileged documents that post-date March 22, 2024, to the extent you become aware of any such documents. You clarified that by limiting the timeframe to end on March 22, 2024, you do not intend to re-run collections or searches after this date.  Please confirm that Anthropic's obligations in response to Plaintiffs' discovery requests, including with respect to prompt and output data, are subject to the same limitation.

- **"Employee" Definition**:  Plaintiffs have limited their current responses to exclude from the definition of "employee" any former/retired officers, employees, or partners, as well as current directors and trustees.  We explained why, in our view, this limitation is improper.  You agreed that you are not withholding any documents on this basis and will produce responsive documents and communications from such non-duplicative custodians to the extent that such documents or communications exist and are in your possession, custody, or control.

- **Copyright Ownership (RFP Nos. 25, 26)**:  Plaintiffs have limited their current responses to documents sufficient to show their copyright ownership shares of the Asserted Works and chain-of-title for Asserted Works where registration documents do not identify Publishers as owners.  We explained why this response is underinclusive.  You indicated that you would not produce any additional documents at this time, but agreed to consider producing additional documents if Anthropic identifies any issues with the ownership documentation you have agreed to provide to date.  Anthropic reserves the right to re-raise this dispute upon review of the Plaintiffs' initial production.

- **Deposit Copies (RFP No. 31)**:  In their current responses, Plaintiffs have refused to provide any documents in response to this request.  We explained why documents regarding communications with the Copyright Office and deposit copies are relevant.  You agreed to produce any deposit copies that are in your possession, custody, and control, and agreed to inquire with Plaintiffs regarding deposit copies for older compositions.

- **Ownership Disputes (RFP Nos. 32, 34)**:  In their current responses, Plaintiffs have refused to provide any documents regarding ownership disputes relating to the Asserted Works.  We explained why these documents are relevant to the claims and defenses in this case.  You agreed to get back to us regarding the feasibility of producing documents regarding disputes that are (a) currently open; and/or (b) initiated since January 1, 2021.

- **Enforcement Efforts (RFP No. 33)**:  In their current responses, Plaintiffs have refused to produce any documents relating to their efforts to enforce their rights or monitor for infringement of their works.  We discussed our position, and you agreed to produce documents related to Plaintiffs' catalog-level enforcement efforts.

- **Financial Timeframe**:  Plaintiffs have limited their current responses regarding requests related to financial documents and data to go back to January 1, 2021 only.  We explained why this was underinclusive in our view given the need to show trends.  As a compromise you suggested January 1, 2020 – present.  We explained the need for a year of data pre-pandemic to address any discrepancies.  Both sides agreed to take back their respective positions in an attempt to agree on a middle ground.

- **Revenues and Royalties Re Lyric Display Platforms (RFP Nos. 59, 60, 64)**:  Plaintiffs have limited their current responses to documents sufficient to show, where feasible, total annual revenue earned from each Asserted Work from 2021 to the present.  We discussed our position on these requests, and you agreed to get back to us regarding what kind of data tied to lyrics specifically Plaintiffs have in their possession, custody, or control.

- **Songwriter Royalties (RFP No. 61)**:  In their current responses, Plaintiffs have refused to produce documents sufficient to show payments to songwriters and/or composers in connection with revenue or royalties earned from Lyric Display Platforms.  We explained why, in our view, the documents sought are relevant to the claims and defenses in this case.  You agreed to get back to us regarding potential production and any burden associated with responding to this request.
- **Publishers' Regurgitation Efforts (RFP No. 35-43, ROG 1)**:  Plaintiffs have refused to produce any documents relating to their use and investigation of Claude.  We explained why, in our view, this information is not protected by any privilege and referenced the legal authority cited in our letter.  You agreed to respond in writing regarding the legal authorities on which you rely for claiming privilege over this information.  We agreed that the parties are at an impasse on this issue.
- **Communications with Lyric Display Platforms (RFP No. 44)**:  Plaintiffs have limited their current response to this request to executed license agreements with Lyric Display Platforms.  We explained the relevance of negotiations and other related documents.  You agreed to get back to us regarding any additional correspondence that you are willing to produce.
- **Publishers' Use of Generative AI (RFP Nos. 45-52)**:  In their current responses, Plaintiffs have refused to produce any documents in response to these requests.  We explained our position, and you agreed to confirm whether any responsive documents exist.
- **Publishers' Alleged Harm (RFP Nos. 53, 66)**:  Plaintiffs have limited their responses to documents "sufficient to show" the harm alleged in the Complaint.  We discussed why all documents related to Plaintiffs' allegations of harm are relevant.  You agreed to get back to us regarding what categories of documents you intend to produce and confirm that you do not intend to selectively produce documents that support your allegations of harm while excluding documents that do not support those allegations.
- **Correspondence with Others Regarding AI and Copyright (RFP Nos. 80-89)**:  In their current responses, Plaintiffs have refused to produce documents relating to correspondence with third parties about artificial intelligence and copyright.  You suggested that many of these communications were privileged or already in the public record.  We explained that if privileged we will need a log, and to the extent there are a non-privileged, internal communications between Plaintiffs and these third parties, those communications are responsive and discoverable. You agreed to get back to us regarding what non-privileged communications exist on this topic.
- **Use of Works (RFP No. 91)**:  Plaintiffs have limited their responses to documents concerning unauthorized uses of the Asserted Works in connection with Generative AI services.  We explained why the exclusion of documents concerning authorized uses materially changes the request.  While we did not appear to reach an agreement with you during our meet and confer, we expect that you will produce all non-privileged, responsive documents and communications between Plaintiffs and companies that provide Generative AI regarding the unauthorized <u>and</u> authorized use of Plaintiffs' works.
- **ROG 2**:  Plaintiffs have not provided a response to this interrogatory.  We explained our position and why we expect a supplemental response based on Plaintiffs' current knowledge of the information requested in the interrogatory.  You agreed to get back to us regarding your position and whether you will agree to supplement your response.

