[Counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case Number: 5:24-cv-03811-EKL<br><br>**PARTIES' JOINT CONSOLIDATED SEALING MOTION**<br><br>Hon. Eumi K. Lee |

Pursuant to Civil Local Rules 7-11, 79-5(c), and 79-5(f), and the Court's Omnibus Sealing Order, ECF No. 258, the Parties respectfully submit this Joint Consolidated Sealing Motion in connection with various administrative motions requesting the Court seal portions of certain underlying documents (the "Sealed Documents"). *See* ECF Nos. 178, 212, 213, 230, 249, 250.

A summary chart identifying the documents and portions of documents proposed to be sealed and any objections is attached as **Exhibit A**.

**A. Publishers' Statement**

Plaintiffs [1] ("Publishers") respectfully request that the Court enter an order to seal Publishers' materials and information contained within the following three declarations by Defendant Anthropic PBC's ("Anthropic") witnesses, submitted provisionally under seal by Anthropic:

- **Documents filed in connection with Anthropic's Opposition to Plaintiffs' Renewed Motion for Preliminary Injunction (ECF No. 207):**
    - Peterson Declaration, ECF No. 213-2; and
    - Hall Declaration, ECF No. 213-3.

---

[1] Concord Music Group, Inc.; Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music – MGB NA LLC, Polygram Publishing, Inc., Universal Music – Z Tunes LLC (collectively, "Universal"); and ABKCO Music, Inc. (collectively, "Publishers").

- Documents filed in connection with Anthropic's Surresponse to Plaintiff's Renewed Motion for Preliminary Injunction (ECF No. 256):
    - Peterson Surresponse Declaration, ECF No. 250-2.

**1.     Legal Standard**

A party seeking to seal judicial records bears the burden of establishing that sealing is warranted. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178, 1182 (9th Cir. 2006). For documents attached to non-dispositive motions or filings "tangentially related to the merits," the Court must only find "good cause" to justify sealing. *Id.* at 1180; *Connor v. Quora, Inc.*, 2020 WL 7408233, at *1 (N.D. Cal. Oct. 15, 2020). Such good cause exists here to warrant sealing of Publishers' confidential materials and information identified in **Exhibit A.** However, even if the Court were to determine it must find "compelling reasons" under the stricter standard for filings "more than tangentially related to the merits of the case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F. 3d 1092, 1101 (9th Cir. 2016), sufficient compelling reasons are also present to justify sealing.

**2.     Sufficient Compelling Reasons Exist to Warrant Sealing Publishers' Materials**

The materials requested for sealing included in the Sealed Documents encompass Publishers' highly confidential, non-public, and commercially sensitive information, as described in **Exhibit A**, which would result in serious commercial and competitive harm if disclosed publicly. Various filings reference the contents of non-public financial documents and licensing and commercial agreements between Publishers and third-parties related to the use of Publishers' copyrighted works, including information about the scope of the agreements, rights granted, permissible uses, payment structures, breakdown of revenue, and other confidential information. ECF Nos. 213-2 ¶ 42; 213-3 ¶¶ 19, 31, 57; 250-2 n.6. Several declarations submitted by Anthropic describe with particularity a recent agreement between Universal International Music, B.V., and a third party, revealing non-public details about terms and consideration negotiated by the parties in a confidential setting. *See* ECF Nos. 213-2 ¶ 42; 250-2 n.6.

Consistent with the highly-confidential nature of Publishers' information referenced in the Sealed Documents, Publishers had produced their documents with a "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation under the current Protective Order (previously entered in the Middle District of Tennessee, ECF No. 62). Publishers also maintain a practice of guarding their confidential documents from public disclosure by limiting access and disclosure to a select group of authorized individuals.

Public disclosure of Publishers' highly-confidential information would harm their competitive standing. For example, Publishers' competitors could use the information disclosed, which reflect business strategy and confidential terms, to unfairly gain a competitive advantage over Publishers and thereby harm Publishers' ability to compete and conduct business. Similarly, disclosure of confidential terms would compromise Publishers' ability to effectively negotiate similar agreements and terms with other third-parties.

These significant threats of commercial and competitive harms constitute sufficient "compelling reasons" to warrant sealing of the documents describing Publishers' information. *See*, *e.g., In re Elec. Arts, Inc.*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (potential harm to competitive standing by public disclosure of pricing information in confidential licensing agreement constitutes compelling reason to seal); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2021 WL 3604670 (N.D. Cal. Aug. 13, 2021) (same); *Bunsow De Mory LLP v. N. Forty Consulting LLC*, 2020 WL 7872197, at *1 (N.D. Cal. Aug. 7, 2020) ("[c]onfidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard") (quoting *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812 at *1 (N.D. Cal. June 1, 2020)); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (preventing competitors from "gaining insight into the parties' business model and strategy" constitute sufficient "compelling reasons" to seal). For the same reasons, there is also sufficient "good cause" to warrant sealing.

