# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case Number: 5:24-cv-03811-EKL-SVK <br><br> **STIPULATED [AND PROPOSED] PROTECTIVE ORDER** <br><br> Judge: Hon. Eumi K. Lee <br> Magistrate Susan van Keulen |

## I.    PURPOSE AND LIMITATIONS

1.    Disclosure and discovery activity in this action (the "Action") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the Parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order governs discovery in *Concord Music Group, et al. v. Anthropic PBC*, No. 24-cv-3811.

2.    The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment.

3.    The Parties further acknowledge that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

4.      The recipient of any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Order.

**II.    DEFINITIONS**

1.      <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Counsel.

2.      <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.      <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.      <u>Receiving Party</u>: a Party that received Disclosure or Discovery Material from a Producing Party.

5.      <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

6.      <u>CONFIDENTIAL Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and any information the Producing Party in good faith believes is nonpublic, sensitive, or proprietary information, the disclosure of which could harm the privacy or business interests of any person.

7.      <u>Counsel (without qualifier)</u>: (a) Outside Counsel of Record as well as their support staff; and (b) any specifically enumerated in-house litigation counsel, designated by the party in writing, whose access to the information is reasonably required to supervise, manage, or participate in this case.

8.      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—SOURCE CODE," "HIGHLY CONFIDENTIAL— TRAINING DATA," or "PROTECTED COPYRIGHTED MATERIAL."

9.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

10.   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is neither (a) a current full-time employee of a Party or a Party's direct competitor nor (b) a former full-time employee of a Party or a Party's direct competitor employed within the last 12 months from the time of retention; and (3) at the time of retention, is not anticipated to become an employee of or a consultant to a Party or a Party's direct competitor. For purposes of this provision, "direct competitor" shall be defined as a company that develops large language models, tools, or services for third party commercial use. For avoidance of doubt, "Experts" meeting this definition must be disclosed in accordance with the procedures set forth in Section VII.4 to allow an opportunity for the opposing Party to object to the disclosure of Protected Material to that specific individual for any good cause.

11.   Final Disposition: shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

12.   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party the Producing Party reasonably believes would create a substantial risk of serious harm to the Producing Party, its personnel or customers, or other individuals that could not be avoided by less restrictive means.

13.    <u>"HIGHLY CONFIDENTIAL—SOURCE CODE" Information or Items</u>: A party may designate extremely sensitive Protected Discovery Material as "HIGHLY CONFIDENTIAL – SOURCE CODE" if the material represents computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, and disclosure of that material to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code is not a Source Code Document and may not be designated as "HIGHLY CONFIDENTIAL—SOURCE CODE" but should be designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." For the avoidance of doubt, training data is not source code. The parties are in the process of negotiating a protocol regarding the inspection of "HIGHLY CONFIDENTIAL—SOURCE CODE" material (the "Source Code Protocol"), which, inter alia, will address any confidential treatment that should be afforded to such material inspected or produced in this litigation. To the extent that the Source Code Protocol conflicts with this Protective Order, the terms of the Source Code Protocol will apply. Unless or until the Source Data Protocol is agreed to, the parties reserve all rights as to the appropriate level of confidentiality (if any) that should be afforded to and protocol for reviewing information related to source code.

14.    <u>"HIGHLY CONFIDENTIAL—TRAINING DATA."</u> The parties are in the process of negotiating a protocol regarding the inspection of information related to training data (the "Training Data Protocol"), which, inter alia, will address any confidential treatment that should be afforded to training data inspected or produced in this litigation. To the extent that the Training Data Protocol conflicts with this

1    Protective Order, the terms of the Training Data Protocol will apply. Unless or until

2    the Training Data Protocol is agreed to, the parties reserve all rights as to the

3    appropriate level of confidentiality (if any) that should be afforded to and the

4    protocol for reviewing information related to training data.

15.    "PROTECTED COPYRIGHTED MATERIAL." A Designating Party may designate as PROTECTED COPYRIGHTED MATERIAL any material (including a digital file or physical object) and the content therein, that, in whole or in part, represents a copy of Plaintiffs' Copyrighted Works listed in Exhibit A to the Complaint. A digital file, physical object, or other material may be designated as PROTECTED COPYRIGHTED MATERIAL regardless of whether any information the material contains is eligible to be designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE. The Receiving Party of any digital file, physical object, or other material, and the content therein, designated as PROTECTED COPYRIGHTED MATERIAL shall comply with Sections VII, IX and XV of this Order and treat any Protected Copyrighted Material as Protected Material in connection with those provisions of this Order. For clarity, Anthropic does not agree that any copy of Plaintiffs' works necessarily warrants protection, but agrees to treat material marked by Plaintiffs with the Protected Copyrighted Material designation as Protected Material under this Order. In so agreeing, Anthropic also does not waive any argument that materials marked "Protected Copyrighted Material" do not constitute Plaintiffs' works or copies thereof. The parties agree that materials used as trial exhibits shall not bear any Protected Copyrighted Material marking.

