[Counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case Number: 5:24-cv-03811-EKL-SVK <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

Pursuant to Fed. R. Civ. P. 16, Civil L.R. 16-9, the Standing Order for All Judges of the Northern District of California, this Court's Standing Order for Civil Cases, and the Clerk's notice (ECF No. 294), counsel for the Parties in the above-captioned case hereby submit this Joint Case Management Statement in advance of the Case Management Conference on March 12, 2025.

**1. JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) because this dispute involves claims brought by Plaintiffs ("Publishers") against Defendant Anthropic PBC ("Anthropic") under the Copyright Act, 17 U.S.C. § 101 *et seq*. No outstanding issues as to personal jurisdiction or venue remain. No Parties remain to be served at this time.

**2. FACTS**

**Publishers' Statement**. Publishers filed this suit against Anthropic on October 18, 2023. Publishers are among the world's leading music publishers. Anthropic is an AI company that is valued at as much as $60 billion but does not pay copyright holders for the content it uses to build and operate its AI models. Publishers allege that Anthropic systematically infringes their copyrighted song lyrics through its AI models, by copying those lyrics both as the input to train its AI models and in the output those models generate. ECF No.1. Anthropic does not dispute it trained its AI models using copies of Publishers' lyrics, nor does it deny its models generated output copying those lyrics, including, in particular, the lyrics to the 500 musical compositions listed on Exhibit A to the Complaint. Anthropic has continued to develop and launch new AI models that

impermissibly exploit Publishers lyrics and increase the harm to them even during this case.

Publishers assert four claims against Anthropic. <u>First</u>, Publishers allege that Anthropic directly infringes Publishers' copyrighted lyrics by reproducing these works in training datasets and as part of its AI models, as well as by reproducing, distributing, displaying, and preparing derivative works based on these works as the output of its AI models. <u>Second</u>, Publishers allege that Anthropic contributorily infringes Publishers' copyrighted works, given that Anthropic is aware of its licensees and users' infringing activity, but nevertheless facilitates and encourages that infringement, by providing access to its infringing AI models through its website, apps, and commercial application programming interface ("API"), and by hosting and transmitting content it knows to be infringing through those models. <u>Third</u>, Publishers allege that Anthropic vicariously infringes Publishers' copyrighted works, because Anthropic has the right and ability to supervise and control the infringing outputs of its AI models but fails to take reasonable steps to curb that infringing activity, and because Anthropic profits from that failure. <u>Fourth</u>, Publishers allege that Anthropic removes or alters copyright management information in violation of 17 U.S.C. § 1202. Publishers seek judgment in their favor on each of these claims, preliminary and permanent injunctive relief, statutory and/or actual damages, and additional relief as detailed in the Complaint.

Given the irreparable and ongoing harm caused to Publishers by Anthropic's continued infringement, Publishers promptly filed a Motion for Preliminary Injunction in Nov. 2023 when this case was first filed in the Middle District of Tennessee, ECF No. 40, and renewed that motion shortly after the case was transferred to the Northern District of California, ECF No. 179.

**Anthropic's Statement.** Plaintiffs' core claim is that Anthropic made intermediate use of Plaintiffs' song lyrics as an infinitesimal fraction of the trillions of data points used to teach its revolutionary generative AI models statistical patterns about how humans use language. As a full record in this case will demonstrate, that sort of transformative use of copyrighted materials to train large language models like Anthropic's "Claude" is a paradigmatic fair use. No court has ever held that, where necessary to create a non-infringing output, the making of intermediate, internal-only copies constitutes infringement. Further, Claude does not adversely impact any existing or potential market for Plaintiffs' copyrighted works, as there is not likely to ever be a workable

market for licenses to train general purpose text-generative AI models like Claude. For these reasons and others, the alleged inclusion of Plaintiffs' works in Claude's training corpus is a quintessential fair use.

This issue is at the heart of dozens of cases of first impression currently making their way through the federal courts, all of which raise similar copyright claims against generative AI companies. Plaintiffs here are still the only ones to have moved for preliminary injunctive relief—a motion they renewed over a year after discovering the conduct giving rise to their claims and many months after strategically prioritizing forum shopping over a speedy resolution. *See* ECF No. 123 (ordering transfer from Middle District of Tennessee due to lack of jurisdiction). As Anthropic argued in opposition to Plaintiffs' motion, their decision to risk delay in favor of the convenience of their preferred forum belies the purported exigency of their motion and was consistent with the lack of any evidence of irreparable harm with respect to Plaintiffs' training claim. ECF No. 291 (resolving Plaintiffs' Preliminary Injunction Motion as to output claims).

