# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., | |
| Plaintiffs, | Case No. 3:23-cv-01092 |
| v. | |
| ANTHROPIC PBC, | Chief Judge Waverly D. Crenshaw, Jr. Magistrate Judge Alistair Newbern |
| Defendant. | |

## DEFENDANT ANTHROPIC PBC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 13–66)

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of this Court, Defendant Anthropic PBC ("Anthropic") responds to Plaintiffs' Second Set of Requests for the Production of Documents and Things ("Requests") as follows:[1]

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.   These responses are made solely for the purpose of this action.  Each response is subject to all objections as to relevance, materiality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of the responses if such responses were to be introduced at any hearing or trial of this matter, all of which objections and grounds are reserved and may be interposed at the time of such hearing or trial.

---

[1] Anthropic does not consent to jurisdiction in the United States District Court for the Middle District of Tennessee by virtue of responding to these Requests.  Anthropic does not waive, and expressly reserves, its rights to have this case dismissed, or in the alternative, transferred, per Anthropic's pending Motion to Dismiss. *See* ECF No. 54.

2.      These responses are made solely on Anthropic's behalf, and do not include information from other parties that is not already in Anthropic's possession, custody, or control.

3.      Anthropic has attempted in good faith to respond to these Requests, and its responses are based on information currently available to it at the time of this response.  Anthropic has not completed investigating the facts related to this action, and further discovery, investigation, research, and analysis may supply additional information that could alter the disclosures reflected in these responses.  In light of the continuing discovery and investigation, Anthropic reserves the right to further amend and/or supplement its responses, and expressly reserves the right to later use and present at trial any evidence, facts, and/or testimony developed or analyzed at a later date that is responsive to the Requests.  Notwithstanding the foregoing, Anthropic assumes no obligation to amend and/or supplement its responses beyond that which is required by law.

4.      Anthropic objects to the Requests that purport to impose on Anthropic discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or in the Local Rules for the United States District Court for the Middle District of Tennessee, orders entered in this case, agreements among the parties, or other applicable law.

5.      Anthropic objects to the Requests that seek Documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest doctrine, Fed. R. Civ. P. 26(b)(4)(A), and/or any other applicable privilege, immunity, or protection.  The identification or production of any such document or information shall not constitute a waiver of any applicable objection or privilege.  The disclosure of any information or production or identification of documents or communications that are privileged or otherwise immune from discovery shall be handled in accordance with the Protective Order and ESI Protocol.  Any inadvertent discovery and/or production of privileged documents and/or things shall not, pursuant

to the Protective Order and Federal Rule of Evidence 502, constitute a waiver of any privilege. For the purposes of responding to these Requests, Anthropic will interpret each Request, definition, and instruction as excluding information subject to privilege or immunity.

6.      Anthropic objects to the Requests that seek third-party confidential and/or proprietary information and/or information that is subject to or precluded by restrictions of confidentiality imposed by, or pursuant to, agreements between Anthropic and third parties. Anthropic will cooperate with Plaintiffs to identify what confidential third party information, if any, is relevant and reasonably necessary for investigation of the claims and defenses herein, subject to notice obligations.

7.      Anthropic objects to the Requests that seek the disclosure of documents or information not currently in Anthropic's possession, custody, or control.

8.      Anthropic objects to the Requests to the extent they seek documents containing trade secrets or confidential or proprietary information of Anthropic.  Anthropic will produce confidential documents and information as set forth herein, subject to the terms of the Protective Order in this action (ECF No. 62) and any other relevant agreements.

9.      Anthropic objects to the Requests to the extent they seek the disclosure of documents or information that (i) does not currently exist; (ii) is unavailable; (iii) is only available to be compiled with the expenditure of extraordinary efforts; and/or (iv) may be impractical or impossible to create and/or reasonably capture, resulting in a significant, punitive expense to Anthropic.

10.      Anthropic objects to the Requests that prematurely seek to require Anthropic to disclose individuals or information inconsistent with the Federal Rules of Civil Procedure,

including Federal Rule of Civil Procedure 26(a)(2) regarding expert testimony, as well as the rules and orders of this Court.

11.     Anthropic objects to the Requests to the extent to which any terms used therein are vague, ambiguous, or overbroad.

12.     Anthropic objects to the Requests to the extent they are cumulative and duplicative of other discovery requests propounded by Plaintiffs or forms of discovery that are more convenient and less burdensome.

13.     Anthropic objects to the Requests to the extent they call for legal conclusions.  Any response by Anthropic shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiffs' Requests, definitions, or instructions.

14.     Anthropic objects to the Requests to the extent they seek to require Anthropic to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information, or an inquiry of those persons who may be reasonably expected to possess responsive information.

15.     Anthropic objects to the Requests to the extent they purport to place an obligation on Anthropic to obtain or provide information that is publicly available or otherwise as readily available to Plaintiffs as it is to Anthropic.

16.     Anthropic's response to part or all of any Request is not intended to be, and shall not be construed to be, a waiver of any part of any objection to any Request.

17.     To the extent Anthropic agrees to produce documents or things in response to a particular Request, such a response does not mean that Anthropic has any such documents, and its responses should not be construed in such a manner.  Where Anthropic responds that it will

produce "documents, if any," or "any documents," it means that it will produce those documents

that exist and are located after a reasonable search.

18.     Anthropic's willingness to respond to any Request does not constitute an admission

that Anthropic agrees with any characterization, definition, or assumption contained in the Request

or an assumption or an acknowledgement by Anthropic that the Request is proper, that the

information sought is within the proper bounds of discovery, or that demands for similar

information will be treated in similar fashion.

