# EXHIBIT 3

**EXHIBIT 3—PARTIES' JOINT CHART**

| Publishers' Requests | Anthropic's Responses | Publishers' Proposed Compromise | Anthropic's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| Publishers' RFP 50: "Documents sufficient to show, by Claude model and by date, all User or Subscriber prompts instructing Claude to search for, identify, recite, or otherwise generate songs or their lyrics; to combine lyrics from one source with lyrics from another source; or to combine lyrics from one source with lyrics generated by Claude." Ex. 1, Pls.' Second Set of Requests for Production to Def. at 12-13 (Mar. 22, 2024). | "Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, oppressive, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for "all User or Subscriber prompts" relating to use of all "songs or their lyrics," rather than relating to Publishers' Works. Such "lyrics" can include, for example, a single common word or phrase. Anthropic also | If Anthropic does not agree to Publishers' proposed searches 1–2 (or similar searches), Publishers request that the Court order that (1) discovery regarding prompts and output relating to song lyrics generally, as requested by RFPs 50 and 51, is relevant and proportional to the needs of the case; and (2) Anthropic cooperate in good faith to finalize search terms that will capture prompts and output responsive to RFPs 50 and 51. | To the extent the Court does not deny Plaintiffs' request for broader discovery outright—which it should do—Anthropic respectfully asks the Court to order the parties to negotiate the provisions of a statistical sample of prompt and output data from a given time period that the parties' experts can use to analyze typical Claude user behavior. | |

| Publishers' Requests | Anthropic's Responses | Publishers' Proposed Compromise | Anthropic's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "the use or potential use of Claude" and the undefined term "source," which do not on their own offer appropriate parameters for providing a response. Anthropic objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information relating to AI models other than Claude, as defined by the Court (Dkt. 273), or future versions of Claude released beyond the product development end date to be negotiated by the Parties. Anthropic objects to this | | | |

| Publishers' Requests | Anthropic's Responses | Publishers' Proposed Compromise | Anthropic's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it prematurely seeks expert testimony or discovery. Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic also objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, | | | |

| Publishers' Requests | Anthropic's Responses | Publishers' Proposed Compromise | Anthropic's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | or any other applicable privilege or immunity. Subject to and without waiving the foregoing specific and general objections, Anthropic is willing to continue to meet and confer regarding the relevance and scope of this Request, including with respect to finalizing search terms." Ex. 2, Def.'s Am. Responses to Pls.' Second Set of Requests for Production at 44-45 (Dec. 20, 2024). | | | |
| Publishers' RFP 51: "Documents sufficient to show all Claude responses or outputs containing song lyrics, including a breakdown by Claude model and date." Ex. 1, Pls.' Second Set of Requests for Production to Def. at 13 | "Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as overbroad, unduly burdensome, | See Publishers' proposed compromise above. | See Anthropic's proposed compromise above. | |

| Publishers' Requests | Anthropic's Responses | Publishers' Proposed Compromise | Anthropic's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| (Mar. 22, 2024). | oppressive, and seeking information that is not relevant to either party's claims or defenses nor is it proportional to the needs of this case because it asks for "all Claude responses or outputs" containing all "song lyrics," rather than relating to Publishers' Works. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined phrase "song lyrics," which does not on its own offer appropriate parameters for providing a response, as it can include, for example, a single common word or phrase. Anthropic objects to this Request as overbroad, unduly burdensome, and | | | |

| Publishers' Requests | Anthropic's Responses | Publishers' Proposed Compromise | Anthropic's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | not proportional to the needs of this case to the extent it seeks information relating to AI models other than Claude, as defined by the Court (Dkt. 273), or future versions of Claude released beyond the product development end date to be negotiated by the Parties. Anthropic also objects to this Request to the extent it requires Anthropic to create or provide information in a manner that Anthropic does not keep in the ordinary course of business, or otherwise requires the expenditure of extraordinary efforts to compile. Anthropic objects to this Request to the extent it prematurely seeks expert testimony or discovery. | | | |

| Publishers' Requests | Anthropic's Responses | Publishers' Proposed Compromise | Anthropic's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | Anthropic objects to this Request to the extent it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Anthropic also objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic is willing to continue to meet and confer regarding the relevance and scope of this Request, including with respect to | | | |

| Publishers' Requests | Anthropic's Responses | Publishers' Proposed Compromise | Anthropic's Proposed Compromise | For the Court's Use |
|---|---|---|---|---|
| | finalizing search terms." Ex. 2, Def.'s Am. Responses to Pls.' Second Set of Requests for Production at 45-46 (Dec. 20, 2024). | | | |