UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al., <br><br>  Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br>  Defendant. | Case No. 24-cv-03811-EKL (SVK) <br><br> **ORDER RE TENTATIVE RULINGS AND SETTING DISCOVERY HEARING** <br><br> Re: Dkt. No. 302 |

Before the Court is the Parties' joint submission regarding two of Plaintiffs' Requests for Production, which taken together seek to discover specific prompts and outputs from Claude products that relate to song lyrics. *See* Dkt. 302 (the "Submission"). The Parties have met and conferred over several months as to suitable search terms with only limited success. Now outstanding are six search terms proposed by Plaintiffs, two of which Defendant modified and ran. The Parties are at an impasse as to how to proceed.

In support of their proposed search terms, Plaintiffs contend that they are entitled to searches that would capture any prompt for or output of song lyrics, regardless of whether the song is one of the 500 Works in Suit. *See id.* at 1. Plaintiffs make two arguments in support of this position. The first is that Defendant has asserted that it is not typical for customers to use Claude products to identify song lyrics, a proposition which Plaintiffs have a right to test. The second is that their claims are not limited to the 500 Works in Suit. *See id.* at 3-4.[1] Defendant disputes Plaintiffs' broad reading of the complaint to cover anything other than the 500 Works in

---

[1] Plaintiffs assert a third argument relating to Defendant's use of guardrails to prevent Claude from outputting copyrighted works. *See* Submission at 5. For purposes of this Order, this argument is subsumed in the first argument.

Suit but acknowledges that the typical use of the Claude products "could be relevant." *See id.* at 9. Defendant asserts the technical infeasibility and burden of Plaintiffs' search requests to date. *See id.* at 6, 10.

The Court is not unfamiliar with the many-faceted challenges present in cases with vast amounts of data to be searched or sampled. The varied technologies in which these disputes arise can present both unique issues and unique solutions. The Court will benefit from hearing from each side and **sets this matter for a video hearing on March 18, 2025, at 11:00 a.m.** In the interim, the Court provides the following tentative rulings and guidelines for further meet and confer between the Parties **in advance** of the hearing:

- **Search for copyrighted songs outside of the 500 Works in Suit**.
    - Defendant's explanation of the technical infeasibility of the proffered searches "1 & 2" on this topic does not appear unreasonable and comports with the Court's understanding of the challenges involved in searches of this nature. A different but related issue arises in addressing searches sufficient to demonstrate whether prompts and outputs for song lyrics are "typical" for Claude products. It may be that employing statistically significant sampling is the most effective way forward. Sampling can take many forms but at bottom requires both sides to work towards and accept results that are good but decidedly not perfect. The Parties are to meet and confer, **robustly**, on how to develop a sampling protocol and to have, at a minimum, a plan with deadlines as to how they are going to proceed to develop this approach by the March 18 hearing.

///
///
///
///
///
///
///
///

- **Search for Works in Suit**.
    - Defendant's approach thus far—the Lyric String Searches and the Title Proximity Searches—is not unreasonable, though it may not be sufficient. Neither side discusses the specific results of these searches. The Court directs the Parties to meet and confer on reasonable parameter adjustments and timing for additional searches and production of results.

**SO ORDERED.**

Dated: March 11, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge