**LATHAM & WATKINS LLP**
  Joseph R. Wetzel (SBN 238008)
   *joe.wetzel@lw.com*
  Andrew M. Gass (SBN 259694)
   *andrew.gass@lw.com*
  Brittany N. Lovejoy (SBN 286813)
   *brittany.lovejoy@lw.com*
  Ivana Dukanovic (SBN 312937)
   *ivana.dukanovic@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone:  +1.415.391.0600

  Sarang V. Damle (*pro hac vice*)
   *sy.damle@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

  Allison L. Stillman (*pro hac vice*)
   *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

  Rachel Horn (SBN 335737)
   *rachel.horn@lw.com*
140 Scott Drive
Menlo Park, California   94025
Telephone: +1.650.328.4600

*Attorneys for Defendant Anthropic PBC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., | Case No. 5:24-cv-03811-EKL-SVK |
| Plaintiffs, | **DECLARATION OF BRITTANY N. LOVEJOY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 301)** |
| vs. | |
| ANTHROPIC PBC, | |
| Defendant. | Hon. Eumi K. Lee |
| | Magistrate Judge Susan van Keulen |

I, Brittany N. Lovejoy, declare the following:

1.    I am a partner at Latham & Watkins LLP and counsel of record for Defendant Anthropic PBC ("Anthropic") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2.    I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed concerning certain exhibits to the Parties' Joint Discovery Dispute Statement Regarding Anthropic's Searches and Production of Claude Prompts and Output ("Discovery Dispute Statement").  *See* ECF No. 301.

3.    Pursuant to Local Rule 79-5(c), the following table identifies the portions of the Discovery Dispute Statement (the "Sealed Document") which contain highly confidential, nonpublic Anthropic business and technical information.

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Discovery Dispute Statement (ECF No. 301-2) | Highlighted portions at pages 6–7, 10. | Contains highly confidential nonpublic information relating to Anthropic's business practices and operations, including specific and sensitive metrics related to Claude usage, public disclosure of which would cause competitive harm to Anthropic, and the contents of specific prompts and outputs, public disclosure of which would unduly intrude on the privacy of third-party Claude users. |

4.    The Sealed Document contains highly confidential, nonpublic, and closely guarded information regarding Anthropic's business practices and operations, including specific and sensitive information regarding the volume of prompt and output data and metrics related to Claude usage.  Consistent with the practices of its competitors, Anthropic treats this information as highly confidential and does not disclose this information to the public.  Metrics regarding Claude usage, including but not limited to information about the number of prompts entered by Claude users during a given time period, is business-confidential, competitively sensitive information.

5.     The Sealed Document also includes descriptions of specific prompts entered by Claude users—who are not parties to this litigation—as examples of nonresponsive records resulting from certain proposed searches.  Publicly disclosing the contents of users' prompts would unnecessarily intrude on user privacy and undermine Anthropic's commitment to prioritizing the protection of its users' personal data.  *See, e.g.*, https://support.anthropic.com/en/articles/8325621-i-would-like-to-input-sensitive-data-into-free-claude-ai-or-claude-pro-who-can-view-my-conversations ("Only a limited number of staff members have access to conversation data and they will only access this data for explicit business purposes.").

6.     The public disclosure of the information described in Paragraph 4 would create a significant risk of competitive harm for Anthropic by allowing Anthropic's competitors in the rapidly developing AI market or potential business partners to obtain business-sensitive information about Claude usage that they would not otherwise have access to.  Public disclosure of the information described in Paragraph 5 would unnecessarily intrude on the privacy interests of Anthropic's users and undermine Anthropic's commitment to protecting that privacy.  Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2025, at Arlington, Texas.


*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy