
**LATHAM & WATKINS LLP**
Joseph R. Wetzel (SBN 238008)
 *joe.wetzel@lw.com*
Andrew M. Gass (SBN 259694)
 *andrew.gass@lw.com*
Brittany N. Lovejoy (SBN 286813)
 *brittany.lovejoy@lw.com*
Ivana Dukanovic (SBN 312937)
 *ivana.dukanovic@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Allison L. Stillman (*pro hac vice*)
 *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

Rachel Horn (SBN 335737)
 *rachel.horn@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600

Sarang V. Damle (*pro hac vice*)
 *sy.damle@lw.com*
Sara E. Sampoli (SBN 344505)
 *sara.sampoli@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

*Attorneys for Defendant Anthropic PBC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br>Plaintiffs, <br><br>vs. <br><br>ANTHROPIC PBC, <br><br>Defendant. | Case No. 5:24-cv-03811-EKL-SVK <br><br>**DECLARATION OF BRITTANY N. LOVEJOY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 309)** <br><br>Hon. Eumi K. Lee <br>Magistrate Judge Susan van Keulen |

I, Brittany N. Lovejoy, declare the following:

1. I am a partner at Latham & Watkins LLP and counsel of record for Defendant Anthropic PBC ("Anthropic") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed concerning certain exhibits to the Parties' Joint Discovery Dispute Statement Regarding Anthropic's Searches and Production of Claude Prompts and Output ("Discovery Dispute Statement"). *See* ECF No. 309.

3. Pursuant to Local Rule 79-5(c), the following table identifies the portions of the Discovery Dispute Statement (the "Sealed Document") which contain highly confidential, nonpublic information about Anthropic's customers.

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Discovery Dispute Statement (ECF No. 309-2) | Highlighted portions at page 10. | Contains descriptions of sensitive, nonpublic prompts and outputs, public disclosure of which would unduly intrude on the privacy of third-party Claude users. |

4. The Sealed Document contains descriptions of specific prompts entered by Claude users—who are not parties to this litigation—regarding sensitive, personal topics as examples of responsive records that Anthropic has produced to Plaintiffs through discovery. Publicly disclosing the contents of users' prompts, particularly on sensitive and/or private topics, would unnecessarily intrude on user privacy and undermine Anthropic's commitment to prioritizing the protection of its users' personal data. *See, e.g.*, https://support.anthropic.com/en/articles/8325621-i-would-like-to-input-sensitive-data-into-free-claude-ai-or-claude-pro-who-can-view-my-conversations ("Only a limited number of staff members have access to conversation data and they will only access this data for explicit business purposes.").

5.     The public disclosure of the information described in Paragraph 4 would unnecessarily intrude on the privacy interests of Anthropic's users and undermine Anthropic's commitment to protecting that privacy.  Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2025, at San Francisco, California.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy