**LATHAM & WATKINS LLP**
  Joseph R. Wetzel (SBN 238008)
   *joe.wetzel@lw.com*
  Andrew M. Gass (SBN 259694)
   *andrew.gass@lw.com*
  Brittany N. Lovejoy (SBN 286813)
   *brittany.lovejoy@lw.com*
  Ivana Dukanovic (SBN 312937)
   *ivana.dukanovic@lw.com*
  505 Montgomery Street, Suite 2000
  San Francisco, California 94111
  Telephone: +1.415.391.0600

  Sarang V. Damle (*pro hac vice*)
   *sy.damle@lw.com*
  Sara E. Sampoli (SBN 344505)
   *sara.sampoli@lw.com*
  555 Eleventh Street NW, Suite 1000
  Washington, D.C. 20004
  Telephone: +1.202.637.2200

Allison L. Stillman (*pro hac vice*)
   *alli.stillman@lw.com*
  1271 Avenue of the Americas
  New York, New York 10020
  Telephone: +1.212.906.1747

  Rachel Horn (SBN 335737)
   *rachel.horn@lw.com*
  140 Scott Drive
  Menlo Park, California 94025
  Telephone: +1.650.328.4600

*Attorneys for Defendant Anthropic PBC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 5:24-cv-03811-EKL-SVK <br><br> **DECLARATION OF BRITTANY N. LOVEJOY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 336)** <br><br> Hon. Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

LOVEJOY DECL. ISO PLAINTIFFS'
ADMIN MOT. TO FILE UNDER SEAL
CASE NO. 5:24-CV-03811-EKL-SVK

I, Brittany N. Lovejoy, declare the following:

1. I am a partner at Latham & Watkins LLP and counsel of record for Defendant Anthropic PBC ("Anthropic") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 336). Pursuant to Civil Local Rule 79-5(f), Plaintiffs redacted portions of the First Amended Complaint ("FAC") (ECF No. 337), and filed the same under seal (ECF No. 336-2).

3. The redacted portions of the FAC contain quotes or summarize from documents designated as "Highly Confidential—Attorneys' Eyes Only" under the Stipulated Protective Order so-ordered by the Court on January 27, 2025 (ECF No. 293).

4. Pursuant to Local Rule 79-5(c) and the Standing Order for Civil Cases Before Judge Eumi K. Lee, the following table identifies the narrow portions of the FAC (the "Sealed Document") containing highly confidential, nonpublic information about Anthropic's users—including direct quotes from non-party Claude users' prompts and outputs—and information about sources of training dataset mixes. Courts regularly grant motions to seal under the "compelling reasons" standard where release of the information would risk "sources of business information" being used to "harm a litigant's competitive standing" in the market, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and where disclosure "would result in an invasion of [a] third party's privacy," *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015). Because compelling reasons support sealing here, Anthropic requests the Court maintain the following narrow redactions under seal:

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 336-2 | FAC | Highlighted portion at page 22:17-18. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about sources of training dataset mixes and methods to obtain that data, public disclosure of which would cause |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

LOVEJOY DECL. ISO PLAINTIFFS'
ADMIN MOT. TO FILE UNDER SEAL
CASE NO. 5:24-CV-03811-EKL-SVK

| | | | competitive harm to Anthropic. |
|---|---|---|---|
| 336-2 | FAC | Highlighted portions at pages 32:26, 33:1, 33:4-34:9; 39:14-17. | The redacted language contains sensitive, nonpublic prompts and outputs with non-generic requests for lyrics the public disclosure of which would unduly intrude on Anthropic's third-party confidentiality obligations to its Claude users and those users' reasonable expectation of privacy in private communications with Claude. |

5. The Sealed Document contains highly confidential information regarding Anthropic's technical practices, including specific details about the sources of data used to train its models, as well as the methods to obtain that data, which is proprietary information that is not accessible to the public. Training data is crucial to the development of generative AI assistants. Anthropic operates in the burgeoning and highly competitive generative AI industry, and information about specific sources and methods of obtaining data would allow Anthropic's competitors to mimic the proprietary training process and dataset mixes that Anthropic uses to train its models. "[D]etails about the technical operation of a company product, such as source codes, internal documents, and other technical documents should remain confidential and be sealed from the public." *Apex.AI, Inc. v. Langmead*, 2023 WL 4157629, at *2 (N.D. Cal. June 23, 2023); *see, e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (compelling reasons to seal confidential technical product information); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (compelling reasons to seal "source code directories" and "information about the technical operation of the products"). As this Court has recognized, "compelling reasons" support sealing such technical information. ECF No. 282.

6. The Sealed Document also contain direct quotes from specific prompts entered by Claude users—who are not parties to this litigation—and the resulting outputs. Disclosure of prompts and outputs that contain unique information that could be used to tie the data to a specific user, like the prompts and outputs here, would unduly intrude on Anthropic's confidentiality obligations to its Claude users and those third-party users' reasonable expectation of privacy in their private communications with Claude. Publicly disclosing the contents of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

LOVEJOY DECL. ISO PLAINTIFFS'
ADMIN MOT. TO FILE UNDER SEAL
CASE NO. 5:24-CV-03811-EKL-SVK

users' prompts and the outputs they obtained would unnecessarily intrude on user privacy and undermine Anthropic's commitment to prioritizing the protection of its users' personal data. *See, e.g.*, https://support.anthropic.com/en/articles/8325621-i-would-like-to-input-sensitive-data-into-free-claude-ai-or-claude-pro-who-can-view-my-conversations ("Only a limited number of staff members have access to conversation data and they will only access this data for explicit business purposes."); *see also* ECF No. 318 at 4-5 (finding that Anthropic's "users have a privacy interest at stake," which supported redactions of user information even in disclosure to opposing counsel pursuant to the Stipulated Protective Order). The redacted information contains the text of specific, unique prompts submitted by third-party users and the Claude outputs they received, which Anthropic users expect to remain private. *See* https://www.anthropic.com/legal/privacy (Anthropic "strive[s] to prioritize the protection of personal data," "comply with all applicable privacy laws," and, by default, "will not use [its users'] Inputs or Outputs to train [its] models"); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 687 (N.D. Cal. 2006) (expressing serious privacy concerns with respect to the release of "the text of search queries" entered on Google). Courts routinely seal such private communication. *See Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1019 n.7 (N.D. Cal. 2018) (finding compelling reasons to seal private records and correspondence and names of third parties); *La Canada Ventures, Inc. v. MDalgorithms, Inc.*, 2024 WL 40205, at *8 (N.D. Cal. Jan. 3, 2024) (sealing "private email communications" cited in dispositive motion). Indeed, in this case, Magistrate Judge van Keulen recently found it appropriate to seal similar information related to user prompts. ECF No. 319 at 2.

7. The public disclosure of the information described in Paragraph 4 would reveal highly confidential, proprietary information about Anthropic's sources of training data, which could cause harm to Anthropic if made public. In addition, disclosure would unnecessarily intrude on the privacy interests of Anthropic's users and undermine Anthropic's commitment to protecting that privacy. Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

LOVEJOY DECL. ISO PLAINTIFFS'
ADMIN MOT. TO FILE UNDER SEAL
CASE NO. 5:24-CV-03811-EKL-SVK

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2025, at Lafayette, California.

*/s/ Brittany N. Lovejoy*
Brittany N. Lovejoy

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

LOVEJOY DECL. ISO PLAINTIFFS'
ADMIN MOT. TO FILE UNDER SEAL
CASE NO. 5:24-CV-03811-EKL-SVK