**LATHAM & WATKINS LLP**
 Joseph R. Wetzel (SBN 238008)
  *joe.wetzel@lw.com*
 Andrew M. Gass (SBN 259694)
  *andrew.gass@lw.com*
 Brittany N. Lovejoy (SBN 286813)
  *brittany.lovejoy@lw.com*
 Ivana Dukanovic (SBN 312937)
  *ivana.dukanovic@lw.com*
 505 Montgomery Street, Suite 2000
 San Francisco, California  94111
 Telephone:  +1.415.391.0600

 Sarang V. Damle (*pro hac vice*)
  *sy.damle@lw.com*
 Sara E. Sampoli (SBN 344505)
  *sara.sampoli@lw.com*
 555 Eleventh Street NW, Suite 1000
 Washington, D.C. 20004
 Telephone: +1.202.637.2200

 Allison L. Stillman (*pro hac vice*)
  *alli.stillman@lw.com*
 1271 Avenue of the Americas
 New York, New York 10020
 Telephone: +1.212.906.1747

 Rachel Horn (SBN 335737)
  *rachel.horn@lw.com*
 140 Scott Drive
 Menlo Park, California  94025
 Telephone: +1.650.328.4600

*Attorneys for Defendant Anthropic PBC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 5:24-cv-03811-EKL-SVK <br><br> **DECLARATION OF IVANA DUKANOVIC IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 340)** <br><br> Hon. Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

I, Ivana Dukanovic, declare the following:

1.     I am an associate at Latham & Watkins LLP and counsel of record for Defendant Anthropic PBC ("Anthropic") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2.     I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 340) concerning portions of the Parties' Joint Discovery Submission Regarding Dispute as to Sampling Protocol to Address Publishers' RFP Nos. 50-51 ("Discovery Dispute Statement") (ECF No. 341) and the accompanying Declaration of Olivia Chen (ECF No. 341-2).

3.     Pursuant to Local Rule 79-5(c), the following table identifies the portions of the Discovery Dispute Statement (the "Sealed Document") which contain highly confidential, nonpublic business and technical information.  Good cause exists for protecting this competitively sensitive information from disclosure.  *Philip ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (courts have "broad latitude" to protect from disclosure materials "including, but not limited to, trade secrets or other confidential . . . information").

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Discovery Dispute Statement (ECF No. 340-2) | Highlighted portions at pages 1-2, 4-7, 10 . | Contains highly confidential nonpublic information relating to Anthropic's business practices and operations, including specific and sensitive metrics related to Claude usage, public disclosure of which would cause competitive harm to Anthropic. |
| Declaration of Olivia Chen (ECF No. 340-3) | Highlighted portions at ¶ 16 . | Contains highly confidential nonpublic information relating to Anthropic's business practices and operations, including specific and sensitive metrics related to Claude usage, public disclosure of which would cause competitive harm to Anthropic. |

4.     The Sealed Document contains highly confidential, nonpublic, and closely guarded information regarding Anthropic's business practices and operations, including specific and

1  sensitive information regarding the volume of prompt and output data and metrics related to

2  Claude usage.  Consistent with the practices of its competitors, Anthropic treats this information

3  as highly confidential and does not disclose this information to the public.  *Finisar Corp. v. Nistica,*

4  *Inc.*, 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015) (finding good cause to seal "confidential

5  product and business information which is not intended for public disclosure").  Metrics regarding

6  Claude usage, including but not limited to information about the number of prompts entered by

7  Claude users during a given time period, is business-confidential, competitively sensitive

8  information.  *See N.Y. Times Co. v. OpenAI*, 23-cv-11195 (S.D.N.Y.), Dkt. 426 (sealing ChatGPT

9  usage metrics (Dkt. 414)).  Disclosing this proprietary information would give competitors and

10  potential business partners unfair insights into Anthropic's business strategies relating to the

11  relative importance of Anthropic's consumer and enterprise offerings or insights into its market

12  share relative to competitors.  *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)

13  (sealing "business information that might harm a litigant's competitive standing").  This Court

14  previously found good cause to seal similar information regarding volume of prompt and output

15  data and responsiveness rates in briefing related to the same discovery dispute at issue here.  ECF

16  No. 319.  Plaintiffs have presented no reason to deviate from the Court's initial ruling on this

17  category of sensitive information.

18       5.       Further, the confidentiality of Claude usage metrics is also pending before this

19  Court as part of a separate discovery dispute regarding confidentiality designations.  ECF No. 345

20  at 4-5, 9-10.

21       6.       The public disclosure of the information described in Paragraph 3 would create a

22  significant risk of competitive harm for Anthropic by allowing Anthropic's competitors in a

23  rapidly developing AI market or potential business partners to obtain business-sensitive

24  information about Claude usage that they would not otherwise have access to.  Such harm could

25  not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

26       I declare under penalty of perjury that the foregoing is true and correct.

27

28

DUKANOVIC DECL. ISO PLAINTIFFS'
ADMIN MOT. TO FILE UNDER SEAL
CASE NO. 5:24-cv-03811-EKL-SVK

1    Executed on May 7, 2025, at San Francisco, California.

2

3                                        /s/ Ivana Dukanovic
                                         Ivana Dukanovic

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DUKANOVIC DECL. ISO PLAINTIFFS'
ADMIN MOT. TO FILE UNDER SEAL
CASE NO. 5:24-cv-03811-EKL-SVK