1 | **LATHAM & WATKINS LLP**
   Joseph R. Wetzel (SBN 238008)
    *joe.wetzel@lw.com*
   Andrew M. Gass (SBN 259694)
    *andrew.gass@lw.com*
   Brittany N. Lovejoy (SBN 286813)
    *brittany.lovejoy@lw.com*
   Ivana Dukanovic (SBN 312937)
    *ivana.dukanovic@lw.com*
   505 Montgomery Street, Suite 2000
   San Francisco, California 94111
   Telephone: +1.415.391.0600

   Sarang V. Damle (*pro hac vice*)
    *sy.damle@lw.com*
   Sara E. Sampoli (SBN 344505)
    *sara.sampoli@lw.com*
   555 Eleventh Street NW, Suite 1000
   Washington, D.C. 20004
   Telephone: +1.202.637.2200

Allison L. Stillman (*pro hac vice*)
 *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

Rachel Horn (SBN 335737)
 *rachel.horn@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600

*Attorneys for Defendant Anthropic PBC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 5:24-cv-03811-EKL-SVK <br><br> **DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION RE: PLAINTIFFS' OPPOSITION TO ANTHROPIC'S DECLARATION IN SUPPORT OF SEALING (DKT. 348)** <br><br> Hon. Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANTHROPIC'S ADMIN. MOT. RE:
PLS.' OPP. TO DECL. ISO SEALING (DKT. 348)
CASE NO. 5:24-cv-03811-EKL-SVK

Pursuant to Civil Local Rule ("L.R.") 7-11, Defendant Anthropic PBC ("Anthropic") respectfully submits this Administrative Motion regarding Plaintiffs' Opposition to Anthropic's Declaration in Support of Sealing ("Motion") requesting consideration of related docket activity in connection with the pending Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 336). This is not the first time that Plaintiffs have argued in favor of publicizing the contents of specific prompts and outputs and the identities of specific training datasets. This is also not the first time that a request to seal such information has been put before the Court. In the interest of efficiency and judicial economy, Anthropic files the instant Motion to direct the Court's attention to this related docket activity, some of which was filed after Anthropic's Declaration in Support of Sealing was due.

First, the arguments that Plaintiffs make in their Opposition to Anthropic's Declaration in Support of Sealing, Dkt. 348, are closely related to the arguments they have made in a discovery dispute statement regarding confidentiality designations filed on Monday, May 5, 2025, and currently pending before Magistrate Judge van Keulen. *Compare* Dkt. 348 (arguing that neither Anthropic nor Claude users would suffer harm from the disclosure of prompts and outputs or the identities of training datasets) *with* Dkt. 345 at 1-6 (similar). While Anthropic acknowledges that the standards for maintaining a protective order and sealing judicial records are not identical, *see Delvecchia v. Frontier Airlines, Inc.*, 2021 WL 5605176, at *5 (D. Nev. Nov. 30, 2021) (discussing the two standards), it respectfully points the Court to this related dispute and the arguments that Anthropic has put forward in its portion of the dispute statement regarding the sensitivity of third-party users' prompts and outputs and the identities of training datasets to ensure the Court has a comprehensive record and the full context of pending disputes related to the same material at issue in the present sealing motion. *Compare* Dkt. 345 at 6-10 (discussing harm that would result from public disclosure of prompts and outputs and identities of training datasets) *with* Declaration of Brittany N. Lovejoy at Dkt. 343 (similar).[1]

---

[1] *See also* Dkt. 344 (Administrative Motion to Consider Whether Another Party's Material Should Be Sealed submitted in connection with the pending discovery dispute over Anthropic's confidentiality designations). Pursuant to L.R. 79-5(f)(3). Anthropic's declaration in support of the motion is due May 12, 2025.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ANTHROPIC'S ADMIN. MOT. RE:
PLS.' OPP. TO DECL. ISO SEALING (DKT. 348)
CASE NO. 5:24-CV-03811-EKL-SVK

Second, with respect to the propriety of sealing the contents of specific prompts and outputs, Anthropic also respectfully points the Court to one additional dispute statement, two motions to seal, and two orders from Judge van Keulen that bear on the current dispute. In the context of disputes over the scope of discovery, Anthropic's position has been that prompts and outputs are the "contents" of electronic communications protected by the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq.*, and that the SCA constrains Anthropic's ability to disclose prompts and outputs that can be tied to specific, identifiable Claude users. Anthropic articulated this position, while also arguing that its users' privacy interests independently weighed against disclosing user identifying information, in a March 14, 2025 Joint Discovery Dispute Statement Regarding Anthropic User Information Associated with Claude Prompts and Outputs. *See* Dkt. 310 at 7-11. Without ruling on the applicability of the SCA, Judge van Keulen resolved this dispute based on a finding that Anthropic's users "have a privacy interest at stake" warranting redactions of identifying information. Dkt. 318. In connection with this earlier dispute and another dispute relating to search terms, Judge van Keulen also granted motions to seal descriptions of specific prompts and outputs similar to those currently before the Court. *See* Dkt. 319 (granting motions at Dkts. 301 and 309); *see also* Declarations of Brittany N. Lovejoy at Dkts. 308, 317.

Anthropic believes these related findings and orders provide important context and submits this Motion requesting the Court's consideration of the above related docket activity,[2] some of which reflects disputes currently pending before Judge van Keulen, in fashioning a ruling regarding the sealing of Plaintiffs' First Amended Complaint. *See* Dkt. 336.

Dated: May 8, 2025                                           Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Joseph R. Wetzel*
Joseph R. Wetzel (SBN 238008)
joe.wetzel@lw.com
Andrew M. Gass (SBN 259694)
andrew.gass@lw.com

---

[2] *See* Dkts. 301, 308, 309, 310, 317, 318, 319, 344, and 345.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ANTHROPIC'S ADMIN. MOT. RE:
PLS.' OPP. TO DECL. ISO SEALING (DKT. 348)
CASE NO. 5:24-CV-03811-EKL-SVK

Brittany N. Lovejoy (SBN 286813)
britt.lovejoy@lw.com
Ivana Dukanovic (SBN 312637)
ivana.dukanovic@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Sarang V. Damle
(admitted *pro hac vice*)
sy.damle@lw.com
Sara Sampoli (SBN 344505)
sara.sampoli@lw.com
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: +1.202.637.2200

Allison L. Stillman
(admitted *pro hac vice*)
alli.stillman@lw.com
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

Rachel Horn (SBN 335737)
rachel.horn@lw.com
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600

*Attorneys for Defendant Anthropic PBC*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ANTHROPIC'S ADMIN. MOT. RE:
PLS.' OPP. TO DECL. ISO SEALING (DKT. 348)
CASE NO. 5:24-CV-03811-EKL-SVK