**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case Number: 5:24-cv-03811-EKL-SVK <br><br> **PLAINTIFFS' OPPOSITION TO ANTHROPIC'S DECLARATION IN SUPPORT OF SEALING (ECF NO. 354)** <br><br> Judge Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

1    Pursuant to Civ. L.R. 79-5(f)(4), Plaintiffs ("Publishers") respectfully submit this Response

2    in Opposition to Anthropic's Declaration in Support of Publishers' Administrative Motion to

3    Consider Whether Another Party's Material Should Be Sealed, ECF No. 354.

4         Anthropic's request to seal non-sensitive Claude usage information should be denied.

5    **I.     Anthropic does not articulate any compelling reasons for sealing the general, high-level Claude usage figures at issue.**

6    Anthropic fails to identify any legitimate basis for sealing the general Claude

7    prompt/output figures discussed in the Parties' Joint Discovery Submission and supporting

8    materials, ECF Nos. 340-2, 340-3. None of this information threatens any serious competitive

9    harm to Anthropic sufficient to warrant sealing, particularly given the limited nature of the

10   information, as well as the fact that Anthropic has already publicized similar usage figures.

11        The Ninth Circuit recognizes "a strong presumption in favor of access to court records."

12   *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "It is well-established

13   that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively

14   public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1103

15   (9th Cir. 1999). "The public has a right of access to the Court's files." Civ. L.R. 79-5(a).

16        As the party seeking to seal the Joint Discovery Submission, Anthropic "bears the burden

17   of overcoming this strong presumption [of public access] by meeting the 'compelling reasons'

18   standard," which requires Anthropic to "articulate[] compelling reasons supported by specific

19   factual findings that outweigh the general history of access and public policies favoring disclosure."

20   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331

21   F.3d at 1135). As part of that showing, Anthropic must demonstrate "(i) the legitimate private or

22   public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why

23   a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Boilerplate

24   allegations of harm and "hypothesis or conjecture" are insufficient. *Ctr. for Auto Safety v. Chrysler

25   Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179).

26        Anthropic has not met this "stringent standard," *id.* at 1096–97, with respect to the high-

27   level Claude usage information it seeks to seal here, for multiple reasons.

28

### A.     Anthropic fails to demonstrate that it would suffer any serious injury from disclosure of these general Claude usage figures.

First, Anthropic fails to identify any serious competitive harm to justify sealing the general Claude usage figures, particularly those dating from discrete time periods months or years ago.

Anthropic does not explain how the two primary figures at issue—the number of prompt/output records Anthropic has preserved from the Claude.ai website for a nine-day period in September 2023, and the number of prompt/output records it has preserved from the Claude.ai website for a six-month period from September 2023 to March 2024—could possibly cause it competitive harm if disclosed.[1]

These general figures are not trade secrets. As an initial matter, these numbers do not identify overall Claude usage—the number of Claude.ai website records Anthropic preserved for purposes of the litigation for these two time periods may or may not capture all Claude.ai website usage,[2] and these figures certainly do not reflect broader Claude usage through other channels (such as the API Anthropic has made available to its thousands of business customers). Nor is there anything special about these two particular time periods such that information about the number of Claude records Anthropic preserved for these times could be competitively sensitive in a manner sufficient to justify sealing. These periods pertain to this litigation—not to any Anthropic business purpose or strategy (specifically, the first period is a nine-day period for which Anthropic ran certain document searches in connection with the litigation, while the second is a six-month period for which Anthropic agreed to preserve and search Claude prompt/output records for purposes of the litigation). Anthropic has not explained how the general number of Claude records for these two litigation-related periods could possibly afford any competitive advantage to another company.

The lack of any possible competitive harm is further underscored by the fact that these figures are, respectively, more than 19 months old and more than 13 months old. "[T]here are no compelling reasons to seal stale information." *Applied Materials, Inc. v. Demaray LLC*, 2023 WL

---

[1] Anthropic also seeks to seal a number of related figures—general Claude usage figures for two sub-periods within the six-month period, and day and percentage figures relating to these overall Claude usage figures. Anthropic does not show any compelling reasons to seal this information, either, for the same reasons as those discussed herein.

[2] Publishers are separately pursuing discovery regarding whether Anthropic complied with its obligations in preserving Claude prompt and output records.

