**LATHAM & WATKINS LLP**
  Joseph R. Wetzel (SBN 238008)
   *joe.wetzel@lw.com*
  Andrew M. Gass (SBN 259694)
   *andrew.gass@lw.com*
  Brittany N. Lovejoy (SBN 286813)
   *brittany.lovejoy@lw.com*
  Ivana Dukanovic (SBN 312937)
   *ivana.dukanovic@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone:  +1.415.391.0600

  Sarang V. Damle (*pro hac vice*)
   *sy.damle@lw.com*
  Sara E. Sampoli (SBN 344505)
   *sara.sampoli@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

Allison L. Stillman (*pro hac vice*)
  *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

  Rachel Horn (SBN 335737)
  *rachel.horn@lw.com*
140 Scott Drive
Menlo Park, California  94025
Telephone: +1.650.328.4600

*Attorneys for Defendant Anthropic PBC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., | Case No. 5:24-cv-03811-EKL-SVK |
| Plaintiffs, | **DECLARATION OF IVANA DUKANOVIC IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 344)** |
| vs. | |
| ANTHROPIC PBC, | |
| Defendant. | |
| | Hon. Eumi K. Lee |
| | Magistrate Judge Susan van Keulen |

I, Ivana Dukanovic, declare the following:

1. I am an associate at Latham & Watkins LLP and counsel of record for Defendant Anthropic PBC ("Anthropic") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 344) concerning portions of the Parties' Joint Discovery Dispute Statement Regarding Publishers' Challenges to Anthropic's Confidentiality Designations ("Discovery Dispute Statement") (ECF No. 345).

3. Pursuant to Local Rule 79-5(c), the following table identifies the portions of the Discovery Dispute Statement (the "Sealed Document") which contain specific prompts entered by Claude users and corresponding outputs as well as highly confidential, nonpublic business and technical information. Courts regularly grant motions to seal under the "good cause" standard that applies to non-dispositive motions, like discovery motions. *See Folz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Because good cause support sealing here, Anthropic requests the Court maintain the following narrow redactions under seal:[1]

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Discovery Dispute Statement (ECF No. 344-2) | Highlighted portions at pages 2-7; 10. | Contains highly confidential nonpublic communications from Anthropic's third-party users and descriptions thereof, as well as highly confidential nonpublic information relating to Anthropic's business practices and operations, including specific and sensitive metrics related to Claude usage and the selection of Anthropic's training data sources, public disclosure of which would cause competitive harm to Anthropic and |

---

[1] To the extent the "compelling reasons" standard applies (which it does not), compelling reasons support sealing for the reasons described herein. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (granting sealing where disclosure "would result in invasion of [a] third party's privacy); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (sealing appropriate where release of the information would risk "sources of business information" being used to "harm a litigant's competitive standing" in the market).

| | | its third-party users. |
|---|---|---|

4. The Sealed Document contains direct quotes from specific prompts entered by Claude users—who are not parties to this litigation—as well as descriptions of specific prompts and outputs. Disclosure of this information, which is unique to the specific prompts and outputs referenced in the Sealed Document, could be used to tie the data to a specific user. This would unduly intrude on Anthropic's confidentiality obligations to its Claude users and those third-party users' reasonable expectations of privacy in their private communications with Claude. Publicly disclosing the contents of users' prompts and the outputs they obtained would unnecessarily intrude on user privacy and undermine Anthropic's commitment to prioritizing the protection of its users' personal data. *See, e.g.*, https://support.anthropic.com/en/articles/8325621-i-would-like-to-input-sensitive-data-into-free-claude-ai-or-claude-pro-who-can-view-my-conversations ("Only a limited number of staff members have access to conversation data and they will only access this data for explicit business purposes."); *see also* ECF No. 318 at 4-5 (finding that Anthropic's "users have a privacy interest at stake," which supported redactions of user information even in disclosure to opposing counsel pursuant to the Stipulated Protective Order). The redacted information contains the text of specific, unique prompts submitted by third-party users and the Claude outputs they received, which Anthropic users expect to remain private, as well as descriptions of specific prompts and outputs. *See* https://www.anthropic.com/legal/privacy (Anthropic "strive[s] to prioritize the protection of personal data," "comply with all applicable privacy laws," and, by default, "will not use [its users'] Inputs or Outputs to train [its] models"); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 687 (N.D. Cal. 2006) (expressing serious privacy concerns with respect to the release of "the text of search queries" entered on Google). Courts routinely seal such private communication. *See, e.g., Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1019 n.7 (N.D. Cal. 2018) (sealing private records and correspondence); *La Canada Ventures, Inc. v. MDalgorithms, Inc.*, 2024 WL 40205, at *8 (N.D. Cal. Jan. 3, 2024) (sealing "private email communications"). Indeed, this Court has recently found it appropriate to seal similar information

related to user prompts. ECF No. 319 at 2.

5. The public disclosure of the information described in Paragraph 4 would create a significant risk of harm for Anthropic's third-party users, who created these chat logs under a reasonable expectation that they would remain private, and for Anthropic, which has publicly and explicitly committed to maintaining the confidentiality of this information. Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

6. In addition, the Sealed Document contains highly confidential, nonpublic, and closely guarded information regarding Anthropic's business practices and operations, including specific and sensitive information regarding the volume of prompt and output data and metrics related to Claude usage. Consistent with the practices of its competitors, Anthropic treats this information as highly confidential and does not disclose this information to the public. *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015) (finding good cause to seal "confidential product and business information which is not intended for public disclosure"). Metrics regarding Claude usage, including but not limited to information about the number of prompts entered by Claude users during a given time period, is business-confidential, competitively sensitive information. *See N.Y. Times Co. v. Microsoft Corp. et al*, 23-cv-11195 (S.D.N.Y. January 17, 2025), ECF No. 426 (granting motion to seal ChatGPT usage metrics (ECF No. 414)). Disclosing this proprietary information would give competitors and potential business partners unfair insights into Anthropic's business strategies relating to the relative importance of Anthropic's consumer and enterprise offerings or insights into its market share relative to competitors. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing "business information that might harm a litigant's competitive standing"). This Court previously found good cause to seal similar information regarding volume of prompt and output data and responsiveness rates in briefing related to the same discovery dispute at issue here. ECF No. 319. Plaintiffs have presented no reason to deviate from the Court's initial ruling on this category of sensitive information.

7. Further, the Sealed Document contains highly confidential, nonpublic, and closely

guarded information regarding Anthropic's use of two specific datasets to train Claude.  Anthropic has never publicly disclosed its use of either dataset, and the AI industry recognizes the selection of training data sources as competitively sensitive trade secrets.  *See DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023*)* (sealing "business information that might harm a litigant's competitive standing").

8. The public disclosure of the information described in Paragraphs 6 and 7 would create a significant risk of competitive harm for Anthropic by allowing Anthropic's competitors in a rapidly developing AI market or potential business partners to obtain business-sensitive information about Claude usage and Anthropic's training data mix that they would not otherwise have access to.  Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 12, 2025, at San Francisco, California.

*/s/ Ivana Dukanovic*
Ivana Dukanovic