**LATHAM & WATKINS LLP**
   Joseph R. Wetzel (SBN 238008)
    *joe.wetzel@lw.com*
   Andrew M. Gass (SBN 259694)
    *andrew.gass@lw.com*
   Brittany N. Lovejoy (SBN 286813)
    *brittany.lovejoy@lw.com*
   Ivana Dukanovic (SBN 312937)
    *ivana.dukanovic@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

   Sarang V. Damle (*pro hac vice*)
    *sy.damle@lw.com*
   Sara E. Sampoli (SBN 344505)
    *sara.sampoli@lw.com*
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: +1.202.637.2200

   Allison L. Stillman (pro hac vice)
    *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747

   Rachel Horn (SBN 335737)
    *rachel.horn@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: +1.650.328.4600

*Attorneys for Defendant Anthropic PBC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 5:24-cv-03811-EKL-SVK <br><br> **DECLARATION OF IVANA DUKANOVIC IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 351)** <br><br> Hon. Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

I, Ivana Dukanovic, declare the following:

1.      I am an associate at Latham & Watkins LLP and counsel of record for Defendant Anthropic PBC ("Anthropic") in this case. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2.      I submit this declaration in accordance with Civil Local Rules ("L.R.") 7-11(a) and 79-5(c) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 351) concerning a portion of the Declaration of Kristofer Buchan in Support of Publishers' Statement in Joint Discovery Submission Regarding Dispute as to Sampling Protocol to Address Publishers' RFP Nos. 50-51 (ECF No. 351-2).

3.      Pursuant to Local Rule 79-5(c), the following table identifies the portion of the Declaration of Kristofer Buchan (the "Sealed Document") that contains confidential, nonpublic business and technical information.  Courts regularly grant motions to seal under the "good cause" standard that applies to non-dispositive motions, like discovery motions.  *See Folz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Because good cause supports sealing here, Anthropic requests the Court maintain the following narrow redaction under seal:[1]

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Declaration of Kristopher Buchan (ECF No. 342-2) | Highlighted portion at ¶ 33. | Contains confidential nonpublic information relating to Anthropic's business practices and operations, including specific and sensitive metrics related to Claude usage, public disclosure of which would cause competitive harm to Anthropic. |

4.      The Sealed Document contains confidential, nonpublic, and closely guarded information regarding Anthropic's business practices and operations, including specific and sensitive information regarding the volume of prompt and output data (reflecting Claude usage)

---

[1] To the extent the "compelling reasons" standard applies (which it does not), compelling reasons support sealing for the reasons described herein.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (sealing appropriate where release of the information would risk "sources of business information" being used to "harm a litigant's competitive standing" in the market).

over a certain time period.  Consistent with the practices of its competitors, Anthropic treats this information as confidential and does not disclose this information to the public.  *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015) (finding good cause to seal "confidential product and business information which is not intended for public disclosure"). Metrics regarding Claude usage, including but not limited to information about the number of prompts entered by Claude users during a given time period, are business-confidential, competitively sensitive information.  *See N.Y. Times Co. v. OpenAI*, 23-cv-11195 (S.D.N.Y. Jan. 17, 2025), ECF No. 426 (granting motion to seal ChatGPT usage metrics (ECF No. 414)). Disclosing this proprietary information would give competitors and potential business partners unfair insights into Anthropic's market share relative to competitors.  *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing "business information that might harm a litigant's competitive standing").  This Court previously found good cause to seal similar information regarding volume of prompt and output data in briefing related to the same discovery dispute at issue here.  ECF No. 319.  Plaintiffs have presented no reason to deviate from the Court's initial ruling on this category of sensitive information.[2]

5. The public disclosure of the information described in Paragraph 3 would create a significant risk of competitive harm for Anthropic by allowing Anthropic's competitors in a rapidly developing AI market or potential business partners to obtain business-sensitive information about Claude usage that they would not otherwise have access to.  Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2025, at San Francisco, California.

*/s/ Ivana Dukanovic*
Ivana Dukanovic

---

[2] Anthropic notes, however, that resolution of the confidentiality of Claude usage metrics is also pending before this Court as part of a separate discovery dispute regarding confidentiality designations.  ECF No. 345 at 4-5, 9-10.