**LATHAM & WATKINS LLP**
 Joseph R. Wetzel (SBN 238008)
  *joe.wetzel@lw.com*
 Andrew M. Gass (SBN 259694)
  *andrew.gass@lw.com*
 Brittany N. Lovejoy (SBN 286813)
  *brittany.lovejoy@lw.com*
 Ivana Dukanovic (SBN 312937)
  *ivana.dukanovic@lw.com*
 505 Montgomery Street, Suite 2000
 San Francisco, California  94111
 Telephone:  +1.415.391.0600

 Sarang V. Damle (*pro hac vice*)
  *sy.damle@lw.com*
 Sara E. Sampoli (SBN 344505)
  *sara.sampoli@lw.com*
 555 Eleventh Street NW, Suite 1000
 Washington, D.C. 20004
 Telephone: +1.202.637.2200

    Allison L. Stillman (pro hac vice)
     *alli.stillman@lw.com*
 1271 Avenue of the Americas
 New York, New York 10020
 Telephone: +1.212.906.1747

    Rachel S. Horn (SBN 335737)
     *rachel.horn@lw.com*
 140 Scott Drive
 Menlo Park, California   94025
 Telephone: +1.650.328.4600

*Attorneys for Defendant Anthropic PBC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 5:24-cv-03811-EKL-SVK <br><br> **DECLARATION OF IVANA DUKANOVIC RELATED TO ECF NO. 365** <br><br> Hon. Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

1    I, Ivana Dukanovic, declare the following:

2    1.    I am an associate at Latham & Watkins LLP and counsel of record for Defendant

3    Anthropic PBC ("Anthropic") in this case.  I have personal knowledge of the matters stated in

4    this declaration, and if called as a witness, I could and would competently testify to them.

5    2.    I submit this declaration in response to the Court's order for "a Statement

6    addressing the issue raised by Plaintiffs' counsel at the outset of the [May 13, 2025] hearing."

7    Dkt. 365.

8    3.    Our investigation of the matter confirms that this was an honest citation mistake

9    and not a fabrication of authority.  The first citation in footnote 3 of Dkts. 340-3 (sealed) and

10   341-2 (public) includes an erroneous author and title, while providing a correct link to, and

11   correctly identifying the publication, volume, page numbers, and year of publication of, the

12   article referenced by Ms. Chen as part of the basis for her statement in paragraph 9.  We

13   apologize for the inaccuracy and any confusion this error caused.

14   4.    The American Statistician article reviewed and relied upon by Ms. Chen, and

15   accessible at the first link provided in footnote 3 of Dkts. 340-3 and 341-2, is titled *Binomial*

16   *Confidence Intervals for Rare Events: Importance of Defining Margin of Error Relative to*

17   *Magnitude of Proportion*, by Owen McGrath and Kevin Burke.  A Latham & Watkins associate

18   located that article as potential additional support for Ms. Chen's testimony using a Google

19   search.  The article exists and supports Ms. Chen's testimony in her declaration and at the May

20   13, 2025 hearing, which she proffered based on her pre-existing knowledge regarding the

21   appropriate relative margin of error for rare events.  A copy of the complete article is attached as

22   Exhibit A.

23   5.    Specifically, "in the context of small or rare-event success probabilities," the

24   authors "suggest restricting the range of values to εR ∈ [0.1, 0.5]"—meaning, a relative margin

25   of error between 10% to 50%—"as higher values lead to imprecision and poor interval coverage,

26   whereas lower values lead to sample sizes that are likely to be impractically large for many

27   studies."  *See* Exhibit A, at 446.  This recommendation is entirely consistent with Ms. Chen's

28

1   testimony, which proposes using a 25% relative margin of error based on her expertise.

2          6.      After the Latham & Watkins team identified the source as potential additional

3   support for Ms. Chen's testimony, I asked Claude.ai to provide a properly formatted legal

4   citation for that source using the link to the correct article.  Unfortunately, although providing the

5   correct publication title, publication year, and link to the provided source, the returned citation

6   included an inaccurate title and incorrect authors.  Our manual citation check did not catch that

7   error.  Our citation check also missed additional wording errors introduced in the citations during

8   the formatting process using Claude.ai.  These wording errors are: (1) that the correct title of the

9   source in footnote 2 of Ms. Chen's declaration is *Computing Necessary Sample Size*, not, as

10  listed in footnote 2, *Sample Size Estimation*, and (2) the author/preparer of the third source cited

11  in footnote 3 is "Windward Environmental LLC", not "Lower Windward Environmental LLC."

12  Again, we apologize for these citation errors.

13         7.      Ms. Chen, as well as counsel, reviewed the complete text of Ms. Chen's

14  testimony and also reviewed each of the cited references prior to submitting Ms. Chen's

15  declaration to the Court.  In reviewing her declaration both prior to submission and in

16  preparation for the hearing on May 13, 2025, Ms. Chen reviewed the actual article available at

17  the first link in footnote 3 of her declaration and attached hereto as Exhibit A, and the article

18  supports the proposition expressed in her declaration with respect to the appropriate margin of

19  error.

20         8.      During the production and cite-checking process for Ms. Chen's declaration, the

21  Latham & Watkins team reviewing and editing the declaration checked that the substance of the

22  cited document supported the proposition in the declaration, and also corrected the volume and

23  page numbers in the citation, but did not notice the incorrect title and authors, despite clicking on

24  the link provided in the footnote and reviewing the article.  The Latham & Watkins team also did

25  not notice the additional wording errors in footnotes 2 and 3 of Ms. Chen's declaration, as

26  described above in paragraph 6.

27         9.      This was an embarrassing and unintentional mistake.  The article in question

28

DUKANOVIC DECL. RELATED TO ECF NO. 365
CASE NO. 5:24-cv-03811-EKL-SVK

genuinely exists, was reviewed by Ms. Chen and supports her opinion on the proper margin of error to use for sampling.  The insinuation that Ms. Chen's opinion was influenced by false or fabricated information is thus incorrect.  As is the insinuation that Ms. Chen lacks support for her opinion.  Moreover, the link provided both to this Court and to Plaintiffs was accurate and, when pasted into a browser, calls up the correct article upon which Ms. Chen had relied.  Had Plaintiffs' counsel raised the citation issue when they first discovered it, we could and would have confirmed that the article cited was the one upon which Ms. Chen relied and corrected the citation mistake.

10.     We have implemented procedures, including multiple levels of additional review, to work to ensure that this does not occur again and have preserved, at the Court's direction, all information related to Ms. Chen's declaration.  I understand that Anthropic has also preserved all information related to Ms. Chen's declaration as well.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2025, at San Francisco, California.

Ivana Dukanovic

DUKANOVIC  DECL. RELATED TO ECF NO. 365
CASE NO. 5:24-cv-03811-EKL-SVK