**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendant.

Case Number: 5:24-cv-03811-EKL-SVK

**PUBLISHERS' RESPONSE TO DECLARATION OF IVANA DUKANOVIC RELATED TO ECF NO. 365**

Judge Eumi K. Lee
Magistrate Judge Susan van Keulen

Publishers file this brief response to the Declaration of Anthropic's Counsel Ivana Dukanovic Related to ECF No. 365 ("Dukanovic Declaration"), ECF No. 371.

Although Anthropic seeks to downplay the false Claude-generated information contained in the sworn Chen Declaration, ECF No. 341-2, as "an honest citation mistake," there is ultimately no dispute that the Chen Declaration contained hallucinations generated by Claude—including a citation fabricating the authors and title of a non-existent article. While there remain many questions about the Chen Declaration, the Dukanovic Declaration confirms several facts, including (1) Anthropic's counsel used Claude.ai to draft citations for the Chen Declaration; (2) Claude generated false information regarding at least three sources cited in the Chen Declaration, including fabricating entirely the authors and title of an article that does not exist; and (3) this false Claude-generated information was ultimately included in the Chen Declaration, and then relied upon in Anthropic's discovery dispute filing. *See* ECF Nos. 341 at 6-10, 341-2. These facts alone fatally undermine the reliability of the Chen Declaration and Anthropic's position in the discovery dispute more broadly, while also revealing violations of Judge Lee's Standing Order (Sec. VIII.G).

What we do not yet know is how Ms. Chen prepared her declaration. The hearsay statements in the Dukanovic Declaration are neither competent nor sufficient to answer basic questions about how Ms. Chen conducted the analysis contained in her declaration, the extent to which she utilized Claude, whether she reviewed and relied upon the fabricated Claude-generated information contained in her declaration, and how the fact that Claude hallucinated this information impacts her opinions. These questions are especially important given that the separate article Anthropic now points to in its counsel's declaration as the "correct" article references a margin of error rate of anywhere between 10% and 50%—not the 25% margin of error proposed in the Chen Declaration as a settled standard. Particularly where Anthropic has argued to the Court that a 25% margin of error is "widely accepted for extremely rare events," ECF No. 341 at 7-8, Publishers do not agree that the newly identified article "supports the proposition expressed in [the Chen Declaration] with respect to the appropriate margin of error," ECF No. 371 ¶ 7.

We also do not know how it is possible that, if Anthropic's counsel indeed fed details into Claude about the linked article, Claude could have completely ignored those details and hallucinated something that does not exist at all. As the Court stated at the May 13, 2025 hearing, "there is a world of difference between a missed citation and a hallucination generated by AI, and everyone on this call knows that." Hr'g Tr. at 16:24–17:3 (May 13, 2025).

As indicated at the hearing, Publishers believe that Ms. Chen's declaration should be excluded or stricken in full. *See, e.g.*, *Kohls v. Ellison*, No. 24-CV-3754 (LMP/DLM), 2025 WL 66514 at *1–5 (D. Minn. Jan. 10, 2025) (where the defendant's expert submitted a declaration that "inadvertently included citations to two non-existent academic articles, and incorrectly cited the authors of a third article," due to the use of a generative AI tool in drafting the declaration, finding that, "even if the errors were an innocent mistake, and even if the propositions are substantively accurate, the fact remains that [the expert] submitted a declaration made under penalty of perjury with fake citations," which "shatters his credibility with this Court," and therefore excluding the expert's declaration in full); *see also, e.g.*, *United States v. Hayes*, No. 2:24-cr-0280-DJC, 2025 WL 235531 at *1071 (E.D. Cal. Jan. 17, 2025) (noting that "[c]ourts across the country have issued sanctions against attorneys . . . for submitting fictitious case citations, fictitious quotations, and related misrepresentations to the court," including "striking the filing containing the fictitious citations") (collecting cases); *Jacquelyn "Jackie" Lacey et al., v. State Farm Gen. Ins. Co.*, No. CV 24-5205 FMO (MAAX), 2025 WL 1363069, at *1, *5 (C.D. Cal. May 6, 2025) (Special Master opinion striking briefs containing "bogus AI-generated research," and stating that "[s]trong deterrence is needed to make sure that attorneys don't succumb to this easy shortcut").

This presents a "very serious and grave issue," as the Court indicated at the May 13, 2025 hearing. Hr'g Tr. at 16:24–17:3 (May 13, 2025). "When attorneys and experts abdicate their independent judgment and critical thinking skills in favor of ready-made, AI-generated answers, the quality of our legal profession and the Court's decisional process suffer." *Kohls*, 2025 WL 66514 at *4.

Dated: May 16, 2025

Respectfully submitted,

/s/ *Timothy Chung*

**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com,
andrew@oandzlaw.com
tchung@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*