**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Timothy Chung
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case Number: 5:24-cv-03811-EKL-SVK <br><br> **PLAINTIFFS' OPPOSITION TO ANTHROPIC'S DECLARATION IN SUPPORT OF SEALING (ECF NO. 370)** <br><br> Judge Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

1   Pursuant to Civ. L.R. 79-5(f)(4), Plaintiffs ("Publishers") respectfully submit this Response in Opposition to Anthropic's Declaration in Support of Publishers' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, ECF No. 370.

Anthropic seeks to seal here the same non-sensitive information about the number of Claude records it preserved for a six-month period as covered by its prior sealing requests. *See, e.g.*, ECF No. 354. As Publishers detailed in their prior oppositions to such sealing requests, *see, e.g.*, ECF No. 357 at 1–5, there is no reason to seal such non-sensitive information. For those same reasons, Anthropic's request to seal the same information here should be denied.

Publishers reiterate below the reasons for denying Anthropic's sealing request, for the Court's ease of reference.

\*   \*   \*

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "The public has a right of access to the Court's files." Civ. L.R. 79-5(a).

As the party seeking to seal the Declaration of Kristofer Buchan, ECF No. 351-2, Anthropic "bears the burden of overcoming this strong presumption [of public access] by meeting the 'compelling reasons' standard," which requires Anthropic to "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). As part of that showing, Anthropic must demonstrate "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Boilerplate allegations of harm and "hypothesis or conjecture" are insufficient. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179).

Anthropic has not met this "stringent standard," *id*. at 1096, with respect to this non-

sensitive information about the number of Claude records it preserved for a six-month period.[1]

I. **Anthropic does not articulate any legitimate basis for sealing the general, high-level Claude records figure at issue.**

Anthropic fails to identify any legitimate basis for sealing the number of prompt/output records it preserved from the Claude.ai website for the period from September 2023 to March 2024, as noted in the Declaration of Kristofer Buchan (ECF No. 351-2 at 7), for multiple reasons.

First, Anthropic does not explain how this figure could possibly cause it competitive harm if disclosed. This figure is not a trade secret. The figure does not identify overall Claude usage—the number of Claude.ai website records Anthropic preserved for purposes of the litigation for this six-month period may or may not capture all Claude.ai website usage during that period,[2] and the figure certainly does not reflect broader Claude usage through other channels (such as the API Anthropic has made available to its thousands of business customers). Nor is there anything special about this particular time period such that information about the number of Claude records Anthropic preserved for this period could be competitively sensitive in a manner sufficient to justify sealing. This period pertains to this litigation, not to any Anthropic business purpose or strategy. Anthropic has not explained how the general number of Claude records for this litigation-related period could possibly afford any competitive advantage to another company.

The lack of any possible competitive harm is further underscored by the fact that this figure is more than 13 months old. "[T]here are no compelling reasons to seal stale information." *Applied Materials, Inc. v. Demaray LLC*, 2023 WL 4409106, at *2 (N.D. Cal. 2023) (denying request to seal); *see also Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, 2018 WL 6601671, at *2 (S.D. Cal. 2018) (denying request to seal where defendant failed to show "why [] outdated information would have any effect on [defendant's] competitive standing at the present").

For this reason, Anthropic's reliance on *N.Y. Times Co. v. OpenAI*, No. 1:23-cv-11195-SHS-OTW, ECF No. 426, is misplaced. In that case, OpenAI sought to seal documents concerning

---

[1] Even if the "good cause" standard applies rather than the "compelling reasons" standard, Anthropic still fails to make a "particularized showing" that sealing is warranted. *Kamakana*, 447 F.3d at 1180.

[2] Publishers are separately pursuing discovery regarding whether Anthropic complied with its obligations in preserving Claude prompt and output records.

OpenAI's obligation to preserve output log data on a going-forward basis. *See id.,* ECF No. 414. That is very different from the backward-looking information at issue here.

Anthropic's boilerplate references to generalized competitive harms and hypotheticals do not suffice. "Generic rationales invite general rejection." *X Corp. v. Bright Data Ltd.*, 2025 WL 81577, at *3 (N.D. Cal. 2025). Moreover, "[i]nformation does not have value to a competitor merely because the competitor does not have access to it." *Travelers Property Cas. Co. v. Centex Homes*, 2013 WL 707918, at *1 (N.D. Cal. 2013). Particularly given the several subsequent Claude model releases since the date of these general figures, "it is unclear how [Anthropic's] competitors could derive any economic benefit" from this figure now. *Id*. For these reasons, Anthropic's request to seal should be denied.

Second, Anthropic has not consistently maintained Claude usage figures as confidential, and similar figures are already public, further undermining its sealing request.

