1    **OPPENHEIM + ZEBRAK, LLP**
2    Matthew J. Oppenheim
     4530 Wisconsin Ave., NW, 5th Floor
3    Washington, DC 20016
     Telephone: (202) 480-2999
4    matt@oandzlaw.com

5
     *Attorneys for Plaintiffs*
6

7    **LATHAM & WATKINS LLP**
8    Joseph R. Wetzel (SBN 238008)
     joe.wetzel@lw.com
9    505 Montgomery Street, Suite 2000
     San Francisco, California 94111
10   Telephone: +1.415.391.0600

11
12   *Attorneys for Defendant*

13   [Additional Counsel Listed on Signature Page]

14              **UNITED STATES DISTRICT COURT**

15             **NORTHERN DISTRICT OF CALIFORNIA**

16                    **SAN JOSE DIVISION**

17
18   CONCORD MUSIC GROUP, INC., ET AL.,      Case Number: 5:24-cv-03811-EKL-SVK

19          Plaintiffs,                       **JOINT STIPULATION AND
                                              [PROPOSED] ORDER REGARDING
20          v.                                TRAINING DATA AND SOURCE CODE
                                              INSPECTION PROTOCOL**
21   ANTHROPIC PBC,
                                              Judge Eumi K. Lee
22          Defendant.                        Magistrate Judge Susan van Keulen

23

24

25

26

27

28

Upon the stipulation of the parties, the following protocol will apply to the inspection, review, and/or disclosure of Training Data, Source Code, and Training Data Mix Compilations (collectively "Inspection Data") produced by Defendant Anthropic PBC ("Anthropic"). The Parties enter this protocol (the "Inspection Protocol") without waiver of any argument that any data inspection would be warranted or appropriate in this case.

1. For the purposes of this protocol, "Training Data" and "Source Code" shall have the same meanings as set forth in the Stipulated Protective Order (As Modified) entered January 27, 2025 (ECF No. 293) ("Protective Order"). In addition, "Training Data" includes lists, schemas, schematics, documents, logs, or files that contain or describe a significant portion or all of the training dataset names considered or used for any particular training run or for several training runs, and/or the final pretraining data mix, for any considered training run of any model. The "Inspecting Party" shall be defined as all Plaintiffs collectively in the above-captioned case, including their attorneys of record, agents, retained consultants, experts, and any other persons or organization over which they have control.

2. Inspection Data shall be made available for inspection in electronic format at Anthropic's offices in San Francisco, CA, or at a secure location determined by Anthropic in San Francisco, CA. Inspection Data will be made available for inspection between the hours of 9:00 a.m. and 5:00 p.m. on business days, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times. Anthropic will also provide a separate private breakout room with internet connection for the Inspecting Party. In addition to making Inspection Data available for in-person inspection, the Parties may also agree to produce portions of Inspection Data for off-site inspection on a case-by-case basis. Production of any Inspection Data for off-site inspection shall not be considered a waiver of the protections and procedures of this Inspection Protocol.

3. Anthropic will work in good faith to set up the review environment for Inspection Data upon execution of this Protocol and will inform the Inspecting Party when that has

been completed. The Inspecting Party shall give at least seven business days' notice of the timing of its inspection.

4. The parties will meet and confer in good faith concerning the scope of Inspection Data to be made available.

5. Inspection Data may be provisionally designated "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE" by Anthropic pursuant to the Protective Order, and the Inspecting Party may disclose Inspection Data only to those authorized to view "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information under paragraph VII(5) of the Protective Order, without prejudice to any party's right to challenge this confidentiality designation (or oppose a challenge to the confidentiality designation) at a later date pursuant to section VI of the Protective Order.

6. Nothing in this Inspection Protocol shall alter or change in any way the requirements of the Protective Order. In the event of any conflict, however, this Inspection Protocol shall control for any Inspection Data made available for inspection.

