UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al., <br> Plaintiffs, <br> v. <br> ANTHROPIC PBC, <br> Defendant. | Case No. 24-cv-03811-EKL  (SVK) <br><br> **TENTATIVE ORDER RE PUBLISHERS' RFPS 101 & 103; ORDER SETTING REMOTE DISCOVERY HEARING** <br><br> Re: Dkt. No. 396 |

Before the Court is the Parties' continuing dispute related to the search for prompts and outputs that support Plaintiffs' claims of copyright infringement. Dkt. 396. Pursuant to RFP 101, Plaintiffs seek a search of Anthropic employees' personal email accounts for prompts and output "relating to lyrics and songs." In RFP 103, Plaintiffs seek third party Anthropic-user information for 33 specified Claude prompt and/or output records which Plaintiffs assert reflect Works-in-Suit. Anthropic objects to both requests on various grounds, including overbreadth, non-proportionality and privacy. Dkt. 396. The Court has reviewed the Parties' submissions, including the proposed compromises, and provides the following tentative rulings and direction for **further meet and confer in advance of a hearing on August 7, 2025**.

**RFP 101**: Plaintiffs' primary argument is that Anthropic employee prompts/outputs, reflecting Works-in-Suit demonstrate Anthropics' willful copyright infringement, regardless of whether the prompts originate from an employee's work email or personal email. Dkt. 396, 2-3. In compromise, Plaintiffs offer to identify 200 employees whose personal emails should be searched. In response, Anthropic offers to run specified search terms (which appear to be reasonable) associated with the personal email accounts of founders Kaplan and Brown. Dkt. 396, 8.

Plaintiffs' request, as well as the proposed compromise, is overbroad and not proportional to the needs of the case to the extent it seeks the search of personal emails of employees whose actions do not give rise to liability on the part of Anthropic. It also raises privacy concerns, especially as to former employees. Anthropics' offer to search only the two founders is insufficient. The Parties are to meet and confer to identify a proportional number of managing agents, whose prompts or outputs (identified via use of the search terms proffered by Anthropic) could be construed as Anthropic's willfull infringement whether sent from personal email or work email. If the Parties are unable to come an agreement as to the search of certain employees' personal email, the Court will set the parameters at the hearing.

**RFP 103**. Plaintiffs offer four reasons in support of this request (Dkt. 396, 6), none of which the Court finds sufficiently persuasive to order production of personal user information of third parties. The Court denies this request without prejudice.

**SO ORDERED.**

Dated: 07/31/2025

SUSAN VAN KEULEN
United States Magistrate Judge

2