**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Corey Miller
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
corey@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case Number: 5:24-cv-03811-EKL-SVK <br><br> **PLAINTIFFS' MOTION AND [PROPOSED] ORDER TO EXTEND CASE DEADLINES** <br><br> **CIVIL L. R. 6-1, 6-3** <br><br> Judge Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

1. Pursuant to Fed. R. Civ. P. 16(b)(4) and Civil L.R. 6-1 and 6-3, Plaintiffs ("Publishers") respectfully request that the Oct. 21, 2025 fact discovery deadline be extended until two months after the Court rules on two pending motions that will significantly impact how the Parties proceed during the remainder of discovery. The resolution of these motions—Publishers' Motion for Leave to File a Second Amended Complaint ("Motion to Amend"), ECF No. 411, and Anthropic's Motion to Dismiss, ECF No. 359 (collectively, the "Pending Motions")—will determine the scope of Publishers' claims in the case and Anthropic's defenses to those claims, control the topics addressed in upcoming fact depositions (including 30(b)(6) depositions) and subsequent expert discovery, and impact the production of critical documents that Anthropic is currently withholding.

Extending the fact discovery deadline until after rulings on the Pending Motions will promote efficiency and avoid duplication by ensuring the Parties can complete discovery on the basis of settled pleadings and with the benefit of the production of all discovery those orders require. By contrast, proceeding with depositions under the current schedule—without the Court's rulings on the scope of Publishers' claims in light of the Pending Motions and without Anthropic having served its Answer—would create a high likelihood that the Parties either waste deposition time on claims or defenses not at issue or need to later re-open depositions or discovery to address additional issues, severely disrupting the case schedule and significantly inconveniencing witnesses who must answer ultimately irrelevant questions or sit twice for depositions (or both).

Accordingly, there is good cause to extend the fact discovery deadline (and subsequent deadlines) until after rulings issue on the Pending Motions. Courts routinely extend discovery deadlines in light of pending motions in similar cases. Parties also routinely stipulate to such extensions, and Publishers attempted to compromise with Anthropic to reach agreement on a stipulated extension request here. Anthropic did not agree to any extension. Hailey Decl., Ex. 1.

## BACKGROUND

Fact discovery is currently scheduled to close on Oct. 21, 2025. ECF No. 416.

Publishers have a pending Motion to Amend to update their allegations and assert new claims based on new evidence revealing that Anthropic used BitTorrent to illegally download and upload millions of books—including those containing Publishers' lyrics—from pirate library

websites, revealed for the first time in *Bartz v. Anthropic* on July 17, 2025. *See* ECF No. 411. The motion is fully briefed and is "tentatively" set for Oct. 8, 2025.[1] Despite Publishers' serving numerous discovery requests calling for BitTorrent-related discovery—including after filing their Motion to Amend—Anthropic has flatly refused to produce any such discovery.

Anthropic has a pending Motion to Dismiss seeking to dismiss Publishers' contributory liability, vicarious liability, and CMI removal and alteration claims. ECF No. 359. The Court's ruling on that motion, which is fully briefed, will address the viability of those claims going forward (and, to the extent the Court dismisses any such claims, whether Publishers may amend them). The Court has taken the motion under submission without oral argument. ECF No. 424.

Relatedly, Anthropic has not yet answered Publishers' Complaint or First Amended Complaint, given its multiple motions to dismiss. As a result, Anthropic has neither admitted or denied the allegations in the complaint, nor has it formally asserted defenses via an answer.

Publishers have requested depositions of specific Anthropic fact witnesses, with the first of those depositions scheduled for Sept. 29, 2025, and served a 30(b)(6) notice on Aug. 15, 2025.

