SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

JOSEPH R. WETZEL (SBN 238008)
joe.wetzel@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

*Attorneys for Defendant*
**ANTHROPIC PBC**
(Additional Counsel on Next Page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 5:24-cv-03811-EKL-SVK <br><br> **DECLARATION OF NATALIE NAUGLE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 438)** |

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
STEPHANIE LIN (*Pro Hac Vice*)
stephanie.lin@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH (SBN 323952)
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

ANDREW M. GASS (SBN 259694)
andrew.gass@lw.com
BRITTANY N. LOVEJOY (SBN 286813)
brittany.lovejoy@lw.com
IVANA DUKANOVIC (SBN 312937)
ivana.dukanovic@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG V. DAMLE (*Pro Hac Vice*)
sy.damle@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (*Pro Hac Vice*)
alli.stillman@lw.com
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1747

I, Natalie Naugle, declare the following:

1. I am Litigation & Regulatory Counsel, Associate General Counsel at Defendant Anthropic PBC ("Anthropic"). I have personal knowledge of the matters stated in this declaration and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Local Rule 79-5(c) and 79-5(f) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF 438) concerning portions of (1) Plaintiffs' Third Set of Requests for Production of Documents and Things to Defendant (Nos. 67-93) (ECF 438-1); (2) Plaintiffs' Seventh Set of Requests for Production of Documents and Things to Defendant (Nos. 121-131) (ECF 438-2); and (3) Defendant Anthropic PBC's Responses and Objections to Plaintiffs' First Set of Interrogatories (Nos. 1-16) (ECF 438-3).

3. The redacted portions of ECF Nos. 438-1, 438-2, and 438-3 contain quotes or summaries from documents or information designated as "Highly Confidential—Attorneys' Eyes Only" under the Stipulated Protective Order so-ordered by the Court on January 27, 2025 (ECF No. 293). I confirm that the redacted portions of these documents contain highly confidential, nonpublic Anthropic technical and business information.

4. Pursuant to Local Rule 79-5(c) and this Court's Civil Standing Order Section VII.D, the following table identifies the material that Anthropic seeks to seal.

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 438-1 | Plaintiffs' Third Set of Requests for Production of Documents and Things to Defendant (Nos. 67-93) | Highlighted portions at pp. 8, 10–11 | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about sources of training dataset mixes and methods to obtain that data, public disclosure of which would cause competitive harm to Anthropic. |
| 438-2 | Plaintiffs' Seventh Set of Requests for Production of Documents and | Highlighted portions at p. 9. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical |

| | | | |
|---|---|---|---|
| | Things to Defendant (Nos. 121-131) | | operations, including specific and sensitive details about sources of training dataset mixes and methods to obtain that data, public disclosure of which would cause competitive harm to Anthropic. |
| 438-3 | Defendant Anthropic PBC's Responses and Objections to Plaintiffs' First Set of Interrogatories (Nos. 1-16) | Highlighted portions at pp. 16–17, 21–23. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, systems, processes, strategy, and internal projections relating to product development, and finances, public disclosure of which would cause competitive harm to Anthropic. |

5. Filing under seal is justified where there are "compelling reasons sufficient to outweigh the public's interest in disclosure," *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and quotation marks omitted), including where the information at-issue "might be used … 'as [a] source[] of business information that might harm a litigant's competitive standing,'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), or where disclosure would cause a party to "suffer competitive harm[.]" *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015). However, the Ninth Circuit has also "carved out an exception" for sealed materials attached to non-dispositive motions, such as discovery disputes, and other materials that are only "tangentially related to the merits of the case." *Chrysler Group, LLC*, 809 F.3d at 1102. In those circumstances, the parties must make only a "particularized showing of good cause," *Finjan LLC v. Palo Alto Networks, Inc.*, 2023 WL 5211321, at *1 (N.D. Cal. Aug. 14, 2023), as the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force." *Kamakana*, 447 F.3d at 1179-80. The Local Rules also require that sealing requests must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

