SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

JOSEPH R. WETZEL (SBN 238008)
joe.wetzel@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

*Attorneys for Defendant*
**ANTHROPIC PBC**
(Additional Counsel on Next Page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendant.

Case No. 5:24-cv-03811-EKL-SVK

**DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE: DAMAGES DISCLOSURES**

CIVIL L.R. 72-2

Judge: Hon. Eumi K. Lee

Louis W. Tompros (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
STEPHANIE LIN (*Pro Hac Vice*)
stephanie.lin@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH (SBN 323952)
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

ANDREW M. GASS (SBN 259694)
andrew.gass@lw.com
BRITTANY N. LOVEJOY (SBN 286813)
brittany.lovejoy@lw.com
IVANA DUKANOVIC (SBN 312937)
ivana.dukanovic@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG V. DAMLE (*Pro Hac Vice*)
sy.damle@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (*Pro Hac Vice*)
alli.stillman@lw.com
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1747

When Publishers repeatedly failed to satisfy their Rule 26 obligations to provide adequate damages disclosures and with the close of fact discovery looming, Anthropic requested relief: that Publishers immediately supplement their damages disclosures or face preclusion from relying on evidence not identified in their existing disclosures. ECF 430. On September 16, 2025, Judge van Keulen entered an order ("Order") denying Anthropic's request in its entirety. ECF 434.

Anthropic respectfully submits that the Order should be set aside for two key reasons. *First*, the Order excuses Publishers from disclosing information that has always been in their possession, such as the actual damages they claim to have suffered. Publishers cannot possibly require further discovery from Anthropic to calculate damages based on their own evidence. *Second*, the Order excuses Publishers from providing *anything*—no information, calculation, or even methodology—for entire categories of damages (actual damages, disgorgement, or DMCA statutory damages). Even if more discovery is needed to generate a total estimate, Publishers must at least know by now the *formula* by which they will calculate each damages category. The Order suspends Rule 26's disclosure requirements until seven days after close of fact discovery—depriving Anthropic of the opportunity to request documents, question witnesses, or develop expert opinions about damages theories. Indeed, since the Order, Publishers have cited it to justify refusing to supplement responses to Anthropic's interrogatories seeking basic facts underlying Publishers' contentions across the board. Publishers should immediately provide their damages disclosures.

## LEGAL STANDARD

Rulings by a magistrate judge on non-dispositive motions may be set aside or modified by the district court if factual determinations are "clearly erroneous" or legal determinations are "contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "A decision is contrary to law if the magistrate judge fails to apply or misapplies relevant case law, statutes, or rules of procedure" and "clearly erroneous if the reviewing court, after considering the evidence, is left with the 'definite and firm conviction that a mistake has been committed.'" *Kelley v. AW Distrib., Inc.*, 2021 WL 5414322, at *1 (N.D. Cal. Sept. 3, 2021) (citation omitted). Review of whether a magistrate's ruling is contrary to law is *de novo*. *U.S. Equal Emp. Opportunity Comm'n v. Chipotle Mexican Grill, Inc.*, 2019 WL 3811890, at *2 (N.D. Cal. Aug. 1, 2019).

## ARGUMENT

### I. THE ORDER FAILS TO JUSTIFY ITS WHOLESALE DELAY OF DISCLOSURES

The Order concludes that assessing damages in the "AI arena" is "novel and complex," and so "a strict application of Rule 26 requirements for disclosure … is unwarranted." Order 1-2. But even if some modification of disclosure obligations is permitted when the "circumstances warrant," *id.* at 1, the Order does not explain how the circumstances here warrant completely excusing Publishers from disclosing even information that is and has always been within their possession, or excusing Publishers from providing any explanation of their approach or formula for calculating damages for whole categories of damages until seven days after close of fact discovery.

#### A. Publishers' Disclosures Remain Fundamentally Deficient

Rule 26 requires a "computation of each category of damages" and "the documents or evidentiary material … on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). Requiring adequate Rule 26 disclosures before the close of fact discovery is essential: Delayed disclosures deprive defendants of the ability to assess exposure and formulate an informed response, which includes developing their case during fact and then expert discovery. *See City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003).

