[Counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ANTHROPIC PBC,<br><br>　　Defendant. | Case Number: 5:24-cv-03811-EKL-SVK<br><br>**JOINT DISCOVERY DISPUTE STATEMENT REGARDING PRODUCTION OF *BARTZ V. ANTHROPIC* DEPOSITION TRANSCRIPTS**<br><br>Judge Eumi K. Lee<br>Magistrate Judge Susan van Keulen |

Pursuant to Section 8 of the Court's Civil Standing Order, and L.R. 37-1 and 37-2, Plaintiffs ("Publishers") and Defendant Anthropic PBC ("Anthropic") respectfully submit this Joint Discovery Dispute Statement. The Parties seek the Court's intervention in resolving a dispute regarding Publishers' request that Anthropic produce the Anthropic employee deposition transcripts and corresponding exhibits from the *Bartz v. Anthropic* litigation, and Anthropic's objection to that request. The Parties' lead counsel met and conferred to try to resolve this dispute via videoconference on Aug. 22, 2025 and by email, but the Parties have been unable to resolve the dispute. The current fact discovery deadline is 19 days away. ECF No. 416. Publishers cannot propose a further compromise with respect to this request, given the importance of this discovery and the narrow nature of their request. Anthropic cannot offer a compromise and respectfully submits that the Court's prior Order (Dkt. 431) governs here.

### I.  Publishers' Position: Anthropic should produce the *Bartz v. Anthropic* deposition transcripts, given that they are directly relevant and proportional to this case.

Publishers have requested that Anthropic produce copies of the deposition transcripts and corresponding deposition exhibits for the Anthropic employee depositions recently taken in *Bartz v. Anthropic*. "Courts routinely order parties to produce deposition testimony from actions that are similar in nature." *In re BofI Holding, Inc. Sec. Litig.*, 2021 WL 4460751, at *5 (S.D. Cal. Sept. 29, 2021) (citing cases). Indeed, Anthropic itself has emphasized that *Bartz* and this case involve "overlapping defendant, claims, defenses, and factual issues." ECF No. 220 at 1. Despite that, Anthropic inexplicably refuses to produce the requested *Bartz* deposition materials to Publishers in this case.

Anthropic should be ordered to produce these *Bartz* deposition transcripts and exhibits immediately because they are directly relevant and the minimal burden of producing them is proportional to the needs of this case. "Relevance is an exceedingly low bar." *BofI*, 2021 WL 4460751, at *5. *Bartz* involves similar copyright infringement claims, brought against the same defendant, regarding the same AI models, based on many of the same underlying actions, and involving many of the same Anthropic employees. These deposition materials are important to resolving key issues in this case because the Anthropic employees deposed in *Bartz* are "directly

or indirectly tied to the allegations alleged by" Publishers here. *Id.* at *4. Indeed, Publishers intend to depose several of the same Anthropic employees as in *Bartz*, given their similar involvement in activities giving rise to Publishers' claims, while the remaining *Bartz* depositions will have covered numerous facts and issues bearing on Publishers' infringement claims in this case. Further, production will address Anthropic's "asymmetrical access" to this relevant information, which is "unfair and contrary to the truth-seeking purpose of civil discovery." *Id.* at *4.

Likewise, production of the *Bartz* deposition materials is clearly proportional to the needs of this case under Fed. R. Civ. P. 26(b)(1). Anthropic's burden in producing a defined and limited set of deposition transcripts is minimal, and "the benefit to [p]laintiff[s] in securing highly relevant, corroborative evidence that [d]efendants already have in their possession significantly outweighs the burden to [d]efendants in reviewing and preparing" these materials for production. *Id.* at *6. Finally, production of the *Bartz* deposition transcripts may further serve to avoid duplicative discovery here: "the Ninth Circuit observed that '[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding wasteful duplication of discovery.'" *Id.* at *5 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

