UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ANTHROPIC PBC,<br><br>　　　　　Defendant. | Case No.  24-cv-03811-EKL (SVK)<br><br>**ORDER RE DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 439, 447, 450 |

Before the Court are several joint submissions reflecting various discovery disputes between Plaintiffs ("Publishers") and Defendant Anthropic PBC ("Anthropic"); the Court addresses three of the disputes in this Order. These issues are appropriate for resolution without oral argument. Civ. L.R. 7-1(b). In consideration of the status of the current litigation and the relevant law, the Court **ORDERS** follows:

**Dkt. 439:  Custodial Searches**

Within just weeks of the close of fact discovery, Publishers seek three additional general custodians and six additional employees whose documents are to be searched for specific responsive documents for a total of nine additional custodial searches. Although in some instances Publishers identify missing categories of documents in this production, in other instances Publishers' justification is superficial. On the other side of the dispute, Anthropic has identified just twelve (12) custodians and has made only a relatively modest custodial production to date (2700). Accordingly, in the interests of efficiency and proportionality, the Court **ORDERS** as follows:

- Publishers may designate <u>one</u> additional Anthropic general custodian whose documents shall be searched for any responsive documents.
- Publishers may select <u>three</u> additional Anthropic employees, from the six identified in the

joint submission, whose documents are to be searched for responsive documents to specific requests for production.

- Anthropic is to **promptly initiate the searches and begin a rolling production** as soon as practicable, **to be completed no later than October 20, 2025.**

The Court is aware of the pending dispute before Judge Lee regarding Publishers' motion to extend case deadlines (including the fact discovery cutoff), (*see* Dkt. 435), and has recommended only a modest extension to accommodate this production.

### Dkt. 447: Apex Deposition

Publishers seek to depose Anthropic founder and CEO Dario Amodei as having unique information not available by less intrusive means. Anthropic complains that Publishers have not taken any depositions yet and therefore cannot meet the "unique" or "less intrusive" requirements of taking an apex deposition. From the record before it, Publishers have demonstrated that Mr. Amodei has been an active participant in Anthropic's development of its AI tools. However, the record also reflects that Mr. Amodei has not acted alone and there may well be other founders and members of senior management, whose depositions have been noticed, who can attest to the same facts. Accordingly, the Court **DENIES** Publishers' request **WITHOUT PREJUDICE** to renewal after the completion of the scheduled depositions of other senior managers.

### Dkt. 450: Confidentiality Designations

The Parties dispute Anthropic's confidentiality designations for the raw text and extracted text from the LibGen and PiLiMi datasets. The record before it reflects that the Parties are either unable or unwilling to meet and confer in a meaningful manner. The fact that Anthropic collected materials from these sources is reflected in this Court's prior order, (*see* Dkt. 431), among other public sources identified in the joint submission, and should not be in dispute. What Anthropic explains, and Publishers do not address, is that "[t]he extracted text datasets are processed from various file types contained in the raw files into extracted text according to technical decisions and effected through source code." Dkt. 450 at 5. Thus, it would be possible, according to Anthropic,

2

for a "competitor to derive the technical choices made and the method used to extract the datasets," which are confidential to Anthropic. It is this process step, proprietary to Anthropic, which Anthropic seeks to protect. Publishers offer no reason to de-designate these extractions to counter Anthropic's confidentiality concerns. Accordingly, Publishers' request for de-designation of the raw text and extracted text from the LibGen and PiLiMi datasets is **DENIED**.

**SO ORDERED.**

Dated: October 5, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge