SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

JOSEPH R. WETZEL (SBN 238008)
joe.wetzel@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

*Attorneys for Defendant*
**ANTHROPIC PBC**
(Additional Counsel on Next Page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 5:24-cv-03811-EKL-SVK <br><br> **DEFENDANT ANTHROPIC PBC'S ANSWER AND AFFIRMATIVE DEFENSES** |

1    LOUIS W. TOMPROS (*Pro Hac Vice*)
     louis.tompros@wilmerhale.com
2    STEPHANIE LIN (*Pro Hac Vice*)
     stephanie.lin@wilmerhale.com
3    DISHA PATEL (*Pro Hac Vice*)
     disha.patel@wilmerhale.com
4    **WILMER CUTLER PICKERING**
     **HALE AND DORR LLP**
5    60 State Street
     Boston, MA 02109
6    Telephone: (617) 526-6000
7
     ARI HOLTZBLATT (SBN 354361)
8    ari.holtzblatt@wilmerhale.com
     ROBIN C. BURRELL (*Pro Hac Vice*)
9    robin.burrell@wilmerhale.com
     **WILMER CUTLER PICKERING**
10   **HALE AND DORR LLP**
     2100 Pennsylvania Ave, NW
11   Washington, DC 20006
     Telephone: (202) 663-6000
12
13   TAYLOR GOOCH (SBN 294282)
     taylor.gooch@wilmerhale.com
14   KYLE EDWARDS HAUGH (SBN 323952)
     kyle.haugh@wilmerhale.com
15   **WILMER CUTLER PICKERING**
     **HALE AND DORR LLP**
16   50 California St.
     San Francisco, CA 94111
17   Telephone: (628) 235-1000

     ANDREW M. GASS (SBN 259694)
     andrew.gass@lw.com
     BRITTANY N. LOVEJOY (SBN 286813)
     brittany.lovejoy@lw.com
     IVANA DUKANOVIC (SBN 312937)
     ivana.dukanovic@lw.com
     **LATHAM & WATKINS LLP**
     505 Montgomery Street, Suite 2000
     San Francisco, California 94111
     Telephone: (415) 391-0600

     SARANG V. DAMLE (*Pro Hac Vice*)
     sy.damle@lw.com
     **LATHAM & WATKINS LLP**
     555 Eleventh Street NW, Suite 1000
     Washington, DC 20004
     Telephone: (202) 637-2200

     ALLISON L. STILLMAN (*Pro Hac Vice*)
     alli.stillman@lw.com
     **LATHAM & WATKINS LLP**
     1271 Avenue of the Americas
     New York, New York 10020
     Telephone: (212) 906-1747

18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER[1]**

Defendant Anthropic PBC ("Anthropic"), by and through its undersigned attorneys, hereby answers the complaint filed on April 25, 2025 (the "First Amended Complaint") by plaintiffs Concord Music Group, Inc.; Capitol CMG, Inc. d/b/a Ariose Music, d/b/a Capitol CMG Genesis, d/b/a Capitol CMG Paragon, d/b/a Greg Nelson Music, d/b/a Jubilee Communications, Inc., d/b/a Meadowgreen Music Company, d/b/a Meaux Hits, d/b/a Meaux Mercy, d/b/a River Oaks Music, d/b/a Shepherd's Fold Music, d/b/a Sparrow Song, d/b/a Worship Together Music, d/b/a Worshiptogether.com Songs; Universal Music Corp. d/b/a Almo Music Corp., d/b/a Criterion Music Corp., d/b/a Granite Music Corp., d/b/a Irving Music, Inc., d/b/a Michael H. Goldsen, Inc., d/b/a Universal – Geffen Music, d/b/a Universal Music Works; Songs of Universal, Inc. d/b/a Universal – Geffen Again Music, d/b/a Universal Tunes; Universal Music – MGB NA LLC d/b/a Multisongs, d/b/a Universal Music – Careers, d/b/a Universal Music – MGB Songs; Polygram Publishing, Inc. d/b/a Universal – Polygram International Tunes, Inc., d/b/a Universal – Polygram International Publishing, Inc., d/b/a Universal – Songs of Polygram International, Inc.; Universal Music – Z Tunes LLC d/b/a New Spring Publishing, d/b/a Universal Music – Brentwood Benson Publishing, d/b/a Universal Music – Brentwood Benson Songs, d/b/a Universal Music – Brentwood Benson Tunes, d/b/a Universal Music – Z Melodies, d/b/a Universal Music – Z Songs; and ABKCO Music, Inc. (collectively "Publishers" or "Plaintiffs").

**NATURE OF THE CASE[2]**

1.    Although Anthropic acknowledges that it must abide by copyright laws, it denies that this lawsuit seeks to enforce any valid claim under applicable law.  Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs or "other technology companies."    The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegation.

---

[1] Except as expressly admitted herein, all allegations in the First Amended Complaint are denied.
[2] The various headings and subheadings of the Complaint are not allegations and thus do not require a response.  Anthropic reproduces them in this Answer solely for convenience.  To the extent a response is required, Anthropic denies any allegations contained in the headings and subheadings of the First Amended Complaint.

