UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ANTHROPIC PBC,<br><br>　　　　Defendant. | Case No. 24-cv-03811-EKL (SVK)<br><br>**SEALING ORDER RE DISCOVERY DISPUTES AND OMNIBUS DISCOVERY HEARING**<br><br>Re: Dkt. Nos. 438, 444, 484, 487 |

Before the Court are administrative motions to seal in connection with a number of discovery disputes filed by the Parties and raised during the October 10, 2025 Order to Show Cause and Discovery Hearing. *See* Dkts. 438, 444, 484 (collectively, the "Motions").[1] Pursuant to Civ. L.R. 79-5(f), Defendant Anthropic PBC ("Anthropic") has filed statements in support of Plaintiffs' ("Publishers") motions to seal where appropriate. *See* Dkt. 446 (in support of Dkt. 438); Dkt. 464 (in support of Dkt. 444). Publishers have not opposed any of these motions. Having considered the submissions, the relevant law and the record in this action, the Court **GRANTS IN PART** and **DENIES IN PART** the Motions.

The Parties have had multiple sealing disputes before this Court and by this point are familiar with the sealing standard. *See, e.g.*, Dkt. 378 at 2 ("Prior Order"). Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). However, for records attached to motions that are "not related, or only tangentially related, to the merits of the case," such as "a discovery motion unrelated to the merits of the case," the lower "good cause"

---

[1] Another administrative motion to file under seal, Dkt. 456, was withdrawn by Defendant on October 28, 2025. *See* Dkt. 487 (Notice of Withdrawal of Administrative Motion).

standard applies. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see also Kamakana*, 447 F.3d at 1179. The Court finds good cause to seal the following information:

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Plaintiffs' Third Set of Requests for Production of Documents and Things to Defendant<br><br>[Dkt. 438-1] | Highlighted portions at ECF pages:<br><br>9, except line 12; 10; and 11 | The Court previously found good cause to seal information disclosing specific details about its sources of training datasets to the extent they are not publicly known or disclosed due to their competitive sensitivity. *See* Dkt. 378 at 5-6. Publishers do not oppose this request. Consistent with this Prior Order, this request is **GRANTED IN PART.** Specifically, "YouTube subtitles" is alleged in Publishers' public FAC (Dkt. 337) and was not sought to be sealed by Anthropic, so the request to seal the mere mention of it in RFP no. 72 is **DENIED**.<br><br>Separately, the Court is not convinced that Dkt. 438-1 at 10:3-4 contains competitively sensitive information. Where it may be embarrassing or annoying to Anthropic, the Court is not compelled to seal such information, (*see Kamakana*, 447 F.3d at 1179), but, pursuant to Rule 26, may find good cause to seal such information, (*Seals v. Mitchell*, No. 04-cv-03764-NJV, 2011 WL 1233650, at *2 (N.D. Cal. Mar. 30, 2011 (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010))). At this juncture, because Publishers do not oppose, the Court will **GRANT** the request as to 10:3-4. |
| Plaintiffs' Seventh Set of Requests for Production of Documents and Things to Defendant<br><br>[Dkt. 438-2] | Highlighted portions at ECF page:<br><br>10 | *See* above. **GRANTED**. |
| Defendant Anthropic PBC's Responses and Objections to Plaintiffs' First Set of Interrogatories [Dkt. 438-3] | Highlighted portions at ECF pages:<br><br>17-18; and 22-24 | *See* above. **GRANTED**. |
| Joint Discovery Dispute Statement | Highlighted portions at ECF pages: | *See* ruling re Dkt. 438-1, above. This request is **GRANTED IN PART** and **DENIED IN** |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Regarding the Deposition of Dario Amodei [Dkt. 444-1] | 4-5 | **PART**. Specifically, the Court agrees that page 4 line 20 – page 5 line 2 includes competitively sensitive details related to Anthropic's development of Claude. The request is **GRANTED** as to this information.<br><br>The Court disagrees that page 5 lines 7-8 is competitively sensitive and, unlike with regard to Dkt. 438-1, *supra*, the Court in its discretion **DENIES** the request as to 5:7-8.<br><br>Anthropic has not sought to maintain the highlighted material on page 9 under seal. Accordingly, this request is **DENIED**. |
| Transcript of the October 10, 2025 Hearing Before Magistrate Judge van Keulen [Dkt. 481] | Highlighted portions at ECF pages:<br><br>22:24-23:1<br>23:5-12<br>27:8-11<br>34:1-2 | The Court previously found good cause to seal information disclosing specific details about its sources of training datasets to the extent they are not publicly known or disclosed due to their competitive sensitivity. *See* Dkt. 378 at 5-6. The Court agrees that non-public information about non-commercial training data is at least similarly sensitive, and that disclosure of such data may cause competitive harm to Anthropic. Accordingly, and because Publishers have not opposed sealing, these requests are **GRANTED**. |

The Clerk of Court shall maintain Dkts. 438-1, 438-2, 438-3, 444-1, and 481 under seal.

**No later than November 14, 2025**, Anthropic shall file replacement redacted copies of Dkts. 438-1 and 444-1 in accordance with this Order.

Additionally, pursuant to Anthropic's Notice of Withdrawal (*see* fn. 1, above), the Clerk of Court shall **unseal** Dkt. 456-3.

**SO ORDERED.**

Dated: November 4, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge