# EXHIBIT 3

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              NORTHERN DISTRICT OF CALIFORNIA

 3                     SAN JOSE DIVISION

 4    -----------------------------------
      _____        )
 5    CONCORD MUSIC GROUP, INC., ET AL., )
                                       )
 6                                     )
                Plaintiffs,            ) Case Number
 7        v.                           ) 5:24-cv-03811-EKL
                                       ) SVK
 8                                     )
      ANTHROPIC PBC,                   )
 9                                     )
                Defendant.             )
10    ---------------------------------)----

11

12        HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY

13         VIDEOCONFERENCED and VIDEO-RECORDED

14                30(b)(1) DEPOSITION of

15                    DANIELA AMODEI

16          San Francisco, California 94111

17            Wednesday, November 12, 2025

18

19

20

21   Reported Stenographically by:
     MARY J. GOFF
22   CSR No. 13427
     WA CSR No. 21030779
23   Job No. 606060
     PAGES 1-372
24

25
```

```
 1         HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY
 2     VIDEOCONFERENCED and VIDEO-RECORDED DEPOSITION of
 3     DANIELA AMODEI, Volume I, taken on behalf of
 4     Plaintiff Publishers, Oppenheim + Zebrak, LLP, at
 5     WilmerHale, 50 California Street, Suite 3600,
 6     San Francisco, California 94111, beginning at
 7     9:07 a.m. and ending at 6:11 p.m., on Wednesday,
 8     November 12, 2025, before MARY J. GOFF, California
 9     Certified Shorthand Reporter No. 13427 and WA CSR
10     No. 21030779.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1    APPEARANCES:
 2    For Plaintiff Publishers
 3         Oppenheim + Zebrak, LLP
 4         BY:   NICHOLAS C. HAILEY
 5               TIMOTHY CHUNG
 6         Attorneys at Law
 7         4530 Wisconsin Avenue, NW
 8         5th Floor
 9         Washington, DC 20016
10         202-480-2999
11         nick@oandzlaw.com
12         tchung@oandzlaw.com
13
14    For Defendant Anthropic PBC
15         WilmerHale
16         BY:   SONAL MEHTA
17         Attorney at Law
18         2600 El Camino Real
19         Suite 400
20         Palo Alto, California 94306
21         sonal.mehta@wilmerhale.com
22         628-235-1026
23
24    ALSO PRESENT:  Natalie Naugle, In-house counsel
      Anthropic
25    Videographer:  Philip Astor
```

|   |   |   |
|---|---|---|
| 1 | San Francisco, California | |
| 2 | Wednesday, November 12, 2025 | |
| 3 | 9:07 a.m. | |
| 4 | THE VIDEOGRAPHER: Here begins Media | 09:07:07 |
| 5 | Number 1 in the videotaped deposition of Daniela | 09:07:09 |
| 6 | Amodei, in the matter of Concord Music Group, versus | 09:07:13 |
| 7 | Anthropic, in the United States District Court, | 09:07:17 |
| 8 | Northern District of California, San Jose Division, | 09:07:18 |
| 9 | Case Number 24-CV-03811-EKL (SVK). | 09:07:21 |
| 10 | Today's date is November 12, 2025. The | 09:07:29 |
| 11 | time on the video monitor is 9:07 a.m. | 09:07:33 |
| 12 | The videographer today Phillip Astor, | 09:07:37 |
| 13 | representing Planet Depos. This video deposition is | 09:07:39 |
| 14 | taking place at WilmerHale Cutler Pickering Hale and | 09:07:42 |
