# EXHIBIT B
# (REDACTED)

CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**WILMERHALE**

September 10, 2025

Sonal N. Mehta

+1 650 600 5051 (t)
+1 650 858 6100 (f)
sonal.mehta@wilmerhale.com

By E-mail

Nick Hailey
Nick@oandzlaw.com
Timothy Chung
tchung@oandzlaw.com
Oppenheim + Zebrak, LLP

Re:  *Concord Music Group, Inc. et al v. Anthropic PBC*, 5:24-cv-03811-EKL

Counsel,

    I write in response to emails you sent on September 4 and September 5 regarding Anthropic's guardrails. In both communications, you make unfounded accusations that misrepresent the record in this case. As you are well aware, "assigning a position to an opposing party that the opposing party has not taken" and "creat[ing] a 'record' of events that have not occurred" violate the District's Guidelines for Professional Conduct (Civility Guidelines). These latest communications are part of a larger pattern of unsupported accusations regarding Anthropic's conduct in this litigation and it needs to stop. We expect that going forward each of Plaintiffs' counsel will review and comply with the District's Civility Guidelines and that you will focus correspondence on the merits of this case.

    In your September 4 and September 5 emails, you accuse Anthropic of "withhold[ing]" information related to Anthropic's guardrails. That is untrue. And even a basic investigation by your team before you made the false accusation would have shown it to be just that. First, Anthropic produced information regarding the inputs ▮▮▮▮▮▮▮▮▮▮ including a spreadsheet that identifies LibGen, ***almost two months*** before your emails. Anthropic_0000347810. Second, Anthropic has offered to set up the ▮▮▮▮▮▮▮▮▮▮ for many months, where Plaintiffs could have inspected the available ▮▮▮▮▮▮▮▮▮▮ and uncovered the same. Nearly two years into the litigation, and after months of failing to engage on Anthropic's proposed inspection protocol, you had not inspected this code until this week—six weeks before the close of fact discovery. If you did not have information about Anthropic's guardrails it is because you failed to diligently investigate the information Anthropic has provided in discovery, not because Anthropic has withheld it. Your allegations to the contrary misrepresent the record in violation of the Court's Civility Guidelines. So too are your allegations that Anthropic's arguments in its response to Plaintiffs' motion for leave to amend are a "misrepresentation" to the Court. That is a serious allegation and your attempt to leverage it for some perceived tactical gain is not well-taken. For the reasons explained in Anthropic's opposition (ECF No. 419), your belated attempts to significantly expand the scope of the case are improper.

Wilmer Cutler Pickering Hale and Dorr LLP, 2600 El Camino Real, Suite 400, Palo Alto, CA 94306

Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

WilmerHale

Nick Hailey
Page 2

Plaintiffs cannot now manufacture a record of withheld information to excuse their own lack of diligence in reviewing the information Anthropic provided.

More significantly, you have now conceded a serious breach of the District's ADR Rules and the Protective Order in *Bartz*. As you are well aware, ADR Local Rule 6-12(a) provides that a party is not permitted to use "the contents of the written Mediation Statements, ***anything*** that was said, ***any*** position taken, and ***any*** view of the merits of the case expressed by any participant in connection with any Mediation," "for ***any*** purpose," including in a different proceeding. Beyond that standing rule, all participants, including your firm, expressly committed to Judge Phillips that the mediation privilege would apply to all communications in the mediation and that information learned in connection with the mediation would remain confidential. And finally, your firm has agreed to a Protective Order in *Bartz* providing that Protected Material may only be used for "prosecuting, defending, or attempting to settle [the *Bartz*] litigation." *Bartz*, ECF No. 62 at 1. Your disregard for those rules and commitments is staggering. Especially because we specifically raised concerns about the *Bartz* Protective Order with you on August 22, shortly after you appeared in that case, and you repeatedly refused to provide a straight answer in response. Anthropic will not allow Plaintiffs to conceal those violations behind false claims about Anthropic.

Worse, this is not the first time you have violated a Court-ordered Protective Order in connection with this litigation. As detailed in our September 3 letter (to which you have not responded), you previously revealed proprietary and sensitive information regarding Anthropic's training datasets and guardrails on at least ***three*** separate occasions. These repeated violations raise additional serious concerns about your compliance with the Protective Order in this case.

This track record raises serious questions about your firm's respect for Court Rules and Orders that we—and the Court—must probe and address. So that we—and as necessary the relevant Courts—can evaluate the appropriate remedy for these breaches and protections going forward, please identify no later than COB on Friday, September 12 answers to these specific questions:

1) Every individual affiliated with your firm with access to Protected Material or confidential ADR-related information in *Bartz*;

2) Whether each individual identified in response to (1) reviewed the *Bartz* Protective Order and ADR Local Rules before accessing those materials;

3) Every instance in which any individual affiliated with your firm has reviewed Protected Material in *Bartz* that has been directly or indirectly used in or informed in any way your handling of the *Concord* litigation, including what Anthropic Protected Materials or ADR-related information was implicated; and

WILMERHALE

Nick Hailey
Page 3

      4) The procedures you and your firm put in place up to this date to ensure that information learned in the context of ADR in *Bartz* and Protected Material disclosed in *Bartz* is not being used in this litigation.

Anthropic reserves all rights to seek appropriate remedial and protective relief once we have answers to these questions and the questions we raised in our September 3 correspondence about your improper handling of confidential information in this case.

Sincerely,

*/s/ Sonal N. Mehta*
Sonal N. Mehta