SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

JOSEPH R. WETZEL (SBN 238008)
joe.wetzel@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

*Attorneys for Defendant*
**ANTHROPIC PBC**
(Additional Counsel on Next Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ANTHROPIC PBC,<br><br>　　　　　　　Defendant. | Case No. 5:24-cv-03811-EKL-SVK<br><br>**DECLARATION OF NATALIE NAUGLE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 498)** |

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH (SBN 323952)
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

ANDREW M. GASS (SBN 259694)
andrew.gass@lw.com
BRITTANY N. LOVEJOY (SBN 286813)
brittany.lovejoy@lw.com
IVANA DUKANOVIC (SBN 312937)
ivana.dukanovic@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG V. DAMLE (*Pro Hac Vice*)
sy.damle@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (*Pro Hac Vice*)
alli.stillman@lw.com
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1747

I, Natalie Naugle, declare the following:

1. I am Litigation & Regulatory Counsel, Associate General Counsel at Defendant Anthropic PBC ("Anthropic"). I have personal knowledge of the matters stated in this declaration and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Local Rule 79-5(c) and 79-5(f) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF 498) concerning portions of (1) Joint Discovery Dispute Statement Regarding Anthropic's Production of Guardrail Information (ECF 498-1); (2) Exhibit 1 – Plaintiffs' Third Set of RFPs to Defendant (ECF 498-2); (3) Exhibit 2 – Defendant Anthropic's Amended Responses and Objections to Plaintiffs' Third Set of RFPs (ECF 498-3); (4) Exhibit 3 – Excerpt from Vinay Rao Deposition Transcript (ECF 498-4); (5) Exhibit 4 – Parties' Joint Chart (ECF 498-5); (6) Publishers' Proposed Order (ECF 498-6); and (7) Anthropic's Proposed Order (ECF 498-7).

3. The redacted portions of ECF Nos. 498-1, 498-2, 498-3, 498-4, 498-5, 498-6, and 498-7 contain quotes or summaries from documents or information designated as "Highly Confidential—Attorneys' Eyes Only" under the Stipulated Protective Order so-ordered by the Court on January 27, 2025 (ECF No. 293). I confirm that the redacted portions of these documents contain highly confidential, nonpublic Anthropic technical and business information.

4. Pursuant to Local Rule 79-5(c) and this Court's Civil Standing Order Section VII.D, the following table identifies the material that Anthropic seeks to seal.

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 498-1 | Joint Discovery Dispute Statement Regarding Anthropic's Production of Guardrail Information | Highlighted portions at 1:23, 1:26–28, 2:1–4, 2:6–7, 2:10, 2:13, 2:16, 2:19–20, 2:22, 2:24, 2:28, 3:7–8, 3:10, 3:13, 3:25–26, 3:28, 4:6, 4:16–21, 4:23, 4:28, 5:7, 6:5–6, 6:11, 6:20, 7:2, 7:9, 7:13–14, 7:19–21, 7:25, 8:1, 8:3, 8:6–8, 8:19, 9:6, 10:10, 10:27. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about the operation of Claude's content guardrails. The release of this information, including the amount of content included within its guardrails, would harm Anthropic's ability to safeguard its products because |

| | | | it would reveal or suggest to individuals a method for evading Anthropic's content guardrails processes. |
|---|---|---|---|
| 498-2 | Exhibit 1 – Plaintiffs' Third Set of RFPs to Defendant | Highlighted portions at 8:7–8, 8:10, 8:14, 10:1, 10:3–4, 10:20–22, 11:1–2, 11:4–5. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about sources of training data, subsequent uses of that data, and the operation of Claude's content guardrails, public disclosure of which would cause competitive harm to Anthropic and harm Anthropic's ability to safeguard its products.  These materials were previously ordered sealed under the same standards due to their "competitive sensitivity." *See* ECF 491 at 2:4-19. |
| 498-3 | Exhibit 2 – Defendant Anthropic's Amended Responses and Objections to Plaintiffs' Third Set of RFPs | Highlighted portions at 26:19–20, 27:11–12, 27:17–18. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about the operation of Claude's content guardrails.  The release of this information, including the amount of content included within its guardrails, would harm Anthropic's ability to safeguard its products because it would reveal or suggest to individuals a method for evading Anthropic's content guardrails processes. |

