UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 24-cv-03811-EKL (SVK) <br><br> **ORDER RE DISCOVERY DISPUTES; SETTING HEARING** <br><br> Re: Dkt. Nos. 499, 500, 503 |

Before the Court are three discovery disputes filed by the Parties on November 19, 2025. Dkts. 499, 500, 503. These disputes follow a long line of discovery battles in this matter. Having considered the joint submissions, the litigation history and the relevant law, the Court determines that two of the disputes can be determined without oral argument. Dkt. 499, 500. The Court's reasoning and rulings for these matters are in Attachments A and B.

For the remaining matter (Dkt. 503), the Court **ORDERS** as follows:

1. The complete deposition transcripts of Mr. Candore, Ms. Coleman and Mr. Draughon are to be filed for the Court's review, with an accompanying motion to file under seal as appropriate, **no later than 5 p.m. on December 5, 2025**.

2. The Court will hold a hearing via videoconference on **December 16, 2025 at 11:00 a.m**. to address this dispute.

**SO ORDERED.**

Dated: December 4, 2025

*Susan van Keulen*
_____
SUSAN VAN KEULEN
United States Magistrate Judge

# ATTACHMENT A

**ATTACHMENT A – RULING RE DKT. 499**

| Anthropic's Requests | Publishers' Responses | Anthropic's Proposed Compromise | Publishers' Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| **Anthropic's RFP No. 54**<br><br>All of Your monthly, quarterly, and annual financial statements, including income statements, balance sheets, profit and loss statements, and any other financial disclosures that You are required to maintain and/or submit under state or federal law from January 2015 to the Present | **Publishers' Responses & Objections to Request for Production No. 54:**<br><br>Publishers object to this Request on the basis that it is overbroad, unduly burdensome, and disproportionate to the needs of the case as required by Fed. R. Civ. P. 26(b)(1) because the Request seeks "[a]ll of [Publishers'] monthly, quarterly, and annual financial statements . . . from January 2015 to the Present," much of which would be cumulative and duplicative and not relevant to the issues in this Litigation. Documents prior to 2021 are also not relevant to the Litigation, given Anthropic has only been in existence since 2021 and any impact of Anthropic's conduct on Publishers' financial statements would be limited from 2021 to the Present. Subject to and without waiving the foregoing specific and general objections, Publishers will conduct a reasonable search and produce, if any, responsive, non-duplicative, and non-privileged Documents in Publishers' possession, custody, or control and sufficient to show Publishers' total annual revenue, broken down by financial quarters, and Publishers' sources of revenue from January 1, 2021 to the Present.<br><br>Publishers later agreed to provide documents going back to January 1, 2019. | Anthropic is willing to accept an Excel spreadsheet production of data representing monthly song-level and lyric-specific revenue and royalties (including those paid to songwriters) through end of Q3 2025 for the Works-in-Suit. | Publishers are willing to produce (1) updated financial documents through end of Q3 2025 or the most recent quarter for which reporting is available showing quarterly revenues and major revenue streams for each Publisher; and (2) financial reports reflecting revenues received on a Work-by-Work basis and broken down by revenue type (e.g., performance, print, mechanical) through end of Q3 2025 or the most recent quarter for which reporting is available. | Having evaluated the Parties' joint submission, the relevant litigation history and the parameters of relevance and proportionality of Federal Rule of Procedure 26(b)(1), the Court finds that Plaintiffs' (Publishers') proposed compromise provides relevant and proportional responsive information to this request and is therefore **ADOPTED by the Court.** This ruling applies to the remaining requests which are the subject of this dispute. |

