UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 24-cv-03811-EKL (SVK)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 497, 498 |

Before the Court are two administrative motions to consider whether another party's material should be sealed, filed in connection with two discovery disputes. Dkts. 497, 498. Defendant Anthropic PBC ("Anthropic") has filed a motion to consider sealing certain of Plaintiffs ("Publishers") materials, (Dkt. 497), while Publishers have filed a motion to consider sealing certain of Anthropic's materials, (Dkt. 498). Neither Party opposes the other party's motion, and both Parties have filed statements in support of sealing their materials pursuant to Civil L.R. 79-5(f). Having considered the submissions, the relevant law and the record in this action, the Court finds good cause to **GRANT IN PART** the administrative motions as follows:

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Joint Discovery Dispute Statement Regarding RFP Nos. 54-55, 59-60<br><br>[Dkt. 497-2] | Highlighted portions at ECF pages:<br><br>3, 5, 6 and 9 | The Court agrees in part that the highlighted information describes contents and terms of confidential, non-public financing documents that reflect Publishers' fiscal conditions. Public disclosure may cause harm, including competitive harm from market competitors, to Publishers. Considering such potential harm in light of the non-merits, discovery context of this dispute and because Anthropic does not oppose, the Court finds there good cause to seal the portions identified and **GRANTS IN PART** Anthropic's administrative motion. |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | | The motion is **DENIED** as to: (1) the phrase "compared to the only 421 UMPG Works asserted in this case," on ECF p. 2 line 10 as the number of works asserted in this case is public information. *See* Dkt. 337-1 (publicly filed Ex. A to the First Amended Complaint); and (2) the phrase "royalty data is maintained in internal databases" on ECF p. 9 at 5, because such a generic statement poses no risk of competitive harm to Publishers. |
| Joint Discovery Dispute Statement Regarding Anthropic's Production of Guardrail Information [Dkt. 498-1] | Highlighted portions at internal pages: 1:23, 1:26–28, 2:1–4, 2:6–7, 2:10, 2:13, 2:16, 2:19–20, 2:22, 2:24, 2:28, 3:7–8, 3:10, 3:13, 3:25–26, 3:28, 4:6, 4:16–21, 4:23, 4:28, 5:7, 6:5–6, 6:11, 6:20, 7:2, 7:9, 7:13–14, 7:19–21, 7:25, 8:1, 8:3, 8:6–8, 8:19, 9:6, 10:10, 10:27. | **GRANTED** as supported by Anthropic's statement at Dkt. 507. The Court agrees that the redacted language contains confidential non-public information relating to Anthropic's internal technical operations, including specific and sensitive details about the operation of Claude's content guardrails, and that the disclosure of this information, including the amount of content included within its guardrails, could harm Anthropic's ability to safeguard its products because it would reveal or suggest to individuals a method for evading Anthropic's content guardrails processes. |
| Exhibit 1 – Plaintiffs' Third Set of RFPs to Defendant [Dkt. 498-2] | Highlighted portions at ECF pages: 9:1, 9:3-4, 9:20-22. | Previously **GRANTED** in the Court's Order at Dkt. 491 at 2:4-19. |
| Exhibit 2 – Defendant Anthropic's Amended Responses and Objections to Plaintiffs' Third Set of RFPs [Dkt. 498-3] | Highlighted portions at internal pages: 26:19–20, 27:11–12, 27:17–18. | **GRANTED** for the same reasons as with regard to Dkt. 498-1, above. |
| Exhibit 3 – Excerpt from Vinay Rao Deposition Transcript [Dkt. 498-4] | Highlighted portions as set forth in **Anthropic's** proposed redactions at Dkt. 508-1: 88:1–7, 88:11–12, 88:15, 88:25, 89:2, | **GRANTED TO THE EXTENT** supported by Anthropic's statement and accompanying Dkt. 508-1. The Court agrees that the redacted language contains confidential non-public information relating to Anthropic's internal technical operations, including specific and sensitive details about the operation of Claude's content guardrails, and that the disclosure of this |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | 89:10, 89:13, 89:16, 89:18, 89:22–23, 89:25, 90:1–4, 90:9–11, 90:13–24; 91:2, 91:13–25, 92:1–3, 92:12–13, 92:16–25, 93:1–6, 93:25 | information, including the amount of content included within its guardrails, could harm Anthropic's ability to safeguard its products because it would reveal or suggest to individuals a method for evading Anthropic's content guardrails processes. <br><br> Publishers motion is otherwise **DENIED** as unsupported by a statement of the Party seeking to maintain the documents under seal. |
| Exhibit 4 – Parties' Joint Chart <br><br> [Dkt. 498-4] | Highlighted portions at ECF pages: <br><br> 1-2 | Previously **GRANTED** in the Court's Order at Dkt. 511, Attachment B, fn. 1. |
| Publishers' Proposed Order <br><br> [Dkt. 498-6] | Highlighted portions at ECF page 1 | **DENIED AS MOOT.** This document shall be maintained under seal. |
| Anthropic's Proposed Order <br><br> [Dkt. 498-7] | Highlighted portions at ECF page 1 | **DENIED AS MOOT.** This document shall be maintained under seal. |

The Clerk of Court shall maintain Dkts. 497-2, 498-1–5 and 508-1 under seal. **No later than December 11, 2025**, Anthropic shall a public, redacted copy of Dkt. 508-1 in accordance with this Order.

**SO ORDERED.**

Dated: December 4, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge