1   SONAL N. MEHTA (SBN 222086)              JOSEPH R. WETZEL (SBN 238008)
    sonal.mehta@wilmerhale.com               joe.wetzel@lw.com
2   **WILMER CUTLER PICKERING**              **LATHAM & WATKINS LLP**
    **HALE AND DORR LLP**                    505 Montgomery Street, Suite 2000
3   2600 El Camino Real, Suite 400           San Francisco, California 94111
    Palo Alto, CA 94306                      Telephone: (415) 391-0600
4   Telephone: (650) 858-6000

5

6   *Attorneys for Defendant*
    **ANTHROPIC PBC**
7   (Additional Counsel on Next Page)

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN JOSE DIVISION**

11  CONCORD MUSIC GROUP, INC., ET AL.,

12                          Plaintiffs,        Case No. 5:24-cv-03811-EKL-SVK

13          v.                                 **DECLARATION OF NATALIE
                                               NAUGLE IN SUPPORT OF
14  ANTHROPIC PBC,                             PLAINTIFFS' ADMINISTRATIVE
                                               MOTION TO CONSIDER WHETHER
15                          Defendant.         ANOTHER PARTY'S MATERIAL
                                               SHOULD BE SEALED (ECF 549)**
16
                                               Judge: Hon. Susan van Keulen
17

18

19

20

21

22

23

24

25

26

27

28

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.Tompros@Wilmerhale.Com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.Holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

*Attorneys for Defendant*
**ANTHROPIC PBC**

ANDREW M. GASS (SBN 259694)
andrew.gass@lw.com
BRITTANY N. LOVEJOY (SBN 286813)
brittany.lovejoy@lw.com
IVANA DUKANOVIC (SBN 312937)
ivana.dukanovic@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG V. DAMLE (*pro hac vice*)
sy.damle@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (*pro hac vice*)
alli.stillman@lw.com
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1747

I, Natalie Naugle, declare the following:

1.      I am Litigation & Regulatory Counsel, Associate General Counsel for Defendant Anthropic PBC ("Anthropic").  I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2.      I submit this declaration in accordance with Local Rule 79-5(c) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF 549) concerning portions of Plaintiffs' Opposition to Defendant's Declaration In Support of Sealing (ECF 549-2).

3.      The redacted portions of ECF No. 549-2 contain quotes or summaries from documents or information designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" under the Stipulated Protective Order so-ordered by the Court on January 27, 2025 (ECF No. 293).  I confirm that the redacted portions of these documents contain highly confidential, nonpublic Anthropic technical and business information and highly confidential information of a third party.

4.      Pursuant to Local Rule 79-5(c) and this Court's Civil Standing Order Section VII.D, the following table identifies the material that Anthropic seeks to seal.

| ECF | Document | Portion(s) to Seal | Reasons for Sealing |
|---|---|---|---|
| 549-2 | Plaintiffs' Opposition to Defendant's Declaration In Support of Sealing | Last paragraph at page 3 | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about its training dataset mixes, and its methods of processing that data and its use in model training, public disclosure of which would cause competitive harm to Anthropic. |
| 549-2 | Plaintiffs' Opposition to Defendant's Declaration In Support of Sealing | First paragraph of page 4; third paragraph of page 5 (after "and") | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, systems, processes, and strategy, including specific |

| ECF | Document | Portion(s) to Seal | Reasons for Sealing |
|---|---|---|---|
| | | | information regarding Anthropic's data storage retention practices and procedures, public disclosure of which would cause competitive harm to Anthropic. |
| 549-2 | Plaintiffs' Opposition to Defendant's Declaration In Support of Sealing | Last paragraph of page 4; first paragraph of page 5 | The redacted language contains highly confidential nonpublic information relating to Anthropic's physical office address, which Anthropic does not publicly disclose and maintains under the strictest of confidences as public disclosure would harm Anthropic's ability to maintain proper security over its data by providing bad actors with the information needed to attempt to access those locations. |

5.     Filing under seal is justified where there are "compelling reasons sufficient to outweigh the public's interest in disclosure," *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and quotation marks omitted), including where the information at-issue "might be used … 'as [a] source[] of business information that might harm a litigant's competitive standing,'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), or where disclosure would cause a party to "suffer competitive harm[.]"  *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015).  However, the Ninth Circuit has also "carved out an exception" for sealed materials attached to non-dispositive motions, such as discovery disputes, and other materials that are only "tangentially related to the merits of the case."  *Chrysler Group, LLC*, 809 F.3d at 1102.  In those circumstances, the parties must make only a "particularized showing of good cause," *Finjan LLC v. Palo Alto Networks, Inc.*, 2023 WL 5211321, at *1 (N.D. Cal. Aug. 14, 2023), as the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force." *Kamakana*,

447 F.3d at 1179-80. The Local Rules also require that sealing requests must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

6.    I have reviewed ECF No. 549-2, and it contains highly confidential information. Some of the redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical operations.  The redacted language contains highly confidential nonpublic information relating to specific and sensitive details about Anthropic's training dataset mixes, and its methods of processing that data and its use in model training, public disclosure of which would cause competitive harm to Anthropic.  Additionally, some of the redacted language contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, systems, processes, and strategy, including specific information regarding Anthropic's data storage retention practices and procedures, public disclosure of which would cause competitive harm to Anthropic.  Anthropic operates in the burgeoning and highly competitive generative AI industry, and information about its guardrails would allow Anthropic's competitors to mimic the proprietary training process that Anthropic uses to train and protect its models.  Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

7.    "[D]etails about the technical operation of a company product, such as source codes, internal documents, and other technical documents should remain confidential and be sealed from the public." *Apex.AI, Inc. v. Langmead*, 2023 WL 4157629, at *2 (N.D. Cal. June 23, 2023).  Such disclosure could cause Anthropic to "suffer competitive harm" and thus warrants sealing.  *Icon-IP Pty Ltd.*, 2015 WL 984121, at *3; *see also Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (compelling reasons to seal "source code directories" and "information about the technical operation of the products").

8.    Finally, some of the redacted language contains highly confidential nonpublic information relating to Anthropic's physical office address, which Anthropic does not publicly disclose and maintains under the strictest of confidences as public disclosure would harm Anthropic's ability to maintain proper security over its data by providing bad actors with the information needed to attempt to access those locations.  *See Kumandan v. Google, LLC*, 2023 WL

2189498 at \*4 (N.D. Cal., Feb. 22, 2023) (granting request to seal portions of documents containing home addresses).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 26, 2025.

*/s/ Natalie Naugle*
Natalie Naugle

## **SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document was obtained from the signatory of this document.  I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 26, 2025                                *Robin C. Burrell*
                                                                          Robin Burrell