UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 24-cv-03811-EKL (SVK)<br><br>**SEALING ORDER REGARDING MOTIONS RELATED TO DISCOVERY DISPUTES 503, 530**<br><br>Re: Dkt. Nos. 502, 514, 517, 528 |

On December 18, 2025, the Court entered two orders resolving the Parties' discovery disputes relating to (1) Defendant Anthropic PBC's ("Anthropic") renewed request for production of prompts and outputs related to Plaintiffs' ("Publishers") investigation and (2) Publishers' renewed request for a deposition of Anthropic's CEO, Dario Amodei. Dkts. 545 and 544, respectively. Along with the respective joint submissions, (Dkts. 503, 530, respectively), the Parties filed various administrative sealing motions. *See* Dkts. 502, 514, 517, 528. Although the information ultimately included in the Court's orders was public and not sought to be sealed by either Party, because the Court considered the underlying materials, it now resolves the outstanding sealing motions. The Parties have filed statements in support of sealing materials where required under Civil L.R. 79-5(f). *See* Dkts. 510, 531, 536, 547, 548-1–3. Neither Party has opposed sealing of the other Party's materials. Having considered the Parties' submissions, the relevant law and the record in this action, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' sealing motions as follows.

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Joint Discovery Dispute Statement Regarding Anthropic's Request for Publishers' | Highlighted portions at ECF pages:<br><br>4:10-11<br>5:5-6, 9-10, 11-13 | Publishers' position that non-public "information related to the scope and method of their investigations into the use of Anthropic's Claude AI model" could "cause substantial harm to Publishers' active rights-enforcement efforts" is not unfounded. Nonetheless, a bare-bones |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Investigatory Prompts and Outputs [Dkt. 502-2] | | statement that deposition testimony is "highly confidential" and "Public disclosure would cause harm" is insufficient. *Contra* Dkt. 510 at 2; *e.g.*, Civil L.R. 75-5(c) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). Without further explanation or details by Publishers as to what specific parts of the deposition transcripts or joint statements might "harm Publishers' active rights-enforcement efforts," the Court can only guess at such harm and may deny the motion. *See* Civil L.R. 75-5(f)(6) ("[O]verly broad requests to seal may result in the denial of the motion."). <br><br> In this case, and given Anthropic's non-opposition, the Court only **DENIES IN PART** Publishers' request to seal the highlighted portions of Dkt. 502-2. The Court will permit sealing where the material speaks for itself, *i.e.*, where good cause is evident to the Court on the face of the joint statement, based on the highlighted language. |
| Deposition Transcripts of Michael Candore, Alisa Coleman and Kent Draughon, and the Errata Sheet to the Deposition of Michael Candore [Dkts. 514-2–4 and 517-2] | There is **no** good cause to seal the following "Confidential" information: <br><br> 16:13-19:20 <br> 23:5-22 <br> 30:2-15 <br> 50:10-14 <br> 58:2-60:18 <br> 61:17-62:7 <br> 63:4-63:13 <br> 64:6-69:25 <br> 76:11-78:8 <br> 81:8-82:21 <br> 83:5-84:18 <br> 87:4-88:7 <br> 90:11-92:20 <br> 92:22-93:25 <br> 97:11-21 <br> 100:14-101:12 <br> 102:9-24 | Publishers' request to seal the deposition transcripts of Michael Candore and Kent Draughon "in full" are overbroad and **DENIED**. Pursuant to this Court's local rules, "A party must … avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil. L.R. 79-5(a). Publishers' blanket request to seal the entire deposition transcripts, including for example introductory questions or non-sensitive information about their investigation (*i.e.*, information which—although perhaps confidential—does not pose a substantial risk of harm if disclosed, *e.g.*, the answer that Mr. Candore's investigation did not include jailbreaking) is inappropriate. <br><br> Publishers have only attempted to justify sealing portions of the deposition of Alisa Coleman in any detail. *See* Dkt. 531 at 3. Publishers' basis for sealing these excerpts is that they contain ABKCO's "financial records and business |

