UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CONCORD MUSIC GROUP, INC., et al., Plaintiffs, v. ANTHROPIC PBC, Defendant. | Case No. 24-cv-03811-EKL (SVK)<br><br>**ORDER RE ANTHROPIC'S MOTION FOR CLARIFICATION OF PROTECTIVE ORDER**<br><br>Re: Dkt. No. 505 |
|---|---|

Before the Court is Defendant Anthropic's Motion for Clarification of Protective Order ("Motion"). Dkt. 505. The motion has been fully briefed, and the Court determines that it may be resolved without oral argument. Civil L.R. 7-1(b).

## I.     RELEVANT BACKGROUND

Anthropic complains that Plaintiffs' counsels' actions indicate that they may be using Protected Information to assess future claims against Anthropic in violation of the Protective Order ("PO"). Dkt. 505 at 8.[1] In support of its allegations, Anthropic points to the "ABC"[2] document Anthropic produced in this case under the "AEO" level of confidentiality pursuant to the PO. Dkt. 505 at 3-4. Anthropic maintains that in addition to material responsive in this case, the ABC document contains information wholly unrelated to this action, yet Plaintiffs' counsel has repeatedly refused to affirm that they would not use the document to pursue future claims against Anthropic. *Id*. Anthropic also points the timing of events in the *Bartz*[3] litigation, wherein Plaintiffs' counsel appeared, from which Anthropic infers violations of the protective order in that

---

[1] Pin cites herein are to internal pagination, rather than ECF page numbers, of documents.
[2] The Court has anonymized the title of the document, which is subject to the Parties' co-pending sealing dispute (*see* Dkts. 504, 521, 534, 538, 549) so that this Order need not be filed under seal.
[3] *Bartz et al. v. Anthropic, PBC*, No. 3:24-cv-05417-WHA (N.D. Cal.)

case. Dkt. 505 at 5-6.

The clarification that Anthropic seeks is confirmation that the PO "prohibits use of Protected Material produced in this litigation for ***any purpose*** outside of the above captioned litigation, including to investigate, pursue, or prosecute, in any fashion, any future claims or litigation against Anthropic." Dkt. 505 at 2 (emphasis by Anthropic). Anthropic also seeks declarations from counsel that they have not used Protected Materials for any improper purpose and that counsel did not use Protected Materials in the *Bartz* litigation for any purpose in this case. *Id*. at 2-3.

Plaintiffs argue that Anthropic is overreaching, seeking limitations that are contrary to law, that Anthropic points to no evidence of a violation of the PO and that there is no precedent for the relief Anthropic is seeking. Dkt. 522 at 2-5, 7-8, 14-15.

## II.    THE PROTECTIVE ORDER

The PO is largely based on a Northern District's model order. It provides, in relevant part:

> **I. PURPOSE AND LIMITATIONS**
>
> 1. Disclosure and discovery activity in this action (the "Action") is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and *from use for any purpose other than prosecuting or defending this litigation may be warranted.* Accordingly, the Parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order governs discovery in *Concord Music Group, et al. v. Anthropic PBC*, No. 24-cv-3811.
>
> 2. The Parties acknowledge that this Protective Order *does not confer blanket protections on all disclosures* or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment.
>
> * * *
>
> **VII. ACCESS TO AND USE OF PROTECTED MATERIAL**
>
> 1. Basic Principles. *A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation*, including any appeal(s). *Such Protected Material shall not be used for any other purpose* and may be disclosed only to the categories of persons and under the conditions described in this Order.

Dkt. 293 at 1, 11-12 (emphasis added).

### III. DISCUSSION

First, the extended relief sought by Anthropic, specifically the declarations of counsel, is inappropriate on record before the Court. Actions of counsel in *Bartz*, let alone the inferences Anthropic draws from those actions, do not inform the question of the reach of the PO. As for the ABC document, Anthropic may be understandably concerned about counsel's use of the non-responsive information for future litigation, but concern does not equal a violation of the PO or otherwise justify the relief Anthropic is seeking here.

Secondly, the Court acknowledges, as have other courts, that the term "use" benefits from clarification. Indeed, the cases cited by the Parties are in accord on these guidelines and, to clarify the PO, the Court addresses the key points here.

- The Ninth Circuit addressed the question of permissible "use," albeit under distinguishable facts from the case at hand, in *In re Dual-Deck Video Cassette Recorder Antitrust Lit.*, 10 F.3d 696 (1993). In reversing the trial court's finding of contempt for violation of a protective order, the Court pointed to language in the order that prevented any use "whatsoever" of information obtained in discovery. *Id.* at 694-95. The Court found this language so overbroad as to be "absurd" "if taken literally," recognizing that "use" cannot require lawyers to "achieve total amnesia" but rather must permit them to "learn from and use their *experience* obtained in discovery." *Id.* at 695 (emphasis added).

- In *City of Fort Collins v. Open International, LLC*, No. 21-cv-02063-CNS (MEH), 2022 WL 7582436 (D. Colo. Aug. 16, 2022), Plaintiff moved for a protective order requiring compliance with a stipulated protective order, akin to Anthropic's motion here. Indeed, the language in the stipulated order in *Fort Collins* was identical in all relevant parts to the PO here. *Compare id.* at *2 *with* Dkt. 293 at 1, 11-12. The court in *Fort Collins* examined "use," noting that a number of cases uphold the principle that "there is a distinction between the use of knowledge regarding the existence of certain documents versus the use of the confidential content within the documents." *Id.* at *5 (internal quotation marks and citations omitted). The court also, helpfully, looked to the plain meaning of the term

"use," intuiting that it requires "the substantive reliance on or utilization of the documents themselves to achieve a specific purpose." *Id.* This Court agrees.

- Finally, several courts have acknowledged a limitation on "use" that is helpful here, specifically as to the "mining" of protected material as a source for other potential actions. In *In re eBay Seller Antitrust Litigation*, the Honorable Howard Lloyd opined that "mining" of protected material would violate the plain language of a protective order with substantially the same provisions as in the case at hand. No. 07-cv-01882-JF (HRL), 2010 WL 2106004 at *2 (N.D. Cal. May 25, 2010); *see also*, *Suture Express, Inc. v. Cardinal Health 200, LLC*, No. 12-cv-2760-DDC, 2015 WL 5021959 at *5 (D. Kan. Aug. 24, 2015) ("The more difficult question is whether defendants should be given carte blanche to 'mine' through all the information produced in this case in search of additional information to support their potential claims …[. T]hey may not conduct an extensive review of all discovery produced in this case for information to support any potential claims they wish to bring in separate litigation.").

In sum, there are nuances to the term "use" and to the extent "use" in the Protective Order calls for clarification, the Court adopts the guidance of the courts above. Beyond this clarification, Anthropic's requested relief is **DENIED**.

**SO ORDERED.**

Dated: December 31, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge