UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case No. 24-cv-03811-EKL (SVK)<br><br>**SEALING ORDER RE ADMINISTRATIVE MOTIONS RELATING TO MOTION FOR CLARIFICATION OF PROECTIVE ORDER**<br><br>Re: Dkt. Nos. 504, 521, 534, 549 |

Before the Court are administrative sealing motions filed the Parties relating to Defendant Anthropic PBC's ("Anthropic") motion for clarification of the protective order in this case (Dkt. 505, "the PO Motion"). Dkts. 504, 521, 534. Anthropic has filed a statement in support of sealing pursuant to Civil L.R. 79-5(f) where required. Dkts. 538. Plaintiffs ("Publishers") have filed a limited opposition to Anthropic's declaration in support of sealing, specifically opposing sealing of certain phrases contained in Dkt. 521-4 (Ex. D to the Pariser Declaration, a November 11, 2025 email chain). Dkt. 549-1. Publishers have also filed an administrative motion to consider whether that opposition should be sealed, (Dkt. 549), and Anthropic has filed another statement in support of sealing as required, (Dkt. 559). Having considered the Parties' submissions, the relevant law, and the record in this action, the Court **GRANTS IN PART** and **DENIES IN PART** the pending sealing motions.

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Motion for Clarification of Protective Order<br><br>[Dkt. 504-3] | Highlighted Portions at ECF pages:<br><br>7-9 | **GRANTED**. The Court agrees that the redacted language contains non-public details as to the name and scope of Anthropic's proprietary guardrail system and that public disclosure of the former information could pose a security risk, while disclosure of the latter information would cause security and competitive harms. |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Exhibit 1 to the PO Motion (Excerpt of October 8, 2025 Hearing Transcript)<br><br>[Dkt. 504-5] | Entire Document | **GRANTED.** The Court will not disturb sealing of the transcript of the hearing before Judge Lee and Publishers do not oppose sealing. |
| Declaration of Ari Holtzblatt in support of the PO Motion ("Holtzblatt Decl.")<br><br>[Dkt. 504-4] | Highlighted Portions at paragraphs<br><br>13-16, 18, 24 | **GRANTED.** *See* ruling re Dkt. 504-3, above. |
| Exhibit B to the Holtzblatt Decl.<br><br>[Dkt. 504-6] | Highlighted Portions at ECF page:<br><br>2 | **GRANTED.** Although these redactions are slightly broader than those requested for Dkt. 504-3, the underlying rationale remains the same and Publishers do not challenge these redactions. Accordingly, the Court finds good cause to maintain them under seal. |
| Exhibit C to the Holtzblatt Decl.<br><br>[Dkt. 504-7] | Highlighted Portions at ECF page:<br><br>3 | **GRANTED.** *See* ruling re Dkt. 504-3, above. |
| Publishers' Opposition to the PO Motion<br><br>[Dkt. 526-1][1] | Highlighted Portions at ECF pages:<br><br>2, 10-12 | **GRANTED.** *See* ruling re Dkt. 504-3, above. The Court also notes that, although Publishers' filed an challenge the propriety of sealing certain materials related to their opposition, they do not challenge the sealing of these portions of the opposition itself. |
| Exhibit 1 to Publishers Opposition (Excerpts from the deposition of Jared Kaplan, Ph.D.)<br><br>[Dkt. 521-1] | | **DENIED.** Anthropic does not seek to maintain these excerpts under seal or has otherwise failed to include a statement in support of sealing this exhibit. *See* Dkt. 538. Accordingly, sealing of this document is denied. |
| Declaration of Jennifer Pariser in support of Publishers' Opposition ("Pariser Declaration")<br><br>[Dkt. 521-2] | Highlighted Portions at paragraphs<br><br>22-26 | **GRANTED.** For the majority of these redactions, the Court's reasoning is the same as for Dkt. 504-3, above. For the redactions to ¶26, the Court finds that there is good cause to seal the terms of Ms. Amodei's departure from OpenAI because these terms are non-public and could result to competitive harm to a third party (OpenAI) as well as to Ms. Amodei if disclosed. |

---

[1] As noted by Anthropic, Publishers originally failed to file a sealed version of their opposition, and the sealed version was later filed at Dkt. 526.

