SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

*Attorneys for Defendant*
**ANTHROPIC PBC**
(Additional Counsel on Next Page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendant.

Case No. 5:24-cv-03811-EKL-SVK

**DECLARATION OF NATALIE NAUGLE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 565)**

Judge: Hon. Susan van Keulen

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@Wilmerhale.Com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

*Attorneys for Defendant*
**ANTHROPIC PBC**

I, Natalie Naugle, declare the following:

1. I am Litigation & Regulatory Counsel, Associate General Counsel for Defendant Anthropic PBC ("Anthropic"). I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in accordance with Local Rule 79-5(c) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF 565) concerning portions of the Joint Discovery Submission Regarding Dispute as to the Deposition of Anthropic Witness Tom Brown (ECF 565-2).

3. The redacted portions of ECF No. 565-2 contain quotes or summaries from documents or information designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" under the Stipulated Protective Order so-ordered by the Court on January 27, 2025 (ECF No. 293). I confirm that the redacted portions of these documents contain highly confidential, nonpublic Anthropic technical and business information and highly confidential information of a third party.

4. Pursuant to Local Rule 79-5(c) and this Court's Civil Standing Order Section VII.D, the following table identifies the material that Anthropic seeks to seal.

| **ECF** | **Document** | **Portion(s) to Seal** | **Reasons for Sealing** |
|---|---|---|---|
| 565-2 | Joint Discovery Submission Regarding Dispute as to the Deposition of Anthropic Witness Tom Brown | Highlighted portions at page 3, lines 16-22. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, systems, processes, strategy, and internal discussions relating to product development, public disclosure of which would cause competitive harm to Anthropic. |
| 565-2 | Joint Discovery Submission Regarding Dispute as to the Deposition of Anthropic Witness Tom Brown | Highlighted portions at page 4, n. 4. | The redacted language contains highly confidential nonpublic information relating to Anthropic's internal business and technical operations, and strategy, including specific information related to third parties regarding training data, public disclosure of which would |

| ECF | Document | Portion(s) to Seal | Reasons for Sealing |
| --- | --- | --- | --- |
| | | | cause competitive harm to Anthropic. |

5. Filing under seal is justified where there are "compelling reasons sufficient to outweigh the public's interest in disclosure," *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citation and quotation marks omitted), including where the information at-issue "might be used … 'as [a] source[] of business information that might harm a litigant's competitive standing,'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)), or where disclosure would cause a party to "suffer competitive harm[.]" *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015). However, the Ninth Circuit has also "carved out an exception" for sealed materials attached to non-dispositive motions, such as discovery disputes, and other materials that are only "tangentially related to the merits of the case." *Chrysler Group, LLC*, 809 F.3d at 1102. In those circumstances, the parties must make only a "particularized showing of good cause," *Finjan LLC v. Palo Alto Networks, Inc.*, 2023 WL 5211321, at *1 (N.D. Cal. Aug. 14, 2023), as the "public has less of a need for access to court records attached only to non-dispositive motions," and the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force." *Kamakana*, 447 F.3d at 1179-80. The Local Rules also require that sealing requests must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3).

6. I have reviewed ECF No. 565-2, and it contains highly confidential information. The redacted language contains highly confidential nonpublic information relating to Anthropic's internal technical and business operations. The redacted language contains highly confidential nonpublic information regarding specific and sensitive details about Anthropic's decisions prior to product launch and training data sets, public disclosure of which would cause competitive harm to Anthropic. Anthropic operates in the burgeoning and highly competitive generative AI industry, and insight into Anthropic's strategic technical and business decisions would allow Anthropic's

competitors to exploit information to gain a competitive advantage. Such harm could not be avoided by less restrictive means than the narrowly tailored sealing of these documents.

7. "[D]etails about the technical operation of a company product, such as source codes, internal documents, and other technical documents should remain confidential and be sealed from the public." *Apex.AI, Inc. v. Langmead*, 2023 WL 4157629, at *2 (N.D. Cal. June 23, 2023). Such disclosure could cause Anthropic to "suffer competitive harm" and thus warrants sealing. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-570 (finding "compelling reasons" to seal "business information that might harm a litigant's competitive strategy"); *In re Google RTB Consumer Priv. Litig.*, 2023 WL 12088677, at *1 (N.D. Cal. June 8, 2023) (granting Google's motion to seal because submissions contain "confidential and proprietary information regarding Google's … data systems, and technical details of sensitive data logs and systems" and "public disclosure of this information may give Google's competitors an unfair advantage . . . or may reveal Google's internal strategies, system designs, and business practices and cause it competitive harm"); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (compelling reasons to seal "source code directories" and "information about the technical operation of the products"). Courts routinely seal "confidential business and proprietary information relating to the operations of the parties," such as "information regarding the parties' marketing and competitive strategy, financial information, [and] product development." *Jam Cellars, Inc. v. Wine Group LLC*, 2020 WL 5576346, at 2 (N.D. Cal. Sept. 17, 2020).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 9, 2026.

*<u>/s/ Natalie Naugle</u>*
Natalie Naugle

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document was obtained from the signatory of this document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 9, 2026

*/s/ Robin Burrell*
Robin Burrell