**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Corey Miller
(*pro hac vice* pending)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
corey@oandzlaw.com

Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(*pro hac vice* pending)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
Thomas A. Harvey (SBN 235342)
Bina G. Patel (SBN 315352)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com
ef-tah@cpdb.com
ef-bgp@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Jonathan Z. King
Richard Dannay
(*pro hac vice* pending)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendants. | Case No. 5:24-cv-03811-EKL-SVK <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED UNDER LR 3-12(b) AND 7-11(a)** |

Pursuant to Local Rules 3-12(b) and 7-11(a), Plaintiffs in *Concord Music Group, Inc. et. al. v. Anthropic PBC, Dario Amodei, and Benjamin Mann*, Case No. 5:26-cv-00880-SVK (Complaint, ECF No. 1, filed January 28, 2026) ("*Concord II*") respectfully submit this Administrative Motion to Consider Whether Cases Should be Related, on the grounds that *Concord II* may be related to the

instant action, *Concord Music Group, Inc. et. al. v. Anthropic PBC*, Case No. 5:24-cv-03811-EKL-SVK ("*Concord I*"). The *Concord II* Plaintiffs do not take a position as to whether the two cases should be deemed related under Civil Local Rule 3-12, but file this Motion to bring this issue to the Court's attention consistent with the Rules.

Civil Local Rule 3-12(b) requires a party to "file . . . an Administrative Motion to Consider Whether Cases Should be Related" whenever "a party . . . believes that" another action "may be []related." Under Civil Local Rule 3-12(a), actions are related when: "(1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

As to the first element under Local Rule 3-12(a), the two actions share certain common parties, but fewer than half overlap. Eight of the nineteen Plaintiff music publishers in *Concord II* are also plaintiffs in *Concord I*, while eleven Plaintiffs in *Concord II* are corporate affiliates not represented in *Concord I*. Anthropic PBC is a defendant in both *Concord I* and *Concord II*, while Anthropic founders Dario Amodei and Benjamin Mann are defendants only in *Concord II*.

The two actions also involve the same type of property—Plaintiff music publishers' copyrighted musical compositions—but the actions do not involve the same set of musical compositions as works in suit. *Concord I* identifies 499 works in suit and *Concord II* identifies 20,662 works in suit, of which fewer than 1%, or 145 works, overlap with *Concord I*.

While the two actions generally concern claims of direct copyright infringement, secondary copyright infringement, and removal or alteration of copyright management information against Anthropic relating to Plaintiff music publishers' musical compositions, the actions arise from and involve distinct transactions and events in many respects.

For instance, *Concord II* involves distinct claims and allegations not at issue in *Concord I* that Defendants employed BitTorrent to illegally reproduce and distribute Plaintiffs' copyrighted works. Although the plaintiffs in *Concord I* previously moved to amend their complaint in that case to include allegations regarding Anthropic's illegal torrenting when it was revealed, Anthropic successfully opposed that amendment, arguing that its torrenting was entirely unrelated to plaintiffs'

claims in *Concord I*, and that amending that complaint to address torrenting claims would "fundamentally transform" that case. *See, e.g.*, *Concord I*, ECF No. 419 at 1. Anthropic also succeeded in opposing discovery into its torrenting in *Concord I* on the same grounds. *See, e.g.*, *Concord I*, ECF No. 478 at 2 (Magistrate Judge van Keulen: "Judge Lee also made clear that the 'method of collection' by which Anthropic obtained its databases, *i.e.*, whether via torrenting or otherwise, is not at issue in this case."). As a result, Plaintiffs' torrenting claims in *Concord II* will implicate different discovery and evidence than in *Concord I*. Plaintiffs' torrenting claims in *Concord II* also relate to different copyrighted works: of the 714 works that Plaintiffs allege in *Concord II* that Anthropic illegally torrented in this manner, 145 are also works in suit in *Concord I*, while 569 are not.

*Concord II* also involves claims and allegations that Anthropic infringed Plaintiffs' works in connection with AI training and output relating to its AI models trained and released in the distinct period after *Concord I*. None of the 20,517 works that Plaintiffs allege Anthropic infringed in this manner are works in suit in *Concord I*.

As to the second element under Local Rule 3-12(a), again, *Concord II* involves different theories of liability regarding torrenting, different facts, additional Defendants, and a different set of musical compositions. The two cases will implicate some common legal issues and certain overlapping discovery but will also focus on other distinct legal issues and discovery, including relating to Defendants' torrenting and the distinct time periods at issue in the cases.

Civil Local Rule 7-11(a) requires an administrative motion "be accompanied . . . by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." As explained in the accompanying declaration, counsel for Plaintiffs contacted counsel for Anthropic to ask whether they could provide Defendants' position on whether the two cases should be related. Hailey Decl. ¶¶ 2–3. On February 2, 2026, counsel for Anthropic stated that "Anthropic intends to file a separate response under Local Rule 3-12(e)." *Id.* ¶ 3.

DATED: February 2, 2026

By:    */s/ Jeffrey G. Knowles*

**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Corey Miller
(*pro hac vice* pending)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
corey@oandzlaw.com

Jennifer L. Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(*pro hac vice* pending)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com,
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
Thomas A. Harvey (SBN 235342)
Bina G. Patel (SBN 315352)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 772-5795
ef-jgk@cpdb.com
ef-tah@cpdb.com
ef-bgp@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Jonathan Z. King
Richard Dannay
(*pro hac vice* pending)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*