SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH (SBN 323952)
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

JARED V. GRUBOW (*Pro Hac Vice*)
jared.grubow@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
250 Greenwich St
New York, NY 10007
Telephone: (212) 230-8800

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

*Attorneys for Defendant*
**ANTHROPIC PBC**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case No. 5:24-cv-03811-EKL-SVK <br><br> **DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** <br><br> Judge: Hon. Eumi K. Lee <br> Magistrate Judge Susan van Keulen |

Pursuant to Civil Local Rules 3-12(e) and 7-11 of the Northern District of California, Defendant Anthropic, PBC hereby responds to the motion by Plaintiffs Concord Music Group, Inc., et al. ("Publishers") to consider whether *Concord Music Group, Inc., et al. v. Anthropic PBC, et al.*, Case No. 5:26-cv-00880-SVK ("*Concord II*") should be related to *Concord Music Group, Inc., et al. v. Anthropic PBC, et al.*, Case No. 5:24-cv-03811-EKL-SVK ("*Concord I*"). Dkt. 578. Anthropic respectfully requests that this Court find these cases are related.

## I.   LEGAL STANDARD

Civil Local Rule 3-12(a) provides that actions are related when "(1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a).

## II.   THE CASES SHOULD BE RELATED

In *Concord I*, Publishers belatedly sought leave to amend the complaint to add a distinct, new claim—that Anthropic used a method of data acquisition called "torrenting" to obtain song lyrics to train Anthropic's commercial models, known collectively as "Claude." *See* Dkt. 411. After the Court rejected Publishers' attempt, Publishers now bring these same allegations in *Concord II*. Despite previously taking the position that these new claims should *not* be brought "in a separate action," and would "split[]closely related factual and legal claims," Publishers now seek to avoid relating the two cases. Dkt. 426 at 2. While the Court was correct not to derail *Concord I* based on Publishers' late request to expand it, there can be no serious question that relating the two cases is important to avoid the risk of "inconsistent findings and rulings" Publishers identified, *id.*, and to promote judicial economy and efficiencies for the parties.

**First**, both cases "concern substantially the same parties, property, transaction, or event." Civ. L.R. 3-12(a)(1). In both actions, music Publishers allege that Anthropic unlawfully copied lyrics that Publishers claim to control, used those lyrics in large-scale training datasets, removed copyright management information from the works during pre-training data processing, and used these lyrics, without authorization, to train and deploy Claude. Both cases raise questions about how Anthropic acquired the lyrics, constructed training datasets, and operated its model-training

pipeline. Finally, though they have some different legal theories and factual allegations, both cases assert that Anthropic's acquisition and use of lyrics from musical compositions to build and deploy the same AI systems constitutes copyright infringement and is not fair use. That some plaintiffs (all affiliated with the Publishers in *Concord I*) and two individual Anthropic executives (both of whom were deposed and document custodians in *Concord I*) are named only in *Concord II* does not make these cases unrelated. Indeed, courts in this district routinely relate cases where the principal corporate defendant and operative conduct overlap, even if individual actors differ. *See Pepper v. Apple Inc.*, 2019 WL 4783951 at *1 (N.D. Cal. Aug. 22, 2019) (finding cases related where "the defendant in all three cases is the same" and noting that "[a]lthough plaintiffs' relationships to defendant differ, the alleged breakdown in those relationships, which form the bases of plaintiffs' complaints, center around the same technology and economic structures") (alterations adopted); *see also Feng v. Alta Bates Summit Medical Center*, 2025 WL 3179699 at *2 (N.D. Cal. Oct. 10, 2025) (finding cases related where the new complaint "repeat[ed] the claims against" defendants from the related case and "include[d] new defendants").

**Second**, given the substantial similarities between *Concord I* and *Concord II*, "an unduly burdensome duplication of labor and expense or conflicting results" is likely to occur should different judges conduct these cases. Civ. L.R. 3-12(a)(2). This Court is already deeply familiar with the key legal and highly technical factual issues in both cases. While the addition of a distinct claim focused on the alleged method of acquisition may introduce distinct legal questions, *Concord II* will inevitably require adjudication of some of the same background issues *Concord I* is already in the late stages of adjudicating, including, for example, (1) whether the ingestion and use of copyrighted materials for AI training is fair use, (2) whether Anthropic can be held directly liable for outputs generated by third parties, (3) whether Anthropic can be held vicariously liable for outputs generated by third parties, (4) whether Anthropic can be held contributorily liable for outputs created by third parties, and (5) whether any of Anthropic's alleged acts satisfies Publishers' claims under the Digital Millenium Copyright Act. This Court is scheduled to receive fully briefed dispositive motions likely to address some if not all of these issues by May 11, 2026. Dkt. 416 at 1. Moreover, insofar as the parties raise *Daubert* challenges to the expert analyses, the Court will resolve those motions and

1  address methodological challenges, which may inform or overlap with expert discovery issues in
2  *Concord II*. Assigning *Concord II* to a different judge would result in duplicative judicial labor as
3  a new judge would need to absorb the same extensive factual, technological, and legal background
4  this Court has already grappled with, and risks inconsistent rulings on highly-overlapping disputes
5  between the same core parties. Moreover, the parties' positions and arguments in *Concord I* will
6  inevitably bear on *Concord II*. Because this Court will have presided over those issues, this Court
7  will be uniquely equipped to resolve any disputes arising from them efficiently and consistently.

8        There will also be substantial discovery efficiencies if the Court were to relate the cases and
9  refer discovery to Judge van Keulen. Even with the torrenting-specific allegations and additional
10 works-in-suit, discovery will overlap. Much of the discovery in *Concord I* relating to, for example,
11 Anthropic's model training, data acquisition and licensing, and guardrails will overlap with, and in
12 turn streamline, discovery in *Concord II*. Where there is a need for additional discovery, the process
13 will substantially be streamlined by assignment to the same judges who oversaw the discovery
14 process in *Concord I*. For instance, many of the same issues are likely to come up for the expanded
15 set of works in suit. And where there is a need to address prompt-and-output sampling, parameters
16 for inspection of the training corpus, and the Publishers' own prompts-and-outputs, the parties and
17 Judge van Keulen have a substantial history and background from which to resolve any follow-on
18 disputes that may arise. Coordinated case management is even more critical as both actions will
19 require the Court to apply the same legal standards and technical analyses to a broader evidentiary
20 record.

21       Because of the significant overlap between *Concord I* and *Concord II*, and because this
22 Court is already familiar with—and will soon oversee summary judgment on—many of the legal
23 and factual issues implicated in both cases, Anthropic respectfully requests that the Court enter an
24 order designating *Concord I* and *Concord II* as related.

26 Date: February 6, 2026                    /s/ *Sonal N. Mehta*
27                                              SONAL N. MEHTA (SBN 222086)
                                             sonal.mehta@wilmerhale.com
28                                              **WILMER CUTLER PICKERING**
                                             **HALE AND DORR LLP**

2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH (SBN 323952)
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

JARED V. GRUBOW (*Pro Hac Vice*)
jared.grubow@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
250 Greenwich St
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant*
**ANTHROPIC PBC**

DEFENDANT'S RESP. TO ADMIN. MOTION TO RELATE    - 4 -    Case No. 5:24-cv-03811-EKL-SVK