Benjamin S. Akley (State Bar No. 278506)
bakley@pryorcashman.com
**PRYOR CASHMAN LLP**
1901 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 683-6900

Frank P. Scibilia (admitted *pro hac vice*)
fscibilia@pryorcashman.com
Joshua Weigensberg (admitted *pro hac vice*)
jweigensberg@pryorcashman.com
Nathaniel Kazlow (*pro hac vice* admission pending)
nkazlow@pryorcashman.com
**PRYOR CASHMAN LLP**
7 Times Square, 40th Floor
New York, NY 10036
(212) 421-4100

*Counsel for below-identified Amici*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case Number: 5:24-cv-03811-EKL-SVK<br><br>Hon. Eumi K. Lee<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br><u>**Hearing:**</u><br>**Date:** July 15, 2026<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 7 |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 15, 2026, at 10:00 a.m., before United States District Judge Eumi K. Lee, in Courtroom 7 on the 4th Floor of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, *amici curiae* the Recording Industry Association of America ("RIAA"), National Music Publishers' Association ("NMPA"), American Association of Independent Music ("A2IM"), SoundExchange, Inc. ("SoundExchange"), Songwriters of North America ("SONA"), Black Music Action Coalition ("BMAC"), Music Artists Coalition ("MAC"), and Artist Rights Alliance ("ARA") (collectively, "Amici") will and hereby do move, pursuant to Fed. R. Civ. P. 7(b) and Local Rules 7-1 and 7-2, for leave to file a brief (the "Brief") in support of the plaintiffs' ("Plaintiffs'") motion for partial summary judgment filed in this Court on March 23, 2026 ("Plaintiffs' SJ Motion," ECF No. 594 *et seq.*).  The Brief is annexed to this motion (the "Motion") as Exhibit A and, should this Motion be granted, Amici request that the Brief be deemed to have been filed as of the date of this Motion (March 30, 2026) by virtue of its inclusion herewith. Counsel for Amici conferred with counsel for the parties regarding this Motion.  Counsel for Plaintiffs consented to the filing and counsel for Anthropic takes no position as to the Motion.

Amici are trade groups representing hundreds of owners and creators of valuable copyrighted content.  Amici respectfully submit that the Brief will be useful to the Court's evaluation of the issues raised by the Plaintiffs' SJ Motion because, among other things, the Brief will provide the Court with critical market and industry context that may aid the Court's anticipated application of the fourth factor of the fair use test.  The Brief demonstrates how the unlicensed copying of protected works by generative AI developers such as Defendant Anthropic PBC ("Anthropic") into their generative AI systems harms the creators of those works because the copying results in the proliferation of content that substitutes for those works.  It also threatens an existing, not hypothetical, market to license works for copying in AI "training."  The Brief notes that, unlike Anthropic, many AI companies are obtaining licenses from copyright owners to copy their works for "training" purposes, and that the music industry has a robust infrastructure in place to facilitate the licensing of large catalogs of music-related content to large technology companies for such purposes.

Case No. 5:24-cv-3811-EKL-SVK
Notice of Motion and Motion for Leave to File Amicus Brief

This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; and all documents on file in this action.

Dated: March 30, 2026          Respectfully submitted,

**PRYOR CASHMAN LLP**

*s/ Benjamin S. Akley*
Benjamin S. Akley (State Bar No. 278506)
1901 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 683-6900
bakley@pryorcashman.com

Frank P. Scibilia (admitted *pro hac vice*)
Joshua Weigensberg (admitted *pro hac vice*)
Nathaniel Kazlow (*pro hac vice* admission pending)
7 Times Square, 40th Floor
New York, NY 10036
(212) 421-4100
fscibilia@pryorcashman.com
jweigensberg@pryorcashman.com
nkazlow@pryorcashman.com

*Counsel for Amici*

Case No. 5:24-cv-3811-EKL-SVK
Notice of Motion and Motion for Leave to File Amicus Brief

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 7(b) and Local Rules 7-1 and 7-2, Amici respectfully submit this memorandum of points and authorities in support of their Motion.[1]

## INTERESTS OF *AMICI CURIAE*

Amici are trade groups representing owners and authors of some of this country's most valuable creative content. Many of Amici have previously submitted comments to the U.S. Copyright Office on artificial intelligence ("AI") issues, and many are members of the Human Artistry Campaign. *See* https://www.humanartistrycampaign.com.

RIAA is a nonprofit trade organization that supports and promotes the creative and financial vitality of recorded music and the people and companies that create it. RIAA's several hundred members – ranging from major American music companies with global reach to artist-owned labels and small businesses – make up this country's most vibrant and innovative music community. RIAA's members create, manufacture, and/or distribute sound recordings representing the majority of all legitimate recorded music consumption in the U.S., and own the copyrights and/or other exclusive rights in sound recordings embodying the performances of some of the most popular and successful recording artists of all time. RIAA has been actively involved in representing the interests of its members as they relate to AI issues.

NMPA is the principal trade association representing the U.S. music publishing and songwriting industry. NMPA's membership includes publishers of all sizes, from "major" music publishers to independently owned and operated publishers, who represent musical works of all genres. Taken together, compositions owned or controlled by NMPA's hundreds of members account for the vast majority of musical compositions licensed for commercial use in the U.S. NMPA has been actively engaged in the conversation around generative AI and its relationship with, and impact on, the

---

[1] No counsel for any party authored the Motion, this Memorandum of Points and Authorities, the Brief, or any other submission being made herein on behalf of Amici, whether in whole or in part, and no entity or person other than Amici, their members, or their counsel made any monetary contribution intended to fund the preparation or submission of this brief. Certain of the plaintiff music publishers in this lawsuit are among the members (or affiliates of such members) of Amici NMPA and RIAA, each of whom also represents the interests of hundreds of other companies in the music industry.

creative economy, and has participated in numerous panels, roundtables and other industry discussions.

A2IM is a 501(c)(6) not-for-profit trade organization headquartered in New York City that exists to support and strengthen the independent recorded music sector and the value of recorded music copyrights. Membership currently includes a broad coalition of hundreds of independently owned American music labels. A2IM represents these small and medium-sized enterprises' interests in the marketplace, in the media, on Capitol Hill, and as part of the global music community. In doing so, it supports a key segment of America's creative class that represents America's diverse musical and cultural heritage. Billboard Magazine identified the independent music label sector as over 40% of the music industry's global recorded music revenue in 2020 based on copyright ownership.

SoundExchange is a nonprofit collective management organization that offers a broad range of services for music creators. Its core purpose is to administer the statutory sound recording license set forth in 17 U.S.C. §§ 112 and 114. SoundExchange represents the interests of recording artists and sound recording copyright owners equally, providing a vital source of income and support for recording artists and the companies that represent them in enriching our culture and legacy of world class recorded music.

SONA is a membership-based advocacy organization formed by and for professional songwriters in 2015. SONA advocates on behalf of songwriters' interests before legislative bodies, administrative agencies, and the courts. SONA is an open and diverse community that unites enthusiastic music creators and thoughtful business leaders to create a unified voice to protect artistic expression, compensation, and the rights of songwriters in North America. Regarding AI, SONA represented its members by participating in the recent U.S. Copyright Office Listening Sessions and continues to advocate for and educate songwriters about AI developments.

BMAC works to create a unified force of action for racial equity and justice within the music industry and to use the power of its collective voice to improve communities and drive systemic change. BMAC advocates on behalf of Black artists, songwriters, producers, managers, agents, executives, and lawyers to create access, equity and opportunity for Black artists and industry professionals. BMAC works together with business leaders to hold companies accountable and ensure change takes root.

Case No. 5:24-cv-3811-EKL-SVK
Notice of Motion and Motion for Leave to File Amicus Brief

BMAC works to drive policy change around social and racial justice and protection of artists with a focus on causes that directly impact Black people and Black communities.  Regarding AI, BMAC advocates on behalf of a network of music managers, entertainment attorneys, and Black creatives, and participated in the U.S. Copyright Office's Listening Sessions.  In its ongoing fight for economic justice, AI is at the forefront of BMAC's agenda.

MAC was founded by music creators and industry leaders to advocate on pressing topics that impact music creators.  MAC represents artists' and songwriters' interests without compromise because music creators should be driving the conversation about the issues that shape their lives.  MAC believes artists should have the opportunity to decide how best to protect the fate of their music, and that the advancement of AI can be a benefit to music creators and music lovers, but only if properly regulated so that artists' interests are protected.

ARA is an artist-run, non-profit organization fighting for the rights of working musicians in the modern music economy. Co-founded by a group of dedicated artists including GRAMMY winner Rosanne Cash, ARA's Board of Directors includes award-winning producer/songwriter/engineer Ivan Barias, music manager Thomas Manzi, John McCrea of CAKE, critically acclaimed singer/songwriter Tift Merritt, guitar innovator Matthew Montfort, and Indie label executive and musician Maggie Vail.

## **PROCEDURAL HISTORY**

Pursuant to a stipulation between the parties, this Court ordered that *amici curiae* motions for leave to file briefs in support of Plaintiffs' SJ Motion be filed, together with the proposed briefs, by no later than March 30, 2026 (ECF No. 592).  In this Motion, Amici seek leave from this Court to submit their Brief, annexed to this Motion as Exhibit A, in support of Plaintiffs' SJ Motion filed in this Court on March 23, 2026.

Amici RIAA, NMPA, A2IM, SONA, BMAC, MAC, and ARA previously were granted leave to file, and did file, an *amici curiae* brief (ECF No. 193-1) in support of Plaintiffs' motion for a preliminary injunction (ECF No. 179 *et seq.*).

Case No. 5:24-cv-3811-EKL-SVK
Notice of Motion and Motion for Leave to File Amicus Brief

**<u>ARGUMENT</u>**

The decision of whether to permit an *amicus* brief rests within the "broad discretion" of the Court. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). As this Court has observed, "Amici need show only that their participation is useful to the court" to be permitted to participate. *NetChoice, LLC v. Bonta*, No. 22-cv-08861-BLF, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023); *see also, e.g.*, *California ex rel. Becerra v. United States Dep't of the Interior* (*Becerra*), 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) ("There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court.").

*Amicus* briefs can be valuable to the courts by, for example, "round[ing] out the arguments presented by the parties," *NetChoice, LLC*, 2023 WL 6131619, at *1, or by "amplif[ying] a number of points raised in parties' papers," *Becerra*, 381 F. Supp. 3d at 1164. They can also be useful by "collect[ing] background or factual references," or "explain[ing] the impact a potential holding might have on an industry or other group," *Neonatology Assocs., P.A., v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.); *see also New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1176 (10th Cir. 2021) (granting leave to file *amicus* briefs that addressed the impact of jurisprudence on an industry and "provide[d] more information about the Defendants' practices").

Amici respectfully submit that the Brief they hereby seek leave to file does all of those things, and is useful to the Court's consideration of the issues raised by Plaintiffs' SJ Motion. Amici are trade groups who represent hundreds of owners and creators of valuable copyrighted content in the music industry, and in their brief Amici provide market context and industry experience showing how the unlicensed copying of copyrighted works by generative AI developers such as Anthropic harms the potential market for and value of those works under the fourth fair use factor. Such unlicensed copying results in the proliferation of content that substitutes for those works. And it threatens an existing, not hypothetical, market to license works for copying in AI "training." The music industry has a robust

4

infrastructure in place to facilitate the licensing of large catalogs of music-related content for such purposes and, in fact, there have been numerous high-profile agreements licensing copyrighted works to technology companies operating in the very same AI space as Anthropic.  In other words, Anthropic's competitors are licensing copyrighted content, including music, for use in their AI products, and Anthropic's failure to do so threatens to destroy future licensing opportunities for creators.

While no Federal Rule of Civil Procedure or Local Rule addresses *amicus* briefs, this Court previously granted many of the same Amici—RIAA, NMPA, A2IM, SONA, BMAC, MAC, and ARA —leave to file an *amicus* brief in this case in support of Plaintiff's motion for a preliminary injunction. (ECF No. 257.)  This Court has also granted leave to file *amicus* briefs in other cases involving technology and intellectual property law issues.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No.: 11-CV-01846-LHK, 2011 WL 13391030, at *1 (N.D. Cal. Sept. 30, 2011) (accepting *amicus* briefs related to preliminary injunction motion); *Infineon Techs. N. Am. Corp. v. Mosaid Techs., Inc.*, No. C 02–5772 JF(RS), 2006 WL 3050849, at *3 (N.D. Cal. Oct. 23, 2006).  It has accepted *amicus* briefs in numerous other cases as well.  *See e.g.*, *Becerra*, 381 F. Supp. 3d at 1164; *NetChoice, LLC*, 2023 WL 6131619, at *1 (accepting amicus briefs related to preliminary injunction motion); *Oakley v. Devos*, No.20-cv-03215-YGR, 2020 WL 3268661, at *18 n.34 (N. D. Cal. June 17, 2020) (same); *Inst. Of Med. Educ., Inc. v. W. Ass'n of Schs. & Colls.*, No.: 11–CV–05755–LHK, 2013 WL 6672443, at *3 n.1 (N.D. Cal. Dec. 18, 2013).  Amici respectfully request that their Brief should likewise be accepted in this instance.

**<u>CONCLUSION</u>**

For the foregoing reasons, Amici respectfully submit that their Brief (annexed hereto as Exhibit A) will be useful to the Court and request that the Court grant their Motion.  Amici welcome the opportunity to give voice to thousands of creators and copyright owners who reject Anthropic's practices, and hope that this Court will recognize that Anthropic's rampant, unlicensed copying of valuable music content causes real-world market harm and is not fair use.

5

Dated: March 30, 2026

Respectfully submitted,

**PRYOR CASHMAN LLP**

s/ *Benjamin S. Akley*

Benjamin S. Akley (State Bar No. 278506)
1901 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 683-6900
bakley@pryorcashman.com

Frank P. Scibilia (admitted *pro hac vice*)
Joshua Weigensberg (admitted *pro hac vice*)
Nathaniel Kazlow (*pro hac vice* admission pending)
7 Times Square, 40th Floor
New York, NY 10036
(212) 421-4100
fscibilia@pryorcashman.com
jweigensberg@pryorcashman.com
nkazlow@pryorcashman.com

*Counsel for Amici*

6

Case No. 5:24-cv-3811-EKL-SVK
Notice of Motion and Motion for Leave to File Amicus Brief

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send Notices of Electronic Filing to all counsel of record.

*s/ Benjamin S. Akley*
Benjamin S. Akley

Case No. 5:24-cv-3811-EKL-SVK
Notice of Motion and Motion for Leave to File Amicus Brief