**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., | Case Number: 5:24-cv-03811-EKL-SVK |
| Plaintiffs, | **PLAINTFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY EXCLUDE THE OPINIONS OF DR. JEFFREY BILMES** |
| v. | **REDACTED** |
| ANTHROPIC PBC, | Judge Eumi K. Lee |
| Defendant. | Magistrate Judge Susan van Keulen<br>Hearing Date: July 15, 2026, 10:00 am<br>Courtroom: 7 |

**CERTIFICATION OF COMPLIANCE WITH CIVIL STANDING ORDER SEC. VIII.A**

Pursuant to Sec. VIII.A of the Court's Civil Standing Order, the undersigned counsel certifies that Publishers' counsel met and conferred with Anthropic's counsel by videoconference on March 24, 2026 and by email to discuss the bases for this Motion in an effort to resolve or narrow disputed issues where possible to reduce motion practice.

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ............................................................................. 1

STATEMENT OF RELIEF ............................................................................................... 1

BACKGROUND ............................................................................................................... 1

LEGAL STANDARD ....................................................................................................... 3

ARGUMENT ..................................................................................................................... 3

    I.    The Court Should Exclude Dr. Bilmes' Unreliable Opinions ████████████ ███████████████████████ ............................................................................ 3

    II.   Dr. Bilmes Should Be Precluded from Opining that ███████████████ ███████████████████. ................................................................................ 6

    III.  The Court Should Exclude Opinions on ██████████████████████ ███████████ as Impermissible Legal Opinion. ................................................. 7

    IV.   The Court Should Exclude All Opinions Relying on Unsworn Hearsay Testimony ...... 9

CONCLUSION ................................................................................................................ 10

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2026, at 10:00 am (*see* ECF No. 587), or as soon thereafter as this matter may be heard, before the Honorable Eumi K. Lee, District Judge, U.S. District Court for the Northern District of California, in Courtroom 7 – 4th Floor, 280 South 1st Street, San Jose, CA 95113, Plaintiffs Concord Music Group, Inc., Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music - MGB NA LLC, Polygram Publishing, Inc., Universal Music - Z Tunes LLC, and ABKCO Music, Inc. (collectively, "Publishers") will and hereby do respectfully move this Court for an order excluding the opinions of Defendant Anthropic PBC's ("Anthropic") expert witness, Dr. Jeffrey Bilmes as unreliable, not likely to aid the factfinder in assessing the relevant issues in this case, and otherwise improper.

## STATEMENT OF RELIEF

Dr. Jeffrey Bilmes is a technical expert with no expertise in copyright law, yet he offers unreliable and prejudicial testimony ███████████████████████████████████████ ██████████████████████████████████████, all while regurgitating lay witness testimony as fact without applying any expert analysis. Plaintiffs respectfully request the Court exclude Dr. Bilmes's opinions and all related testimony: ████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████.

## BACKGROUND

Dr. Jeffrey Bilmes is a Professor of Electrical & Computer Engineering tasked with "████████████████████████████████████████████████████ ███████████████████████████████ Decl. of Timothy Chung in Supp. Of Pls' Mot. to Exclude the Opinions of Jeffrey Bilmes, Ph.D. ("Chung Decl."), Ex. A ¶ 2, Expert Report of Jeffrey Bilmes, PhD., Dec. 19, 2025 ("Rpt."). Dr. Bilmes also submitted a Rebuttal Expert Report (Jan. 23, 2026) ("Rebuttal"), attached as Ex. B to the Chung Decl., and a Reply Expert Report (Feb. 13, 2026)

("Reply"), attached as Ex. C to the Chung Decl. As relevant here, his opening report includes the following opinions:

**First**, Dr. Bilmes opines Anthropic ███████████████ Rpt. ¶ 117. ████████████

███████████████████████████

███████████████████████████

*See id.* ¶¶ 115, 120. Dr. Bilmes opines ████████████

███████████████████████████

███████████████████████████

████████ *Id.* ¶ 312. However, Dr. Bilmes admits that ████████████

████████" Chung Decl. Ex. D, Bilmes Dep. Tr. 140:1–21 ("Dep. Tr."), ████████

██████████████████, *id.* 143:23–145:22. Dr. Bilmes also

███████████████████████████

███████████████████████████

████████████ *Id.* 131:8–132:13. Dr. Bilmes nonetheless ████████

███████████████████████████

███████████████████████████

███████████████████████████

████████████████ *Id.* 154:19–21.

**Second**, Dr. Bilmes ████████████████████████

███████████████████████████

████████████████████." Rpt. ¶ 18. Dr. Bilmes also claims his

███████████████████████████

███████████████████████████

████████████████. *Id.* ¶ 306 & n.580.

**Finally**, Dr. Bilmes concludes that "███████████████

███████████████████████████

███████████████████████████



*Id.* ¶ 17 (emphasis added). Dr. Bilmes also suggests ██████ ” *Id.* From Anthropic's counsel, Dr. Bilmes █████ ███████ Dep. Tr. 24:13–16. Nonetheless, under this legal definition, ████ *See* Rpt. ¶¶ 17, 286–300. Dr. Bilmes later attempts to walk back many of these statements during his deposition, claiming ████ Dep. Tr. 164:23–165:2, and ████

## LEGAL STANDARD

Expert testimony is admissible under Federal Rule of Evidence 702 where "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," and the testimony is sufficiently reliable. The court acts as a gatekeeper for such testimony, "ensur[ing] that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Generally, expert opinion is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry, *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025), and carries "sufficient indicia of reliability." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). There is no presumption in favor of admission. *Engilis*, 151 F.4th at 1049.

## ARGUMENT

I.   **The Court Should Exclude Dr. Bilmes' Unreliable Opinions** ████ ██████

Dr. Bilmes's expert ████████████ is neither reliable nor assistive to the trier of fact under Rule 702. Accordingly, the Court should exclude Dr.

Bilmes's █████████████████████████████████████████

████████████████████████████████████████████████

**First,** Dr. Bilmes' opinion regarding Anthropic's ██████████████ is unreliable

because he ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ . Dep. Tr. 140:1–21.

████████████████████████████████████████████████

████████ . *Id.* 140:23–145:22.

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████ *Id.* 156:8–157:17. To the contrary, Dr. Bilmes ***specifically disclaimed***

the need ████████████████████████████████████████

████████████████████████ Dep. Tr. 140:18–21, 143:23–145:22.

Despite this, Dr. Bilmes asserts ████████████████████

████████████████████████████████████████████████

████████████ Rpt. ¶¶ 117–118, and that ██████████████

███████████████████████████████████ *id.* ¶ 294 n.547. But

because Dr. Bilmes "did not do any independent analysis to arrive at [these conclusions]" his

opinions are "unreliable" and should be excluded. *Howard v. Tanium, Inc.*, 2025 WL 1906659, at

*3 (N.D. Cal. July 10, 2025). In fact, when asked how he ████████████████

███████████████████████—an opinion he offered for the

first time at deposition—Dr. Bilmes ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████ Dep. Tr. 153:7–156:7. But Dr. Bilmes's general experience

is not reliable testimony, where such general experience is "not replicable or testable in any

meaningful way." *Lin v. Solta Med., Inc.*, 2024 WL 5199905, at *10 (N.D. Cal. Dec. 23, 2024).



*Second,* in lieu of applying any methodologies to ████████████████ ████████████████████████ Dr. Bilmes instead parrots testimony from Anthropic's employees without applying any relevant expertise or analysis as to those statements. Because Dr. Bilmes's opinions "amount to nothing more than his summary of the depositions or the documents without applying any 'reliable principles and methods,'" they must be excluded. *Cisco Sys. Inc. v. Arista Networks, Inc.*, 2016 WL 11752975, at *5 (N.D. Cal. Nov. 16, 2016).

For example, Dr. Bilmes supports his bald assertion that Anthropic uses ███████ ████████████████████████████████████████████ ████████████████████████████ Rpt. ¶ 117, with a singular citation to Anthropic employee Dawn Drain's deposition statements that ████████████████████████ ██████████████████████████ *Id.* ¶ 117 n.230. The same is true where he asserts "████████████████████████████████████ ████████████████████ *id.* ¶ 312, which he buoys with paraphrased citations to Anthropic's discovery responses and deposition testimony of Drain and Anthropic co-founder Ben Mann stating the same. *See id.* ¶¶ 117, 312 & n.588; *see also* Rebuttal ¶ 21 n.84 ████████ ████████████████████████) citing Rpt. ¶¶ 113–114, 117); Rebuttal ¶ 30 (("████████████████████████████ ████████████████ citing Rpt. ¶¶ 118–119; Drain Dep. Tr. 98:14–98:24; *id.* at 96:16–97:6; Anthropic_0000343002)); Reply ¶ 188 ████████████████ ████████████████████ (citing Rebuttal ¶ 21 n.84; Rpt. ¶¶ 113–114, 117)).

At no point does Dr. Bilmes apply any expertise to confirm the truth of the statements given by Anthropic's lay witnesses, discovery responses, or documents. Dr. Bilmes instead simply assumes their truth and rephrases it as expert-endorsed fact. When ████████████████ ██████████████████████████████ he declared he ████████████ ████████████████████████████████████████████████ ████████ Dep. Tr. 131:8–132:13. This is insufficient under Rule 702, as "[s]imply parroting this testimony, or deciding that it is credible, usurps the jury's function in assessing testimony from a

fact witness and does not constitute a reliable methodology." *Lin v. Solta Med., Inc.*, 2024 WL 5199905, at *10 (N.D. Cal. Dec. 23, 2024). Accordingly, Dr. Bilmes's testimony concerning the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should be excluded.

**II.    Dr. Bilmes Should Be Precluded from Opining that** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dr. Bilmes's opinion that Publishers' lyrics ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Rpt. ¶ 18, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *id.* Section VII.A., should be excluded as misleading to the trier of fact, unreliable, and legally irrelevant.

Throughout his reports, Dr. Bilmes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.,* Rpt. ¶¶ 301–310; Rebuttal ¶¶ 10.c, 56; Reply ¶¶ 71–78, 219, 222, 259. Testimony from Dr. Bilmes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.,* Rpt. ¶¶ 308–310. But at deposition, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Dep. Tr. 241:10–245:14. Rather than limiting himself to technical descriptions, Dr. Bilmes extensively ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dr. Bilmes' methodology is also unreliable. Dr. Bilmes conflates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Rpt. ¶ 306 Table 3[e] & n.580. He claims that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

█████████████████████████

█████████████████████████

█████████ Rpt. ¶ 306. This assertion is methodologically unsound; Dr. Bilmes offers no explanation as to why █████████████████████████████████████████████████████████████████████████████████ Finally, Dr. Bilmes's opinion that ████████ ██████ Courts have rejected the argument that █████████████████ ████████████ See Associated Press v. Meltwater U.S. Holdings, Inc., 931 F. Supp. 2d 537, 563 (S.D.N.Y. 2013) ("there is no fair inference, based simply on the absence of the robots.txt protocol, that there has been a meeting of the minds between the copyright owner and the owner of the web crawler about the extent of copying"); Tamburo v. Dworkin, 974 F. Supp. 2d 1199, 1216 (N.D. Ill. 2013) ("the failure to use the robots.txt protocol is not evidence that [website owner] knew that [crawler owner] was allowed to copy her data").

Anthropic makes no allegation that it ███████████████████████████████████ ████████████████████████████████████████████████████████████ Accordingly, Dr. Bilmes's testimony that ████████████████████ is legally irrelevant and should be excluded.

**III.     The Court Should Exclude Opinions on ████████████████ ██████████████████ as Impermissible Legal Opinion.**

Dr. Blimes's opinion that ██████████████████████████████ is an improper legal opinion. It is axiomatic that "an expert witness cannot give an opinion . . . on an ultimate issue of law[.]" *Laatz v. Zazzle, Inc.*, 2025 WL 3205586, at *4 (N.D. Cal. Nov. 17, 2025) (quotations and citations omitted). An expert's legal opinion is not admissible if it "would not aid the district court in finding *facts*." *United States SEC v. Barry*, 146 F.4th 1242, 1262 (9th Cir. 2025) (emphasis added) (affirming exclusion of expert witness offering a legal interpretation) (citing

*Aguilar v. Int'l Longshoreme's Union Loc. No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (explaining "matters of law for the court's determination" are "inappropriate subjects for expert testimony")).

██████████ is a legal, not factual, concept. It is "judicially created." *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1157 (9th Cir. 2022). Some "kind[s] of creativity merit[] protection from the ordinary strictures of copyright law [and] [f]or decades, **courts** have used the concept of 'transformation' to define and identify that creativity in fair use cases." *Id* (emphasis added). The Supreme Court has made clear that "the ultimate 'fair use' question primarily involves legal work." *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 24 (2021). "[W]hich way in the fair use analysis [a factor] points in a particular case, and by how much, is a legal question." 42 F.4th at 1158.

Dr. Bilmes's opinion that ███████████████████████ ██████ Rpt. ¶ 17; *see also id.* ¶¶ 286–300, clearly crosses this line. Dr. Bilmes bases that opinion on his understanding ███████████████████████ ███████████████████████ ████████ *Id.* ¶ 286. Such opinions constitute impermissible testimony on the legal issue of the ███████████████████████. Further, permitting Dr. Bilmes to testify on this topic will grant "unmerited credibility" to testimony that is "likely to carry special weight with the jury." *United States v. Gadson*, 763 F.3d 1189, 1212 (9th Cir. 2014).

Dr. Bilmes cannot salvage his opinion by ███████████████████████ ███████████. Dr. Bilmes' Reply ███████████████████████ ███████████████████ Reply ¶¶ 61–70. And at deposition, ████ ███████████████████████ Dep. Tr. 169:25–170:12. ████ ███████████████████████

These are transparent post-hoc band-aids to try to save his opinion only after inundating his reports ███████████████████████. But Dr. Bilmes cannot have it both ways. ███████████████████████ ███████████████████████ ███████████████████████

████████████████████ Moreover, if Dr. Bilmes is ████████████████████████ ████████████████████████████████████ Lay jurors are likely to be confused by Dr. Bilmes's use of this term and mistakenly believe his testimony speaks to ██████████████ ████████████████████████████████████ Since courts must "exerci[se] more control over experts than over lay witnesses" in weighing possible prejudice against probative force under Rule 403, *Daubert,* 509 U.S. at 595, Dr. Bilmes's opinions concerning "██████████" should be excluded.

**Second,** as part of ██████████████████ Dr. Bilmes ██████████████ ████████████████████████████ He has no qualifications to opine on that issue. ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████ and his conclusion is mere *ipse dixit* that must be excluded. *General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997) (court should exclude *ipse dixit* of the expert); *Stanley v. Novartis Pharms. Corp.,* 11 F. Supp. 3d 987, 995 (C.D. Cal. 2014) (opinions based "on unsubstantiated generalizations or opinions not derived by the scientific method must be excluded").

**Third,** Dr. Bilmes did not apply any relevant expertise on the issue ██████████ ████████████████████████████████████████ ██████ Rpt. ¶¶ 291–297, ██████████████████████████ ████████████████████████ See Rpt. ¶ 290 n.538 (██████████ ██████ *id.* ¶ 298 n.557; *id.* ¶ 299 n.559 (████████████████████████); *id.* ¶ 300 n.563 (██████████████████████ Expert opinions must be excluded where they "amount to nothing more than his summary of the depositions or the documents without applying any reliable principles and methods." *Cisco,* 2016 WL 11752975, at *5.

**IV.     The Court Should Exclude All Opinions Relying on Unsworn Hearsay Testimony**

Dr. Bilmes relies on—without applying independent analysis or expertise—a series of ████████████████████████████████████████ ████████████████████████████████████████



*See, e.g.,* Rpt. ¶¶ 234 & n.432, 251 & n.469

██████████ Rebuttal ¶¶ 10.e n.7, 101 n.336 ██████████

██████████ *id.* ¶¶ 113 n.377, 115 n.379, 282 n.649 ██████████

██████████ Reply ¶¶ 83 n.288, 134 n.372 ██████████

██████████

██████████ But "expert witnesses may not simply repeat hearsay without 'bring[ing] their expertise to bear' on it." *Caldwell v. City of San Francisco*, 2021 WL 1391464, at *5 (N.D. Cal. Apr. 13, 2021) (quoting *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013)).

All of these conversations are unsworn hearsay statements that Publishers have not had the opportunity to investigate, and for which there are no transcripts. Experts may rely on hearsay if it is of a type reasonably relied on by experts in the field. Fed. R. Evid. 703. Nevertheless, the expert's opinion must still be based on reliable methods and sound science, not merely act as a conduit for another person's hearsay opinion. *United States v. Nelson*, 2021 WL 75757 at * 15–16 (N.D. Cal., Jan 8, 2021). That is particularly true where the expert "does no more than regurgitate information given to him by other sources (including self-serving assertions by the defendant[])." *Dep't of Toxic Substances Control v. Technichem, Inc.*, 2016 WL 1029463, at *1 (N.D. Cal. Mar. 15, 2016). Here, Dr. Bilmes ██████████

██████████

██████████ Rebuttal ¶¶ 107–109 nn.359–367. ██

██████████

██████████

██████████

██████████

This is improper. Experts cannot serve as a backdoor for improper fact-witness hearsay testimony.

## CONCLUSION

For the foregoing reasons, Publishers respectfully request that the Court exclude the foregoing opinions and related testimony of Dr. Bilmes.

Dated: March 31, 2026

Respectfully submitted,

/s/ Timothy Chung

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

*Attorneys for Plaintiffs*