**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

*Attorneys for Plaintiffs*

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case Number: 5:24-cv-03811-EKL-SVK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY EXCLUDE THE OPINIONS OF JULIE DAVIS**<br><br>**REDACTED**<br><br>Judge Eumi K. Lee<br>Magistrate Judge Susan van Keulen<br>Hearing Date: July 15, 2026, 10:00 am<br>Courtroom: 7 |

## CERTIFICATION OF COMPLIANCE WITH CIVIL STANDING ORDER SEC. VIII.A

Pursuant to Sec. VIII.A of the Court's Civil Standing Order, the undersigned counsel certifies that Publishers' counsel met and conferred with Anthropic's counsel by videoconference on March 24, 2026 and by email to discuss the bases for this Motion in an effort to resolve or narrow disputed issues where possible to reduce motion practice.

**TABLE OF CONTENTS**

STATEMENT OF RELIEF ................................................................................................ 1

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 2

ARGUMENT ................................................................................................................. 3

    I.    Ms. Davis Lacks the Expertise Needed to Justify ███████████████████████, which Amounts to Basic Arithmetic and Disguised Legal Argument. ...................................... 3

    II.   Ms. Davis Is Unqualified to Offer Her ███████████████████, and Merely Regurgitates Record Evidence. ............................................................................................. 5

    III.   Ms. Davis' Opinion that ████████████████████ ██████████ Should be Excluded. ................................................................ 7

    IV.   Ms. Davis Should Be Precluded from ██████████████████ ██████████ ................................................................................. 10

CONCLUSION ............................................................................................................. 10

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2026, at 10:00 am (*see* ECF No. 587), or as soon thereafter as this matter may be heard, before the Honorable Eumi K. Lee, District Judge, U.S. District Court for the Northern District of California, in Courtroom 7 – 4th Floor, 280 South 1st Street, San Jose, CA 95113, Plaintiffs Concord Music Group, Inc., Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music - MGB NA LLC, Polygram Publishing, Inc., Universal Music - Z Tunes LLC, and ABKCO Music, Inc. (collectively, "Publishers") will and hereby do respectfully move this Court for an order partially excluding the opinions of Defendant Anthropic PBC's ("Anthropic") expert witness, Ms. Julie Davis, as unreliable, not likely to aid the factfinder in assessing the relevant issues in this case, and otherwise improper.

## STATEMENT OF RELIEF

Publishers respectfully request that the Court exclude Ms. Julie Davis's opinions and all related testimony regarding: (i) ███████████████████; (ii) ███████████████ ; and (iii) ████████████████████████

## INTRODUCTION

Anthropic's damages expert, Ms. Julie Davis, does nothing more in this case than apply an expert's gloss to basic arithmetic and legal arguments from counsel. Three of her opinions stand out as particularly improper. *First*, she lacks the relevant expertise necessary to justify ████

Excluding the foregoing opinions and related testimony will not prevent Anthropic from presenting any of the evidence or theories Ms. Davis advances, but failing to do so will grant an "unmerited credibility" for lay testimony that is "likely to carry special weight with the jury." *United States v. Gadson*, 763 F.3d 1189, 1212 (9th Cir. 2014). The Court should exclude Ms. Davis's report and opinions under both Federal Rules of Evidence 702 and 403.

## BACKGROUND

Julie Davis, a certified public accountant and professional damages expert, opines



To

Decl. of Michelle Gomez-Reichman in Supp. of Pls.' Mot. to Exclude the Opinions of Julie Davis ("Gomez-Reichman Decl.") Ex. A at 43, Expert Report of Julie Davis (Dec. 19, 2025) ("Rpt."). Relying on

. Rpt. at 46. Ms. Davis also briefly discusses

*Id.* at 44–45. She also concludes that

Gomez-Reichman Decl. Ex. B at 27, Expert Rebuttal Report of Julie Davis (Jan. 23, 2026) ("Rebuttal").

Ms. Davis also purports to

████████████████████████████████████████████████████████████ ████████████████████████████████████ Rpt. at 48–52. Finally, Ms. Davis briefly discusses the ████████████████████████████████████. *Id.* at 53.

## LEGAL STANDARD

Expert testimony is admissible under Fed. R. Evid. 702 where "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," and the testimony is sufficiently reliable. Fed. R. Evid. 702. The court acts as a gatekeeper for such testimony, "ensur[ing] that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Generally, expert opinion "is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry," *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025) (quotations and citations omitted), and carries "sufficient indicia of reliability." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). There is no presumption in favor of admission. *Engilis*, 151 F.4th at 1049.

## ARGUMENT

I.    **Ms. Davis Lacks the Expertise Needed to Justify ██████████ ██████, which Amounts to Basic Arithmetic and Disguised Legal Argument.**

Ms. Davis did not use any "specialized knowledge" in ████████████ ████████████████████████████████████████, and she lacks the expertise necessary to explain ████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████████—an exercise a jury is perfectly capable of doing unassisted. *Waymo LLC v. Uber Tech., Inc.*, 2017 WL 5148390, at *5 (N.D Cal. Nov. 6, 2017); *accord Kim v. Benihana, Inc.*, 2022 WL 1601393, at *8 (C.D. Cal. Mar. 25, 2022) (relying on *Waymo* to exclude expert), *exclusion aff'd*, 2023 WL 3674673, at *1 (9th Cir. May 26, 2023).

Ms. Davis's calculations are no different than those excluded in *Waymo*, where the expert "simply multiplied" an input taken from another expert by a value taken from an internal Uber

slide deck. *See Waymo*, 2017 WL 5148390 at *2–*6. Such an opinion required exclusion because it "amounted to nothing more than uncritical acceptance of other evidence in the case, which can speak for itself, plus some basic arithmetic," and was therefore "not 'specialized knowledge' that [would] help the jury understand the evidence or determine a fact issue." *Id.* at *6. As such, the expert's "only contribution would be to pile on a misleading façade of expertise." *Id.* at *5.

Ms. Davis's ███████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████. Like the *Waymo* expert, Ms. Davis "brings no specialized knowledge to the table." *Id.* at *5. She is an accountant and professional damages expert with ████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████████. Gomez-Reichman Decl. Ex. D 65:14–66:6, Davis Dep. Tr. ("Dep. Tr."). Nor does Ms. Davis ████████████████████████ ████████████████████████████████████████████████ ██████████████" Dep. Tr. 137:12–16. ████████████████████ ████████████████████ Dep. Tr. 139:8–15. She cannot offer any insight based on "specialized knowledge" to explain why ████████████████████████ ███████████████. Take her █████████████████████████entage. *See* Rpt. at 42–45; Rebuttal at 3–15. Ms. Davis simply ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ *See* Dep. Tr. 145:21–146:1 ("████████████████████████████████"). To calculate her ██████████████████████████████████ ████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████ *See* Rpt. at 45–47; Rebuttal at 3–15. This is just simple arithmetic that does not require any specialized knowledge. Nor does Ms. Davis offer any expert analysis for why this arithmetic is appropriate.

The last step in Ms. Davis's ████████████ is likewise just simple arithmetic that does not require any specialized knowledge: she ████████████████████████ ████████████████████," *see* Rebuttal at 14–15, which she ████████████████████ ███████████████

Unable to explain ████████████████████ ████████, Ms. Davis is reduced to performing calculations that "grade-school arithmetic counsel can do on an easel." *Waymo LLC*, 2017 WL 5148390, at \*5. Such analysis amounts to "lawyer argument dressed up as expert opinion," *id.*, and creates a serious risk that Ms. Davis will be given "unmerited credibility" for lay testimony that is "likely to carry special weight with the jury." *Gadson*, 763 F.3d at 1212. Insofar as the testimony and other evidence in this case are appropriate barometers for ████████████████████ ████████████ that evidence "can speak for itself," which means Ms. Davis's "only contribution would be to pile on a misleading façade of expertise." *Waymo LLC*, 2017 WL 5148390, at \*5.

**II.    Ms. Davis Is Unqualified to Offer Her ████████████████, and Merely Regurgitates Record Evidence.**

Ms. Davis should be precluded from opining ████████████████ ████████████████ she lacks any relevant expertise and fails to do any analysis beyond regurgitating record evidence.

Ms. Davis lacks relevant expertise to opine ████████████████ Ms. Davis is not an economist, and despite her many decades of experience testifying as a hired expert, she has never opined on ████████████████████ ████████████ *See* Dep. Tr. 68:9–14. Ms. Davis also did not analyze ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████ . *See* Rpt. at 49–53; Rebuttal at 30–33.

"[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). The court's gatekeeping function requires more than "taking the expert's word for it." Fed. R. Evid. 702 Adv. Comm. Notes (2000 Amendment); *see also Siqueiros v. Gen. Motors, LLC*, 2022 WL 74182, at *9–10 (N.D. Cal. Jan. 7, 2022) (expert may not restate or summarize record evidence and then state a conclusion without applying a reliable methodology and which evinces expertise); *Cisco Sys. Inc. v. Arista Networks, Inc.*, 2016 WL 11752975, at *5 (N.D. Cal. Nov. 16, 2016) (excluding opinions where opinions amount to nothing more than a summary of documents).

But "*ipse dixit*" is all that Ms. Davis offers here. She makes no attempt to examine ████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████ . *See* Fed. R. Evid. 702 Advisory Committee Notes (2000 Amendment) (factors relevant in determining whether expert testimony is reliable include whether expert has adequately accounted for obvious alternative explanations). For example, with respect to Plaintiff UMPG, Ms. Davis observes that ████████ ████████████████████████████████ Rpt. at 50. From this, she summarily concludes that ████████████████████████████ ████████████████████████████ *Id.* But she does so without analyzing ██████████████████████████████ ████████████████████████

Ms. Davis further exposes her lack of expertise and reliable methodology where she shoehorns in a paragraph about the ████████████████████

███████████████ Rpt. at 53. Ms. Davis offers no analysis to support ████████████████████, again merely regurgitating record evidence. Indeed, during her deposition she admitted that she has no expertise with respect to ███████████████████████. Dep. Tr. 146:5–13.

Hollow regurgitation of ████████████ and conclusory inferences are "inappropriate under Rule 702 because the jury is in as good a position as [Ms. Davis] to draw conclusions from the evidence, and is capable of drawing its own inferences." *Siqueiros*, 2022 WL 74182, at *9 (internal quotation marks and citation omitted). Ms. Davis's "████████████ "offers nothing more than what [Anthropic's] counsel could argue to the jury in closing arguments." *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, 2022 WL 254348, at *10 (N.D. Cal. Jan. 27, 2022).

### III.   Ms. Davis' Opinion that ████████████████████████ ██████████ Should be Excluded.

Ms. Davis's opinion that ████████████████████ ████████████████████████████ should be excluded as unreliable and as improperly usurping the jury's role ████████████████. Further, this opinion was not timely disclosed.

*First*, Ms. Davis's ████████ opinion is unreliable because it lacks any discernible methodology. *See Colby v. Newman*, 2012 WL 12885118, at *6 (C.D. Cal. Nov. 20, 2012) (quoting *Daubert II*, 43 F.3d at 1319) ("[T]he proponent of expert testimony must 'explain the methodology the experts followed to reach their conclusions [and] point to any external source to validate that methodology'"). In opining that ███████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████ *See* Rebuttal at 28. In lieu of analysis, Ms. Davis offers ████████ ████████████████████ *id.*, but which amount to nothing more than "lawyer argument dressed up as expert opinion." *Waymo LLC*, 2017 WL 5148390, at *5. The Court should not permit Anthropic's counsel to play the ventriloquist to provide specious closing argument through Ms. Davis.

Ms. Davis's ███████████████████████████████████ ████████████████████████ In this circuit, assessing statutory damages includes

consideration of "1. the revenue lost by the copyright holder as a result of the infringement; 2. the profits earned by the defendant as a result of the infringement; 3. the need to deter future infringement; 4. the need to penalize the infringer; 5. the circumstances of the infringement; and 6. whether the infringement was intentional." Ninth Circuit Model Jury Instructions, § 17.37 Copyright—Damages—Statutory Damages. ███████████████████

████████████████████████████████████████

████████████████████████████████████ *See Dep. Tr. 250:12–251:7.*

Ms. Davis's failure to consider ████████████████████

████████████████████████████████████████

████████████████████████████████████████

The Supreme Court has held that, "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 234 (1952). Similarly, this circuit has held that, "[b]ecause awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998). Such an award is not ████ ██████████████████████ Ms. Davis's opinion suggesting ████████████████████████ ████ it should therefore be excluded.

*Second*, Ms. Davis's opinion exceeds her role as an expert because she goes beyond helping the jury ████████████████████████ ████████████████████ impermissibly exceeds the expert's role because it does nothing but tell the trier of fact what result to reach. *See Nationwide Trans. Fin. V. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1060 (9th Cir. 2008) (evidence that merely tells the jury what result to reach is not sufficiently helpful to be admissible). Accordingly, courts exclude attempts by experts to opine ████████████████████████ For example,

in *Sony Music Ent. v. Cox Commc'ns, Inc.*, a statutory damages copyright case, the court precluded the defendant's damages expert from "offer[ing] any opinions as to whether certain damages should be characterized as a 'windfall' or if they would tend to overcompensate Plaintiffs." 2019 WL 9088257, at *2 (E.D. Va. Nov. 19, 2019); *see also Macro Niche Software, Inc. v. 4 Imaging Sols., L.L.C.*, 2013 WL 12140417, at *4 (S.D. Tex. Dec. 18, 2013) (excluding expert testimony that recommended a statutory damages award to the jury).

Further, Ms. Davis claims she was also ███████████████████████████████ ███████████████████████████████ ████████████████ Rebuttal at 29. She offers no opinion of any kind alongside this "grade-school arithmetic," which should be excluded because the factfinder is perfectly capable of doing such calculations on their own. *Waymo LLC*, 2017 WL 5148390, at *5.

*Third*, Ms. Davis's ███████████████ was disclosed only as a rebuttal opinion and therefore must be excluded as untimely disclosed. None of Publishers' experts offer any opinion on ███████████████████████████████ ███████████████████████████████ ███████████████████████████████ ████████████ "Rebuttal reports are 'intended solely to contradict or rebut evidence on the same subject matter identified by another party' in that party's expert disclosures." *Panchenko v. Comenity Capital Bank*, 2025 WL 2372597, at *1 (N.D. Cal. Aug. 13, 2025) (Lee, J.) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). Rebuttal evidence should be excluded if it "attempts to put forward new theories outside the scope of the report it claims to rebut." *Id.* (quotation omitted).

Anthropic's failure to timely disclose ███████████████ in her opening report is neither substantially justified nor harmless under Fed. R. Civ. P. 37(c)(1). Publishers ██████████ ████████████ in both their Complaint and Amended Complaint, *see* ECF Nos. 1, 337, as well as in their Rule 26 damages disclosures, and "there was ample opportunity to develop and timely disclose expert testimony on this subject." *Panchenko*, 2025 WL 2372597, at *3. That Ms. Davis ███████████████████████████████ ███████████████████████████████ , *see* Gomez-Reichman Decl. Ex. E 3–4,

Plaintiffs' Updated Second Am. Rule 26(a)(1) Initial Disclosures (Oct. 28, 2025), shows the unreliability of her opinion.

**IV.    Ms. Davis Should Be Precluded from** ███████████████

███████████

Ms. Davis should be precluded from offering any testimony relying on the assumption ██████ ████████████████████████████████████████████████ ████████████████████████████ Rpt. at 44–45. "Destructive ingestion" or "destructive scanning" involves purchasing physical books and then converting them into digital copies, during which the physical copy is destroyed. *See Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007, 1016 (N.D. Cal. 2025) (describing Anthropic's destructive scanning process). Ms. Davis ███████████████████████████████████████ ██████████████████████████ Rpt. at 44–45.

Publishers have not asserted claims in this case based on Anthropic's destructive scanning. *See generally* Am. Compl., ECF No. 337; Pls.' Mot. for Partial SJ, ECF No. 594. The legality of destructive scanning for purposes of LLM training is a contested question that, to date, no appellate court has addressed. Appellate courts have rejected the legality of destructive scanning in other contexts. *Hachette Book Grp., Inc. v. Internet Archive*, 115 F.4th 163, 181 (2d Cir. 2024) (holding that destructive scanning to create a digital lending library was not fair use and stating, "[c]hanging the medium of a work is a derivative use rather than a transformative one").

For Ms. Davis ████████████████████████████████████ ███████████████████████████████████ That would require holding a mini-trial on the legality of a practice that is not otherwise at issue in the case, which would needlessly derail and extend the trial and confuse the jury. *See, e.g.*, *Food & Water Watch, Inc. v. United States Env't Prot. Agency*, 2024 WL 4035924, at *11 (N.D. Cal. Jan. 18, 2024) (excluding expert testimony that would "require assessing the hypothetical" scenario as "present[ing] the classic trial-within-a-trial on a collateral issue against which Fed. R. Evid. 403 is design to safeguard").

## CONCLUSION

For the foregoing reasons, Publishers respectfully request that the foregoing opinions be excluded from any testimony Ms. Davis offers in this case.

Dated: March 31, 2026

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

Respectfully submitted,

*/s/ Michelle Gomez-Reichman*
**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

*Attorneys for Plaintiffs*