**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., | Case Number: 5:24-cv-03811-EKL-SVK |
| Plaintiffs, | |
| v. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY EXCLUDE THE OPINIONS OF DR. ETHAN LUSTIG** |
| ANTHROPIC PBC, | |
| Defendant. | **REDACTED** |
| | Judge Eumi K. Lee |
| | Magistrate Judge Susan van Keulen |
| | Hearing Date: July 15, 2026, 10:00 am |
| | Courtroom: 7 |

**CERTIFICATION OF COMPLIANCE WITH CIVIL STANDING ORDER SEC. VIII.A**

Pursuant to Sec. VIII.A of the Court's Civil Standing Order, the undersigned counsel certifies that Publishers' counsel met and conferred with Anthropic's counsel by videoconference on March 24, 2026 and by email to discuss the bases for this Motion in an effort to resolve or narrow disputed issues where possible to reduce motion practice.

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................ 1

STATEMENT OF RELIEF ............................................................................................... 1

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................ 2

LEGAL STANDARD ...................................................................................................... 3

ARGUMENT ................................................................................................................ 3

    I.    Dr. Lustig's ███████████ is not supported by his expertise. ................................ 3

    II.   The Court Should Exclude Dr. Lustig's Unreliable and Unhelpful "███████ ██████. ................................................................................................................ 5

    III.   The Court should exclude Dr. Lustig's unreliable opinions on ████████████". ... 8

    IV.   The Court should exclude Dr. Lustig's *ipse dixit* opinions on █████████ ........... 9

CONCLUSION .............................................................................................................. 10

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2026, at 10:00 am (see ECF No. 587), or as soon thereafter as this matter may be heard, before the Honorable Eumi K. Lee, District Judge, U.S. District Court for the Northern District of California, in Courtroom 7 – 4th Floor, 280 South 1st Street, San Jose, CA 95113, Plaintiffs Concord Music Group, Inc., Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music - MGB NA LLC, Polygram Publishing, Inc., Universal Music - Z Tunes LLC, and ABKCO Music, Inc. (collectively, "Publishers") will and hereby do respectfully move this Court for an order partially excluding the opinions of Defendant Anthropic PBC's ("Anthropic") expert witness, Dr. Ethan Lustig.

## STATEMENT OF RELIEF

Publishers respectfully request that the Court exclude the opinions of Dr. Ethan Lustig ▮▮

## INTRODUCTION

Dr. Lustig is a musicologist who seeks to offer unsupported and unreliable testimony concerning the ▮▮▮▮▮ as well as ▮▮▮▮▮ while never explaining what he means ▮▮▮▮. *First*, the Court should exclude Dr. Lustig's opinions based on his methodology for ▮▮▮▮▮ because, as a musicologist and not a linguist, he lacks any expertise to justify that methodology. *Second*, Dr. Lustig's calculation of ▮▮▮▮▮ should be excluded because it is unreliable and unhelpful to the jury. *Third*, the Court should exclude Dr. Lustig's opinions purporting to ▮▮▮▮▮. *Fourth*, the Court should preclude Dr. Lustig from testifying to his unexplained and unsupported opinion that ▮▮▮▮▮

## BACKGROUND

Dr. Lustig is a musicologist who holds degrees in Music Theory. Decl. of Andrew Guerra in Supp. of Pls.' Mot. to Exclude the Opinions of Dr. Ethan Lustig ("Guerra Decl.") Ex. A ¶ 1, App'x 1 at 1, Rebuttal Report of Dr. Ethan Lustig (Jan. 23, 2026) ("Rebuttal"). In connection with this matter, Dr. Lustig submitted two reports on behalf of Anthropic. First, on January 23, 2026, Dr. Lustig submitted a Rebuttal Report responding to Publishers' expert linguist Dr. Leonard and Publishers' expert statistician Mr. Dennis. *Id.* ¶ 6. Second, on February 13, 2026, Dr. Lustig submitted a Reply Report responding to Publishers' technical experts Dr. Shan and Dr. Zhao. Guerra Decl. Ex. B ¶ 5, Reply Report of Dr. Ethan Lustig (Feb. 13, 2026) ("Reply"). Relevant to this motion, Dr. Lustig's reports disclose the following opinions:



**First**, Dr. Lustig ███████████████████████████████████████████████████████████████████. *See generally,* Rebuttal ¶¶ 9–21. Dr. Lustig then ██████████████████████████████████████████████████████████████████████████████████████████████. *Id.* at ¶ 21.

**Second**, after Dr. Lustig applies the methodology described above, he performs a ██████████████████. Rebuttal ¶¶ 27–32. To perform this ████████████████████████████████████████████." *Id.* ¶ 29. He then ██████████████████████████████████████████████████████████████████████. *Id.* ¶ 30.

**Third**, in his Reply Report, Dr. Lustig relies on ████████ ███████. Reply ¶ 13. After identifying the songs, ███████████████████████████████████████████████. *Id.* Dr. Lustig then ███████████████████████████████████████████████████████████. *Id.* ¶¶ 13–14.

**Fourth**, Dr. Lustig reviews records of Claude interactions produced in this case and opines that ████████████████████████████████████████ Rebuttal ¶ 36.

## LEGAL STANDARD

"In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 governs the admissibility of expert testimony." *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025) (citing *Daubert*, 509 U.S. 579, 597 (1993)). Rule 702 requires "the proponent demonstrate to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. "[T]he proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Fed. R. Evid. 702 Adv. Comm. Note to 2000 Amendment. There is no presumption in favor of admission. *Engilis*, 151 F.4th at 1049.

"[A] district court discharges its 'gatekeeping role' under Rule 702 by 'ensuring that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Engilis*, 151 F.4th at 1047 (quoting *Daubert* at 589, 597) (alterations omitted). "Any step that renders an expert's analysis unreliable renders the expert's testimony inadmissible. That is true whether the step completely changes a reliable methodology or merely misapplies that methodology." *Megabyte, Inc. v. Canal+ Techs., S.A.*, 2005 WL 6032845, at * 2 (N.D. Cal. June 17, 2005) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)) (alterations omitted). "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

## ARGUMENT

**I.    Dr. Lustig's ███████████ is not supported by his expertise.**

Dr. Lustig lacks the expertise to support his ███████████ Much of Dr. Lustig's Rebuttal Report ███████████████████████████ ███████ Publishers' linguistic expert, Dr. Robert Leonard, set forth in his December 19, 2025 Expert Report. Rebuttal ¶¶ 9–21. With each critique, ███████████

Indeed, at deposition, Dr. Lustig testified that the methodology in his reports " Guerra Decl. Ex. C 38:8–39:6, Lustig Dep. Tr. ("Dep. Tr."). However, Dr. Leonard is a linguist and based his coding methodology on linguistic principles drawn from his extensive expertise in that field. *See* ECF No. 50 ¶¶ 12–16.

Dr. Lustig, on the other hand, . Dep. Tr. 31:9–11. Apart from a Dep. Tr. 30:3-19. He also has . Dep. Tr. 31:6–8. He has been involved in only , as opposed to music. Dep. Tr. 38:6–39:6, 39:24–40:22. Dr. Lustig as he asserts here. Dep. Tr. 38:8–39:6; *see also* Dep. Tr. 42:9–22, Guerra Decl. Ex. D (*AOM Music, Inc. v. Ocasio* complaint and Ex. A) (demonstrating Dr. Lustig's analysis in complaint exhibit ).

As a musicologist, Dr. Lustig lacks the necessary linguistic expertise to employ Dr. Leonard's linguistics-based methodology or to modify it in any way. is a different enterprise involving different skills and training from ; Dr. Lustig's lack of expertise to do the former is clear. His opinions based on his should be excluded.

The are extensive. For example, he finds Rebuttal ¶ 11, despite the fact that that e. Dep. Tr. 78:1–3. In addition, he collapses Rebuttal ¶ 9. He also replaces Dr. Leonard's " *Id.* ¶ 14.

Dr. Lustig's lack of linguistic expertise leads him to make fundamental errors that are linguistically unsound and render his opinion unreliable. As Dr. Leonard explained in his February

13, 2026 Reply Report, ███████████████████████████. *See generally,* Guerra Decl. Ex. E ¶¶ 16–25 Rebuttal Report of Dr. Robert Leonard (Feb. 13, 2026) ("Leonard Reply"). Lyrics as a linguistic genre are defined by orthographic choices such as nonstandard spellings and colloquial or informal style, rendering Dr. Lustig's choice to ██████████ entirely contrary to the scientific literature. Guerra Decl. Ex. F pp. 34–35, 37–38, R. Kreyer & J. Mukherjee, *The Style of Pop Song Lyrics: A Corpus-Linguistic Pilot Study,* 125 ANGLIA 1 (2007); Guerra Decl. Ex. G pp. 6–7, L. Squires, *Genre and linguistic expectation shift: Evidence from pop song lyrics,* 48 LANGUAGE IN SOCIETY 1 (2018) ("Squires"); *see also* Leonard Reply ¶¶ 17–18. Similarly, lyrics as a genre incorporate repetition due to song structure. Accordingly, Dr. Lustig's decision to ████████████████████████████████ ██████████████████████████████████████ ████████████████ *see* ECF No. 50 ¶ 20, ████████████████ ████████████████. Squires p. 6; *see also* Leonard Reply ¶¶ 19–20. Dr. Lustig's choices also obscure evidence of copying, ████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████. Leonard Reply ¶¶ 30–33.

## II.    The Court Should Exclude Dr. Lustig's Unreliable and Unhelpful ██████ ████████.

After applying his flawed coding methodology, Dr. Lustig then conducts a ██████████ ██████████. *See generally* Rebuttal ¶¶ 27–32. To perform this calculation, Dr. Lustig *further* ████████████████████████████████████ Rebuttal ¶ 29. He then ██████ ██████████████████████████████████████ ██████████████████████████████████. Rebuttal ¶ 30. Dr. Lustig's ████████████████ is unreliable and unhelpful to the jury, and his testimony and opinions based on it should be excluded.

***First,*** Dr. Lustig's ████████████████████████████ for which he lacks expertise as explained *supra,* and should similarly be excluded.

**Second**, the literature ██████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████ Dr. Lustig relies on *Quantitative Evaluation of Music Copyright Infringement* by Savage, et al. Rebuttal ¶ 30 n.19. Yet that paper focused on "the percentage of identical pitch classes shared between two *melodic* sequences," ████████████████. Guerra Decl. Ex. H at 61 (emphasis added), Savage, et al., *Quantitative Evaluation of Music Copyright Infringement*, PROCEEDINGS OF THE FOLK MUSIC ANALYSIS WORKSHOP (2018). Indeed, to measure the performance of their methodology against past cases, the authors specifically "exclud[ed] cases focused on plagiarism of lyrics…." *Id.* at 63; Dep. Tr. 76:4-13. Dr. Lustig██████████ ████████████████████████████████

**Third**, Dr. Lustig's ████████████████ would obscure the nature of copying of Publishers' lyrics in Claude outputs, not assist the jury to better understand it. Dr. Lustig ████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████ Rebuttal ¶ 30. This ████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ , Rebuttal ¶ 31; Dep. Tr. 78:4–79:8; ████████████████████████████████ Rebuttal ¶ 11; ████████████████ , Dep. Tr. 79:9–80:4. Dr. Lustig also only ████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████ . Dep. Tr. 86:12–87:8. Perhaps most critically, ████████████████████████████████ ████████████████████████ Consider an example. ████████████ █ Anthropic_0000074311 and Anthropic_0000076657b████████████ ████████████████████ Rebuttal App'x 4 at 2 (████████████████████████).████████



████ may seem relatively low (although it may nevertheless be actionable copyright infringement), if the match comprises an entire verse or chorus, or a particularly memorable part of the song, that amount of copying could be significant.

In Anthropic_0000074311, Claude copies ██████████ "I Will Survive" by Gloria Gaynor ██████ and thereafter, Claude incorporates ████████████████ ████████████████. Rebuttal App'x 2 at 29–31. By contrast, in Anthropic_0000076657b, "Roar" by Katy Perry, Claude tends to incorporate ██████ ████████████. *Id.* at 34–35. These two examples convey a different level of copying because in the first instance Claude captured ██████████████ of "I Will Survive", while in the second instance Claude's copying of "Roar" was ██████ ██████████. In other words, the overall impression of Anthropic's copying in "I Will Survive" versus "Roar" is different because of the **arrangement** of the lyrical content copied. But Dr. Lustig's ████████████████████████████ ████████████████████████████ ██████. *See* Rebuttal App'x 4 at 2.

Dr. Lustig's ██████████████████████ ████████████████████████ is not a helpful metric for the jury. This ██████████████ ████████████████████, as discussed above. Moreover, it is not how courts assess the amount of copying for infringement purposes. In order to determine whether two works are substantially similar, the Ninth Circuit employs a two-part analysis including an objective extrinsic test and a subjective intrinsic test. *See Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004). The point of the extrinsic test, which looks at objective criteria, is to allow the trier of fact to filter out unprotectible elements, not to count up numerically the elements that overlap. *Id.* at 847-48 (rejecting the district court's "measure-by-measure" analysis because it failed to consider the elements of the song in combination). Dr. Lustig's ████████████████████████ falls prey to the same flaw that *Swirsky* rejected.

**III.    The Court should exclude Dr. Lustig's unreliable opinions on ▮▮▮▮▮▮▮**

Dr. Lustig's analysis of ▮▮▮▮▮▮▮▮▮▮ rests upon unreliable data, and it should be excluded for several reasons.

*First*, Dr. Lustig's analysis relies on both his ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As discussed, *supra*, the Court should exclude Dr. Lustig's opinions that rely on these flawed methodologies.

*Second*, Dr. Lustig ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dep. Tr. 115:17-116:3. It is not apparent what the point of this exercise might be in Dr. Lustig's analysis. He appears not to be arguing that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Regardless of his intent, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The extrinsic test is applied on a work-by-work basis, taking into account the particular type and genre of the work and assessing the work as a whole in comparison to others of its kind. *See Swirsky*, 376 F.3d at 850 (musical works at issue were not in the same genre nor the same time signature). Deriving a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is simply not a recognized methodology in the field of linguistics or in copyright infringement cases. An expert must "point to some objective source to show that he has followed the scientific method, as it is practiced by (at least) a recognized minority of scientists in his field." *Lust ex rel. Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) (internal alterations omitted) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995).

*Third*, to determine this ▮▮▮▮, Dr. Lustig ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Reply ¶ 13. Dr. Lustig assumed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* ¶ 13 n.15. However, Dr. Lustig ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dep. Tr. 112:25–113:2. He ▮▮▮▮▮▮▮▮▮▮ *Id.* 112:22–24. Even ▮▮▮▮▮▮



Contrary to Dr. Lustig's ███████ Reply ¶ 13 n.15, the website discloses that it selects only from "Spotify music videos," not the full selection of tracks on Spotify. Guerra Decl. Ex. I at 2 (Random Song Generator Website). Indeed, ███████ Reply ¶ 13 n.15.

The Court should not accept a ███████ An expert's conclusions are "undermined if the sample is not representative of the population that it purports to represent or is not selected in a sufficiently random manner." *IGT v. Alliance Gaming Corp.*, 2008 WL 7084606, at *10 (D. Nev. Oct. 21, 2008) (quoting *United Parcel Service, Inc. v. U.S. Postal Service*, 184 F.3d 827, 840 n. 14 (D.C. Cir. 1999)). Dr. Lustig's ███████ renders his conclusions inadmissible.

**IV.   The Court should exclude Dr. Lustig's *ipse dixit* opinions on ███████**

Dr. Lustig also opines that in certain cases ███████ but Dr. Lustig cannot identify any methodology for how he made this determination, nor does he have any expertise to do so. Lustig Rept. ¶ 36; *see also* App'x 4. The Court should exclude these opinions.

Dr. Lustig's Report ███████ It contains no definition or description of what Dr. Lustig considers ███████ Rebuttal ¶¶ 8, 33, 36, 38. At deposition, Dr. Lustig testified that ███████ Dep. Tr. 88:3–8. When pressed for the ███████ *Id.* 89:18–24. Dr. Lustig was also ███████ *Id.* 92:12–21. He did not, for example, ███████

Dr. Lustig's disclosures fall far short of the requirements of *Daubert* and Federal Rule of Evidence 702. As in *United States v. Valencia-Lopez*, Dr. Lustig "never explained the methodology, if any, that he relied on to arrive at" his opinion. 971 F.3d 891, 900 (9th Cir. 2020). Indeed, Dr. Lustig's ████████████████████████████████████████████████████████ ████████████████████████████████████████ Dep. Tr. 88:3–8. Without this information—which should have been disclosed in his reports—it is impossible to know whether Dr. Lustig ████████████████████████████████████████████████████████ ██████████████████████████████████████. Dr. Lustig's opinions on ████████████ fail this basic requirement of Rule 702, and the Court should exclude them.

In addition, whether any of the Claude outputs at issue in the case should be ██████████ ███████ or any other form of fair use is a mixed question of law and fact. *See Google LLC v. Oracle America, Inc.*, 593 U.S. 1, 2 (2021). To the extent that it is a legal question, Dr. Lustig's opinion is clearly improper. It is axiomatic that "an expert witness cannot give an opinion . . . on an ultimate issue of law[.]" *Laatz v. Zazzle, Inc.*, 2025 WL 3205586, at *4 (N.D. Cal. Nov. 17, 2025) (quotations and citations omitted). To the extent the question is factual, its determination is well within the realm of the jury. As Dr. Lustig applied a ████████████████████████████ he was not relying on any "scientific, technical, or other specialized knowledge" and his opinion will not assist the trier of fact. Fed. R. of Evid. 702(a). Determining ████████████████████████████ ██████████ is precisely the sort of commonsense task for which the jury needs no expert assistance, particularly when it is unmoored by any analysis and simply based on the expert's *ipse dixit*. *General Elec. Co*, 522 U.S. at 146 (court should exclude *ipse dixit* of the expert); *Stanley v. Novartis Pharms. Corp.*, 11 F. Supp. 3d 987, 995 (C.D. Cal. 2014) (opinions based "on unsubstantiated generalizations or opinions not derived by the scientific method must be excluded").

## CONCLUSION

For the reasons set forth above, the Court should exclude Dr. Lustig's testimony and opinions based on his ██████████████████████, unhelpful ████████████████████████, unreliable ████████████████, and *ipse dixit* ██████████ opinions.

Dated: March 31, 2026

Respectfully submitted,

*/s/ Andrew Guerra*

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOT. TO PARTIALLY EXCLUDE THE OPINIONS OF DR. ETHAN LUSTIG

**SIGNATURE ATTESTATION PURSUANT TO CIVIL L.R. 5-1(h)**

Pursuant to Civil L.R. 5-1(h), I hereby attest that concurrence in the filing of this document was obtained from the signatory of this document. I declare under penalty of perjury that the foregoing is true and correct.


Dated: March 31, 2026                                                    */s/ Timothy Chung*
                                                                              Timothy Chung