**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

*Attorneys for Plaintiffs*

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC, <br><br> Defendant. | Case Number: 5:24-cv-03811-EKL-SVK <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PARTIALLY EXCLUDE THE OPINIONS OF DR. ABHISHEK NAGARAJ** <br><br> **REDACTED** <br><br> Judge Eumi K. Lee <br> Magistrate Judge Susan van Keulen <br><br> Hearing Date: July 15, 2026, 10:00 am <br> Courtroom: 7 |

**CERTIFICATION OF COMPLIANCE WITH CIVIL STANDING ORDER SEC. VIII.A**

Pursuant to Sec. VIII.A of the Court's Civil Standing Order, the undersigned counsel certifies that Publishers' counsel met and conferred with Anthropic's counsel by videoconference on March 24, 2026 and by email to discuss the bases for this Motion in an effort to resolve or narrow disputed issues where possible to reduce motion practice.

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ................................................................................. 1

STATEMENT OF RELIEF ................................................................................................... 1

INTRODUCTION .................................................................................................................. 1

LEGAL STANDARD ............................................................................................................ 2

ARGUMENT ......................................................................................................................... 2

    I.   Dr. Nagaraj's opinion ███████████████████████
    ████████████ should be excluded. ........................................................... 2

       A.  ██████████████████████████ is
       irrelevant to whether Anthropic's use of Publishers' lyrics is a fair use. ............................. 2

       B.  Dr. Nagaraj ████████████████████████████
       ██████████ ........................................................................... 4

    II.  Dr. Nagaraj's opinion that ██████████████████████
    ████████████████████████████ . ................ 6

    III.  Dr. Nagaraj improperly offers irrelevant opinions on ████████ . ........ 8

    IV.  Dr. Nagaraj's opinions that ████████████████████
    ████████ Dr. Nagaraj does not connect ████████ to Anthropic's use of
    Publishers' lyrics ........................................................................................ 9

CONCLUSION ...................................................................................................................... 10

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2026, at 10:00 am (*see* ECF No. 587), or as soon thereafter as this matter may be heard, before the Honorable Eumi K. Lee, District Judge, U.S. District Court for the Northern District of California, in Courtroom 7 – 4th Floor, 280 South 1st Street, San Jose, CA 95113, Plaintiffs Concord Music Group, Inc., Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music - MGB NA LLC, Polygram Publishing, Inc., Universal Music - Z Tunes LLC, and ABKCO Music, Inc. (collectively, "Publishers") will and hereby do respectfully move this Court for an order partially excluding the opinions of Defendant Anthropic PBC's ("Anthropic") expert witness, Dr. Abhishek Nagaraj.

### STATEMENT OF RELIEF

Publishers respectfully request that the Court exclude Dr. Abishek Nagaraj's opinions that:

### INTRODUCTION

This case is about Anthropic's copying of Publishers' copyrighted song lyrics to train Anthropic's AI models ("Claude") to output content that reproduces or competes in the market with Publishers' lyrics, all without permission or payment. This case is not a referendum on AI technology. It is not about whether AI is good or bad, on net, for society or for Publishers. Anthropic retained Dr. Abhishek Nagaraj, an Associate Professor in the Haas School of Business at the University of California, Berkeley, to opine ███████████████████████████████████████ Yet Dr. Nagaraj attempts to cloud the record and distract the Court with opinions entirely divorced from that inquiry that are irrelevant to the issues in this case. Those opinions must be excluded.

*First*, the Court should exclude Dr. Nagaraj's █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

*Second*, the Court should exclude Dr. Nagaraj's opinion ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

█████ *Third*, Dr. Nagaraj exceeds the expert's role by attempting to opine on ████████████ ████████████████████████████████████████████████████████████ *Fourth*, Dr. Nagaraj's opinions that ████████████████████████████████████████ rs should be excluded as irrelevant to fair use because they are untethered to █████████████████████ ████████████████████████

## LEGAL STANDARD

Expert testimony is admissible under Fed. R. Evid. 702 where "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," and the testimony is sufficiently reliable. Fed. R. Evid. 702. The court acts as a gatekeeper for such testimony, "ensur[ing] that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Generally, expert opinion is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry, *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025), and carries "sufficient indicia of reliability." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). There is no presumption in favor of admission. *Engilis*, 151 F.4th at 1049.

## ARGUMENT

I.   **Dr. Nagaraj's opinion ██████████████████████████████████ ███████████████████████████████ should be excluded.**

   A.   **████████████████████████████████████████████████████ is irrelevant to whether Anthropic's use of Publishers' lyrics is a fair use.**

Dr. Nagaraj's opinion that ████████████████████████ ██████████████████████████████████████ is irrelevant to fair use. *See* Decl. of Michelle Gomez-Reichman in Supp. of Pls.' Mot to Exclude the Opinions of Dr. Abishek Nagaraj ("Gomez-Reichman Decl.") Ex. A ¶¶ 8, 12, Expert Report of Abhishek Nagaraj, Ph.D., Dec. 19, 2025 ("Rpt."). Evaluating fair use requires considering "the effect of the use upon the potential market for or value *of the copyrighted work*." 17 U.S.C. § 107(4) (emphasis added). In conducting this analysis, courts consider "the extent of market harm caused by the particular actions of the alleged infringer [and] also whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market *for the original*." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1179 (9th Cir. 2013) (emphasis added) (quoting *Campbell*, 510 U.S. 569, 590 (1994)). The relevant question is "whether [the second work] *usurps the market for the first* by offering a competing substitute." *Andy Warhol Found. For Vis. Arts, Inc. v. Goldsmith*, 11 F.4th 26, 36 (2d Cir. 2021) (emphasis added), *aff'd*, 598 U.S. 508 (2023). Here, Publishers allege copyright infringement from Anthropic's unauthorized copying and display of the lyrics to the 499 Works in Suit ("Works"). *See* ECF No. 337–337-2. Accordingly, under 17 U.S.C. § 107, the relevant market harm inquiry must analyze the effect of Anthropic's unauthorized copying and display of Publishers' lyrics upon the "potential market for or value of" *Publishers' lyrics*.

Dr. Nagaraj's analysis of the ██████████████████████████████ ████████████████████████████████████████████ and will not "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). There is no dispute that ████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████ But under the plain language of § 107, only the market for Publishers' lyrics is relevant to the market harm inquiry.

Revealing the irrelevance of this market, Dr. Nagaraj ████████████████ ████████████████████████████████████████ *See* Rpt. ¶ 37. ██████████████████████████████████████████ During his deposition, Dr. Nagaraj admitted that ████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████ Gomez-Reichman Decl.

Ex. C, Nagaraj Dep. Tr. 73:13–16 ("Dep. Tr."). Dr. Nagaraj's ███████████████

██████ reflects Anthropic's attempt to make this case a referendum on generative AI technology

itself as opposed to what is actually at issue: Anthropic's unauthorized use of Publishers' lyrics.

Whether ██████████████████████████████████████████████ is

irrelevant to the factor-four inquiry and will not assist the trier of fact in assessing the effect of

Anthropic's infringement on "the potential market for and value of" Publishers' copyrighted lyrics.

Expert testimony should be excluded if it will not "assist the trier of fact to understand or determine

a fact in issue," *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007), or has no "connection to the

pertinent inquiry." *Lin v. Solta Med., Inc.*, 2024 WL 5199905, at *2 (N.D. Cal. Dec. 23, 2024).

### B.  Dr. Nagaraj ████████████████████████████████████████████

Dr. Nagaraj's analysis of █████████████████████████████████████████

███████████ is fundamentally unreliable because Dr. Nagaraj ████████████████

████████████ Dr. Nagaraj's opinion ████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████

But Dr. Nagaraj █████████████████████████████████████████████

█████████████████████████████ At his deposition, Dr. Nagaraj ████████████

████████████████████████████████████████████████████

███████████████████████ Nagaraj Dep Tr. 19:20–24. He later claimed █████

█████████████████████████████████. *Id.* at 27:3–8. Dr. Nagaraj also was

unable to ████████████████████████████████████, *id.* at 35:7–12, and

admitted that ████████████████████████████. *Id.* at 61:11–62:23. Instead, he

claimed he █████████████████████████████████████████████████

████, but he cannot even do that much. *Id.* at 67:23–68:7. ██████████████████████

███████████████████████████████████████ *id.*, he admitted that

*Id.* at 42:2–8, 44:4–45:16. Without any ███████ Dr. Nagaraj's opinion implodes. As Dr. Nagaraj acknowledges, the ███████ Rpt. ¶ 38 n.53. Thus, it makes an enormous difference to Dr. Nagaraj's conclusion that ███████ But Dr. Nagaraj admits that this is a ███████ question that he cannot answer.

To the extent Dr. Nagaraj attempts to define these critical concepts, he collapses ███████ into circularity. Dr. Nagaraj admitted that, ███████ Dep. Tr. at 38:23–39:3. But having ███████, Dr. Nagaraj essentially ███████. It is tautological that ███████; that sort of logic circle is neither reliable nor helpful to the trier of fact. *Grodzitsky v. American Honda Motor Co., Inc.*, 957 F.3d 979, 983 (9th Cir. 2020) (excluding expert's testimony under *Daubert* as "circular" that a car part should last as long as a car is on the road).

Dr. Nagaraj's ███████ But Dr. Nagaraj undermines his ███████ premise with his own admission that ███████ *See, e.g.*, Rpt. ¶ 73. He also cannot explain why he precludes the possibility that ███████

Further, because ████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████. Rpt. ¶ 77. Indeed, ████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████. *Id.* at ¶¶ 77–78. Dr. Nagaraj cannot credibly deny that ████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ Dr. Nagaraj's entire ████████████ analysis should be excluded as wholly subjective and unsound. *See Cisco Sys. Inc. v. Arista Networks, Inc.*, 2016 WL 11752975, at *3 (N.D. Cal., Nov. 16, 2016).

Last, Dr. Nagaraj's own prior publications ████████████████████ revealing the unreliability of that opinion. In an earlier publication, Dr. Nagaraj expressly acknowledged the existence of a "nascent market for licensing content . . . for the training of LLMs" and pointed to licenses involving both academic publishers and Reddit. S. Jia, A. Nagaraj, *Cloze Encounters: The Impact of Pirated Data Access on LLM Performance*, Nat.'l Bureau of Econ. Research, Working Paper No. 33598, 8–9 (March 2025), https://www.nber.org/papers/w33598. His other works reflect similar views. *See, e.g.*, Brent A. Lutes, ed., *Identifying the Economic Implications of Artificial Intelligence for Copyright Policy*, United States Copyright Office, 40–44 (Feb. 2025), https://www.copyright.gov/economic-research/economic-implications-of-ai/ (discussing imposition of potential training data access regimes for AI developers).

## II.    Dr. Nagaraj's opinion that ████████████████████ ██████████████████████████



Dr. Nagaraj's opinion ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████ Dr. Nagaraj opines that ████████

Rpt. ¶¶ 52–71. He bases this conclusion on two premises: ▮▮▮ . at ¶¶ 55–60, 64–71. Because, Dr. Nagaraj concludes, ▮▮▮ *Id.* at ¶ 71. ▮▮▮ . *Id.* at ¶ 81.

This opinion should be excluded because it leads to an absurd conclusion: ▮▮▮ But nothing in the law permits an infringer to defend its conduct as fair use on the basis ▮▮▮ Indeed, Dr. Nagaraj admits that ▮▮▮ Dep. Tr. 185:21–186:3. Yet the import of his opinion is ▮▮▮ See *In re Apple iPhone Antitrust Litig.*, 2022 WL 1284104, at *7 (N.D. Cal. Mar. 29, 2022) (excluding expert testimony under *Daubert* that led to absurd results).

Dr. Nagaraj's opinion is also unreliable because it relies on a circularity. Dr. Nagaraj's opinion that ▮▮▮ *See* Rpt. ¶¶ 58–59; Gomez-Reichman Decl. Ex. B ¶ 101, Expert Rebuttal Report of Abhishek Nagaraj, PhD ("Rebuttal"). But that ▮▮▮ *See* Gomez-Reichman Decl. Ex. D 43:2–44:13, Turvey 30(b)(1) Dep. Tr. (reviewing document stating that ▮▮▮

PLAINTIFFS' MOT. TO PARTIALLY EXCLUDE THE OPINIONS OF DR. ABHISHEK NAGARAJ

████████ ). Of course, Anthropic ████████████████████████████████████████ . *See id.* at 63:17–64:18 (admitting ████████████████████████████ . In other words, Anthropic's ████████████████████████████████████████████████████████████ is precisely the issue this case presents. Dr. Nagaraj's opinion that Anthropic ████████████████████████████████████████████████████████████████

Dr. Nagaraj's ████████████████ is also untethered from the undisputed facts in this case. Anthropic itself has ████████████████████████████████████ See Gomez-Reichman Decl. Ex. E 38:4–41:13, Turvey 30(b)(6) Dep. Tr. Evidently, the ████████████████████████████████████████████████████████████

**III.    Dr. Nagaraj improperly offers irrelevant opinions on** ████████████ **w.**

In his rebuttal, Dr. Nagaraj improperly seeks to opine on ████████████████████████████████ . Rebuttal ¶¶ 83–93. In response to Publishers' expert Dr. Michael Smith's opinion that Claude produces potential market substitutes for Publishers' lyrics that dilute the market for Publishers' lyrics, Dr. Nagaraj argues that Dr. Smith's opinion ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at ¶ 83. Dr. Nagaraj then offers his views on ████████████████████████████████████████████████████████████████████████████████████ *Id.* at ¶¶ 84–93.

Dr. Nagaraj's views on ████████████████ as irrelevant and improper legal opinions. While experts can appropriately speak to "subsidiary factual questions, such as whether there was harm to the actual or potential markets for the copyrighted work," the balancing of the factors involved in "the ultimate 'fair use' question primarily involves legal work." *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 24 (2021); *see also McGucken*

*v. Pub Ocean Ltd.*, 42 F.4th 1149, 1158 (9th Cir. 2022) (stating that "which way in the fair use analysis [a factor] points in a particular case, and by how much, is a legal question"). It is axiomatic that "an expert witness cannot give an opinion . . . on an ultimate issue of law[.]" *Laatz v. Zazzle, Inc.*, 2025 WL 3205586, at *4 (N.D. Cal. Nov. 17, 2025) (quotations and citations omitted). That is what Dr. Nagaraj does here. He goes far beyond addressing whether ███████████████ ███████████████████████████████████ ███████████████████████████ *See* Fed. R. Evid. 702(a). All of it should be excluded as impermissible expert testimony under Rule 702.

**IV.    Dr. Nagaraj's opinions that** ████████████ ████████████ **Dr. Nagaraj does not connect** ███████ **to Anthropic's use of Publishers' lyrics.**

In rebuttal to Dr. Smith, Dr. Nagaraj improperly argues that ███████████ ███████████████. Rebuttal ¶¶ 50–82. These opinions should be excluded because they are irrelevant to "the effect of the *use* upon the potential market for or value of the *copyrighted work*." 17 U.S.C. ¶ 107(4) (emphasis added). While fair use analysis "must take into account the public benefits the copying will likely produce," *Google LLC,* 593 U.S. at 35, any such public benefits must flow from that *copying* to be relevant. Public benefits that flow from a defendant's technology generally, but that have no connection to a defendant's use of the copyrighted work at issue specifically, are not relevant. Dr. Nagaraj does not connect any of ███████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ████████████ Rebuttal ¶¶ 50–58. None of this has any relevance to Claude's effects on songwriters and music publishers and the markets for their works.

Dr. Nagaraj ████████████████████████████ ███████████████████████████████████ ██████████████████████ *Id.* at ¶¶ 59–68. But he does not attribute ████████████ to Claude specifically, let alone to Claude's use of Publishers' lyrics. ███████████████████████████████████



████████████████████████████████████████████████████ *Id.* at ¶ 65. That ██████ ████████████████████████████████████████ is neither disputed— indeed, Publishers have licensed their works to ████████████ —nor relevant to the effect of *Claude* on Publishers. And whether ████████████████████████ ████████████████████████████████████████

Dr. Nagaraj similarly fails to connect his argument that ██████████████ ████████████████████████████████████ *See* Rebuttal ¶¶ 69– 82. Whether AI will ████████████████████████████████████████████ ████████████████████ " *id.* at ¶ 78, or even ████████████████ , *id.* at ¶ 79, is irrelevant; the only potentially relevant question is whether Anthropic's use of Publishers' lyrics will expand the market for Publishers' lyrics. Similarly, Dr. Nagaraj never ties his opinion that ████ ████████████████████████████████████████████████ ████ *Id.* at ¶ 75, to the effect of Anthropic's use of Publishers' lyrics on the market for those lyrics.

In any event, a use's countervailing benefits to the rightsholder in other arenas cannot excuse the market harm that use causes. The Ninth Circuit has decisively rejected this argument, holding that "increased sales of copyrighted material attributable to unauthorized use should not deprive the copyright holder of the right to license the material." *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1018 (9th Cir. 2001); *see also UMG Recordings, Inc. v. MP3.com, Inc.*, 92 F. Supp. 2d 349, 352 (S.D.N.Y. 2000) ("Any allegedly positive impact of defendant's activities on plaintiffs' [] market in no way frees defendant to usurp a further market that directly derives from reproduction of the plaintiffs' copyrighted works"). Even if ████████████████████████ ██████████████████████ cannot justify Anthropic' use of Publishers' lyrics.

## CONCLUSION

For the foregoing reasons, Publishers respectfully request that the Court exclude Dr. Nagaraj opinions regarding ████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████

Dated: March 31, 2026

COBLENTZ PATCH DUFFY & BASS LLP
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

COWAN, LIEBOWITZ & LATMAN, P.C.
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

Respectfully submitted,

*/s/ Michelle Gomez-Reichman*
OPPENHEIM + ZEBRAK, LLP
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

*Attorneys for Plaintiffs*

Case No. 5:24-cv-03811-EKL-SVK
PLAINTIFFS' MOT. TO PARTIALLY EXCLUDE THE OPINIONS OF DR. ABHISHEK NAGARAJ