**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case Number: 5:24-cv-03811-EKL-SVK<br><br>**PLAINTIFFS' MOTION AND NOTICE OF MOTION TO EXCLUDE THE OPINIONS OF COLIN E. STOKES**<br><br>**REDACTED**<br><br>Judge Eumi K. Lee<br>Magistrate Judge Susan van Keulen<br>Hearing Date: July 15, 2026, 10:00 am<br>Courtroom: 7 |

## CERTIFICATION OF COMPLIANCE WITH CIVIL STANDING ORDER SEC. VIII.A

Pursuant to Sec. VIII.A of the Court's Civil Standing Order, the undersigned counsel certifies that Publishers' counsel met and conferred with Anthropic's counsel by videoconference on March 24, 2026 to discuss the bases for this Motion in an effort to resolve or narrow disputed issues where possible to reduce motion practice.

## TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ....................................................................... 1

STATEMENT OF RELIEF ...................................................................................... 1

INTRODUCTION ................................................................................................. 1

BACKGROUND .................................................................................................. 2

    I.    Mr. Stokes's Qualifications ........................................................... 2

    II.   Mr. Stokes's Vague Opinion on ████████████████ ........................... 3

    III.   Mr. Stokes's Prejudicial Gloss ████████████████ ........................... 4

    IV.   The Stokes Reply Report ............................................................. 5

LEGAL STANDARD ............................................................................................ 6

ARGUMENT ..................................................................................................... 7

    I.    Mr. Stokes's Opinion About ████████ is Irrelevant and Lacks Any Discernable Methodology. ......................................................................................... 7

    II.   Mr. Stokes's Opinion about ████████████████ Is Irrelevant and Prejudicial. ......................................................................................... 9

CONCLUSION .................................................................................................. 10

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2026, at 10:00 am (*see* ECF No. 587), or as soon thereafter as this matter may be heard, before the Honorable Eumi K. Lee, District Judge, U.S. District Court for the Northern District of California, in Courtroom 7 – 4th Floor, 280 South 1st Street, San Jose, CA 95113, Plaintiffs Concord Music Group, Inc., Capitol CMG, Inc., Universal Music Corp., Songs of Universal, Inc., Universal Music - MGB NA LLC, Polygram Publishing, Inc., Universal Music - Z Tunes LLC, and ABKCO Music, Inc. (collectively, "Publishers") will and hereby do respectfully move this Court for an order excluding the Expert Report of Colin E. Stokes, the Expert Reply Report of Colin E. Stokes, and any corresponding testimony.

### STATEMENT OF RELIEF

Publishers respectfully request that the Court excludes Colin E. Stokes's opinions in their entirety.

### INTRODUCTION

Mr. Colin Stokes's opinions are irrelevant, unreliable, and prejudicial. Presumably because this case challenges infringement of song lyrics, Mr. Stokes ████████████ ████████████████████████████████████ Mr. Stokes uses no discernible methodology or objective measure to ████████████ ████████████████████████████████████ ████████████████████████████████████ ██████ Apart from the impropriety of a broadside generalization about ████████████ ████████████████████████████████████ ████████ Indeed, nearly all of Mr. Stokes's opinion is ████████████ ████████ When expert opinion is so far afield from the issues at hand, bereft of meaningful methodology, and designed simply to denigrate the other side and its copyrights, it has no place in evidence.

**BACKGROUND**

I.    **Mr. Stokes's Qualifications**

Mr. Stokes ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Decl. of Timothy Chung in Supp. of Pls.' Mot. to Exclude the Opinions of Colin E. Stokes ("Chung Decl.") Ex. A, ¶¶ 1, 2, 4, Expert Report of Colin E. Stokes (Dec. 19, 2025) ("Rpt."). ███████████████████████████████████████████████████████████████████████████ Chung Decl. Ex. C, 15:3–16:8, 21:16–23:13, Stokes Dep. Tr. ("Dep. Tr."). Mr. Stokes ████████████████████████████████████████████████████████ Dep. Tr. 16:24–17:22; 21:5–15. Although Mr. Stokes opines liberally on ██████████████████████████████████████████████ *Id.* at 29:6–17. Nor has he ████████████████ *Id.* at 84:7–22; 233:10–234:1. While he repeatedly discusses ████████████████████████████████████ *Id.* at 77:23–78:11; 92:21–93:7; 133:7–11; 192:7–11. Indeed, he has no knowledge of ███████████████████ *Id.* at 32:5–12; 75:6–76:21. ██████████████████████ *See* Dep. Tr. at 57:8–16. Surprisingly, the article decries exactly what Anthropic does—train on human authorship without authorization. It calls out the "exploitation of human creativity through indiscriminate scrubbing of online data for training large applications in the commercial ecosystem" and repeatedly espouses the use of "ethically sourced data" to train AI models. Colin E. Stokes, *Our Vision for the Creative Applications of Deep Learning: The Center for Experimental Music and Intermedia, University of North Texas*, Vol. 33 No. 1–2, JOURNAL SEAMUS, 22 & n.1, 23 (Spring/Fall 2022). Mr. Stokes's article argues that "AI must not infringe upon original human work" and that "the unauthorized exploitation of human work should be recognized and compensated." *Id.* At his deposition, Mr. Stokes ███████████████████████████████████████████████ *see* Dep. Tr. at 46:3–15, 48:21–49:15, 49:23–52:21, but the

article speaks for itself and is directly applicable to the issues in this case. ████████████████ ████████████████████ significantly undermines Mr. Stokes's credibility to speak to the very same issues being litigated here.

**II.    Mr. Stokes's Vague Opinion on** ████████████████████

Mr. Stokes opines ███████████████████████████████████



Rpt. ¶¶ 17.a, 18; *see also id.* ¶¶ 19, 54, 95.

*Id.* ¶¶ 30–32. Of course, this case is about the wholesale copying of narrative lyrics, and not ███████████

*Id.* ¶¶ 53–54. His bottom line is that ███████████

*Id.* ¶ 54.

or methodology for making such assertions. While he claims ███ *id.* ¶ 19, ████████████████ *See, e.g., id.* ¶ 22 ███████

¶ 23 ████████

¶ 25 ████████

PLAINTIFFS' MOT. TO EXCLUDE THE OPINIONS OF COLIN E. STOKES



an ¶ 44

¶ 46

¶ 52

### III.    Mr. Stokes's Prejudicial Gloss

Mr. Stokes next argues

Rpt. ¶ 55. In other words, Mr. Stokes argues

, *see id.* ¶¶ 56–64—

. *See id.* ¶ 58

¶ 60 ¶ 63

¶ 64 Mr. Stokes

concludes

*Id.* ¶ 65.

Mr. Stokes then

*see* Rpt. ¶¶ 67–68,

. *Id.* ¶¶ 69–83. Amidst his examples of



*Id.* ¶ 68 n.197.[1]

Mr. Stokes concludes with a contradiction. He states that

## IV.    The Stokes Reply Report

Mr. Stokes's Reply is largely redundant of his opening Report, repeating verbatim passages meant to reiterate that                                    *Compare* Chung Decl. Ex. B, ¶¶ 4.a–b, 7–12, 14, 16–19, Expert Reply Report of Colin E. Stokes (Feb. 13, 2026) ("Reply"), with Rpt. ¶¶ 17.a, 23, 24, 32, 36, 37, 44, 46. His Reply adds two additional thoughts.

" Reply ¶¶ 6–7. Second, based on

*Id.* ¶¶ 20–24. It is not clear what part of Publishers' data expert's opinion he is rebutting, and

---

[1] Notably,                                    . *See, e.g.,* Rpt. ¶¶ 70–71; Dep. Tr. at 27:14–24, 29:1–5                    ); Rpt. ¶ 72 & nn. 210–211 and Chung Decl. Ex. D, Stokes Dep. Ex. 6 (                                    ); Rpt. ¶¶ 77–78 and Dep. Tr. 187:4–188:15 (                    ).

## LEGAL STANDARD

A district court must ensure that expert testimony "is both relevant and reliable." *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025) (citation omitted). The proponent of the testimony must demonstrate that "it is more likely than not" that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Ninth Circuit recently clarified that "there is no presumption in favor of admission." *Engilis*, 151 F.4th at 1049.

Expert testimony is *relevant* "if the knowledge underlying it has a valid connection to the pertinent inquiry," *id.* at 1047 (citation omitted), and it will "assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 880 n.6 (9th Cir. 2007) (citation omitted). Stated otherwise, it must be "relevant to the task at hand" and "fit the facts of the case." *In re Apple Inc. Sec. Litig.*, 2023 WL 4556765, at *1 (N.D. Cal. July 17, 2023) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591, 597 (1993)). To be helpful to the trier of fact, the subject matter must also be "beyond the common knowledge of the average layman." *Mata v. Or. Health Auth.*, 739 Fed. App'x. 370, 372 (9th Cir. 2018).

Expert testimony is *reliable* "if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Engilis*, 151 F.4th at 1047 (citation omitted). Reliability requires "objective criterion" rather than "subjective and ambiguous" opinion. *See Cisco Sys. v. Arista Networks*, 2016 2016 WL 11752975, at *3 (N.D. Cal. Nov. 16, 2016). *See also Fischler Kapel Holdings, LLC v. Flavor Producers, LLC*, 2023 WL 8113301, at *4 (C.D. Cal. Oct. 6, 2023) (rejecting expert opinion "not sufficiently supported by a consistent reasoning or methodology"). Courts consider whether the expert's methodology can be "challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1046 (9th Cir. 2013) (citation omitted). The tests for reliability apply equally to scientific and nonscientific expert testimony, and for both, courts may

consider whether a theory "can be (and has been) tested" or enjoys "general acceptance." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149–50 (1998).

## ARGUMENT

**I.    Mr. Stokes's Opinion About** ████████████████ **is Irrelevant and Lacks Any Discernable Methodology.**



Mr. Stokes's first opinion that ████████████████████████████████████████████████████████, *see* Rpt. ¶¶ 17.a, 18, 19, 54, 95, meets none of these tests. The unremarkable observation that ████████████████████████████████ is neither an issue in dispute nor something beyond the ken of any lay person. Publishers' pleadings ████████████████████████ See, e.g., First Amended Complaint ¶ 160, ECF No. 337 ("FAC") (alleging infringement of "Publishers' musical compositions, including the song lyrics contained therein"). Expert testimony about ████████████████████████████████

But Mr. Stokes's opinion is ████████████████████████████████████████████████████████████████████████████████████████ *see, e.g.*, Rpt. ¶¶ 33–34 (emphasis added) (████████████████). Mr. Stokes also opines that ████████████████. *Id.* ¶¶ 23–24 (emphasis added) (████████████████████████████████████████████████████); ¶ 27 (████████████████); ¶ 28 ("████████████████); ¶ 47 ████████████████████████████████). These opinions suffer from multiple infirmities.

*First,* and most importantly, ███████████████████ is not at issue in this case. The jury will not be tasked with ███████████████████ ████████████. It is no defense to infringement that the infringer copied less than the entirety of a copyrighted work, and ███████████████████ ███████████████████. To the extent Anthropic intends to use this testimony as ███████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ███ *See* Dep. Tr. at 77:23–78:11; 92:21–93:5; 133:7–11; 192:7–11. Rather, as he put it, "██ ███████████████████ *Id.* at 70:15–16.

If, alternatively, Anthropic hopes to use this testimony as ███████████████████ ███████████████████████████████████ ███████████████████████████████████ ███████ The jury is amply suited to determine how much of the copyrighted works were taken, both from a quantitative and qualitative perspective, without an expert hinting ███████ ███████████████████████████████████ An expert's testimony should be excluded where it is not relevant and will not help the jury understand a fact at issue. *Cooper,* 510 F.3d at 880 n.6.

*Second,* Mr. Stokes brings no identifiable methodology or metrics to this amorphous assessment other than the *ipse dixit* of his own views. *See General Elec. Co. v. Joiner,* 522 U.S. 136, 146 (1997) ("nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert"). ███████████████████ ███████ when the expert's views on those matters are based on a "subjective, conclusory approach" rather than some objective criteria or mode of analysis. *See City of Pomona,* 750 F.3d at 1046. While Mr. Stokes may be ███████████████████

Moreover, Mr. Stokes makes these assessments ███████████████████████████████████████████████ *Lin v. Solta Med., Inc.*, 2024 WL 5199905, at \*2 (N.D. Cal. Dec. 23, 2024) (expert testimony is unreliable where expert "unjustifiably extrapolate[s] from an accepted premise to an unfounded conclusion"); *Stanley v. Novartis Pharms. Corp.*, 11 F. Supp. 3d 987, 995 (C.D. Cal. 2014) (expert opinions based "on unsubstantiated generalizations" not admissible).[2] Setting aside the irrelevance of this opinion, it would prejudice Publishers to allow Anthropic to ████ ██████████████████████████████████████████████ *See* Fed. R. Evid. 403 (permitting exclusion of relevant evidence where "its probative value is substantially outweighed by a danger of . . . unfair prejudice").

**II.    Mr. Stokes's Opinion about** ████████████████████████████████████ **Is Irrelevant and Prejudicial.**

Mr. Stokes's ██████████████████████████████████ is equally irrelevant and misleading. This case has nothing to do █████████████████████████████ ██████████████████████████████████████████████ In fact, where past music technologies *were* created by unauthorized copying, courts did not hesitate to deem them infringing and unfair. *See, e.g., Capitol Records, LLC v. ReDigi Inc.*, 910 F.3d 649 (2d Cir. 2018) (digital resale of downloaded music files); *A&M Records v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) (peer-to-peer file sharing). It is also highly prejudicial to suggest that ████████████████████████████ █████████████████████████████████████████████████ Publishers welcome the use of AI in music, as long as it is licensed and authorized. *See, e.g.*, FAC ¶ 1 ("Publishers embrace innovation and recognize the great promise of AI when used ethically

---

[2] The Reply's analysis of ██████████████████████████████████████ It improperly draws broad conclusions about ███████████████████████████████████████ *See* Reply ¶¶ 20–23.

and responsibly"); Declaration of David Kokakis in Support of Plaintiffs' Mot. for Partial SJ (Mar. 23, 2026), ¶¶ 159–60, ECF No. 610 (describing licensing agreements between Plaintiffs UMPG and two generative AI companies). This case involves copying lyrics in AI training and outputs and has no room for a prejudicial frolic and detour into ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Mr. Stokes's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is equally irrelevant and prejudicial. Indeed, as noted above, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ something Mr. Stokes himself advocates for in his article. More important, as also noted above, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ irrelevant to whether copying the text of lyrics to generate substantially similar or substitutional lyrics is lawful. It is misleading to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## CONCLUSION

For the foregoing reasons, Publishers respectfully request that Mr. Stokes's testimony be excluded in its entirety.

Dated: March 31, 2026

COBLENTZ PATCH DUFFY & BASS LLP
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

COWAN, LIEBOWITZ & LATMAN, P.C.
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

Respectfully submitted,

*/s/ Timothy Chung*

OPPENHEIM + ZEBRAK, LLP
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

*Attorneys for Plaintiffs*