MANATT, PHELPS & PHILLIPS, LLP
ROBERT A. JACOBS (CA Bar No. 160350)
  *rjacobs@manatt.com*
NATHANIEL L. BACH (CA Bar No. 246518)
  *nbach@manatt.com*
EVAN D. COOPER (*pro hac vice* forthcoming)
  *ecooper@manatt.com*
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone:    310.312.4000
Facsimile:    310.312.4224

PRANA A. TOPPER (*pro hac vice* forthcoming)
  *ptopper@manatt.com*
7 Times Square, 23rd Floor
New York, NY 10036
Telephone:  212.790.4500
Facsimile:  212.790.4545

*Attorneys for Non-Party*
BMG RIGHTS MANAGEMENT (US) LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP INC., *et al*., | Case No. 5:24-cv-03811-EKL |
| Plaintiffs, | **NON-PARTY BMG RIGHTS MANAGEMENT (US) LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** |
| v. | |
| ANTHROPIC PBC, | |
| Defendant. | |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Pursuant to Civil Local Rules 3-12 and 7-11, Non-Party BMG Rights Management (US) LLC, d/b/a BMG Apollo, d/b/a BMG Bespoke Songs, d/b/a BMG Bespoke US, d/b/a BMG Bespoke Works, d/b/a BMG Blue, d/b/a BMG Bumblebee, d/b/a BMG Cicada, d/b/a BMG Diamond Songs, d/b/a BMG Firefly, d/b/a BMG Gemini, d/b/a BMG Gold Songs, d/b/a BMG Mercury, d/b/a BMG Monarch, d/b/a BMG Onyx Songs, d/b/a BMG Platinum Songs US, d/b/a BMG Production Music US, d/b/a BMG Production Songs, d/b/a BMG Production Works, d/b/a BMG Ruby Songs, d/b/a BMG Sapphire Songs, d/b/a BMG Silver Songs, d/b/a BMG Sterling, d/b/a BMG Tambora, d/b/a BMG Titanium Songs, d/b/a Music Of Windswept, d/b/a Songs Of Windswept Pacific, and d/b/a Windswept Pacific Songs (individually and collectively, "BMG"), respectfully requests that this Court relate *BMG Rights Management (US) LLC v. Anthropic PBC*, Case No. 3:26-cv-02334-AGT (the "*BMG Action*") (Complaint attached as Exhibit 1 to the Declaration of Robert A. Jacobs ("Jacobs Decl.")), to the instant earliest filed *Concord Music Group Inc. v. Anthropic PBC*, Case No. 5:24-cv-03811-EKL ("*Concord I*") and the related action *Concord Music Group Inc. v. Anthropic PBC*, Case No. 5:26-cv-00880-EKL ("*Concord II*") (Complaint attached as Exhibit 2 to the Jacobs Decl.).

## OVERVIEW

BMG filed the *BMG Action* on March 17, 2026 to remedy and enjoin Anthropic PBC's ("Anthropic") pervasive infringement of copyrighted musical compositions owned or controlled by BMG in whole or in part.[1] Anthropic—recently valued at $380 billion—has rapidly grown to become one of the world's largest artificial intelligence ("AI") companies. Anthropic has built its success on unlicensed copyrighted works for which it has refused to compensate creators and copyright owners, including BMG, the fourth-largest music company in the world. The *BMG Action* alleges that Anthropic is liable for direct copyright infringement because, without seeking or obtaining BMG's consent to do so, Anthropic (i) reproduced and distributed BMG copyrighted works through torrenting; (ii) reproduced and prepared derivative works based on

---

[1] The *BMG Action* is currently assigned to Magistrate Judge Alex G. Tse in the San Franciso Division. BMG filed a Declaration to Magistrate Judge Jurisdiction on March 30, 2026. *See BMG Action*, Dkt. 14.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

NON-PARTY BMG RIGHTS MANAGEMENT (US) LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; CASE NO. 5:24-CV-03811-EKL

BMG copyrighted works by creating and maintaining indefinitely a general-purpose central library that included such works; and (iii) reproduced and prepared derivative works based on BMG copyrighted works by including such works in its training and outputs of its Claude AI models. The *BMG Action* also alleges that Anthropic is liable for contributory and vicarious copyright infringement based on infringing activities of its licensees and users of its Claude models that Anthropic intended and induced. The *BMG Action* further alleges a cause of action based on Anthropic's knowing and intentional removal of Copyright Management Information from BMG copyrighted works.

BMG brings this administrative motion pursuant to the Court's Civil Local Rules so that the Court can consider whether the *BMG Action* should be related to *Concord I* and *Concord II*. Undersigned counsel conferred with counsel for all parties in *Concord I* and *Concord II* concerning this motion. Defense counsel in the *BMG Action*, *Concord I*, and *Concord II* indicated that Anthropic intends to file a separate response under Local Rule 3-12(e). Plaintiffs' counsel in *Concord I* and *Concord II* indicated that they do not object to BMG's administrative motion to relate the *BMG Action* with *Concord I* and *Concord II*.  (Jacobs Decl. ¶ 3.)

## LEGAL STANDARD

Civil Local Rule 3-12 (b) requires that "[w]henever a party knows . . . that an action, filed in . . . this district is (or the party believes that the action may be) related to an action which is . . . pending in this District . . . , the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Civil Local Rule 3-12 (a) provides that an action "is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges" ("LR 3-12 (a)").

## ARGUMENT

**I.    The Actions Involve Substantially the Same Parties, Property, Transactions, and Events**

The *BMG Action* involves substantially the same parties, property, transactions and events

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

NON-PARTY BMG RIGHTS MANAGEMENT (US) LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; CASE NO. 5:24-CV-03811-EKL

as *Concord I* and *Concord II* for purposes of relatedness under LR 3-12 (a).

First, the *BMG Action* involves the same defendant as *Concord I* and *Concord II*— Anthropic. While the plaintiffs differ and *Concord II* includes claims against two Anthropic executives, the commonality of the parties supports the cases being related in light of the overlapping issues, as set forth below. *Cf. Lackey v. Conte*, No. C 12-03241 LB, 2012 U.S. Dist. LEXIS 100536, at *2, 4 (N.D. Cal. July 18, 2012) (relating three cases brought by the same plaintiff against three different defendants and involving the same license revocation).

Second, the transactions and events at issue in these matters overlap. Like the plaintiffs in *Concord I* and *Concord II*, BMG alleges in the *BMG Action* that Anthropic unlawfully copied lyrics in copyrighted musical compositions from various sources, including through scraping lyrics from websites and copying databases of pirated works.[2] BMG also alleges that Anthropic torrented at least 26 of its copyrighted musical compositions from online pirate libraries, including creating additional copies of those works when it uploaded copies through the BitTorrent protocol. *Concord II* asserts similar allegations, as to the same musical compositions and others.[3] In addition, the *BMG Action* and *Concord II* both allege that Anthropic reproduced and used unauthorized copies of copyrighted musical compositions in a general-purpose library that Anthropic intended to maintain indefinitely.[4] Further, all three actions allege that Anthropic unlawfully exploited copyrighted musical compositions to train its Claude models;[5] that Anthropic reproduced and/or prepared derivative works based on lyrics from copyrighted works as Claude output; and that Anthropic intentionally removed Copyright Management Information from copyrighted works.[6]

Third, the three actions involve "substantially the same . . . property" under LR 3-12 (a).

[2] *Compare BMG Action* Compl. ¶¶ 32, 42 *with Concord I* First Amended Complaint ("FAC") ¶¶ 58, 67, 69, *and Concord II* Compl. ¶¶ 10, 95, 96.

[3] *Compare BMG Action* Compl. ¶ 4, Ex. B *with Concord II* Compl. ¶ 2, Ex. A.

[4] *Compare BMG Action* Compl. ¶ 50 *with Concord II* Compl. ¶ 80.

[5] *Compare BMG Action* Compl. ¶¶ 38-46 *with Concord I* FAC ¶¶ 58-69 *and Concord II* Compl. ¶¶ 90-100.

[6] *Compare BMG Action* Compl. ¶¶ 8-9 *with Concord I* FAC ¶¶ 8-17 *and Concord II* Compl. ¶¶ 10, 99.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

The approximately 500 musical compositions upon which BMG bases its claims also are at issue in *Concord I* or *Concord II*.[7] This overlap will not change, even if BMG learns of and seeks damages for additional works infringed by Anthropic.

The similarities between the *BMG Action,* on the one hand, and *Concord I* and *Concord II*, on the other hand, outweigh differences for purposes of relatedness under LR 3-12 (a). *Cf. Pepper v. Apple Inc.*, No. 11-cv-06714-YGR, 2019 WL 4783951, at *2 (N.D. Cal. Aug. 22, 2019) ("[C]ourts routinely relate cases in which the theories of damages differ."); *Mullur v. QuantumScape Corp.*, No. 3:21-cv-00058-WHO, 2021 U.S. Dist. LEXIS 97785, *4-5 (N.D. Cal. May 18, 2021) (relating cases where "[t]he only difference that any party identifies as relevant . . . is the class period").

## II.     Unduly Burdensome Duplication of Labor and Expense or Conflicting Results Are Likely if the Actions Proceed Before Different Judges

Having the *BMG Action* proceed before a different Judge than *Concord I* and *Concord II* likely would lead to unduly burdensome duplication of labor and expense and potentially conflicting results.

As an initial matter, the overlap in facts and issues across the three matters makes unduly burdensome duplication of labor and expense unavoidable if the *BMG Action* remains assigned to a different Judge. This other Judge will need to duplicate the significant work this Court already has undertaken to familiarize itself with the issues, further taxing the Court's limited judicial resources. Such concerns are acute here due to the complex, technology-related facts underlying these matters with which this Court has already become familiar.

Relating these actions will also create discovery efficiencies. The *BMG Action* will encompass discovery related to many of the same issues as *Concord I* and *Concord II*, including, by way of example only, Anthropic's acquiring—without permission or a license—a significant number of the same copyrighted musical compositions; Anthropic's storage and copying of these copyrighted materials; and Anthropic's use of these copyrighted materials, including in training

---

[7] *Compare BMG Action* Compl. Exs. A and B *with Concord I* FAC Ex. A *and Concord II* Compl. Exs. A and B.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

its Claude models. The *BMG Action* potentially may involve other discovery that does not overlap with *Concord I* and *Concord II*, including with respect to copyrighted musical compositions that BMG owns or controls that are not included in *Concord I* and *Concord II*. However, this other discovery does not diminish the judicial efficiencies that would be gained from reassigning the *BMG Action* to this Court as related for the reasons discussed herein.

At bottom, the considerable efficiencies and economies gained from relating these litigations outweigh differences between the *BMG Action*, on the one hand, and *Concord I* and *Concord II*, on the other hand. *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715-SC, 2012 WL 3757486, at *4 n.10 (N.D. Cal. July 05, 2012) (rejecting argument that differences in the parties prevented relation of cases "because the second prong of the definition, which emphasizes judicial economy and the risk of inconsistent results, is by far the more important of the two") (collecting cases). An assignment of the *BMG Action* to this Court furthers the interests of judicial economy because this Court already is familiar with factual allegations and legal theories presented in the *BMG Action* because of the overlap with *Concord I* and *Concord II*. Likewise, the same overlap, and especially as between the *BMG Action* and *Concord II*, creates a risk of conflicting results if the actions were to proceed before different Judges.

## CONCLUSION

For the reasons set forth above, BMG respectfully states that the Court should find the *BMG Action* related to *Concord I* and *Concord II* under LR 3-12 (a).

Dated:  April 6, 2026          MANATT, PHELPS & PHILLIPS, LLP


By: */s/ Robert A. Jacobs*
    Robert A. Jacobs
    Nathaniel L. Bach
    Prana A. Topper
    Evan D. Cooper

    *Attorneys for Non-Party*
    BMG RIGHTS MANAGEMENT (US) LLC

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

NON-PARTY BMG RIGHTS MANAGEMENT (US) LLC'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED; CASE NO. 5:24-CV-03811-EKL