**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL., | Case Number: 5:24-cv-03811-EKL-SVK |
| Plaintiffs, | |
| v. | **PUBLISHERS' RESPONSE TO ANTHROPIC'S "NOTICE" (ECF NO. 683)** |
| ANTHROPIC PBC, | |
| Defendant. | Judge Eumi K. Lee<br>Magistrate Judge Susan van Keulen |

Anthropic's "Notice" (ECF No. 683) is an improper sur-reply filed without seeking the Court's leave, in violation of Civ. L.R. 7-3(d), and without first meeting and conferring with Publishers, in violation of Sec. VIII.A of the Court's Standing Order. It should be disregarded or stricken in its entirety. *See, e.g.*, *Roshan v. Lawrence*, 689 F. Supp. 3d 697, 703 (N.D. Cal. 2023).

In the event the Court does not strike Anthropic's improper filing, Publishers submit the brief response below to correct the record. In short, the issues addressed in Anthropic's submission have no bearing on Anthropic's pending motion for relief from Magistrate Judge van Keulen's Orders, ECF No. 564. Rather, Anthropic is trying to manufacture a controversy over the Claude prompt-output records it has produced in this case in order to derail the progress of summary judgment. While none of these issues impact Publishers' entitlement to summary judgment, to the extent Anthropic wants to argue otherwise, that is for its summary judgment briefing—not here.

With respect to the single miscategorized Claude record from Publishers' expert Dr. Zhao, there is nothing "new." First, Publishers long ago disclosed and provided this Claude record from Dr. Zhao to Anthropic, ECF No. 47 ¶ 42; ECF No. 47-2 at 4–5, 9–10, and Anthropic was well aware of this record's provenance, as Anthropic's motion to exclude Dr. Zhao's opinions discusses this record at length, ECF No. 663 at 3–4, 7. Second, Publishers already notified the Court and Anthropic that the record had been inadvertently miscategorized as a third-party record in Publishers' summary judgment motion and updated the figures from that submission. ECF No. 677. Anthropic cannot now spin this limited issue as somehow impacting its motion for relief from Magistrate Judge van Keulen's Orders—Publishers had already disclosed this Claude record to Anthropic, so Anthropic already had Dr. Zhao's Claude account information, and this is a post-suit Claude record, not a pre-suit record at issue in the Court-ordered supplemental briefing.

Anthropic's claimed concern over "misclassification" of Claude records it has produced in this litigation is a problem of its own creation. First, Publishers have repeatedly requested that Anthropic disclose—under coverage of the Protective Order—the email addresses associated with the Anthropic-produced Claude records cited in Publishers' summary judgment motion, to confirm those records as third-party records. Anthropic has consistently refused and continues to withhold that information. Second, Publishers offered to provide Anthropic the UniqueIDs for each known

account associated with Publishers' investigation that generated Claude records produced in this case, to resolve the pending dispute. ECF No. 668 at 1. Again, Anthropic refused. Third, Publishers have invited Anthropic to identify any specific Claude records cited by Publishers that it believes have been miscategorized, so that they can be further investigated and addressed as needed. *See, e.g.*, *id.* at 3 n.1, 5. Yet again, Anthropic refused to engage with Publishers. In short, Anthropic itself manufactured the issue it now seeks to exploit to derail the progress of summary judgment.

As for Publishers' supplemental interrogatory responses and small production, had Anthropic first reached out to Publishers (as it was required to do) before firing off its submission, Publishers would have provided the additional explanation that Anthropic now wrongly claims was lacking. First, Publishers supplemented their interrogatory responses to incorporate statistics for Claude prompt-output records from Publishers' experts known to be included in the Claude sample and from the post-suit period. None of these records were from the pre-suit period that was the subject of the Court-ordered supplemental briefing. Anthropic's prior discovery demands that resulted in the Court-ordered interrogatories had focused on Publishers' investigators, client-witnesses, and outside counsel—not experts. *See, e.g.*, ECF 503 at 1–6 (citing testimony from Publishers' investigators and client witnesses); ECF No. 545 at 5 (Magistrate Judge van Keulen ordering production of "prompts and outputs submitted by *investigators and client-witnesses during the post-suit investigation*" (emphasis added)). Because Anthropic subsequently expanded its related demands to include experts as well, Publishers affirmatively updated their interrogatory responses to incorporate these records out of an abundance of caution. Second, Publishers produced 33 Claude prompt-output pairs from a single client-witness that had been inadvertently omitted from earlier productions (of several thousand Claude records produced by Publishers) but identified during Publishers' subsequent investigation, and updated the interrogatory statistics to include those records. Anthropic is incorrect that Publishers did not identify who generated these records—the production includes custodian metadata. Publishers did not rely on these 33 records in their summary judgment motion or offer them as evidence of infringement (third-party or otherwise). In fact, the majority of these records relate to songs—like "The Girl from Ipanema" and "Purple Rain"—that are not Works in Suit.

These updates have negligible (if any) impact on the overall statistics reflected in Publishers' interrogatory responses. And none of this discovery relates to the pre-suit investigation about which this Court ordered supplemental briefing. To the extent Anthropic's improper submission is not stricken, none of the issues raised therein warrant any relief from the Court.

Dated: April 17, 2026

Respectfully submitted,

*/s/ Nicholas C. Hailey*
**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

**SIGNATURE ATTESTATION PURSUANT TO CIVIL L.R. 5-1(h)**

Pursuant to Civil L.R. 5-1(h), I hereby attest that concurrence in the filing of this document was obtained from the signatory of this document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 17, 2026

*/s/ Michelle Gomez-Reichman*

Michelle Gomez-Reichman