UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al., | Case No. 24-cv-03811-EKL |
| Plaintiffs, | |
| v. | **ORDER REGARDING TEMPORARY STAY OF RELATED ACTIONS** |
| ANTHROPIC PBC, | |
| Defendant. | |

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et al., | Case No. 26-cv-00880-EKL |
| Plaintiffs, | |
| v. | |
| ANTHROPIC PBC, et al., | |
| Defendants. | |

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, | Case No. 26-cv-02334-EKL |
| Plaintiff, | |
| v. | |
| ANTHROPIC PBC, | |
| Defendant. | |

United States District Court
Northern District of California

Three copyright infringement actions arising from Anthropic's use of song lyrics to train its generative AI models are pending before the Court.  The first action, *Concord Music Group, Inc. v. Anthropic PBC*, No. 24-cv-03811-EKL ("Original Case"), has undergone extensive discovery and motion practice.  The parties are presently briefing cross-motions for summary judgment and related *Daubert* motions.  However, just this week, Plaintiffs in the Original Case sought to dismiss with prejudice their claims for contributory infringement and vicarious infringement.  ECF No. 685.  Anthropic has also moved for summary judgment on these claims. *See* ECF No. 693.  Additionally, in the past two months, the Court has related two other cases filed against Anthropic: *Concord Music Group, Inc. v. Anthropic PBC*, No. 26-cv-00880-EKL ("BitTorrent Case"), and *BMG Rights Management (US) LLC v. Anthropic PBC*, No. 26-cv-02334-EKL ("BMG Case").  Based on the parties' submissions, the BitTorrent Case and the BMG Case present legal and factual issues that overlap with issues being litigated in the Original Case. *See, e.g.*, ECF Nos. 578, 580, 672, 676.

Given these significant new developments, the Court finds that a temporary stay is necessary to promote judicial economy, conserve party resources, and facilitate coordination between the related actions.  Accordingly, all case deadlines and hearing dates are CONTINUED for approximately 90 days as set forth below, and all proceedings in the related actions are STAYED except as provided below.

First, the parties in the Original Case shall promptly meet and confer regarding dismissal of Counts II and III for contributory and vicarious infringement.  *See* ECF Nos. 685, 689.  If the parties in the Original Case agree to dismissal or withdrawal of these claims with prejudice, they shall file an appropriate stipulation by **May 15, 2026**.[1]  The stipulation shall also confirm that the dismissal or withdrawal of Counts II and III resolves or moots Anthropic's pending motion for

---

[1] As the parties acknowledge, Rule 41 permits the dismissal of an ***action***, not the piecemeal dismissal of individual claims.  *Walker v. Arizona*, 158 F.4th 971, 981-82 (9th Cir. 2025).  The appropriate procedure for dismissal of Counts II and III is amending the complaint pursuant to Rule 15.  *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005).  However, the Court may also construe a stipulation of dismissal "as a consensual amendment under Rule 15(a)(2), which allows a party to amend its pleadings 'with the opposing party's written consent or the court's leave.'"  *Walker*, 158 F.4th at 982 (quoting Fed. R. Civ. P. 15(a)(2)).

summary judgment as to these claims.  If the parties fail to reach agreement, then by the same deadline, Plaintiffs shall file a motion for leave to amend the complaint to withdraw Counts II and III.  Anthropic's opposition shall be due **May 29, 2026**, and Plaintiffs' reply shall be due **June 5, 2026**.  The Court may set a hearing on the motion after briefing concludes.

Second, although it relates to different works, the vicarious infringement claim (Count IV) asserted in the BitTorrent Case appears to rest on the same legal theory and nearly verbatim allegations as the vicarious infringement claim that Plaintiffs seek to dismiss with prejudice from the Original Case.  *Compare* First. Am. Compl. ¶¶ 182-188, ECF No. 337, *with* First Am. Compl. ¶¶ 164-170, BitTorrent Case ECF No. 75.  Accordingly, the parties shall also meet and confer regarding a stipulated dismissal or withdrawal with prejudice of Count IV in the BitTorrent Case. The parties shall file a dismissal or status report on the docket in the BitTorrent Case by **May 15, 2026**.

Third, the Court will hold in abeyance the pending motion for relief from Magistrate Judge van Keulen's orders, ECF No. 630, until resolution of the matters discussed above.[2]  The Court is encouraged that the parties "conferred extensively to resolve this dispute and got close."  ECF No. 670 at 5.  The parties shall continue to meet and confer and file a stipulation or status report on the docket in the Original Case by **May 22, 2026**.

Fourth, Anthropic's motion for an indefinite stay of the BitTorrent Case is DENIED, and the May 20, 2026 hearing is VACATED.  *See* BitTorrent Case ECF No. 59.  The Court finds that the lengthy stay implied by Anthropic's request will more likely delay than expedite global resolution of the related actions.  The BitTorrent Case asserts claims and legal theories of infringement that are not asserted in the Original Case, and discovery on those claims should proceed regardless of potential developments in the Original Case.

However, the briefing on the motion to stay raises important questions about the best method to efficiently proceed on the significantly expanded list of works asserted in the BitTorrent

---

[2] Pursuant to the Court's sealing order, Anthropic filed an updated redacted version of the motion for relief at ECF No. 630, which supersedes the version originally filed at ECF No. 564. Accordingly, ECF No. 564 is administratively terminated as duplicative.

United States District Court
Northern District of California

United States District Court
Northern District of California

Case.  The parties should address whether the cases may proceed based on prioritized or representative works, while deferring litigation of other works, comparable to a bellwether case management plan.  The Court encourages creative solutions.  The parties shall meet and confer and submit a stipulation or status report with their proposed case management plan(s) by **May 22, 2026**.

Fifth, the parties in the BMG Case represent that the copyrighted works asserted in that case overlap with the works asserted in the Original Case and the BitTorrent Case.  *See* ECF Nos. 672, 676.  Anthropic suggests that ownership disputes may arise between the different plaintiff groups.  ECF No. 676.  Accordingly, the parties in all three related actions shall meet and confer regarding coordination of the cases, including with respect to potential ownership disputes.  By **May 22, 2026**, the parties shall file a joint status report on the docket in the Original Case.  The parties shall present their positions regarding the likelihood and nature of potential ownership disputes, and the appropriate time and process to address such disputes.  The parties shall also address whether the Court may rule on the pending summary judgment motions in the Original Case before resolving ownership disputes, if any.

Finally, the existing case schedules in the related actions are amended as follows:

### Amended Schedule for Original Case[3]

| Event | Deadline |
|---|---|
| Amicus briefs in support of Anthropic's MSJ due (ECF No. 592) | April 27, 2026 (no change) |
| Oppositions to *Daubert* motions due | July 27, 2026 |
| Plaintiffs' summary judgment opposition/reply brief due | August 17, 2026 |
| Replies in support of *Daubert* motions due | August 18, 2026 |
| Anthropic's summary judgment reply brief due | September 8, 2026 |
| Deadline to file omnibus sealing motion (ECF No. 590) | September 22, 2026 |
| Hearing on dispositive and *Daubert* motions | October 21, 2026 |

---

[3] The dates for the pretrial conference and trial, *see* ECF No. 587, will be revisited at a later date.

**Amended Schedule for BitTorrent Case**

| Event | Deadline |
|---|---|
| Defendants' motion to dismiss or answer due | August 3, 2026 |
| Plaintiffs' opposition brief due | August 31, 2026 |
| Defendants' reply brief due | September 14, 2026 |

**Amended Schedule for BMG Case**

| Event | Deadline |
|---|---|
| Anthropic's motion to dismiss or answer due | August 17, 2026 |
| Plaintiffs' opposition brief due | September 23, 2026 |
| Anthropic's reply brief due | October 14, 2026 |

**IT IS SO ORDERED.**

Dated: April 24, 2026

_____
Eumi K. Lee
United States District Judge

5