**SCHAERR JAFFE LLP**
Donald M. Falk (SBN150256)
dfalk@schaerr-jaffe.com
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 562-4942

*Counsel for Amici Curiae Copyright Law Professors*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., *et al.*, | Case No. 5:24-cv-03811-EKL-SVK |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION BY COPYRIGHT LAW PROFESSORS FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF ANTHROPIC'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| ANTHROPIC PBC, | |
| Defendant. | Hearing Date: July 15, 2026 |
| | Time: 10:00 a.m. |
| | Judge: Hon. Eumi K. Lee |

**ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on July 15, 2026, at 10:00 a.m., before United States District Judge Eumi K. Lee, in Courtroom 7 on the 4th Floor of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Amici Curiae Copyright Law Professors shall and hereby do move, pursuant to Fed. R. Civ. P. 7(b) and Local Rules 7-1 and 7-2, for leave to file the proposed brief amici curiae in support of defendant Anthropic PBC's motion for summary judgment filed in this Court on April 20, 2026 (ECF No. 686 et seq., 693). The Brief is annexed to this motion (the "Motion") as Exhibit A and, should this Motion be granted, Amici request that the Brief be deemed to have been filed as of the date of this Motion (April 27, 2026). Counsel for Amici conferred with counsel for the parties regarding this Motion. Counsel for Plaintiffs takes no position on this Motion and counsel for Anthropic consented to the Motion.

Amici Edward Lee and Rebecca Tushnet are law professors with expertise in copyright law and the First Amendment. Amici have no personal interest in the outcome of this case. They share a professional interest in seeing copyright law applied in ways that serve the broader public interest in the United States, consistent the Copyright Clause's goal of promoting the progress of science. Amici have written, taught, and spoken extensively on topics in copyright and the First Amendment. Because of their experience with the issues raised by this case, Amici are uniquely positioned to provide the Court with a perspective that reflects the broader public interest in copyright's fair use doctrine.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and all documents on file in this action.

Dated: April 27, 2026                    Respectfully submitted,

**SCHAERR JAFFE LLP**
 */s/ Donald M. Falk*
Donald M. Falk (SBN150256)
dfalk@schaerr-jaffe.com
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 562-4942

*Counsel for Amici Curiae*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 7(b) and Local Rules 7-1 and 7-2, Amici respectfully submit this memorandum of points and authorities in support of their Motion.[1]

### INTERESTS OF AMICI CURIAE

Amici Edward Lee and Rebecca Tushnet are law professors with expertise in copyright law and the First Amendment. Amici have no personal interest in the outcome of this case. They share a professional interest in seeing copyright law applied in ways that serve the broader public interest in the United States, consistent the Copyright Clause's goal of promoting the progress of science. Amici have written, taught, and spoken extensively on topics in copyright, as well as the Copyright Clause and the First Amendment. Because of their experience with the issues raised by this case, Amici are uniquely positioned to provide the Court with a perspective that reflects the broader public interest in copyright's fair use doctrine.

Edward Lee is a professor of law at Santa Clara University School of Law. Throughout his legal career, both at the Stanford Center for Internet and Society and then in academia, he has dedicated his practice, research, and scholarship to ensuring intellectual property laws are developed in ways that advance progress and the public interest. Lee's current research focuses on how copyright law should apply to important issues raised by artificial intelligence, including authorship and fair use.

Rebecca Tushnet is the Frank Stanton Professor of the First Amendment and Faculty Co-Director, Berkman Klein Center for Internet and Society at Harvard Law School. She helped found the Organization for Transformative Works, a nonprofit dedicated to supporting and promoting fanworks. Tushnet has published extensively about a broad range of intellectual property topics, including the intersection of IP with the First Amendment.

---

[1] No party or party's counsel authored this brief in whole or in part, or contributed money that was intended to fund preparing or submitting this brief. No person other than amici or their counsel contributed money that was intended to fund preparing or submitting this brief

1

**ARGUMENT**

The Court and the parties recognized that amicus participation in this case may be appropriate given the novelty and importance of the issues. Order granting 591 Joint Stipulation Setting Requirements for Amici Briefs in Conn. With the Parties' Motions for Summ. J. (ECF No. 592).

The Court enjoys great discretion to grant leave for the filing of an amicus brief. *NetChoice, LLC v. Bonta*, 2023 WL 6131619, at *1 (N.D. Cal. Sept. 18, 2023). "The 'classic role' of amici curiae encompasses 'assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" *Id.* at *1 (citing *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)); s*ee also NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'") (internal citation omitted). The ultimate factor is whether the amicus brief is "useful to the Court." *Netchoice*, 2023 WL 6131619, at *1.

Amici Copyright Law Professors respectfully submit their proposed Brief amply satisfies this standard. They are disinterested legal scholars, whose research and scholarship focus on the legal issues raised in this case. Amici's brief analyzes important constitutional issues raised by the new theory of "dilution" advanced by Plaintiffs' motion for summary judgment. This new theory of market harm—based merely on non-infringing lyrics generated by people who used Defendant's AI—raises serious constitutional problems under both the Copyright Clause's limit on authors' copyrights and the First Amendment's protection for non-infringing expression that copy no protected elements but simply are in the same genre. In a short explanation, the U.S. Copyright Office endorsed dilution in its pre-publication report. U.S. COPYRIGHT OFF., COPYRIGHT & A.I. PART 3: GENERATIVE AI TRAINING 65-66 (prepublication version May 2025) ["Pre-Publication Report"], https://tinyurl.com/bdcwd6nc. The court in *Kadrey v. Meta*, 788 F. Supp. 3d 1026, 1055 (N.D. Cal. 2025) later endorsed the theory, but only in dicta. The court found the plaintiffs' lack of evidence of

dilution was too speculative. *Id.* at 1060 ("But the plaintiffs presented no meaningful evidence on market dilution at all.").

Both the Copyright Office and the *Kadrey* court recognized that "dilution" was a new theory—or, as the Office conceded, "uncharted territory." Pre-Publication Report at 65; *Kadrey*, 788 F. Supp. at 1055. Because this new theory was never subject to a formal notice-and-comment process or full briefing by the parties in *Kadrey,* neither the Copyright Office nor the *Kadrey* court had the benefit of any constitutional analysis of this new theory of dilution.

The parties' briefs on summary judgment in this case have not analyzed these issues. Therefore, Amici's brief offers an important unique perspective, "drawing the court's attention to law that escaped consideration." *Netchoice*, 2023 WL 6131619, at *1.

Finally, Amici's brief provides greater context to Judge Alsup's conclusion that "[t]he technology at issue"—the same one at issue here—"was among the most transformative many of us will see in our lifetimes." *Bartz v. Anthropic*. 787 F. Supp. 3d 1007, 1033 (N.D. Cal. 2025); s*ee Campbell v. Acuff-Rose Music*, 510 U.S. 569, 585 (1994) (weighing a commercial use "will vary with context" under fair use); *Google LLC v. Oracle America, Inc.*, 593 U.S. 1, 23 (2021) ("fair use depends on context"). Amici show how the history of AI research, including its many failures over decades, supports Judge Alsup's finding on transformative purpose and fair use in *Bartz.*

**CONCLUSION**

For the foregoing reasons, amici request that the Court grant leave to file the proposed amici curiae brief, attached as Exhibit A.

Dated: April 27, 2026

Respectfully submitted,

**SCHAERR JAFFE LLP**
 */s/ Donald M. Falk*
Donald M. Falk (SBN150256)
dfalk@schaerr-jaffe.com
One Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 562-4942

*Counsel for Amici Curiae*