ERIC P. TUTTLE, State Bar No. 248440
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Telephone:   (206) 883-2500
Facsimile:   (866) 974-7329
Email:        eric.tuttle@wsgr.com

PAUL N. HAROLD, State Bar No. 301771
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW
Washington, DC  20006
Telephone:  (202) 973-8800
Facsimile:  (866) 974-7329
Email:        pharold@wsgr.com

*Attorneys for amici curiae the Computer and
Communications Industry Association,
A.I. Progress, Inc., and NetChoice, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC. et al., | Case No.: 5:24-cv-03811-EKL |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION BY THE COMPUTER AND COMMUNICATIONS INDUSTRY ASSOCIATION, A.I. PROGRESS, INC., AND NETCHOICE, LLC FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF DEFENDANT ANTHROPIC PBC'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PUBLISHERS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| ANTHROPIC PBC, | |
| Defendant. | |
| | Before:      Hon. Eumi K. Lee |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Fed. R. Civ. P. 7, Local Rule 7-1, and the Court's Order setting requirements for *amici curiae* briefs in connection with the parties' motions for summary judgment (ECF No. 592), the Computer and Communications Industry Association, A.I. Progress, Inc., and NetChoice, LLC ("*Amici*") respectfully move the Court for leave to file the attached brief (Exhibit A) as *amici curiae* in support of Defendant Anthropic PBC's Motion for Summary Judgment and Opposition to Publishers' Motion for Partial Summary Judgment (ECF No. 693). Counsel for *Amici* conferred with counsel for the parties regarding this motion in compliance with section VIII(A) of this Court's Civil Standing Order. Defendant consents to the filing of the proposed amicus brief. Plaintiffs take no position on the filing of the proposed amicus brief.

**INTRODUCTION AND INTERESTS OF AMICI CURIAE[1]**

*Amici* represent a diverse group of stakeholders who provide unique and valuable insights in technology-related legal disputes. They regularly submit public comments, provide testimony, and publish articles and reports on issues involving artificial intelligence and copyright.[2]  They

---

[1] No counsel for a party authored this motion or the attached brief in whole or in part, and no party or counsel for a party made a monetary contribution to fund the preparation or submission of this motion or the attached brief. No person or entity other than *amici*, their members, or their counsel made a monetary contribution to the preparation or submission of this motion or the attached brief. (Although Anthropic PBC is a member of AI Progress, it did not make a financial contribution to the preparation or submission of this motion or the attached brief.)

[2] *See, e.g.*, *Comments of Computer & Communications Industry Association*, *In re* Accelerating the American Scientific Enterprise, Office of Science and Technology Policy Dkt. No. OSTP-TECH-2025-0100 (Dec. 24, 2025), https://ccianet.org/wp-content/uploads/2025/12/CCIA-Comments-to-OSTP-on-Accelerating-the-American-Scientific-Enterprise.pdf; *CCIA 2025 State Landscape: Artificial Intelligence*, https://ccianet.org/library/ccia-2025-ai-landscape/; *Testimony of Carl Szabo, Vice President & General Counsel, NetChoice, before the Texas Senate Criminal Justice Committee* (June 4, 2024), https://netchoice.org/netchoice-testimony-before-texas-senate-judiciary-committee-on-ai-generated-child-sexual-abuse-material/; Zoey Foster, *The Transformative Power of AI: Providing More Resources for People With Developmental Disabilities* (Mar. 19, 2026), https://netchoice.org/the-transformative-power-of-ai-providing-more-resources-for-people-with-developmental-disabilities/; Anna Chauvet and Karthik Kumar, *AI Models: Addressing Misconceptions About Copyright And Training* (AI Progress, Sept. 2025), https://progressforai.com/wp-content/uploads/2025/09/AI-Models-Addressing-Misconceptions-about-Training-and-Copyright-.pdf; *Key Takeaways from AI Progress Panel on Copyright, Fair*

(continued...)

have also submitted multiple amicus briefs in litigation involving artificial intelligence.[3] *Amici* seek leave to submit the attached amicus brief on the fair use of copyrighted works in training generative AI models because of the importance of the issue to the developers and users of generative AI tools and to the public at large.

The Computer and Communications Industry Association (CCIA) is an international, not-for-profit association representing a broad cross-section of communications, technology, and Internet industry firms that collectively employ more than 1.6 million workers, invest more than $100 billion in research and development, and contribute trillions of dollars in productivity to the global economy. For more than 50 years, CCIA has promoted open markets, open systems, and open networks. CCIA regularly files *amicus* briefs to promote balanced copyright policies that reward, rather than inhibit, innovation. A list of CCIA members is available at https://www.ccianet.org/members.

AI Progress is a coalition of leading AI developers committed to the advancement of AI tools that can deliver benefits across societies and economic sectors, from public safety to scientific discovery. AI Progress champions the essential role of existing U.S. copyright law in fostering innovation, protecting intellectual property, and ensuring America's competitiveness in AI. A list of AI Progress's members is available at https://progressforai.com/.

---

*Use, and America's AI Advantage* (Jan. 30, 2026), https://progressforai.com/news/key-takeaways-from-ai-progress-panel-on-copyright-fair-use-and-americas-ai-advantage/.

[3] *See, e.g.*, Brief of *Amici Curiae* Industry Trade Associations in Support of Plaintiff's Motion for a Preliminary Injunction, *Anthropic PBC v. U.S. Department of War*, No. 3:26-cv-01996, ECF No. 72 (N.D. Cal. Mar. 13, 2026); Brief *Amici Curiae* of the Computer & Communications Industry Association, Chamber of Progress, and NetChoice in Support of Appellant Ross Intelligence, Inc. and Reversal*, Thomson Reuters Enterprise Centre GmbH, et al v. Ross Intelligence Inc.*, No. 25-2153 (3d Cir. Sept. 29, 2025); Brief of TechNet, AI Progress, Computer & Communications Industry Association, Consumer Technology Association, and Engine Advocacy as *Amici Curiae* and in Support of Petitioner, *Bartz v. Anthropic PBC*, No. 25-4843 (9th Cir. Aug. 7, 2025); Brief of *Amici Curiae* NetChoice and Chamber of Progress in Support of Character Technologies Inc.'s Motion for Certification of Immediate Appeal Pursuant to 28 U.S.C. §1292(b) and for Stay Pending Appellate Review, *Garcia v. Character Techs. Inc.*, No. 6:24-cv-01903, ECF No. 151-1 (M.D. Fla. June 25, 2025).

NetChoice is a national trade association of online businesses that share the goal of promoting free enterprise and free expression on the Internet. For over two decades, NetChoice has worked to ensure the Internet remains innovative and free. NetChoice advocates on behalf of its membership by, among other things, participating in litigation involving issues of vital concern to the online community and by filing amicus curiae briefs in cases that, like this one, could shape the way important technological innovations develop. Several of NetChoice's members develop and provide generative AI applications and services. A list of NetChoice members is available at https://netchoice.org/about/#association-members.

## ARGUMENT

"The district court has broad discretion to appoint *amici curiae*." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). Courts typically show "great liberality" when deciding whether to allow *amicus* briefs. *California v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). Participation of *amici curiae* serves the court by "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). These outside perspectives are particularly beneficial when, as here, courts must resolve complex and cutting-edge challenges involving emerging technologies. *See, e.g.*, *NetChoice, LLC v. Bonta*, 2023 WL 6131619 (N.D. Cal. Sept. 18, 2023).

Here, the Court has entered an order setting procedures for amicus curiae briefs relating to the parties' motions for summary judgment (ECF No. 592), and *Amici* have complied with that order. The Court previously granted leave for NetChoice to file an amicus brief in this case in opposition to Plaintiffs' motion for a preliminary injunction, raising related issues. *See* ECF No. 219 (Motion for Leave to File Brief); ECF No. 257 (granting motion).

*Amici*'s proposed brief will assist this Court by addressing the fair use doctrine as applied to the training of generative AI models, focusing on three points: (1) that the purpose of the Progress Clause of the Constitution, the Copyright Act, and the fair use doctrine is to promote the type of progress that generative AI models bring; (2) that training a generative AI model is a

transformative use; and (3) that the  market-dilution theory of harm, as advanced by the Plaintiffs in this case, misconstrues the fourth fair use factor and is antithetical to the purposes of copyright.

**CONCLUSION**

For these reasons, *Amici* respectfully request that the Court grant leave to file the attached brief (Ex. A).

Respectfully submitted,

Dated: April 27, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:  /s/ *Eric P. Tuttle*
Eric P. Tuttle
eric.tuttle@wsgr.com
Paul N. Harold
pharold@wsgr.com


*Attorneys for amici curiae the Computer and
Communications Industry Association,
A.I. Progress, Inc., and NetChoice, LLC*