Matthew J. Oppenheim
(admitted *pro hac vice*)
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com

*Attorney for Plaintiffs*

[Additional Counsel on signature page]

SONAL N. MEHTA (SBN 222086)
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

*Attorney for Defendant Anthropic PBC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>ANTHROPIC PBC,<br><br>                              Defendant. | Case No. 5:24-cv-03811-EKL-SVK<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT UNDER FRCP 15(a)(2)**<br><br>Judge Eumi K. Lee<br>Magistrate Judge Susan van Keulen |

Plaintiffs Concord Music Group, Inc., *et al.* (collectively, "Publishers"), and Defendant Anthropic PBC ("Anthropic"), (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate and request that the Court order, as follows:

WHEREAS, Publishers filed the First Amended Complaint ("FAC"), ECF No. 337, on April 25, 2025;

WHEREAS, certain of the Publishers, as well as other entities affiliated with Publishers, have filed another case against Anthropic, *Concord Music Group, et al. v. Anthropic PBC, et al.*, 5:26-cv-00880-EKL-SVK ("*Concord II*");

WHEREAS, the FAC asserts claims for direct copyright infringement (Count I), contributory infringement (Count II), vicarious infringement (Count III), and removal or alteration of copyright management information (Count IV);

WHEREAS, the parties met and conferred on April 13, 2026 regarding Anthropic's anticipated motion for summary judgment directed to the FAC, pursuant to Sec. VIII.A of the Court's Standing Order for Civil Cases ("Standing Order"), at which conferral Anthropic informed Publishers that Anthropic intended to move for summary judgment on the FAC's claims for contributory infringement (Count II) and vicarious infringement (Count III) (among other claims and issues);

WHEREAS, following that conferral, Publishers notified Anthropic on April 19, 2026 that Publishers do not intend to proceed on and intend to dismiss their claims for contributory infringement (Count II) and vicarious infringement (Count III) thereby narrowing disputed issues and reducing motion practice consistent with the Court's Standing Order;

WHEREAS, Publishers provided Anthropic a proposed stipulation on April 20, 2026 to memorialize Publishers' voluntary dismissal of Count II and Count III with prejudice;

WHEREAS, the Parties met and conferred on April 22, 2026 to further discuss Publishers' request to dismiss Counts II and III and Publishers;

WHEREAS, on April 24, 2026, the Court entered an Order Regarding Temporary Stay of Related Actions, directing the parties to, *inter alia*, promptly meet and confer regarding a "dismissal of Counts II and III for contributory and vicarious infringement" and, if the Parties

"agree to dismissal or withdrawal of these claims with prejudice," to "file an appropriate stipulation by May 15, 2026." Dkt. 697;

WHEREAS, pursuant to the Court's April 24, 2026 order, the parties met and conferred by videoconference on May 5, 2026 regarding dismissal of Counts II and III for contributory and vicarious infringement with prejudice by stipulation;

WHEREAS, Publishers seek leave under Federal Rule of Civil Procedure 15(a)(2) to file a Second Amended Complaint ("SAC") for the limited purpose of memorializing that Publishers do not intend to proceed on their claims for contributory infringement (Count II) and vicarious infringement (Count III), by deleting Count II and Count III from the Complaint;

WHEREAS, except as necessary to remove those claims and conform the pleading to those deletions, the proposed SAC does not otherwise materially alter the FAC;

WHEREAS, the Parties agree that such amendment will constitute a voluntary dismissal with prejudice of Publishers' claims for contributory infringement (Count II) and vicarious infringement (Count III) in this case;

WHEREAS, pursuant to Civil Local Rule 10-1, a full copy of the proposed SAC is attached hereto as **Exhibit A**;

WHEREAS, pursuant to Section VII.A of the Court's Standing Order, a redlined comparison of the SAC to the previously-filed pleading is attached hereto as **Exhibit B**;

WHEREAS, Anthropic consents to Publishers' filing of the proposed SAC attached as **Exhibit A**, without waiving any arguments, claims, or defenses;

WHEREAS, the Court's Order Regarding Temporary Stay of Related Actions also directed the Parties to "confirm that the dismissal or withdrawal of Counts II and III resolves or moots Anthropic's pending motion for summary judgment as to these claims," Dkt. 697;

WHEREAS, the Parties agree that this stipulation moots the portion of Anthropic's pending motion for summary judgment that seeks judgment as to Counts II and III, *see* Dkt. 694 at 29-33;

NOW, THEREFORE, IT IS HEREBY STIPULATED, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Civil Local Rule 7-12, by and among the parties through their respective

counsel, as follows:

1. Publishers voluntarily dismiss with prejudice their claims for contributory infringement (Count II) and vicarious infringement (Count III) of the 499 Works in Suit.

2. Publishers, as well as all entities that are plaintiffs in *Concord II* or would be bound by a judgment in *Concord I* (collectively, the "Bound Entities"), will not assert claims against Anthropic for contributory infringement or vicarious infringement of copyrighted musical compositions owned or controlled, in whole or in part, by the Bound Entities under the same legal theories pled in Counts II and III of the First Amended Complaint, *see* Dkt. 337, involving any Claude output prior to April 25, 2025. All parties reserve all rights with respect to the scope of the Bound Entities and resulting estoppel.

3. Publishers may file the Second Amended Complaint in the form attached as **Exhibit A** to this Stipulation.

4. Anthropic's current Answer to the First Amended Complaint shall be deemed an effective response to the corresponding paragraphs of the Second Amended Complaint, and Anthropic will not be required to file a separate Answer to the Second Amended Complaint.

5. This Stipulation shall not affect any existing case deadlines set by the Court, Dkt. 697.

6. This stipulation moots the portion of Anthropic's pending motion for summary judgment that seeks judgment as to Counts II and III, *see* Dkt. 694 at 29–33.

   **IT IS SO STIPULATED.**

Date: May 15, 2026

By:  /s/ Corey Miller
**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
Audrey L. Adu-Appiah
(admitted *pro hac vice*)

Respectfully submitted,

By:  /s/ Sonal Mehta
**WILMER CUTLER PICKERING HALE AND DORR LLP**

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306

4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com
aadu-appiah@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

Telephone: (650) 858-6000

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

JARED V. GRUBOW (*Pro Hac Vice*)
jared.grubow@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
250 Greenwich St
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant*

**SIGNATURE ATTESTATION PURSUANT TO CIVIL L.R. 5-1(h)**

Pursuant to Civil L.R. 5-1(h), I hereby attest that concurrence in the filing of the document was obtained from the document's signatories. I declare under penalty of perjury that the foregoing is true and correct.


Dated: May 15, 2026                                     /s/ Corey Miller
                                                           Corey Miller

# [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED:

1. Publishers' claims for contributory infringement (Count II) and vicarious infringement (Count III) are voluntarily dismissed with prejudice.

2. Plaintiffs are granted leave under Federal Rule of Civil Procedure 15(a)(2) to file the Second Amended Complaint in the form attached as **Exhibit A** to the parties' Stipulation.

3. Plaintiffs shall file the Second Amended Complaint within one week upon entry of this Order.

4. Anthropic's current Answer to the First Amended Complaint is hereby deemed an effective response to the corresponding paragraphs of the Second Amended Complaint, and Anthropic is not required to file a separate Answer to the Second Amended Complaint.

5. Publishers, as well as all entities that are plaintiffs in *Concord II* or would be bound by a judgment in *Concord I* (collectively, the "Bound Entities"), cannot assert claims against Anthropic for contributory infringement or vicarious infringement of copyrighted musical compositions owned or controlled, in whole or in part, the Bound Entities under the same legal theories pled in Counts II and III of the First Amended Complaint, *see* Dkt. 337, involving any Claude output prior to April 25, 2025.

6. The portion of Anthropic's pending Motion for Summary Judgment that seeks judgment on claims for secondary liability is denied as moot.  *See* Dkt. 694 at 29–33.

   **IT IS SO ORDERED.**

DATED:

THE HONORABLE EUMI K. LEE
UNITED STATES DISTRICT JUDGE