SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

Matthew J. Oppenheim
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com

*Attorneys for Defendant*
[Additional counsel on signature page]

*Attorneys for Plaintiffs*
[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>ANTHROPIC PBC,<br><br>                    Defendant. | Case No. 5:24-cv-03811-EKL-SVK<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING ANTHROPIC'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (DKT. 630)**<br><br>**CIV. L. R. 7-12**<br><br>Judge Eumi K. Lee<br>Magistrate Judge Susan van Keulen |

Pursuant to Civil Local Rule 7-12, Plaintiffs Concord Music Group, Inc.; Capitol CMG, Inc.; Universal Music Corp.; Songs of Universal, Inc.; Universal Music – MGB NA LLC; Polygram Publishing, Inc.; Universal Music – Z Tunes LLC; and ABKCO Music, Inc. and Defendant Anthropic PBC (collectively, the "Parties"), having conferred, hereby respectfully submit this joint stipulation and proposed order regarding Anthropic's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge re: Plaintiffs' Investigative Prompts and Outputs (Dkt. 630). In support of this joint stipulation and proposed order, the Parties state as follows:

WHEREAS, on January 2, 2026, Anthropic moved for relief from Judge van Keulen's October 12 and December 18 discovery orders (Dkts. 478, 545) regarding discovery into Publishers' prompts and outputs, *see* Dkt. 630;

WHEREAS, this Court held a hearing on that motion on March 26, 2026 and directed the Parties to meet and confer to attempt to resolve the dispute and file a status report and supplemental briefs regarding "how plaintiffs are using the pre-suit investigation information to support their summary judgment motion," March 26, 2026 Hearing Tr. at 52:8-11;

WHEREAS, the Parties met and conferred to resolve the dispute but were unable to reach resolution, *see* Dkt. 667;[1]

WHEREAS, the Parties filed supplemental briefs as directed by the Court, *see* Dkts. 668, 669, and a subsequent Notice and Response to Notice, *see* Dkts. 683, 684;

WHEREAS, on April 24, 2026, the Court stated that it would "hold in abeyance the pending motion for relief" until resolution of the secondary liability claims in the *Concord I* and *Concord II* cases and ordered the parties to "continue to meet and confer and file a stipulation or status report on the docket in the Original Case by May 22, 2026," Dkt. 697;

---

[1] Anthropic maintains that the conditions under which Publishers proposed to resolve the dispute were deficient for several reasons: (1) Publishers refused to provide a simple attestation under oath from each relevant entity as to the completeness of the account information provided, (2) Publishers suggested that *Anthropic* produce all third-party user information so that Publishers could use it to identify their *own* prompts, despite Judge van Keulen's rejection of that requirement given the "users' privacy interests," Dkt. 318 at 4, and (3) Publishers continue to suggest that *Anthropic* identify mischaracterized third-party records of prompt and output records that Publishers rely on, without Anthropic knowing the identity of Publishers' accounts, and even though it is *Publishers* who seek to rely upon this these prompts and outputs.

WHEREAS, on May 15, 2026, the Parties filed a joint stipulation and proposed order regarding the dismissal with prejudice of the secondary liability claims in *Concord I*, Dkt. 713;

WHEREAS, given that Anthropic's motion for relief argued that Publishers' use of their investigative information was "a sword to prove their secondary liability claims," Dkt. 630 at 3, the Parties agree that Anthropic's motion (Dkt. 630) is moot in light of the agreement by Publishers to prejudicially dismiss their secondary liability claims;

WHEREAS, Anthropic has agreed that the pending motion for relief is moot so that the Court can most efficiently resolve issues related to Publishers' investigation where they remain live. Accordingly, Anthropic maintains:

- The Parties' stipulation for dismissal with prejudice of Publishers' secondary liability claims and this stipulation regarding Anthropic's pending motion for relief do not affect Anthropic's Motion to Exclude Publishers' Experts Joshua Dennis (Dkt. 666) and Ben Zhao (Dkt. 663), which seek "relief under *Daubert* and do[] not address the appropriate remedy for Publishers' selective waiver of work-product," *see* Dkts. 666 at 8 n.4, 663 at 8 n.5;

- The Parties' stipulation for dismissal with prejudice of Publishers' secondary liability claims and this stipulation regarding Anthropic's pending motion for relief do not affect Anthropic's Motion for Summary Judgment and Opposition to Publishers' Motion for Partial Summary Judgment (Dkt. 694), with the exception of the portion of Anthropic's motion that the Parties have agreed is moot, *see* Dkt. 713 at 3 ("This stipulation moots the portion of Anthropic's pending motion for summary judgment that seeks judgment as to Counts II and III, *see* Dkt. 694 at 29–33.");

- Given that Publishers continue to affirmatively rely on information generated in connection with their investigation over which they are claiming work product, Anthropic reserves the right to move to preclude Publishers from relying on any aspect of their investigation for any purpose based on their waiver of privilege;[2]

---

[2] In connection with this stipulation, Anthropic asked Publishers to confirm whether they would agree not to rely on "their investigation for any purpose going forward." Publishers did not agree.

- Anthropic reserves the right to oppose any argument by Publishers that resolution of Anthropic's motion for relief is relevant to the still-pending motions or Publishers' broader waiver of privilege.

WHEREAS, Publishers reserve the right to oppose those motions and arguments on all grounds, including on the ground that the Parties' stipulation for dismissal with prejudice of Publishers' secondary liability claims and this stipulation regarding Anthropic's pending motion for relief affects Anthropic's claimed entitlement to the relief Anthropic seeks in those motions;[3]

NOW, THEREFORE, the Parties stipulate, subject to the Court's approval, that Anthropic's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge re: Plaintiffs' Investigative Prompts and Outputs (Dkt. 630) is moot.

Date: May 22, 2026

Respectfully Submitted,

/s/ Corey Miller
MATTHEW J. OPPENHEIM
matt@oandzlaw.com
JEFFREY M. GOULD
jeff@oandzlaw.com
NICHOLAS C. HAILEY
nick@oandzlaw.com
COREY MILLER
corey@oandzlaw.com
AUDREY L. ADU-APPIAH
aadu-appiah@oandzlaw.com
(admitted pro hac vice)
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999

JENNIFER PARISER
jpariser@oandzlaw.com
ALEXANDER KAPLAN
alex@oandzlaw.com
ANDREW GUERRA

/s/ Sonal N. Mehta
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)

---

[3] In connection with this stipulation, Publishers reiterated their request that Anthropic (a) provide under coverage of the Protective Order the email addresses associated with the Anthropic-produced Claude records cited in Publishers' summary judgment motion, to further confirm those records as third-party records, and (b) identify any specific Claude records cited by Publishers that Anthropic believes have been miscategorized as third-party records. Anthropic did not agree.

andrew@oandzlaw.com
BRET MATERA
bmatera@oandzlaw.com
TIMOTHY CHUNG
tchung@oandzlaw.com
MICHELLE GOMEZ-REICHMAN
mgomez-reichman@oandzlaw.com
(admitted pro hac vice)
**OPPENHEIM + ZEBRAK, LLP**
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156

JEFFREY G. KNOWLES (SBN 129754)
ef-jgk@cpdb.com
**COBLENTZ PATCH DUFFY & BASS
LLP**
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800

RICHARD S. MANDEL
rsm@cll.com
JONATHAN Z. KING
jzk@cll.com
RICHARD DANNAY
rxd@cll.com
(admitted pro hac vice)
**COWAN, LIEBOWITZ & LATMAN, P.C.**
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200

*Attorneys for Plaintiffs*

robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

JARED V. GRUBOW (*Pro Hac Vice*)
jared.grubow@wilmerhale.com
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
250 Greenwich St
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant*

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I hereby attest under penalty of perjury that all other signatories listed, and on whose behalf this filing is submitted, concur in the content and have authorized this filing.

Date: May 22, 2026

/s/ *Sonal N. Mehta*
Sonal N. Mehta

## [PROPOSED] ORDER

Pursuant to the Parties' Stipulation, the Court hereby **ORDERS** that Anthropic's Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge re: Plaintiffs' Investigative Prompts and Outputs (Dkt. 630) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
THE HONORABLE EUMI K. LEE
United States District Judge