**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendant.

Case Number: 5:24-cv-03811-EKL-SVK

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE OPINIONS OF DR. JEFFREY BILMES**

**REDACTED**

Judge Eumi K. Lee
Magistrate Judge Susan van Keulen
Hearing Date: October 21, 2026
Time: 10:00 AM
Courtroom 7

Far from indiscriminately using *Daubert* as a "shotgun," Publishers' Motion to Partially Exclude the Opinions of Dr. Jeffrey Bilmes ("Mot."), ECF No. 642, appropriately targets the subset of Dr. Bilmes's opinions for which Dr. Bilmes employs no reliable methodology, improperly adopts hearsay statements, or uses confusing and prejudicial language. Anthropic's Opposition ("Opp."), ECF No. 748, tries to rewrite the unambiguous contents of Dr. Bilmes's challenged opinions while levying *ad hominem* and whataboutism attacks on Publishers to distract from the obvious deficiencies in those opinions. The Court need not engage with Anthropic's irrelevant arguments and mudslinging to grant Publishers' Motion.

## ARGUMENT

### I. Dr. Bilmes May Not Serve as a Passive Mouthpiece for Anthropic's Witnesses

"Experts may not offer a factual narrative simply to give it the imprimatur of 'expert' testimony." *Laatz v. Zazzle, Inc.*, 2025 WL 3205586, at *7 (N.D. Cal. Nov. 17, 2025). Where Dr. Bilmes offers such opinions, the Court should exclude them.

#### A. Dr. Bilmes's Deduplication Opinions Are Unsupported by Expert Analysis

Dr. Bilmes's opinions about the effectiveness of Anthropic's deduplication are improper because he applies no expert analysis. Across his "hundreds of pages" of reports, Dr. Bilmes never does ***anything*** to determine how Anthropic actually deduplicated data for use in model training. Opp. 1. Dr. Bilmes does not examine [redacted] including Publishers' lyrics. Nor does he review any [redacted], as he does for his analysis of Claude's guardrails. *See, e.g.*, Rpt. ¶¶ 235–53.[1] Instead, Dr. Bilmes's opinions "amount to nothing more than his summary of [] depositions or [internal planning] documents," *Cisco Sys. Inc. v. Arista Networks, Inc.*, 2016 WL 11752975, at *5 (N.D. Cal. Nov. 16, 2016), that describe how deduplication is supposed to work but do not establish ***whether it actually does***. *See* Mot. 5 (citing examples of Dr. Bilmes's restatement of Anthropic witness testimony). While "an expert can appropriately rely on the opinions of others if other evidence supports his opinion and the record demonstrates that the expert conducted an ***independent evaluation of that evidence***," *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D.

[1] "Rpt.," "Rebuttal," and "Reply," are defined in Publishers' Motion.

534, 544 (C.D. Cal. 2012) (emphasis added), Dr. Bilmes conducted none. His failure to perform "independent testing [] casts doubt on the reliability of his opinions," *id.* at 545, which "are of limited value because it does not appear he applied any methodology." *id.* at 547.

Dr. Bilmes's bald assertions that [redacted] that Anthropic applied [redacted]" that Anthropic "[redacted]," Rpt. ¶¶ 117–18; or that [redacted] *id.* ¶ 312, simply regurgitate Anthropic witnesses' assertions and lack any discernible expert analysis.

Anthropic's response that Dr. Bilmes "applied his expertise in AI to case-specific evidence to reach independent conclusions about deduplication," Opp. 4, bears no resemblance to his actual opinions. Because Anthropic identifies no analytical step that Dr. Bilmes actually took or independent conclusions he reached, Anthropic's invocation of *Camenisch v. Umpqua Bank*, 763 F. Supp. 3d 871 (N.D. Cal. 2025) actually cuts against it. There, the expert's analysis was based on testimony and expertise, *id.* at 884, whereas here, Dr. Bilmes did not perform an analysis at all. For the same reason, Anthropic cannot distinguish, Opp. 4, the other cases Publishers cited in their Motion, Mot. 5–6. The problem is not a lack of expertise but a failure to "apply his personal experience and knowledge to add any substantive analysis." *Cisco*, 2016 WL 11752975, at *5.

Anthropic also mischaracterizes Publishers' Motion as demanding experts "conduct a sufficiently searching review of Anthropic's deduplication processes" or "review source code or run specific tests." Opp. 4. Anthropic misses the point. Dr. Bilmes's opinions are inadmissible because he applied no expert analysis, not because he failed to perform a specific test. In contrast, Publishers' expert, Dr. Shawn Shan, properly applied his expertise—designing and executing search and matching systems and then validating and analyzing the results—before opining about Claude's training data. ECF No. 687-9 (Shan Rpt.) ¶¶ 42–54. Anthropic does not defend Dr. Bilmes's unfounded opinion that [redacted]. Opp. 5. But that opinion has the same basis as Dr. Bilmes's other opinions

about Anthropic's deduplication practices—that is, none. Where one falls, all the rest must as well.

### B. Dr. Bilmes's Recitation of Conversations with Mr. Mann Is Improper

Dr. Bilmes repeatedly acts as a mouthpiece for factual hearsay statements from Anthropic employee Benjamin Mann. Dr. Bilmes does not permissibly rely on witness testimony to fill "small factual gaps," Opp. 10, as Anthropic argues. Instead, Dr. Bilmes merely recites Mr. Mann's claims verbatim. Because Dr. Bilmes performs no identifiable analysis to reach these conclusions and merely serves as a conduit for Mr. Mann's statements, these opinions must be excluded.

The cases Anthropic cites show why Dr. Bilmes's regurgitation of hearsay must be excluded. *Oracle Am., Inc. v. Google, Inc.* held that "[e]xpert reliance on foundational facts supplied by [a party's witnesses] can be proper so long as [the fact witnesses] testify to the foundational facts with ***firsthand knowledge***." 2011 WL 5914033, at *1 (N.D. Cal. Nov. 28, 2011) (emphasis added). Anthropic has not even tried to demonstrate that Mr. Mann has firsthand knowledge of the facts he supplied to Dr. Bilmes, highlighting the dangers of relying on hearsay. And in both *Oracle* and *V5 Techs. LLC v. Switch, Ltd.*, the experts, unlike Dr. Bilmes, relied on witness interviews for facts that informed their own opinions, not for the analytical conclusions themselves. *Oracle*, 2011 WL 5914033, *1–2; *V5 Techs., LLC v. Switch, Ltd.*, 501 F. Supp. 3d 960, 964 (D. Nev. 2020).

Finally, Anthropic's suggestion that Publishers could have deposed Mr. Mann on these topics ignores the obvious fact that Mr. Mann's conversations with Dr. Bilmes and Dr. Bilmes's reports ***post-date*** Mr. Mann's deposition and the close of fact discovery. Publishers could not have examined Mr. Mann regarding statements he had not yet made. *Oracle*, 2011 WL 5914033, at *2 (recognizing need for additional depositions of witnesses who "spoon-fed" information to expert).

## II. Dr. Bilmes's Use of Prejudicial Terminology Is Improper

Anthropic defends Dr. Bilmes's characterizations of Anthropic's web-scraping as "permitted" and Anthropic's use of Publishers' lyrics as "transformative" by casting them as innocent, non-legal opinions. But such framing ignores Dr. Bilmes's unambiguous invocation of legal concepts, which Anthropic's specious citation of caselaw cannot save.

**A. "Permissive"-Framing Will Confuse the Jury and Lacks Probative Value**

Anthropic ignores Rule 403, which requires courts to exclude evidence if its "probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury." Fed. R. Evid. 403. That charge "is especially true with respect to expert witnesses." *In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008). Dr. Bilmes's "permission"-laden characterizations of the Robots Exclusion Protocol are precisely such evidence. While describing how the Protocol works may be proper, the only reason Dr. Bilmes frames [redacted] is to confusingly suggest Anthropic had ***legal*** permission to copy Publishers' lyrics.

Dr. Bilmes's belated claim that he only intended to address [redacted] Reply ¶ 77, not whether Anthropic had the legal right to copy Publishers' lyrics, does not cure the problem. Dr. Bilmes offered that caveat only after he had already saturated his opinions with improper "permission" descriptions. *See* Rpt. ¶¶ 301–310; Rebuttal ¶¶ 10.c, 56; Reply ¶¶ 71–78, 219, 222, 259. Dr. Bilmes's refusal to stand by his prior characterizations now only underscores the impropriety of using such confusing language in the first place, which also contaminates the reliability of Dr. Bilmes's methodology. Dr. Bilmes only reliably measures [redacted], not whether [redacted]. Indeed, Publishers' experts only agree that the Protocol defines robots.txt functionality, ***not*** that the absence of "Disallow" or robots.txt instructions equates to "permission" to access a website's content. *See, e.g.*, ECF No. 760-23 (Zhao Reply) ¶¶ 73–84; ECF No. 687-26 (Shan Reply) ¶¶ 19–20.

**B. Dr. Bilmes's "Transformative" Opinions Constitute Legal Conclusions**

Anthropic's defense of Dr. Bilmes's opinions that Anthropic's use of lyrics was "transformative" tries, too late, to walk back clearly improper opinions. Dr. Bilmes's opinions are improper because whether Anthropic's use of lyrics was "transformative" is a legal, not factual, question. "Fair use is a mixed question of law and fact, but the 'question primarily involves legal work.'" *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1038 (N.D. Cal. 2025) (quoting *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 24 (2021)). Anthropic cites no case holding that transformativeness is a factual question. *Chosen Figure LLC v. Kevin Frazier Prods., Inc.*, 795 F.

Supp. 3d 1232, 1250 (C.D. Cal. 2025) (observing lack of "caselaw, whether persuasive or binding, that held that transformativeness must be forwarded to the jury for determination").

Even if Dr. Bilmes's opinions were not legal conclusions, they are prejudicial. Dr. Bilmes's use of "transformative" can only confuse the jury into thinking that he is invoking that legal concept—Dr. Bilmes uses that label to create precisely that confusion. Anthropic's and Dr. Bilmes's claims that Dr. Bilmes used "transformative" in a "more general sense . . . consistent with how it is used in the machine learning community," Opp. 8, transparently attempts to rewrite Dr. Bilmes's earlier opinions. Dr. Bilmes made no such representation in his opening Report or Rebuttal, though he certainly could have, and his opinions plainly use "transformative" in its legal sense. Rpt. ¶ 17 ([redacted]); *id.* ¶¶ 286–300 (describing the [redacted]). Indeed, in at least one instance he explicitly invokes "[redacted]." Reply ¶ 65 (emphasis added). The Court should give such whitewashed narratives no serious credence.

Anthropic's reliance on *United States v. Diaz,* 876 F.3d 1194 (9th Cir. 2017) is doubly mistaken. First, *Diaz* confirmed "an expert witness cannot give an opinion as to her *legal conclusion*, *i.e.*, an opinion on an ultimate issue of law," *id.* at 1197 (citation omitted), which is precisely what Dr. Bilmes does in describing Anthropic's use of Publishers' lyrics as "transformative." Second, *Diaz* prohibits confusing non-legal terminology carrying a "separate, distinct and specialized meaning in the law different from that present in the vernacular." *Id.* at 1198. As a "judicially created" term of art, *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1157 (9th Cir. 2022), "transformativeness" carries a "specialized meaning in the law" in the context of fair use. This presents an inescapable dilemma: either Dr. Bilmes improperly opined on an ultimate legal issue, or he offered an opinion about "transformativeness" untethered from copyright law. In the former case, the opinion is outside the scope of permissible expert testimony. In the latter case, the opinion is prejudicial under Rule 403 because a lay factfinder would map Dr. Bilmes's repeated "transformative" opinions onto the term's specialized fair use meaning. Neither is proper.

**CONCLUSION**

For these reasons, Publishers respectfully request that the Court grant Publishers' Motion.

Dated: August 18, 2026

Respectfully submitted,

/s/ *Timothy Chung*
**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*