SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

ALEX W. MILLER (*pro hac vice pending*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*pro hac vice*)
jared.grubow@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

LOUIS W. TOMPROS (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

*Attorney for Defendant Anthropic PBC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiff,

vs.

ANTHROPIC PBC,

Defendant.

Case No. 5:24-cv-03811-EKL-SVK

**DEFENDANT ANTHROPIC PBC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11**

Judge Eumi K. Lee

[N.D. Cal. Civil L.R. 3-12 & 7-11]

Pursuant to Civil Local Rules 3-12 and 7-11, Defendant Anthropic, PBC ("Anthropic") respectfully requests that this Court relate the recently filed action *Round Hill Music LP, et al. v. Anthropic PBC*, No. 5:26-cv-08505-CRB (N.D. Cal.) (the "*Round Hill Action*"), to the earliest-filed and lowest-numbered action before this Court, *Concord Music Group, Inc. v. Anthropic PBC*, No. 5:24-cv-03811-EKL-SVK ("*Concord I*"), and to the related actions *Concord Music Group, Inc. v. Anthropic PBC*, No. 5:26-cv-00880-EKL-SVK ("*Concord II*") and *BMG Rights Management (US) LLC v. Anthropic PBC*, No. 3:26-cv-02334-EKL-SVK ("*BMG*") (collectively, the "*Concord/BMG Actions*").

**OVERVIEW**

Anthropic seeks to relate cases that involve the same claims asserted against the same defendant regarding the same AI technologies, alleged infringing conduct, methods of collection, and types of copyrights over the same time period. Round Hill Music LP; Round Hill Music Royalty Fund II, LP; Round Hill Music Royalty Fund III, LP; Round Hill Music Royalty Fund III Plus, LP; GFP Co-Invest, LP; and RH Carlin Holdings LLC (collectively, "Round Hill") filed the *Round Hill Action* on August 17, 2026.[1] Like the *Concord/BMG Actions*, the *Round Hill Action* is a copyright case alleging that Anthropic's Claude AI models allegedly use the text of a music publisher's song lyrics in training data and purportedly reproduce lyrics in outputs. The claims in the *Round Hill Action* are virtually identical to those in the *Concord/BMG Actions*. Like the plaintiff publishers in the *Concord/BMG Actions*, the *Round Hill* plaintiffs are also music publishers. Round Hill similarly alleges that Anthropic copied lyrics from public sources across the internet, removed copyright-management information ("CMI") using extraction tools, used lyrics to train Claude models, and generated user-requested output that included those lyrics. *Compare Round Hill* Compl. ¶¶8, 31–60, *with Concord I* FAC. ¶¶57–106, *Concord II* SAC ¶¶58–87, 94–109, *and BMG* Compl. ¶¶32–51, 54–76. The *Round Hill Action* complaint rightly

---

[1] The *Round Hill Action* is currently assigned to Judge Charles R. Breyer. *See Round Hill Action*, Dkt. 8. There, Round Hill filed an Administrative Motion to relate the *Round Hill Action* to a separate, later-filed action that they brought against an AI music generation company, Suno, Inc., and Bright Data Ltd., a provider of data-scraping services. *See id.* Dkt. 10; *Round Hill Music LP v. Suno, Inc.*, Case No. 3:26:cv-08507-RFL (N.D. Cal.). Anthropic has opposed that motion, *see Round Hill Action*, Dkt. 21, and has asked Judge Breyer to refer consideration of relation of the *Round Hill Action* to this Court.

identified *Concord I*, *Concord II*, and *BMG* as "***related actions*** against Anthropic for copyright infringement … currently pending in this District." *Round Hill* Compl. ¶21 (emphasis added); *see also id.* ¶7; *see also Round Hill* Dkt. 1-3 (civil cover sheet). And Round Hill expressly relies on evidence from *Concord I* and *II* as the basis for some of the allegations in its complaint. *See, e.g.*, *Round Hill* Compl. ¶¶53 (regarding Anthropic's guardrails), 61 (regarding torrenting).

For judicial efficiency, and because these cases turn on substantially the same conduct by the same defendant, they should proceed before a single Judge.

**ARGUMENT**

Civil Local Rule 3-12(b) requires that "[w]henever a party knows … that an action, filed in … this district is (or the party believes that the action may be) related to an action which is … pending in this District … the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." An action "is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). Both are satisfied here.

**I. The Actions Concern Substantially the Same Parties, Property, Transactions, and Events**

The *Round Hill Action* involves substantially the same parties, transactions, property, and events as the *Concord/BMG Actions*, thus strongly counseling in favor of relation under Civil Local Rule 3-12(a).

First, the transactions and events at the heart of the *Round Hill Action* are similar to the ones already before this Court in the *Concord/BMG Actions*. The same type of conduct—Anthropic's alleged use of lyrics from copyrighted musical compositions as training data—drives every action. *Round Hill* Compl. ¶¶3, 8, 31–38, 73; *Concord I* FAC ¶¶57–71; *Concord II* SAC ¶¶88–100; *BMG* Compl. ¶¶38–46. And these events are "center[ed] around the same technology": Anthropic's Claude models. *See, e.g.*, *Pepper v. Apple Inc.*, 2019 WL 4783951, at *1–2 (N.D. Cal. Aug. 22, 2019) (relating cases where the defendant and underlying technology was common

to all cases).

The *Round Hill Action* complaint mimics the specific allegations of the *Concord/BMG Actions*. All cases allege that Anthropic (i) collected lyrics from the public internet and (in *Concord II, BMG*, and *Round Hill*) from allegedly torrented books; (ii) intentionally removed CMI; and (iii) caused Claude to generate outputs that include lyrics. *Compare Round Hill* Compl. ¶¶31–60, *with Concord I* FAC ¶¶57–106, *Concord II* SAC ¶¶57–58, 88–109, *and BMG* Compl. ¶¶4–9, 32–36, 38–51, 54–56. The alleged facts underpinning each claim are nearly identical: each case revolves around the same exact data sources allegedly used to train Anthropic's models, including "Common Crawl" and "The Pile," and specifically including the "YouTube Subtitles" dataset. *Round Hill* Compl. ¶¶33–36; *Concord I* FAC ¶¶67–70; *Concord II* SAC ¶¶95–96; *BMG* Compl. ¶42. The *Round Hill Action*, like *BMG* and *Concord II*, also alleges that Anthropic downloaded and used books, songbooks, and sheet music from the online libraries Library Genesis and PiLiMi. *Round Hill* Compl. ¶¶33, 37; *BMG* Compl. ¶¶32, 47–51; *Concord II* SAC. ¶¶67–78. Each also involves the same allegations regarding Anthropic's data cleaning and filtering processes and the text extraction tool "Newspaper," allegedly used to remove CMI from works. In fact, the *Round Hill Action* complaint copies the same quotes in the *Concord/BMG Action* complaints, alleging that Anthropic views CMI as "boilerplate" and "useless junk." *Round Hill* Compl. ¶¶44–46; *Concord I* FAC ¶¶71–74; *Concord II* SAC ¶¶104–105; *BMG Compl.* ¶33. And each complaint includes allegations regarding the efficacy of Claude guardrails in preventing allegedly infringing outputs. *Round Hill* Compl. ¶¶53–60; *Concord I* FAC ¶¶119-127; *Concord II* SAC ¶¶115–120; *BMG Compl.* ¶¶62–70. As a result, the same discovery will be required to address the same "novel and nuanced" factual and legal questions about the copyright implications for Claude's training and outputs. *Zakinov v. Ripple Labs, Inc.*, 2020 WL 2768966, at *3 (N.D. Cal. May 28, 2020).

Second, the *Round Hill Action* involves the same primary defendant as the other three actions, Anthropic, PBC. It is of no matter that *Concord II* also names two Anthropic executives. Minor differences in parties, alone, are insufficient to defeat relation. Like the plaintiffs in the pending actions, Round Hill is a music publisher that claims to own copyrights in musical

compositions and alleges that Anthropic infringed those copyrights through reproduction or distribution of certain song lyrics. *Round Hill* Compl. ¶¶1–2, 10–16. This Court rightly recognized that cases brought by plaintiff music publishers asserting these identical claims against Anthropic are related (even with different music publisher plaintiffs) when it related the *BMG Action* to the earlier filed *Concord I* and *Concord II*. *See BMG Action*, Dkt. 23; *see also Fin. Fusion, Inc. v. Ablaise Ltd.*, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006) (relating cases where the same intellectual property and same defendant was at issue, notwithstanding different plaintiffs).

Third, both cases involve the same type of property: copyrights in musical compositions, which may include lyrics. Relation remains appropriate even though the *Round Hill Action* involves 500 different registered works (distinct from the 22,223 works asserted in the *Concord/BMG Actions*). The Local Rules do not require identity of specific property interests—only "substantially the same … property." Civ. L.R. 3-12(a). A lack of exact identity of the property is outweighed by overlapping discovery regarding the underlying events to avoid duplication of efforts. For example, in *JaM Cellars, Inc. v. Wine Group LLC*, the court found the cases related even where the "[trade]marks, and some portion of evidence differ[ed]," because relation would "avoid duplication of labor." 2020 WL 2322992, at *1 (N.D. Cal. May 11, 2020). Likewise, even in cases involving different physical properties, relation is appropriate where "all of the discovery" sought "would be equally applicable to both cases" such that allowing one case to "proceed[] unilaterally [] would result in duplication of effort on behalf of all of the parties." *City of Oakland v. Holder*, 961 F. Supp. 2d 1005, 1016 (N.D. Cal. 2013). Here, the bulk of the discovery has involved (in *Concord I*) and will involve (in *Concord II*, *BMG*, and *Round Hill*) the technical requirements and processes to train Anthropic's models—not the specifics of the thousands of asserted musical composition copyrights. *See Pepper*, 2019 WL 4783951, at *1–2 (relating cases where "significant economies" existed for case management and discovery tied to the same underlying technology).

## II. Proceeding Before Different Judges Would Cause Unduly Burdensome Duplication and Risk Conflicting Results

"[J]udicial economy and the risk of inconsistent results, is by far the more important of

the two" considerations for relation. *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2012 WL 3757486, at *4 n.10 (N.D. Cal. July 5, 2012). Both counsel strongly in favor of relation here.

The *Round Hill Action*—like the *Concord/BMG Actions*—is about the novel and complex way that Claude is built and trained, and how copyright law (including the complex doctrine of fair use) applies in the context of Claude's training and allegedly infringing outputs. Those issues should be addressed by a single court, preferably the court that is already familiar with the facts. Having a different court preside over the *Round Hill Action* would force the presiding judge to duplicate the substantial work this Court has already undertaken to familiarize itself with the complex facts pertaining to Claude's development, training, and guardrails, as well as the relevant alleged markets for lyrics as they relate to AI training. That duplication would at minimum be a waste of judicial resources, and at worst risks inconsistent rulings on the very same conduct and same core claims—including fair use as applied to Claude's training, and the "double scienter" standard under Section 1202. And like the *Round Hill Action*, *Concord II* and *BMG* are at the pleading stage, enabling coordinated discovery and case management across the three cases. The *Round Hill Action* should thus be related to the *Concord/BMG Actions* to avoid inconsistent results and because "significant economies exist in terms of case management and resolution of motions inextricably tied to an understanding of the technology, platform markets, and the transactions at issue." *See Pepper*, 2019 WL 4783951, at *1.

## III. The Court May Wish to Include the *Round Hill* Plaintiffs in the Upcoming Status Conference

Anthropic notes that the Court has set a status conference for September 2, 2026 to discuss coordination of the *Concord I*, *Concord II*, and *BMG* actions. *Concord I*, Dkt. 726. The Court may wish to consider inviting the *Round Hill Action* plaintiffs to participate in that conference (or, if necessary, rescheduling the status conference to a date on which the *Round Hill Action* plaintiffs are able and prepared to participate).

## CONCLUSION

For the foregoing reasons, Anthropic respectfully requests that the Court find the *Round Hill Action* related to the *Concord/BMG Actions* under Civil Local Rule 3-12(a).

Date: August 25, 2026

Respectfully submitted,

By: */s/ Sonal N. Mehta*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*pro hac vice*)
louis.tompros@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

ALEX W. MILLER (*pro hac vice pending*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*pro hac vice)*
jared.grubow@wilmerhale.com
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant*
**ANTHROPIC PBC**