**OPPENHEIM + ZEBRAK, LLP**
MATTHEW J. OPPENHEIM
(admitted *pro hac vice*)
matt@oandzlaw.com
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999

*Attorneys for Concord II Plaintiffs*
(other counsel listed on signature page)

**MANATT, PHELPS & PHILLIPS, LLP**
ROBERT A. JACOBS (SBN 160350)
*rjacobs@manatt.com*
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000

*Attorneys for Plaintiff BMG Rights Management (US) LLC*
(other counsel listed on signature page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC, ET AL.,

Defendants.

Case Number: 5:26-cv-00880-EKL-SVK

**PLAINTIFFS' POSITION STATEMENT REGARDING DESTRUCTIVE-SCANNING DISCOVERY**

Judge Eumi K. Lee
Magistrate Judge Susan van Keulen

BMG RIGHTS MANAGEMENT (US) LLC,

Plaintiff,

v.

ANTHROPIC PBC,

Defendant.

Case Number: 5:26-cv-02334-EKL-SVK

**PLAINTIFFS' POSITION STATEMENT REGARDING DESTRUCTIVE-SCANNING DISCOVERY**

Judge Eumi K. Lee
Magistrate Judge Susan van Keulen

Plaintiffs in *Concord Music Group, Inc., et al. v. Anthropic PBC, et al.*, Case No. 26-cv-00880-EKL-SVK ("*Concord II*") and *BMG Rights Management (US) LLC v. Anthropic PBC*, Case No. 26-cv-02334-EKL ("*BMG*") allege that Anthropic infringed their copyrights by scanning and destroying print books containing their copyrighted musical compositions and lyrics. Anthropic's acquisition and digitization of Plaintiffs' works via this destructive scanning implicates distinct factual and legal issues that will not be resolved by the pending summary judgment motions in *Concord Music Group, Inc., et al. v. Anthropic PBC*, Case No. 5:24-cv-03811-EKL-SVK ("*Concord I*"). Anthropic's destructive scanning shares more in common with its torrenting of pirated books because both involve copying books containing Plaintiffs' works, rather than scraping Plaintiffs' lyrics from the internet. Indeed, Anthropic kept these torrented and scanned books (and potentially other misappropriated works) as part of a general-purpose library for its own uses. Coordinating discovery into Anthropic's destructive scanning and torrenting will create efficiencies for the Parties and the Court, while postponing discovery into destructive scanning pending the *Concord I* summary judgment ruling would serve no purpose but delay. Accordingly, pursuant to the Court's Order, *Concord II*, ECF No. 117, Plaintiffs respectfully request that "Phase 1" discovery include both Anthropic's torrenting and destructive scanning of books.

## I. <u>Anthropic's destructive scanning raises unique issues not addressed in *Concord I.*</u>

Judge Alsup's June 2025 summary judgment ruling in *Bartz, et al. v. Anthropic PBC* first revealed that Anthropic "destructively scan[ned]" "millions" of copyrighted print books. 787 F. Supp. 3d 1007, 1014–18, 1023 (N.D. Cal. 2025). In particular, Anthropic "purchased copyrighted books (some overlapping with those acquired from the pirate sites [LibGen and PiLiMi]), tore off the bindings, scanned every page, and stored them in digitized, searchable files . . . to amass a central library of 'all the books in the world' to retain 'forever.'" *Id.* at 1014. That order also revealed Anthropic had likewise "downloaded for free millions of copyrighted books in digital form from pirate sites" LibGen and PiLiMi. *Id.* Judge Alsup's July 2025 class certification ruling in *Bartz* further revealed Anthropic downloaded these books from pirate sites specifically via torrenting. *Bartz v. Anthropic PBC*, 791 F. Supp. 3d 1038, 1046–47 (N.D. Cal. 2025).

When the *Concord I* plaintiffs moved to amend their complaint to address Anthropic's

torrenting, *Concord I*, ECF No. 411, Anthropic argued it would "fundamentally transform [the] case." *Concord I*, ECF No. 419 at 3. The Court denied that motion on the basis that *Concord I* was limited to the theory that "[Anthropic's training] data was derived from scraping," *Concord I*, ECF No. 468, and did not include claims related to other "methods by which copyrighted materials were collected." *Concord I*, ECF No. 474 at 26:9–22. Accordingly, the *Concord I* summary judgment motions address neither torrenting nor destructive scanning. *Concord I*, ECF Nos. 594, 693.

Plaintiffs filed *Concord II* and *BMG* to, *inter alia*, pursue claims as to Anthropic's other methods of acquiring Plaintiffs' works, including by torrenting and destructively scanning books containing their works. *Concord II*, ECF No. 93; *BMG*, ECF No. 44. The *Concord II* plaintiffs allege Anthropic "commenced an unauthorized scanning and digitization program" that copied "hundreds or more songbooks and sheet music collections" containing their works by "purchasing physical books, reproducing them as digital files without authorization, and adding those copies to its central library," all "to acquire 'all the books in the world' while avoiding as much 'legal/practice/business slog' as possible." *Concord II*, ECF No. 93 ¶ 97. The *BMG* complaint makes similar allegations. *See, e.g.*, *BMG*, ECF No. 44 ¶¶ 10, 31, 45, 51–53, 114.

## II. <u>Destructive scanning discovery should proceed without delay.</u>

The Court ordered that "Phase 1" discovery proceed on Anthropic's torrenting of pirated books, while deferring discovery on Anthropic's AI training and output pending resolution of the *Concord I* summary judgment motions addressing those issues. *Concord II*, ECF No. 117. Discovery into destructive scanning should proceed in "Phase 1" discovery for multiple reasons.[1]

First, like Anthropic's torrenting of pirated books, Anthropic's destructive scanning—specifically, the unauthorized copying and digitization of Publishers' print works—implicates discrete instances of infringement even before reaching Anthropic's use of those works for AI training. *See, e.g.*, *Hachette Book Grp., Inc. v. Internet Archive*, 115 F.4th 163, 181 (2d Cir. 2024) ("'[R]ecasting of a novel as an e-book' [is] a 'paradigmatic' example of a derivative work" and holding that digitization and distribution of plaintiffs' works without permission was not fair use).

[1] On Sept. 9, 2026, the parties' counsel conferred by videoconference about whether discovery on Anthropic's destructive scanning claims should proceed in "Phase 1," but were unable to agree.

Anthropic's destructive scanning implicates a distinct theory of liability and separate facts from Plaintiffs' AI training and output claims—based on different methods by which Anthropic initially copied those works (destructively scanning vs. scraping), different sources from which Anthropic copied those works (print books vs. online sources), and different motivations animating that copying (building a "central library" vs. collecting data for AI training specifically).

The *Concord I* summary judgment motions do not address this distinct theory of liability because, in denying the motion to amend in *Concord I*, the Court drew a clear line based on method of data collection. *See supra* at 2. Thus, unlike the AI training and output claims, the outcome of the *Concord I* summary judgment motions will not guide the Parties on how to proceed on the destructive scanning claims or Anthropic's other content-acquisition methods not at issue there.

Moreover, discovery into Anthropic's destructive scanning and torrenting of Plaintiffs' works will overlap, which further supports proceeding on both concurrently. Both issues involve Anthropic's copying of books as part of its effort to create a "central library" containing "all the books in the world," and many of the books Anthropic destructively scanned "overlap[]" with the ones it torrented from pirate websites. *Bartz*, 787 F. Supp. 3d at 1014; *see Concord II*, ECF No. 93 ¶ 97. Discovery into Anthropic's central library and its uses, Plaintiffs' licenses with book publishers, and the economics of print book and e-book markets are directly relevant to both torrenting and destructive scanning. Further, because discovery into Anthropic's destructive scanning and torrenting will involve time-intensive, file-by-file analysis of the books Anthropic copied to identify which contain Plaintiffs' works, it will be more efficient to perform this review once rather than piecemeal.

That the *Concord II* plaintiffs pled their destructive scanning claims under the same "Count" as AI training and output does not justify delaying discovery into the former; staying discovery on that basis would elevate empty formalism over practical realities. Underscoring this point, *BMG*'s destructive scanning allegations appear throughout its Amended Complaint generally and directly in its cause of action on Anthropic's torrenting and its creation of a central library—*i.e.*, separate from BMG's cause of action for infringement by training. *BMG*, ECF No. 44 ¶¶ 10, 31, 45, 51–53, 114. Therefore, destructive scanning discovery fits well within Phase 1.

Dated: September 11, 2026

By: /s/ *Nicholas C. Hailey*

**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim (*pro hac vice*)
Nicholas C. Hailey (*pro hac vice*)
Corey Miller (*pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
corey@oandzlaw.com

Jennifer Pariser (*pro hac vice*)
Andrew Guerra (*pro hac vice*)
Bret Matera (*pro hac vice*)
Timothy Chung (*pro hac vice*)
Michelle Gomez-Reichman (*pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com
bmatera@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel (*pro hac vice*)
Jonathan Z. King (*pro hac vice*)
Richard Dannay (*pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Concord II Plaintiffs*

Respectfully submitted,

By: */s/ Robert A. Jacobs*

**MANATT, PHELPS & PHILLIPS, LLP**
ROBERT A. JACOBS (SBN 160350)
rjacobs@manatt.com
NATHANIEL L. BACH (SBN 246518)
nbach@manatt.com
EVAN D. COOPER (*pro hac vice*)
ecooper@manatt.com
SAVANNAH L. LEVIN (SBN 347929)
slevin@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

PRANA A. TOPPER (*pro hac vice*)
ptopper@manatt.com
7 Times Square, 23rd Floor
New York, NY 10036
Telephone: 212.790.4500
Facsimile: 212.790.4545

*Attorneys for Plaintiff BMG Rights Management (US) LLC*

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document was obtained from all other signatories of this document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 11, 2026 *\/s\/ Bret Matera*