SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone (650) 858-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California Street
San Francisco, CA 94111
Telephone: (628) 235-1000

ALEX W. MILLER (*pro hac vice*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
jared.grubow@wilmerhale.com
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

LOUIS W. TOMPROS (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

*Attorneys for Defendant*
**ANTHROPIC PBC**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendant.

Case No. 5:24-cv-03811-EKL-SVK

**DECLARATION OF NATALIE NAUGLE IN SUPPORT OF PARTIES' JOINT OMNIBUS SEALING MOTION TO SEAL ANTHROPIC MATERIALS FILED IN CONNECTION WITH SUMMARY JUDGMENT AND *DAUBERT* MOTIONS**

Judge: Hon. Eumi K. Lee
Magistrate Judge: Hon. Susan van Keulen

I, Natalie Naugle, declare as follows:

1. I am Litigation & Regulatory Counsel, Associate General Counsel for Defendant Anthropic PBC ("Anthropic"). I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would competently testify to them.

2. I submit this declaration in support of Anthropic's request to seal the below documents filed in connection with the Parties' motions for summary judgment and *Daubert* motions, as further described in the Parties' Joint Omnibus Sealing Motion ("Omnibus Motion").

3. Over the course of my employment at Anthropic, I have acquired personal knowledge concerning the maintenance of confidentiality over Claude user and employee information. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on Anthropic's policies and practices as they relate to the treatment of such confidential information.

4. Anthropic's users interact with Claude for a variety of purposes. Because users select the information submitted in prompts to Claude, the prompts themselves and the corresponding output may contain the user's personally identifiable information ("PII"). PII may include the user's name, home address, email address, or telephone number. Per policy, Anthropic's customers have a reasonable expectation of privacy when using Anthropic's consumer products.[1] Accordingly, Anthropic treats user information as confidential and redacts or otherwise anonymizes user PII in public documents. Doing so is also necessary for Anthropic to comply with its legal obligations related to data privacy. Disclosure of user PII would violate users' reasonable privacy interests by exposing them to potential harm or identify theft. It would also harm Anthropic given its legal obligations with respect to data privacy and its privacy commitment to its users.

5. Anthropic likewise maintains the PII of its employees as confidential. Anthropic does not publicly disclose the home address, phone number, or email addresses of its employees. For example, Anthropic's website does not list employees' contact information. No Anthropic employee

[1] *See, e.g.*, Anthropic Privacy Policy (Sept. 10, 2026), https://www.anthropic.com/legal/privacy (informing customers they "enjoy certain rights regarding [their] personal data."

is a party to the present litigation. Disclosure of employee PII would similarly intrude on employees' reasonable expectations of privacy. Disclosure could also subject them to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic.

6. All the material for which Anthropic requests sealing is maintained as confidential. To the best of my knowledge, none of this material has been publicly disclosed. As demonstrated with factual particularity below, there are compelling reasons to seal Anthropic's confidential materials.

7. The specific information Anthropic seeks to seal is identified in the tables below, with numbered rows for the Court's ease of reference:

| **Row No.** | **Dkt. No.** | **Document** | **Portion(s) to Seal** | **Reason(s) for Sealing** |
|---|---|---|---|---|
| 1 | 611-4 | Ex. 5 – Excerpts of the 30(b)(1) Deposition of Benjamin Mann | Yellow highlighted portions at 4:2-3; 4:16; 4:20; 47:23 | The highlighted portions of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | given the current media attention on Anthropic. |
| 2 | 611-5 | Ex. 6 – Excerpts of the 30(b)(1) Deposition of Jared Kaplan | Yellow highlighted portion at 303:11. | The highlighted portions of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 3 | 611-9 | Ex. 10 – Excerpts of the 30(b)(1) Deposition of Daniela Amodei | Yellow highlighted portions at pp. 141-143 | The highlighted portions of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 4 | 611-13 | Ex. 14 – Excerpts of the 30(b)(6) Deposition of Tom Brown | Yellow highlighted portion at 205:2. | The highlighted portion of the document contains personal financial information of Anthropic's employees. This text should be sealed because the personal financial information of non-party Anthropic employees is not relevant to any issue in the case, and Anthropic employees have a legitimate privacy interest in protecting their personal financial information from public disclosure. |
| 5 | 611-53 | Ex. 57 – Anthropic_0000526003 | Yellow highlighted portions at p. 12, 20. | The highlighted portion of the document contains personally identifiable information of Anthropic's employees. This text should be sealed |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 6 | 611-60 | Ex. 64 – Anthropic_0000459249 | Yellow highlighted portion at pp. 2, 25. | The highlighted portion of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the |

| **Row No.** | **Dkt. No.** | **Document** | **Portion(s) to Seal** | **Reason(s) for Sealing** |
|---|---|---|---|---|
| | | | | general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 7 | 611-68 | Ex. 72 – Anthropic_0000554405 | Yellow highlighted portions at pp. 12, 22. | The highlighted portion of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 8 | 666-2 | Ex. 2 – Expert Report of Joshua W. Dennis | Yellow highlighted portions at pp. 113-121. | The highlighted portion of the document contains personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 9 | 681-5 | Ex. 7 – M. Smith Transcript | Yellow highlighted portion at 128:19. | The highlighted portion of the document contains personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | given the current media attention on Anthropic. |
| 10 | 687-50 | Ex. 69 – Anthropic_0000459249 | Yellow highlighted portion at pp. 2, 25. | The highlighted portion of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 11 | 687-51 | Ex. 70 – Anthropic_0000459415 | Yellow highlighted portion at p. 11. | The highlighted portion of the document contains confidential, sensitive, and/or non-public prompts and outputs, including non-generic requests for lyrics, the public disclosure of which would unduly intrude on Anthropic's third-party confidentiality obligations to its Claude |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | users and those users' reasonable expectation of privacy in private communications with Claude. |
| 12 | 687-56 | Ex. 75 – Anthropic_0000526003 | Yellow highlighted portions at pp. 13, 20. | The highlighted portions of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 13 | 687-77 | Ex. 106 – Excerpts of the Deposition of Thomas B. Brown, Jr. | Yellow highlighted portions at p. 6 (exhibit list), 8:21. | The highlighted portions of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 14 | 687-84 | Ex. 116 – Excerpts of the Deposition of Dawn Drain | Yellow highlighted portion at 8:9. | The highlighted portion of the document contains personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 15 | 687-87 | Ex. 119 – Excerpts of the 30(b)(6) Deposition of Deep Ganguli | Yellow highlighted portion at 8:10. | The highlighted portion of the document contains personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 16 | 687-88 | Ex. 120 – Excerpts of the Deposition of Jared Kaplan | Yellow highlighted portion at 12:16. | The highlighted portion of the document contains personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 17 | 687-92 | Ex. 124 – Excerpts of the 30(b)(1) Deposition of Ben Mann Volume 1 | Yellow highlighted portions at 4:2-3, 4:16, 4:20. | The highlighted portions of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | given the current media attention on Anthropic. |
| 18 | 687-93 | Ex. 125 – Excerpts of the 30(b)(1) Deposition of Ben Mann Volume 2 | Yellow highlighted portion at 148:14. | The highlighted portion of the document contains personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 19 | 747-5 | Ex. 6 – Excerpts of the 30(b)(1) Deposition of Deep Ganguli | Yellow highlighted portions at 85:24-87:21, 88:6-15. | The highlighted portions of the document contain personal financial information of Anthropic's employees. This text should be sealed because the personal financial information of non-party Anthropic employees is not relevant to any issue in |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | the case, and Anthropic employees have a legitimate privacy interest in protecting their personal financial information from public disclosure. |
| 20 | 753-4 | Ex. 5 – Excerpts of the Deposition of Jared Kaplan | Yellow highlighted portion at 12:15. | The highlighted portion of the document contains personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 21 | 760-2 | Ex. 125 – Excerpts of the Deposition of Ben Mann Volume 2 | Yellow highlighted portions at 4:2-3, 4:16, 4:20, 148:14. | The highlighted portions of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 22 | 760-5 | Ex. 128 – Excerpts of the Deposition of Jared Kaplan | Yellow highlighted portions at 45:20, 45:23, 46:2. | The highlighted portions of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 23 | 760-6 | Ex. 129 – Excerpts of the Deposition of Thomas B. Brown, Jr. | Yellow highlighted portions at 302:19-22. | The highlighted portions of the document contain personally identifiable information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 24 | 800-2 | Ex. 160 – Excerpt of Deposition Transcript of Jared Kaplan | Yellow highlighted portion at 12:16. | The highlighted portion of the document contains personally identifiable information of Anthropic's employees. This text should be sealed because it reveals |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | | personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |
| 25 | 800-2 | Ex. 160 – Excerpt of Deposition Transcript of Jared Kaplan | Yellow highlighted portion at 119:24. | The highlighted portion of the document contains personal financial information of Anthropic's employees. This text should be sealed because the personal financial information of non-party Anthropic employees is not relevant to any issue in the case, and Anthropic employees have a legitimate privacy interest in protecting their personal financial information from public disclosure. |
| 26 | 800-6 | Ex. 165 – Excerpt of Deposition Transcript of Thomas B. Brown, Jr. | Yellow highlighted | The highlighted portions of the document contain personally identifiable |

| Row No. | Dkt. No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|---|
| | | | portions at pp. 6:7, 8:21. | information of Anthropic's employees. This text should be sealed because it reveals personally identifiable information of Anthropic's employees, who have a legitimate, legally recognized privacy interest in protecting their contact information from public disclosure. If their contact information were to be publicly disclosed, they may be subject to repeated inquiries from the press or members of the general public, which could rise to the level of threats or harassment, given the current media attention on Anthropic. |

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on 9/22/2026 at Oakland.

Natalie Naugle

Natalie Naugle

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document was obtained from the signatory of this document. I declare under penalty of perjury that the foregoing is true and correct.

Date: September 22, 2026

*/s/ Sonal N. Mehta*
Sonal N. Mehta