# Exhibit 48

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

JOSEPH R. WETZEL (SBN 238008)
joe.wetzel@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

*Attorneys for Defendant*
**ANTHROPIC PBC**
(Additional Counsel on Next Page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

*Plaintiffs,*

v.

ANTHROPIC PBC,

*Defendant.*

Case No. 5:24-cv-03811-EKL-SVK

**DEFENDANT ANTHROPIC PBC'S AMENDED SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NO. 12)**
Judge Eumi K. Lee
Magistrate Judge Susan van Keulen

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PORTIONS HIGHLIGHTED IN GREY**

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH (SBN 323952)
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

ANDREW M. GASS (SBN 259694)
andrew.gass@lw.com
BRITTANY N. LOVEJOY (SBN 286813)
brittany.lovejoy@lw.com
IVANA DUKANOVIC (SBN 312937)
ivana.dukanovic@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG V. DAMLE (*Pro Hac Vice*)
sy.damle@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (*Pro Hac Vice*)
alli.stillman@lw.com
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1747

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure 33 and the Local Rules of this Court, Defendant Anthropic PBC ("Anthropic") hereby supplements its response to Plaintiffs' Interrogatory 12. This amended response is made subject to and without waiving the responses and objections in Anthropic's prior responses. The following response is based upon Anthropic's knowledge, information, and belief as of the date hereof. Anthropic reserves the right to make any further response if it appears that any omission or error has been made in connection with this response or that future or more accurate information is available. This response is made without prejudice to Anthropic's right to present in any proceeding in this litigation such additional evidence as may be hereafter discovered or evaluated.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. These responses are made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of the responses if such responses were to be introduced at any hearing or trial of this matter, all of which objections and grounds are reserved and may be interposed at the time of such hearing or trial.

2. These responses are made solely on Anthropic's behalf, and do not include information from other parties that is not already in Anthropic's possession, custody, or control.

3. Anthropic has attempted in good faith to respond to these Interrogatories, and its responses are based on information currently available to it at the time of this response. Anthropic has not completed investigating the facts related to this action, and further discovery, investigation, research, and analysis may supply additional information that could alter the disclosures reflected in these responses. In light of the continuing discovery and investigation, Anthropic reserves the right to further amend and/or supplement its responses, and expressly reserves the right to later use and present at trial any evidence, facts, and/or testimony developed or analyzed at a later date that is responsive to the Requests. Notwithstanding the foregoing, Anthropic assumes no obligation to amend and/or supplement its responses beyond that which is required by law.

4. Anthropic objects to the Interrogatories that purport to impose on Anthropic discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or in the Local Rules for the United States District Court for the Northern District of California, orders entered in this case, agreements among the parties, or other applicable law.

5. Anthropic objects to the Interrogatories that seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest doctrine, Fed. R. Civ. P. 26(b)(4)(A), and/or any other applicable privilege, immunity, or protection. The identification or production of any such document or information shall not constitute a waiver of any applicable objection or privilege. The disclosure of any information or production or identification of documents or communications that are privileged or otherwise immune from discovery shall be handled in accordance with the M.D. Tenn. Protective Order and the ESI Protocol that the Parties have agreed to follow pending entry of a Protective Order and ESI Protocol in the Northern District of California. *See* ECF No. 63-1 ("M.D. Tenn. ESI Protocol"). For the purposes of responding to these Interrogatories, Anthropic will interpret each Interrogatory, definition, and instruction as excluding information subject to privilege or immunity.

6. Anthropic objects to the Interrogatories that seek third-party confidential and/or proprietary information and/or information that is subject to or precluded by restrictions of confidentiality imposed by, or pursuant to, agreements between Anthropic and third parties. Anthropic will cooperate with Plaintiffs to identify what confidential third party information, if any, is relevant and reasonably necessary for investigation of the claims and defenses herein, subject to notice obligations.

7. Anthropic objects to the Interrogatories that seek information not currently in Anthropic's possession, custody, or control.

8. Anthropic objects to the Interrogatories to the extent they seek trade secrets or confidential or proprietary information of Anthropic. Anthropic will produce confidential documents and information as set forth herein, subject to the terms of the M.D. Tenn. Protective

Order and any other relevant agreements, including the forthcoming protective order to be entered in the Northern District of California.

9. Anthropic objects to the Interrogatories to the extent they seek information that (i) does not currently exist; (ii) is unavailable; (iii) is only available to be compiled with the expenditure of extraordinary efforts; and/or (iv) may be impractical or impossible to create and/or reasonably capture, resulting in a significant, punitive expense to Anthropic.

10. Anthropic objects to the Interrogatories that prematurely seek to require Anthropic to disclose individuals or information inconsistent with the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26(a)(2) regarding expert testimony, as well as the rules and orders of this Court.

11. Anthropic objects to the Interrogatories to the extent to which any terms used therein are vague, ambiguous, or overbroad.

12. Anthropic objects to the Interrogatories to the extent they are cumulative and duplicative of other discovery requests propounded by Plaintiffs.

13. Anthropic objects to the Interrogatories to the extent they call for legal conclusions. Any response by Anthropic shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiffs' Interrogatories, definitions, or instructions.

14. Anthropic objects to each Interrogatory to the extent it contains multiple subparts or the definition or instruction renders an Interrogatory compound. Such Interrogatories constitute separate interrogatories that count towards the limit on interrogatories that Plaintiffs are permitted to propound. Anthropic objects to each and every Interrogatory that would exceed such limit.

15. Anthropic objects to each Interrogatory to the extent it seeks to require Anthropic to do more than conduct an examination of those files or sources that reasonably may be expected to yield responsive information, or an inquiry of those persons who may be reasonably expected to possess responsive information.

16. Anthropic objects to the Interrogatories to the extent they purport to place an obligation on Anthropic to obtain or provide information that is publicly available or otherwise as readily available to Plaintiffs as it is to Anthropic.

17. Anthropic's response to part or all of any Interrogatory is not intended to be, and shall not be construed to be, a waiver of any part of any objection to any Interrogatory.

18. Anthropic's willingness to respond to any Interrogatory does not constitute an admission that Anthropic agrees with any characterization, definition, or assumption contained in the Interrogatory or an assumption or an acknowledgement by Anthropic that the Interrogatory is proper, that the information sought is within the proper bounds of discovery, or that demands for similar information will be treated in similar fashion.

## OBJECTIONS TO DEFINITIONS

1. Anthropic objects to the Definitions of "Defendant," "Anthropic," "You," or "Your" on the basis that they are overbroad. The inclusion of "any other person or entity . . . previously acting or purporting to act" on behalf of Anthropic would unreasonably expand Anthropic's burden of responding to these Interrogatories. Anthropic will interpret "Defendant," "Anthropic," "You," or "Your" to mean the Anthropic PBC, as identified in the complaint.

2. Anthropic objects to the definition of "Claude" as overbroad, in that the definition includes general purpose generative-AI large language models that are not relevant to Plaintiffs' claims in this action, including models that were never made commercially available or used to develop commercial Claude, were not trained on datasets that potentially include Publishers' Works, and products hosted by third parties. Anthropic will interpret "Claude" as ordered by the Court in the November 26, 2024 Order (ECF No. 273), including with respect to negotiating an end date for relevant product development. *Id.* at n.1.

3. Anthropic objects to the Definition of "AI Company" as vague and ambiguous to the extent that "AI company" is used interchangeably with "companies that currently provide generative AI services."

4. Anthropic objects to the Definition of "Training Corpus" as vague and ambiguous to the extent it refers to any "collection of materials used to train a generative AI model."

5. Anthropic objects to the Definition of "Employee" as overbroad to the extent that it includes "subsidiar[ies]" and "servant[s]."

6. Anthropic objects to the definitions of "communication," "document," and "identify" on the grounds that they are overbroad to the extent they include documents or information beyond the requirements of the Federal Rules of Civil Procedure; documents or information that are not in Anthropic's possession, custody, or control; materials that are not proportionally relevant to the needs of this case; and materials from sources that are not reasonably accessible. Anthropic's response should not be construed as acquiescence to Plaintiffs' Definition of these terms or as a limitation of the scope of Anthropic's defenses or legal positions.

7. Anthropic objects to Plaintiffs' failure to define terms that are vague, ambiguous, and/or subject to varying interpretations. Where possible, Anthropic will make a reasonable effort to respond to each Interrogatory to the extent not otherwise objectionable, based upon its understanding and interpretation of the Interrogatory, including by interpreting each undefined term or phrase in accordance with its ordinary meaning. If Plaintiffs subsequently assert any interpretation of any Interrogatory that differs from Anthropic's interpretation, Anthropic reserves the right to supplement or amend its objections and responses.

**OBJECTIONS TO INSTRUCTIONS**

1. Anthropic objects to Instruction No. 8, and to each Interrogatory, as providing an overbroad timeframe.

2. Anthropic objects to Instruction No. 5, and each Interrogatory, to the extent it purports to impose procedures or requirements for identifying information over which Anthropic claims privilege.

3. Anthropic reserves the right to respond to the Interrogatories pursuant to Federal Rule of Civil Procedure 33(d), where appropriate.

* * *

Each of the foregoing Objections is incorporated in full to each response below as if restated fully therein.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 12:**

Describe any and all systems or processes, technological or otherwise, that Anthropic has implemented to detect Claude's generation of copyright material in its output.

**DECEMBER 11, 2025 AMENDED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12 (HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY):**

Subject to and without waiving the foregoing General and Specific Objections, Anthropic further amends its amended supplemental response to Interrogatory No. 12 as follows:

The sentence in Anthropic's November 12, 2025 Amended Supplemental Response to Interrogatory No. 12 that states, [redacted]

Date: December 11, 2025

/s/ *Taylor Gooch*

JOSEPH R. WETZEL (SBN 238008)
joe.wetzel@lw.com
ANDREW M. GASS (SBN 259694)
andrew.gass@lw.com
BRITTANY N. LOVEJOY (SBN 286813)
brittany.lovejoy@lw.com
IVANA DUKANOVIC (SBN 312937)
ivana.dukanovic@lw.com
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG V. DAMLE (*Pro Hac Vice*)
sy.damle@lw.com
**LATHAM & WATKINS LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
allison.que@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
DISHA PATEL (*Pro Hac Vice*)
disha.patel@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6220

Telephone: (202) 637-2200

ALLISON L. STILLMAN (*Pro Hac Vice*)
alli.stillman@lw.com
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1747

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
KYLE EDWARDS HAUGH (SBN 323952)
kyle.haugh@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

*Attorneys for Defendant*
**ANTHROPIC PBC**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2025, I caused to be served a true and correct copy of the foregoing document to the following counsel of record:

OPPENHEIM + ZEBRAK, LLP
Matthew J. Oppenheim (*Pro Hac Vice*)
Nicholas C. Hailey (*Pro Hac Vice*)
Audrey Adu-Appiah (*Pro Hac Vice*)
Corey Miller (*Pro Hac Vice*)
Jeffrey M. Gould (*Pro Hac Vice*)
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
aadu-appiah@oandzlaw.com
corey@oandzlaw.com
jeff@oandzlaw.com

COBLENTZ PATCH DUFFY & BASS LLP
Jeffrey G. Knowles
Christopher J. Weiner
Bina Patel
Thomas A. Harvey
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 772-5795
Ef-jgk@cpdb.com
cwiener@coblentzlaw.com
bpatel@coblentzlaw.com
Ef-Tah@cpdb.com

Jennifer Pariser (*Pro Hac Vice*)
Andrew Guerra (*Pro Hac Vice*)
Timothy Chung (*Pro Hac Vice*)
Michelle Gomez-Reichman (*Pro Hac Vice*)
Bret Matera (*Pro Hac Vice*)
Alexander Kaplan (*Pro Hac Vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
jpariser@oandzlaw.com
andrew@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com
bmatera@oandzlaw.com
alex@oandzlaw.com

COWN, LEIBOWITZ & LATMAN, P.C.
Richard S. Mandel (*Pro Hac Vice*)
Jonathan Z. King (*Pro Hac Vice*)
Richard Dannay (*Pro Hac Vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

Dated: December 11, 2025

By: */s/ Taylor Gooch*
Taylor Gooch