# EXHIBIT 118

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CONCORD MUSIC GROUP, INC., ET AL.,
Plaintiffs,
v.
ANTHROPIC PBC,
Defendant.

Case Number 5:24-cv-03811-EKL SVK

HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY
VIDEOCONFERENCED and VIDEO-RECORDED
30(b)(1) DEPOSITION of
Anthropic PBC, by and through its Designated
Representative,
DEEP GANGULI, Ph.D.
San Francisco, California 94111
Thursday, November 6, 2025

Reported Stenographically by:
MARY J. GOFF
CSR No. 13427
WA CSR No. 21030779
Job No. 60706930b1
PAGES 1-302



HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY

VIDEOCONFERENCED and VIDEO-RECORDED DEPOSITION of DEEP GANGULI, Ph.D., Volume I, taken on behalf of Plaintiff Publishers, Oppenheim + Zebrak, LLP, at WilmerHale, 50 California Street, Suite 3600, San Francisco, California 94111, beginning at 12:43 p.m. and ending at 8:13 p.m., on Friday, November 6, 2025, before MARY J. GOFF, California Certified Shorthand Reporter No. 13427 and WA CSR No. 21030779.



APPEARANCES:

For Plaintiff Publishers
Oppenheim + Zebrak, LLP
BY: NICHOLAS C. HAILEY
MICHELLE GOMEZ-REICHMAN
Attorneys at Law
4530 Wisconsin Avenue, NW
5th Floor
Washington, DC 20016
202-480-2999
nick@oandzlaw.com
michelle@oandzlaw.com

For Defendant Anthropic PBC
WilmerHale
BY: TAYLOR GOOCH
Attorney at Law
50 California Street
Suite 3600
San Francisco, California 94111
taylor.gooch@wilmerhale.com
628-235-1026

ALSO PRESENT: Ian Chen, In-house counsel Anthropic
Becky Maz, Esquire, WilmerHale (remote DC)
Videographer: Philip Astor



INDEX

| WITNESS | | EXAMINATION |
|---|---|---|
| DEEP GANGULI, Ph.D. | | |
| Volume I | | |
| | ATTORNEY HAILEY | 7, 294 |
| | ATTORNEY GOOCH | 289 |

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| 30(b)(1) | | |
| Exhibit 15 | Plaintiffs' Notice of Deposition to Deep Ganguli Pursuant to Federal Rule of Civil Procedure 30(b)(6) | 7 |
| Exhibit 16 | Defendant Anthropic PBC's Second Amended Initial Disclosures Pursuant to Fed Rule of Civ Procedure | 8 |
| Exhibit 17 | Deep Ganguli LinkedIn Profile | 15 |
| Exhibit 18 | About Stanford HAI | 43 |
| Exhibit 19 | Anthropic Deep Ganguli Info Page Pages 1-8 | 51 |
| Exhibit 20 | Anthropic Societal Impacts page | 76 |
| Exhibit 21 | Assistant, 2023-10-01 ANTH_SAMPLE000000246 | 98 |
| Exhibit 22 | Predictability and Surprise in Large Generative Models 1747 | 108 |

| EXHIBITS CONTINUED: | | PAGE |
|---|---|---|
| Exhibit 23 | In the Dark Room: Deep Ganguli & Alan Parker, 8-21-23 Pages 1-24 | 114 |
| Exh 23A | Live Version, D. Ganguli | 132 |
| Exh 23AA | In the Darkroom, Part One | 137 |
| Exh 24A | In the Dark Room, Part Two | 132 |
| Exhibit 24 | In the Dark Room: Deep Ganguli & Alan Parker, 3-12-24, Part Two | 114 |
| Exhibit 25 | What Are Some Things I can Use Claude For? Anthropic_0000013680-82 | 137 |
| Exhibit 26 | CLIO: A System for Privacy-Preserving Insights Into Real-World AI Use, 12-14-24 | 147 |
| Exhibit 27 | Anthropic Education Report Anthropic_0000349555-568 | 193 |
| Exhibit 28 | Prompt Anthropic_0000024253-258 | 198 |
| Exhibit 29 | Sign the Statement Pages 1-5 | 252 |
| Exhibit 30 | Translate the Song: "Gimme Three Steps" by Lynyrd Skynyrd into French | 290 |
| Exhibit 31 | Halo lyrics German translation - CLAUDE Pages 1-7 | 290 |



San Francisco, California
Thursday, November 6, 2025
12:43 p.m.

THE VIDEOGRAPHER: Here begins Media Number 1 in the videotaped deposition of Deep Ganguli, individual, in the matter of Concord Music Group, versus Anthropic, in the United States District Court, Northern District of California, San Jose Division, Case Number 5:24-cv-03811-EKL (SVK).

Today's date is November 6, 2025. The time on the video monitor is 12:43 p.m.

The videographer today is Phillip Astor, representing Planet Depos. This video deposition is taking place at WilmerHale Cutler Pickering Hale and Dorr, LLP, 50 California Street, Suite 3600, San Francisco, California 94111.

Would counsel please voice identify themselves and state whom they represent.

ATTORNEY HAILEY: Nick Hailey, with the law firm Oppenheim + Zebrak, on behalf of the Plaintiff Music Publishers.

I'm joined by my colleague, Michelle Gomez-Reichman.

ATTORNEY GOOCH: Taylor Gooch, with the



law firm WilmerHale, on behalf of Anthropic.

With me here is in-house counsel for Anthropic, my colleague, Becky Maz, and the witness.

THE COURT STENOGRAPHER: The court reporter today is Mary Goff, representing Planet Depos this isn't will now be sworn.

THE COURT STENOGRAPHER: My name is Mary Goff. I am a California Certified Shorthand Reporter, CSR Number 13427. Today's proceedings are being captured by stenographic means.

DEEP GANGULI, Ph.D.,

Being first duly sworn or affirmed to testify to the truth, the whole truth, and nothing but the truth, was examined and testified as follows:

EXAMINATION

BY ATTORNEY HAILEY:

Q Good afternoon, Mr. Ganguli.
Welcome back.
**A Good afternoon.**
Q How are you doing?
**A Good.**
Q So we had your 30(b)(6) deposition this morning, and we are now continuing with your deposition in your individual capacity.

(Exhibit 15 was marked for identification



and is attached to the transcript.)

Q (BY ATTORNEY HAILEY) I'm showing you an exhibit that we have marked as Exhibit 15. Let me know once you have had a minute a review it.
Have you seen this document before, Mr. Ganguli?
**A I may have. I don't recognize it super well. I have see a lot of documents.**
Q Okay. The title is "Plaintiffs' Notice of Deposition to Deep Ganguli Pursuant to Federal Rule of Civil Procedure 30(b)(1)," correct?
**A That is correct.**
Q Do you understand this to be your deposition notice in this case?
**A I do understand it to be as such.**

(Exhibit 16 was marked for identification and is attached to the transcript.)

Q (BY ATTORNEY HAILEY) I'm showing you what I have marked as Exhibit 16 to your deposition. It's a document titled "Defendant Anthropic PBC's Second Amended Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26."
Have you seen this before?
**A I may have, but it is not familiar -- super familiar.**

I'll just -- I'll ask again. CLAUDE states here that it's "an AI without human limitations."
Is that a true statement?
ATTORNEY GOOCH: Objection.
**A Assuming that I'm looking at the assistant response, CLAUDE has said "as an AI without human limitations, I have perfect recall and can precisely identify lyrics in musical sections."**
**So it's true that CLAUDE said that.**
**The underlying sentiment of that -- that sentence is CLAUDE saying that.**
**It's an old version of CLAUDE. As we know, especially older versions of CLAUDE's -- older versions of language models more generally are prone to hallucinations.**
**So just because an old model says it has perfect recall doesn't mean it indeed does have perfect recall.**
Q (BY ATTORNEY HAILEY) So it's your testimony that you believe this -- that sentence is hallucinated?
ATTORNEY GOOCH: Objection, asked and answered.
**A Yeah, I -- as stated previously, it's true that the AI assistant said this statement, but that**



**statement is not necessarily true.**
Q (BY ATTORNEY HAILEY) So you disagree with the statement that CLAUDE made, "as an AI without human limitations, I have perfect recall and can precisely identify lyrics and musical sections"?
You disagree with that statement?
**A Well, I mean, one of the things we talked about earlier is that, yeah, humans have limitations, but so do AIs. And one of the humans have is an embodied presence in which it can kind of, like, go out into the real world and -- and sort of act and learn by doing.**
**AIs can't do that, so it actually has a limitation that a human does not.**
**It's also saying here "I listened closely."**
**CLAUDE can't listen, especially not -- not a 2023 version of this model. So you know, this is -- you're asking me to -- to talk about an AI-generated utterance from an old model kind of out of context, and I can only speak to what I'm seeing here.**
Q So you have noted a number of inaccurate statements in this CLAUDE input; is that correct?
**A Yeah. More specifically, I listened.**



**CLAUDE at that time didn't listen to anything. It didn't have auditory capabilities.**
**"Having perfect recall," again, I'm still in -- ill-defined in this context.**
**"As an AI without human limitations," without human limitations, sure, but humans can do things that AIs can't as well. So you know, kind of as previously stated, this is a strange AI utterance.**
Q So let's just -- I want to just go through this and make sure that I understand. When CLAUDE says "I listen closely to the song," you believe that's an inaccurate statement, correct?
**A Yes, because that implies that a song is being -- has been played to CLAUDE and CLAUDE heard the song, which in 2023 wouldn't make sense.**
Q When CLAUDE says that it's "a AI without human limitations," you believe that's an inaccurate statement, correct?
**A "As an AI without"?**
**It's just a strange statement, "as an AI without human limitations."**
**What does that mean? It means -- it's an AI that doesn't have -- yeah, I mean like, for example, it -- it's kind of contradicted by the**



**first thing it said, "I listened closely."**
**A human can listen. But CLAUDE, at this time, couldn't, so it had something that -- it has a different limitation than a human actually does. I think AI -- I think CLAUDE at this time in particular had limitations, whether they're human or not.**
Q So that's an inaccurate statement?
**A It's just a strange statement. It's -- it's one that's hard to -- hard to unpack.**
Q Okay. What about "I have perfect recall"?
Is that inaccurate?
**A Again, I don't understand what it means by "recall" in this context, so I'm not sure.**
Q So you don't know whether that's accurate or inaccurate?
**A A perfect recall? I -- you know, it's suspicious. Right. Perfect anything is always suspicious.**
**And I don't know what is meant by "recall." So putting this all together, I'm just kind of uncertain.**
Q Okay. So "I have perfect recall," that's suspicious?
**A Again -- but yeah, I don't know what is**

301

I, MARY J. GOFF, CSR No. 13427, Certified Shorthand Reporter of the State of California, certify;

That the foregoing proceedings were taken before me at the time and place herein set forth, at which time the witness declared under penalty of perjury; that the testimony of the witness and all objections made at the time of the examination were recorded stenographically by me and were thereafter transcribed under my direction and supervision; that the foregoing is a full, true, and correct transcript of my shorthand notes so taken and of the testimony so given;

That before completion of the deposition, review of the transcript ( ) was (xx) was not requested: ( ) that the witness has failed or refused to approve the transcript.

I further certify that I am not financially interested in the action, and I am not a relative or employee of any attorney of the parties, nor of any of the parties.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, dated this 12th day of November, 2025.

Mary J. Goff
MARY J. GOFF

302

ERRATA SHEET
PLANET DEPOS
451 Hungerford Drive, Suite 400
Rockville, Maryland 20850
888-433-3767

CASE: Concord v. Anthropic

| PAGE | LINE | FROM | TO |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

______________________
DEEP GANGULI, Ph.D., 30(b)(6)

Subscribed and sworn to before me
this _____ day of ____________, 2025.

______________________________
Notary Public