# EXHIBIT 129

## (FILED UNDER SEAL)

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

-----------------------------------------

CONCORD MUSIC GROUP, INC., ET AL., )
Plaintiffs, ) Case Number
v. ) 5:24-cv-03811-EKL
) SVK
ANTHROPIC PBC, )
Defendant. )

-----------------------------------------

HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY

VIDEOCONFERENCED and VIDEO-RECORDED
DEPOSITION of
Anthropic PBC, by and through its Designated
Representative,
VINAY RAO, Ph.D.
San Francisco, California 94111
Friday, November 7, 2025

Reported Stenographically by:
MARY J. GOFF
CSR No. 13427
WA CSR No. 21030779
Job No. 606055A
PAGES 1-159

2

HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY

VIDEOCONFERENCED and VIDEO-RECORDED DEPOSITION of VINAY RAO, Ph.D., Volume I, taken on behalf of Plaintiff Publishers, Oppenheim + Zebrak, LLP, at WilmerHale, 50 California Street, Suite 3600, San Francisco, California 94111, beginning at 9:18 a.m. and ending at 2:54 p.m., on Friday, November 7, 2025, before MARY J. GOFF, California Certified Shorthand Reporter No. 13427 and WA CSR No. 21030779.

3

APPEARANCES:

For Plaintiff Publishers
Oppenheim + Zebrak, LLP
BY: COREY MILLER
TIMOTHY S. CHUNG (NYC office)
Attorneys at Law
4530 Wisconsin Avenue
5th Floor
Washington, D.C. 20016
202-957-5043
corey@oandzlaw.com
tchung@oandzlaw.com

For Defendant Anthropic PBC
WilmerHale
BY: TAYLOR GOOCH
Attorney at Law
50 California Street
Suite 3600
San Francisco, California 94111
taylor.gooch@wilmerhale.com
628-235-1026

ALSO PRESENT: Ian Chen, In-house counsel Anthropic
Ellen Stephano, Esquire, WilmerHale (remote Boston)
Videographer: Philip Astor

4

INDEX


| WITNESS | | EXAMINATION |
|---|---|---|
| VINAY RAO, Ph.D. | | |
| Volume I | | |
| | ATTORNEY MILLER | 7, 161 |
| | ATTORNEY GOOCH | 149 |

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 80 | Usage Policy Anthropic_000437165-170 Tab 47 | 21 |
| Exhibit 81 | Anthropic's Consumer Terms of Service, 11-28-2025 Anthropic_0000437176-190 Tab 48 | 24 |
| Exhibit 82 | Acceptable Use Policy Anthropic_0000013675-679 Tab 46 | 27 |
| Exhibit 83 | 4-27-23 email, Sanderford Tab 4 Anthropic_00000010907 | 37 |
| Exhibit 84 | CLAUDE's Constitution 5-9-23 Anthropic_000000485-498 Tab 13 | 54 |
| Exhibit 85 | Defendant Anthropic PBC's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories Number 12 Tab 78 | 59 |

EXHIBITS CONTINUED


| | | PAGE |
|---|---|---|
| Exhibit 86 | Spreadsheet Anthropic_00000347810 Tab 18 | 93 |
| Exhibit 87 | Execution: CopyFairy as a Sampling Stage Anthropic_0000429077-094 Tab 20 | 106 |
| Exhibit 88 | [redacted]ML Transition Plan Anthropic_0000227016-19 Tab 24 | 119 |
| Exhibit 89 | Slack chat, 2-13-2024 Anthropic_0000350023-25 Tab 35 | 128 |
| Exhibit 90 | Slack chat, 2-15-24 Anthropic_0000352753 Tab 38 | 131 |
| Exhibit 91 | Prompt Shield Explainer Anthropic_000012694-99 Tab 33 | 134 |
| Exhibit 92 | CCS Changelog Anthropic_0000440820 Tab 77 (Both Exhibit 92s are one doc) | 135 |
| Exhibit 92 | Hatch: Launch Sign-Off Anthropic_0000012437-449 Tab 34 | 138 |
| Exhibit 93 | Spreadsheet Anthropic_00000240317 Tab 76 | 144 |
| Exhibit 94 | Plaintiffs_0000009405-410 (hard copy) | 149 |

PREMARKED EXHIBITS:

| | | |
|---|---|---|
| PLF Exhibit 1 | Plaintiffs' Notice of Deposition to Defendant | 9 |




San Francisco, California
Friday, November 7, 2025
9:18 a.m.

THE VIDEOGRAPHER: Here begins Media Number 1 in the videotaped deposition of Vinay Rao, 30(b)(6), in the matter of Concord Music Group, versus Anthropic, in the United States District Court, Northern District of California, San Jose Division, Case Number 24-CV-03811-EKL (SVK).

Today's date is November 7, 2015. The time on the video monitor is 9:18 a.m.

The videographer today is Philip Astor, representing Planet Depos. This video deposition is taking place at WilmerHale Cutler Pickering Hale and Dorr LLP, San Francisco, California.

Would counsel please voice identify themselves and state whom they represent.

ATTORNEY MILLER: Corey Miller, from Oppenheim + Zebrak, for the Plaintiff Music Publishers.

Also here with me is Tim Chung.

ATTORNEY GOOCH: Taylor Gooch, with WilmerHale on behalf of Anthropic.

Also with me here -- or actually, also with me remotely is Ellen Stephano, as well as



in-house counsel for Anthropic and the witness.

THE VIDEOGRAPHER: The court reporter today is Mary Goff, representing Planet Depos. The witness will now be sworn.

THE COURT STENOGRAPHER: My name is Mary Goff. I am a California Certified Shorthand Reporter, CSR Number 13427. Today's proceedings are being captured by stenographic means.

VINAY RAO, Ph.D.,

Being first duly sworn or affirmed to testify to the truth, the whole truth, and nothing but the truth, was examined and testified as follows:

EXAMINATION

BY ATTORNEY MILLER:

Q Good morning, Dr. Rao.

My name is Corey Miller, and I represent the Plaintiff Music publishers in this case, and I will be taking your deposition today.

Have you ever been deposed before, sir?

**A No.**

Q All right. Then I'll just start by briefing walking through how this deposition is going to proceed today.

I'll be asking you questions, and you will be doing your best to answer my questions. From



time to time your counsel may object to preserve his objections for the record. However, unless me specifically instructs you, not to answer, you'll need to answer the question, even if he objects to it.

It's important that we -- that you give verbal answers to my questions today because we have a court reporter writing down everything we say.

So nods, shakes of the heads, uh-huh, that kind of thing does not leave a clear record of what your answer is, so please give a verbal answer.

Similarly, for a clear record, it's important that we not speak each other. So I'll do my best to wait to ask my next question until you finish speaking. And in return, I will ask that you wait until I finish asking my question before you start answer.

Does that all make sense?

**A Yes.**

Q All right. If you do not understand a question, please ask me to clarify it and I will try to do so. If you answer my question, I will assume that you understood it.

Okay?

**A Yes.**

73

I'm going to use CCS to refer to both collectively --
**A Okay.**
Q -- unless I specifically say otherwise.
**A Okay.**
Q So you -- so if I mean just CCS and not CopyFairy, I'll say so. Otherwise, please interpret it to mean both of them collectively.
**A Yeah.**
Q Does that make sense?
**A Yes. Yes.**
**Can you repeat the question, please?**
Q Sure.
**A Yeah.**
Q Why did Anthropic develop the content compare system?
**A So the -- the mechanism to detect if there is copyrighted content that is being streamed to the user -- when I say "streamed," it's basically -- the completion is generated token by token. We don't buffer it. We just kind of throw it -- send it to the user, so that's why I call it streaming.**
**So when the completion is being generated and streamed to the user, that is the riskiest place where it is likely to have copyrighted material.**

74

And the -- the engineering choice is: Let's build the first defense there.
And so this was built as a mechanism to identify if there is copyrighted content -- content in the output. Let's detect it and then stop the completion if it matches some portion of the output.
Q So Anthropic understood that without the implementation of a system like the content compare system, there was a significant risk that CLAUDE would stream or output copyrighted content?
ATTORNEY GOOCH: Objection, scope; and misstates prior testimony.
**A I can speak to what this does and that it is a -- a detection and mitigation mechanism for preventing copyrighted content from streaming.**
**What people were thinking, I would rather not speculate.**
Q (BY ATTORNEY MILLER) So you're not prepared to discuss why Anthropic implemented the cont -- the copyright -- the content compare system?
ATTORNEY GOOCH: Objection, misstates prior testimony.
**A So I'll -- again, I'll repeat the answer.**
**So the content compare system takes the reference corpus and identifies if there is a match**

75

**to the -- there is a match between streaming tokens and a section of the reference corpus.**
**And it's, I think, very clear that it is important and a very effective defense against copyrighted content being streamed. And it was put in place. The dates are there.**
ATTORNEY GOOCH: And, Counsel, we have been going for another hour, so why don't we take a break.
ATTORNEY MILLER: Okay.
THE VIDEOGRAPHER: We are going off the record at 11:31 a.m.
(A break was taken from 11:31 a.m. to 11:40 a.m.)
THE VIDEOGRAPHER: We are back on the record at 11:40 a.m.
ATTORNEY GOOCH: Are we good?
**A I just wanted to state a clarification. I may have misspoke -- misspoken.**
**Anthropic has a variety of defenses under its sort of comprehensive copyright mitigation program. When we talk about guardrails, it's very specifically about the prompt classifier and the CCS. They are the two systems that are guardrails, as they are outside of the core model.**

76

**Steps like fine-tuning are also a part of the desire to reduce the ability or the predilection of the model to produce copyrighted content, but that does not come under guardrails.**
Q (BY ATTORNEY MILLER) So in the definition of "guardrails" you have just given, where does that definition come from?
**A The -- those were the systems that my team built, and the systems are the prompt classifier and the CCS.**
**I also think you will have someone else who has the expertise on fine-tuning.**
Q Let's turn back to the content compare system.
Whose idea was the content compare system?
**A That's -- I mean, that's a little hard for me to answer because it is an idea. I would have to go talk to the folks that were actually in the room when it was floated.**
**It's hard to do a crisp attribution to whose idea it was.**
Q Did the decision to implement a compare system require approval from senior management?
ATTORNEY GOOCH: Objection, scope.
**A Specifically we'll have to check if they**

149

Q (BY ATTORNEY MILLER) Okay. Has Anthropic ever received a notice of copyright infringement from a rightsholder requesting that Anthropic take down certain content?

**A That is also an area I prepared for. So Anthropic has two mechanisms to receive that, which is -- one is through a form, and then email, which is different from what I said earlier. And there is a specific format for receiving it.**

**It has received them. None of them have been valid as a valid complaint. And that's not even because of, like, any kind of nitpicky reason. It's just basic data was -- was missing.**

ATTORNEY MILLER: I pass the witness.

ATTORNEY GOOCH: Can I get the time?

THE VIDEOGRAPHER: 4, 15.

ATTORNEY GOOCH: Thank you.

Can I have an exhibit sticker, please? Thank you.

(Exhibit 94 was marked for identification and is attached to the transcript.)

EXAMINATION

BY ATTORNEY GOOCH:

Q I'm marking, what is Plaintiffs' Bates Number Plaintiffs, a string of zeros, ending in 9405

150

as Exhibit 94 and handing it to the witness.

Sir, can you take a moment and review Exhibit 94 that I have handed to you and let me know when you're done reviewing all of it.

ATTORNEY MILLER: Objection.

ATTORNEY GOOCH: What's your objection?

ATTORNEY MILLER: Outside the scope of the direct examination.

ATTORNEY GOOCH: Okay.

THE COURT STENOGRAPHER: Did you want a mic on?

ATTORNEY GOOCH: Yeah.

Q (BY ATTORNEY GOOCH) Now, Dr. Rao, what does this document Exhibit 94 appear to be?

ATTORNEY MILLER: Objection, foundation.

Q (BY ATTORNEY GOOCH) You can answer.

**A So looking at it -- initially it's hard for me to say what is the platform on which this was done. Meaning when I say "platform," like how exactly is this prompt and completion system working? Is there coming in the way?**

**So I don't know that.**

**But just looking at the data that's here, somebody is asking as part of a prompt: Create me a greeting card inspired by Nicki Minaj.**

151

**And the output is an HTML form. HTML is the mockup language that is used as the way to make websites.**

Q And does this document appear to have a date on it?

**A Near the bottom in the middle it says "Captured by FireShot Pro: 14 November 2024."**

Q And are you familiar with Anthropic's guardrails as of November 14, 2024?

ATTORNEY MILLER: Objection.

**A Anthropic's guardrails would have been all the things we had talked about. There would be a prompt classifier. If it fired, there would be a mitigation CCS. If CCS fired, there would be a mitigation.**

Q (BY ATTORNEY GOOCH) And why were you familiar with -- or why would you -- strike that.

Why would you be familiar with the guardrails as of November 2024?

ATTORNEY MILLER: Objection.

**A That's what my team was set up for. We built the guardrails. We made sure that they were running and improving it from time to time.**

Q (BY ATTORNEY GOOCH) And I know this might feel a little weird, but I'm going to ask you to

152

look ahead of you at the camera even though I'm sitting directly next to you.

Let's take those one by one.

When the prompt in this Exhibit 94 would have been entered or was theoretically entered into CLAUDE, can you describe what Prompt Shield would have done to it?

ATTORNEY MILLER: Objection.

**A When the Prompt Shield -- so Prompt Shield would have run. It would have evaluated the prompt to see if it was likely to elicit copyrighted material in the completion.**

Q (BY ATTORNEY GOOCH) And what would the content compare system or CopyFairy have done as it relates to this prompt and output?

ATTORNEY MILLER: Objection.

**A The content compare system works only on the completion. So it would start running its matching for -- against all of the sub-corpora in -- in the content compare system. Like we had seen books and nonfiction and so on.**

**And it would keep comparing until it reached the end of the completion.**

Q (BY ATTORNEY GOOCH) Now, in your experience, is this a common prompt that a user

153

would submit to CLAUDE?
ATTORNEY MILLER: Objection, foundation; calls for speculation.
**A Creating an HTML-based response is -- is unusual in -- in this regard. If -- if there is -- if there is the programming use case, the prompt would have been structured differently.**
Q (BY ATTORNEY GOOCH) And how would you classify this prompt given your experience at Anthropic designing the guardrails?
ATTORNEY MILLER: Objection, foundation; calls for speculation.
**A So as I'm reading the -- the HTML, I see down below in the body part of the HTML, which is the part that the user will see, it looks like there is reproduction of lyrics.**
**And for this to have been worked through, it -- it is a fairly significant amount of work to essentially what is a jailbreak.**
**It has found a way to evade the prompt classifier and a way to evade the CCS system. Because in the completion, you can see after -- the first line is after three words, there is a break, which is an HTML tag, "less than BR greater than." And that is designed to circumvent the CCS.**

154

**So this is a -- this is a jailbreak that would have taken a fair bit of effort. So like I, again, said: What is the context in -- within which this prompt was issued?**
**I don't know. So with the limited data, I can see that it's -- it's a jailbreak.**
Q (BY ATTORNEY GOOCH) Given your experience building and running the guardrail system at Anthropic, do you have an estimate as to how hard it would have been to find this jailbreak?
ATTORNEY MILLER: Objection, foundation; assumes facts not in evidence; calls for speculation.
**A Given my experience, this -- this is -- this is a significant amount of effort. Quite a lot.**
**As I said, the user here has found a way for -- in generating a prompt that creates copyrighted output and not get prompt modified and then has found a way to structure the output so as to evade CCS.**
**So this is -- this -- this would have taken a significant amount of work.**
Q (BY ATTORNEY GOOCH) Now, you mentioned earlier that you couldn't tell what third-party

155

platform this was on.
Why would that matter to the guardrails?
ATTORNEY MILLER: Objection.
**A So the -- I had said this right at the beginning.**
**There is a fair number of variables that people can do when they receive a prompt and what they put around it before they send to the model what temperature is set when it reaches the model and what additional data they have appended.**
**So without knowing all of that, it -- it is really hard to say or predict accurately what -- how the system is going to respond.**
Q (BY ATTORNEY GOOCH) Okay. And in your review of Exhibit 94, do you see any of that information being provided?
ATTORNEY MILLER: Objection.
**A I mean, the two things that I would say is if there is anything around the prompt or what the system prompt was set to be, I cannot see what the temperature was set to be. I cannot see.**
ATTORNEY GOOCH: Thank you. I pass the witness.
ATTORNEY MILLER: I'm going to move to strike all of that testimony as improper redirect,

156

outside the scope of the 30(b)(6) notice and outside the scope of the direct examination.
ATTORNEY GOOCH: Sounds good.
It directly relates to guardrails, the copy compare system. It represents to your questions as they related to the efficacy.
It relates to the questions as related to the song lyrics.
It related to your questions as to how the system works.
It related to a number -- and it related to at least five or six of your 30(b)(6) topics.
But I hear your objection, and we'll let the court rule on it later.
ATTORNEY MILLER: I made my objection for the record. I'm not going to argue -- I'm not going to argue with you about it now.
ATTORNEY GOOCH: Sounds good.
THE VIDEOGRAPHER: Is this the end?
ATTORNEY MILLER: Yeah.
THE VIDEOGRAPHER: All right. This marks the end of today's deposition of Vinay Rao, 30(b)(6).
We are going off the record at 14:54 p.m.
(TIME NOTED: 2:54 p.m.)

I, VINAY RAO, Ph.D., do hereby declare under penalty of perjury that I have read the foregoing transcript; that I have made any corrections as appear noted, in ink, initialed by me, or attached hereto; that my testimony as contained herein, as corrected, is true and correct.

EXECUTED this_______ day of________________, 20____, at__________________, ________________.
(City) (State)

______________________
VINAY RAO, Ph.D.



I, MARY J. GOFF, CSR No. 13427, Certified Shorthand Reporter of the State of California, certify;

That the foregoing proceedings were taken before me at the time and place herein set forth, at which time the witness declared under penalty of perjury; that the testimony of the witness and all objections made at the time of the examination were recorded stenographically by me and were thereafter transcribed under my direction and supervision; that the foregoing is a full, true, and correct transcript of my shorthand notes so taken and of the testimony so given;

That before completion of the deposition, review of the transcript ( ) was (xx) was not requested: ( ) that the witness has failed or refused to approve the transcript.

I further certify that I am not financially interested in the action, and I am not a relative or employee of any attorney of the parties, nor of any of the parties.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, dated this 10th day of November, 2025.

Mary J. Goff
MARY J. GOFF



ERRATA SHEET
PLANET DEPOS
451 Hungerford Drive, Suite 400
Rockville, Maryland 20850
888-433-3767

CASE: Concord v. Anthropic

| PAGE | LINE | FROM | TO |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

______________________
VINAY RAO, Ph.D., 30(b)(6)

Subscribed and sworn to before me this_____ day of____________, 2025.

______________________
Notary Public

ERRATA TO THE DEPOSITION TRANSCRIPT OF
**Vinay Rao (30(b)(6))**
TAKEN ON **November 7, 2025**

I have reviewed the transcript of my 30(b)(6) testimony of **November 7, 2025**, and hereby make the following changes in form and/or substance:

| PAGE | LINE(S) | CHANGE | REASON FOR CHANGE |
|---|---|---|---|
| 137 | 17 | "accepted" to "exempted" | Transcription error |
| 145 | 23 | "valuations" to "validations" | Transcription error |
| 151 | 2 | "mockup" to "markup" | Transcription error |
| 151 | 14 | "mitigation CCS." to "mitigation." | Transcription error |

I, **VINAY RAO**, read the foregoing deposition and hereby state that the foregoing is true and correct, except as noted herein.

Vinay Rao

**Vinay Rao**

12/10/2025

**Date**