# EXHIBIT 165

# (FILED UNDER SEAL)

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

---

CONCORD MUSIC GROUP, INC., ET AL., )
Plaintiffs, )
v. ) Case Number 5:24-cv-03811-EKL SVK
ANTHROPIC PBC, )
Defendant. )

HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY

VIDEOCONFERENCED and VIDEO-RECORDED
30(b)(1) DEPOSITION OF
THOMAS B. BROWN, JR.
San Francisco, California 94111
Monday, January 26, 2026

Reported Stenographically by:
MARY J. GOFF
CSR No. 13427
WA CSR No. 21030779
Job No. 616917
PAGES 1-355

2

HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY
VIDEOCONFERENCED and VIDEO-RECORDED
30(b)(1) DEPOSITION of

THOMAS B. BROWN, JR., Volume I, taken on behalf of Plaintiff Music Publishers, Oppenheim Zebrak, LLP, at WilmerHale, 50 California Street, Suite 3600, San Francisco, California 94111, beginning at 9:18 a.m. and ending at 6:01 p.m., on Monday, January 26, 2026, before MARY J. GOFF, California Certified Shorthand Reporter No. 13427 and WA CSR No. 21030779.

3

APPEARANCES:
For Plaintiffs Concord Music Group, et al.
Oppenheim Zebrak, LLP
BY: NICHOLAS C. HAILEY
BRET MATERA (remote)
Attorneys at Law
4530 Wisconsin Avenue, NW
5th Floor
Washington, DC 20016
202-480-2999
nick@oandzlaw.com
bmatera@oandzlaw.com

For Defendant Anthropic PBC
WilmerHale
BY: SONAL MEHTA
ELLEN STEPHANO (remote Boston)
Attorneys at Law
2600 El Camino Real
Suite 400
Palo Alto, California 94306
sonal.mehta@wilmerhale.com
628-235-1026
ALSO PRESENT: Natalie Naugle, in-house counsel Anthropic
Videographer: Philip Astor

4

INDEX


| WITNESS | | EXAMINATION |
|---|---|---|
| THOMAS B. BROWN, JR. | | |
| Volume I | | |
| | ATTORNEY HAILEY | 8 |
| | ATTORNEY MEHTA | -- |

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 259 | Plaintiffs' Notice of Deposition to Tom Brown Pursuant to Federal Rule of Civil Procedure 30(b)(1) | 10 |
| Exhibit 260 | Tom Brown's LinkedIn Profile | 11 |
| Exhibit 261 | Tom Brown X post Listening to this singing | 27 |
| Exhibit 262 | Jukebox | 30 |
| Exhibit 263 | 9-9-2023 email from Tehal Anthropic_0000011373 | 73 |
| Exhibit 264 | Anthropic Overview Sept 2023 Anthropic_0000011376-406 | 73 |
| Exhibit 265 | HIPI Anthropic_0000216904-909 | 88 |
| Exhibit 266 | Tom Brown Spotify Account | 101 |

| EXHIBITS CONTINUED: | | PAGE |
|---|---|---|
| Exhibit 267 | Human, I'm thinking about Anthropic_0000570705-706 | 137 |
| Exhibit 268 | Human, Which is the Black Panther album Anthropic_0000570675 | 161 |
| Exhibit 269 | Human, Please transcribe Anthropic_0000570707 | 166 |
| Exhibit 270 | Human, What are your top ten favorite Grimes tracks? Anthropic_0000570628-629 | 174 |
| Exhibit 271 | Human, What's the most iconic Pearl Jam song? Anthropic_0000570614-16 | 178 |
| Exhibit 272 | Human, What's the song Every Breath You Take by The Police about? Anthropic_0000570627 | 187 |
| Exhibit 273 | Human, I wanna make weightlifting super fun. Anthropic_0000570638-71 | 190 |
| Exhibit 274 | @Claude what are the lyrics to Desolation Row by Dylan? Anthropic_0000016458-59 | 207 |
| Exhibit 275 | Bob Dylan Lyrics Anthropic_0000000926 | 223 |
| Exhibit 276 | How Much do We Need $100B of Compute? Anthropic_0000011757-67 | 237 |
| Exhibit 277 | 12-16-23 email from Jon Jones Anthropic_0000216055-59 Re: Books | 264 |





| EXHIBITS CONTINUED: | | PAGE |
|---|---|---|
| Exhibit 278 | Principles of Data Partnerships, 2-27-24, Turvey Anthropic_0000235875-79 | 275 |
| Exhibit 279 | B2C Claude Safety Checklist Anthropic_0000217026-7030 | 286 |
| Exhibit 280 | 12-1-22 email thread Technical copyright mitigations design, from [redacted] Anthropic_0000599647 | 302 |
| Exhibit 281 | Tom Brown on X Post I wrote a short story | 321 |
| Exhibit 282 | Tom Brown post on Medium Dreamers | 322 |
| Exhibit 283 | Book, The History of Love by Nicole Krauss | 324 |

PREMARKED EXHIBITS:

| | | |
|---|---|---|
| Amodei Exhibit 177 | Anthropic Plan for 2023 Anthropic_0000216987-999 | 254 |




San Francisco, California
Monday, January 26, 2026
9:18 a.m.

THE VIDEOGRAPHER: Here begins Media Number 1 in the videotaped deposition of Tom Brown, in the matter of Concord Music Group versus Anthropic, in the United States District Court, Northern District of California, San Jose Division, Case Number 24-CV-03811-EKL (SVK).

Today's date is January 26, 2026. The time on the video monitor is 9:18 a.m. The videographer today is Philip Astor, representing Planet Depos. This video deposition is taking place at WilmerHale, San Francisco, California.

Would counsel please voice identify themselves and state whom they represent.

ATTORNEY HAILEY: Nick Hailey with the law firm Oppenheim + Zebrak on behalf of the Music Publisher Plaintiffs. I'm joined with my colleague, Brett Matera, by Zoom.

ATTORNEY MEHTA: Good morning. Sonal Mehta from WilmerHale. With me on the Zoom is my colleague, Ellen Stephano. And in the room with me is Natalie Naugle, who is in-house counsel at Anthropic.



THE VIDEOGRAPHER: The court reporter today is Mary Goff, representing Planet Depos. The witness will now be sworn.

THE COURT STENOGRAPHER: My name is Mary Goff. I am a California Certified Shorthand Reporter, CSR Number 13427. Today's proceedings are being captured by stenographic means.

THOMAS B. BROWN, JR.,

Being first duly sworn or affirmed to testify to the truth, the whole truth, and nothing but the truth, was examined and testified as follows:

EXAMINATION

BY ATTORNEY HAILEY:

Q Good morning, Mr. Brown. My name is Nick Hailey. We met just a few moments ago. I represent the Plaintiff Music Publishers in their lawsuit against your company, Anthropic.

Can you go ahead and please state your name and home address for the record?

**A Yep. I'm Tom Brown -- Thomas Benton Brown, Junior. Home address, [redacted].**

Q Have you ever been deposed before, Mr. Brown?

**A I have not.**

Q So let's start by going over just a few

193

Q CLAUDE responds in part:
"Ric Flair drip. Probably the biggest hit. That flute melody is iconic, and the beat is so smooth and menacing at the same time."
Did I read that correctly?
**A That's -- that's what CLAUDE said.**
Q How is CLAUDE capable of describing the "flute melody as iconic and the beat as smooth and menacing"?
**A I -- I don't know. My guess is that there's like a wide variety of publicly available commentary on this track and that CLAUDE picked it up via learning about that commentary.**
Q So CLAUDE hasn't been trained on the actual audio of this song, correct?
ATTORNEY MEHTA: Form.
**A CLAUDE has not been trained on the audio of this song.**
Q (BY ATTORNEY HAILEY) So when it generates output here referring to the "flute melody as iconic and the beat as smooth and menacing," that's repeating what human writers have said about the melody and beat and that's been included in CLAUDE's training data --

194

ATTORNEY MEHTA: Objection --
Q (BY ATTORNEY HAILEY) -- correct?
ATTORNEY MEHTA: -- to the form.
**A I don't know. My guess is that no person has, like, used this exact sentence and it's more that CLAUDE is, like, picking up kind of a vibe from the commentary and then synthesizing it into this summary.**
Q (BY ATTORNEY HAILEY) And what's your basis for saying that?
**A I think just my experience with training LLMs in the past.**
Q But you don't know specifically what CLAUDE is basing this response on?
**A That's correct. I don't think -- I don't think anybody knows for certain.**
Q And is that fair to say more broadly about CLAUDE's output, that no one knows for certain where exactly that output comes from?
ATTORNEY MEHTA: Objection to the form.
**A I think in -- in general it's very difficult to know what training data is most influential in like a resulting response. That -- that seems like it's an unsolved problem in machine learning.**

195

Q (BY ATTORNEY HAILEY) If training data is repeated many times -- strike that.
If training data is repeated many times in the training corpus, that could make it more likely to influence a resulting response? Would you agree to that?
ATTORNEY MEHTA: Objection, calls for speculation; calls for expert opinion.
**A I don't know. Like, to be clear, I think the -- like, the sentence that we're talking about here, probably "the biggest hit, that flute melody is iconic, and the beat is so smooth and menacing at the same time," I would guess that, like, that sentence has never been written anywhere before.**
**CLAUDE wrote it that one time.**
Q (BY ATTORNEY HAILEY) But you don't know that?
**A I don't know.**
Q And is it your testimony that you don't -- that you can't say one way or the other if specific content is repeated many times in the training data, whether that's more likely to influence the model's output?
ATTORNEY MEHTA: Form.
**A I think I don't -- I think I don't know. I think that if you trained a ton on -- like, in pretraining some verbatim chunk of text many, many times, that that would make it more likely that the model would regurgitate it.**
**But again, I think that's -- that's the reason why we avoid doing stuff like that, but again, I'm not the expert here.**

196

Q (BY ATTORNEY HAILEY) Can you turn to page 654, please?
**A Go back to -- oh, 654.**
Q Do you see about four lines down from the top of the page, you prompt the model:
"I really resonate with her nostalgia. I have had a bunch of success. I'm an Anthropic cofounder, but I miss being a kid without all this pressure on me."
Did I read that correctly?
**A Yep.**
Q What do you mean when you say "you have had a bunch of success"?
**A I think I have been trying to help the world successfully navigate the transition to AI in a good way for the last 10 years ago, and I feel like now I have had more success in kind of making a**

197

dent and pushing the world in a good direction.
Q Have you had financial success?
A That's not what I was talking about here.
Q What pressure are you referring to here?
A I think, as I have stated before, I feel like this is something that like feels like it's perhaps a sped-up version of what's happened during the Industrial Revolution, which is, I think, a lot of -- like, a lot of pressure in order to try to make sure that that goes well.
I have talked about kind of like the potential upsides, as well as the potential dangers, and so I think all of us have a lot of pressure to try to make sure that that goes well.
Q So when you refer to "pressure," you're referring in part to the catastrophic risks of the AI technology that you're developing?
ATTORNEY MEHTA: Objection to the form.
A Yeah, I think that there's both a tremendous possibility for upside and a tremendous possibility for downside, which together I think means that the stakes are very large.
Q (BY ATTORNEY HAILEY) And the stakes are so large in part because of the catastrophic risks of the technology that you're working on, right?

198

ATTORNEY MEHTA: Objection to the form. Asked and answered.
A Yeah, I think that there's both a potential for really, like, unprecedented upside and also for tremendous downside.
Q (BY ATTORNEY HAILEY) Can you turn to page 643, please?
A I'm on 643.
Q Do you see about ten lines down from the top, you prompt the model:
"One of my friends has a vest
that lets him feel bass from music;
maybe I should get one"?
A I see this.
Q Do you recall thinking about getting a base [sic] that helps you feel music?
A Like a haptic vest? I think I was referring to a haptic vest here, which CLAUDE clarifies in the next sentence, although CLAUDE eventually convinced me not to get one.
Q And then if you go down to your next prompt, you can see that you prompt the model:
"Feels fun to try it out. I'm
rich. Want to help me find the
best one for me?"

199

Did I read that correctly?
A Yep, I see that.
Q What do you mean here when you say "I'm rich"?
A I think I meant here that like I could afford a $200 vest, if I wanted to get one.
Q When you say you're rich, are you referring to your equity in Anthropic?
A No. I think I was just referring to funds that I already have.
Q So -- sorry. Just so I understand, what are you referring to in this answer when you say "I'm rich"?
ATTORNEY MEHTA: Objection, asked and answered.
A I think that CLAUDE here was worried about whether a $200 purchase would be outside of my price range, and so I was saying to CLAUDE that I'm rich enough to afford the $200 to $500 purchase, if I wanted to. Although, I decided not to get it after considering it.
Q (BY ATTORNEY HAILEY) Without your equity in Anthropic, would you still consider yourself to be rich?
ATTORNEY MEHTA: Form.

200

A Yes, I would.
Q (BY ATTORNEY HAILEY) And beyond your -- beyond your equity-- well, strike that. Let's turn to page 657.
Going back to your prior answer, why do you say without your equity in Anthropic, you would still consider yourself to be rich?
A I think that we don't spend that much, and so I think that even if I lost all of my Anthropic equity, I would still feel like I could live comfortably.
Q Would you still be rich if you lost all your Anthropic equity?
A Yeah --
ATTORNEY MEHTA: Objection to the form.
A -- I think so.
Q (BY ATTORNEY HAILEY) So do you see -- so you're on page 657, correct?
A Yeah.
Q Go almost all the way down to the bottom of the page. Do you see the prompt beginning:
"I'm not sleep-deprived
luckily"?
A I see.
Q You continue:

353

I, THOMAS B. BROWN, JR., do hereby declare under penalty of perjury that I have read the foregoing transcript; that I have made any corrections as appear noted, in ink, initialed by me, or attached hereto; that my testimony as contained herein, as corrected, is true and correct.

EXECUTED this_______ day of________________, 20____, at__________________, __________________.
(City) (State)

_______________________________
THOMAS B. BROWN, JR.

354

I, MARY J. GOFF, CSR No. 13427, Certified Shorthand Reporter of the State of California, certify;

That the foregoing proceedings were taken before me at the time and place herein set forth, at which time the witness declared under penalty of perjury; that the testimony of the witness and all objections made at the time of the examination were recorded stenographically by me and were thereafter transcribed under my direction and supervision; that the foregoing is a full, true, and correct transcript of my shorthand notes so taken and of the testimony so given;

That before completion of the deposition, review of the transcript ( ) was (XX) was not requested: ( ) that the witness has failed or refused to approve the transcript.

I further certify that I am not financially interested in the action, and I am not a relative or employee of any attorney of the parties, nor of any of the parties.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct, dated this 29th day of January, 2026.

Mary J. Goff
MARY J. GOFF

355

ERRATA SHEET
PLANET DEPOS
451 Hungerford Drive, Suite 400
Rockville, Maryland 20850
888-433-3767

CASE: Concord Music Group, et al. v. Anthropic

PAGE LINE FROM TO
____ ____ ______________________ __________
____ ____ ______________________ __________
____ ____ ______________________ __________
____ ____ ______________________ __________

____ ____ ______________________ __________
____ ____ ______________________ __________
____ ____ ______________________ __________
____ ____ ______________________ __________
____ ____ ______________________ __________
____ ____ ______________________ __________

_______________________________
THOMAS B. BROWN, JR.

Subscribed and sworn to before me this _____ day of ____________, 2025.

_______________________________
Notary Public