# EXHIBIT 133

Planet Depos
We Make It Happen™

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

# Transcript of Vinay Rao, Ph.D.

**Date:** November 7, 2025
**Case:** Concord Music Group -v- Anthropic

**Planet Depos**
**Phone:** 888.433.3767 | **Email:** transcripts@planetdepos.com
**www.planetdepos.com**
**Michigan #8598 | Nevada #089F | New Mexico #566**

1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CONCORD MUSIC GROUP, INC., ET AL.,
Plaintiffs,
v.
ANTHROPIC PBC,
Defendant.

Case Number 5:24-cv-03811-EKL SVK

HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY
VIDEOCONFERENCED and VIDEO-RECORDED
30(b)(1) DEPOSITION of
Anthropic PBC, by and through its Designated
Representative,
VINAY RAO, Ph.D.
San Francisco, California 94111
Friday, November 7, 2025

Reported Stenographically by:
MARY J. GOFF
CSR No. 13427
WA CSR No. 21030779
Job No. 606055(30b1)
PAGES 1-152

2

HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY

VIDEOCONFERENCED and VIDEO-RECORDED DEPOSITION of VINAY RAO, Ph.D., Volume I, taken on behalf of Plaintiff Publishers, Oppenheim + Zebrak, LLP, at WilmerHale, 50 California Street, Suite 3600, San Francisco, California 94111, beginning at 3:07 a.m. and ending at 8:57 p.m., on Friday, November 7, 2025, before MARY J. GOFF, California Certified Shorthand Reporter No. 13427 and WA CSR No. 21030779.

3

APPEARANCES:
For Plaintiff Publishers
Oppenheim + Zebrak, LLP
BY: COREY MILLER
TIMOTHY S. CHUNG (NYC office)
Attorneys at Law
4530 Wisconsin Avenue
5th Floor
Washington, D.C. 20016
202-957-5043
corey@oandzlaw.com
tchung@oandzlaw.com

For Defendant Anthropic PBC
WilmerHale
BY: TAYLOR GOOCH
Attorney at Law
50 California Street
Suite 3600
San Francisco, California 94111
taylor.gooch@wilmerhale.com
628-235-1026
ALSO PRESENT: Ian Chen, In-house counsel Anthropic
Ellen Stephano, Esquire, WilmerHale (remote Boston)
Videographer: Philip Astor

4

INDEX


| WITNESS | | EXAMINATION |
|---|---|---|
| VINAY RAO, Ph.D. | | |
| Volume I | | |
| | ATTORNEY MILLER | 8 |
| | ATTORNEY GOOCH | -- |

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 95 | Rao's LinkedIn Profile Tab 2 | 9 |
| Exhibit 96 | 2024-01 Model Bash Copyright FAQ Anthropic_0000011783-85 Tab 3 | 25 |
| Exhibit 97 | 12-20-23 email T&S Anthropic_0000477550 Tab 5 | 27 |
| Exhibit 98 | Plans for T&S in 2024 Anthropic_0000477560-62 Tab 6 | 30 |
| Exhibit 99 | T&S for 2024 Anthropic_000012460 Tab 7 | 41 |
| Exhibit 100 | samm, 12-21-23 Anthropic_0000346504 Tab 26 | 47 |

# Pages 85-88

85

**and what the source of that is.**
ATTORNEY MILLER: Tab 42.
(Exhibit 108 was marked for identification and is attached to the transcript.)
Q (BY ATTORNEY MILLER) All right. In your Zoom you should now find what I have marked as Exhibit 108, which bears the Bates Number Anthropic_000242173.
**A Give me a second. Give me a second. Yeah. Okay.**
Q I want to direct your attention to page 3.
**A Yeah.**
Q And do you see -- the second entry on page 3 appears to be a Slack comment from Jared.
Do you see that?
**A Yes, I see a comment from Jared.**
Q And that's Dr. Kaplan, correct?
**A Yes.**
Q And it's dated January 19, 2024?
**A Yes.**
Q And Dr. Kaplan says:
I think we would like to swap to just CopyFairy in the fairly near future, but it is at this moment grossly inadequate and the

86

risks are very, very high.
Do you see that?
**A Yes.**
Q Do you agree with Dr. Kaplan that CopyFairy was grossly inadequate as of January 19, 2024?
**A I don't know what he meant by that.**
Q Do you recall ever discussing with Dr. Kaplan whether CopyFairy or the content compare system was grossly inadequate?
**A I don't recall.**
Q Do you recall ever discussing with Dr. Kaplan, eliminating Prompt Shield and using just the content compare system?
**A I don't recall.**
ATTORNEY MILLER: All right. Tab 14, please.
Q (BY ATTORNEY MILLER) Do you recall exactly what the first day was when you started at Anthropic?
**A Say again.**
Q Do you recall the date that your employment at Anthropic began?
**A I don't know exactly. September 19 September something.**

87

Q Okay. Thank you.
(Exhibit 109 was marked for identification and is attached to the transcript.)
Q (BY ATTORNEY MILLER) What I have marked as Exhibit 109 bears the Bates Number Anthropic_0000242292.
Do you have that open in front of you?
**A Okay.**
Q And what has been marked as Exhibit 109 is a Slack communication between you and "tpaine" --
**A Yes.**
Q -- is that right?
And that's tpaine, not the rapper T-Pain, but T P A I N E, correct?
**A It's Thompson Paine.**
Q And it's dated October 23, 2023, correct?
**A Yes.**
Q And Thompson Paine, what was his role at Anthropic at the time?
**A Among other things, he was managing product management as well. I don't know exactly what his title was.**
Q And Mr. Paine says to you:
My gut is we need to move CopyFairy and the copyright

88

workstreams over to T&S. Does T&S make sense to you as the long-term home for this work?
Do you see that?
**A Yes.**
Q So as of the date of this document, October 23, 2023, trust and safety was not responsible for CopyFairy in the copyright workstreams?
**A Yes, that's what the document says. Yes.**
Q And when the document says that, that's accurate, right?
**A Yeah.**
Q Who was responsible for CopyFairy in the copyright workstreams at this time?
**A I actually don't remember, yeah.**
Q And you respond:
I had no idea we have a copyright workstream.
When did -- so when you-- withdrawn.
When you started at Anthropic in September of 2023, you were not informed that Anthropic had a copyright workstream?
**A Yes.**
Q And then you say:

# Pages 97-100

97

**A Yes.**
Q What is this document?
**A It's a planning document for copyright-related work.**
Q Okay. And it states that the "participants" were "Vinay, Landon, and Sam"?
**A Yes.**
Q And "Vinay" is you?
**A Yes.**
Q "Sam" was Sam Martin?
**A Yes.**
Q Who was Landon?
**A Landon Goldberg.**
Q And he was a member of the --
**A My team.**
Q -- your team?
Current State, it says:
[redacted]
Do you see that?
**A Yes.**
Q What does that mean?
**A So the way we had structured our defense plan to prevent CLAUDE from producing copyrighted**

98

**content is at the Prompt Shield level to have a fairly [redacted] detection to identify if the prompt is likely to -- if the user is setting up the prompt -- prompt to elicit copyrighted information.**
**So regardless of how comprehensive the CCS is, this was an independent [redacted] mechanism to minimize copy -- the production of copyrighted content.**
Q Well, if copyright -- withdrawn.
[redacted]
ATTORNEY GOOCH: Objection, vague; misstates the facts.
**A Again, I can't put myself in the mind-set [redacted]**
ATTORNEY GOOCH: Objection, form.
[redacted]

99

[redacted]
Q (BY ATTORNEY MILLER) And do you see in the middle of the page it says "Desired Final State"?
**A In the middle of the page? Yes.**
Q And then below that it says -- the document states:
[redacted]
Do you see that?
**A Yes.**
Q So was it your goal at this time to build [redacted]
ATTORNEY GOOCH: Objection, vague.
**A Yeah, it's hard to get into that -- that mind-set. As I said, this is a planning doc. It's a vision doc. It's not a finalized document.**

100

Q (BY ATTORNEY MILLER) Was it your vision to [redacted]
ATTORNEY GOOCH: Same objection.
**A Again, it's hard call -- go into exactly what we were thinking. The -- taking a step back, I mean, we really wanted to do -- [redacted]**
Q (BY ATTORNEY MILLER) Did you ever discuss with Dr. Kaplan, building [redacted]
**A I definitely discussed. I don't know if it was with Jared.**
Q Okay. Who do you -- who did you discuss-- withdrawn.
With whom did you discuss [redacted]
ATTORNEY GOOCH: Objection, vague.
**A I think that is privileged.**
Q (BY ATTORNEY MILLER) So you discussed it with counsel?
ATTORNEY GOOCH: Objection. I'm going to instruct the witness not to answer the question on privilege grounds.