SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

ALEX W. MILLER (*Pro Hac Vice*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*Pro Hac Vice*)
jared.grubow@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
250 Greenwich St
New York, NY 10007
Telephone: (212) 230-8800

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

*Attorneys for Defendant*
**ANTHROPIC PBC**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendant.

Case No. 5:24-cv-03811-EKL-SVK

**ANTHROPIC'S SUPPLEMENTAL BRIEF REGARDING *DOE 1 v. GITHUB, INC.***

Hearing Date: October 21, 2026
Time: 10:00 AM
Judge: Hon. Eumi K. Lee

*Doe 1 v. GitHub, Inc.*, 2026 WL 2728464 (9th Cir. Sept. 16, 2026), confirms the Court should grant Anthropic summary judgment on Publishers' DMCA claim. Publishers assert that Anthropic violated the DMCA by (1) distributing lyrics without CMI in Claude's outputs, and (2) removing CMI from lyrics when training Claude. *GitHub* forecloses both theories.

## I. *GITHUB* CONFIRMS THAT CLAUDE'S OUTPUTS DO NOT VIOLATE THE DMCA

Anthropic's motion explained that "the DMCA only prohibits removal of CMI from, or distribution of, copyrighted works as a whole." Ant. Mot. 34 (Dkts. 694, 838). Publishers' "works" are musical compositions. *Id.* Because "Claude is incapable of reproducing a copy of Publishers' full compositions," its outputs do not remove CMI from Publishers' works or distribute them. *Id.*[1]

*GitHub* reached the same conclusion on a materially identical claim. The plaintiffs alleged that an LLM trained on their works violated the DMCA's removal and distribution provisions by outputting copies of their works without CMI. *GitHub*, 2026 WL 2728464, at *2. The Ninth Circuit disagreed. The LLM's outputs were not copies of "an existing protected work." *Id.* at *1, 7. They were "new works that never contained" CMI. *Id.* at *1. "One who creates a new work and fails to include CMI cannot be said to have 'removed'" CMI. *Id.* at *5. The DMCA instead "requires taking away or changing attribution information from an existing work." *Id.* "The statutory definition of CMI reinforces this reading." *Id.* The DMCA defines CMI as "information conveyed in connection with copies . . . of a work," 17 U.S.C. § 1202(c), "not in connection with excerpts or derivative works," *GitHub*, 2026 WL 2728464, at *5. So liability requires that a defendant remove CMI "from a copy of an existing protected work." *Id.* at *1.

*GitHub* turned on how an LLM functions. The LLM at issue "relie[d] on a complex probabilistic process to predict the most likely solution to a given prompt" based on "statistical patterns governing the structure" of training materials that included the plaintiffs' copyrighted code. 2026 WL 2728464, at *7. Through that process, the LLM did "not look up and reproduce stored work but rather create[d] new work." *Id.* at *5. The LLM thus "differ[ed] from a traditional search engine, which, in response to a user's query, retrieves and displays stored information—that is, copies of materials that already exist." *Id.* at *7. And the "probabilistic process" of predicting "the

[1] Unless noted emphasis is added and internal quotation marks and citations are omitted.

most likely solution to a given prompt" did not copy works "that already exist" as the DMCA requires, but rather "create[d] new work." *Id.*

As Anthropic explained in its opening motion, Claude works the same way. Like the LLM in *GitHub*, Claude draws on "statistical representations" governing human language, derived from a massive corpus of text, to "respond to user prompts based on repeated predictions of what word should come next." Ant. Mot. 5. Publishers' experts agree. Dr. Shan stated that "LLMs like Claude analyze the statistical relationship or conditional probability of tokenized words and phrases" to output "texts that appear natural and coherent, generated in response to human inputs." Anthropic's Reply Separate Statement ("Ant. ReSS") Fact #10 (Dkts. 800-1, 845-1). Dr. Zhao testified that Claude "generate[s] output based on learning statistical associations between tokenized text." *Id.* Fact #33. There is no evidence Claude "functioned like a search engine." *GitHub*, 2026 WL 2728464, at *7. Dr. Zhao conceded that Claude stores no copies. Ant. ReSS Fact #36. Claude's "training corpus is decoupled from the model once the model is trained," so Claude does not "stor[e] an exact copy of that text" or "scan for the text from its training corpus." *Id.* Fact ##36, 97. Rather, as in *GitHub*, Claude's outputs are new works that Claude generates through "a complex probabilistic process." 2026 WL 2728464, at *7.

Publishers' examples of Claude reproducing lyrics do not save their DMCA outputs theory. The *GitHub* plaintiffs also alleged that the LLM's outputs could be "substantially similar" to their copyrighted works. 2026 WL 2728464, at *7. And the Ninth Circuit explained "that many copyright cases involve the creation of a work that is substantially similar to the plaintiff's without attribution." *Id.* But the court recognized "[i]f that were all it took to violate section 1202(b), the DMCA would supplant traditional copyright protections and subject defendants to potentially ruinous liability under the DMCA's enhanced statutory damages." *Id.* It thus "decline[d] plaintiffs' invitation to transform run-of-the-mill copyright-infringement claims into DMCA claims." *Id.*

## II. *GITHUB* BARS PUBLISHERS' DMCA CLAIM BASED ON TRAINING

Anthropic's motion explained that Anthropic "only ingested lyrics from the internet," not the full "musical composition[s]" that make up Publishers' copyrighted "works." Ant. Mot. 34. As a result, Anthropic never even possessed Publishers' whole works. And removing identifying

information from excerpts of Publishers' works (lyrics) does not violate the DMCA. The statute requires removing CMI from a "product or original work," not an excerpt. *See Dolls Kill, Inc. v. Zoetop Bus. Co.*, 2022 WL 16961477, at *3 (C.D. Cal. Aug. 25, 2022); *Andersen v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 970 (N.D. Cal. 2024).

Although the *GitHub* plaintiffs waived their training claim, the decision's reasoning precludes Publishers' training theory. 2026 WL 2728464, at *3. *GitHub* expressly held that identifying information conveyed with "excerpts" of a work is not CMI within the DMCA's scope. *Id.* at *5. That holding adopts the whole-work requirement from Ninth Circuit district court cases like *Dolls Kill* and *Andersen*. Ant. Mot. 34. Publishers previously disputed the whole-work requirement with out-of-circuit district court cases involving the removal of CMI from excerpts. Pub. Opp. 28 (Dkts. 739, 877) (citing *ICONICS, Inc. v. Massaro*, 192 F. Supp. 3d 254 (D. Mass. 2016), and *Real World Media v. Daily Caller, Inc.*, 744 F. Supp. 3d 24 (D.D.C. 2024)). *GitHub* rejected the reasoning of those decisions. And its rationale prohibits DMCA claims based on the removal of information from "excerpts." 2026 WL 2728464, at *5. Because identifying information attached to "excerpts" is not CMI, *id.*, removing that information from an excerpt cannot violate the DMCA. But that is all that Publishers have asserted. Under their theory, Anthropic at most removed identifying information from "excerpts" of their works—Publishers' lyrics—rather than from the works as a whole. Ant. ReSS Fact ##54-58 (no dispute that Works in Suit are musical compositions); *id.* Fact ##61-64.

*GitHub*'s discussion of "identicality" does not change this result. The court observed that "the DMCA does not require literal identicality," and "[m]inor cosmetic changes will not necessarily protect a defendant who substantially or entirely reproduces the protected work and removes CMI." 2026 WL 2728464, at *6. Here, Publishers have not even attempted to show that Anthropic removed CMI from "the protected work" (a composition) with "minor alterations" or "[m]inor cosmetic changes." *Id.* This case thus falls squarely into *GitHub*'s "excerpts" framework.

* * *

*GitHub* confirms that the Court should grant Anthropic summary judgment on Publishers' DMCA claim in full.

Date: October 16, 2026

*/s/ Sonal N. Mehta*

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*Pro Hac Vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*Pro Hac Vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
50 California St.
San Francisco, CA 94111
Telephone: (628) 235-1000

ALEX W. MILLER (*Pro Hac Vice*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*Pro Hac Vice)*
jared.grubow@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
250 Greenwich St
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant*
**ANTHROPIC PBC**