**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendant.

Case Number: 5:24-cv-03811-EKL-SVK

**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING *DOE v. GITHUB, INC.* (PURSUANT TO ECF NO. 909)**

Judge Eumi K. Lee
Magistrate Judge Susan van Keulen

Hearing Date: October 21, 2026, 10:00 am
Courtroom: 7

Pursuant to the Court's Order, Plaintiffs ("Publishers") submit this supplemental brief regarding *Doe 1 v. GitHub, Inc.*, ___ F.4th ___, 2026 WL 2728464 (9th Cir. Sept. 16, 2026).

Publishers allege Anthropic intentionally removed or altered their CMI during both AI training and AI output, in violation of 17 U.S.C. § 1202(b)(1) and (3). Publishers detail the evidence supporting those claims in their opposition to Anthropic's summary judgment motion. ECF No. 877 at 27–28. The Ninth Circuit's recent *GitHub* decision underscores why Anthropic's summary judgment motion regarding Publishers' CMI claims should be denied.

**I. *GitHub* does not speak to Publishers' claims for CMI removal during training.**

At the outset, *GitHub* "decline[d]" to address DMCA liability for CMI removal during AI training because those plaintiffs had "forfeited" that claim. 2026 WL 2728464, at *3. Thus, *GitHub* says nothing about Publishers' CMI claims regarding Anthropic's AI training input.

**II. *GitHub* supports Publishers' claims as to CMI removal and distribution in output.**

As for Publishers' CMI claims based on Anthropic's output of their lyrics, *GitHub*'s analysis supports Publishers' claims and undermines Anthropic's motion. *GitHub* emphasized that, "[a]lthough substantial reproduction of a plaintiff's existing work without CMI is not always dispositive, it will often be strong circumstantial evidence that the defendant removed CMI from a copy of the plaintiff's work." *Id.* at *6. Here, the evidence shows Anthropic's AI models output verbatim and near-verbatim copies of lyrics to each of Publishers' 499 Works in Suit—without CMI. *See* ECF No. 877-1 at Ad.F #108. Under *GitHub*, that is "strong circumstantial evidence" that Anthropic removed Publishers' CMI in violation of the DMCA. 2026 WL 2728464, at *6.

Contrary to Anthropic's claim, *GitHub* does ***not*** stand for the proposition that AI models all create "new works," as opposed to reproducing existing works, such that CMI removal claims could never lie against AI companies. *GitHub* addressed a motion to dismiss, and its ruling that the particular AI tool in that case created new works was based solely on the allegations in that complaint—not any evidence. *Id.* at *5. That obviously does not control in this case.

Here, the evidence shows Anthropic's AI models do ***not*** create new works, but instead memorize and regurgitate copies of Publishers' lyrics from Anthropic's training data. ECF No. 809-1 at ##82–83, 85, 107, 127–28, 130–31; ECF No. 877-1 at Ad.F #12–15, 29, 84, 101–02.

Anthropic's records describe how Claude "[e]ncod[es] information verbatim, like lyrics or speeches, where precise recall is necessary." ECF No. 809-1 at #129. Claude responded to a third-party prompt by stating, "I can provide lyrics . . . . Just name the song and I'll pull up the words," explaining it has "access to a large database of song lyrics" to "look up specific song lyrics." *Id.* at #131. Claude has then output verbatim and near-verbatim copies of those memorized Publishers' lyrics—with CMI removed—in hundreds of instances. ECF No. 877-1 at Ad.F #108.

Indeed, *GitHub* recognized that, if an AI tool "functioned like a search engine and produced outputs that were identical to plaintiffs' code but did not contain CMI, then plaintiffs might have a stronger claim that [the AI tool] had removed their CMI." 2026 WL 2728464, at *7. The record here shows precisely that. *See, e.g.*, ECF No. 877-1 at RSS ##24, 31, 35 (explaining that Claude "effectively functions as a database that stores the training data text" and reproduces "specific phrases or texts from the LLM's training data verbatim," and disputing contention that Claude "generate[s] 'new' content (as opposed to memorizing and regurgitating its training data)").

**III. *GitHub* does not require that CMI be removed from a complete or "identical" work.**

*GitHub* does not support Anthropic's argument for a bright-line rule that "the DMCA only prohibits removal of CMI from, or distribution of, copyrighted works as a whole." ECF No. 838 at 34. To the contrary, the Ninth Circuit in *GitHub* warned against reading "an independent (and atextual) element of a section 1202(b) claim" into the statute. 2026 WL 2728464, at *6.

First, *GitHub* rejected the argument that AI output must be "identical" to the copied work to sustain a § 1202(b) claim. "[T]he DMCA does not require literal identicality between the plaintiff's work and the allegedly infringing work." *Id.* at *6. That is fatal to Anthropic's argument that the DMCA bars only "distribution of [] copyrighted works as a whole." ECF No. 838 at 34.

Nor does *GitHub* support Anthropic's theory that the DMCA prohibits only CMI removal from copyrighted works as a whole in the first instance. Nowhere does the DMCA or *GitHub* limit its prohibition to removing only CMI conveyed with copies of the ***whole*** work. *See, e.g.*, ECF No. 877 at 28; *ICONICS, Inc. v. Massaro*, 192 F. Supp. 3d 254, 272 (D. Mass. 2016) ("[T]he definition of CMI neither states nor implies that CMI can only exist with regard to the full version of a work."). *GitHub*'s reference to "excerpts or derivative works" does not change that conclusion.

2026 WL 2728464, at *5. As *GitHub* elaborated, "[t]o state a claim under section 1202, plaintiffs must therefore allege that ***defendants*** removed or altered CMI from copies of existing protected works; merely alleging that a ***similar or derivative*** work does not include the CMI, without facts showing its removal or alteration, is insufficient." *Id.* (emphasis added). In other words, *GitHub*'s teachings relate to a defendant's creation of "excerpts or derivatives," not, as Anthropic argues, that CMI is not CMI when a plaintiff commercializes less than their full registered work.

Anthropic's contrary reading of *GitHub* would render the opinion internally inconsistent. *Github* invoked the Ninth Circuit's prior *Friedman* decision, which "held that because the allegedly infringing photographs were 'exact copies' of the images as they appeared in the copyright owner's book, and '[b]ecause the *only* material difference' in the allegedly infringing versions 'was that the CMI was missing, it was necessarily the case that the CMI had been removed on the copied version.'" *Id.* at *6 (quoting *Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1188 (9th Cir. 2016) (alterations in *GitHub*)). But the copyrights at issue in *Friedman* were not limited to just the copied photographs; rather, they included large numbers of photographs collected in books. Third Am. Compl. ¶¶ 18–19, 22-cv-02047 (C.D. Cal. Nov. 15, 2011), ECF No. 48. That the *Friedman* defendants removed CMI from and copied just a select number of the photographs contained in the books—not the entire books or the full set of photographs contained therein—did not excuse their CMI violations. For the same reasons, that Anthropic did not also copy the music that accompanies Publishers' lyrics cannot excuse its CMI violations.

*GitHub* also favorably quoted the same *Real World* case Publishers cite in their brief (ECF No. 877 at 28), emphasizing that "[i]t would be odd if a defendant could evade DMCA liability by removing or altering CMI in a copied work but only disseminating 99% rather than 100% of that work." *GitHub*, 2026 WL 2728464, at *6 (quoting *Real World Media LLC v. Daily Caller, Inc.*, 744 F. Supp. 3d 24, 40 (D.D.C. 2024)). It would be equally odd if a defendant could evade DMCA liability by copying only a portion of the work in the first instance. Indeed, the *Real World* case on which *GitHub* relied confirmed "an ***exact copy*** of ***portions*** of an original work can" "support a DMCA claim," adding, "[n]or does the Copyright Act's definition of 'copy' confine the sweep of that term to a copy in full as opposed to in part." 744 F. Supp. 3d at 40 (emphasis in original).

Dated: October 16, 2026

Respectfully submitted,

/s/ Nicholas C. Hailey
**OPPENHEIM + ZEBRAK, LLP**
Matthew J. Oppenheim
Nicholas C. Hailey
Jeffrey M. Gould
Corey Miller
Keith Howell
(admitted *pro hac vice*)
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jeff@oandzlaw.com
corey@oandzlaw.com
khowell@oandzlaw.com

Alexander Kaplan
Jennifer Pariser
Andrew Guerra
Bret Matera
Timothy Chung
Michelle Gomez-Reichman
(admitted *pro hac vice*)
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
jpariser@oandzlaw.com
andrew@oandzlaw.com
bmatera@oandzlaw.com
tchung@oandzlaw.com
mgomez-reichman@oandzlaw.com

**COBLENTZ PATCH DUFFY & BASS LLP**
Jeffrey G. Knowles (SBN 129754)
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 391-4800
ef-jgk@cpdb.com

**COWAN, LIEBOWITZ & LATMAN, P.C.**
Richard S. Mandel
Jonathan Z. King
Richard Dannay
(admitted *pro hac vice*)
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
rsm@cll.com
jzk@cll.com
rxd@cll.com

*Attorneys for Plaintiffs*