Please provide written responses on the above by Wednesday, May 22 so that we can discuss any remaining issues in short order.
Anthropic reserves all rights.
Best,
Ivana


**Ivana Dukanovic**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8871

**From:** Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>
**Sent:** Friday, May 10, 2024 9:21 AM
**To:** Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Dukanovic, Ivana (Bay Area) <Ivana.Dukanovic@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Benyamin, Franco (NY) <Franco.Benyamin@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; tharwell@nealharwell.com; nsanders@nealharwell.com; oarboneaux@nealharwell.com
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser <JPariser@oandzlaw.com>; Nick Hailey <Nick@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Timothy Chung <tchung@oandzlaw.com>
**Subject:** Re: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Counsel:

We are following up on our meet and confer call yesterday and next steps regarding Publishers' First Set of Interrogatories and Second Set of Requests for Production (RFPs) and Anthropic's objections and response to same. We discussed the following:

- **"Claude" Definition:** Anthropic has limited its current responses to Claude 1.0 and 2.0 only. We explained why that was underinclusive in our view. You agreed to get back to us regarding whether you would agree to respond as to Anthropic's AI models more broadly, as we requested (including Claude 2.1 and Claude 3.0, versions of Claude that Anthropic licenses to third-party businesses, and other LLMs developed by Anthropic including for research purposes).

- **Time Limitation:** Anthropic has limited its current responses to documents and information going back to September 2022 only. Again, we explained why that was underinclusive in our view. You stated that you would get back to us on whether you would agree to provide responses dating back to 2020, as requested, or make an alternate proposal.

- **Interrogatory Nos. 4, 5, 6, 9:** Anthropic did not initially provide responses to these interrogatories beyond stating that it was willing to meet and confer. We discussed our position on these requests, and you agreed to provide written responses. Additionally, on Interrogatory 5, you indicated that you would produce financial documents responsive to this interrogatory, raise with Anthropic our position on the relevance of investments, and get back to us.

- **RFP Nos. 16, 21, 34, 47, 50, 51, 52:** Again, Anthropic did not initially provide responses to these RFPs beyond stating that it was willing to meet and confer. We discussed these requests, and you agreed to provide written responses. After Anthropic provides those responses, we discussed that the parties could discuss search terms for RFPs 47, 50, and 51 specifically. For RFPs 50 and 51, you indicated that you would confirm whether terms can be searched across a single database for prompts and outputs across all Claude models.

Please provide written responses on these issues as soon as possible so that we can discuss any remaining issues without delay. Given the limited time we had on the meet and confer call and the number of outstanding issues, we obviously reserve our rights to raise other issues that we did not have time to discuss yesterday.

Regards,


**Audrey L. Adu-Appiah**
**Oppenheim + Zebrak, LLP**

4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Direct: 202.851.4080 | Main: 202.480.2999
aadu-appiah@oandzlaw.com | www.oandzlaw.com

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Ivana.Dukanovic@lw.com <Ivana.Dukanovic@lw.com>
**Date:** Monday, May 6, 2024 at 1:34 PM
**To:** Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>, Franco.Benyamin@lw.com <Franco.Benyamin@lw.com>, Timothy Chung <tchung@oandzlaw.com>, tharwell@nealharwell.com <tharwell@nealharwell.com>, nsanders@nealharwell.com <nsanders@nealharwell.com>, oarboneaux@nealharwell.com <oarboneaux@nealharwell.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>
**Cc:** sriley@rjfirm.com <sriley@rjfirm.com>, tharvey@rjfirm.com <tharvey@rjfirm.com>, gpeck@rjfirm.com <gpeck@rjfirm.com>, Mandel, Richard <rsm@cll.com>, King, Jonathan Z. <jzk@cll.com>, Dannay, Richard <rxd@cll.com>, Matt Oppenheim <Matt@oandzlaw.com>, Jennifer Pariser <JPariser@oandzlaw.com>, Nick Hailey <Nick@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>
**Subject:** RE: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Thanks, Audrey.  That time works on our end.


Ivana Dukanovic

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8871

**From:** Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>
**Sent:** Monday, May 6, 2024 8:38 AM
**To:** Benyamin, Franco (NY) <Franco.Benyamin@lw.com>; Timothy Chung <tchung@oandzlaw.com>; tharwell@nealharwell.com; nsanders@nealharwell.com; oarboneaux@nealharwell.com; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Dukanovic, Ivana (Bay Area) <Ivana.Dukanovic@lw.com>; Sampoli, Sara (DC) <Sara.Sampoli@lw.com>
**Cc:** sriley@rjfirm.com; tharvey@rjfirm.com; gpeck@rjfirm.com; Mandel, Richard <rsm@cll.com>; King, Jonathan Z. <jzk@cll.com>; Dannay, Richard <rxd@cll.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser <JPariser@oandzlaw.com>; Nick Hailey <Nick@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>
**Subject:** Re: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Counsel:

We are available on **Thursday, May 9 from 11 a.m. to 1 p.m. ET** to meet and confer on the discovery issues raised in the parties' respective letters. Please let us know at your earliest convenience if defendant's counsel is available at that time.

Best,
Audrey

**Audrey L. Adu-Appiah**
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20016
Direct: 202.851.4080  |  Main: 202.480.2999
aadu-appiah@oandzlaw.com  |  www.oandzlaw.com

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

**From:** Franco.Benyamin@lw.com <Franco.Benyamin@lw.com>
**Date:** Friday, May 3, 2024 at 6:58 PM
**To:** Timothy Chung <tchung@oandzlaw.com>, tharwell@nealharwell.com <tharwell@nealharwell.com>, nsanders@nealharwell.com <nsanders@nealharwell.com>, oarboneaux@nealharwell.com <oarboneaux@nealharwell.com>, Joe.Wetzel@lw.com <Joe.Wetzel@lw.com>, Andrew.Gass@lw.com <Andrew.Gass@lw.com>, Alli.Stillman@lw.com <Alli.Stillman@lw.com>, Sy.Damle@lw.com <Sy.Damle@lw.com>, Ivana.Dukanovic@lw.com <Ivana.Dukanovic@lw.com>, Sara.Sampoli@lw.com <Sara.Sampoli@lw.com>
**Cc:** sriley@rjfirm.com <sriley@rjfirm.com>, tharvey@rjfirm.com <tharvey@rjfirm.com>, gpeck@rjfirm.com <gpeck@rjfirm.com>, Mandel, Richard <rsm@cll.com>, King, Jonathan Z. <jzk@cll.com>, Dannay, Richard <rxd@cll.com>, Matt Oppenheim <Matt@oandzlaw.com>, Jennifer Pariser <JPariser@oandzlaw.com>, Nick Hailey <Nick@oandzlaw.com>, Andrew Guerra <Andrew@oandzlaw.com>, Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>
**Subject:** RE: Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Counsel,

Please see attached correspondence.

Best,
Franco

**From:** Timothy Chung <tchung@oandzlaw.com>
**Sent:** Monday, April 22, 2024 8:45 PM
**To:** tharwell@nealharwell.com; Nathan Sanders <nsanders@nealharwell.com>; Olivia R. Arboneaux <oarboneaux@nealharwell.com>; Wetzel, Joe (Bay Area) <Joe.Wetzel@lw.com>; Gass, Andrew (Bay Area) <Andrew.Gass@lw.com>; Stillman, Alli (NY) <Alli.Stillman@lw.com>; Damle, Sy (DC-NY) <Sy.Damle@lw.com>; Benyamin, Franco (NY) <Franco.Benyamin@lw.com>
**Cc:** sriley@rjfirm.com; tharvey@rjfirm.com; Grace C. Peck <gpeck@rjfirm.com>; Mandel, Richard <rsm@cll.com>; King, Jonathan Z. <jzk@cll.com>; Dannay, Richard <rxd@cll.com>; Matt Oppenheim <Matt@oandzlaw.com>; Jennifer Pariser

<JPariser@oandzlaw.com>; Nick Hailey <Nick@oandzlaw.com>; Andrew Guerra <Andrew@oandzlaw.com>; Audrey Adu-Appiah <AAdu-Appiah@oandzlaw.com>

**Subject:** Concord Music Group et al. v. Anthropic PBC - No. 3:23-cv-01092 - Discovery Responses

Counsel:

Attached are the following documents served in connection with the above-referenced matter:

- Publishers' Objections and Responses to Anthropic's Second Set of Requests for Production of Documents and Things (Nos. 23-99)
- Publishers' Objections and Responses to Anthropic's First Set of Requests for Admission (Nos. 1-15)
- Publishers' Objections and Responses to Anthropic's First Set of Interrogatories (Nos. 1-3)

Please confirm receipt of this email and let me know if you have any issues accessing the files.

Thank you,
Tim

Timothy Chung | Associate
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Direct: 212.951.0521
**tchung@oandzlaw.com | www.oandzlaw.com**
**Connect with us on LinkedIn**



This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.