Further, pursuant to the agreements' respective confidentiality provisions, Publishers have represented to the agreements' counterparties (who are not parties to this litigation) that said agreements would be treated as confidential and subject to the Parties' Protective Order. Public disclosure of the agreements would likely trigger myriad motions in this litigation from the counterparties to protect their confidential information.

Publishers' narrow requests for sealing only extend to the specific portions of the Sealed Documents described above and in **Exhibit A**. Absent sealing, Publishers' competitors would unfairly gain access to Publishers' confidential information and threaten Publishers' businesses and competitive standing. Accordingly, less restrictive measures would not adequately guard against the harms threatened by disclosure.

### B. Anthropic's Statement

Defendant Anthropic respectfully requests that the Court enter an order to seal Anthropic's materials and information contained within the following briefs, declarations, and exhibits (collectively the "Anthropic Sealed Documents"):

- **Documents filed in connection with Plaintiffs' Renewed Motion for Preliminary Injunction (ECF No. 179):**
    - Zhao Declaration, ECF. No. 178-2;
    - Smith Declaration, ECF No. 178-3;
    - Exhibit B to Smith Declaration, ECF No. 178-4; and
    - Exhibit O to Chung Declaration, ECF No. 178-5.

- **Documents filed in connection with Anthropic's Opposition to Plaintiffs' Renewed Motion for Preliminary Injunction (ECF No. 207, "Opposition"):**
    - Opposition, ECF No. 212-3;
    - Exhibit A to Lovejoy Declaration, ECF No. 212-4;
    - Kaplan Declaration, ECF No. 212-5;
    - Exhibit I to Kaplan Declaration, ECF No. 212-6;
    - Exhibit J to Kaplan Declaration, ECF No. 212-7;
    - Peterson Declaration, ECF No. 212-8; and
    - Hall Declaration, ECF No. 212-9.

- **Documents filed in connection with Plaintiffs' Reply in Support of Motion for Preliminary Injunction (ECF No. 225, "Reply"):**
    - Reply, ECF No. 230-2;
    - Smith Reply Declaration, ECF No. 230-3; and

- o  Zhao Reply Declaration, ECF No. 230-4.
- **Documents filed in connection with Anthropic's Surresponse to Plaintiff's Renewed Motion for Preliminary Injunction (ECF No. 256, "Surresponse")[2]:**
    - o  Exhibit A to Dukanovic Declaration, ECF No. 249-3;
    - o  Kaplan Surresponse Declaration, ECF No. 249-4; and
    - o  Hall Surresponse Declaration, ECF No. 249-5.

The Anthropic Sealed Documents listed above contain highly sensitive non-public information, including information that Anthropic has designated "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order entered in the Middle District of Tennessee (ECF No. 62), which the parties have provisionally followed pending entry of a protective order by this Court. Pursuant to L.R. 79-5(c), Anthropic's previously-filed motions requesting the Court to seal portions of the Anthropic Sealed Documents are accompanied by attorney declarations. *See* ECF Nos. 202, 212-1, 240, 249-1. Anthropic therefore respectfully requests that the Court enter an order to seal the materials and information described in **Exhibit A**.

### a. Legal Standard

A party seeking to seal material is required to establish that the document, or portions thereof, are sealable. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178, 1182 (9th Cir. 2006). Where the underlying filing is "more than tangentially related to the merits of a case," *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101–02 (9th Cir. 2016), the moving party must make a showing of "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79. Compelling reasons to seal information may exist when "the documents or portions of documents at issue are 'sources of business information that might harm a litigant's competitive standing.'" *DeMartini v. Microsoft Corp.*, No. 22-cv-08991-JSC, 2023 WL 4205770 at *2 (N.D. Cal. June 26, 2023). Because the underlying filing, Plaintiffs' Renewed Motion for

---

[2] Anthropic filed its Surresponse in redacted form pending a ruling on Anthropic's Administrative Motion to File Under Seal in Connection with Anthropic's Administrative Motion for Leave to File Surresponse to Plaintiff's Renewed Motion for Preliminary Injunction, ECF No. 249, as the material sought to be sealed in the Surresponse and supporting papers had not changed.

Preliminary Injunction, is more than tangentially related to the merits, the "compelling reasons" standard applies to Anthropic's request to seal the materials identified in **Exhibit A**.

### b. Compelling Reasons Exist to Seal Portions of the Anthropic Sealed Documents

Anthropic respectfully requests that this Court seal the limited portions of the Anthropic Sealed Documents described in **Exhibit A** because they contain Anthropic's non-public, confidential internal business and technical information, including material that Anthropic designated "Highly Confidential – Attorney's Eyes Only" pursuant to the Stipulated Protective Order provisionally entered in the Middle District of Tennessee (ECF No. 62). Compelling reasons exist to seal the requested material because public disclosure of this highly sensitive information would cause significant competitive harm to Anthropic.

Certain identified portions of the Anthropic Sealed Documents described in **Exhibit A** contain highly sensitive confidential, nonpublic information relating to Anthropic's business and technical operations. Specifically:

- The Opposition, Kaplan Declaration, Peterson Declaration, Zhao Reply Declaration, Kaplan Surresponse Declaration, and Hall Surresponse Declaration contain references to the precise number of tokens used to train Anthropic's AI models, which is highly confidential and protected. *See* ECF No. 212-3 at 4:18, 5:21–25, 23:2, 23:7; ECF No. 212-5 at 5:23, 7:12, 8:21–22, 9:5; ECF No. 212-8 at 6:7, 6:9–10, 10:10–11, 10:18–19, 11:3, 11:5, 11:15–17, 14:20–21; ECF No. 230-4 ¶¶ 7–8, 11–12; ECF No. 249-4 at 3:15; ECF No. 249-5 at 4:15–16. Disclosure of this information would allow Anthropic's competitors to gain unfair insight into and mimic Anthropic's training methods. *See* ECF No. 212-1 ¶ 4; ECF No. 240 ¶ 4; ECF No. 249-1 ¶ 4.
- The Zhao Declaration, Exhibit O to the Chung Declaration, Opposition, Kaplan Declaration, Hall Declaration, Reply, Smith Reply Declaration, Zhao Reply Declaration, Exhibit A to the Dukanovic Declaration, Kaplan Surresponse Declaration, and Hall Surresponse Declaration describe details of the development and cost of current and future versions of Anthropic's models. *See* ECF No. 178-2 ¶ 64; ECF No. 178-5 at 20–23; ECF No. 212-3 at 9:15–19, 26:10, 26:22–28, 27:3–8, 28:26–27; ECF

No. 212-5 at 2:19–21, 2:22–24, 7:23–24, 9:10–11, 9:17–18, 11:3, 19:3–11, 19:14–16, 19:18–20, 20:4–17, 21:3–4; ECF No. 212-9 at 9:26–10:2, 35:16–18, 35:22–24, 36:1–5, 36:13–16, 38:6–7, 38:13–15, 39:1–4; ECF No. 230-2 at i, 15; ECF No. 230-3 ¶ 28; ECF No. 230-4 ¶ 14; ECF No. 249-3 at 13; ECF No. 249-4 at 3:17, 4:27, 5:15, 5:19–23; ECF No. 249-5 at 4:15–18, 5:2–3, 5:5, 5:11. Those details are not publicly known and, if disclosed, would reveal critical information about Anthropic's strategic priorities. *See* ECF No. 202 ¶ 4; ECF No. 212-1 ¶ 5; ECF No. 240 ¶ 4; ECF No. 249-1 ¶ 5.

- The Zhao Declaration, Opposition, Kaplan Declaration, Hall Declaration, Zhao Reply Declaration, and Exhibit A to the Dukanovic Declaration contain information regarding the creation and technical implementation of Anthropic's guardrails against copyright infringement. *See* ECF No. 178-2 ¶¶ 54–58, 60; ECF No. 212-3 at 8:3–8, 11:23–26; ECF No. 212-5 at 14:14–27, 15:1–15, 15:26–28, 18:1–27, 19:27, 20:1; ECF No. 212-9 at 27:17, 28:9, 28:17–29:2; ECF No. 230-4 ¶ 6; ECF No. 249-3 at 1, 4, 17. The technical details of how Anthropic's guardrails function are proprietary, and their public disclosure would risk revealing key technological processes to competitors and bad actors seeking to circumvent those measures. *See* ECF No. 202 ¶ 4; ECF No. 212-1 ¶ 6; ECF No. 240 ¶ 4; ECF No. 249-1 ¶ 6.

- The Smith Declaration and Exhibit B thereto describe details of confidential commercial negotiations regarding Anthropic's models. ECF No. 178-3 ¶¶ 24, 79; ECF No. 178-4. Those details are not publicly known and, if disclosed, would reveal critical and commercially sensitive information about Anthropic's business strategy. *See* ECF No. 202 ¶ 4.

Courts in this District and in the Ninth Circuit regularly find compelling reasons to seal confidential business and technical information of the type Anthropic seeks to seal. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding "compelling reasons" to seal "business information that might harm a litigant's competitive strategy"); *Doe v. Meta Platforms, Inc.*, 2022 WL 17970394 (N.D. Cal. Dec. 21, 2022) (finding "a compelling reason" to seal "techniques used to detect and filter out potentially sensitive information" as "the disclosure of

this information would cause competitive harm because competitors would gain unfair insight into how [company's] systems operate and be able to duplicate features of [company's] filtration systems"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6395513, at *2 (N.D. Cal. Feb. 4, 2020) (finding "a compelling reason" to seal "confidential, non-public information related to how [company] maintains the security of its advertising products," including "systems functionality related to detecting and addressing invalid activity").

Additionally, portions of Exhibit A to the Lovejoy Declaration (ECF No. 212-4) and Exhibits I and J to the Kaplan Declaration (ECF Nos. 212-6 & 212-7) should be sealed because they reveal personally identifiable information of Anthropic's users and/or the parties' counsel. *See, e.g.*, *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information of third parties, "including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal personal information, including a home address, phone number, and email address). Just as in those cases, the personal information of counsel and Anthropic's users should be sealed from public view to protect those individuals' privacy. *See* ECF No. 212-1 ¶ 8.

As set forth in **Exhibit A**, the limited sealing that Anthropic requests is narrowly tailored to encompass only the specific portions of the Anthropic Sealed Documents that legitimately qualify as Anthropic's confidential and proprietary business and technical information or personally identifiable information of private individuals. The public disclosure of the identified information would create a significant risk of harm—either competitive harm for Anthropic (because if Anthropic's competitors in the AI industry were able to obtain this information, they could utilize it to modify their business strategies, AI training procedures, or model guardrails in order to unfairly compete with Anthropic) or harm to the privacy interests of Anthropic's users and the parties' counsel. Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

| | |
|---|---|
| Dated: November 1, 2024 | Respectfully submitted, |
| By: */s/ Timothy Chung* | By: */s/ Joseph R. Wetzel* |
| **OPPENHEIM + ZEBRAK, LLP** | **LATHAM & WATKINS LLP** |
| Matthew J. Oppenheim | Joseph R. Wetzel (SBN 238008) |
| Nicholas C. Hailey | joe.wetzel@lw.com |
| Audrey L. Adu-Appiah (admitted *pro hac vice*) | Andrew M. Gass (SBN 259694) |
| 4530 Wisconsin Ave., NW, 5th Floor | andrew.gass@lw.com |
| Washington, DC 20016 | Brittany N. Lovejoy (SBN 286813) |
| Telephone: (202) 480-2999 | brittany.lovejoy@lw.com |
| matt@oandzlaw.com | 505 Montgomery Street, Suite 2000 |
| nick@oandzlaw.com | San Francisco, California 94111 |
| aadu-appiah@oandzlaw.com | Telephone: +1.415.391.0600 |
| | |
| Jennifer Pariser | Sarang V. Damle (admitted *pro hac vice*) |
| Andrew Guerra | sy.damle@lw.com |
| Timothy Chung (admitted *pro hac vice*) | 555 Eleventh Street NW, Suite 1000 |
| 461 5th Avenue, 19th Floor | Washington, DC 20004 |
| New York, NY 10017 | Telephone: +1.202.637.2200 |
| Telephone: (212) 951-1156 | |
| jpariser@oandzlaw.com | Allison L. Stillman (admitted *pro hac vice*) |
| andrew@oandzlaw.com | alli.stillman@lw.com |
| tchung@oandzlaw.com | 1271 Avenue of the Americas |
| | New York, New York 10020 |
| **COBLENTZ PATCH DUFFY & BASS LLP** | Telephone: +1.212.906.1747 |
| Jeffrey G. Knowles (SBN 129754) | |
| One Montgomery Street, Suite 3000 | *Attorneys for Defendant* |
| San Francisco, CA 94104 | |
| Telephone: (415) 391-4800 | |
| ef-jgk@cpdb.com | |
| | |
| **COWAN, LIEBOWITZ & LATMAN, P.C.** | |
| Richard S. Mandel | |
| Jonathan Z. King | |
| Richard Dannay (admitted *pro hac vice*) | |
| 114 West 47th Street | |
| New York, NY 10036-1525 | |
| Telephone: (212) 790-9200 | |
| rsm@cll.com | |
| jzk@cll.com | |
| rxd@cll.com | |
| | |
| *Attorneys for Plaintiffs* | |

**SIGNATURE ATTESTATION PURSUANT TO CIVIL L.R. 5-1(h)**

Pursuant to Civil L.R. 5-1(h), I hereby attest that concurrence in the filing of this document was obtained from all other signatories of this document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 1, 2024

*/s/ Timothy Chung*
Timothy Chung