16.    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

17.    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

18.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—SOURCE CODE," or "HIGHLY CONFIDENTIAL—TRAINING DATA."

## III.    SCOPE

1.    The protections conferred by this Order apply to not only Protected Material (as defined above), but also to: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony or presentation by Parties or their Counsel that might reveal Protected Material.

2.    This Order and its protections apply for pre-trial purposes only. This Order does not govern the use of Protected Materials at trial. The Parties will meet and confer at the appropriate time regarding any use of Protected Material at trial, which use shall be governed by a separate agreement or order.

## IV.    DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order otherwise directs.

## V.    DESIGNATING PROTECTED MATERIAL

1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or

written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—SOURCE CODE," or "HIGHLY CONFIDENTIAL—TRAINING DATA" to each page of a paper or electronic document that contains Protected Material and to the cover page of bound or grouped material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as "HIGHLY CONFIDENTIAL" information. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—SOURCE CODE," or "HIGHLY CONFIDENTIAL – TRAINING DATA" legend to each page of a paper or electronic document

1    that contains Protected Material. A Party may designate documents

2    produced by a Non-Party as "CONFIDENTIAL," "HIGHLY

3    CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY

4    CONFIDENTIAL—SOURCE CODE," or "HIGHLY CONFIDENTIAL—

5    TRAINING DATA" if the document contains information for which that

6    Party would have a right to apply the proposed designation if produced by

7    that Party, by notifying all other Parties of the designation within a

8    reasonable period of time after the production of documents by the Non-

9    Party.

10    (b)    For testimony given in deposition or in other pretrial proceedings, in the

11    event that a Producing Party designates some or all of a witness's deposition

12    or other testimony as "CONFIDENTIAL" or "HIGHLY

13    CONFIDENTIAL—ATTORNEYS' EYES ONLY," the specific page and

14    line designations over which confidentiality is claimed must be provided to the

15    Receiving Party within thirty (30) days of receipt of the final transcript,

16    provided, however, that the Receiving Party will consider reasonable requests

17    for an extension of the deadline. If a Party requires expedited disclosure due to

18    an impending deadline regarding preparation of any filing or submission that

19    requires consideration of the Protected Material in question, the Disclosing

20    Party will consider reasonable request for a shortened period to provide its

21    designations. Deposition testimony shall be treated as "HIGHLY

22    CONFIDENTIAL—ATTORNEYS' EYES ONLY," pending the deadline.

23    After the 30-day period, if no Party has designated some or all of that

24    deposition transcript as "CONFIDENTIAL," "HIGHLY

25    CONFIDENTIAL" under this Protective Order, the entire deposition, or

26    those portions of the deposition not designated as confidential, will no

27    longer be considered confidential.

28

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES' ONLY," "HIGHLY CONFIDENTIAL—SOURCE CODE," "HIGHLY CONFIDENTIAL—TRAINING DATA," or "PROTECTED COPYRIGHTED MATERIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). With respect to documents produced in native format, the Electronically Stored Information Protocol, or ESI Protocol, to be entered in this Action shall govern the form and method for marking such documents as Confidential. When possible, in order to minimize the likelihood of inadvertent disclosure of confidential information for any information transmitted by electronic means, the Producing Party shall make a good faith effort to place the appropriate confidentiality designation in the subject of the electronic mail conveying the confidential information and on the title of the digital document or media through which it is conveyed, or otherwise notify the

1    Receiving Party of the fact that confidential information is being conveyed.

2    A Party may designate information produced by a Non-Party as

3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'

4    EYES ONLY" if the document contains information for which that Party

5    would have a right to apply the proposed designation if produced by that

6    Party, by notifying all other Parties of the designation within a reasonable

7    period of time after the production of information by the Non-Party.

8    3.    Inadvertent Failures to Designate. If timely corrected, disclosure of Protected

9    Material does not waive the confidential status of such Information. In the event

10    that Protected Material is disclosed without a marking or designation of it as such,

11    the Producing Party may thereafter assert a claim or designation of confidentiality,

12    and promptly provide replacement information or items with the appropriate

13    designation (and, if applicable, using the same Bates number as the original

14    production). Thereafter, the Receiving Party must destroy the original Protected

15    Material and all copies of the same to the Producing Party.

16    **VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17    1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of

18    confidentiality at any time that is consistent with the Court's Scheduling Order.

19    2.    Form of Challenges. The Challenging Party shall object to the propriety of the

20    designation of specific material as "CONFIDENTIAL," "HIGHLY

21    CONFIDENTIAL—ATTORNEYS' EYES' ONLY," "HIGHLY

22    CONFIDENTIAL—SOURCE CODE," or "HIGHLY CONFIDENTIAL—

23    ATTORNEYS' EYES ONLY, ""HIGHLY CONFIDENTIAL— SOURCE

24    CODE," or "HIGHLY CONFIDENTIAL—TRAINING DATA" by providing

25    written notice to the Designating Party of each designation it is challenging and

26    describing the basis for each challenge. To avoid ambiguity as to whether a

27    challenge has been made, the written notice must recite that the challenge to

28    confidentiality is being made in accordance with this specific Section of this Order.

The Designating Party or its counsel shall thereafter, within seven (7) calendar days, respond to such challenge in writing by either: (1) agreeing to remove the designation; or (2) stating the reasons for such designation. Counsel may agree to reasonable extensions.

3.    <u>Meet and Confer</u>. If the Challenging Party continues to dispute the designation(s) at issue, it shall notify the Designating Party in writing within seven (7) calendar days of the Designating Party's response pursuant to the preceding section. Counsel may agree to reasonable extensions. The Parties shall attempt to resolve each challenge in good-faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

4.    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, within five (5) calendar days of the Meet and Confer, the Challenging Party will serve its position statement to the Designating Party and the Designating Party will have five (5) calendar days to respond, and the Parties shall then submit a joint discovery letter brief to the Court in accordance with the Court's Standing Order for Civil Cases. Counsel may agree to reasonable extensions. The burden of persuasion in any such dispute shall be on the Designating Party. Unless the Designating Party has expressly waived the confidentiality designation or until the Court has ruled on the disputed at-issue designation, all parties shall continue to afford the material in question the level of protection designated by the Producing Party.

## VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any

appeal(s). Such Protected Material shall not be used for any other purpose and may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XV below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2.     Protected Copyrighted Material. All data produced, disclosed, or otherwise made available in the course of this litigation that is designated as PROTECTED COPYRIGHTED MATERIAL shall be used solely for the purpose of preparation, trial, and appeal of the above captioned litigation and for no other purpose.

3.     Non-Protected Material. The restrictions on the use of confidential Information established by this Protective Order are applicable only to the use of the Information received by a Party from another Party or from a Non-Party. For the purposes of this agreement, a Party is free to do whatever it desires with its own confidential information, provided that any dissemination of the information by the Party that owns the information may lead to the loss of that information's confidential status. Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents, material, or information obtained by such Party or witness independently of the discovery proceedings in these actions, whether or not such documents, material or information are also obtained through discovery proceedings in these actions.

4.     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Persons identified in paragraph 5 below;

(b)     The Parties and the directors, officers, employees to whom disclosure is reasonably necessary for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Protective Order;

5.      Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—SOURCE CODE," or "HIGHLY CONFIDENTIAL—TRAINING DATA" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL—TRAINING DATA" only to:

(a)     the Receiving Party's Counsel;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in this Order have been followed;

(c)     The Court and its personnel;

(d)     Professional jury or trial consultants and mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     Court reporters, videographers, and their staff;

(f)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary;

(g)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

1         (h)     During their deposition, witnesses in the action who are employees or

2                  directors of the producing Party;

3         (i)     Any other person as to whom the Designating Party has consented to

4                  disclosure in advance;

5         (j)     Such other persons as the parties may agree or may be ordered by the Court;

6         (k)     Special masters or discovery referees appointed by the Court; and

7         (l)     Mediators or settlement officers, and their supporting personnel, mutually

8                  agreed upon by any of the Parties engaged in settlement discussions.

9   6.     Procedures for Objecting to Disclosure of "HIGHLY CONFIDENTIAL—

10       ATTORNEYS' EYES ONLY, " "HIGHLY CONFIDENTIAL—SOURCE

11       CODE," or "HIGHLY CONFIDENTIAL—TRAINING DATA," Information or

12       Items to Experts.

13         (a)     Unless otherwise ordered by the Court or agreed to in writing by the

14                  Designating Party, a Party that seeks to disclose to an Expert (as defined in

15                  this Order) any information or item that has been designated "HIGHLY

16                  CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY

17                  CONFIDENTIAL—SOURCE CODE" or "HIGHLY CONFIDENTIAL—

18                  TRAINING DATA" pursuant to this Order first must make a written request

19                  to the Designating Party that sets forth (1) the full name of the Expert and

20                  the city and state of his or her primary residence, (2) the Expert's current

21                  employer(s), and (3) the Expert's complete LinkedIn Profile, website or

22                  other online profile, or current CV.

23         (b)     A Party that makes a request and provides the information specified in the

24                  preceding paragraph may disclose the subject Protected Material to the

25                  identified Expert unless, within fourteen (14) days of delivering the request,

26                  the Party receives a written objection from the Designating Party. Any such

27                  objection must set forth in detail the grounds on which it is based.

28

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so within 5 business days from the meet-and-confer. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d)     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.    <u>Exclusion of Individuals From Depositions</u>. Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Protected Materials from any deposition where testimony regarding Protected Materials or the use of Protected Materials is likely to arise, but only during periods of examination or testimony directed to or comprising Protected Material. This paragraph does not apply to the deponent.

8.    <u>Cross-Disclosure of Plaintiffs' Highly Confidential Information</u>. No Party may disclose, summarize, describe, reveal, or otherwise make available in whole or in party any HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

1    information of one Plaintiff to any representative of another Plaintiff, excluding

2    Outside Counsel of Record.

3    **VIII.    SECURITY OF PROTECTED MATERIAL**

4    Any person in possession of another Party's Protected Material shall exercise the same care

5    with regard to the storage, custody, or use of Protected Material as they would apply to

6    their own material of the same or comparable sensitivity. Receiving Parties must take

7    reasonable precautions to protect Protected Material from loss, misuse and unauthorized

8    access, disclosure, alteration, and destruction.

9    **IX.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

10    **OTHER LITIGATION**

11    1.    If a Receiving Party is served with a subpoena or a court order issued in other

12    litigation that would compel disclosure of any information or items designated in

13    this Action as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY,"

14    "HIGHLY    CONFIDENTIAL—SOURCE    CODE,"    "HIGHLY

15    CONFIDENTIAL—TRAINING DATA," or "PROTECTED COPYRIGHTED

16    MATERIAL," the Receiving Party must:

17    (a)    promptly notify in writing the Outside Counsel of Record for the

18    Designating Party (by email, if possible) unless prohibited by law from

19    doing so. Such notification must include a copy of the subpoena or court

20    order;

21    (b)    promptly notify in writing the party who caused the subpoena or order to

22    issue in the other litigation that some or all of the material covered by the

23    subpoena or order is subject to this Order. Such notification shall include a

24    copy of this Order; and

25    (c)    cooperate with respect to all reasonable procedures sought to be pursued by

26    the Designating Party whose Protected Material may be affected.

27    2.    If the Designating Party timely seeks a protective order, the Receiving Party served

28    with the subpoena or court order shall not produce any information designated in

16

this Action as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—SOURCE CODE," "HIGHLY CONFIDENTIAL—TRAINING DATA," or "PROTECTED COPYRIGHTED MATERIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or violate any applicable state or federal law, rules or regulations.

## X.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL—SOURCE CODE," or "HIGHLY CONFIDENTIAL— TRAINING DATA." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Order.

2.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)      promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)      make the information requested available for inspection by the Non-Party.

3.      If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. All disclosure and discovery disputes are subject to the undersigned's standing order for civil cases.

## XI.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. This shall not limit any remedies that the Designating party may have for disclosure of Protected Material.

## XII.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If a recipient learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the

recipient must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

In the event of an inadvertent production of material protected by the attorney-client privilege or work-product protection, the producing Party may notify the receiving Party within 7 days after the producing Party becomes aware of such inadvertent production. Any such notice must include a privilege log that contains sufficient details to identify the document by bates number, author, recipient, subject matter, date, and basis for the privilege assertion. Upon notification, the receiving Party shall immediately return, sequester, or destroy the inadvertently produced Discovery Material and all copies as well as notes, summaries, and/or work product reflecting the content of such material to the extent they contain such material. If only a portion of the Discovery Material is privileged, the producing Party shall immediately provide a new version of the Discovery Material in which the privileged material has been redacted. No further use or disclosure shall be made of the inadvertently produced Discovery Material (unless authorized under Federal Rule 26(b)(5)(B)), and the receiving Party shall take all reasonable and appropriate steps to retrieve and destroy the Discovery Material, and all copies, from any person who has received the Discovery Material through the receiving Party. A Party or non-party that asserts that it inadvertently produced privileged or protected documents shall not be required to provide discovery on its internal procedures for conducting privilege reviews prior to production, and it shall not be required to demonstrate that such procedures were sufficiently rigorous. A Receiving Party may file a motion to compel the production of any document subject to the clawback provisions of this paragraph.

## XIII.  MISCELLANEOUS

1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

3.    <u>No Modification of Privileges</u>. Nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or protection from disclosure to the extent such privilege or protection exists under applicable law.

4.    <u>Filing Protected Material.</u> Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

## XIV.   TRIAL

The use of Protected Material during the trial shall be determined by Order of the Court, and agreeing to this Order does not prejudice a party's right to argue this Order should not be operative at trial.

## XV.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the Final Disposition of this Action, as defined above, each Receiving Party must

return all Protected Material and any material designed PROTECTED COPYRIGHTED MATERIAL to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. If the Protected Material is destroyed, upon the written request of the Producing Party, Counsel for the Receiving Party must certify in writing that they have confirmed with each Receiving Party that they have destroyed the Protected Material including any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material.

**IT IS SO ORDERED**.

DATED: _____

_____
HON. SUSAN VAN KEULEN
United States Magistrate Judge

Dated: January 27, 2025

By:  _/s/ Jennifer Pariser_

**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

Respectfully submitted,

By:  _/s/ Joseph R. Wetzel_

**LATHAM & WATKINS LLP**
Joseph R. Wetzel (SBN 238008)
joe.wetzel@lw.com
Andrew M. Gass (SBN 259694)
andrew.gass@lw.com
Brittany N. Lovejoy (SBN 286813)
britt.lovejoy@lw.com
505 Montgomery Street, Suite 2000
Ivana Dukanovic (SBN 312937)
ivana.dukanovic@lw.com
San Francisco, California 94111
Telephone: +1.415.391.0600

Sarang V. Damle
(admitted *pro hac vice*)
sy.damle@lw.com
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: +1.202.637.2200

Allison L. Stillman
(admitted *pro hac vice*)
alli.stillman@lw.com
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

Rachel Horn (SBN 335737)
rachel.horn@lw.com
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600

*Attorneys for Defendant*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: January 27, 2025                                */s/ Joseph R. Wetzel*
                                                           Joseph R. Wetzel

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 5:24-cv-03811-EKL-SVK

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, in the case of *Concord Music Group, et al. v. Anthropic PBC*, United States District Court, Northern District of California, Case No. 24-cv-03811.

I understand that the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE and/or HIGHLY CONFIDENTIAL—TRAINING DATA Information is provided or otherwise made available pursuant to the terms and conditions in the Stipulated Protective Order. I agree to use the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE and/or HIGHLY CONFIDENTIAL – TRAINING DATA Information = only in accordance with the terms of the Stipulated Protective Order and solely for purposes of this litigation. I understand that neither the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE and/or HIGHLY CONFIDENTIAL—TRAINING DATA Information, nor any notes concerning same, may be disclosed to anyone that is not bound by the Stipulated Protective Order. I agree to return the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE and/or HIGHLY CONFIDENTIAL—TRAINING DATA Information, any notes concerning such information, to the attorney for the producer of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL—SOURCE CODE and/or HIGHLY CONFIDENTIAL—TRAINING DATA Information or to destroy the information and material and any notes at the attorney's request as required by the Stipulated Protective Order.

1

1    I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

2    and I understand and acknowledge that failure to so comply could expose me to sanctions and

3    punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

4    any information or item that is subject to this Stipulated Protective Order to any person or entity

5    except in strict compliance with the provisions of this Order.

6        I further agree to submit to the jurisdiction of the United States District Court for the

7    Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

8    Order, even if such enforcement proceedings occur after termination of this Action.

9        I   hereby   appoint   _____   [print   or   type   full   name]   of

10   _____[print or type full address and telephone number] as

11   my California agent for service of process in connection with this Action or any proceedings

12   related to enforcement of this Stipulated Protective Order.

13   Date: _____

14   City and State where sworn and signed: _____

15   Printed Name: _____

16   Signature: _____

17

18

19

20

21

22

23

24

25

26

27

28

2