Plaintiffs' other causes of action—that Anthropic is secondarily liable for alleged infringement by its users and that it violated the DMCA by allegedly removing or altering copyright management information (CMI)—will likewise fail on the merits, even if they survive Anthropic's pending motion to dismiss. ECF No. 205. Among other defects in those claims, Anthropic lacks actual knowledge of specific instances of infringement (as required for contributory infringement), does not obtain any financial benefit from users' infringement of Plaintiffs' lyrics (as required for vicarious infringement), and lacks the requisite intent to remove or alter CMI (as required for the DMCA claim).

3. **LEGAL ISSUES**

The Parties identify the following, non-exhaustive list of legal issues that remain in dispute:

**Publishers' Claims/Issues**. Whether Anthropic directly, contributorily, and/or vicariously infringed Publishers' copyrights; whether that infringement is willful; whether Anthropic violated 17 U.S.C. § 1202(b), such as by intentionally removing or altering Publishers' copyright management information; whether Publishers are entitled to preliminary and/or permanent injunctive relief; whether Publishers are entitled to actual or statutory damages and in what

amounts; and whether any other forms of relief are due to any party, including attorneys' fees.

**Anthropic's Defenses/Issues**. Whether Publishers can satisfy their burden of establishing that they own exclusive rights, and have standing to bring suit under 17 U.S.C. § 501, as to each of the works for which they assert copyright infringement claims; whether any alleged infringing conduct constitutes innocent infringement or non-willful infringement under 17 U.S.C. § 504; and the applicability of the fair use doctrine or other affirmative defenses to be raised by Anthropic.

## 4. MOTIONS

### a. Prior and Pending Motions

| Movant | Motion | Date Filed | Status |
|---|---|---|---|
| Anthropic | Motion to Dismiss, or, In the Alternative, to Transfer Venue | Nov. 11, 2023 (ECF No. 54) | Granted in part, denied in part (ECF No. 124) |
| Publishers | Motion for Preliminary Injunction ("PI Motion") | Initial motion filed in M.D. Tenn. on Nov. 16, 2023 (ECF No. 40); renewed motion filed following transfer to N.D. Cal. on Aug. 1, 2024 (ECF No. 179) | Pending; fully briefed; oral argument heard on Nov. 25, 2024; pursuant to the Parties' stipulation, denied in part as moot with respect to maintenance of Anthropic's output guardrails (ECF No. 291) |
| Publishers | Admin. Motion to Consider Whether Another Party's Material Should Be Sealed | Aug. 1, 2024 (ECF No. 178) | Terminated by Omnibus Sealing Order (ECF No. 258) |
| *Amici Curiae* Recording Industry Association of America et al. | Motion for Leave to File an *Amicus* Brief in Support of Publishers' PI Motion | Aug. 5, 2024 (ECF No. 193) | Granted (ECF No. 257) |
| Anthropic | Motion to Dismiss for Failure to State a Claim | Aug. 15, 2024 (ECF No. 205) | Pending; fully briefed; oral argument heard on Dec. 19, 2024 |
| Anthropic | Admin. Motion to File Under Seal | Aug. 22, 2024 (ECF No. 212) | Terminated by Omnibus Sealing Order (ECF No. 258) |

| | | | |
|---|---|---|---|
| Anthropic | Admin. Motion to Consider Whether Another Party's Material Should Be Sealed | Aug. 22, 2024 (ECF No. 213) | Terminated by Omnibus Sealing Order (ECF No. 258) |
| Non-Party *Bartz* et al. | Admin. Motion to Consider Whether Cases Should Be Related | Aug. 28, 2024 (ECF No. 215) | Denied (ECF No. 239) |
| *Amici Curiae* Chamber of Progress & Netchoice, LLC | Motion for Leave to File Brief as *Amici Curiae* in Opposition to Plaintiffs' PI Motion | Aug. 29, 2024 (ECF No. 219) | Granted (ECF No. 257) |
| Publishers | Joint Discovery Statement Regarding Threshold Disputes as to Plaintiffs' Discovery Requests to Defendant | Oct. 1, 2024 (ECF No. 245) | Granted in part, denied in part (ECF No. 273) by Magistrate Judge van Keulen |
| Parties | Joint Admin. Motion to File Under Seal | Nov. 1, 2024 (ECF No. 261) | Granted in part, denied in part (ECF No. 282) |
| Publishers | Motion for Leave to File Notice of Supplemental Authority | Feb. 11, 2025 (ECF No. 295) | Pending; fully briefed (ECF No. 296) |

b. **Anticipated Motions**

The Parties anticipate filing discovery-related motions, summary judgment motions, *Daubert* motions, motions *in limine*, and other pre-trial, trial, and post-trial motions.

5. **AMENDMENT OF PLEADINGS**

Publishers filed their Complaint in the Middle District of Tennessee on Oct. 18, 2023. ECF No. 1. No other pleadings have been filed. No other claims, defenses, or counterclaims have been asserted. Publishers reserve the right to seek leave to amend the pleadings as necessary, to address ongoing discovery and/or the Court's decision on the pending motion to dismiss, ECF No. 205. Anthropic reserves the right to object as the deadline for amendment as of right has passed, requiring Plaintiffs to seek leave of this Court.

6. **EVIDENCE PRESERVATION**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve relevant evidence.

**7. DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26, the Parties exchanged their initial disclosures on March 22, 2024 while this case was pending in the Middle District of Tennessee.

**8. DISCOVERY**

The Parties have exchanged various written discovery requests, met and conferred regarding certain discovery requests and disputes with respect to those requests, and begun to make rolling productions in response to those requests, as described below. Given the significant demands of the case and the novel nature of certain issues raised, however, substantial fact discovery remains to be completed. Accordingly, the Parties anticipate filing a Joint Stipulation and [Proposed] Order to Extend Case Deadlines pursuant to Civil L.R. 6-2, including to extend the current fact discovery deadline, as noted in Section 15 below.

**Publishers' Productions.** To date, Publishers have made 23 productions totaling over 12,000 pages across 6,800 documents. Publishers are continuing to make rolling productions, and anticipate that they will substantially complete production for the discovery they have agreed to produce by April 1, 2025.

**Anthropic's Productions.** Anthropic is working diligently to complete review of a substantial volume of documents, which includes more than 170,000 prompts and outputs from its commercial-facing Claude.ai product (narrowed from a universe of hundreds of millions records), as well as custodial ESI search and review. The parties are also meeting and conferring on collection, searching, and production of documents related to Claude API implementations that the Court determined were relevant in an order issued November 26, 2024 (ECF No. 245), which likely will require review of an additional tens of thousands of records. Anthropic is continuing to make rolling productions on a roughly weekly basis and anticipates that it will substantially complete production for the discovery it has agreed to produce by April 16, 2025.

**Stipulations and Protocols.** The Parties stipulated to updated versions of the Protective Order, ECF No. 293, and ESI Protocol, ECF No. 298, to conform with the Northern District of California Local Rules and practices and this Court's Standing Order. The Parties have also engaged in preliminary discussions to stipulate to a protocol concerning the inspection of

Anthropic's training data and source code, and expect to file the proposed stipulated protocol(s) shortly.

**Scope.** The Parties anticipate that the scope of fact discovery will include, but not be limited to, Publishers' claims of infringement, standing, and Anthropic's affirmative defenses. The Parties agree that no changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Rules are necessary at this time.

**Discovery Disputes.** Magistrate Judge van Keulen previously addressed the Parties' discovery dispute regarding certain threshold disputes as to Publishers' discovery requests to Anthropic. ECF No. 245. The Parties have since identified and raised additional discovery issues with one another and expect to file joint dispute statements on ripe issues before Magistrate Judge van Keulen in the coming days and weeks.

### 10. RELATED CASES

There are no cases that have been deemed to be related at this time. On September 19, 2024, the Court denied an administrative motion to consider whether *Bartz et al. v. Anthropic PBC*, No. 24-cv-05417-WHA, should be related to this case. ECF No. 239.

### 11. RELIEF

**Publishers' Position.** Publishers seek the following relief, as detailed more fully in their Complaint: judgement on each of Publishers' claims, including that Anthropic has directly and/or secondarily infringed Publishers' copyrights under the Copyright Act, that Anthropic has unlawfully removed and/or altered Publishers' copyright management information in violation of 17 U.S.C. § 1202, and that such infringement and unlawful activity was willful; an order for such equitable relief under Title 17, Title 28, and/or the Court's inherent authority as is necessary to prevent or restrain infringement of Publishers' copyrights and removal or alteration of Publishers' copyright management information, including preliminary injunctive relief, *see* ECF No. 179, and permanent injunctive relief; under 17 U.S.C. §§ 504 and 1203(c), statutory damages including in an amount up to $150,000 per work infringed and $25,000 per violation, respectively, or in the alternative, at Publishers' election, Publishers' actual damages and Anthropic's profits; an order requiring Anthropic to provide an accounting of the training data, training methods, and known

capabilities of its AI models, and to destroy under the Court's supervision all infringing copies of Publishers' copyrighted works in Anthropic's possession or control; Publishers' reasonable attorneys' fees and costs in this action, pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. § 1203(b)(4)-(5); pre- and post-judgment interest on any monetary award made part of the judgment; and such other and further relief as the Court deems proper.

**Anthropic's Position.** Anthropic disputes that Plaintiffs are entitled to any relief and reserves all of its defenses to liability and damages. Anthropic further reserves the rights to seek costs and expenses, including its reasonable attorneys' fees.

## 12. SETTLEMENT AND ADR

Pursuant to ADR L.R. 3-5(b), ADR Certifications were filed by Publishers and Anthropic on July 11, 2024, ECF Nos. 138–142, 144. The Parties previously discussed settlement in early May 2024 and concluded that the issues in this case were not sufficiently ripe for ADR or productive settlement discussions. During the initial Case Management Conference on October 24, 2024, the Parties agreed to revisit ADR discussions following the progression of fact discovery. Hr'g Tr. 23:12–25:14 (Oct. 24, 2024). Although the initial ADR deadline is currently set for March 31, 2025, the Parties anticipate requesting an extension to this deadline as part of their request to extend case deadlines given the current state of fact discovery, as noted in Section 15 below.

## 13. OTHER REFERENCES

Currently, the Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The Parties have agreed to have discovery disputes heard by Magistrate Judge Susan van Keulen.

## 14. NARROWING OF ISSUES

The Parties resolved one aspect of Publishers' pending Preliminary Injunction Motion, ECF No. 179, by stipulation requiring Anthropic to maintain Guardrails on its Claude AI models to prevent infringing outputs of copyrighted content, including Publishers' works, subject to certain conditions and exceptions, ECF No. 290, which the Court so ordered on January 2, 2025, ECF No. 291. The Parties' stipulation resolves Publishers' pending Motion for Preliminary Injunction in part, as it relates to Publishers' request for a preliminary injunction requiring

Anthropic to "maintain its already-implemented guardrails," ECF No. 179 at 9. Accordingly, following entry of this stipulation by the Court, Publishers' Motion for Preliminary Injunction was denied in part as moot with respect to that specific request. The stipulation is without prejudice to the Parties' rights, remedies, and defenses concerning the remaining aspects of the Motion for Preliminary Injunction. The Parties are currently unable to narrow any additional issues by agreement or otherwise.

### 15. SCHEDULE

The Court entered the Parties' proposed case schedule, as modified, on November 7, 2024. ECF No. 262. Given the significant demands of the case and the novel nature of certain issues raised, however, substantial fact discovery remains to be completed. The Parties have met and conferred and have determined that they will be unable to complete fact discovery by the current deadline of April 14, 2025. Accordingly, the Parties anticipate filing a Joint Stipulation and [Proposed] Order to Extend Case Deadlines pursuant to Civil L.R. 6-2, shortly after this joint statement.

### 16. TRIAL

Publishers have requested a trial by jury on all claims. Trial is currently scheduled on March 2, 2026. The Parties anticipate trial will last approximately **ten (10) days**.

### 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-15, Publishers and Anthropic filed their Certifications of Interested Entities or Persons, ECF Nos. 134, 145–52 and disclosed the following entities:

**Publishers**: ABKCO Music & Records, Inc., a New York corporation with its principal place of business in New York; Universal Music Publishing, Inc., a California Corporation with a principal place of business in California, which is wholly owned by Universal Music Group, Holdings, Inc.; Universal Music Group Holdings, Inc., which is wholly owned by Universal Music Group, Inc.; Universal Music Group, Inc., which is wholly owned by Universal Music Group, N.V, a publicly held corporation; more than 10% of Universal Music Group, N.V.'s stock is held by Compagnie de Cornouaille SAS and PS VII Master, L.P.

**Anthropic**: Google LLC, which is a wholly owned subsidiary of Alphabet, Inc.

**18. PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. CASE SUMMARY**

    **a. Party List**

| Plaintiffs | Concord Music Group, Inc. ("Concord"); Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music - MGB NA LLC, Polygram Publishing, Inc., Universal Music - Z Tunes LLC (collectively, "Universal"); and ABKCO Music, Inc ("ABKCO") (collectively, "Publishers"). |
|---|---|
| Defendant | Anthropic PBC. |
| *Amici Curiae* | Recording Industry Association of America, National Music Publishers' Association, Association of American Publishers, Inc., News/Media Alliance, Songwriters of North America, Black Music Action Coalition, Artists Rights Alliance, the Music Artists Coalition, and American the Association of Independent Music; Chamber of Progress and NetChoice, LLC. |

    **b. Summary of Claims**

Publishers filed their Complaint on October 18, 2023, asserting the following claims: Count I—Direct Copyright Infringement; Count II—Contributory Infringement; Count III—Vicarious Infringement; Count IV—Removal or Alteration of Copyright Management Information. Anthropic has not yet filed an Answer in this litigation.

    **c. Procedural History**

Publishers filed suit on October 18, 2023 in the Middle District of Tennessee, ECF No. 1, and moved for a preliminary injunction on November 16, 2023, ECF No. 40. Anthropic then moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. ECF No. 54. On June 24, 2024, that court granted Anthropic's motion in part and transferred the case to the Northern District of California (Judge Corley). ECF No. 124. Following transfer, Publishers filed a renewed preliminary injunction motion, ECF No. 179, and Anthropic moved to dismiss Publishers' non-direct infringement claims for failure to state a claim, ECF No. 205. The case was reassigned from Judge Corley to this Court on August 21, 2024. *See also supra,* Sec. 4 (detailing pending motions). The Court held hearings on the pending preliminary injunction motion and motion to dismiss on November 25, 2024, ECF No. 272, and December 19, 2024, ECF No. 281, respectively.

| | | |
|---|---|---|
| 1 | Dated: February 26, 2025 | Respectfully submitted, |
| 2 | By: */s/ Timothy Chung* | By: */s/ Joseph R. Wetzel* |
| 3 | **OPPENHEIM + ZEBRAK, LLP** | **LATHAM & WATKINS LLP** |
| | Matthew J. Oppenheim | Joseph R. Wetzel (SBN 238008) |
| 4 | Nicholas C. Hailey | joe.wetzel@lw.com |
| | Audrey L. Adu-Appiah | Andrew M. Gass (SBN 259694) |
| 5 | (admitted *pro hac vice*) | andrew.gass@lw.com |
| | 4530 Wisconsin Ave., NW, 5th Floor | Brittany N. Lovejoy (SBN 286813) |
| 6 | Washington, DC 20016 | britt.lovejoy@lw.com |
| 7 | Telephone: (202) 480-2999 | 505 Montgomery Street, Suite 2000 |
| | matt@oandzlaw.com | San Francisco, California 94111 |
| 8 | nick@oandzlaw.com | Telephone: +1.415.391.0600 |
| | aadu-appiah@oandzlaw.com | |
| 9 | | Sarang V. Damle |
| 10 | Jennifer Pariser | (admitted *pro hac vice*) |
| | Andrew Guerra | sy.damle@lw.com |
| 11 | Timothy Chung | 555 Eleventh Street NW, Suite 1000 |
| | (admitted *pro hac vice*) | Washington, DC 20004 |
| 12 | 461 5th Avenue, 19th Floor | Telephone: +1.202.637.2200 |
| | New York, NY 10017 | |
| 13 | Telephone: (212) 951-1156 | Allison L. Stillman |
| 14 | jpariser@oandzlaw.com | (admitted *pro hac vice*) |
| | andrew@oandzlaw.com | alli.stillman@lw.com |
| 15 | tchung@oandzlaw.com | 1271 Avenue of the Americas |
| | | New York, New York 10020 |
| 16 | **COBLENTZ PATCH DUFFY & BASS LLP** | Telephone: +1.212.906.1747 |
| 17 | Jeffrey G. Knowles (SBN 129754) | |
| | One Montgomery Street, Suite 3000 | Rachel Horn (SBN 335737) |
| 18 | San Francisco, CA 94104 | rachel.horn@lw.com |
| | Telephone: (415) 391-4800 | 140 Scott Drive |
| 19 | ef-jgk@cpdb.com | Menlo Park, California 94025 |
| | | Telephone: +1.650.328.4600 |
| 20 | **COWAN, LIEBOWITZ & LATMAN, P.C.** | |
| | Richard S. Mandel | *Attorneys for Defendant* |
| 21 | Jonathan Z. King | |
| 22 | Richard Dannay | |
| | (admitted *pro hac vice*) | |
| 23 | 114 West 47th Street | |
| | New York, NY 10036-1525 | |
| 24 | Telephone: (212) 790-9200 | |
| | rsm@cll.com | |
| 25 | jzk@cll.com | |
| 26 | rxd@cll.com | |
| 27 | *Attorneys for Plaintiffs* | |
| 28 | | |

**SIGNATURE ATTESTATION PURSUANT TO CIVIL L.R. 5-1(h)**

Pursuant to Civil L.R. 5-1(h), I hereby attest that concurrence in the filing of this document was obtained from all other signatories of this document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 26, 2025                              */s/ Timothy Chung*
                                                                          Timothy Chung