## OBJECTIONS TO SPECIFIC DEFINITIONS

1.     Anthropic objects to the Definitions of "Defendant," "Anthropic," "You," or

"Your" on the basis that they are overbroad.  The inclusion of "any other person or entity . . .

previously acting or purporting to act" on behalf of Anthropic would both unreasonably expand

Anthropic's burden of collection, review, and production and would purport to submit non-parties

not in possession, custody, or control of relevant information in this litigation to discovery.

Anthropic will interpret "Defendant," "Anthropic," "You," or "Your" to mean the Anthropic PBC,

as identified in the complaint.

2.     Anthropic objects to the definition of "Claude" as overbroad, in that the definition

includes products and versions of Claude that Plaintiffs have failed to claim are infringing in this

action, including general purpose generative-AI large language models never made commercially

available and those hosted by third parties.  Any and all "general purpose generative-AI large

language model" created or developed by Anthropic and any model "created by Anthropic but

licensed to or hosted by third parties" other than those commercially available models identified

in Plaintiffs' Complaint, *i.e.*, Claude 1 and 2, are not relevant to either party's claims or defenses

nor proportional to the needs of this case.  Anthropic's responses should not be construed as

acquiescence to Plaintiffs' Definition of this term or as a limitation of the scope of Anthropic's

defenses or legal positions.  Anthropic will interpret "Claude" to mean Claude 1 and 2 for purposes of these Requests.

3.   Anthropic objects to the Definition of "AI Company"  as vague and ambiguous to the extent that "AI company" is used interchangeably with "any business or organization that provides generative AI services."

4.   Anthropic objects to the Definition of "Training Corpus" as vague and ambiguous to the extent it refers to any "collection of materials used to train a generative AI model."

5.   Anthropic objects to the Definition of "Employee" as overbroad to the extent that it includes "subsidiar[ies]" and "servant[s]."

6.     Anthropic objects to the definitions of "communication," "document," and "identify" on the grounds that they are overbroad to the extent they include documents or information beyond the requirements of the Federal Rules of Civil Procedure; documents or information that are not in Anthropic's possession, custody, or control; materials that are not proportionally relevant to the needs of this case; and materials from sources that are not reasonably accessible.  Anthropic's response should not be construed as acquiescence to Plaintiffs' Definition of these terms or as a limitation of the scope of Anthropic's defenses or legal positions.

7.   Anthropic objects to the failure to define terms that are vague, ambiguous, and/or subject to varying interpretations. Where possible, Anthropic will make a reasonable effort to respond to each Request, to the extent not otherwise objectionable, based upon its understanding and interpretation of the Request.  If Plaintiffs subsequently assert any interpretation of any Request that differs from Anthropic's interpretation, Anthropic reserves the right to supplement or amend its objections and responses.

## OBJECTIONS TO INSTRUCTIONS

1.      Anthropic objects to Instruction No. 3, and to each Request, as providing an overbroad timeframe.  The Requests, therefore, are overbroad, unduly burdensome, and are not reasonably calculated to lead to the discovery of admissible evidence.  Unless otherwise stated, Anthropic responds to the Requests, to the extent possible based on information maintained in the ordinary course of business, from September 2022 to the present.

2.      Anthropic objects to Instruction No. 7, and each Request, to the extent it purports to impose procedures or requirements for identifying information over which Anthropic claims privilege.  Anthropic will produce a privilege log identifying any such information in a manner to be mutually agreed among the parties.

*      *      *

Each of the foregoing Objections is incorporated in full to each response below as if restated fully therein.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 13:

Documents sufficient to identify Anthropic's personnel, including the job titles and responsibilities of such personnel, responsible for developing, interpreting, or implementing any policies, practices, procedures, or strategies related to the use, reproduction, distribution, or display of copyrighted material in Claude's Training Corpus and/or outputs.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "responsible for," which does not on its own

offer appropriate parameters for providing a response, nor is it accompanied by a definition indicating the level of responsibility sought.  Anthropic objects to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because the burden of producing documents sufficient to identify *all* personnel with responsibility for developing, interpreting, or implementing certain "policies, practices, procedures, or strategies" significantly outweighs the possible benefit of discovery.  Anthropic also objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic further objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Interrogatory No. 2.  Anthropic will interpret the Request to call for non-privileged documents sufficient to identify Anthropic personnel directly or principally responsible for developing, interpreting, or implementing any policies, practices, procedures, or strategies related to the use, reproduction, distribution, or display of copyrighted material in Claude's Training Corpus and/or outputs.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the identities and roles of individuals who are primarily responsible for data acquisition and data partnerships relating to Claude models, to the extent such documents exist and are located after a reasonable search.  With respect to the portion of this Request pertaining to outputs, Anthropic refers Plaintiffs to its response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify Anthropic's personnel, including the job titles and responsibilities of such personnel, responsible for training Claude, including persons responsible for selecting training inputs, collecting training inputs, maintaining training data, tokenizing data, and finetuning Claude models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "responsible for," and the undefined term "finetuning," which do not on their own offer appropriate parameters for providing a response, nor is it accompanied by a definition indicating the level of responsibility sought. Anthropic objects to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because the burden of producing documents sufficient to identify *all* personnel with responsibility for selecting training inputs, collecting training inputs, maintaining training data, tokenizing data, and finetuning Claude models significantly outweighs the possible benefit of discovery. Anthropic further objects to this Request as overbroad and seeking information not relevant to either party's claims or defenses because it asks for documents sufficient to identify individuals with responsibility for "finetuning Claude models" broadly, as opposed to finetuning related to copyrighted content specifically. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic further objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Interrogatory No. 3.

Anthropic will interpret the Request to call for non-privileged documents sufficient to identify Anthropic personnel directly or principally responsible for selecting training inputs, collecting training inputs, maintaining training data, tokenizing data, and finetuning related to potentially copyrighted content.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the identities and roles of individuals who are primarily responsible for training and finetuning Claude models, to the extent such documents exist and are located after a reasonable search.  With respect to the portion of this Request pertaining to finetuning, Anthropic also refers Plaintiffs to its response to Interrogatory No. 3.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to identify Anthropic's personnel, including job titles and responsibilities of such personnel, responsible for addressing violations of Anthropic's Terms of Service and Acceptable Use Policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "responsible for," which does not on its own offer appropriate parameters for providing a response, nor is it accompanied by a definition indicating the level of responsibility sought.  Anthropic objects to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because the burden of producing documents sufficient to identify *all* personnel with responsibility for addressing violations of Anthropic's

Terms of Service and Acceptable Use Policies significantly outweighs the possible benefit of discovery. Anthropic further objects to this Request as overbroad and seeking information not relevant to either party's claims or defenses because it asks for documents sufficient to identify individuals with responsibility for "Anthropic's Terms of Service and Acceptable Use Policies" broadly, rather than the terms and provisions specifically relating to copyright infringement. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic will interpret the Request to call for non-privileged documents sufficient to identify Anthropic personnel directly or principally responsible for addressing violations of Anthropic's Terms of Service and Acceptable Use Policy related to copyright infringement.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the identities and roles of the individuals who are primarily responsible for addressing violations of Anthropic's Terms of Service and Acceptable Use Policy related to copyright infringement, to the extent such documents exist and are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 16:

Documents sufficient to show Anthropic's total revenues and profits, by month and year, including a breakdown by service provided.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad and seeking information that is not relevant to either party's claims or defenses insofar as it seeks

financial information not relevant to the claims and defenses in this action, and therefore is not likely to lead to the discovery of admissible evidence.  Anthropic further objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.  Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile.  Anthropic further objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 17 and 18.

Subject to and without waiving the foregoing specific and general objections, Anthropic is willing to meet and confer regarding the relevance and scope of this Request.

## REQUEST FOR PRODUCTION NO. 17:

Documents sufficient to show Anthropic's fee structure for selling, licensing, or otherwise granting access to Claude and the total revenue Anthropic derived from charging Users or Subscribers on a per-token, per-input, or per-output basis.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad and seeking information that is not relevant to either party's claims or defenses insofar as it seeks financial information not relevant to the claims and defenses in this action, and therefore is not likely to lead to the discovery of admissible evidence.  Anthropic further objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.  Anthropic also objects to this Request to the extent it requires Anthropic to create

or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic also objects to this Request to the extent that it seeks to elicit third-party confidential and/or proprietary information and/or information that is subject to or precluded by restrictions of confidentiality. Anthropic further objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request No. 16 and 18. Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show Anthropic's pricing for its Claude products, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show the total revenue that Anthropic derived from User and Subscriber uses of Claude to search for, identify, or generate preexisting songs or their lyrics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as unduly burdensome, oppressive, and involving undue expense to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to the Request as vague and ambiguous insofar as it includes the undefined phrase "derived from."

Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 6, 16, and 17.  Anthropic further objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.  Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  Anthropic also objects to this Request as prematurely seeking expert discovery and legal conclusions.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic is not aware of any responsive, non-privileged documents related to this Request.  However, to the extent such documents exist and are located after a reasonable search, Anthropic will produce any responsive, non-privileged documents in its possession, custody, or control related to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All contracts, licenses, or any other agreements between Anthropic and any other person or entity to provide training data to Anthropic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request on the ground that it is overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks, without limitation, all "contracts, licenses, or any other agreements" relating to the provision of training data to Anthropic, which may not be relevant to any claims or defenses in this case. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phase "other agreements."  Anthropic also objects to this Request to the extent that it seeks to elicit

third-party confidential and/or proprietary information and/or information that is subject to or precluded by restrictions of confidentiality. Anthropic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Anthropic further objects to this Request to the extent it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request No. 1. Anthropic also objects to this Request as prematurely seeking expert discovery and legal conclusions.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce agreements to acquire or provide access to content in its possession, custody, or control, to the extent that such documents exist and are located after a reasonable search. To the extent that any responsive contracts require notice or consent from the other contracting party prior to disclosure, Anthropic will need to comply with those terms prior to production.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning Anthropic's use or potential use of data generated internally or synthetic data to train Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request because it seeks the production of documents with no discernable connection to any party's claim or defense in this case, and is not likely to lead to the discovery of admissible evidence. Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it calls for "[a]ll Documents and Communications" concerning the "use or potential use" of a particular

kind of data.  Anthropic also objects to this Request as overbroad and unduly burdensome because it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic will not search for, compile, or produce any documents or communications in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications concerning policies, manuals, guidelines, instructions, and evaluations concerning the dataset, prompts, or human feedback used to finetune Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined terms "finetune" and "human feedback," which do not on their own offer appropriate parameters for providing a response.  Anthropic further objects to this Request as overbroad, unduly burdensome, and seeking the production of documents that are not relevant to either party's claims or defenses in this case because it asks for documents concerning finetuning broadly, as opposed to finetuning related to copyrighted content specifically.  Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 22, 23, 24, 25, and 26.  Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.

Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic is willing to meet and confer regarding the relevance and scope of this Request.

## REQUEST FOR PRODUCTION NO. 22:

All Documents and Communications directed to Anthropic's employees, agents, contractors, data work platforms, or crowdworkers concerning prompts or human feedback used to finetune Claude.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined terms and phrases "finetune," "human feedback," "data work platforms," and "crowdworkers," which do not on their own offer appropriate parameters for providing a response. Anthropic further objects to this Request as overbroad, unduly burdensome, and seeking the production of documents that are not relevant to either party's claims or defenses in this case because it asks for documents concerning finetuning broadly, as opposed to finetuning related to copyrighted content specifically. Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 21, 24, 25, and 26. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:    Anthropic will produce responsive, non-privileged documents and communications in its possession, custody, or control directed at Anthropic's employees, agents, contractors, or crowdworkers concerning song lyrics in the context of finetuning prompts and human feedback, to the extent that such documents and communications exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications directed to Anthropic employees, agents, contractors, data work platforms, or crowdworkers, concerning outputs generated while finetuning Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.    Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined terms and phrases "finetune," "data work platforms," and "crowdworkers," which do not on their own offer appropriate parameters for providing a response.  Anthropic further objects to this Request as overbroad, unduly burdensome, and seeking the production of documents that are not relevant to either party's claims or defenses in this case because it asks for documents concerning finetuning broadly, as opposed to finetuning related to copyrighted content specifically.  Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request No. 21.  Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.  Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

18

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:    Anthropic will produce responsive, non-privileged documents and communications in its possession, custody, or control directed at Anthropic's employees, agents, contractors, or crowdworkers concerning song lyrics in the context of finetuning outputs, to the extent that such documents and communications exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning the selection and use of human feedback data to train and/or finetune Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.    Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined terms and phrases "finetune," and "human feedback data," which do not on their own offer appropriate parameters for providing a response.    Anthropic further objects to this Request as overbroad, unduly burdensome, and seeking the production of documents that are not relevant to either party's claims or defenses in this case because it asks for documents concerning finetuning broadly, as opposed to finetuning related to copyrighted content specifically.    Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 21, 22, 25, and 26.    Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic

responds as follows:  Anthropic will produce responsive, non-privileged documents and communications in its possession, custody, or control concerning the selection and use of human feedback data containing song lyrics to train and/or finetune Claude, to the extent that such documents and communications exist and are located  after a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents concerning criteria Anthropic used or considered to select the data, datasets, and sources of data used to train and/or finetune Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined terms "considered" and "finetune," which do not on their own offer appropriate parameters for providing a response.  Anthropic further objects to this Request as overbroad, unduly burdensome, and seeking the production of documents that are not relevant to either party's claims or defenses in this case because it asks for documents concerning finetuning broadly, as opposed to finetuning related to copyrighted content specifically.  Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 21, 22, 24, and 26.  Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.  Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic will produce responsive, non-privileged documents in its

possession, custody, or control sufficient to show the criteria used by Anthropic to select data for training Claude models, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning Anthropic's diligence, review, assessment, or efforts to select among data or datasets used or considered for use to train and/or finetune Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined terms "considered for use" and "finetune," which do not on their own offer appropriate parameters for providing a response. Anthropic further objects to this Request as overbroad, unduly burdensome, and seeking the production of documents that are not relevant to either party's claims or defenses in this case because it asks for documents concerning finetuning broadly, as opposed to finetuning related to copyrighted content specifically. Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 21, 22, 24, and 25. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents and

communications in its possession, custody, or control sufficient to show Anthropic's data acquisition and data evaluation process, to the extent that such documents and communications exist and are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 27:

All Documents and Communications concerning Anthropic's methods and criteria for cleaning, filtering, editing, or otherwise modifying data used to train Claude.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as seeking the production of irrelevant information in that it calls for documents that have no discernible connection to either party's claim or defense, and is not likely to lead to the discovery of admissible evidence. Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it calls for "[a]ll Documents and Communications" concerning methods and criteria for modifying training data broadly, rather than potentially copyrighted training data. Anthropic further objects to this Request as vague and ambiguous insofar as it includes the undefined terms "cleaning," "filtering," "editing," and "modifying," which do not on their own offer appropriate parameters for providing a response. Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Interrogatory No. 9. Anthropic also objects to this Request as overbroad and unduly burdensome because it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will not search for, compile, or produce any documents or communications in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to show every instance of the Works contained in the Training Corpus for each Claude model.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as unduly burdensome because it seeks documents that are impossible to capture without imposing significant, punitive expense on Anthropic due to the sheer enormity of Anthropic's training corpus and Plaintiffs' unwillingness to provide full song lyrics to the Works. Anthropic objects to this Request to the extent it imposes an obligation to create information and/or documents that do not already exist. Anthropic objects to this Request because the undefined phrase "contained in" is vague and ambiguous. Anthropic also objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents regarding models or products not relevant to any claim or defense in this litigation. Anthropic objects to this request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will make available for inspection, pursuant to an inspection protocol to be negotiated by the parties, the training data used to train Claude models that it locates after a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning the use of copyrighted materials to train Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request to the extent it calls for a legal conclusion about the potential copyright protections of the enormous quantity of materials used to train Claude. Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection. Anthropic further objects to this Request as vague and ambiguous as to what "the use of copyrighted materials" means. Anthropic objects to this Request as unduly burdensome because it seeks "[a]ll Documents concerning the use of copyrighted materials." Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will not search for, compile, or produce any documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning the appearance or inclusion of copyrighted materials in outputs generated by Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request to the extent it calls for a legal conclusion about the potential copyright protections of the enormous quantity of outputs

24

generated in response to Claude user prompts.  Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection.  Anthropic further objects to this Request as vague and ambiguous as to what "the appearance or inclusion of copyrighted materials" means.  Anthropic objects to this Request as unduly burdensome because it seeks "[a]ll Documents concerning the appearance or inclusion of copyrighted materials."  Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic will not search for, compile, or produce any documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents concerning policies, practices, procedures, protocols, or capabilities, that Anthropic considered, formulated, rejected, or adopted concerning the use of copyrighted materials to train Claude, the appearance of copyrighted materials in Claude's outputs, or the actual or potential infringement of copyrights in any aspect of Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because the burden of producing "[a]ll Documents concerning policies, practices, procedures, protocols, or capabilities, that Anthropic considered, formulated, rejected, or adopted" significantly outweighs the possible benefit of discovery.  Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Anthropic objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile.  Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 29 and 30.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show relevant Anthropic policies and procedures related to training Claude and preventing copyright infringement, to the extent such documents exist and are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 32:

All policies, statements of policy, guidelines, or instructions related to copyright infringement directed to Anthropic's employees, contractors, crowdworkers, or other individuals or entities working on behalf of, at the direction of, or under the supervision of Anthropic.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case because the burden of producing "[a]ll policies, statements of policy, guidelines, or instructions related to copyright infringement" to "Anthropic's employees, contractors, crowdworkers, or other individuals or entities working on behalf of, at the direction of, or under the supervision of Anthropic" significantly outweighs the possible benefit of discovery.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined term "crowdworkers," which could refer to any individual and does

not on its own offer appropriate parameters for providing a response, along with the undefined phrases "on behalf of," "at the direction of," and "under the supervision of Anthropic." Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show policies and procedures related to preventing copyright infringement, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 33:**

All policies directed to Anthropic's Users and Subscribers relating to copyright infringement, including any Documents or Communications discussing such copyright infringement policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show public policies and procedures related to preventing copyright infringement, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show the metrics that Anthropic tracks or data that Anthropic collects about Users and Subscribers who violate Anthropic's Acceptable Use Policy or Terms of Service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined term "metrics," which does not on its own offer an appropriate parameter for providing a response. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile.

Subject to and without waiving the foregoing specific and general objections, Anthropic is willing to meet and confer regarding the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning the impact or effectiveness of any policies, procedures, or protocols intended to stop alleged copyright infringement in the training or use of Claude, including any reports, plans, studies, analysis, research, audits, or evaluations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it calls for "[a]ll Documents . . . including any reports, plans, studies, analysis, research, audits, or evaluations." Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined term "training," which does not on its own offer an appropriate parameter for providing a response. Anthropic objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Anthropic objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic also objects to this Request to the extent it prematurely seeks expert testimony or discovery. Anthropic objects to the Request to the extent that it seeks legal conclusions about the potential copyright protections of the enormous quantity of materials used to train Claude.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control concerning the impact or effectiveness of any policies, procedures, or protocols preventing copyright infringement in the use of Claude, to the extent such documents

exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications concerning the potential or actual use of technologies, tools, or devices to modify outputs generated by Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it calls for "[a]ll Documents and Communications" concerning "potential or actual use of technologies, tools, or devices." Anthropic also objects to this Request as vague and ambiguous insofar as it includes the undefined terms "technologies," "tools," and "devices." Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the technologies, tools, or devices designed to prevent copyright infringement, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications concerning the potential or actual use of technologies, tools, or devices to modify prompts submitted by Users or Subscribers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it calls for "[a]ll Documents and Communications" concerning "potential or actual use of technologies, tools, or devices." Anthropic also objects to this Request as vague and ambiguous insofar as it includes the undefined terms "technologies," "tools," and "devices." Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the technologies, tools, or devices designed to prevent copyright infringement, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning any technological or other means, including guardrails, output filters, or modification of User prompts, that Anthropic considered or implemented to detect, address, limit, prevent, or remedy the use of Claude to infringe copyrights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it asks for "[a]ll Documents

concerning any technological or other means . . . Anthropic considered or implemented . . . ." Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "technological or other means," which does not on its own offer appropriate parameters for providing a response.  Anthropic further objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.  Anthropic objects to the Request to the extent that it seeks legal conclusions about the potential copyright protections of the enormous quantity of materials used to train Claude.  Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 39 and 41 and Interrogatory Nos. 12 and 13.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the technological implementation of guardrails, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications concerning any potential or actual use of technologies, tools, devices, or other mechanisms to detect, address, limit, or prevent Claude's generation of copyrighted material in its output.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it calls for "[a]ll Documents and

Communications" concerning "potential or actual use of technologies, tools, devices, or other mechanisms." Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined terms "technologies," "tools," "devices," and "mechanisms." Anthropic further objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Anthropic objects to the Request to the extent that it seeks legal conclusions about the potential copyright protections of the enormous quantity of materials used to train Claude. Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 38 and 41 and Interrogatory Nos. 12 and 13.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents and communications in its possession, custody, or control sufficient to show the technological implementation of guardrails, to the extent such documents and communications exist and are located after a reasonable search.

**<u>REQUEST FOR PRODUCTION NO. 40:</u>**

All Documents and Communications concerning any potential or actual use of technologies, tools, devices, or other mechanisms to detect, limit, or prevent the use of copyrighted materials in Claude's Training Corpus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it calls for "[a]ll Documents and Communications" concerning "potential or actual use of technologies, tools, devices, or other mechanisms." Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined terms "technologies," "tools," "devices," and "mechanisms." Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to the Request to the extent that it seeks legal conclusions about the potential copyright protections of the enormous quantity of materials used to train Claude. Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Interrogatory No. 11. Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show Anthropic's efforts to ensure that certain content is not contained with its training corpus for Claude models.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications concerning any potential or actual use of

34

technologies, tools, devices, or other mechanisms to detect, limit, or prevent uses of Claude that violate Anthropic's Acceptable Use Policy or Terms of Service.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it calls for "[a]ll Documents and Communications" concerning "potential or actual use of technologies, tools, devices, or other mechanisms." Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined terms "technologies," "tools," "devices," and "mechanisms," which do not on their own offer appropriate parameters for providing a response. Anthropic objects to this Request because it seeks information that is not relevant to either party's claims or defenses in this case. Anthropic objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 38 and 39 and Interrogatory Nos. 12 and 13.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: With respect to the portion of this Request pertaining to preventing uses of Claude that relate to copyright infringement, Anthropic will produce responsive, non-privileged documents and communications in its possession, custody, or control sufficient to show the technological implementation of guardrails, to the extent such documents and communications

exist and are located after a reasonable search.  To the extent this Request asks for any violations unrelated to copyright infringement, Anthropic will not search for, compile, or produce any documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications regarding technological or other means or mechanisms that Anthropic has implemented to detect, address, limit, prevent, or remedy violations of Anthropic's Terms of Service or Acceptable Use Policy unrelated to copyright.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it asks for "[a]ll Documents and Communications . . . unrelated to copyright" that are not relevant to either party's claims or defenses in this case.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "technological or other means or mechanisms," which does not on its own offer appropriate parameters for providing a response.  Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile.  Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 38, 39, and 41.

Subject to and without waiving the foregoing specific and general objections, Anthropic

responds as follows:  With respect to the portion of this Request pertaining to preventing uses of Claude that relate to copyright infringement, Anthropic will produce responsive, non-privileged documents and communications in its possession, custody, or control sufficient to show the technological implementation of guardrails, to the extent such documents and communications exist and are located after a reasonable search.  To the extent this Request asks for any violations unrelated to copyright infringement, Anthropic will not search for, compile, or produce any documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications concerning any failure, malfunction, or defect in Claude guardrails or output filters, including but not limited to vulnerabilities reported under Anthropic's Responsible Disclosure Policy, bug reports, and reports concerning jailbreaks or "harmlessness" issues.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it asks for "[a]ll Documents and Communications concerning *any* failure, malfunction, or defect in Claude guardrails or output filters" that are not relevant to either party's claims or defenses in this case.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "harmlessness issues," and the undefined terms "failure," "malfunction," "defect," and "jailbreaks," and "vulnerabilities," which on their own do not offer appropriate parameters for providing a response. Anthropic objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or

otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 45 and 46. Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control regarding instances of regurgitation of Publishers' Works, to the extent these documents exist and are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 44:

All manuals and handbooks concerning the Claude models directed to Anthropic employees, contractors, or any other individual or entity working on behalf, at the direction, under the supervision, or for the benefit of Anthropic.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case as it asks for "[a]ll manuals and handbooks" that are not relevant to either party's claims or defenses in this case. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrases "at the direction of," "under supervision," and "for the benefit of Anthropic," which do not on their own offer appropriate parameters for providing a response. Anthropic objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary

efforts to compile. Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show manuals and handbooks concerning the Claude models, to the extent these documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning the relative success or failure, including success or failure rates, of Anthropic's guardrails, output filters, or other technological measures in preventing the output of copyrighted works or the use of copyrighted materials in the Training Corpus for Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case, as the Request concerns "copyrighted works or the use of copyrighted materials" beyond the works at issue in this litigation. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrases "relative success or failure" and "other technological measures," which do not on their own offer appropriate parameters for providing a response. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business,  or

otherwise requires the expenditure of extraordinary efforts to compile.  Anthropic objects to this Request to the extent it prematurely seeks expert testimony or discovery.  Anthropic objects to the Request to the extent that it seeks legal conclusions about the potential copyright protections of the enormous quantity of materials used to train Claude.  Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 43 and 46.  Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic will produce responsive, non-privileged documents in its possession, custody, or control regarding the rates at which Anthropic's guardrails related to copyrighted content are triggered, to the extent these documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show the failure or error rate of Anthropic's guardrails, output filters, or other technological measures in preventing outputs in violation of Anthropic's Acceptable Use Policy, Terms of Service, or Claude's constitutional principles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this case, as the Request seeks documents not relevant to any party's claims or defenses.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrases "failure or error rate" and "other

40

technological measures," which do not on their own offer appropriate parameters for providing a response. Anthropic objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request as prematurely seeking expert discovery and legal conclusions. Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 43 and 45. Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: With respect to the portion of this Request pertaining to guardrails related to copyrighted content, Anthropic refers Plaintiffs to its response to Request No. 45. Anthropic will not search for, compile, or produce any documents in response to the remainder of this Request at this time.

## REQUEST FOR PRODUCTION NO. 47:

All Documents and Communications concerning Anthropic's first awareness of the use of copyrighted materials in the Training Corpus for Claude.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to the Request to the extent that it seeks legal conclusions about the potential copyright protections of the enormous quantity of materials used to train Claude. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic also

objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic is willing to meet and confer regarding the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications concerning Anthropic's first awareness of the inclusion or appearance of copyrighted materials in outputs generated by Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to the Request to the extent that it seeks legal conclusions about the potential copyright protections of the enormous quantity of materials used to train Claude.  Anthropic objects to the Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Interrogatory No. 1.  Anthropic also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic refers Plaintiffs to its response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications, including but not limited to reports, plans, studies, consumer research materials, advertising or marketing materials, or presentations, concerning the use or potential use of Claude to search for, identify, or generate songs or their lyrics; to combine lyrics from one source with lyrics from another source; or to combine lyrics from one source with

lyrics generated by Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for "[a]ll Documents and Communications" concerning "songs or their lyrics" generally, rather than Publishers' Works.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "the use or potential use of Claude" and the undefined term "source," which do not on their own offer appropriate parameters for providing a response.  Anthropic further objects to this Request to the extent it prematurely seeks expert testimony or discovery.  Anthropic also objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic is not aware of any responsive, non-privileged documents related to this Request.  However, to the extent such documents exist and are located after a reasonable search, Anthropic will produce any responsive, non-privileged documents in its possession, custody, or control related to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show, by Claude model and by date, all User or Subscriber prompts instructing Claude to search for, identify, recite, or otherwise generate songs or their lyrics; to combine lyrics from one source with lyrics from another source; or to combine lyrics from one source with lyrics generated by Claude.

43

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, oppressive, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for "all User or Subscriber prompts" relating to use of all "songs or their lyrics," rather than relating to Publishers' Works. Such "lyrics" can include, for example, a single common word or phrase. Anthropic also objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "the use or potential use of Claude" and the undefined term "source," which do not on their own offer appropriate parameters for providing a response. Anthropic objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it prematurely seeks expert testimony or discovery. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic also objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic is willing to meet and confer regarding the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show all Claude responses or outputs containing song lyrics, including a breakdown by Claude model and date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, oppressive, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for "all Claude responses or outputs" containing all "song lyrics," rather than relating to Publishers' Works.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "song lyrics," which does not on its own offer appropriate parameters for providing a response, as it can include, for example, a single common word or phrase.  Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile.  Anthropic objects to this Request to the extent it prematurely seeks expert testimony or discovery.  Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.  Anthropic also objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic is willing to meet and confer regarding the relevance and scope of this request.

**REQUEST FOR PRODUCTION NO. 52:**

Any report, study, presentation, or analysis concerning the degree to which Claude generates outputs containing copyrighted material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections

to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it relates "copyrighted material" generally, rather than Publishers' Works. Anthropic objects to this Request as prematurely seeking expert discovery and legal conclusions regarding whether certain content is or is not protected under copyright law. Anthropic also objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic is willing to meet and confer regarding the relevance and scope of this request.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications with third parties concerning alleged copyright infringement, including Communications with any employee, officer, or director of any other AI company; with any employee, officer, or director of any company in the music industry; or with any copyright holders, their agents, or their vendors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, oppressive, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for "[a]ll Documents and Communications with third parties" concerning any "alleged copyright infringement," rather than alleged copyright infringement related to Publishers' Works.  Additionally, the Request includes Documents and Communications with "any employee, officer, director" of "any" AI or music

46

company, and "any copyright holders, their agents, or their vendors," the majority of which are unlikely to contain any information pertaining to either party's claims or defenses.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined term "vendors," which does not on its own offer appropriate parameters for providing a response.  Anthropic objects to this Request as seeking legal conclusions regarding whether certain content is or is not protected under copyright law.  Anthropic also objects to this Request to the extent that it seeks to elicit third-party confidential and/or proprietary information and/or information that is subject to or precluded by restrictions of confidentiality.  Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic also objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents and communications with third parties in its possession, custody, or control concerning alleged copyright infringement related to the Publishers' Works, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show on a monthly, quarterly, and yearly basis the number of copyright infringement notices that Anthropic received concerning Claude.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as seeking information

that is not relevant to either party's claims or defenses in this case, because it asks for documents relating to *all* copyright infringement notices, rather than those pertaining to Publishers' Works. Anthropic objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic further objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic is not aware of any responsive, non-privileged documents related to this Request. However, to the extent such documents exist and are located after a reasonable search, Anthropic will produce any responsive, non-privileged documents in its possession, custody, or control related to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications regarding the inclusion or exclusion of principles from Claude's Constitution, including but not limited to principles or policies concerning copyrights, moral rights, or other intellectual property rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for "[a]ll Documents and

Communications" regarding "the inclusion or exclusion" of all principles from Claude's Constitution, rather than copyright specifically. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "inclusion and exclusion of principles," which does not on its own offer appropriate parameters for providing a response. Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents and communications in its possession, custody, or control, regarding the inclusion or exclusion of principles related to copyright from Claude's Constitution, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to identify all statements directed to Users regarding the use of Claude to search for copyrighted material or generate outputs containing copyrighted material, including copyrighted compositions and their lyrics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request No. 33. Anthropic objects to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for "all statements directed to Users" regarding "outputs containing copyrighted material," rather than songs or Publishers'

Works specifically.  Anthropic also objects to this Request as seeking legal conclusions regarding whether certain content is or is not protected under copyright law.  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "statements directed to Users."  Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.  Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to identify statements directed to Users regarding the use of Claude to search for copyrighted material or generate outputs that substantially reproduce copyrighted material, to the extent such documents exist and are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 57:

Documents sufficient to show on a monthly, quarterly, and annual basis the number of instances in which Anthropic notified a User or Subscriber that the User or Subscriber's use of Claude infringed on copyrights or violated an infringement-related provision of Anthropic's Terms of Service.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for documents relating to works other than Publishers' Works and relating to notifications of violations other than copyright violations.

Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined term "infringement-related provision." Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the number of instances in which Anthropic notified a User or Subscriber that the User or Subscriber's use of Claude constituted copyright infringement, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to show on a monthly, quarterly, and annual basis the number of instances in which Anthropic removed or disabled access to material identified as infringing or potentially infringing third-party copyrights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as seeking information that is not relevant to either party's claims or defenses because it asks for the number of instances in which Anthropic removed or disabled access to material identified as infringing or potentially infringing "third-party copyrights," rather than infringing Publishers' Works. Anthropic also

objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the number of instances in which Anthropic removed or disabled access to material identified as infringing any third-party copyrights, to the extent such documents exist and are located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 59:**

Documents sufficient to show on a monthly, quarterly, and annual basis the number of Users or Subscribers whose accounts or service Anthropic restricted, cancelled, or terminated due to alleged copyright infringement or violation of provisions in Anthropic's Terms of Service or Acceptable Use Policy concerning intellectual property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for the number of users or subscribers whose accounts or service Anthropic restricted, cancelled, or terminated due to "violation of provisions" concerning all "intellectual property," rather than copyright or Publishers' Works specifically. Anthropic also objects to this

Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic is not aware of any responsive, non-privileged documents related to this Request. However, to the extent such documents exist and are located after a reasonable search, Anthropic will produce any responsive, non-privileged documents in its possession, custody, or control related to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to show on a monthly, quarterly, and annual basis the number of Users or Subscribers whose accounts or service Anthropic restricted, cancelled, or terminated for reasons unrelated to alleged copyright infringement, including due to violations of Anthropic's Acceptable Use Policy or Terms of Service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request because it seeks information that is not relevant to either party's claims or defenses in this case, specifically, documents "unrelated to alleged copyright infringement." Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary

53

efforts to compile.  Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation.  Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic will not search for, compile, or produce any documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 61:**

All Documents and Communications concerning any review or analysis of the adequacy, reasonableness, or efficacy of Anthropic's policies or procedures concerning copyright infringement, including without limitation any current or former copyright or repeat infringer policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request as overbroad, unduly burdensome, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for all "Documents and Communications" concerning "*any* review or analysis" of the "adequacy, reasonableness, or efficacy of Anthropic's policies or procedures concerning copyright infringement."  Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined terms "adequacy," "reasonableness," and "efficacy."  Anthropic also objects to this Request as prematurely seeking expert discovery and legal conclusions.  Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other

applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents and communications in its possession, custody, or control sufficient to show Anthropic's policies or procedures concerning copyright infringement, to the extent such documents exist and are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 62:

Documents sufficient to show on a monthly, quarterly, and annual basis the number of instances in which Anthropic removed or disabled access to material identified as violating Anthropic's Terms of Use or Acceptable Use Policy on grounds other than copyright infringement.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 62:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request because it seeks information that is not relevant to either party's claims or defenses in this case, specifically, documents relating to violations "other than copyright infringement."  Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile.  Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows:  Anthropic will not search for, compile, or produce any documents in response

to this Request at this time.

## REQUEST FOR PRODUCTION NO. 63:

Documents sufficient to show the resources and budget for each Anthropic team responsible for receiving, responding to, processing, and addressing infringement notices or for detecting, monitoring, or preventing instances of copyright infringement using Claude.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined term "resources," which does not on its own offer appropriate parameters for providing a response. Anthropic objects to this Request because it seeks information that is not relevant to either party's claims or defenses in this case, specifically, the "resources and budget" for Anthropic teams. Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will not search for, compile, or produce any documents in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 64:

Documents sufficient to show the resources and budget for each team responsible for

receiving, responding to, processing, and addressing notices of non-copyright infringement violations of Anthropic's Terms of Use or Acceptable Use Policy and for detecting, monitoring, or policing content for such violations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined term "resources," which does not on its own offer appropriate parameters for providing a response. Anthropic objects to this Request because it seeks information that is not relevant to either party's claims or defenses in this case, specifically, the "resources and budget" for Anthropic teams responsible for addressing "non-copyright infringement violations." Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will not search for, compile, or produce any documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents on which you rely in responding to Plaintiffs' Interrogatories.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control on which it relied in responding to Plaintiffs' Interrogatories.

## REQUEST FOR PRODUCTION NO. 66:

All Documents concerning Anthropic's retention of User or Subscriber prompts and outputs generated by Claude, including any retention policy.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein.  Anthropic objects to this request as seeking "discovery on discovery" that is not relevant to either party's claims or defenses in this case.  Anthropic objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will not search for, compile, or produce any documents in response to this Request at this time.

<u>Dated</u>:  April 22, 2024

**LATHAM & WATKINS LLP**

*/s/ Joseph R. Wetzel*
Joseph R. Wetzel (*pro hac vice*)
Andrew M. Gass (*pro hac vice*)
505 Montgomery St., Suite 2000

San Francisco, CA 94111
(415) 395-8806
(415) 395-6007
joe.wetzel@lw.com
andrew.gass@lw.com

Sarang V. Damle (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(212) 906-1659
sy.damle@lw.com

Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1747
alli.stillman@lw.com

**NEAL & HARWELL, PLC**

Aubrey B. Harwell III (BPR # 17394)
Nathan C. Sanders (BPR # 33520)
Olivia R. Arboneaux (BPR # 40225)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
tharwell@nealharwell.com
nsanders@nealharwell.com
oarboneaux@nealharwell.com

*Counsel for Defendant Anthropic PBC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2024, I caused to be served a true and correct

copy of the foregoing document to the following counsel of record:

| | |
|---|---|
| Matthew J. Oppenheim<br>Nicholas C. Hailey<br>Audrey Adu-Appiah<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Avenue, NW, 5th Floor<br>Washington, DC 20016<br>(202) 480-2999<br>matt@oandzlaw.com<br>nick@oandzlaw.com<br>aadu-appiah@oandzlaw.com | Richard S. Mandel<br>Jonathan Z. King<br>Richard Dannay<br>COWAN, LIEBOWITZ & LATMAN, P.C.<br>114 West 47th Street<br>New York, NY 10036-1525<br>(212) 790-9200<br>rsm@cll.com<br>jzk@cll.com<br>rxd@cll.com |
| Jennifer Pariser<br>Andrew Guerra<br>Timothy Chung<br>OPPENHEIM + ZEBRAK, LLP<br>461 5th Avenue, 19th Floor<br>New York, NY 10017<br>(212) 951-1156<br>jpariser@oandzlaw.com<br>andrew@oandzlaw.com<br>tchung@oandzlaw.com | Steven A. Riley<br>Tim Harvey<br>Grace C. Peck<br>RILEY & JACOBSON, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>(615) 320-3700<br>sriley@rjfirm.com<br>tharvey@rjfirm.com<br>gpeck@rjfirm.com |
| *Attorneys for Plaintiffs* | |

Dated:  April 22, 2024

_____

Joseph R. Wetzel