4409106, at *2 (N.D. Cal. July 7, 2023) (denying request to seal); *see also Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, 2018 WL 6601671, at *2 (S.D. Cal. Dec. 14, 2018) (denying request to seal where defendant failed to show "why [] outdated information would have any effect on [defendant's] competitive standing at the present").

For this reason, Anthropic's reliance on *N.Y. Times Co. v. OpenAI*, No. 1:23-cv-11195-SHS-OTW, ECF No. 426, is misplaced. In that case, OpenAI sought to seal documents concerning OpenAI's obligation to preserve output log data on a going-forward basis. *See id.* ECF No. 414. That is very different from the backward-looking information at issue here.

Anthropic's boilerplate references to generalized competitive harms and hypotheticals do not suffice. "Generic rationales invite general rejection." *X Corp. v. Bright Data Ltd.*, 2025 WL 81577, at *3 (N.D. Cal. Jan. 12, 2025). Moreover, "[i]nformation does not have value to a competitor merely because the competitor does not have access to it." *Travelers Property*, 2013 WL 707918, at *1. Particularly given the several subsequent Claude model releases since the date of these general figures, "it is unclear how [Anthropic's] competitors could derive any economic benefit" from the figures now. *Travelers Property Cas. Co. v. Centex Homes*, 2013 WL 707918, at *1 (N.D. Cal. 2013). For these reasons, Anthropic's request to seal should be denied.

### B. Anthropic has not consistently held this type of information confidential.

Second, Anthropic has not consistently maintained such Claude usage figures as confidential, and similar figures are already public, further undermining its sealing request.

For example, analytics firms already publicly report on Claude usage numbers, including reporting that Claude received 3.3 million daily visits in March 2025 alone.[3] Likewise, Anthropic itself has recently boasted that the user base for Claude is "growing like crazy," and it has disclosed various Claude user figures publicly.[4] For example, in a report concerning usage patterns of Claude users, Anthropic researchers disclosed they had obtained at least 2.8 million Claude user

---

[3] Kyle Wiggers, *ChatGPT Isn't the Only Chatbot That's Gaining Users*, TECHCRUNCH (Apr. 1, 2025), https://techcrunch.com/2025/04/01/chatgpt-isnt-the-only-chatbot-thats-gaining-users/.
[4] Cynthia Littleton, *Anthropic Chief Says AI Tools Can Be a 'Force Multiplier' for Business*, VARIETY (Apr. 11, 2025), https://variety.com/2025/biz/news/anthropic-daniela-amodei-chief-ai-force-multiplier-1236367447/.

conversations from the Claude.ai website from between November 28, 2024 and December 18, 2024,[5] and examined 4 million conversations from between December 2024 and January 2025.[6] Anthropic has even made datasets derived from those 4 million conversations publicly available.[7]

Anthropic has also publicly disclosed similar Claude usage figures as part of this case. *See, e.g.*, Decl. of Anthropic's Jared Kaplan ¶ 12 (Aug. 22, 2024), ECF No. 209 ("On average, hundreds of thousands of users engage with Claude.ai on a daily basis, which amounts to approximately millions of conversations per day."); Joint Case Management Statement at 6 (Feb. 26, 2025), ECF No. 299 (Anthropic is reviewing "more than 170,000 prompts and outputs from its commercial-facing Claude.ai product (narrowed from a universe of hundreds of millions records)").

Where this same type of usage information has already been disclosed publicly, there could be no serious harm from disclosure here and no basis for sealing. *See, e.g.*, *Kamakahi v. American Society for Reproductive Medicine*, 2014 WL 6617262, at *3 (N.D. Cal. 2014) (denying request to seal where party had disclosed materials); Sealing Order (Dec. 19, 2024), ECF No. 282 (the Court's denying certain sealing requests where information was already part of the public record). For this second, independent reason, Anthropic's sealing request should be denied.

Finally, it bears noting that Anthropic has not consistently treated these two figures in particular as confidential, having previously disclosed them in communications to Publishers without designating them confidential (until Publishers drew Anthropic's attention to that failure, as part of an earlier confidentiality designation dispute). *E.g.*, I. Dukanovic Email (Mar. 31, 2025).

## II.    The public interest further weighs against sealing.

Finally, the "strong presumption in favor of access to court records" weighs further against sealing here. *Foltz*, 331 F.3d at 1135. The general, high-level information about Claude usage at issue is a matter of public interest and should not be sealed. In another AI copyright infringement case, Judge Chhabria rejected similar efforts by Meta to conceal general information about its AI

---

[5] KUNAL HANDA ET AL., WHICH ECONOMIC TASKS ARE PERFORMED WITH AI? EVIDENCE FROM MILLIONS OF CLAUDE CONVERSATIONS 27 (2025),
https://assets.anthropic.com/m/2e23255f1e84ca97/original/Economic_Tasks_AI_Paper.pdf.
[6] *Id.* at 1.
[7] *The Anthropic Economic Index*, ANTHROPIC (Feb. 10, 2025),
https://www.anthropic.com/news/the-anthropic-economic-index.

models, admonishing Meta for its "unreasonably broad sealing request":

> It is clear that Meta's sealing request is not designed to protect against the disclosure of sensitive business information that competitors could use to their advantage. Rather, it is designed to avoid negative publicity.

*Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC (N.D. Cal. 2025), ECF No. 373.

Unfortunately, Anthropic's overbroad request to seal this non-sensitive information is emblematic of the approach it has taken to confidentiality designations in this case more broadly. Anthropic has designated a full 96% of the 13,189 documents it has produced so far as "Highly Confidential—Attorneys' Eyes Only." This overbroad approach unduly impedes Publishers' ability to utilize discovery relevant to its claims, and unnecessarily burdens the Court and Publishers, including by having to address serial motions to seal. *See, e.g.*, *United States v. Safran Grp., S.A.*, 2018 WL 11436322, at *4 (N.D. Cal. Sept. 14, 2018) (recognizing that motions to seal "inflict heavy burdens on courts").

Finally, the fact that the Court previously granted an unopposed sealing motion has no bearing on Anthropic's present sealing request. *See, e.g.*, *Jones v. PGA Tour, Inc.*, 2023 WL 6545413, at *3 (N.D. Cal. Oct. 5, 2023) (recognizing that "the Court does not rest on the prior sealing orders," and emphasizing that the party seeking to seal records still "bears the burden of overcoming the presumption" of public access to such information). Publishers, in an effort to avoid unnecessary briefing and preserve the Parties and the Court's resources, had previously stated that they did not take a position with respect to certain of Anthropic's earlier sealing requests (including in connection with the sealing decision upon which Anthropic now seeks to rely). However, given Anthropic's continued, overbroad approach to confidentiality and sealing, and the burdens this has imposed, Publishers must oppose the present sealing request.

For all of these reasons, Anthropic's request to seal this information should be denied.

Dated: May 9, 2025                              Respectfully submitted,

                                                */s/ Timothy Chung*
                                                **OPPENHEIM + ZEBRAK, LLP**
                                                Matthew J. Oppenheim
                                                Nicholas C. Hailey
                                                Audrey L. Adu-Appiah
                                                (admitted *pro hac vice*)
                                                4530 Wisconsin Ave., NW, 5th Floor
                                                Washington, DC 20016
                                                Telephone: (202) 480-2999
                                                matt@oandzlaw.com
                                                nick@oandzlaw.com
                                                aadu-appiah@oandzlaw.com

                                                Jennifer Pariser
                                                Andrew Guerra
                                                Timothy Chung
                                                (admitted *pro hac vice*)
                                                461 5th Avenue, 19th Floor
                                                New York, NY 10017
                                                Telephone: (212) 951-1156
                                                jpariser@oandzlaw.com,
                                                andrew@oandzlaw.com
                                                tchung@oandzlaw.com

                                                **COBLENTZ PATCH DUFFY & BASS LLP**
                                                Jeffrey G. Knowles (SBN 129754)
                                                One Montgomery Street, Suite 3000
                                                San Francisco, CA 94104
                                                Telephone: (415) 391-4800
                                                ef-jgk@cpdb.com

                                                **COWAN, LIEBOWITZ & LATMAN, P.C.**
                                                Richard S. Mandel
                                                Jonathan Z. King
                                                Richard Dannay
                                                (admitted *pro hac vice*)
                                                114 West 47th Street
                                                New York, NY 10036-1525
                                                Telephone: (212) 790-9200
                                                rsm@cll.com
                                                jzk@cll.com
                                                rxd@cll.com

                                                *Attorneys for Plaintiffs*