For example, analytics firms already publicly report on Claude usage numbers, including reporting that Claude received 3.3 million daily visits in March 2025 alone.[3] Likewise, Anthropic itself has recently boasted that the user base for Claude is "growing like crazy," and it has disclosed various Claude user figures publicly.[4] For example, in a report concerning usage patterns of Claude users, Anthropic researchers disclosed they had obtained at least 2.8 million Claude user conversations from the Claude.ai website from between November 28, 2024 and December 18, 2024,[5] and examined 4 million conversations from between December 2024 and January 2025.[6] Anthropic has even made datasets derived from those 4 million conversations publicly available.[7]

Anthropic has also publicly disclosed similar Claude figures in this case. *See, e.g.*, Decl.

---

[3] Kyle Wiggers, *ChatGPT Isn't the Only Chatbot That's Gaining Users*, TECHCRUNCH (Apr. 1, 2025), https://techcrunch.com/2025/04/01/chatgpt-isnt-the-only-chatbot-thats-gaining-users/.
[4] Cynthia Littleton, *Anthropic Chief Says AI Tools Can Be a 'Force Multiplier' for Business*, VARIETY (Apr. 11, 2025), https://variety.com/2025/biz/news/anthropic-daniela-amodei-chief-ai-force-multiplier-1236367447/.
[5] KUNAL HANDA ET AL., WHICH ECONOMIC TASKS ARE PERFORMED WITH AI? EVIDENCE FROM MILLIONS OF CLAUDE CONVERSATIONS 27 (2025), https://assets.anthropic.com/m/2e23255f1e84ca97/original/Economic_Tasks_AI_Paper.pdf.
[6] *Id.* at 1.
[7] *The Anthropic Economic Index*, ANTHROPIC (Feb. 10, 2025), https://www.anthropic.com/news/the-anthropic-economic-index.

of Anthropic's Olivia Chen ¶ 2 (Apr. 30, 2025), ECF No. 341-2 (discussing Anthropic's "dataset of hundreds of millions of [Claude.ai] records spanning from September 22, 2023 to March 22, 2024"); Decl. of Jared Kaplan ¶ 12 (Aug. 22, 2024), ECF No. 209 ("On average, hundreds of thousands of users engage with Claude.ai on a daily basis, which amounts to approximately millions of conversations per day."); Joint Case Management Statement at 6 (Feb. 26, 2025), ECF No. 299 (Anthropic is reviewing "more than 170,000 prompts and outputs from its commercial-facing Claude.ai product (narrowed from a universe of hundreds of millions records)").

Where similar usage information has already been disclosed publicly, there could be no serious harm from disclosure here and no basis for sealing. *See, e.g.*, *Kamakahi v. American Society for Reproductive Medicine*, 2014 WL 6617262, at *3 (N.D. Cal. 2014) (declining to seal where party had disclosed materials); Sealing Order (Dec. 19, 2024), ECF No. 282 (the Court's denying certain sealing requests where information was already part of the public record).

For all of these reasons, Anthropic's sealing request should be denied.

| | |
|---|---|
| Dated: May 19, 2025 | Respectfully submitted,<br><br>*/s/ Timothy Chung*<br>**OPPENHEIM + ZEBRAK, LLP**<br>Matthew J. Oppenheim<br>Nicholas C. Hailey<br>Audrey L. Adu-Appiah<br>(admitted *pro hac vice*)<br>4530 Wisconsin Ave., NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 480-2999<br>matt@oandzlaw.com<br>nick@oandzlaw.com<br>aadu-appiah@oandzlaw.com<br><br>Jennifer Pariser<br>Andrew Guerra<br>Timothy Chung<br>(admitted *pro hac vice*)<br>461 5th Avenue, 19th Floor<br>New York, NY 10017<br>Telephone: (212) 951-1156<br>jpariser@oandzlaw.com,<br>andrew@oandzlaw.com<br>tchung@oandzlaw.com<br><br>**COBLENTZ PATCH DUFFY & BASS LLP**<br>Jeffrey G. Knowles (SBN 129754)<br>One Montgomery Street, Suite 3000<br>San Francisco, CA 94104<br>Telephone: (415) 391-4800<br>ef-jgk@cpdb.com<br><br>**COWAN, LIEBOWITZ & LATMAN, P.C.**<br>Richard S. Mandel<br>Jonathan Z. King<br>Richard Dannay<br>(admitted *pro hac vice*)<br>114 West 47th Street<br>New York, NY 10036-1525<br>Telephone: (212) 790-9200<br>rsm@cll.com<br>jzk@cll.com<br>rxd@cll.com<br><br>*Attorneys for Plaintiffs* |