7. Inspection Data shall be produced for inspection and review subject to the following provisions. If Anthropic, notwithstanding its good faith efforts, believes that it cannot comply with any material aspect of this Inspection Protocol or if compliance with such material aspect would be unreasonable, Anthropic shall inform the requesting party in writing at least three days before the date of inspection, and the parties shall meet and confer in good faith.

   a. Inspection Data shall be made available by Anthropic in a secure room on a secured computer without external Internet access or network access to other unauthorized computers or devices. The secured computer(s) will contain a file in a commonly-used format that will provide a directory of the Training Data and brief inventory of the Inspection Data.

b.  The secured computer(s) will be equipped with Python version 3.9 and the following Python packages, pandas>=2.0.3, numpy>-1.26.0, scikit-learn>-1.3.0, and nltk>=3.8.1, as software tools. Anthropic will install additional software tools or scripting programs reasonably requested by the Inspecting Party to the extent additional search or scripting tools are necessary for the efficient viewing and searching of the Inspection Data made available for inspection. The Inspecting Party will communicate any technical concerns or objections regarding the hardware and software that is provided to conduct the Inspection Data review, and Anthropic will reasonably cooperate with the Inspecting Party. The parties shall meet and confer in a good faith effort to resolve the dispute, and if no resolution can be reached, Inspecting Party may seek any additional relief from the Court, including to enable a more efficient and/or effective review of the Inspection Data.

c.  Anthropic shall provide the Inspecting Party with information explaining how to start, log on to, and operate the secured computer(s) in order to access the Inspection Data on the secured computer(s). Anthropic's outside counsel will be available electronically to make reasonable efforts to attempt to resolve issues that may arise during the course of inspection.

d.  The Inspecting Party's counsel and/or experts may request that software or scripting tool(s) and/or files be installed on the secured computer(s). The Inspecting Party must provide Anthropic with the licensed software tool(s) and/or files, at the Inspecting Party's expense, at least five business days in advance of the date upon which the Inspecting Party wishes to have the additional software or scripting tools and/or files available for use on the secured computer(s). In the event that Anthropic objects, the parties shall meet and confer in good faith in order to determine any issues with the installation of said software or scripting tool(s) and/or files on the Computer(s) prior to the inspection. Absent objection, Anthropic will install

the requested software or scripting tool(s) and/or files prior to the inspection.

e.   No recordable media or recordable devices, including without limitation, computers, cellular telephones, cameras, other devices capable of recording, or drives of any kind, shall be permitted into the secured inspection room, except Anthropic may provide a limited-use note-taking computer at Inspecting Party's request, solely for note-taking purposes. At the end of each day of inspection, the Inspecting Party shall be able to copy notes from the notetaking computer onto a recordable device, under the supervision of Anthropic.

f.   The Inspecting Party's counsel and/or experts may take handwritten notes or electronic notes on the note-taking computer in scratch files, but may not copy any Inspection Data itself into any notes. For the avoidance of doubt, this provision shall not prevent the Inspecting Party's counsel and/or experts from recording in their notes particular items, files, or categories of items or files contained in the Inspection Data. The Inspecting Party will not waive any applicable work-product protection over their electronic notes by saving them to the note-taking computer temporarily and should not be reviewed by counsel of the Producing Party. Any notes related to the Inspection Data will be treated as "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

g.   Anthropic may visually monitor the activities of the Inspecting Party's representatives during any inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Inspection Data. Any monitoring must be conducted from outside the room where the inspection is taking place. For the avoidance of doubt, Anthropic will not observe the Inspecting Party's work product or be present in the inspection room during the inspection.

h.  No copies of all or any portion of the Inspection Data, or other written or electronic record of the Inspection Data, may leave the secured room in which the Inspection Data is inspected except as provided herein. The Inspecting Party may obtain printouts of reasonable and targeted portions of the Inspection Data and electronic notes taken on the note-taking computer to prepare court filings or pleadings or other papers (including a testifying expert's expert report) by following the procedures provided herein. The Inspecting Party shall utilize the printing option in good faith and not attempt to use it as a workaround of the Inspection Protocol. By way of example only, unreasonable, excessive, for an unpermitted purpose, and/or not justified portions of "Inspection Data" to print would include the names of a significant portion of the datasets included in the final pretraining data mix for a training run of one of Anthropic's LLMs that, upon inspection, do not contain song lyrics to plaintiffs' asserted works, or documents containing, or that would permit compilation of, a significant portion of the dataset names, token numbers, weights, and portions any of those datasets comprises of the final or considered pretraining mix for a training run of any of Anthropic's LLMs. For purposes of this Inspection Protocol, references to "print," "printing," or "printouts" are understood to refer to a Bates-stamped electronic production (as described in this Paragraph). To make a request, the Inspecting Party shall choose a new prefix in the specified S3 bucket and save the desired and targeted portions of the Inspection Data or notes under that prefix. The beginning of each portion of Inspection Data the Inspecting Party wishes to print must include the filename, file path, and line numbers where the material was found in the Inspection Data or other information that allows for specific identification of the specific material. The Inspecting Party shall alert Anthropic that it has saved the desired and targeted portions of the

Inspection Data and provide the S3 prefix in which the contents of the Print Request have been saved. In the event that the Inspecting Party automates (*e.g.* runs a script) the ongoing selection of material for inclusion in its Print Request directory, Inspecting Party will provide an estimated time of completion and instructions for how to check the automated process for completion at reasonable intervals (not more than once per day). Anthropic will promptly notify the Inspecting Party when the automated process has concluded. Upon receiving a request, Anthropic shall place a Bates number and the label "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE" on all requested pages. Within five business days from the date of request, Anthropic shall either (i) produce electronic versions to the Inspecting Party's counsel, or (ii) inform the Inspecting Party that Anthropic objects that the requested portions are excessive, not for a permitted purpose, and/or not justified (*see, e.g.*, Fed. R. Civ. Pro. 26(b)). In the event that Anthropic objects, the parties shall meet and confer within three business days of Anthropic's notice of its objection. If, after meeting and conferring, Anthropic and the Inspecting Party cannot resolve the objection, the Inspecting Party shall be entitled to seek a Court resolution of whether the requested Inspection Data should be produced. Any limit that the parties may agree to on Source Code printing will not necessarily be the same as any limit on Training Data printing.

    i.  All persons who will review Anthropic's Inspection Data on behalf of an Inspecting Party, including the Inspecting Party's counsel, must qualify under paragraph VII of the Protective Order as an individual to whom "HIGHLY CONFIDENTIAL – TRAINING DATA" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information may be disclosed, and must sign the Non-Disclosure Agreement attached as Exhibit A to the Protective Order. All persons who review Anthropic's Inspection Data in

the secured inspection room or on the secured computer(s) on behalf of an Inspecting Party shall also be identified in writing to Anthropic at least seven business days in advance of the first time that such person reviews such Inspection Data. In that writing, the Inspecting Party must (a) set forth the full name of the person or expert and the city and state of his or her primary residence, (b) attach a copy of the person or expert's current resume (if applicable) (c) identify the person or expert's current employer(s), (d) identify each person or entity from whom the person or expert has received compensation or funding for work in his or her areas of expertise or to whom the person or expert has provided professional services, including in connection with a litigation, at any time during the preceding five years; (e) identify (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. All authorized persons viewing Inspection Data in the secured inspection room or on the secured computer(s) shall, on each day they view Inspection Data, sign a log that will include the names of persons who enter the locked room to view the Inspection Data and when they enter and depart. Proper identification of all authorized persons shall be provided prior to any access to the secured inspection room or the secured computer(s) containing Inspection Data. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secured inspection room or the secured computer(s) may be denied, at the discretion of Anthropic, to any individual who fails to provide proper identification.

j.   Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Inspection Protocol, the Inspecting Party's counsel and/or experts shall remove all notes, documents, and all other materials from the secured inspection room. Anthropic shall not be responsible for any items left in the room following each inspection session, and the Inspecting Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

k.   Other than as provided above, the Inspecting Party will not copy, remove, or otherwise transfer any Inspection Data from the secured computer(s) including, without limitation, copying, removing, or transferring the Inspection Data onto any recordable media or recordable device except in the limited ways contemplated by the procedures in paragraph 7(h) above. The Inspecting Party will not transmit any Inspection Data in any way from Anthropic's facilities.

l.   Notwithstanding any provisions of this Inspection Protocol or the Protective Order, the Parties reserve the right to amend this Inspection Protocol either by written agreement or Order of the Court upon showing of good cause.

8. The parties agree that nothing herein prevents the parties from negotiating and/or seeking modifications to this Inspection Protocol in the event needs or disputes arise during the inspection. The parties agree that by entering into this stipulation, Plaintiffs have not waived any right to argue that the inspection has not been adequate to fulfill Anthropic's discovery obligations concerning the production of this material, and Plaintiffs may request that Anthropic provide a copy of relevant portions of its Inspection Data to Plaintiffs for their further review and Anthropic will consider such request. If the parties cannot agree on the scope of such production, they will follow the Court's procedures for the resolution of discovery disputes.

1   **IT IS SO STIPULATED.**

2   Dated: July 2, 2025                           Respectfully submitted,

3   By: */s/ Jennifer Pariser*                     By: */s/ Joseph R. Wetzel*

4   **OPPENHEIM + ZEBRAK, LLP**                    **LATHAM & WATKINS LLP**
    Matthew J. Oppenheim                           Joseph R. Wetzel (SBN 238008)
5   Nicholas C. Hailey                             joe.wetzel@lw.com
    Audrey L. Adu-Appiah                           Andrew M. Gass (SBN 259694)
6   (admitted *pro hac vice*)                      andrew.gass@lw.com
                                                   Brittany N. Lovejoy (SBN 286813)
7   4530 Wisconsin Ave., NW, 5th Floor             britt.lovejoy@lw.com
    Washington, DC 20016                           505 Montgomery Street, Suite 2000
8   Telephone: (202) 480-2999                      San Francisco, California 94111
    matt@oandzlaw.com                              Telephone: +1.415.391.0600
9   nick@oandzlaw.com
    aadu-appiah@oandzlaw.com
10                                                 Sarang V. Damle
    Jennifer Pariser                               (admitted *pro hac vice*)
11  Andrew Guerra                                  sy.damle@lw.com
    Timothy Chung                                  Sara Sampoli (SBN 344505)
12  (admitted *pro hac vice*)                      sara.sampoli@lw.com
    461 5th Avenue, 19th Floor                     555 Eleventh Street NW, Suite 1000
13  New York, NY 10017                             Washington, DC 20004
14  Telephone: (212) 951-1156                      Telephone: +1.202.637.2200
    jpariser@oandzlaw.com
15  andrew@oandzlaw.com
    tchung@oandzlaw.com                            Allison L. Stillman
16                                                 (admitted *pro hac vice*)
    **COBLENTZ PATCH DUFFY & BASS LLP**            alli.stillman@lw.com
17  Jeffrey G. Knowles (SBN 129754)                1271 Avenue of the Americas
18  One Montgomery Street, Suite 3000              New York, New York 10020
    San Francisco, CA 94104                        Telephone: +1.212.906.1747
19  Telephone: (415) 391-4800
    ef-jgk@cpdb.com                                Rachel Horn (SBN 335737)
20                                                 rachel.horn@lw.com
    **COWAN, LIEBOWITZ & LATMAN, P.C.**            140 Scott Drive
21  Richard S. Mandel                              Menlo Park, California 94025
22  Jonathan Z. King                               Telephone: +1.650.328.4600
    Richard Dannay
23  (admitted *pro hac vice*)                      *Attorneys for Defendant*
    114 West 47th Street
24  New York, NY 10036-1525
    Telephone: (212) 790-9200
25  rsm@cll.com
26  jzk@cll.com
    rxd@cll.com
27

28  *Attorneys for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document was obtained from all other signatories of this document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 2, 2025

*/s/ Joseph R. Wetzel*

Joseph R. Wetzel

Case No. 5:24-cv-03811-EKL-SVK
JOINT STIPULATION RE: TRAINING DATA &
SOURCE CODE INSPECTION PROTOCOL

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3

4    Dated: _____, 2025

5    _____
     MAGISTRATE JUDGE SUSAN VAN KEULEN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28