## LEGAL STANDARD

A case schedule may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The inquiry focuses on the "moving party's reasons for seeking modification" and "the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotations omitted). A court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

## ARGUMENT

There is plainly good cause to amend the schedule here. Extending the schedule pending rulings on the Pending Motions will allow the Parties to proceed with depositions based on settled pleadings and with the benefit of complete productions of relevant documents. Anthropic seeks to rush the completion of depositions based on an incomplete record and before the two critical

---

[1] Prior to filing their Motion to Amend, Publishers emailed the Court's courtroom deputy on Aug. 11, 2025 to request an Oct. 8, 2025 hearing date (the earliest then-available date on the Court's calendar). The courtroom deputy "tentatively reserved that date" by email on Aug. 15, 2025, but indicated the Court was still considering a hearing date. The Court's calendar does not currently list the hearing.

Pending Motions are resolved. That is improper and would severely prejudice Publishers.

For example, Anthropic has refused to produce any documents regarding its use of BitTorrent to illegally torrent Publishers' works from pirate libraries. Magistrate Judge van Keulen has deferred ruling on the majority of the parties' joint dispute statement regarding Publishers' requests for BitTorrent-related documents until *after* the Court rules on the Motion to Amend. *See* ECF No. 431 at 1-2. While Publishers maintain this discovery is relevant to Publishers' existing claims (in addition to their proposed amendment), *see* ECF No. 411 at 1, 5, 7, either way, without the proposed extension Publishers will not have the benefit of this key discovery in advance of upcoming depositions.[2] Likewise, Anthropic has flatly refused to offer *any* 30(b)(6) testimony whatsoever on topics relating to its illegal torrenting of works from pirate libraries.

As a result, under the current fact discovery deadline, Publishers will be forced to complete fact depositions of Anthropic employees based on a severely deficient discovery record—including without any custodial documents regarding Anthropic's torrenting of Publishers' works from pirate libraries. Not only will that prejudice Publishers' ability to pursue discovery in support of their claims, it also makes it likely that depositions and discovery will need to be re-opened after the Court's rulings on the Pending Motions (or Magistrate Judge van Keulen's deferred ruling on BitTorrent discovery), further disrupting the case schedule and disturbing later case deadlines.

Separately, proceeding with depositions now, before the Court rules on the Pending Motions, risks wasting the Parties' time and resources pursuing depositions (and preparing expert discovery) on claims and facts that may not ultimately be at issue. For example, if Publishers depose Anthropic's witnesses now and the Court later dismisses Publishers' CMI claims (without leave to amend), Publishers will end up expending significant deposition resources on a moot issue and may even depose witnesses they would not have otherwise deposed. That would be inefficient and highly prejudicial to Publishers, given the limitations on deposition time and the need to focus that time appropriately. *See, e.g.*, *Bahena v. Rodriguez*, 2022 WL 319977, at *2 (E.D. Cal. Jan 14, 2022) (extending discovery and dispositive motion deadlines pending resolution of outstanding

---

[2] Publishers have diligently pursued this BitTorrent-related discovery. Since filing their Motion to Amend, Publishers have issued 12 Requests for Production, 4 Interrogatories, and 11 Requests for Admission relating to these torrenting activities, as well as noticing five 30(b)(6) deposition topics on this issue.

motion, given "it would be a waste of the resources of the Court and the parties to require the parties to conduct potentially unnecessary discovery" before motion is resolved); *King v. Valley State Prison*, 2022 WL 783225, at *2 (E.D. Cal. Mar. 14, 2022) (vacating deadlines pending ruling on motion, to avoid "expenditure of resources by the parties in conducting [needless] discovery").

Proceeding with depositions now before the Pending Motions are resolved would also unnecessarily burden the witnesses. Either the witnesses will have to prepare for and answer questions on topics the Court could subsequently deem irrelevant, or they will have to be deposed twice. There is no basis to impose such needless hardships on individual witnesses.

That Anthropic has not yet answered Publishers' complaint—and will not do so until **after** the Court rules on the Motion to Dismiss—separately justifies extending the fact discovery deadline. Publishers cannot reasonably complete percipient witness and 30(b)(6) depositions before Anthropic has filed an answer admitting or denying Publishers' allegations or formally confirming its defenses via an answer. *See, e.g.*, *Lopez v. Schwarzenegger*, 2012 WL 78377, at *6, *8 (E.D. Cal. Jan. 10, 2012), *report and recommendation adopted*, 2012 WL 671680 (E.D. Cal. Feb. 29, 2012) (granting plaintiff's "requests to extend the discovery deadline," where "two of the defendants have not yet answered in light of their motion to dismiss that has been pending"); *Ennis v. Alder Prot. Holdings*, 2023 WL 2390998, at *1-2 (D. Utah Mar. 7, 2023) (similar).

Further, there is no question that Publishers have been diligent. Publishers exercised reasonable diligence in bringing their Motion to Amend, as that motion explains, *see* ECF No. 411 at 6-7, and in bringing the instant motion more than a month before the close of fact discovery. Moreover, while Publishers expected, when they filed their Motion to Amend, that they could complete fact depositions on their amended claims by November 10, 2025 (the proposed deadline to which the Parties had stipulated at that time, *see* ECF No. 409 at 4), that "[a]ssum[ed] Anthropic promptly produces [the Bit-Torrent related] discovery," ECF No. 411 at 10—which Anthropic has entirely refused to do. *See, e.g.*, *McCurdy v. Kernan*, 2019 WL 2355199, at *2 (E.D. Cal. June 4, 2019) (good cause may be found where, among other things, the moving party "is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order").

Finally, while completing fact discovery without an extension would highly prejudice Publishers, the extension will not prejudice Anthropic at all. *See, e.g.*, *Bahena*, 2022 WL 319977, at *2 (finding "[non-moving party] will not be prejudiced by any modification [of the discovery and dispositive motion deadlines], as the Court will reset the applicable deadlines, if necessary, after [moving party's] exhaustion-based summary judgment motion is decided"). Resolution of the Pending Motions will allow for orderly completion of fact discovery, benefiting both Parties.[3]

Courts in this Circuit routinely grant requests for extensions in such circumstances. *See, e.g.*, *Casey v. Haddad*, 2025 WL 2260079, at *1-2 (E.D. Cal. July 21, 2025) (finding "good cause to extend the dispositive motion filing deadline to allow for resolution of [defendants'] pending motion [to compel and request for terminating sanctions] and preparation of a dispositive motion"); *Pardo-Pena v. Spector*, 2022 WL 3009460, at *2 (C.D. Cal. Jan. 21, 2022) (noting that the court extended fact discovery deadline and "vacated all other pending dates, to be re-set after the Court ruled on [plaintiff's] motion to amend"); *Vespa v. Singler-Ernster Inc.*, 2019 WL 13072773, at *2 (N.D. Cal. Mar. 5, 2019) (noting that the court "extended the fact discovery deadline to forty-five days after [its] ruling on the [two] pending motions to dismiss"); *Bradford v. Marchak*, 2018 WL 1795984, at *4 (E.D. Cal. Apr. 16, 2018) (finding "good cause for the requested extensions of time," including an "extension of the discovery deadline," in light of pending "discovery disputes and [various] other pending motions"); *McFall v. Stacy & Witbeck, Inc.*, 2016 WL 2851589, at *4 (N.D. Cal. May 16, 2016) (granting "motion to extend the discovery deadline pending disposition of [plaintiff's] motion to amend" filed before close of discovery, where court did not grant motion to amend until after discovery deadline, finding "there is necessarily good cause" to extend).

## **CONCLUSION**

Publishers respectfully request that the Court modify the scheduling order to extend the fact discovery deadline until two months after rulings issue on the Pending Motions (and adjust subsequent deadlines accordingly), or, alternatively, that this deadline be vacated and the Parties ordered to meet and confer regarding a specific remaining schedule after those rulings issue.

---

[3] Particularly where Anthropic previously stipulated to a proposed fact discovery extension until Nov. 10, 2025, ECF No. 409 at 4, there is no reason it should not at least agree to a similar extension here.

Dated: September 19, 2025

Respectfully submitted,

*/s/ Nicholas C. Hailey*
**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Corey Miller
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
corey@oandzlaw.com
aadu-appiah@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com
bmatera@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*