6. I have reviewed ECF Nos. 438-1, 438-2, and 438-3 and each contains highly confidential information regarding Anthropic's business and technical practices, including specific details about the sources of data used to train its model, the methods to obtain that data, the technical systems and processes that Anthropic has implemented, as well as internal business strategy and financial information relating to the development of Anthropic's products, all of which is proprietary information that is not accessible to the public and that Anthropic, as a matter of internal policy, treats as strictly confidential. Training data, how that training data is used, and the technical systems and processes involved in the inputs and outputs, are crucial to the development of generative AI assistants. Anthropic operates in the burgeoning and highly competitive generative AI industry, and information about specific sources, makeup of datasets, and methods of obtaining data, and the technical processes and systems used in connection with the generation of outputs, would allow Anthropic's competitors to mimic the proprietary training process, dataset mixes, and technological guardrails that Anthropic uses to train its models and that govern their outputs. And "details about the technical operation of a company product, such as source codes, internal documents, and other technical documents should remain confidential and be sealed from the public." *Apex.AI, Inc. v. Langmead*, 2023 WL 4157629, at *2 (N.D. Cal. June 23, 2023).

7. In context of a prior discovery dispute, this Court found that training data—specifically the sources at issue on pages 8 and 10–11 of 438-1 and page 9 of 438-2—was "competitively sensitive," had not been made public by Anthropic, and that good cause existed for the datasets to "remain under seal." ECF 378 at 5. The same considerations apply here, including for the information at issue on pages 16–17 and 21–23 of 438-3. The confidential and competitively sensitive nature of the training sources warrant a finding that good cause—if not compelling reasons—exist for this narrow set of nonpublic information to remain under seal. *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal confidential information regarding proprietary technology); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (compelling reasons to seal "source code directories" and "information about the technical operation of the products").

8. The public disclosure of the information described above in Paragraph 6 would reveal highly confidential information about Anthropic's sources of training data, its internal business strategies and financial information relating to product development, and the technical systems and processes that Anthropic has implemented, which could harm Anthropic if made public by giving its competitors in the rapidly developing AI industry insight into its proprietary training processes, technical system functions, and business strategies. Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2025.

                                              */s/ Natalie Naugle*
                                              Natalie Naugle

| | |
|---|---|
| Date: September 30. 2025 | /s/ *Taylor Gooch* |
| JOSEPH R. WETZEL (SBN 238008)<br>joe.wetzel@lw.com<br>ANDREW M. GASS (SBN 259694)<br>andrew.gass@lw.com<br>BRITTANY N. LOVEJOY (SBN 286813)<br>brittany.lovejoy@lw.com<br>IVANA DUKANOVIC (SBN 312937)<br>ivana.dukanovic@lw.com<br>**LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Telephone: (415) 391-0600<br><br>SARANG V. DAMLE (*Pro Hac Vice*)<br>sy.damle@lw.com<br>**LATHAM & WATKINS LLP**<br>555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004<br>Telephone: (202) 637-2200<br><br>ALLISON L. STILLMAN (*Pro Hac Vice*)<br>alli.stillman@lw.com<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 906-1747 | SONAL N. MEHTA (SBN 222086)<br>sonal.mehta@wilmerhale.com<br>ALLISON BINGXUE QUE (SBN 324044)<br>allison.que@wilmerhale.com<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94306<br>Telephone: (650) 858-6000<br><br>LOUIS W. TOMPROS (*Pro Hac Vice*)<br>louis.tompros@wilmerhale.com<br>STEPHANIE LIN (*Pro Hac Vice*)<br>stephanie.lin@wilmerhale.com<br>DISHA PATEL (*Pro Hac Vice*)<br>disha.patel@wilmerhale.com<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6220<br><br>ARI HOLTZBLATT (SBN 354361)<br>ari.holtzblatt@wilmerhale.com<br>ROBIN C. BURRELL (*Pro Hac Vice*)<br>robin.burrell@wilmerhale.com<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>2100 Pennsylvania Ave, NW<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br><br>TAYLOR GOOCH (SBN 294282)<br>taylor.gooch@wilmerhale.com<br>KYLE EDWARDS HAUGH (SBN 323952)<br>kyle.haugh@wilmerhale.com<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>50 California St.<br>San Francisco, CA 94111<br>Telephone: (628) 235-1000<br><br>*Attorneys for Defendant*<br>**ANTHROPIC PBC** |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

Date: September 30, 2025

_/s/ Taylor Gooch_
Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000