As courts in this district have recognized, Rule 26 requires the disclosure of the damages theories for each claim and some explanation of *how* a plaintiff computes damages. *See Klein v. Facebook, Inc.*, 2021 WL 12348681 (N.D. Cal. Oct. 13, 2021) (requiring plaintiffs seeking damages for inadequate compensation for user data to disclose, a year before close of fact discovery, data, value estimate, methodology used, and evidentiary material); *Song v. Drenberg*, 2019 WL 1949785, at *2 (N.D. Cal. May 2, 2019) ("[a]t a minimum, plaintiffs must describe on a claim-by-claim basis the nature of the damages claimed (e.g. actual damages), and how such damages may be calculated (e.g. estimated value of specific lost business opportunities)"); *see also Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, 2020 WL 4747724, at *6 (S.D. Cal. Aug. 17, 2020); *EpicentRX, Inc. v. Bianco*, 2024 WL 56995, at *12-13 (S.D. Cal. Jan. 4, 2024).

Publishers have identified three kinds of damages: actual damages, disgorgement of profits, and statutory damages. But even after two rounds of supplemental disclosures, Publishers'

disclosures are deficient: They contain no explanation at all about two categories—actual damages and disgorgement of profits. ECF 430-1 (Ex. A). No formula. No total estimate. As to the statutory damages on their DMCA claim, they merely recite the per-violation statutory maximum with no estimate of the number of violations they believe have occurred or how they plan to identify and prove such violations. *Id.* at 5-6. Publishers cite solely to a revenue document produced by Anthropic and unspecified "Publishers' lyric license agreements," *id.* at 5, but simply referencing financial documents without explanation is blatantly insufficient, *see, e.g.*, *Hartman v. Glob. Ultimate's LLC*, 2012 WL 13008430, at *2 (C.D. Cal. May 2, 2012).

Publishers' disclosures for statutory damages on their copyright infringement claim fare no better: They simply recite the maximum statutory damages for the works in suit as totaling $74,850,000. ECF 430-1 at 3. Courts have rejected precisely this kind of generic "arithmetic" as "wholly inadequate." *See, e.g.*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006); *accord CCR/AG Showcase Phase I Owner, L.L.C. v. United Artists Theatre Circuit, Inc.*, 2010 WL 1947016, at *5 (D. Nev. May 13, 2010). And while Publishers must have some factual basis to seek the maximum statutory damages, they do not disclose any for their willfulness theory.

**B. The Order Blocks Anthropic From Preparing Its Case In Fact and Expert Discovery**

The Order excuses Plaintiffs' deficiencies, announcing that Publishers must "respond with as much specificity as to the methodology and computation of either statutory or actual damages as is currently available to them" and concluding that Publishers are excused from any further disclosures until seven days after close of discovery. Order 2. That is error for two key reasons.

*First*, the Order excuses Publishers from disclosing information that is and has always been in their possession until after close of fact discovery without explaining why such a wholesale delay is warranted. At minimum, Publishers must provide disclosures, including proposing a methodology, for information that is exclusively within their possession: information underlying Publishers' "lost licensing income," "loss of the underlying value of and demand for Publishers' works," or "harm to the market for Publishers' works and market dilution." ECF 430-1 at 4. "[O]ne party's damage theory and calculation cannot be disclosed by the *other* party during the course of discovery." *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) (emphasis in

original). Publishers must also disclose whether they intend to rely on monitoring or enforcement costs as a basis for damages. The Order does not explain how this information is not "currently available" to Publishers or justify further delaying disclosure.

*Second*, the Order excuses Publishers from providing *any* explanation of their approach for whole categories of damages until after close of discovery. As described *supra*, Publishers have not provided any sort of formula or approach for how they would calculate disgorgement of profits, their actual damages on any of their claims, or their theory or formula for what they claim constitutes a DMCA violation for purposes of statutory damages. ECF 430-1. And while Publishers have listed relevant factors, they have not offered any approach for calculating statutory damages on their copyright infringement claims, nor have they identified the facts underlying their willfulness theory in seeking maximum statutory damages. That "actual computation of certain categories of actual or statutory damages," Order 3, may be performed by experts does not excuse Publishers from disclosing now some explanation of *how* they plan to compute those damages.

The Order's primary rationale—that Publishers may require more time before supplementing disclosures based on their review of sampling information—does not justify either error. *Id.* at 2-3. Publishers do not need to review the sampling information to disclose information exclusively within their possession. And while some subset of disclosures may depend on Publishers' review of sampling information (*e.g.*, total number of alleged infringements), that at most justifies delaying those subsets—not categorically excusing Publishers from providing any sort of formula or approach at all for certain categories of damages until after close of fact discovery.

The cases cited in the Order do not support the Order's conclusion here. Order 2. The court in *Kadrey v. Meta Platforms, Inc.*, Case No. 23-cv-3417-VC (TSH), 2024 WL 4170677, at *2-3 (N.Dd. Ca. Sept. 11, 2024), *granted* the defendant's motion to compel the plaintiff's response to requests for production and an interrogatory requesting each plaintiff to describe the bases for their asserted damages and any related documents. Nothing in *Kadrey* indicates the plaintiffs failed to make adequate Rule 26 disclosures. And the court overruled the plaintiffs' objection that requiring plaintiffs to provide damages information before expert discovery was premature, *see id.*—contrary to the Order. The court in *Evox Productions, LLC v. Lemberg Law. LLC*, 2023 WL 5504947, at *2

(C.D. Cal. July 13, 2023) also *granted* the defendants' motion to compel supplemental initial disclosures of a computation of statutory damages a few weeks before fact discovery closed—notwithstanding that it was "based on information reasonably available to [plaintiff]," *id.* at *3. And *Evox* says nothing about actual damages, which Publishers seek here.

*AFL Telecommunications LLC v. SurplusEQ.com Inc.*, 946 F. Supp. 2d 928, 945 (D. Ariz. 2013) does not support the Order either. The court in *AFL* denied the defendants' request at summary judgment to exclude damages calculations that were provided during expert discovery. *Id.* Nothing in *AFL* suggests Rule 26 allows plaintiffs to wait until expert discovery to reveal their theory of damages for each claim. That Rule 26 disclosures may (and likely will) require further supplementation after expert discovery does not excuse Publishers from providing adequate initial disclosures now based on information available to them. Nothing in *AFL* suggests the plaintiffs had refused to disclose their damages theories until expert discovery. Indeed, the court concluded the defendants had not addressed the exclusion standard under Rule 37, *id.*, which says nothing about Rule 26 on the posture here. Reliance on expert damages analysis does not suspend Rule 26's requirements prior to expert discovery. *See* ECF 430 at 3-4 (citing cases). Cases routinely involve expert analysis of damages issues, but that has never justified suspending Rule 26's requirements.

The Order effectively suspends Rule 26's disclosure requirements until seven days after close of fact discovery—depriving Anthropic of the opportunity to request documents, question witnesses, or develop expert opinions about damages theories and thus preventing Anthropic from developing its case during (and beyond) fact discovery. Indeed, since the Order, Publishers have cited it to justify refusing to supplement responses to Anthropic's interrogatories seeking basic facts underlying Publishers' contentions—an obviously improper response that demonstrates the danger of the Order's errors in excusing Publishers from disclosing damages information in their possession. *See, e.g.*, *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2012 WL 4111728, at *4 (N.D. Cal. Sept. 17, 2012) (party answering contention interrogatories must furnish information available to it). Fact discovery closes October 21, 2025. Time is of the essence.

**CONCLUSION**

For the foregoing reasons, the Court should grant Anthropic's Motion.

Date: September 30, 2025

*/s/ Sonal N. Mehta*

JOSEPH R. WETZEL (SBN 238008)
joe.wetzel@lw.com
ANDREW M. GASS (SBN 259694)
andrew.gass@lw.com
BRITTANY N. LOVEJOY (SBN 286813)
brittany.lovejoy@lw.com
IVANA DUKANOVIC (SBN 312937)
ivana.dukanovic@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG V. DAMLE (*Pro Hac Vice*)
sy.damle@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (*pro hac vice*)
alli.stillman@lw.com
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1747

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH (SBN 323952)
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
STEPHANIE LIN (*Pro Hac Vice*)
stephanie.lin@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendant*
**ANTHROPIC PBC**