For all of these reasons, courts in the Ninth Circuit and elsewhere "routinely order parties to produce deposition testimony from actions that are similar in nature," in response to requests like Publishers' request here. *BofI*, 2021 WL 4460751, at *5 (compelling production of "deposition testimony, transcripts, and recordings" for eleven witnesses from prior case); *see also, e.g.*, *Sayce v. Forescout Techs., Inc.*, 2024 WL 4579061, at *2 (N.D. Cal. Sept. 3, 2024) ("[T]he Court agrees with plaintiffs that deposition transcripts and exhibits marked from the Delaware Litigation could be relevant to this case and finds plaintiffs' RFP sufficiently specific to the extent it seeks deposition transcripts and exhibits marked because this identifies the specific categories of documents sought."); *Hall v. Marriott Int'l, Inc.*, 2021 WL 1906464, at *7 (S.D. Cal. May 12, 2021) (granting plaintiff's request for "deposition transcripts, interrogatory responses, responses to requests for admission, and responses to requests for production of documents that [d]efendant produced" in separate case, where complaints and statutory violations alleged in two cases were

similar); *Moser v. Health Ins. Innovations, Inc.*, 2019 WL 2996950, at *2 (S.D. Cal. July 8, 2019) (ordering production of prior deposition transcripts in response to moving party's request for production, and, to extent deposition transcript was designated as confidential in prior case, permitting non-moving party to designate it as confidential under protective order in present case); *Montgomery v. Wal-Mart Stores, Inc.*, 2015 WL 11233384, at *9 (S.D. Cal. July 17, 2015) (compelling production of deposition transcripts where requests were "narrowly tailored to seeking deposition-related documents pertinent to other lawsuits or claims related to the underlying incident"); *Largan Precision Co. v. Samsung Elecs. Co.*, 2015 WL 11251729, at *2 (S.D. Cal. Feb. 9, 2015) (ordering production of deposition transcripts of four named inventors of patents-in-suit who were deposed in previous case); *Spears v. First Am. Eappraiseit*, 2014 WL 11369808, at *1 (N.D. Cal. June 17, 2014) (granting in part plaintiffs' request to compel production of "deposition transcripts and expert reports from a separate lawsuit" against defendant, given there was "at least some overlap between these lawsuits"); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 1232267, at *5 (N.D. Cal. Apr. 12, 2012) (compelling production of "all deposition transcripts of [non-moving party's] employees, testifying in their employee capacity, from actions bearing a technological nexus to this case").

Given this authority, Anthropic has no basis to refuse to produce the *Bartz* deposition transcripts. Its position is particularly indefensible in light of its prior representations that *Bartz* and this case are highly similar, where Anthropic stated that "Anthropic is the defendant in both cases," "both cases allege that Anthropic used plaintiffs' copyrighted works without license or authorization to train its generative AI products," "the claim at the heart of each case is the same: direct copyright infringement based on the theory that Anthropic creates unauthorized reproductions of copyrighted works during the training process for its AI model," and "a central issue in both cases will be whether the alleged use of the plaintiffs' copyrighted works to train a generative AI model is a fair one."[1] *See* ECF No. 220 at 1.

---

[1] That *Bartz* and this case did not appear to be so similar at the outset to meet the standard for relating the two cases under L.R. 3-12 does not weigh against compelling production of the requested *Bartz* deposition materials here. The relevance and proportionality standard under Fed.

Anthropic is wrong to suggest that this issue is somehow controlled by the Court's prior September 8, 2025 discovery order (which required Anthropic to produce certain BitTorrent-related discovery, and deferred addressing certain other BitTorrent-related discovery pending a ruling on the pending Motion to Amend, *see* ECF No. 431 at 1-2). Contrary to Anthropic's suggestion, Publishers' entitlement to the *Bartz* deposition transcripts is not premised solely on the fact that these depositions addressed Anthropic's illegal torrenting of copyrighted works. Rather, the *Bartz* deposition transcripts are more broadly relevant here. Again, Anthropic itself has emphasized the "overlapping defendant, claims, defenses, and factual issues" between *Bartz* and this case. ECF No. 220 at 1. As the cases cited above make clear, production of the *Bartz* deposition transcripts is warranted here.

To the extent Anthropic contends that the Parties have not sufficiently met and conferred, that is also wrong. The Parties already met and conferred regarding Publishers' request for these deposition transcripts on August 22, 2025, during which time Anthropic refused that request; Publishers have been open to meeting and conferring further and offered to do so on September 18, 2025 if that would be productive, but Anthropic declined to promptly engage on that offer, and it has otherwise refused to meaningfully compromise on Publishers' request. Given the direct relevance of the *Bartz* deposition transcripts, Anthropic should produce them immediately.

## II. **Anthropic's Position: Publishers Have Not Met The Standard For Reconsideration Of The Court's Order (Dkt. 431) Or Shown They Are Entitled To All Deposition Transcripts From Another Case**

This dispute is another in the avalanche of last-minute, overreaching discovery disputes that Plaintiffs have ginned up without engaging meaningfully in any discussion of compromise while refusing to provide even the most basic discovery to Anthropic. Instead, they have insisted on declaring impasse on every issue, presumably to support their bid to extend the discovery schedule and expand the scope of the case. See Dkt. 435.

---

R. Civ. P. 26 is different (and easier to satisfy) than the standard for relating two cases under L.R. 3-12. Moreover, recent rulings in *Bartz* have revealed many more overlapping facts and issues between the cases than initially known, as detailed in Publishers' prior submissions to the Court. *See, e.g.*, ECF No. 420 at 1–6.

A.     **The Court's Prior Order Governs**

Publishers' attempt to compel production of all deposition transcripts and exhibits from the *Bartz* case was explicitly rejected by this Court less than a month ago. In their August 29 discovery dispute letter regarding alleged torrenting, Publishers' proposed as a compromise that "Anthropic simply produce the discovery previously produced in the *Bartz v. Anthropic* case." Dkt. 420 at 5. They made clear that the proposal "include[d] documents produced in the case, written discovery, [and] *deposition transcripts and exhibits*[.]" *Id.* at 5 n.2. The Court did not adopt Publishers' proposed compromise. Instead, it deferred Publishers' request, noting that the pending motion to amend "necessarily impacts the scope of relevant and proportional discovery responses in this case." Dkt. 431 at 1.

Publishers' current bid to compel the exact same material is an improper request for reconsideration. And although Publishers now suggest that the transcripts are relevant to multiple additional issues beyond torrenting (and that the Court's prior order thus does not govern), Publishers were required to raise these arguments previously pursuant to Local Civil Rule 7-9(b)(1). Publishers should not get a second bite at the proverbial apple.

Because it is a disguised motion for reconsideration, Anthropic is not even required to respond to it absent an order from the Court, *see id.* 7-9(d) ("no response need be filed" to request for reconsideration); *see also* Local Civil Rule 72-2(d) ("no response need be filed" to motion for relief from nondispositive pretrial order of magistrate judge). But Publishers have forced a response through their improper use of the dispute process because they do not and cannot show that (1) their arguments were unavailable at the time of their prior motion to compel production of all *Bartz* transcripts and exhibits, (2) the emergence of new material facts, or (3) a failure by the Court to consider material facts. *See* Local Civil Rule 7-9(b)(1)-(3). Publishers' transparent and improper attempt to ask the Court to reconsider its order should be denied.

B.     **Publishers Are Not Entitled To All Deposition Transcripts From *Bartz***

Even if the Court determines that Publishers' request is not a request for reconsideration of their prior motion to compel, Publishers' have not justified their request for cloned deposition transcripts and exhibits for all the reasons set forth in detail in Anthropic's portion of the prior

joint dispute statement, Dkt. 420 at 6. *Bartz*, as the Publishers recognized when opposing relation of the two cases, *see* Dkt. 221, involves an entirely different set of allegations. In arguing that the cases should not be related, Publishers expressly distinguished *Bartz* on the grounds that *Bartz* implicates the allegedly pirated books datasets, which they claimed were "different sources of data" and made *Bartz* an "entirely different" case. *Id.* Cloned discovery is generally disfavored, even if there is some overlap in the subject matter of the cases. *Ludlow v. Flowers Foods, Inc.*, 2019 WL6252926, at *18 (S.D. Cal. Nov. 22, 2019). Courts in this district have denied similar attempts to compel "all" transcripts from separate litigation, finding the requests "overbroad." *See e.g.*, *Rumble, Inc. v. Google LLC*, 2023 WL 3751797, at *7 (N.D. Cal. May 31, 2023); *see also In re Google RTB Consumer Privacy Litigation*, 2022 WL 22936877 (N.D. Cal. Apr. 29, 2022) (denying cloned discovery request including request for "testimony" from two related cases). Publishers' request here is similarly overbroad and is further indicative of their bid to completely transform their claims and materially expand the scope of discovery. And Publishers' assertion that Anthropic has some kind of unfair, "asymmetrical" access to information is just as frivolous. Transcripts aside, Anthropic has access to the testifying witnesses because they are employees helping Anthropic prepare its defense. Publishers are not entitled to "symmetrical" access. Anthropic has made no attempt to use the *Bartz* transcripts in this litigation, and as a result they remain entirely irrelevant.

As discussed more fully in Anthropic's opposition to Publishers' motion for leave to amend, Dkt. 419, after opposing relation of the cases and the efficiencies that relation would have allowed, Publishers should not now be permitted to inject all of the issues and discovery from the *Bartz* litigation here.

| | |
|---|---|
| Dated: October 2, 2025 | Respectfully submitted, |
| By: */s/ Nicholas C. Hailey* | By: */s/ Sonal N. Mehta* |
| **OPPENHEIM + ZEBRAK, LLP**<br>Matthew J. Oppenheim<br>Nicholas C. Hailey<br>Audrey L. Adu-Appiah<br>(admitted *pro hac vice*)<br>4530 Wisconsin Ave., NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 480-2999<br>matt@oandzlaw.com<br>nick@oandzlaw.com<br>aadu-appiah@oandzlaw.com | **LATHAM & WATKINS LLP**<br>Joseph R. Wetzel (SBN 238008)<br>joe.wetzel@lw.com<br>Andrew M. Gass (SBN 259694)<br>andrew.gass@lw.com<br>Brittany N. Lovejoy (SBN 286813)<br>britt.lovejoy@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Telephone: +1.415.391.0600 |
| Jennifer Pariser<br>Andrew Guerra<br>Bret Matera<br>Timothy Chung<br>Michelle Gomez-Reichman<br>(admitted *pro hac vice*)<br>461 5th Avenue, 19th Floor<br>New York, NY 10017<br>Telephone: (212) 951-1156<br>jpariser@oandzlaw.com<br>andrew@oandzlaw.com<br>tchung@oandzlaw.com<br>bmatera@oandzlaw.com<br>mgomez-reichman@oandzlaw.com | Sarang V. Damle<br>(admitted *pro hac vice*)<br>sy.damle@lw.com<br>Sara Sampoli (SBN 344505)<br>sara.sampoli@lw.com<br>555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004<br>Telephone: +1.202.637.2200<br><br>Allison L. Stillman<br>(admitted *pro hac vice*)<br>alli.stillman@lw.com<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone: +1.212.906.1747 |
| **COBLENTZ PATCH DUFFY & BASS LLP**<br>Jeffrey G. Knowles (SBN 129754)<br>One Montgomery Street, Suite 3000<br>San Francisco, CA 94104<br>Telephone: (415) 391-4800<br>ef-jgk@cpdb.com | *Attorneys for Defendant* |
| **COWAN, LIEBOWITZ & LATMAN, P.C.**<br>Richard S. Mandel<br>Jonathan Z. King<br>Richard Dannay<br>(admitted *pro hac vice*)<br>114 West 47th Street<br>New York, NY 10036-1525<br>Telephone: (212) 790-9200<br>rsm@cll.com<br>jzk@cll.com<br>rxd@cll.com | |
| *Attorneys for Plaintiffs* | |

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
Allison Bingxue Que (SBN 324044)
allison.que@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
(650) 858-6000
Fax: (650) 858-6100

Ari Holtzblatt (SBN 354631)
ari.holtzblatt@wilmerhale.com
Robin C. Burrell (admitted *pro hac vice*)
robin.burrell@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6964

Louis W. Tompros (admitted *pro hac vice*)
louis.tompros@wilmerhale.com
60 State Street
Boston, MA 02109
(617) 526-6886

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
50 California Street
Suite 3600
San Francisco, CA 94111
(628) 235-1002

*Attorneys for Defendant*

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document was obtained from all other signatories of this document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 2, 2025                                                          */s/ Bret Matera*
                                                                                                  Bret Matera