2.     Anthropic admits that the AI technology involved in this case is complex and cutting-edge and that AI companies must follow the law.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

3.     Anthropic admits that the development of AI will lead to significant future opportunities, including the potential for exceptional breakthroughs for the music and entertainment industries.  Anthropic denies the remaining rhetorical allegations of this paragraph.

4.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

5.     Anthropic admits that music is rooted in creativity and innovation.  Anthropic lacks knowledge or information sufficient to admit or deny the allegations regarding Publishers in this paragraph and on that basis denies them.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

6.     Anthropic admits that it develops, operates, and offers access to AI models and that its signature product is a series of AI models called Claude.  Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet.  Anthropic admits that Claude uses that statistical information to generate output.  Anthropic lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Publishers in this paragraph, including Publishers' copyright ownership, and on that basis denies them. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

7.     Anthropic admits that the quoted language appears in *Company*, Anthropic, available at https://www.anthropic.com/company;  *Introducing Claude*, Anthropic, available at https://www.anthropic.com/news/introducing-claude;  and *Claude's Constitution*, Anthropic, available at https://www.anthropic.com/news/claudes-constitution.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the quoted language, Anthropic denies those allegations.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

8.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning specific user prompts, in part because Publishers have refused to provide any discovery on their investigation, and on that basis denies them.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

9.     The allegations in this paragraph contain legal conclusions to which no response is required.  Anthropic admits that Claude has generated at least partial lyrics to musical compositions in records it has produced.  Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, including concerning the affiliation of users and the extent of Publishers' ownership of copyrights, and on that basis denies them.

10.     Anthropic admits that the term "lyric" appears in prompt and output records Anthropic has produced.  Anthropic lacks knowledge or information sufficient to admit or deny the other allegations in this paragraph, including concerning the affiliation of users, and on that basis denies them.  Anthropic denies the rhetorical allegations of this paragraph.

11.     Anthropic admits that Tom Brown prompted Claude as quoted in this paragraph. Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

12.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning the motivation of its users, and on that basis denies them.  Anthropic denies the remaining allegations in this paragraph.

13.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Publishers' licensing practices, and on that basis denies them.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

14.     Anthropic admits that Claude was prompted as quoted and produced output in response.  Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, including the content to the lyrics of any musical composition, and on that basis denies them.

15.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

16.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

17.    Anthropic admits that it cleans and processes the data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text. Anthropic denies that, prior to the filing of the complaint in this matter, it had knowledge that lyrics to works to which Publishers claim copyrights were among its training data—let alone sufficient information to exclude them. To the extent the allegations in this paragraph contain legal conclusions, no response is required.  To the extent a response is required, Anthropic denies the allegations in this paragraph.  Anthropic also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

18.    Anthropic admits that it has high-profile commercial customers and partnerships. Anthropic admits that it has at least hundreds of thousands of daily users. Anthropic admits that it has received financing valuing the company at over $61.5 billion.  Anthropic denies any remaining allegations of this paragraph.

19.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

20.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

## JURISDICTION AND VENUE

21.    For purposes of this action, Anthropic does not contest subject matter jurisdiction. The paragraph otherwise contains legal conclusions to which no response is required.

22.    For purposes of this action, Anthropic does not contest personal jurisdiction in this District.  Anthropic admits that it is headquartered in this District and does business in this District. The paragraph otherwise contains legal conclusions to which no response is required.

23.     For the purposes of this action, Anthropic does not contest venue in this District. Anthropic admits that it and some of its agents may be found in this District.  The paragraph otherwise contains legal conclusions to which no response is required.

## THE PARTIES

**Plaintiff Concord**

24.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

25.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

**Plaintiff Universal**

26.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

27.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

28.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

29.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

30.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

31.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

32.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

33.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

**Plaintiff ABKCO**

34.    Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

35.    Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

**Defendant Anthropic**

36.    Anthropic admits that Anthropic PBC is a Delaware corporation.  Anthropic denies that its principal place of business is 548 Market Street, PMB 90375, San Francisco, California 94104-5401.

## PUBLISHERS AND THEIR COPYRIGHTS

37.    Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

38.    Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

39.    Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

40.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Plaintiffs' musical compositions, and on that basis denies those allegations.

41.    Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

42.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph concerning Plaintiffs' copyrighted musical compositions, and on that basis denies those allegations.

43.    Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including because for many works Publishers have refused to produce or do not

have deposit copies reflecting the lyrics associated with the copyrighted musical compositions, and on that basis denies them.

44. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

45. The allegations in this paragraph contain legal conclusions to which no response is required.

46. Anthropic lacks knowledge or information sufficient to admit or deny the allegations concerning Publishers, and on that basis denies them. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

47. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

48. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

49. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

50. Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

51. Anthropic admits that building helpful, honest, and harmless AI systems is critical to AI safety and progress. Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

## **ANTHROPIC AND ITS INFRINGING CONDUCT**

### A. *Anthropic and Its AI Business*

52. Anthropic admits that it develops, operates, and offers access to a series of AI large language models ("LLMs") known as Claude. Anthropic admits that it was founded in 2021 by former employees of OpenAI and has received funding from Amazon, Google, and Zoom. Anthropic admits that it has received funding valuing the company at over $61.5 billion. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the remaining allegations of this paragraph.

53.     Anthropic admits that its signature product is a series of general purpose LLMs called Claude. Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet. Anthropic admits that Claude uses that statistical information to generate human-like responses. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

54.     Anthropic admits that it began developing AI models as early as February 2021, released Claude as an Application Programing Interface ("API") to certain business customers in 2022, released Claude to the public in early 2023, released Claude 2 in July 2023, released Claude 2.1 in November 2023, released the Claude 3 model family in March 2024, released the Claude 3.5 family in June 2024, and released Claude 3.7 Sonnet in February 2025.  Anthropic admits that the selectively quoted language appeared on the date cited in the cited sources, which speak for themselves.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the cited sources, Anthropic denies those allegations.  Anthropic denies that the quotation regarding "similar techniques" refers to all the models alleged in this paragraph, as the cited source discusses only Claude 2.

55.     Anthropic admits that it provides access to Claude through a conversational interface on its website, a mobile application, a desktop program, and to enterprise clients as a commercial API.  Anthropic admits that Claude responds to user-submitted questions and commands with conversational AI-generated replies.  Anthropic admits that the selective quote appears in *Claude for Enterprise*, Anthropic (Sept. 4, 2024), available at https://www.anthropic.com/news/claude-for-enterprise, which speaks for itself.  Anthropic admits that it offers access to API products through Quora, Lex, Brave, and DuckDuckGo.  Anthropic lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding DuckDuckGo's operation and retention practices, and on that basis denies them. Anthropic denies the remaining allegations of this paragraph.

56.     Anthropic admits that it offers a subscription-based version of Claude. Anthropic admits that it offers access to API products.  Anthropic denies the remaining allegations in this paragraph.

**B.** *Anthropic's Development of Its AI Models Generally*

57.     Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet. Anthropic admits that Claude uses that statistical information to generate human-like responses. Anthropic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

58.     Anthropic responds to each separate allegation in paragraph 58 as follows:

a.     Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet and free, open repositories of web crawl data.  Anthropic admits that some of the text it used to train certain versions of Claude was obtained by crawling publicly available Internet text. When Anthropic's crawling user agent, ClaudeBot, crawls the Internet, it discloses its web crawling to website operators, so that website operators are able to identify when and how ClaudeBot is accessing their sites.

b.     Anthropic admits that its data processing and training efforts include additional technical refinements.  Anthropic admits that it cleans and processes the data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text. Anthropic admits that some of its data processing and training efforts are directed at, *inter alia*, improving accuracy and combating bias, unfairness, and harm, rather than the filtration of copyrighted content.  Anthropic has also implemented numerous technical specifications, including guardrails, designed to prevent outputs that might result from inadvertent "memorization" of training data.

c.     Anthropic admits that it breaks down the billions of pieces of content in its training corpus into component parts known as "tokens," which can correspond to words, subwords, or characters.  Anthropic admits that groups of tokens are then scrambled and stored in a different order than their readable-text equivalents appear in the original text of the material.  Anthropic further admits that the model stores the statistical information derived from the tokens in the form

of parameters.  Anthropic admits that, generally speaking, the average token is about 3.5 characters long for Claude.

d.    Anthropic admits that it engages in further finetuning and reinforcement learning based on both human and AI feedback. Anthropic admits that during this process humans prompted AI models for output.  Anthropic lacks information or knowledge sufficient to admit or deny the remaining allegations of this subparagraph and on that basis denies them.

The remaining allegations in these subparagraphs contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

59.    Anthropic admits that, in response to a prompt, Claude generates output based on statistical information derived during its training process, subject to other technical refinements, including but not limited to reinforcement feedback, finetuning, and guardrails. Anthropic admits that the quoted language appears in *Glossary*, Anthropic, available at https://docs.anthropic.com/en/docs/resources/glossary.  Anthropic admits that Claude is trained on the statistical information derived from tokens but produces text as output.  Anthropic admits that it intends Claude to be used in ways that are helpful, honest, and harmless.  Anthropic denies the remaining allegations of this paragraph.

**C.    *Anthropic's Unlawful Exploitation of Publishers' Works***

60.    The allegations in this paragraph contain legal conclusions to which no response is required.

61.    Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet. The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

62.    Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

63.    Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

64.    Anthropic admits that the selectively quoted language appears in the cited sources, which speak for themselves.  To the extent the allegations in this paragraph purport to characterize or summarize or are inconsistent with the cited sources, Anthropic denies those allegations.

65.    The allegations of this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

66.    Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet. Anthropic admits that it cleans and processes the data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text.  Anthropic denies the rhetorical allegations of this paragraph.  Anthropic lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Publishers in this paragraph, including Publishers' copyright ownership, and on that basis denies them. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

67.    Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet. Anthropic admits that its training data was sourced in part from an open repository of Internet data archived by a nonprofit called Common Crawl.  Anthropic admits that it cleans and processes the data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text.  Anthropic denies the rhetorical allegations of this paragraph.  Anthropic lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Publishers in this paragraph, including Publishers' copyright ownership, and on that basis denies them. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

68.    Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet. Anthropic admits that it cleans and processes the data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text.  Anthropic denies that, prior to the filing of the complaint in this matter, it had knowledge that lyrics to works to which

Publishers claim copyrights were among its training data. Anthropic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including with respect to Publishers' ownership of copyrights, Publishers' licensing practices, Publishers' and songwriters' intent, the content of third-party websites, and the interests of website users, and on that basis denies them.

69.    Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet. Anthropic admits that it has used portions of the Pile in connection with the training of certain Claude models.  Anthropic admits that the selectively quoted language appears in the cited sources, which speak for themselves.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the cited sources, Anthropic denies those allegations. Anthropic lacks knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

70.    Anthropic admits that the selectively quoted language appears in the cited sources, which speak for themselves. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the cited sources, Anthropic denies those allegations. Anthropic denies that, prior to the filing of the complaint in this matter, it had knowledge that lyrics to works to which Publishers claim copyrights were among its training data. Anthropic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including with respect to Publishers' ownership of copyrights, and on that basis denies them.

71.    Anthropic admits that Dario Amodei formerly worked at OpenAI and was involved in training large language models on text derived in part from databases including The Pile, WebText, and WebText2.  Anthropic admits that the selectively quoted language appears in the cited sources, which speak for themselves.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the cited sources, Anthropic denies those allegations. Anthropic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies them.

72.     Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet. Anthropic admits that it cleans and processes the data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text.  Anthropic denies that, prior to the filing of the complaint in this matter, it had knowledge that lyrics to works to which Publishers claim copyrights were among its training data. Anthropic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies them.

73.     Anthropic admits that Benjamin Mann and Jared Kaplan discussed technical refinements to training data in May 2021.  Anthropic admits that the selectively quoted language appears in records that Anthropic has produced to Plaintiffs.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with those records, Anthropic denies those allegations. Anthropic admits that it cleans and processes the data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text.  Anthropic lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Publishers in this paragraph, including Publishers' ownership of copyrighted works, and on that basis denies them. Anthropic denies that it selected or employed extraction tools based on whether they removed copyright management information.

74.     To the extent the allegations in this paragraph are legal conclusions, no response is required.  Anthropic admits that it cleans and processes the data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text.  Anthropic denies that it selected or employed extraction tools based on whether they removed copyright management information.  Anthropic lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Publishers in this paragraph, including Publishers' ownership of copyrighted works, and on that basis denies them.  Anthropic denies the remaining allegations in this paragraph.

75.     Anthropic admits that some of its data processing and training efforts are directed at, *inter alia*, improving accuracy and combating bias, unfairness, and harm, rather than the filtration of copyrighted content.  However, Anthropic has implemented numerous technical specifications,

including guardrails, designed to prevent outputs that might result from inadvertent "memorization" of training data, that violate Anthropic's Terms of Service, or that might contain copyrighted works. Anthropic admits that during the finetuning process temporary workers prompted AI models for outputs. The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

76.     The allegations in this paragraph contain legal conclusions to which no response is required.

77.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

78.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

79.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

80.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, and whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

81.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.  The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Publishers' copyright ownership, the

affiliation of the user, the lyrics of the musical composition, and whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

82.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, and whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

83.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, and whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

84.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and Exhibits A and B, and on that basis denies them.

85.     Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

86.     Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

87.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Publishers' copyright ownership, the lyrics of the musical composition, whether and to what extent

the alleged lyrics are protected by copyrights, and the extent to which the referenced user is a bona-fide third party, and on that basis denies them.

88.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.   The remaining allegations in this paragraph contain legal conclusions to which no response is required.   To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Publishers' copyright ownership, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and the extent to which the referenced user is a bona-fide third party, and on that basis denies them.

89.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph. The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Publishers' copyright ownership, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and the extent to which the referenced user is a bona-fide third party, and on that basis denies them.

90.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and on that basis denies them.

91.     Anthropic admits that Claude is capable of generating lyrics for new songs. Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

92.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.   The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

93.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.   To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

94.     Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

95.     Anthropic denies the allegations regarding Anthropic's knowledge and intent.  Anthropic admits that it has produced records that contain the selectively quoted language from an Anthropic employee.  Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

96.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them. Anthropic denies the rhetorical allegations in this paragraph.

97.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.   To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

98.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.   To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

99.     Anthropic denies that Claude was prompted as quoted in this paragraph.   The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

100.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

101.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.   To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

102.     Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.   To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical

composition, whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

103.    Anthropic denies that it intended its AI models to respond to user prompts with copyrighted content.    Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and on that basis denies them.

104.    Anthropic admits that the selectively quoted language appears at the following URL: https://www.reddit.com/r/ClaudeAI/comments/16ejmgp.    To the extent the allegations in this paragraph contain legal conclusions, no response is required.    Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations in the paragraph, and on that basis denies them.

105.    Anthropic admits that Anthropic has produced records in which Claude was prompted for song lyrics as a caption to a picture and was prompted for a potential name for a business and produced output in response.  Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations in the paragraph, including concerning Publishers' copyright ownership or the content of the lyrics of any musical composition, and on that basis denies them.

106.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and on that basis denies them.

107.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that a response is required, Anthropic denies the allegations.

108.    Anthropic admits that Dario Amodei, Amanda Askell, Jack Clark, Jared Kaplan, and Benjamin Mann were formerly employed by OpenAI and four of those individuals are Anthropic co-founders.  Anthropic admits that it is possible for AI models to memorize and regurgitate training data.  Anthropic admits that the selectively quoted language appears in the cited source.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the cited sources, Anthropic denies those allegations.

109.    Anthropic admits that the selectively quoted material appeared in records produced by Anthropic.  Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegation, and on that basis denies it.

110.    Anthropic admits that some of its data processing and training efforts are directed at, *inter alia*, improving accuracy and combating bias, unfairness, and harm. Anthropic denies that the purpose of finetuning was to reproduce lyrics or copyrighted material. Anthropic denies that it knew that Claude users would specifically seek Publishers' lyrics.  Anthropic admits that the selectively quoted language appears in the cited sources. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the cited sources, Anthropic denies those allegations.  Anthropic denies that temporary workers prompted Claude for song lyrics at Anthropic's direction.

111.    The allegations in the paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations in this paragraph.

112.    Anthropic admits that the selectively quoted language appears in records produced by Anthropic, which speak for themselves.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with those records, Anthropic denies those allegations.

113.    Anthropic admits that Tom Brown prompted Claude in the quoted manner.  Anthropic lacks knowledge or information sufficient to admit or deny the allegations regarding Publishers' copyright ownership.

114.    Anthropic denies that it expected and intended third-party users to request lyrics. Anthropic lacks knowledge and information sufficient to admit or deny third-party user behavior. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations.

115.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

116.    Anthropic admits that the quoted language appears in Anthropic's Terms of Service, dated and effective September 6, 2023.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with those terms, Anthropic denies those allegations.

Anthropic denies the rhetorical allegations in this paragraph. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

117.    Anthropic admits that it may occasionally do internal analysis to understand how Claude is used, including through its "Claude insights and observations" ("Clio") platform, which may include analysis of user prompts and corresponding outputs, and has published certain findings from these analyses. Anthropic denies the remaining allegations of this paragraph.

118.    Anthropic admits that it cleans and processes the data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text. Anthropic admits that some of its data processing and training efforts are directed at, *inter alia*, improving accuracy and combating bias, unfairness, and harm, rather than the filtration of copyrighted content. Anthropic denies that, prior to the filing of the complaint in this matter, it had knowledge that Publishers' lyrics were even among its training data—let alone sufficient information to exclude them. However, Anthropic implemented numerous technical specifications, including guardrails, designed to prevent outputs that might contain lyrics or other copyrighted content. Since the filing of this lawsuit, Anthropic has implemented additional guardrails designed to further ensure that copyrighted works—including the works in suit—do not appear in any of Claude's outputs. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

119.    Anthropic admits that it has implemented numerous technical specifications, including guardrails, designed to prevent outputs that might contain lyrics or other copyrighted content. Since the filing of this lawsuit, Anthropic has implemented additional guardrails designed to further ensure that copyrighted works—including the works in suit—do not appear in any of Claude's outputs.

120.    Anthropic admits that it has implemented numerous technical specifications, including guardrails, designed to prevent outputs that might contain lyrics or other copyrighted content, including before Publishers filed this action. Since the filing of this lawsuit, Anthropic has implemented additional guardrails designed to help further ensure that copyrighted works— including the works in suit—do not appear in any of Claude's outputs. Anthropic denies that its

guardrails are easily evaded. To the extent the allegations in this paragraph contain legal conclusions, no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies them.

121.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations in this paragraph.

122.    Anthropic denies the allegations in this paragraph.

123.    Anthropic admits that the cited source appears to depict a Reddit post claiming that Claude generated lyrics from "House at Pooh Corner."  Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies them.

124.    Anthropic admits that after Plaintiffs filed this lawsuit, Anthropic implemented additional guardrails and improved its existing guardrails to help further ensure that any lyrics contained in works to which Publishers may hold copyrights do not appear in Claude's outputs. Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations and on that basis denies them.  To the extent the allegations in this paragraph contain legal conclusions, no response is required.

125.    Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, including concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

126.    Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, including

concerning Publishers' copyright ownership, the affiliation of the user, the lyrics of the musical composition, whether and to what extent the alleged lyrics are protected by copyrights, and on that basis denies them.

127.    The allegations in this paragraph contain legal conclusions to which no response is required.  Anthropic admits that the selectively quoted language appears in the cited sources, which speak for themselves.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the cited sources, Anthropic denies those allegations.

128.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that a response is required, Anthropic denies the allegations.

129.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

130.    Anthropic admits that building Claude required deriving statistical information about how language works from vast amounts of text, including publicly available text from the Internet.  Anthropic admits that it cleans and processes the data used to train its models to remove data that would detract from the goal of teaching Claude to generate high quality text.  Anthropic denies that, prior to the filing of the complaint in this matter, it had knowledge that lyrics to works to which Publishers claim copyrights were among its training data.  Anthropic denies that it selected datasets or extraction tools or employed extraction tools based on whether they removed copyright management information.  Anthropic denies that its objective is to reproduce copyrighted lyrics. Anthropic denies that the records produced by Anthropic containing the selectively quoted language in this paragraph referred to copyright management information.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

131.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

132.    Anthropic admits that Claude was prompted and produced output as quoted in this paragraph.  The remaining allegations in this paragraph contain legal conclusions to which no

response is required.    To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

133.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations, and on that basis denies them.

134.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

135.    Anthropic lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis denies them.

136.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

137.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

**D.    *Anthropic's Profits From Its Infringement***

138.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies these allegations.

139.    Anthropic admits that it has received funding valuing the company at more than $61.5 billion.  Anthropic admits that in September 2023, it announced that Amazon would be investing up to $4 billion in Anthropic, at an undisclosed valuation. Anthropic admits that it had previously received $500 million in funding from FTX, as well as more than $300 million from Google, and hundreds of millions of dollars from Zoom, Salesforce, and others.

140.    Anthropic admits that the quoted language appears on Anthropic's website, available at https://www.anthropic.com/company, which speaks for itself.  To the extent the allegations in this paragraph characterize or are inconsistent with the full text, Anthropic denies those allegations. The remaining allegations in this paragraph contain legal conclusions to which no response is required.

141.    Anthropic admits that the quoted language appears on Anthropic's website, available at https://www.anthropic.com/news/claude-2.    Anthropic admits that it is working with large customers to build customized commercial AI models but lacks knowledge or information regarding the specific, unidentified "customers" referenced in this paragraph.

142.    Anthropic admits that it charges its Claude API customers on a pay-as-you-go model and receives revenues based on the amount of text submitted as input and generated as output but denies that it charges its Claude API customers on a per-word basis.    Anthropic denies the remaining allegations of this paragraph.

143.    The allegations in this paragraph contain legal conclusions to which no response is required.    To the extent a response is required, Anthropic denies the allegations.

144.    Anthropic admits that Claude 2 was available to individual users through the Anthropic website.    Anthropic admits that it initially made Claude 2 free but subsequently launched paid plans.    Anthropic admits that on September 7, 2023, it launched Claude Pro, a paid version of Claude 2, for which it charges individual users a $20 monthly subscription fee for "5x more usage than [the] free tier," as stated on Anthropic's website, available at https://www.anthropic.com/news/claude-pro.    To the extent the allegations in this paragraph characterize or are inconsistent with the full text, Anthropic denies those allegations.    Anthropic denies the remaining allegations of this paragraph.

145.    Anthropic admits that in July 2023, it was reported that "Anthropic had accumulated a waitlist of more than 350,000 people requesting access to Claude's API and its consumer offering."    The remaining allegations in this paragraph contain legal conclusions to which no response is required.    To the extent a response is required, Anthropic denies the allegations of this paragraph.

146.    Anthropic admits that it has been successful in fundraising, continues to seek investor funding, and continues to develop new, more powerful models.    Anthropic denies the remaining allegations of this paragraph.

147.    Anthropic admits that it has been successful in fundraising and that it announced a Max plan in April 2025 to offer greater flexibility for high-volume users of Claude.  Anthropic denies the remaining allegations of this paragraph.

### E.    *Growing Alarm Over the Proliferation of AI Technology*

148.    Anthropic admits that its models are becoming more widely adopted.  Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including with respect to unidentified third-party assessments on the impact of AI technology, and on that basis denies them.  To the extent that the allegations in this paragraph contain legal conclusions, no response is required.  Anthropic denies any remaining allegations of this paragraph.

149.    Anthropic admits that the Senate Judiciary Committee has held hearings regarding AI. Anthropic admits that Senator Bennet wrote a letter addressed to AI developers, including Anthropic.  Anthropic otherwise lacks knowledge or information sufficient to admit or deny the remainder of the allegations of this paragraph, and on that basis denies them.

150.    Anthropic admits that the quoted language appears in "Press Release, Justice Department's Civil Rights Division Joins Officials from CFPB, EEOC and FTC Pledging to Confront Bias and Discrimination in Artificial Intelligence" (Apr. 25, 2023), available at https://www.justice.gov/opa/pr/justice-department-s-civil-rights-division-joins-officials-cfpb-eeoc-and-ftc-pledging, and "Statement of Commissioner Alvaro M. Bedoya Joined by Chair Lina M. Khan and Commissioner Rebecca Kelly Slaughter" In the Matter of Amazon Alexa (*United States v. Amazon.com, Inc.*)  (May  31,  2023),  available  at https://www.ftc.gov/system/files/ftc_gov/pdf/Bedoya-Statement-on-Alexa-Joined-by-LK-and-RKS-Final-1233pm.pdf.  Anthropic lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

151.    Anthropic admits that it trains Claude based on a Constitution, available at https://www.anthropic.com/index/claudes-constitution, which commits to train AI systems that remain helpful, honest, and harmless.  Anthropic admits that the quoted language appears in Claude's Constitution.  To the extent the allegations in this paragraph purport to summarize or

characterize or are inconsistent with the full text of Claude's Constitution, Anthropic denies those allegations.  Anthropic denies the remaining allegations of this paragraph.

152.    Anthropic denies that its Constitution omits protections for intellectual property rights, such as copyright. Anthropic admits that the language quoted in this paragraph appears in the United States Constitution and on an Anthropic webpage about Claude's Constitution, available at https://www.anthropic.com/index/claudes-constitution.    To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the full text of these documents, Anthropic denies those allegations.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

**F.    *The Ongoing Harm to Publishers From Anthropic's Infringement***

153.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

154.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required,  Anthropic denies the allegations.

155.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required,  Anthropic denies the allegations.

156.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required,  Anthropic denies the allegations.

157.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

158.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

## CLAIMS FOR RELIEF

### Count I—Direct Copyright Infringement

159.    Anthropic incorporates by reference its responses to all allegations set forth in the preceding paragraphs 1 through 158 as if fully set forth herein.

160.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

161. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Plaintiffs' copyright ownership, and on that basis denies those allegations.

162. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations.

163. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations.

164. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations.

165. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations.

166. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations.

**Count II—Contributory Infringement**

167. Anthropic incorporates by reference its responses to all allegations set forth in the preceding paragraphs 1 through 158 as if fully set forth herein.

168. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations.

169. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations.

170. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations of this paragraph.

171. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations of this paragraph.

172. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations of this paragraph.

173.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

174.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

175.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Plaintiffs' copyright ownership, and on that basis denies those allegations.

176.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

177.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

178.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

179.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

180.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Anthropic denies the allegations.

### Count III—Vicarious Infringement

181.     Anthropic incorporates by reference its responses to all allegations set forth in the preceding paragraphs 1 through 158 as if fully set forth herein.

182.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

183.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

184.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations of this paragraph.

185.    Anthropic admits that it charges its Claude API customers on a pay-as-you-go model and receives revenues based on the amount of text submitted as input and generated as output but denies that it charges its Claude API customers on a per-word basis.  Anthropic admits that it has been successful in its fundraising efforts.  Anthropic denies the remaining allegations of this paragraph.

186.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies these allegations.

187.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies these allegations.

188.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

189.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, including concerning Plaintiffs' copyright ownership, and on that basis denies those allegations.

190.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

191.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

192.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

193.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

194.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

### Count IV—Removal or Alteration of Copyright Management Information

195.    Anthropic incorporates by reference its responses to all allegations set forth in the preceding paragraphs 1 through 158 as if fully set forth herein.

196.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

197.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

198.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

199.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

200.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

201.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

202.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

203.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

204.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Anthropic denies the allegations.

## **PRAYER FOR RELIEF**

In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

a.    In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

b.    In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

c.    In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

d.    In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

e.    In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

f.    In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

g.    In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

h.    In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

i.    In response to the Prayer for Relief, Anthropic denies that Plaintiffs are entitled to each of the requested relief, or to any relief whatsoever.

## JURY TRIAL DEMAND

With respect to the jury demand contained in Plaintiffs' First Amended Complaint, Anthropic states that no response is required.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the First Amended Complaint, Anthropic asserts the following affirmative defenses, without assuming the burden of proof on such defenses that would otherwise fall on Plaintiffs.  Anthropic reserves the right to supplement or amend these defenses during and after the course of discovery, and does not knowingly or intentionally waive any applicable affirmative defense.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The First Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Volitional Conduct)

To the extent that outputs received by Claude users include a portion of a copyrighted work, Anthropic did not take specific, volitional acts that generated the allegedly infringing portion of the copyrighted works.

## THIRD AFFIRMATIVE DEFENSE

### (Invalid Copyright Registrations)

Plaintiffs' claims are barred, in whole or in part, because the copyright registrations purporting to cover some or all of the works in dispute are invalid and do not satisfy the requirements of 17 U.S.C. §§ 411-412.

## FOURTH AFFIRMATIVE DEFENSE

### (No Statutory or Copyright Standing and Lack of Injury)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot show, on a work-by-work basis, that Plaintiffs have satisfied each legal prerequisite to asserting copyright infringement or Article III standing, including to the extent Plaintiffs cannot show, on a work-by-work basis, evidence of deposit copies reflecting the lyrics associated with the copyrighted musical compositions or that Anthropic's allegedly infringing activity caused injury to Plaintiffs.  Plaintiffs' claims are also barred to the extent they cannot show, on a work-by-work basis, that Plaintiffs have ownership or assignable rights to the lyrics for each work.  Plaintiffs' claims are also barred to the extent they cannot show, on a work-by-work basis, that Plaintiffs have ownership or assignable rights encompassing any specific act that they contend Anthropic committed in violation of 17 U.S.C. § 106.

## FIFTH AFFIRMATIVE DEFENSE

### (No Actionable Copy)

To the extent Plaintiffs assert that additional copies of the text of the lyrics from the works at issue are made as part of the pre-training, training, or development of Claude, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to show that alleged copies exist for more than a transitory duration.

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(*De Minimis* Copying)**

3

To the extent there is copying of copyrightable expression, that copying is *de minimis*.

4

**SEVENTH AFFIRMATIVE DEFENSE**

5

**(Fair Use)**

6
7
8
9
10
11
12
13
14

To the extent that Anthropic made use of the Plaintiffs' lyrics to develop and/or train an AI model, that is a fair use that does not constitute infringement of Plaintiffs' copyrights. Anthropic used a technological process with the object and purpose of generating an ultimately non-infringing, transformative new product. Relying on the fair use doctrine, courts have consistently found that making "intermediate" copies of copyrighted materials to develop new technologies, including generative AI models, does not violate copyright law.  To the extent that the use of any Anthropic AI model results in outputs that purportedly include copyrightable expression encompassed by Plaintiffs' copyrights, those outputs are also fair use given the purpose, object, and transformative nature of Anthropic's AI models.

15

**EIGHTH AFFIRMATIVE DEFENSE**

16

**(Copyright Misuse/Unclean Hands)**

17
18
19
20
21

Plaintiffs' claims are barred, in whole or in part, by the doctrines of copyright misuse and unclean hands, including because Plaintiffs have attacked Claude in an effort to cause it to reproduce their works and have publicized their successful attacks, demonstrating to others how to attempt to cause Clause to regurgitate Plaintiffs' works, and because they seek to prevent activities and uses that do not implicate rights protected by 17 U.S.C. § 106.

22

**NINTH AFFIRMATIVE DEFENSE**

23

**(Waiver, Estoppel, Acquiescence, Laches)**

24
25

Plaintiffs' claims are barred, in whole or in part, by one or more other equitable doctrines, such as waiver, estoppel, acquiescence, and laches.

26
27
28

**TENTH AFFIRMATIVE DEFENSE**

**(Implied/Express License)**

Plaintiffs' claims fail in whole or in part because the complained-of use was authorized by express or implied license.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiffs' remedies are barred at least in part by the applicable statutes of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Requirements for an Injunction)**

Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs have failed to state facts sufficient to support a claim for injunctive relief, and there is an adequate remedy at law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs are barred from recovery of damages because of and to the extent of their failure to mitigate their alleged damages (to which, in any event, they are not entitled).

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

To the extent Plaintiffs establish any act of infringement, that infringement was innocent, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. 17 U.S.C. § 504(c)(2).

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

To the extent Plaintiffs establish any act of infringement, that infringement was not willful. Anthropic had and still has the reasonable, sincere belief that Claude is a statutory fair use, and therefore is not an infringement of copyright.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTEENTH AFFIRMATIVE DEFENSE

## (DMCA Safe Harbor)

Plaintiffs' claims are barred because Anthropic is subject to the Digital Millennium Copyright Act's (DMCA) safe harbor provisions, under at least 17 U.S.C. § 512(a), as a transient provider through which users engage in digital online communications, or 17 U.S.C. § 512(c), as a provider of online services.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (Limits to Statutory Damages Based on the Windfall Principle)

To the extent Plaintiffs establish any act of infringement, Plaintiffs are at most entitled only to the minimum statutory damages on their claims because they cannot substantiate actual damages on a work-by-work basis and because the actual economic value of the lyrics of an individual work is negligible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## (Limits to Statutory Damages Based on 17 U.S.C. § 504(c)(1))

To the extent Plaintiffs establish any act of infringement, Plaintiffs' remedies are limited to the extent they assert works that have either been registered in or sold as a compilation or collective work.

## NINETEENTH AFFIRMATIVE DEFENSE

## (Due Process Limitations)

To the extent Plaintiffs seek damages that are disproportionately higher than compensatory damages, Plaintiffs' remedies are limited by the Due Process Clause of the Fifth Amendment.

## TWENTIETH AFFIRMATIVE DEFENSE

## (Contribution, Double Recovery, Value Already Received)

To the extent Plaintiffs have been compensated in relation to the works at issue, Plaintiffs are barred by double recovery.

## ADDITIONAL AFFIRMATIVE DEFENSES

Anthropic has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during

discovery in this matter.  Anthropic reserves the right to amend this Answer and/or its affirmative defenses.

## REQUEST FOR RELIEF

WHEREFORE, Anthropic respectfully requests that this Court:

1. Enter judgment in Anthropic's favor and against Plaintiffs;

2. Dismiss all claims by Plaintiffs with prejudice;

3. Award Anthropic its attorneys' fees and costs to the extent permitted by law; and

4. Grant Anthropic such other and further relief as this Court deems just and proper.

## JURY DEMAND

Anthropic demands a trial by jury on all issues so triable.

Date: October 22, 2025                    /s/ Sonal N. Mehta

JOSEPH R. WETZEL (SBN 238008)
joe.wetzel@lw.com
ANDREW M. GASS (SBN 259694)
andrew.gass@lw.com
BRITTANY N. LOVEJOY (SBN 286813)
brittany.lovejoy@lw.com
IVANA DUKANOVIC (SBN 312937)
ivana.dukanovic@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG V. DAMLE (*Pro Hac Vice*)
sy.damle@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (*Pro Hac Vice*)
alli.stillman@lw.com
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1747

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
STEPHANIE LIN (*Pro Hac Vice*)
stephanie.lin@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH (SBN 323952)
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

*Attorneys for Defendant*
**ANTHROPIC PBC**