| 15 | Dorr LLP, San Francisco, California. | 09:07:44 |
| 16 | Would counsel please voice identify | 09:07:48 |
| 17 | themselves and state whom they represent. | 09:07:50 |
| 18 | ATTORNEY HAILEY: Nick Hailey, with the | 09:07:52 |
| 19 | law firm Oppenheim + Zebrak, on behalf of the | 09:07:53 |
| 20 | Plaintiff Music Publishers. | 09:07:56 |
| 21 | I'm joined by my colleague, Tim Chung. | 09:07:58 |
| 22 | ATTORNEY MEHTA: Sonal Mehta, from | 09:08:03 |
| 23 | WilmerHale, on behalf of Anthropic and the witness. | 09:08:04 |
| 24 | And with me is Natalie Naugle, who is | 09:08:06 |
| 25 | in-house counsel at Anthropic. | 09:08:08 |

| | | |
|---|---|---|
| 1 | THE VIDEOGRAPHER:  The court reporter | 09:08:12 |
| 2 | today Mary Goff, representing Planet Depos.  The | 09:08:12 |
| 3 | witness will now be sworn. | 09:08:15 |
| 4 | THE COURT STENOGRAPHER:  My name is Mary | 09:08:17 |
| 5 | Goff.  I am a California Certified Shorthand | 09:08:17 |
| 6 | Reporter, CSR Number 13427.  Today's proceedings are | 09:08:17 |
| 7 | being captured by stenographic means. | 09:08:17 |
| 8 | DANIELA AMODEI, | 09:08:17 |
| 9 | Being first duly sworn or affirmed to testify to the | 09:08:17 |
| 10 | truth, the whole truth, and nothing but the truth, | 09:08:17 |
| 11 | was examined and testified as follows: | 09:08:17 |
| 12 | EXAMINATION | 09:08:17 |
| 13 | BY ATTORNEY HAILEY: | 09:08:17 |
| 14 | Q    Good morning, Ms. Amodei. | 09:08:36 |
| 15 | A    Good morning. | 09:08:38 |
| 16 | Q    My name is Nick Hailey.  I'm an attorney | 09:08:39 |
| 17 | representing the Plaintiff Music Publishers in this | 09:08:40 |
| 18 | case. | 09:08:43 |
| 19 | We met for a few -- the first time just a | 09:08:43 |
| 20 | few moments ago. | 09:08:45 |
| 21 | First of all, thank you very much for | 09:08:47 |
| 22 | taking the time today to answer my questions. | 09:08:49 |
| 23 | A    You're welcome. | 09:08:52 |
| 24 | Q    Can you go ahead and state your name and | 09:08:53 |
| 25 | address for the record? | 09:08:55 |

| | | |
|---|---|---|
| 1 | OpenAI. | 09:45:53 |
| 2 |     What were your roles and responsibilities | 09:45:53 |
| 3 | as engineering manager? | 09:45:55 |
| 4 |     A   I partnered with a technical leader.  I | 09:45:59 |
| 5 | was the people manager of that team.  And I was | 09:46:02 |
| 6 | responsible for helping to hire and recruit staff to | 09:46:06 |
| 7 | that team and to help project manage some of the | 09:46:14 |
| 8 | initiatives that we were working on at OpenAI. | 09:46:19 |
| 9 |     Q   Anything else? | 09:46:22 |
| 10 |     A   I also oversaw the manager of a technical | 09:46:22 |
| 11 | team called interpretability, and he managed his | 09:46:31 |
| 12 | team. | 09:46:36 |
| 13 |     Q   Anything else? | 09:46:37 |
| 14 |     A   I don't believe so.  Oh, sorry. | 09:46:39 |
| 15 |     Just to clarify:  This is just in the | 09:46:42 |
| 16 | technical manager role, not the people role. | 09:46:46 |
| 17 |     Q   The engineering manager role? | 09:46:48 |
| 18 |     A   Yes. | 09:46:50 |
| 19 |     Q   Who was the technical leader that you | 09:46:51 |
| 20 | partnered with? | 09:46:53 |
| 21 |     A   I'm sorry.  I actually have a privilege | 09:46:56 |
| 22 | question. | 09:46:58 |
| 23 |     Q   And let me just clarify. | 09:47:05 |
| 24 |     You can confer with your counsel, but it's | 09:47:08 |
| 25 | a privilege question as to a response to the | 09:47:12 |

| | | |
|---|---|---|
| 1 | question that I just asked, which is:  Who was the | 09:47:13 |
| 2 | technical leader that you partnered with? | 09:47:16 |
| 3 | A    I have a general question about what I can | 09:47:18 |
| 4 | disclose about my time at OpenAI, given an agreement | 09:47:21 |
| 5 | I have with OpenAI. | 09:47:26 |
| 6 | ATTORNEY MEHTA:  I need to be consult with | 09:47:28 |
| 7 | her about that, so let's go off the record and we'll | 09:47:29 |
| 8 | do that. | 09:47:32 |
| 9 | THE VIDEOGRAPHER:  We are going off the | 09:47:34 |
| 10 | record at 9:47 a.m. | 09:47:34 |
| 11 | (A break was taken from 9:47 a.m. to | 09:47:36 |
| 12 | 9:49 a.m.) | 09:49:14 |
| 13 | THE VIDEOGRAPHER:  We are back on the | 09:49:18 |
| 14 | record at 9:49 a.m. | 09:49:18 |
| 15 | Q    (BY ATTORNEY HAILEY) Ms. Amodei, did you | 09:49:22 |
| 16 | have an opportunity to confer with your lawyer? | 09:49:23 |
| 17 | A    I did. | 09:49:27 |
| 18 | Q    Let me re-ask my question. | 09:49:29 |
| 19 | Who was the technical leader at OpenAI | 09:49:35 |
| 20 | that you partnered with as engineering manager? | 09:49:38 |
| 21 | A    So when I departed OpenAI, I signed some | 09:49:42 |
| 22 | paperwork, including a nondisclosure agreement.  And | 09:49:49 |
| 23 | I am -- unfortunately, because I don't have the | 09:49:51 |
| 24 | document in front of me, I'm not sure what I am | 09:49:53 |
| 25 | allowed to discuss from my tenure at OpenAI and what | 09:49:57 |

| | | |
|---|---|---|
| 1 | I'm not allowed to discuss, so I'm not sure if I am | 09:50:02 |
| 2 | allowed to answer that question. | 09:50:07 |
| 3 | Q    Do you have -- do you have access to that | 09:50:09 |
| 4 | OpenAI agreement that you referenced? | 09:50:11 |
| 5 | A    I might be able to find it.  I don't have | 09:50:15 |
| 6 | it in front of me.  I would have to contact the | 09:50:18 |
| 7 | attorney that we worked with in order to get that | 09:50:21 |
| 8 | document. | 09:50:24 |
| 9 | Q    And you didn't review that OpenAI | 09:50:24 |
| 10 | agreement in advance of the deposition today? | 09:50:28 |
| 11 | A    I did not. | 09:50:32 |
| 12 | Q    And your testimony is that it's a | 09:50:33 |
| 13 | nondisclosure agreement? | 09:50:41 |
| 14 | A    To be honest, I don't remember the | 09:50:45 |
| 15 | paperwork that we signed.  It was about five years | 09:50:46 |
| 16 | ago now. | 09:50:50 |
| 17 | But because I'm not sure, I'm just unsure | 09:50:52 |
| 18 | what I'm able to answer specifically about my time | 09:50:56 |
| 19 | at OpenAI and what I'm not able to answer about my | 09:50:59 |
| 20 | time at OpenAI. | 09:51:03 |
| 21 | And I would want to confer with the | 09:51:05 |
| 22 | counsel that we worked on that agreement with just | 09:51:07 |
| 23 | to make sure that I'm not waiving privilege. | 09:51:10 |
| 24 | Q    So I'm going to continue to ask my | 09:51:13 |
| 25 | questions about OpenAI, and you should answer to the | 09:51:14 |

|   |   |   |
|---|---|---|
| 1 | extent that you are able. | 09:51:17 |
| 2 | And if you are not answering because you | 09:51:20 |
| 3 | believe that you are precluded or have questions | 09:51:22 |
| 4 | based on your nondisclosure agreement, then I just | 09:51:25 |
| 5 | ask that you be clear in your responses as to | 09:51:28 |
| 6 | whether you are fully answering my questions or not | 09:51:31 |
| 7 | answering my questions. | 09:51:34 |
| 8 | Can you do that? | 09:51:36 |
| 9 | A   So I'm just -- I would hate to not answer | 09:51:38 |
| 10 | your questions if I'm able to, but I just -- I don't | 09:51:41 |
| 11 | know.  And I don't remember what was in the | 09:51:44 |
| 12 | specific -- like, we signed a few different | 09:51:46 |
| 13 | documents upon departure at OpenAI, and because I | 09:51:49 |
| 14 | don't have the documents in front of me, I'm not | 09:51:51 |
| 15 | sure what I'm able to answer and what I'm not able | 09:51:54 |
| 16 | to answer. | 09:51:58 |
| 17 | So I could -- you know, we could find | 09:51:59 |
| 18 | those documents or I probably would just say I don't | 09:52:02 |
| 19 | know if I can answer that question. | 09:52:06 |
| 20 | ATTORNEY MEHTA:  One suggestion I have is | 09:52:08 |
| 21 | if there's something that's public -- so if he shows | 09:52:09 |
| 22 | you document or a public statement or something -- | 09:52:13 |
| 23 | that I think you can probably speak to pretty | 09:52:13 |
| 24 | comfortably, and that may allow Mr. Hailey to ask | 09:52:15 |
| 25 | questions about public information. | 09:52:18 |

| | | |
|---|---|---|
| 1 | And then to the extent there's something | 09:52:20 |
| 2 | that is not public and you're not sure, then you can | 09:52:21 |
| 3 | just let him know that you're not sure. | 09:52:23 |
| 4 | THE DEPONENT: Okay. | 09:52:25 |
| 5 | Q (BY ATTORNEY HAILEY) Let me ask you this, | 09:52:27 |
| 6 | Ms. Amodei: You mentioned that you signed a few | 09:52:28 |
| 7 | different agreements with OpenAI. | 09:52:31 |
| 8 | One of those agreements was a | 09:52:33 |
| 9 | nondisclosure agreement; is that right? | 09:52:35 |
| 10 | A I don't know. | 09:52:37 |
| 11 | Q What else do you remember about what | 09:52:38 |
| 12 | specific agreements you signed with OpenAI? | 09:52:39 |
| 13 | A I don't know. And I'm imagining that if | 09:52:44 |
| 14 | the attorney that we worked with on that case were | 09:52:46 |
| 15 | here, he would instruct me to not answer that based | 09:52:50 |
| 16 | on the grounds of privilege, but I -- but I don't | 09:52:53 |
| 17 | know. I'm not -- I'm not a lawyer. | 09:52:55 |
| 18 | Q So I would ask that during the next break | 09:52:57 |
| 19 | you try to track down those agreements, because I'm | 09:53:00 |
| 20 | going to continue with my questions. I would like | 09:53:06 |
| 21 | you to answer them to the best of your ability | 09:53:08 |
| 22 | consistent with what you think your legal | 09:53:13 |
| 23 | obligations are. | 09:53:15 |
| 24 | If we can't get the answers to the | 09:53:16 |
| 25 | questions today because you don't know what those | 09:53:18 |

| | | |
|---|---|---|
| 1 | legal obligations are, we will reserve the right to | 09:53:21 |
| 2 | come back and ask those questions at a later time. | 09:53:24 |
| 3 | ATTORNEY MEHTA: And we will reserve the | 09:53:26 |
| 4 | right to oppose that. | 09:53:27 |
| 5 | Q (BY ATTORNEY HAILEY) So let me continue. | 09:53:30 |
| 6 | We were talking about your roles and | 09:53:34 |
| 7 | responsibilities as -- as engineering manager at | 09:53:37 |
| 8 | OpenAI. | 09:53:39 |
| 9 | Let me ask you now, Ms. Amodei: What were | 09:53:41 |
| 10 | your roles and responsibilities as VP of people at | 09:53:43 |
| 11 | OpenAI? | 09:53:47 |
| 12 | ATTORNEY MEHTA: Oh, sorry. Just one | 09:53:47 |
| 13 | quick thing. I think the mic is muted, so can we | 09:53:50 |
| 14 | unmute the audio, please. | 09:53:53 |
| 15 | A I'm sorry. Could you repeat the question? | 09:53:56 |
| 16 | Q (BY ATTORNEY HAILEY) What were your roles | 09:53:59 |
| 17 | and responsibilities as VP of people at OpenAI? | 09:53:59 |
| 18 | A I oversaw -- apologies. It was a while | 09:54:02 |
| 19 | ago, so I'm going to do my best to -- to recollect | 09:54:07 |
| 20 | exactly what teams I oversaw. | 09:54:11 |
| 21 | But I helped to incubate and grow the | 09:54:13 |
| 22 | recruiting function. I worked closely on a number | 09:54:16 |
| 23 | of, you know, special people projects. And I | 09:54:19 |
| 24 | incubated a team called business operations in my | 09:54:24 |
| 25 | time there. | 09:54:29 |

| | | |
|---|---|---|
| 1 | of that equity, right? | 10:07:31 |
| 2 | ATTORNEY MEHTA: Asked and answered | 10:07:33 |
| 3 | multiples times? | 10:07:34 |
| 4 | A   I don't think I have anything else to add | 10:07:35 |
| 5 | to my prior testimony. | 10:07:36 |
| 6 | Q   (BY ATTORNEY HAILEY) Ms. Amodei, why did | 10:07:41 |
| 7 | you leave OpenAI? | 10:07:42 |
| 8 | A   I'm not sure that I am allowed to disclose | 10:07:49 |
| 9 | specific details about why I left OpenAI due to | 10:07:53 |
| 10 | privilege. | 10:07:56 |
| 11 | Q   So I'm not asking any questions about | 10:07:59 |
| 12 | discussions that you had with lawyers. | 10:08:02 |
| 13 | I'm asking:  When you left OpenAI in | 10:08:06 |
| 14 | December 2020, what were your reasons for leaving | 10:08:11 |
| 15 | OpenAI, Ms. Amodei? | 10:08:16 |
| 16 | A   My cofounders and I felt that we wanted to | 10:08:18 |
| 17 | start a new endeavor what was focused on developing | 10:08:22 |
| 18 | AI technology in our own desired style and fashion. | 10:08:28 |
| 19 | Q   Did you have any concerns about how OpenAI | 10:08:37 |
| 20 | was developing AI technology? | 10:08:42 |
| 21 | A   I am genuinely not sure if I am allowed to | 10:08:50 |
| 22 | ask -- answer that question due to the documents | 10:08:55 |
| 23 | that we have already discussed that I signed with | 10:08:56 |
| 24 | OpenAI when I departed. | 10:09:00 |
| 25 | I would need to review those documents to | 10:09:02 |

| | | |
|---|---|---|
| 1 | ensure I wasn't waiving privilege before answering | 10:09:04 |
| 2 | that. | 10:09:08 |
| 3 | Q    So when you say that your "Anthropic | 10:09:08 |
| 4 | cofounders and you felt that you wanted to start a | 10:09:10 |
| 5 | new endeavor that was focused on developing AI | 10:09:13 |
| 6 | technology in your own desired style and fashion," | 10:09:16 |
| 7 | does that mean that the way OpenAI was developing AI | 10:09:19 |
| 8 | technology at that time was not to your desired | 10:09:24 |
| 9 | style or fashion? | 10:09:26 |
| 10 | ATTORNEY MEHTA:  And I'm going to caution | 10:09:28 |
| 11 | the witness.  You can answer that consistent with | 10:09:29 |
| 12 | whatever your confidentiality obligations are to | 10:09:34 |
| 13 | OpenAI. | 10:09:37 |
| 14 | A    I think what I feel comfortable sharing is | 10:09:39 |
| 15 | that, you know, my cofounders and I felt that we | 10:09:43 |
| 16 | were developing -- you know, we wanted to develop AI | 10:09:47 |
| 17 | technology in a way that was just little bit | 10:09:53 |
| 18 | different focus in terms of what we hoped the | 10:09:57 |
| 19 | technology would do and how we wanted to run the | 10:10:00 |
| 20 | organization. | 10:10:02 |
| 21 | But I don't really feel comfortable | 10:10:04 |
| 22 | getting into specifics of conversations we had with | 10:10:06 |
| 23 | OpenAI at that time because of the reasons we have | 10:10:09 |
| 24 | talked about. | 10:10:12 |
| 25 | Q    (BY ATTORNEY HAILEY) Because you don't | 10:10:13 |

| | | |
|---|---|---|
| 1 | Your suggestion that I was doing anything | 06:10:40 |
| 2 | to pressure the witness is completely out of line. | 06:10:42 |
| 3 | The video transcript -- the video from | 06:10:44 |
| 4 | today and the transcript from today will reflect | 06:10:47 |
| 5 | that I conducted myself completely appropriately, | 06:10:50 |
| 6 | and your suggestion to the contrary is what's | 06:10:53 |
| 7 | improper. | 06:10:57 |
| 8 | I think the record will also reflect that | 06:10:58 |
| 9 | we gave the witness more than enough time to review | 06:10:59 |
| 10 | the documents.  We spent an unbelievable amount of | 06:11:02 |
| 11 | time on the record today with the witness reading | 06:11:05 |
| 12 | through documents. | 06:11:08 |
| 13 | So I -- | 06:11:09 |
| 14 | ATTORNEY MEHTA:  We have your explanation | 06:11:10 |
| 15 | for the record.  Thank you. | 06:11:11 |
| 16 | I don't remember if I did this earlier, | 06:11:13 |
| 17 | but I want to mark the transcript "Highly | 06:11:14 |
| 18 | Confidential-Attorneys' Eyes Only." | 06:11:20 |
| 19 | And we should let Ms. Amodei go to see her | 06:11:21 |
| 20 | children. | 06:11:24 |
| 21 |     A    Thank you. | 06:11:25 |
| 22 | THE VIDEOGRAPHER:  Please stand by. | 06:11:25 |
| 23 | This marks the end of the deposition of | 06:11:27 |
| 24 | Daniela Amodei.  We were going off the record at | 06:11:28 |
| 25 | 18:11 p.m.  (TIME NOTED:  6:11 p.m.) | 06:11:31 |

1  I, MARY J. GOFF, CSR No. 13427, Certified
2  Shorthand Reporter of the State of California, certify;
3  That the foregoing proceedings were taken
4  before me at the time and place herein set forth, at
5  which time the witness declared under penalty of
6  perjury; that the testimony of the witness and all
7  objections made at the time of the examination were
8  recorded stenographically by me and were thereafter
9  transcribed under my direction and supervision; that
10 the foregoing is a full, true, and correct
11 transcript of my shorthand notes so taken and of the
12 testimony so given;
13 That before completion of the deposition,
14 review of the transcript ( ) was (XX) was not
15 requested:  (  ) that the witness has failed or
16 refused to approve the transcript.
17 I further certify that I am not financially
18 interested in the action, and I am not a relative or
19 employee of any attorney of the parties, nor of any
20 of the parties.
21 I declare under penalty of perjury under the
22 laws of California that the foregoing is true and
23 correct, dated this 17th day of November, 2025.
24
25  _____
    MARY J. GOFF