| | | | |
|---|---|---|---|
| 498-4 | Exhibit 3 – Excerpt from Vinay Rao Deposition Transcript | Highlighted language of Exhibit 3 filed herewith at 88:1–7, 88:11–12, 88:15, 88:25, 89:2, 89:10, 89:13, 89:16, 89:18, 89:22–23, 89:25, 90:1–4, 90:9–11, 90:13–24; 91:2, 91:13–25, 92:1–3, 92:12–13, 92:16–25, 93:1–6, 93:25. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about the operation of Claude's content guardrails. The release of this information, including the amount of content included within its guardrails, would harm Anthropic's ability to safeguard its products because it would reveal or suggest to individuals a method for evading Anthropic's content guardrails processes. |
| 498-5 | Exhibit 4 – Parties' Joint Chart | Highlighted portions at pp. 1–2. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about the operation of Claude's content guardrails. The release of this information, including the amount of content included within its guardrails, would harm Anthropic's ability to safeguard its products because it would reveal or suggest to individuals a method for evading Anthropic's content guardrails processes. |
| 498-6 | Publishers' Proposed Order | Highlighted portions at p. 1. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about the operation of Claude's content guardrails. The release of this information, including the amount of content included within its guardrails, would harm Anthropic's ability to |

| | | | |
|---|---|---|---|
| | | | safeguard its products because it would reveal or suggest to individuals a method for evading Anthropic's content guardrails processes. |
| 498-7 | Anthropic's Proposed Order | Highlighted portions at p. 1. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about the operation of Claude's content guardrails.  The release of this information, including the amount of content included within its guardrails, would harm Anthropic's ability to safeguard its products because it would reveal or suggest to individuals a method for evading Anthropic's content guardrails processes. |

5. Filing under seal is justified where there are "compelling reasons sufficient to outweigh the public's interest in disclosure," *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and quotation marks omitted), including where the information at-issue "might be used … 'as [a] source[] of business information that might harm a litigant's competitive standing,'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), or where disclosure would cause a party to "suffer competitive harm," *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015).  However, the Ninth Circuit has also "carved out an exception" for sealed materials attached to non-dispositive motions, such as discovery disputes, and other materials that are only "tangentially related to the merits of the case." *Chrysler Group, LLC*, 809 F.3d at 1102.  In those circumstances, the parties must make only a "particularized showing of good cause," *Finjan LLC v. Palo Alto Networks, Inc.*, 2023 WL 5211321, at *1 (N.D. Cal. Aug. 14, 2023), as the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to

1  dispositive motions, and related materials, do not apply with equal force." *Kamakana*, 447 F.3d at
2  1179-80.  The Local Rules also require that sealing requests must be "narrowly tailored to seal only
3  the sealable material." Civil L.R. 79-5(c)(3).

4        6.    I have reviewed ECF Nos. 498-1, 498-2, 498-3, 498-4, 498-5, 498-6, and 498-7 and
5  each contains highly confidential nonpublic information about Anthropic's technical operations and
6  specific and sensitive details about Anthropic's content guardrails.  This is proprietary information
7  that is not accessible to the public and that Anthropic, as a matter of internal policy, treats as strictly
8  confidential.  Anthropic operates in the burgeoning and highly competitive generative AI industry,
9  where companies compete in part over output quality and product safety.  Public disclosure of
10 information that bears on Anthropic's ability to safeguard its products using proprietary content
11 guardrails would allow Anthropic's competitors to mimic the proprietary process that Anthropic
12 uses to train and protect its models.  And public disclosure of the specific and sensitive details about
13 the technological guardrails that Anthropic designed to inhibit the replication of copyrighted content
14 would create a substantial risk that bad actors could reverse engineer and circumvent these
15 protections, undermining the very purpose of these safeguards.  Such harm could not be avoided by
16 less restrictive means than the narrowly tailored sealing of these documents. "[D]etails about the
17 technical operation of a company product, such as source codes, internal documents, and other
18 technical documents should remain confidential and be sealed from the public." *Apex.AI, Inc. v.*
19 *Langmead*, 2023 WL 4157629, at *2 (N.D. Cal. June 23, 2023).

20       7.    In the context of a prior discovery disputes, this Court found that information
21 regarding the technical operations of Anthropic's technological guardrails systems were also
22 "competitively sensitive" and granted Anthropic's request to seal.  ECF 491 at 2. The same
23 considerations apply here. The confidential and competitively sensitive nature of the training
24 sources warrant a finding that compelling reasons exist for this nonpublic information to remain
25 under seal. *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021)
26 (finding compelling reasons to seal confidential information regarding proprietary technology);
27 *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (compelling
28

NAUGLE DECL. ISO          - 5 -          Case No. 5:24-cv-03811-EKL-SVK
ADMIN MOT. TO SEAL

reasons to seal "source code directories" and "information about the technical operation of the products").

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2025.

                     _/s/ Natalie Naugle_
                      Natalie Naugle

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document was obtained from the signatory of this document. I declare under penalty of perjury that the foregoing is true and correct.

Date: November 26, 2025                             /s/ Taylor Gooch