**ATTACHMENT A – RULING RE DKT. 499**

| | | | | |
|---|---|---|---|---|
| **Anthropic's RPF No. 55**<br><br>All financial budgets, forecasts, assessments, estimates, predictions, or projections from January 2015 to the Present. | **Publishers' Responses & Objections to Request for Production No. 55:**<br><br>Publishers object to this Request on the basis that it is overbroad, unduly burdensome, and disproportionate to the needs of the case as required by Fed. R. Civ. P. 26(b)(1) because the Request seeks "[a]ll financial budgets, forecasts, assessments, estimates, predictions, or projections from January 2015 to the Present," much of which would be cumulative and duplicative and not relevant to the issues in this Litigation. Publishers' financial strategies and projections do not have any bearing on any of Publishers' claims or Anthropic's defenses to infringement. Publishers' Documents prior to 2021 are also not relevant to the Litigation, given Anthropic has only been in existence since 2021 and any impact of Anthropic's conduct on Publishers' businesses would be limited from 2021 to the Present. Publishers further object to this Request on the basis that it is duplicative of Documents already produced in this Litigation or Documents Publishers have otherwise agreed to produce that are responsive to other Requests, including Request No. 54. Accordingly, Publishers will not produce Documents in response to this Request beyond any Documents already produced in this Litigation or any Documents Publishers have otherwise agreed to produce that are responsive to other Requests. | See above. | See above. | |

| | | | | |
|---|---|---|---|---|
| | Publishers later agreed to produce documents sufficient to show annual projected revenues from 2019 to present. | | | |
| **Anthropic's RFP No. 59**<br><br>Documents sufficient to show the total revenue or royalties earned from each Asserted Work on Lyric Display Platforms. | **Publishers' Responses & Objections to Request for Production No. 59:**<br><br>Publishers object to this Request on the basis that it is unduly burdensome, and disproportionate to the needs of the case as required by Fed. R. Civ. P. 26(b)(1) because the Request seeks Documents concerning Publishers' total revenue or royalties earned from each Asserted Work on Lyric Display Platforms, much of which would not be relevant to the issues in this Litigation. Royalties earned from Publishers' Asserted Works on Lyric Display Platforms specifically do not have any bearing on any of Publishers' claims or Anthropic's defenses to infringement and would be reflected in the total revenues earned. Additionally, many of the license agreements for uses of Publishers' lyrics encompass works beyond just the Asserted Works, and retroactively separating out the revenues solely associated with the Asserted Works from other works in Publishers' catalogs would be overly burdensome and infeasible in many instances. Publishers further object to this Request on the basis that it seeks Documents duplicative of Documents already produced in this Litigation or Documents Publishers have otherwise agreed to produce that are responsive to other Requests. Subject to and without waiving the foregoing specific and general objections, Publishers will conduct a reasonable search and produce, if any, | See above. | See above. | |

**ATTACHMENT A – RULING RE DKT. 499**

| | | | | |
|---|---|---|---|---|
| | responsive, non-duplicative, and non-privileged Documents in Publishers' possession, custody, or control and sufficient to show, where feasible, Publishers' total annual revenue earned from each Asserted Work from January 1, 2021 to the Present.<br><br>Publishers later agreed to provide documents going back to January 1, 2019. | | | |
| **Anthropic's RFP No. 60**<br><br>Documents sufficient to show the per-use royalty paid to You for uses of each Asserted Work on Lyric Display Platforms. | **Publishers' Responses & Objections to Request for Production No. 60**<br><br>Publishers object to this Request on the basis that it is unduly burdensome, and disproportionate to the needs of the case as required by Fed. R. Civ. P. 26(b)(1) because the Request seeks Documents concerning Publishers' royalties earned from each Asserted Work on Lyric Display Platforms, none of which are relevant to the issues in this Litigation. Royalties earned from Publishers' Asserted Works do not have any bearing on any of Publishers' claims or Anthropic's defenses to infringement and would be reflected in the total revenues earned. Additionally, many of the license agreements for uses of Publishers' lyrics encompass works beyond just the Asserted Works, and retroactively separating out the revenues solely associated with the Asserted Works from other works in Publishers' catalogs would be overly burdensome and infeasible in many instances. Publishers further object to this Request on the basis that it is duplicative of Documents already produced in this Litigation or Documents Publishers have otherwise agreed to | See above. | See above. | |

|  | | | | |
|---|---|---|---|---|
| | produce that are responsive to other Requests, including Request No. 59. Subject to and without waiving the foregoing specific and general objections, Publishers will conduct a reasonable search and produce, if any, responsive, non-duplicative, and non-privileged Documents in Publishers' possession, custody, or control and sufficient to show, where feasible, Publishers' total annual revenue earned from each Asserted Work from January 1, 2021 to the Present.<br><br>Publishers later agreed to produce documents sufficient to show the per-use royalties, where applicable, paid to Publishers for uses of each Asserted work on Lyric Display Platforms. | | | |

# ATTACHMENT B

**ATTACHMENT B – RULING RE DKT. 500**

| Publishers' Requests | Anthropic's Responses | Publishers' Proposed Compromise | Anthropic's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| Publishers' RFP 89: "Documents sufficient to show the contents of Anthropic's ███, ███ or "███," including but not limited to the "███"[1] included therein." | Anthropic incorporates its General Objections, Objections to Definitions, and Objections to Instructions as if fully asserted herein. Anthropic objects to this Request as vague and ambiguous insofar as it includes the undefined term "contents," which does not on its own offer appropriate parameters for providing a response. Anthropic objects to this Request to the extent that it is duplicative of other discovery requests by calling for materials or information that Plaintiffs have sought elsewhere, for example in Request Nos. 38, 39, and 41. Anthropic objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information relating to AI models other than Claude, as defined by the Court in the November 26, 2024 Order, or future versions of Claude for which pre-training began after the date of that order. Anthropic objects to this Request to the extent | As a compromise, Publishers proposed that Anthropic produce (1) the lyrics for the 500 Works in Suit and associated metadata as maintained in the ███ and (2) a list identifying all other musical compositions contained in the ███. | As a compromise, Anthropic will produce the dataset containing the lyrics for the original 500 Works-in-Suit and associated metadata contained within and the song titles and artist names for the list of ███ other works if Publishers first stipulate to not use the list of ███ other works outside of this litigation. | The protective order entered by this Court (Dkt. 293) expressly limits the use of HIGHLY CONFIDENTIAL INFORMATION produced in this action "only for prosecuting, defending or attempting to settle this litigation." Dkt. 293, section VII(1), (5).<br><br>Given this express language, the Court **DECLINES** to adopt Defendant's (Anthropic's) compromise of requiring a further unique stipulation that the specific HIGHLY CONFIDENTIAL INFORMATION produced in response to this RFP will not be used "outside of this litigation." The request is neither necessary nor proportional to the needs of this case. Fed. R. Civ. Pro. 26(b)(1).<br><br>Additionally, the Court shudders to think where granting this request would lead – not only in this case where the Parties do not hesitate to inundate the Court with discovery disputes but for every disputed RFP in every other putative class action.<br><br>In sum, the Court can only address the needs of the case before it, and in this instance the |

---

[1] The Parties have sought to redact these specific details. *See* Dkt. 498 (Publishers' Motion to Consider Sealing); Dkt. 507 (Anthropic's statement in support of sealing). While the Court's Order on the Parties' sealing motions is forthcoming, the Court herein finds good cause to **GRANT** sealing of these limited details in the context of this discovery dispute and in view of potential harm to Anthropic.

Case No. 5:24-cv-03811-EKL-SVK
EXHIBIT 3

| Publishers' Requests | Anthropic's Responses | Publishers' Proposed Compromise | Anthropic's Proposed Compromise | COURT ORDER |
|---|---|---|---|---|
| | it is not reasonably limited in time or otherwise not limited to a timeframe relevant to this litigation. Subject to and without waiving the foregoing specific and general objections, Anthropic responds as follows: Anthropic will produce responsive, non-privileged documents in its possession, custody, or control sufficient to show the contents of the ▮▮▮▮▮▮▮ external dataset or hash corpus, to the extent such documents exist and are located after a reasonable search. | | | needs are met by the existing protective order. **Defendant is to produce the withheld material promptly, within 5 business days of this Order**. The Court notes that there is motion in briefing on a broader request to "clarify" the protective order as to use of materials in other litigation. Dkt. 505. The Court's ruling here is limited to this RFP; the Court will address the broader issue when the record before it is complete. |