2

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | 103:24-105:3<br>107:20-24<br>108:7-12<br>109:5-110:21<br>176:25-178:13<br>178:18-23<br>182:8-183:24<br>185:13-187:9<br>188:7-12<br>189:6-9<br>189:21-191:7<br>199:19-203:12<br>204:13-208:10<br>211:19-213:3<br>216:8-218:2<br>224:19-225:1<br><br>There **may** be good cause to seal the following "Confidential" information:<br><br>26:23-30:1<br>30:16-32:22<br>33:22-35:9<br>49:7-14<br>50:1-9, 50:15<br>52:25-13<br>53:24-54:24<br>56:16-58:1<br>60:19-61:16<br>62:8-63:3<br>82:22-83:4<br>84:19-85:19<br>88:8-88:16<br>92:21<br>94:1-97:10<br>97:22-99:13<br>101:13-102:8<br>103:11-19<br>107:25-108:6<br>110:22-111:18<br>114:17-117:22<br>178:14-17<br>178:24-182:7<br>183:25-184:5 | practices; terms of highly sensitive agreements with songwriters, including financial terms; terms of highly sensitive commercial agreements with various third-parties; non-public business practices and strategies." Dkt. 531 at 3.  Sealing such information is appropriate in the discovery context, as disclosure of such information may cause ABKCO competitive harm from market competitors.  However, here, as above, Publishers provide no mapping as to what information is sealable for what reason, and the broad, pages-long redactions proposed by Publishers are inappropriate in most cases (and, indeed, the excerpts appear to be merely a listing of "confidential" or "highly confidential" testimony; Publishers are again admonished that mere "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil. L.R. 79-5(c)).<br><br>Accordingly, the Court could deny Publishers' motions in their entirety as overbroad.  However, the Court is aware that the deposition transcripts were submitted in full at its direction, as opposed to on Publishers' initiative, and it is familiar with the effort that redacting hundreds of pages of deposition transcript may take.  Accordingly, it **DENIES WITHOUT PREJUDICE** Publishers' requests to seal these transcripts.  Publishers may renew their request to seal appropriate portions of these depositions by submitting proposed redactions that are no broader than necessary and an accompanying administrative sealing motion explaining the redactions by category of information sought to be sealed (similar to Dkt. 547-1 at 3-4).<br><br>In the column to the left, the Court's ruling includes a **tentative ruling** re sealing of the Coleman Deposition based on Publishers' proffer of confidential information. Publishers should take such examples as tentative guidance for any renewed request. |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | 187:10-188:6<br>188:13-189:5<br>189:10-20<br>191:8-194:14<br>195:1-199:8<br>208:11-209:25<br>223:17-224:18<br>225:1-226:21<br>231:2-236:12<br><br>These are the Court's tentative rulings; the entire deposition transcripts shall remain provisionally under seal until the deadline for Publishers to renew their motion for sealing these transcripts. | |
| Joint Discovery Dispute Statement Regarding Publishers' Renewed Request to Depose Dario Amodei [Dkt. 528-1] | Highlighted portions at ECF pages:<br><br>3:22-4:21<br>8:16-17 (first 3 words)<br>9:3-6<br><br><br><br><br><br><br><br><br>5:1-5, 5:26-27<br>8:14-16 (last word on line 14 and first 4 words on line 15) | **GRANTED IN PART** and **DENIED IN PART**. For the first set of redactions, the Court agrees that, generally, the highlighted portions "contain[] highly confidential nonpublic information relating to Anthropic's internal business and technical operations, systems, processes, and strategy, including specific information regarding Anthropic's data acquisition practices and strategy and commercialization strategy," and that public disclosure of this information could cause competitive harm to Anthropic. *See* Dkt. 547 at 3. In a small number of cases, the Court disagrees and finds that Anthropic's sealing request goes to far: Anthropic's request as to ECF p. 4:22 and 4:24-26 is **denied**.<br><br>For the second set of redactions, the Court agrees with Anthropic that the highlighted portions "nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about its training dataset mixes, and its methods of processing that data and its use in model |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | | training," and that public disclosure of which would cause competitive harm to Anthropic," and public disclosure of this information could cause competitive harm to Anthropic. *See* Dkt. 547 at 4. **GRANTED**. |
| | 5:13 | Similarly, **GRANTED** for the third set of redactions. *See* Dkt. 547 at 4. |
| Excerpts of the Deposition Transcript of Daniella Amodei [Dkt. 528-2] | Highlighted portions at Transcript pages:<br><br>130:5-6, 130:9-10, 130:17-20, 132:5-6, 132:20-21, 133:1-5, 133:16-17, 133:21-22, 134:7-8, 134:18-20, 145:23-146:4, 146:7-11, 146:15-25, 148:1, 148:4-6, 148:18-19, 149:23-24, 213:3, 213:9-10, 213:16, 213:25, 214:24-215:6, 215:9-10, 215:14-15, 215:18-19, 215:24-25, 216:2-3, 216:7, 216:9-10, 216:17-18, 217:5-7, 217:13-15, 217:20-21, 218:9, 218:15-17, 219:2-4, 219:6-7; 219:9-10, 219:14-15, 219:19-20, 219:24-25<br><br>214:1-6, 15-16<br><br>150:15-16, 150:21, 150:23, 256:12-13 | **GRANTED** as proposed by Anthropic in Exhibit 1 to its Statement in Support of Sealing. *See* Dkt. 548-1. The Court agrees that:<br><br>For the first set of redactions, the Court agrees that the redacted language contains "nonpublic information relating to Anthropic's internal business and technical operations, systems, processes, and strategy, including specific information regarding Anthropic's finances, data acquisition strategy, commercialization strategy, and product development strategy," and that public disclosure of this information would cause competitive harm to Anthropic. Dkt. 547-1 at 3.<br><br>For the second set of redactions, the Court agrees that they contain "nonpublic information relating to Anthropic's internal technical operations, including specific and sensitive details about its training dataset mixes, and its methods of processing that data and its use in model training," and that competitive harm would similarly be caused.<br><br>For the third set of redactions, the Court agrees that they contain "nonpublic information relating to Anthropic's views of its competitors in various product markets," and that competitive harm could result. |
| Excerpts of the Deposition Transcript of Jared Kaplan, Ph.D. [Dkt. 528-3] | Highlighted portions at Transcript pages:<br><br>178:8-9, 178:16-17, 178:19-179:1, 179:4-12, 185:1-10, 185:12-16 | **GRANTED IN PART** as proposed by Anthropic in Exhibit 2 to its Statement in Support of Sealing. *See* Dkt. 548-2, for the same reasons as set forth with regard to the Deposition of Daniella Amodei, above. **DENIED** only as to 185:19-23, 185:25. |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Excerpts of the 30(b)(6) Deposition Transcript of Benjamin Mann [Dkt. 528-4] | Highlighted portions at Transcript pages: 83:23-25 | **GRANTED** as proposed by Anthropic in Exhibit 3 to its Statement in Support of Sealing. *See* Dkt. 548-3, for the same reasons as set forth with regard to the Deposition of Daniella Amodei, above. |
| Excerpts of the 30(b)(1) Deposition Transcript of Benjamin Mann [Dkt. 528-5] | | **DENIED**, as Anthropic does not seek to maintain this information under seal. |

The Clerk of Court shall maintain Dkts. 502-2, . 514-2–4, 517-2, and 528-1–4 **under seal** until further order of this Court. The Clerk of Court **shall unseal** Dkt. 528-5. **No later than January 13, 2026**, Anthropic shall file public, redacted copies of Dkts. 528-1–4 with redactions confirming to the Court's Order, above. **No later than January 27, 2026**, Publishers may renew their request to maintain Dkts. 514-2–4 and 517-2 under seal, with redactions in accordance with the Court's guidance, above.

**SO ORDERED.**

Dated: December 30, 2025

SUSAN VAN KEULEN
United States Magistrate Judge