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Exhibit C to the Pariser Declaration [Dkt. 521-3] | Highlighted Portions at ECF page: 3 | **GRANTED**. *See* ruling re Dkt. 504-3, above. |
| Exhibit D to the Pariser Declaration [Dkt. 521-4] | Highlighted Portions at: ECF pages: 2, 4-5, 10, 12, 14-17, 20, and 28; ECF Page 6: first paragraph, line 4, after "was used in the"; highlighting after the first paragraph; first paragraph, lines 1-2 ECF Page 7: highlighting in the first four paragraphs; highlighting in the last paragraph; ECF page 8: All highlighting except as indicated by the Court; ECF Page 9: bottom e-mail; top paragraph; ECF Page 11: top two lines; middle portion, after "available at:" last paragraph; ECF Page 19: top section; and middle section, between "sets in the" and "data were collected"; | **GRANTED IN PART** – granted as to the highlighting identified in the left-column, as supported by Anthropic's statement in support of sealing, for all pages except 8, 11, 19, and 21. The Court notes that Publishers to not oppose redacting of this information. For page 8, Publishers argue that redacting first paragraph, lines 1-2 up to the "the" is improper, as this information has been publicly disclosed in filings in this litigation and is also "exceedingly general." *See* Dkt. 549-1 at 3-4. The Court declines to rule as to the information's generality but agrees with Publishers that it has been publicly disclosed in prior filings. *See, e.g.*, Dkt. 500 at 3-4. Accordingly, the phrase "table of hash values for the files comprising the" is **hereby unsealed**. For the same reasons, the phrase "contains plain text against which Claude outputs are compared" is **hereby unsealed**. For page 11, the Court agrees with Anthropic and **GRANTS** sealing at this juncture. Publishers do not argue that the disputed information is public, but only that it is "extremely high-level and general" and that the "processes are general terms used in LLM development." Dkt. 549-1 at 4. Yet Anthropic has maintained that the information includes "specific and sensitive details about its training dataset mixes, and its methods of processing that data and its use in model training." On the record before it, the Court has insufficient information to determine just how sensitive this information is. It also declines to invite further submission of evidence or argument on this isolated, disputed phrase because, while resolution might be required at a later time, the public interest in this information is lesser at this stage. *See* Dkt. 387 at 3 ("There is no tradition |

3

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| | and<br><br>ECF Page 21:<br>All highlighting except as indicated by the Court. | of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." (this Court quoting *Ctr. for Auto Safety v. Chrysler*, 809 F.3d 1092, 1097 (9th Cir. 2016)).  Anthropic has made a sufficient showing to satisfy the good cause standard in the non-merits discovery context.<br><br>For page 19, the Court agrees with Publishers for the same reasons as with regard to page 8 – this information has been publicly disclosed. *See, e.g.*, Dkt. 302 at 8.  Accordingly, the phrase "to the masking of personal data or personal names with a 'placeholder string,' using Google DLP occurs" is **hereby unsealed**.<br><br>Finally, for page 21, the Court agrees with Publishers that Anthropic's business address of 394 Pacific Avenue, San Francisco, is public knowledge and reported in public news articles. *E.g.*, Paul Bubny, *AI Tenants Lease 133K SF in San Francisco*, CONNECTCRE (July 28, 2023), https://www.connectcre.com/stories/ai-tenants-lease-133k-sf-in-san-francisco/. Accordingly, this information is **hereby unsealed**. |
| Publishers' challenge to portions of Anthropic's Statement in support of sealing their Opposition<br><br>[Dkt. 549-1] | Highlighted portions at ECF pages:<br><br>4:18, 4:22 | Based upon the rulings re Dkt. 521-4, above, the Court **GRANTS IN PART** and **DENIES IN PART** Anthropic's sealing requests. |
| Anthropic's Reply in support of the PO Motion<br><br>[Dkt. 534-3] | Highlighted Portions at ECF page:<br><br>4, 6, 9-10 | **GRANTED**. *See* ruling re Dkt. 504-3, above. |

The Clerk of Court shall maintain Dkts. 504-3–7, 521-2–4, 526-1, 534-3, and 549-1 under seal.  The Clerk of Court **shall unseal** Dkt. 521-1.  **No later than January 14, 2026**, Anthropic shall file a revised public, redacted copy of Dkt. 549-1 in accordance with the Court's Order, above;  Anthropic need not file a revised copy of Dkt. 521-4 (the limited information that is hereby unsealed is available to the public by way of this Order in the column above).

**SO ORDERED.**

Dated: December 31, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge